Ex. B: ATTORNEY WEISS' OCTOBER 14 LETTER



525 Okeechobee Blvd., Suite 900
West Palm Beach, FL  33401
Tel: 561.655.2250 | Fax: 561.655.5537
taftlaw.com

**Gregory S. Weiss**
561.355.6993
GWeiss@taftlaw.com

**VIA EMAIL TRANSMISSION**

October 14, 2025

Matthew Larosiere, Esq.
Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467

Re:   Defense Distributed, *et al.* v. John Elik, *et al*.
         Case No. 9:25-cv-81197

Dear Mr. Larosiere:

We write in response to your proposed Fed. R. Civ. P. 11 Motion ("Motion"), provided to us by email on October 1, 2025. We take all issues claiming a potential violation of the Rules, and particularly Rule 11, very seriously. Your proposed Motion is neither well founded nor well taken. However, due to the gravity with which we take our obligations under the Rules we will address the major points raised in your Motion herein.  Note that because the proposed Motion itself is baseless, if you proceed to file the Motion, we will seek sanctions against you, as it appears to be an artifice solely created to intimidate my clients.

This case is not brought as a "personal vendetta," as you wrongly  assert.  It is a legitimate claim for damages caused by the "FEDCAD" meme you published to harm my clients' business. The claims were initially asserted as a permissive counterclaim pursuant to Fed. R. Civ. P. 13,  but due to pleading issues and delay, my client decided to assert them in a different form as a new case, which is permissible. The Motion does not cite any authority which prohibit this determination, strategy and action.

### I. The RICO Count States A Cause Of Action.

The Motion asserts *Freites v. Medina,* 2025 WL 1425491 (S.D. Fl. May 16, 2025), forecloses this claim because it is a scheme to "defame."  Motion at 4. That decision holds, "Courts routinely reject the contention that a defamation scheme can establish wire fraud." Id. at *7.  That may be so but this is not a defamation case. Plaintiffs are not seeking redress for damage to their reputations, which is the nature of defamation. *See, e.g., Jews for Jesus, Inc. v. Rapp,* 997 So. 2d 1098, 1108 (Fl. 2008)("a defamation plaintiff must prove injury to his or her reputation in the community").  Here, plaintiffs seek lost profits caused by a scheme to defraud, which is  a type of injury specifically permitted under RICO. *See, e.g., Bridge v. Phoenix Bond & Indem. Co.,* 553

Taft Stettinius & Hollister LLP **/** Taftlaw.com **/** The Modern Law Firm

B-1

## Ex. B: ATTORNEY WEISS' OCTOBER 14 LETTER

Matthew Larosiere, Esq.
October 14, 2025
Page 2

U.S. 639, 649 (2008) (upholding RICO claim brought to recover lost profits caused by a business rival's false statements to government regulator); *Hartman v. Does 1-2,* 2025 WL 398846 at *1-2 (11th Cir. 2025)(affirming $9 million wire fraud-based RICO judgment for "business damages" against rival which was engaged in an online "smear campaign" against it including the use of "email blasts with negative information" about the plaintiff's owner's "financial history, litigation history, commercial dealings, alleged prurient nature, credibility and trustworthiness"). The instant claim is well founded upon these cases.

The Motion, without basis or authority, states, "Online memes and allegedly disparaging posts are not 'schemes to defraud' under 18 U.S.C. §1343." Mot. at p. 6. But *Hartman* affirmed just such a RICO judgment *this year*. Your failure to cite a directly analogous case, *Hartman*, itself violates Rule 11.[1]

The Motion in slipshod fashion states, "the enterprise allegations are facially defective." Mot. at p. 6. This is wrong. The Complaint alleges MAF Corp., owned by you, is the enterprise. Compl. at ¶¶44-47. A corporation can be a RICO enterprise. 18 U.S.C. §1961(4). The Motion contends this is "conclusory," citing *Pelletier v. Zweifel,* 921 F.2d 1465, 1522 (11th Cir. 1991), but that case does not address pleading an enterprise at all. The Supreme Court recognized a closely-held corporation with a single owner can be a RICO enterprise. *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 160 (2001). You simply ignore USSC precedent in making your bare allegation. Thus, the Motion fails to support its contention that MAF Corp. cannot be an enterprise.

The Motion makes yet another unsupported argument, that, "episodic internet posts in 2023 and 2024 … does not satisfy either closed-ended continuity … or open ended continuity." Mot. at p.7. Again, *Hartman,* the Eleventh Circuit's most recent RICO decision, involves an open pattern proven through evidence the defendants "had a personal animus" against the plaintiff, thus the jury believed the scheme would continue indefinitely. *Hartman,* 2025 WL 398846 at *5. The same holds true here. The Complaint alleges the scheme is ongoing. Compl. at ¶33. It is thus an open pattern. Nonetheless, it is also a closed pattern, having been ongoing for two years and caused significant damage already. *Id. See, e.g., Aquino v. Mobis Alabama, LLC,* 739 F. Supp. 3d 1152, 1181 (N.D. Ga. 2024)(concluding a two-year scheme adequate to allege a RICO pattern); *Magnifico v. Villanueva,* 783 F. Supp. 1217, 1229 (S.D. Fl. 2011) (eighteen months adequate combined with a large number of victims). The only authority you cite in support of your pattern assertion is *Jackson v. Bank of Am. N.A.,* 898 F.3d 1348, 1357-59 (11th Cir. 2018), Mot. at p. 7, which is not even a RICO case. This hardly supports your argument.

