**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No.: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

        Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,

        Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' CONSOLIDATED**
**RULE 11 MOTION FOR SANCTIONS AND INCORPORATED**
**MEMORANDUM OF LAW [D.E. 23]**

Plaintiffs, Defense Distributed, DD Foundation, LLC and DEFCAD, Inc., by and through the undersigned counsel, file this Response in Opposition to Defendants' Consolidated Rule 11 Motion for Sanctions and Incorporated Memorandum of Law [D.E. 23], and state:

**I.**    **INTRODUCTION**

Plaintiffs sell access to 3D printable gun files under the tradename "DEFCAD." Defendants operate a rival 3D printable gun business through a Florida corporation called MAF Corp. The Amended Complaint alleges Defendants agreed to, and did, falsely post online that DEFCAD's customers' names were "doxxed", or made public, amongst other falsehoods, in order to take DEFCAD's customers from DEFCAD to MAF Corp.'s competing website, www.theGatalog.com.

As a part of the scheme Defendants posted, and reposted, a "meme" entitled FEDCAD (a pun on DEFCAD), implying DEFCAD is aligned with federal authorities to the detriment of its customers. The meme is pasted in the Amended Complaint at Paragraph 24. Defendants' conduct violates the Racketeer Influenced and Corrupt Organizations Act (RICO), as it is ongoing, violates the federal wire fraud statute, and was committed through an enterprise (MAF). Defendants' conduct also violated the Lanham Act and Florida law.[1]

The Motion asserts two Rule 11 violations: (1) the RICO and other claims do not adequately state a cause of action; and, (2) the case is filed for an "improper purpose" namely "to silence critics and give force to personal vendettas by inflicting litigation costs." Mot. at p. 11. Defendants attempt to intimidate Plaintiffs by relabeling simple disputes over facts, the application of the law to disputed facts, and pleading gripes as a Rule 11 Motion.

Tellingly, the Motion does not contend any particular fact alleged violates Rule 11(b)(3), i.e., that such fact lacks "evidentiary support." Rather, the Motion suggests Defendants *did* publish the meme, but that the meme is simply a "parody." Mot. at p. 9. The Motion does not argue the legal theories are not "warranted by existing law" in violation of Rule 11(b)(2), but rather raises disputes over the application of the law. The Motion fails to cite any decision imposing Rule 11 sanctions for a disagreement over whether a RICO claim is or is not "defamation" or the other legal issues it contends bar such a claim.

Finally, the contention this case is filed for an "improper purpose," as prohibited by Rule 11(b)(1), is undermined by each Count stating a valid cause of action. *See, e.g., In re Flinn,* 139

---

[1] Plaintiffs previously asserted similar claims as counterclaims in a copyright case Defendants brought against them in the Middle District of Florida, *Larosiere v. Wilson,* No. 6:24-cv-1629. Plaintiffs voluntarily dismissed those counterclaims and brought them in this Court as a separate action. This is allowed; the counterclaims were permissive, and venue is proper in this Court.

2

F.R.D. 698, 699 (S.D. Fla. 1991), *affirmed* 22 F.3d 1097 (11th Cir. 1994)("A pleading that satisfies the Rule 11 requirement of being well grounded in fact and warranted by existing law cannot 'harass' a defendant, regardless of the plaintiff's subjective intent"). To show an "improper purpose" the Motion would need to establish this case is brought *primarily* for "spite," not to recover damages. *See, e.g., Goldman v. Brian Tunnelgenix Techs. Corp.,* 2024 WL 4635117 at *5 (S.D. Fla. Aug. 15, 2024). The Motion does not do so. The Motion should be denied, and the Court should tax the fees and costs for Plaintiffs to respond to it against the moving parties, as the Motion was brought solely to threaten, harass or otherwise vex Plaintiffs.

