UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

    Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,

    Defendants.

_____/

## PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANT PETER CELENTANO

Plaintiffs, Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 55(b)(2), respectfully move for entry of a Default Final Judgment against Defendant Peter Celentano, and state:

**I.    Procedural Background.**

1. On October 14, 2025, Plaintiffs filed their Amended Complaint, asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)–(d); the Lanham Act, 15 U.S.C. § 1125(a); and Florida common law, including tortious interference.

2. On October 28, 2025, Defendant, Mr. Celentano, was personally served, making his response to the Amended Complaint due on November 12, 2025.

3. Defendant, Mr. Celentano, failed to appear, answer, or otherwise respond.

4. On November 25, 2025, the Clerk entered a default against Defendant, Mr. Celentano, pursuant to Rule 55(a).

5. Accordingly, Defendant, Mr. Celentano's liability is established as a matter of law, and only damages remain to be determined.

## II.  Legal Standard.

Federal courts routinely enter default judgment where, as here, the Clerk has entered default and the well-pleaded allegations establish liability. Once default is entered, a party in default has admitted all well-pleaded allegations of fact. *Robbie's of Key West v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (citing *Garrido v. Linden Contracting Servs.*, 2014 WL 12603170, at *1 (S.D. Fla. Aug. 21, 2014)). The Court's task is to confirm the Complaint supplies a sufficient basis for judgment. *Id*.

While liability is deemed admitted, the amount of damages must still be established. *Id.* Damages, however, may be awarded without an evidentiary hearing where the record provides a non-speculative basis for calculation through detailed affidavits establishing the necessary facts. *Id.* In such instances, courts may enter a monetary judgment as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits. *Id.*

## III.  Well-Pleaded Allegations Deemed Admitted as to Defendant Celentano.

By virtue of the Clerk's Default, Celentano admits all well-plead allegations, including:

- DEFCAD is a direct competitor to Defendants' 3D-gun-file enterprise, The Gatalog. Am. Compl. ¶¶ 14-16.

- Defendants agreed to and executed a coordinated disinformation campaign to harm DEFCAD and divert customers to The Gatalog. *Id.* ¶¶ 16, 22-25.

- Beginning in May 2023, Defendants launched the false "FEDCAD" meme, stating falsely that DEFCAD had been "hacked," its customer data "dumped," and that it was "doxxing" users or working with federal authorities. *Id.* ¶¶ 23-24.

- These statements were disseminated across Reddit, Twitter/X, Facebook, and other online forums, for commercial purposes, designed to redirect customers to The Gatalog. *Id.* ¶ 25.

- Celentano personally participated in the scheme by repeatedly posting the "FEDCAD" meme on Reddit in agreement with the other Defendants, pushing it into top search results for "DEFCAD" on Google, warning users not to use DEFCAD, and directing them instead to The Gatalog. *Id.* ¶ 26.

- Defendants' statements were false, commercial in nature, and material to purchasing decisions in the 3D-gun-file marketplace. *Id.* ¶¶ 24-25, 30.

- The disinformation campaign caused DEFCAD to lose customers, revenue, goodwill, and business partners, including Messrs. Barret Collier and Eric Goldhaber. *Id.* ¶¶ 31-33, 35.

- Defendants' conduct constituted an ongoing scheme to defraud carried out through interstate wires in violation of 18 U.S.C. § 1343. *Id.* ¶¶ 34, 37-42.

- The conduct was undertaken through MAF Corp., forming a RICO enterprise, and constituted a pattern of racketeering activity under 18 U.S.C. § 1961(5). *Id.* ¶¶ 44-48.

Having admitted these facts, Celentano is liable on all counts as a matter of law. The only remaining issue before the Court is the determination of damages.

IV. **Celentano's Own Public Statements Confirm His Intent to Injure Plaintiffs and His Participation in the Scheme.**

In addition to the well-pleaded allegations now admitted by virtue of default, Celentano has publicly boasted about his role in the disinformation campaign and his purpose in causing Plaintiffs financial harm. In multiple posts on Twitter/X and Reddit – made under his well-known online persona "Dr. Freeman1337, PhD" – Celentano stated that his "mission to waste nearly $1,000,000 of @defcad's money" was "complete," and that he obtained a default judgment in other litigation "without having to doxx myself to anyone."



