UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH  DIVISION

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

    Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,

    Defendants.

_____/

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AS TO LIABILITY AGAINST DEFENDANT PETER CELENTANO AND SETTING EVIDENTIARY HEARING ON DAMAGES.

THIS CAUSE came before the Court on Plaintiffs' Motion for Default Final Judgment Against Defendant Peter Celentano under Federal Rule of Civil Procedure 55(b)(2). The Clerk entered default against Celentano on November 25, 2025. Having reviewed the Motion, the Amended Complaint, and the record, and being otherwise fully advised in the premises, the Court finds as follows:

When a clerk's default is entered, all well-pleaded factual allegations of the complaint are deemed admitted as a matter of law. *Robbie's of Key West, Inc. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020). The Court must then determine whether those admitted allegations provide a sufficient legal basis for liability on each claim. *Id*.

The Amended Complaint alleges 3 Counts against Celentano: Civil Rico (18 U.S.C. § 1962), Lanham Act False Advertising (15 U.S.C. § 1125), and Florida Tortious interference.

To establish liability on Plaintiffs' civil RICO claim under 18 U.S.C. § 1962(c), Plaintiffs must show: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, and (5) injury to business or property (6) by reason of the RICO violation." *MasTec Renewables Puerto Rico LLC v. Mammoth Energy Servs., Inc.*, 494 F. Supp. 3d 1233, 1239 (S.D. Fla. 2020). The Amended Complaint alleges that Celentano and others formed an association-in-fact enterprise known as "MAF Corp." Am. Compl. ¶¶ 37–48; conducted the affairs of that enterprise through a coordinated online disinformation campaign intended to defraud DEFCAD users and divert traffic to The Gatalog (¶¶ 14–36); and, committed multiple acts of wire fraud in violation of 18 U.S.C. § 1343 (¶¶ 34, 37–42), thus establishing a pattern of racketeering activity. Plaintiffs also allege with particularity a business injury in the form of lost customers, lost revenue, and reputational harm (¶¶ 31–36). With default entered, these facts are deemed admitted and satisfy each element of a RICO claim.

To establish Lanham Act false advertising under 15 U.S.C. § 1125, Plaintiffs must show that: (1) Defendant made false or misleading commercial statements; (2) the statements deceived or had the capacity to deceive consumers; (3) the deception was material; (4) the statements entered interstate commerce; and, (5) Plaintiffs were injured. *Star-Brite Distrib., Inc. v. Gold Eagle Co.*, 2016 WL 4470093, at *2 (S.D. Fla. Jan. 25, 2016). The Amended Complaint alleges Celentano and others disseminated false statements accusing DEFCAD of being "hacked," "dumping user data," and "working with federal authorities," and urged users not to use DEFCAD but instead to migrate to The Gatalog (¶¶ 23–30). These allegations establish deception, materiality, commercial purpose, interstate dissemination, and resulting injury to DEFCAD's business relationships (¶¶

2

31–36). With default entered, these well-pleaded allegations establish each element of Lanham Act liability.

Under Florida law, tortious interference with a business relationship requires: (1) the existence of a business relationship; (2) the defendant's knowledge of the relationship; (3) intentional and unjustified interference; and (4) resulting damage. *Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001). The Amended Complaint alleges DEFCAD had existing customer relationships (¶¶ 14–16, 31–36); that Celentano was aware of DEFCAD's user base (¶¶ 23–30); that he intentionally interfered by spreading false statements designed to deter users and divert them to a competitor (¶¶ 23–30); and, DEFCAD suffered actual damages, including loss of customers, lost revenue, and reputational harm (¶¶ 31–36). These admitted allegations satisfy each element of tortious interference under Florida law.

Taken together, the well-pleaded and now-admitted facts establish that Celentano is liable on all three claims asserted against him. Because liability is established, only the determination of damages remains.

Accordingly, it is ORDERED AND ADJUDGED:

1. Plaintiffs' Motion for Default Final Judgment as to liability against Defendant Peter Celentano is GRANTED.

2. This matter is SET for a limited evidentiary hearing solely on the issue of damages on XX DATE. At that hearing, Plaintiffs may present evidence of damages, including expert testimony, financial records, economic analyses, and corroborating exhibits necessary, to establish compensatory damages, statutory damages, and any treble damages under 18 U.S.C. § 1964(c).

3. Following the evidentiary hearing, the Court will enter a final monetary judgment.

4. Plaintiffs shall file and serve a notice of hearing in accordance with the Court's procedures once a date is set.

DONE AND ORDERED in Chambers in the Southern District of Florida, this ___ day of _____, 2025.

_____

**Hon. Donald M. Middlebrooks**

United States District Judge