UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

    Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,

    Defendants.
_____/

# JOINT DISCOVERY PLAN

The Parties state that they met and conferred on January 2, 2026, pursuant to Federal Rule of Civil Procedure 16, Local Rule 16.1(b), and the Court's December 16, 2026 *Pretrial Scheduling Order and Order Referring Case to Mediation* [D.E. 36], and jointly submit the following proposed discovery plan.

    1.    **An Estimated Valuation of the Case From the Perspective of Plaintiffs and Defendants:**

    Plaintiffs: $1,000,000.00

    Defendants: No Liability.

    2.    **The Date for Exchanging Initial Disclosures Pursuant to Rule 26(a)(1):**

    Plaintiffs: Served December 16, 2025 [D.E. 33].

    Defendants: January 23, 2026.

3. **The Subjects on Which Discovery May Be Needed:**

Plaintiffs: Discovery is required on the following subjects: (a) Communications among Defendants concerning DEFCAD, FEDCAD, the alleged hacking or compromise of DEFCAD, and efforts to divert users or customers from DEFCAD to The Gatalog or affiliated platforms; (b) The planning, creation, dissemination, amplification, and coordination of online content alleged in the Amended Complaint, including memes, posts, messages, and related materials; (c) Defendants' use of online platforms and communication channels, including but not limited to Reddit, Twitter/X, Discord, Rocket.Chat, email, and related services; (d) The structure, operation, funding, and control of The Gatalog and MAF Corp., including any association-in-fact enterprise; (e) Defendants' knowledge, intent, and coordination relating to the alleged scheme; (f) Damages suffered by Plaintiffs, including lost revenue, diverted customers, reputational harm, and unjust enrichment; and, (g) Defendants' financial records and monetization activities relevant to damages and disgorgement.

Defendants: Defendants intend to move to stay discovery. Depending on the outcome of that motion, Defendants intend to seek discovery as to (a) all facts and documents upon which Plaintiffs base their claims; (b) Plaintiffs' financial records and monetization activities in their business activities they claim damages; (c) materials evincing Plaintiffs' motives in bringing this action.

4. **Whether the Parties Can Agree to Limit Discovery on Particular Issues Through Stipulation:**

Not at this time.

5. **What Document Discovery is Needed:**

Plaintiffs: Document discovery will focus on: (a) Communications among Defendants, including messages, posts, and direct communications relevant to the alleged scheme

2

as described in the pleading; (b) Platform-specific records, including content, messages, logs, and administrative records from social-media and messaging platforms identified in the Amended Complaint and Plaintiff's Discovery Requests; (c) Business and financial records relating to The Gatalog and MAF Corp., including records reflecting revenue, funding, expenditures, and monetization; and, (d) Documents reflecting planning, coordination, and execution of the alleged disinformation and customer-diversion efforts.

Defendants: Defendants seek discovery of documents upon which Plaintiffs base their claims; internal communications regarding Defendants; materials concerning Defendants; and documents relating to Plaintiffs' alleged motives, intent, and alleged harassment of Defendants.

6. **Whether Discovery Should be Conducted in Phases:**

No.

7. **Whether the Parties Expect to Have Disclosure, Discovery, or Preservation of Electronically Stored Information, And If So, Explain:**

a. **The Main Information and Documents Sought.**

Plaintiffs: Plaintiffs expect preservation and disclosure of: (a) mails, direct messages, posts, server records, and logs from platforms including Discord, Rocket.Chat, Reddit, Twitter/X, and related services; (b) financial and transactional ESI relevant to The Gatalog, MAF Corp., and alleged monetization of the scheme; and, (c) metadata sufficient to establish authorship, timing, dissemination, and coordination of online content alleged in the Amended Complaint.

Defendants: Defendants do not expect many documents exist relevant to Plaintiffs' claims, that said, Defendants do not have any routine deletion mechanisms that risk spoliation of any materials Defendants may have. If discovery must be taken, Defendants expect preservation and disclosure of (a) all documents upon which Plaintiffs base their claims; (b) documents and

communications regarding Defendants; (c) non-privileged Documents and communications evincing Plaintiffs' motives in bringing this action.

