UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

*Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE; ALEXANDER HOLLADAY; PETER CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

*Defendants*.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants respectfully oppose Plaintiffs' Motion for Leave to File a Second Amended Complaint. Doc. 44. Plaintiffs expressly concede the proposed amendment "preserves the same core theories,"—*viz.*, that the meme they themselves publish online[1] constitutes wire fraud—*id.* ¶ 3, and the proposed pleading confirms that the operative defects identified in Defendants' pending Motion to Dismiss, (Doc. 32), remain. Because amendment would be futile—and because Plaintiffs' motion reflects gamesmanship rather than a genuine cure—leave should be denied.

---

[1] *Infra* n. 3.

i

## BACKGROUND

Plaintiffs filed their Amended Complaint, (Doc. 18), and Defendants moved to dismiss on multiple, independently dispositive grounds. Doc. 32. Plaintiffs opposed. Doc. 37. Defendants replied. Doc. 42. Now, Plaintiffs moved for leave to amend again—without materially engaging the defects raised in the pending Rule 12 motion—while admitting they seek to keep the same "core theories." Doc. 44 ¶ 3.

The proposed Second Amended Complaint ("Proposed SAC"), Doc. 44-1, attempts to (i) add a new individual defendant (Zackary Clark), *id.* ¶¶ 33–40, and (ii) add conclusory allegations about "commercial contexts" and "harm." *See, e.g., id.* ¶¶ 52–58, 61–69. It otherwise repleads the same three counts: civil RICO conspiracy under 18 U.S.C. § 1962(d), Lanham Act false advertising under 15 U.S.C. § 1125(a)(1)(B), and tortious interference. *Id.* ¶¶ 45–69.

## LEGAL STANDARD

Rule 15 does not require courts to rubber-stamp serial amendments. Leave may be denied for "undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies … undue prejudice … [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit likewise recognizes denial is appropriate where a proposed amendment cannot survive dismissal and where plaintiffs seek repeated attempts without curing defects. *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004).

## ARGUMENT
### I. PLAINTIFFS' PROPOSED AMENDMENT IS FUTILE.

In all material respects, the underlying motion is an improper "second bite"[2] attempt that concedes the theories do not change. Plaintiffs' principal justification is that the Proposed SAC "preserves the same core theories" while "supplement[ing]" facts. Doc. 44 ¶ 3. That admission is critical: where the legal theory remains the same, the Court should deny leave if Plaintiffs still cannot plead a viable claim under that theory. *Foman*, 371 U.S. at 182.

Plaintiffs do not provide a cure-by-cure showing. Their motion simply asserts (in conclusory fashion) that amendment is "not futile" and "will not prejudice Defendants." Doc. 44 ¶¶ 6–7. That is insufficient where, as here, the proposed pleading continues to rest on legally defective premises already squarely presented in the pending Rule 12 motion.

Plaintiffs' claimed a "commercial injury" and request for injunctive relief are further undermined by their own conduct: Plaintiffs have hosted and disseminated the "FEDCAD" meme on their own website—without comment or refutation—since at least May 22, 2024. Doc. 25 at 10 & n.2. That undisputed public dissemination by Plaintiffs themselves makes their theory of causation and injury impossible as pleaded, and it confirms the inequity of the speech-restraining injunction they seek.

---

[2] In actuality, this is the Plaintiffs' sixth attempt to file this same RICO suit, after filing it three times in the Middle District before dismissing it when a Motion to Compel the factual basis for the RICO claims was filed. *See* Doc. 23 at 11.

3

A. <u>Amendment Is Futile Because the Proposed SAC Still Treats Online Posts as "Wire Fraud" and Still Fails to Plead a Viable RICO Theory.</u>

The Proposed SAC's RICO conspiracy count remains anchored in a theory that Internet speech and mockery are "wire fraud." Plaintiffs plead:

> Each use of the internet to spread damaging disinformation violates the wire fraud statute.

(Doc. 44-1 ¶ 40). That is not the law. Wire fraud requires a scheme to defraud directed at obtaining money or property, not a campaign of disparagement intended to cause reputational harm or public controversy. See *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016) (distinguishing deception from fraud absent contemplated property harm).

Plaintiffs' own narrative claims the alleged use of the internet concerns reputational/ideological harm and market redirection through criticism — *i.e.*, speech-based injury — rather than a property-taking scheme executed through fraudulent pretenses in a transaction. *See* Proposed SAC ¶¶ 1, 40–44, 52–58. That is precisely why Defendants' Motion to Dismiss identifies Count I as an impermissible attempt to "RICO-ize" defamation. Doc. 32 at 10–18; Doc. 42 at 2–7.

Nor does adding Clark cure this defect. Plaintiffs allege only that Clark "*may have joined the conspiracy later*," and that his December 31, 2025 post was "*likely* with the approval of at least Defendant Larosiere." Proposed SAC ¶¶ 36–39 (emphasis added). Such speculative allegations do not transform non-fraudulent speech into a money-or-property fraud scheme, and do not supply the missing predicate-act foundation necessary to make a § 1962(d) violation plausible.

4

Because Plaintiffs' RICO conspiracy theory remains legally defective on its face, leave to amend should be denied as futile.