In short, the Motion does not provide any legal or factual basis to question the RICO claim under Rule 11, but to the extent you have additional cases or facts you would like us to consider, please provide us the same. Otherwise, we will proceed with the RICO Count as alleged.

---

[1] Moreover, since this is not a defamation case, Florida's Single Action Rule does not apply. Tellingly, the Motion omits the Complaint does not plead defamation.

## Ex. B: ATTORNEY WEISS' OCTOBER 14 LETTER

Matthew Larosiere, Esq.
October 14, 2025
Page 3

### II.   The Lanham Act Count States a Cause of Action.

The Motion argues, without authority, that a "meme" which purports to be a parody "is not an advertising campaign." Mot. at p. 8. That is wrong. Parodies are not immune from the Lanham Act, as they can violate the Act if they cause consumer confusion. *See, e.g., Anheuser-Busch, Inc. v. Balducci Publications,* 28 F.3d 769, 777 (8th Cir. 1994)("Balducci's ad parody was likely to confuse consumers and fall subject to federal trademark law")(reversing dismissal of Lanham Act claim). Moreover, the Complaint does allege consumers were deceived. That is implied by Plaintiffs' lost revenue following the publication of the meme. Complaint ¶ 32. Finally, as the meme/ad is literally false, no evidence of consumer deception is required. *See Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,* 299 F.3d 1242, 1247 (11th Cir. 2002)(holding the falsity of an ad is proven if it is "literally false" or "literally true, but misleading"). This is demonstrated. Thus, the Motion raises no basis in fact or law under Rule 11 to question the Lanham Act Count; however, to the extent you have additional cases or facts you would like us to consider, please provide us the same. Otherwise, we will proceed with the Count as alleged.

### III.   Florida Tortious Interference Count States a Cause of Action.

The Motion contends the tortious interference claim is sanctionable because Plaintiffs allegedly did not identify a legally protectable relationship or specific act of interference, asserting the Complaint, "assert[s] in conclusory fashion that 'the Florida Defendants' interfered by 'spreading false statements' (Compl. ¶60)" and it "merely recycles generalized, group-pled allegations" without tying any act to a particular customer, contract, or transaction. Florida law requires a plaintiff identify an actual and identifiable business relationship affording existing or prospective legal rights; general expectations of future business with the public at large are insufficient. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994).

Here, the Complaint identifies two specifically named business relationships – Messrs. Barret Collier and Eric Goldhaber – who ceased doing business with Plaintiffs as a direct result of the Florida Defendants' conduct. These allegations satisfy the "identifiable relationship" prong at the pleading stage. Courts do not require exhaustive identification of every affected party so long as a sufficiently concrete relationship is alleged. *Novel v. Bank of Am. Corp.*, No. 14-13151, 2014 WL 7564678, at *5–6 (S.D. Fla. Dec. 17, 2014).

While the Motion asserts the Complaint relies on "group labels" and is "conclusory," the Complaint specifically pleads which Defendants engaged in interference, how the interference occurred (publication and amplification of the FEDCAD meme in commercial contexts), and the business relationships directly affected.

The Count is well plead and this amendment is unnecessary from a Rule 11 perspective. However, to further clarify the factual basis solely and hopefully avoid anticipated excessive Rule 12(b)(6) motion practice, Plaintiffs are amending the pleading to incorporate information from exit

## Ex. B: ATTORNEY WEISS' OCTOBER 14 LETTER

Matthew Larosiere, Esq.
October 14, 2025
Page 4

interviews confirming customers left due to the misleading statements and the FEDCAD meme, pursuant to Rule 15(a)(1)(B), today.

**IV.    Florida False Advertising (§ 817.41) States a Cause of Action.**

The Motion argues social media posts and memes do not qualify as "advertisements" under Florida law. However, Fla. Stat. § 817.41 makes it unlawful for any person to "make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement," and declares such conduct to be "fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses." Section 817.40 further defines "misleading advertising" to include "any statements made, or disseminated, in oral, written, electronic, or printed form or otherwise, to or before the public … which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose … of selling or disposing of … services of any nature whatever … or to induce the public to enter into any obligation relating to such property or services."

The Complaint alleges that Defendants published posts and the "FEDCAD" meme labeling DEFCAD as "hacked," "unsafe," or "FEDCAD," and directed users to The Gatalog and related businesses. These statements were disseminated in commercial contexts, including Reddit, Twitter (X), Facebook, and other online forums, and intended to divert customers from Plaintiffs to Defendants' competing enterprises. This conduct falls squarely within the statutory definitions of misleading advertising.

The Count is well plead and this amendment is unnecessary from a Rule 11 perspective, but because the same damages are provided by other Counts, and solely to avoid anticipated excessive Rule 12(b)(6) motion practice, Plaintiffs will drop the Florida False Advertising Count from their Amended Complaint, pursuant to Rule 15(a)(1)(B), which they will file today.

Very truly yours,

| TAFT STETTINIUS & HOLLISER LLP | FOSTER PC |
|---|---|
| *Gregory S. Weiss* | *Howard Foster* |
| GREGORY S. WEISS | HOWARD FOSTER |