## II.     LEGAL STANDARD

"Rule 11 imposes an objective standard on attorneys and unrepresented parties who sign a complaint to conduct a reasonable inquiry into the complaint's claims and factual pleadings before filing it with a federal court." *Rowe v. Gary,* 703 Fed. Appx. 777, 779-780 (11th Cir. 2017) (citing Fed. R. Civ. P. 11(b)); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) ("Rule 11 ... imposes an objective standard of reasonable inquiry....").

In deciding whether Rule 11 sanctions are appropriate, courts apply a two-step inquiry. *Rowe*, 703 Fed. Appx. at 780. First, the court must determine whether the claims were "objectively frivolous, in view of the law or facts." *Id.* Second, the court must look to whether the person who signed the complaint "should have been aware that it was frivolous." *Id.* Factual disputes do not meet the "relatively high burden of showing the lawsuit is so baseless in law or fact to justify Rule 11 sanctions." *Cabrera v. Goodyear Tire & Rubber Co.,* 2011 WL 535103, at *2 (S.D. Fla. Feb. 8, 2011)*; see also Bigford v. BESM, Inc.,* 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012)("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more

3

appropriately can be disposed of by a motion to dismiss …"); *see also Almanzar v. Emergency Physicians of Naples, LLC*, 2006 WL 1360916, at 1–2 (M.D. Fla. May 16, 2006).

### III. ARGUMENT

#### A. The RICO Claim is Well Grounded in Law and Fact.

The Motion contends Plaintiffs' RICO claim is "merely a defamation scheme," relying principally on *Freites v. Medina*, 2025 WL 1425491 (S.D. Fla. May 16, 2025). Mot. at p, 5, 8. That case is inapposite because there the plaintiff asserted a defamation claim, as well as a RICO claim that duplicated the defamation claim, and expressly sought recovery for reputational injury. Here, Plaintiffs do not allege a defamation claim or reputational injury, but rather claim recovery for economic harm.

As *Freites* explained, "Courts routinely reject the contention that a defamation scheme can establish wire fraud." *Id.* at 7 (citing *Black v. Ganieva*, 619 F. Supp. 3d 309, 344 (S.D. N.Y. 2022) ("a scheme to defame, <u>standing alone</u>, does not qualify as mail or wire fraud") (emphasis added). Plaintiffs agree – but this is *not* a *defamation* case. Plaintiffs do not seek redress for reputational harm, the hallmark of defamation. *See, e.g., Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1108 (Fla. 2008) ("A defamation plaintiff must prove injury to his or her reputation in the community."). Plaintiffs seek to recover lost profits caused by a coordinated scheme to defraud, a recognized injury under RICO. See, e.g., *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 649 (2008) (upholding RICO claim for lost profits caused by a business rival's false statements to a regulator); *Hartman v. Does 1–2*, 2025 WL 398846, at *1–2 (11th Cir. Feb. 4, 2025) (affirming $9 million wire-fraud-based RICO judgment for "business damages" arising from an online "smear campaign" that included "email blasts with negative information" about the plaintiff's owner's financial and litigation history).

4

As detailed in the Amended Complaint, Defendants engaged in a coordinated online campaign to harm DEFCAD's commercial operations. Using interstate wires – through Reddit, Twitter (X), and other social-media posts – they published and amplified false statements that DEFCAD had been "hacked," its customers were being "doxxed," and it hosted its servers in Iran. Those statements were designed to mislead potential customers and redirect them to Defendants' competing enterprise, The Gatalog, not to injure DEFCAD's "reputation".

Defendants' assertion that, "online memes and disparaging posts are not schemes to defraud," Mot. at p. 7, is contradicted by *Hartman*. The Eleventh Circuit in *Hartman* affirmed a RICO judgment arising from that very conduct. *Hartman*, 2025 WL 398846, at *1–2. Defendants' failure to acknowledge controlling Eleventh Circuit precedent further undermines the Motion.