Celentano's public admissions leave no doubt that the financial losses DEFCAD suffered were the predictable – and intended – consequence of the scheme. His claim that his "mission to waste nearly $1,000,000 of @defcad's money" was "complete" aligns with Plaintiffs' expert's preliminary damages analysis and confirms that the harm alleged was not speculative, accidental, or remote, but the precise outcome Celentano and his co-conspirators sought to achieve.

4

### V.  Plaintiffs' Will Establish Damages at an Evidentiary Hearing.

Under *Robbie's of Key West*, a court may award damages on a default judgment "only if the record adequately reflects the basis for award via a demonstration by detailed affidavits establishing the necessary facts." *Robbie's of Key West,* 470 F. Supp. 3d at 1268. Given the nature and complexity of Plaintiffs' damages – including lost revenue, market disruption, reputational harm, and treble damages under RICO – Plaintiffs respectfully submit that an evidentiary hearing is appropriate to ensure a full and accurate presentation of the damages evidence.

At that hearing, Plaintiffs intend to establish their damages through: (a) expert testimony from Dr. Joshua D. Wright, (b) DEFCAD's financial records and historical revenue data, (c) regression-based economic analysis quantifying lost revenues attributable to the disinformation campaign, and (d) corroborating documentation and exhibits, including Celentano's own public admissions confirming that substantial financial harm to DEFCAD was the intended result of the scheme. This evidence will enable the Court to determine the appropriate compensatory damages, statutory damages, and treble damages available under 18 U.S.C. § 1964(c).

### VI.  Conclusion.

Celentano was properly served, failed to respond, and is now in default. The Amended Complaint alleges detailed, well-pleaded facts establishing his participation in a coordinated racketeering and false-advertising scheme that caused Plaintiffs significant financial harm. With liability established, the only remaining issue before the Court is the determination of damages.

WHEREFORE, Plaintiffs, Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc., respectfully request that this Court: (a) Enter a Default Final Judgment as to liability against Defendant Peter Celentano on all counts of the Amended Complaint; (b) Set this matter for a limited evidentiary hearing on damages; (c) Following the evidentiary hearing, enter judgment

awarding Plaintiffs all appropriate monetary relief, including compensatory damages and treble damages under 18 U.S.C. § 1964(c); (d) Award Plaintiffs their costs of this action; and (e) Grant such other and further relief as the Court deems just and proper.

Date: December 11, 2025            Respectfully submitted,

                                          TAFT STETTINIUS & HOLLISTER LLP
                                        525 Okeechobee Blvd., Suite 900
                                        West Palm Beach, FL 33401
                                        Tel. (561) 655-2250
                                        Email: gweiss@taftlaw.com


                                        By: _s/ GREGORY S. WEISS_____
                                            GREGORY S. WEISS
                                            Florida Bar No. 163430

                                        And

                                        Howard Foster, Admitted *Pro Hac Vice*
                                        FOSTER PC
                                        155 N. Wacker Dr., Suite 4250
                                        Chicago, IL 60606
                                        Tel. (312) 726-1600
                                        Email: hfoster@fosterpc.com

                                        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

*s/* GREGORY S. WEISS
GREGORY S. WEISS, ESQ.
Florida Bar No. 163430

**SERVICE LIST**:

**Matthew M. Larosiere, Esq.**
6964 Houlton Cir.
Lake Worth, FL 33467
Tel. (561) 452-7575
Email: larosieremm@gmail.com
*Attorney for Defendants, John Elik,*
*John Lettman and Josh Kiel Stroke*

**Gary C. De Pury, Esq.**
21035 Leonard Road
Lutz, FL 33558
Tel. (813) 607-6404
Email: Gary@DePury.com
*Attorney for Defendant, Alexander Holladay*

**Zachary Z. Zermay, Esq.**
3000 Coral Way, Suite 115
Coral Gables, FL 33145
Tel. (305) 767-3529
Email: zach@zermaylaw.com
*Attorney for Defendant, Matthew Larosiere*