      **b.**    **The Expected Costs of E-Discovery.**

The Parties anticipate ESI discovery can be conducted reasonably and proportionally through targeted custodians, defined date ranges, and specific platforms. Expected costs are unknown at this time and depend on the Parties' cooperation and preservation practices.

      **c.**    **Whether Alternatives to E-Discovery Are Possible.**

No.

**8.**    **What Individuals Each Side Intends to Depose:**

Plaintiffs intend to depose: (a) each named Defendant, individually, (b) corporate representatives of MAF Corp. and The Gatalog, (c) third-party witnesses with knowledge of allegations in the Amended Complaint, including Messrs. Collier and Goldhaber, (d) consumers or customers who have been impacted by Defendants' actions (i.e., not conducted business through DEFCAD, or conducted business through The Gatalog instead of DEFCAD, due to Defendants' conduct) as alleged in the Pleading, (e) witnessed identified through discovery; and, (f) identified experts.

Defendants intend to depose: (a) corporate representatives of the Plaintiffs, (b) Cody Wilson individually, (c) employees of Plaintiffs, and (d) Plaintiffs' expert.

The Parties stipulate to in person depositions in Palm Beach County, Florida.

**9.**    **Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, including – If The Parties Agree on a Procedure to Assert These Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order Under Federal Rule of Evidence 502:**

The Parties anticipate disputes regarding claims of attorney-client privilege and work-product protection, including the scope and sufficiency of privilege logs, in light of Defendants'

4

individual status as lawyers. Plaintiffs desire an order under Rule 502(d). Defendants feel the rules are self-executing and sufficient.

10. **What Changes Should be Made in The Limitations on Discovery Imposed by The Federal Rules of Civil Procedure or the Local Rules:**

Plaintiffs: No changes are requested at this time.

Defendants: Defendants intend to file a Motion to Stay Discovery pending ruling on their dispositive Motion to Dismiss.

11. **Whether Early Mediation or a Settlement Conference With a Magistrate Judge Prior to the Close of Discovery Would be Helpful:**

The Parties do not believe a mediation or settlement conference would be helpful until after the Court has ruled upon Defendants' pending Motions, but thereafter, the Parties believe a mediation or a settlement conference with a magistrate would be helpful prior to the close of discovery.

Respectfully submitted on January 6, 2025.

| | |
|---|---|
| *s/* GREGORY S. WEISS<br>Gregory S. Weiss (Fla. Bar No. 163430)<br>TAFT STETTINIUS & HOLLISTER LLP<br>525 Okeechobee Blvd., Suite 900<br>West Palm Beach, FL 33401<br>Tel. (561) 655-2250<br>Email: gweiss@taftlaw.com<br>*Attorney for Plaintiffs* | *s/* MATTHEW LAROSIERE<br>Matthew Larosiere (Fla. Bar No. 1005581)<br>Law Offices of Matthew Larosiere<br>6964 Houlton Circle<br>Lake Worth, FL 33467<br>Tel. (561) 452-7575<br>Email: Larosieremm@gmail.com<br>*Attorney for Defendants John Elik, Josh Kiel Stroke and John Lettman* |
| *s/* HOWARD FOSTER<br>Howard Foster, Admitted *Pro Hac Vice*<br>Foster PC<br>155 N. Wacker Dr., Suite 4250<br>Chicago, IL 60606<br>Tel. (312) 726-1600<br>Email: hfoster@fosterpc.com<br>*Attorney for Plaintiffs* | *s/* GARY C. DE PURY<br>Gary C. De Pury (Fla. Bar No. 126588)<br>Law Offices of Gary De Pury, P.A.<br>21035 Leonard Road<br>Lutz, FL 33558<br>Tel. (813) 607-6404<br>Email: Gary@DePury.com<br>*Attorney for Defendant Alex Holladay* |

|  | *s/* ZACHARY ZERMAY<br>Zachary Z. Zermay (Fla. Bar No. 1002905)<br>Zermay Law, P.A.<br>3000 Coral Way, Suite 1115<br>Coral Gables, FL 33145<br>Tel. (305) 767-3529<br>Email: zach@zermaylaw.com<br>*Attorney for Defendant Matthew Larosiere* |
|---|---|