B. Amendment Is Futile Because the Lanham Act Count Still Does Not Allege "Commercial Advertising or Promotion."

Plaintiffs attempt to salvage the Lanham Act claim by adding conclusory assertions that Defendants' statements were "always in commercial contexts." Proposed SAC ¶ 52. But labels do not suffice. The Eleventh Circuit's test requires, among other things, "commercial speech" disseminated as "commercial advertising or promotion." *Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 950 (11th Cir. 2017) (District court did not abuse discretion in denying motion to amend complaint where author's blog posts did not constitute commercial speech subject to Lanham Act).

The alleged conduct remains social-media criticism, mockery, and a meme speech that, on Plaintiffs' own description, is aimed at controversy, reputational attack, and advocacy, not advertising or promotion as that term is used in § 1125(a)(1)(B). *See* Proposed SAC ¶¶ 20–32, 52–56. Calling it "commercial" does not make it so. Plaintiffs still fail to plead facts showing the challenged posts are commercial advertisements or promotions within the meaning of the Lanham Act, and Count II remains futile.

C. Amendment Is Futile Because the Tortious Interference Claim Remains Speculative and All Claims Are Barred by Florida's Single Publication/Single Action Doctrine.

Florida requires an actual, identifiable business relationship that "in all probability would have been completed" absent the interference—not merely

"customers and potential customers" in the abstract. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814–15 (Fla. 1994). Plaintiffs still plead the paradigmatic "public at large" theory ("customers and potential customers navigating or seeking to navigate the DEFCAD site"), Proposed SAC ¶ 63, which is the kind of speculative, non-identifiable relationship *Ethan Allen* rejects.

Separately, Florida's single action rule prevents plaintiffs from multiplying tort labels to recover for the same reputation-based harm. *Gannett Co., Inc. v. Anderson*, 947 So. 2d 1, 13 (Fla. 1st DCA 2006). The doctrine exists to prevent "circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm." *Id.*

Here, Plaintiffs expressly disclaimed that they were bringing a defamation claim, *see* (Doc. 24) ("Plaintiffs do not allege a defamation claim …"), while the Proposed SAC nevertheless seeks damages and sweeping injunctive relief premised on the alleged falsity of the same publications. Proposed SAC ¶¶ 57–58, Prayer for Relief ¶ 1. Florida law does not permit Plaintiffs to evade publication-based defenses and limits by repackaging the same alleged wrong while seeking the same reputational/publication-based damages. *Freites v. Medina*, No. 25-CV-20465, 2025 WL 1425491, at *5 (S.D. Fla. May 16, 2025). Leave should be denied as futile.

## II. PLAINTIFFS' PROPOSED INJUNCTIVE RELIEF CONFIRMS THE OVERBREADTH AND IMPROPRIETY OF THE SPEECH-BASED THEORIES.

The Proposed SAC requests an order enjoining Defendants from "making or republishing false or misleading allegations," requiring removal and prohibiting further publication. Proposed SAC, Prayer for Relief ¶ 1. That is a classic prior-restraint framing—particularly where Plaintiffs have chosen not to plead a defamation claim and where the alleged wrong is speech itself. *See, e.g.*, *Org. for a Better Austin v. Keefe*, 402 U.S. 415 (1971).

This requested relief further underscores why Plaintiffs' "core theories" are legally infirm and why a second amendment would only prolong motion practice without producing a viable claim. Defendants cannot stress enough that Plaintiffs have not even pled that each Defendant even posted the meme, and that Plaintiffs themselves have published and circulated the meme on their own website—without any refutation or commentary—for nearly two years.[3] Indeed, part of the relief Plaintiffs seek is removal of the meme. Plaintiffs have been aware, surely at least since the Rule 11 reply was filed, that they have been publishing the meme since 2024. (Doc. 25 at 10). Yet they continue to publicize it on their website, where it has amassed thousands of views. Surely, if Plaintiffs thought the meme was some kind of noxious evil causing them a million dollars in damages, they would have removed it from their own site. But they have not, largely because this is a bad-faith strike suit

---

[3] Anonymous, "FEDCAD Meme," Defcad.com, May 22, 2024, https://defcad.com/library/fedcad-meme/, *archived at* https://web.archive.org/web/20251120020227/https://defcad.com/library/fedcadmeme/.

7

filed in retaliation for the copyright action pending against Plaintiffs in the Middle District.[4]

### III.   CONCLUSION

Because Plaintiffs concede the amendment preserves the same theories, and because the Proposed SAC remains legally defective in the same core ways already presented in the pending Motion to Dismiss, the Motion for Leave (Doc. 44) should be denied.

Respectfully submitted,

DATED: January 29, 2026

| /s/ Gary C. De Pury | /s/ Matthew Larosiere | /s/ Zachary Zermay |
|---|---|---|
| Gary C. De Pury | Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Florida Bar No: 126588 | Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| Law Offices of Gary De Pury, P.A. | The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 21035 Leonard Road | 6964 Houlton Circle | 3000 Coral Way Ste 1115 |
| Lutz, Florida 33558 | Lake Worth, FL 33467 | Coral Gables, FL 33145 |
| Tel: (813) 607-6404 | Email: Larosieremm@gmail.com | Email: zach@zermaylaw.com |
| Email: Gary@DePury.com | Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| *Lead Counsel for Defendant Alex Holladay* | *Lead Counsel for Defendants Elik, Stroke, and Lettman* | *Lead Counsel for Defendant Matthew Larosiere* |

---

[4] *See generally* Doc. 23.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 29th day of January, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Zachary Z. Zermay*

Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