The Motion also asserts, "the enterprise allegations are facially defective," Mot. at p. 7. It suggests, without authority, the enterprise, MAF Corp., needs to be a party. *Id*. This is wrong. The RICO enterprise is not the defendant, the "person" is. The Amended Complaint alleges at Paragraph 44 that, "Defendants' pattern of wire fraud has been committed through MAF [Corp. a Florida corporation], which Defendant, Mr. Larosiere, owns." A corporation qualifies as a RICO enterprise under 18 U.S.C. § 1961(4). The Supreme Court confirmed that even a closely held corporation with a single owner may serve as a valid enterprise. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 160 (2001). The Motion cites *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991), but it does not address pleading an enterprise, and provides no support for the Motion.

Finally, Defendants' contention that "episodic internet posts … do not satisfy continuity" ignores *Hartman*, which recognized an open-ended pattern where defendants acted with continuing animus and intent to injure. *Hartman*, 2025 WL 398846, at *5. The Amended Complaint alleges a coordinated campaign beginning in 2022, and continuing through repeated

5

online dissemination of the "FEDCAD" meme since May 2023. Such conduct constitutes both an open-ended pattern – because it remains ongoing – and a closed-ended one, as it has persisted for over two years and caused measurable economic harm. Two-year schemes have repeatedly been held sufficient under RICO. *See, e.g., Aquino v. Mobis Alabama, LLC*, 739 F. Supp. 3d 1152, 1181 (N.D. Ga. 2024) (two-year pattern adequate to allege RICO continuity); *Magnifico v. Villanueva*, 783 F. Supp. 2d 1217, 1229 (S.D. Fla. 2011) (eighteen-month period sufficient where scheme involved multiple victims).

In short, the Motion presents neither a factual nor legal basis to suggest the RICO claim is *frivolous*. The Amended Complaint identifies the enterprise, the pattern of racketeering activity, and the resulting economic injury with the specificity Rule 11 demands. Any contrary allegations by Defendants, at best, are merits disputes; therefore, the Motion should be denied.

**B. The Lanham Act Claim is Supported by Controlling Authority**

The Motion contends at p. 9 that a "meme" or "parody" cannot constitute commercial advertising. However, parody is not immune from the Lanham Act where it causes consumer confusion. *See Anheuser-Busch, Inc. v. Balducci Publ'ns*, 28 F.3d 769, 777 (8th Cir. 1994) ("Balducci's ad parody was likely to confuse consumers and fall subject to federal trademark law."). The Amended Complaint alleges Defendants' "FEDCAD" meme was disseminated across social-media platforms, directed viewers to The Gatalog's competing site, and contained literally false statements – e.g., that DEFCAD had been "hacked and dumped" and "doxxed its customers." Am. Compl. at p. 50.

Moreover, *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002), held when an advertisement is literally false, as is alleged here, no proof of

consumer deception is required. The Amended Complaint alleges the same. Disputes about falsity or materiality go to the merits, not objective frivolity; therefore, the Motion should be denied.

### C. The Tortious Interference Claim is Factually Supported.

The Motion contends Plaintiffs failed to identify specific business relationships or individualized acts of interference. Mot. at p. 10. First, the Amended Complaint identifies the specific relationships interfered with – DEFCAD's partners, Messrs. Barret Collier and Eric Goldhaber – and alleges they stopped doing business with Plaintiffs after exposure to Defendants' false statements. Am. Compl. at Paras. 31 and 63. It further alleges confirmed customers, during exit interviews, stated the reason they stopped doing business Plaintiffs was because of the "FEDCAD" meme. *Id.* at Para. 62. These factual allegations meet the "identifiable business relationship" requirement set out in *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994), and are comparable to those found sufficient in *Novell v. Bank of Am. Corp.*, 2014 WL 7564678, at *5–6 (S.D. Fla. Dec. 17, 2014) (denying dismissal where the complaint identified particular clients and alleged they ceased business due to defendant's conduct).

Defendants' further objection – that Plaintiffs engage in "group pleading" – is likewise misplaced. The Amended Complaint attributes discrete acts to specific Florida Defendants: Defendant Larosiere acting through MAF Corp., and Defendant Holladay through the ctrlpew.com platform, each using interstate wires to disseminate the "FEDCAD" meme. Am. Compl. at Para. 60. These allegations suffice under Rule 8 to put Defendants on notice of the claims and the factual bases supporting them, and are not a basis for sanctions; therefore, the Motion should be denied.

### D. Defendants' "Improper Purpose" Allegation is Unsupported.

As detailed above, the RICO claim states a cause of action, foreclosing Defendants' "improper purpose" argument. "[C]onclusory allegations about the motivation behind the

7

litigation [are] an insufficient basis on which to impose Rule 11 sanctions," and undermine claims a lawsuit was filed to "harass" or "attack" opposing parties. *Doria v. Class Action Services, LLC,* 261 F.R.D. 678, 686 (S.D. Fla. 2009). The same principle governs here. Plaintiffs included the actual offending meme that gives rise to many of their claims in their Amended Complaint at Para. 24. Plaintiffs responded, in detail, to Defendants' Rule 11 correspondence.[2] Plaintiffs even amended their pleading to clarify the factual basis and legal theory underlying each count. Nothing in the record indicates any bad faith or the type of egregious misconduct that could warrant sanctions. *Doria,* 261 F.R.D. at 687.

By contrast, the only case Defendants cite in support of their "improper purpose" theory – *Trump v. Clinton*, 640 F. Supp. 3d 1321 (S.D. Fla. 2022) – illustrates how extreme a case must be to justify Rule 11 sanctions. There, the court found every count was frivolous, politically motivated, and devoid of factual support. *Id.* at 1333–35. In contrast, Plaintiffs have pursued well-grounded claims based on factual evidence and recognized legal theories of commercial injury.

### E. Defendants' §§ 770.01, 770.05, and 770.07 Arguments Are Unsupported.

Defendants' remaining contentions – invoking Florida Statutes §§ 770.01, 770.05, and 770.07, alleging factual inconsistencies, and attacking the form and structure of Plaintiffs' Amended Complaint, are also unfounded. At best, each reflects disagreement over facts or pleading sufficiency, not an objectively baseless filing subject to relief under Rule 11.

#### 1. Section 770 and the Single Action Rule.

Defendants' reliance on Fla. Stat. §§ 770 is misplaced. Section 770's pre-suit notice requirement applies only to defamation claims against "media defendants" such as newspapers,

---

[2] Copies of Plaintiffs' correspondence responding to Defendants' "safe harbor" letters are attached as Composite Exhibit "A" hereto.

broadcasters, and periodicals – not to private individuals or online speakers. *Tobkin v. Jarboe*, 695 So. 2d 1257 (Fla. 4th DCA 1997). Courts in this District have repeatedly refused to extend the statute to private actors who are not engaged in the business of disseminating news. *Five for Entertainment S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1332 (S.D. Fla. 2012) (holding that a one-time press release on a musician's and booking agent's websites did not make them "media defendants," as they were not engaged in the business of disseminating news, and had not disseminated any other news information). Defendants are private individuals who posted online commentary and memes, which plainly falls within that category.

Furthermore, the "single-action rule" does not apply because Plaintiffs have not asserted a defamation cause of action. As recently clarified, the rule "does not permit multiple actions when they arise from the same publication upon which a failed defamation claim is based," and it applies only when a defendant has successfully invoked a defense to defamation. *David v. Gen. Dynamics Info. Tech., Inc.*, 2025 WL 1951850, at *5 (M.D. Fla. July 15, 2025); *Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992) ("[T]he successful invocation of a defamation privilege will preclude a cause of...if the sole basis for the latter cause of action is the defamatory publication." (emphasis added)). "[W]here a defendant has not successfully invoked an affirmative defense to defamation, the single-action rule presents no bar" to related tort claims. *David,* 2025 WL 1951850, at *5 (quoting *Emergency Recovery, Inc. v. Gov't Emps. Ins. Co.*, 773 F. Supp. 3d 1304, 1320 (M.D. Fla. 2025)). Plaintiffs assert no defamation claim, and Defendants have not invoked any successful defamation defense, so the single-action rule has no application here.

The Amended Complaint seeks relief under statutory and business-tort theories – including RICO, the Lanham Act, and state unfair-competition and interference claims – based on an alleged scheme to mislead customers and regulators through false online content. The reputational harm

alleged is part of the broader competitive and economic injury caused by that fraudulent scheme, not the gravamen of a defamation claim. Plaintiffs have not pled defamation, and the asserted harms extend well beyond injury to reputation, so the single action rule has no application here.

### 2. Shotgun-Pleading Allegation.

Defendants' contention the Amended Complaint constitutes a "shotgun pleading" similarly, at best, goes to form not potentially sanctionable conduct. Whether a complaint satisfies Rules 8 and 10 is resolved through amendment or a motion to dismiss – not through Rule 11. *Royal Palm Village Residents, Inc. v. Slider*, 2021 WL 4190958, at *5-7 (M.D. Fla. Sept. 15, 2021) (rejecting Rule 11 sanctions where complaint was dismissed as a "shotgun pleading," holding that deficient form under Rules 8 and 10 is not sanctionable).

### 3. No Objective Frivolity or Bad Faith.

In sum, Defendants improperly attempt to threaten Plaintiffs and their counsel by misstating and overstating arguments under Rule 12 (disputes over the facts, the statutory application to those disputed facts, and pleading sufficiency) as a Motion under Rule 11. See *Almeida,* 335 F.R.D. at 466 (denying Rule 11 motion where the movant tried to turn disagreements over the complaint's allegations and theories into a sanctions dispute; explaining Rule 11 is not a stand-in for Rule 12 or Rule 56); *Royal Palm Village*, 2021 WL 4190958, at *5-7 (defective "shotgun" pleading not sanctionable under Rule 11 because defects under Rules 8 and 10 call for repleading or dismissal – not sanctions); *Doria*, 261 F.R.D. at 687 (declining sanctions where counsel's conduct, even if zealous or negligent, did not amount to bad faith or objective frivolity). Defendants have not, and cannot, show the Amended Complaint is "objectively frivolous", legally or factually. Nor can Defendants show counsel "should have been aware that it was frivolous" because the Amended Complaint applies current precedent to the fact (as yet undisputed)

10

Defendants' "FEDCAD" meme was actually posted, and did cause Plaintiffs actual economic injury. Therefore, the Court should deny the Motion, and tax the fees for responding to the Motion against Defendants.

### IV.     CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Rule 11 Motion, and because Defendants pursued the Rule 11 Motion without legitimate basis, Plaintiffs respectfully request the Court award Plaintiffs their reasonable attorneys' fees and costs incurred in responding, pursuant to Rule 11(c)(2).

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com


By:  *s/* GREGORY S. WEISS
     GREGORY S. WEISS
     Florida Bar No. 163430

And

Howard Foster, Admitted *Pro Hac Vice*
FOSTER PC
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
Tel. (312) 726-1600
Email: hfoster@fosterpc.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

      *s/* GREGORY S. WEISS
      GREGORY S. WEISS, ESQ.
      Florida Bar No. 163430

**SERVICE LIST**:

**Matthew M. Larosiere, Esq.**
6964 Houlton Cir.
Lake Worth, FL 33467
Tel. (561) 452-7575
Email: larosieremm@gmail.com
*Attorney for Defendants, John Elik,*
*John Lettman and Josh Kiel Stroke*

**Gary C. De Pury, Esq.**
21035 Leonard Road
Lutz, FL 33558
Tel. (813) 607-6404
Email: Gary@DePury.com
*Attorney for Defendant, Alexander Holladay*

**Zachary Z. Zermay, Esq.**
3000 Coral Way, Suite 115
Coral Gables, FL 33145
Tel. (305) 767-3529
Email: zach@zermaylaw.com
*Attorney for Defendant, Matthew Larosiere*