UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,

      Defendants.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs, Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc., submit this Reply in Support of their Motion for Leave to File Second Amended Complaint [D.E. 44]:

**I.    Introduction.**

The Motion was timely under the Court's Scheduling Order [D.E. 36], and seeks a routine amendment to add a necessary defendant and clarify allegations already at issue; therefore, the Motion should be granted. Defendants do not – and cannot – show undue delay, bad faith, prejudice, repeated failure to cure, or futility under the narrow Rule 15 standard. Instead, Defendants litigate their pending Rule 12 Motion [D.E. 32], improperly urging merits determinations and factual inferences against Plaintiffs. Under Rule 15 and *Aguilar*, leave to

1

amend should be freely granted; moreover, leave should be denied for futility only when dismissal is inevitable as a matter of law – something Defendants have not established.

## II. Legal Standard: Leave to Amend Should Be Freely Given.

Leave to amend should be "freely given" when justice requires. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts should deny leave only upon a clear showing of: (1) undue delay, bad faith, or dilatory motive; (2) repeated failure to cure deficiencies by prior amendments; (3) undue prejudice to the opposing party; or, (4) futility. *Foman,* 371 U.S. at 182.

"Futility" is a narrow basis to deny amendment, applying only when the proposed amendment would be legally insufficient as a matter of law, i.e., the amended pleading would still be subject to dismissal even if its well-pled factual allegations are accepted as true. See, e.g., *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (amendment may be denied as futile when the complaint as amended would still be subject to dismissal); see also *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (same). Futility is not a vehicle to resolve factual disputes, weigh competing narratives, or make preliminary merits determinations.

## III. Plaintiffs' Timely Motion Seeks a Routine, Proper Amendment.

Plaintiffs' Motion is timely. The Court's Pre-Trial Scheduling Order and Order Referring Case to Mediation [D.E. 36], provides the deadline to amend pleadings and join parties is January 22, 2026. Plaintiffs filed their Motion for Leave and proposed Second Amended Complaint on January 15, 2026. There is neither undue delay nor basis to deny leave on timing grounds.

The proposed amendment serves two straightforward purposes: (1) to add a necessary defendant, Zackary Clark, so all responsible parties are before the Court and complete relief may be afforded; and, (2) to clarify and supplement factual allegations to more precisely plead

197867316v2

Plaintiffs' claims. These are paradigmatic grounds for amendment under Rule 15, particularly at this early stage and within the Court-ordered amendment period.

IV. **Defendants' Futility Arguments Fail.**

A. **Futility Is a Narrow Inquiry, Not a Vehicle for Merits Adjudication.**

*Aguilar v. United Floor Crew, Inc.*, 2014 WL 6751663, at *2, governs this issue. In *Aguilar,* the court reiterated leave to amend may be denied as futile only where "the complaint as amended is still subject to dismissal," and that the futility inquiry is "akin to that for a motion to dismiss." *Id.* Critically, *Aguilar* emphasized this standard does not permit resolution factual disputes or competing narratives, or weighing evidence. *Id*. at *4–5. Where a proposed amended complaint is plausibly pled, the inquiry into disputed issues is, "ill-suited for consideration on a motion to dismiss" because it, "requires the weighing of evidence" which is, "wholly inappropriate" at this procedural posture. *Id*. at *4–5. In short, futility exists only where dismissal is inevitable as a matter of law – not where claims are merely contested or subject to defense arguments.

B. **Defendants Ask the Court to Credit Their Narrative, Resolve Disputed Issues, and Treat their Motion to Dismiss as Already Granted.**

Defendants' opposition fails under *Aguilar* because it repeatedly asks the Court to do precisely what Rule 15 forbids. Rather than identifying any clear legal bar, Defendants urge the Court to accept their characterization of Plaintiffs' injuries as "reputational", their framing of the challenged speech as non-commercial, their view of causation as "impossible", and their First Amendment theory as dispositive. These are merits disputes turning on factual inferences, intent, causation, and context – issues *Aguilar* holds cannot be resolved at this stage.

Defendants expressly argue the proposed Second Amended Complaint, "continues to rest on legally defective premises already squarely presented in the pending Motion to Dismiss" and ask the Court to deny amendment on that basis. That approach improperly treats Defendants' Rule

3

12 motion as if it has already been granted. *Aguilar* makes clear Rule 15 is not a backdoor mechanism to decide a pending motion to dismiss, nor does it permit a court to deny leave simply because defendants believe they will ultimately prevail on the merits. 2014 WL 6751663, at *2–5. Absent a showing dismissal is unavoidable as a matter of law (which is has not here) futility is not established; therefore, the Motion should be granted.

### C. Assuming *Arguendo* Defendants' Merits Arguments, the Claims Are Not "Necessarily Dismissible".

Even assuming – contrary to *Aguilar* – the Court were to look beyond the proper Rule 15 framework and consider Defendants' merits arguments, those arguments still do not render the proposed amendment futile. As fully addressed in Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, Defendants' contentions fail under settled law:

#### i. The RICO Claim Is Not Futile.

Defendants assert the RICO claim is futile because it does not plead a proper wire fraud predicate act. Their argument is based on two incorrect arguments. First, Defendants' argue the proposed Second Amended Complaint does not allege the scheme to damage Plaintiffs caused money damages, but merely "reputational harm." Response at p. 4. This is plainly wrong. The pleading specifically alleges the scheme caused DEFCAD to lose profits. *See* ¶34 ("significantly damaged DEFCAD's revenue and profits"); ¶41("DEFCAD estimates Plaintiffs have lost at least $1 million in profits…"); ¶44 ("The scheme is intended to damage Plaintiffs by taking away customers through false statements…"). This case is about lost profits, not reputational harm. Defendants' argument must be rejected.

Second, Defendants argue, without citation to authority, the wire fraud statute requires they "obtained" plaintiffs' property. Response at p. 4. This is also wrong. *See, e.g., United States v. Williams*, 527 F.3d 1235, 1245 (11th Cir. 2008)("Wire fraud does not require the government to

prove… that the defendant benefitted from her scheme," affirming wire fraud conviction); *cf.*, *Pelletier v. Zweifel*, 921 F.2d 1465, 1498 (11th Cir. 1991)(stating the elements of wire fraud, in RICO action, which include a "scheme to defraud another of money or property" but there is no requirement that the defendant obtain that money or property).  This argument also fails.

### ii. The Lanham Act Claim is Not Futile.

The Response asserts the Lanham Act claim is improper because it does not concern "commercial speech."  But the case concerns lost profits, not "advocacy".  The meme was intended to, and did, cause Plaintiffs lost profits.  Thus, this argument must be rejected.

### iii. The Florida Tortious Interference Claim is Not Futile.

Plaintiffs' tortious-interference claim is plausibly pled. Under Florida law, a plaintiff must allege, "(1) the existence of a business relationship … (2) the defendant's knowledge … (3) the defendant's intentional and unjustified interference … and (4) damage." *Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001). The proposed amended pleading alleges ongoing and prospective relationships with DEFCAD customers, creators, and partners – including specifically identified designers, Barret Collier and Eric Goldhaber, whose files generated revenue – of which Defendants (direct competitors) were aware. Compl. ¶¶ 32, 33, 61–69. It further alleges Defendants intentionally and wrongfully interfered by disseminating false statements (including that DEFCAD was "hacked," "doxxed" customers, and was hosted in Iran) to divert those relationships to Defendants' competing enterprise, causing identified relationship losses and concrete damages including lost customers, diminished goodwill, and lost profits exceeding $1 million. *Id*. ¶¶ 61–69.

197867316v2

iv. **The Request for Injunctive Relief is Not Barred as a Matter of Law.**

Finally, Defendants contend Plaintiffs' request for injunctive relief constitutes an unconstitutional prior restraint. Courts, however, may enjoin fraudulent and racketeering conduct, including false statements made in furtherance of such schemes. See *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1109 (D.C. Cir. 2009). Whether any particular injunction is appropriate is a merits question for later stages of the case – not a basis to deny leave to amend.

V. **Conclusion.**

For the foregoing reasons, the Motion should be granted.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File Second Amended Complaint, permit Plaintiffs to file the Second Amended Complaint attached to their Motion, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com

By: _s/ GREGORY S. WEISS_
    GREGORY S. WEISS
    Florida Bar No. 163430

And

Howard Foster, Admitted *Pro Hac Vice*
FOSTER PC
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
Tel. (312) 726-1600
Email: hfoster@fosterpc.com

*Attorneys for Plaintiffs*

197867316v2

## CERTIFICATE OF SERVICE

      I hereby certify that on February 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

          *s/*  GREGORY S. WEISS
          GREGORY S. WEISS, ESQ.
          Florida Bar No. 163430

**SERVICE LIST**:

**VIA EMAIL TRANSMISSION AND FIRST CLASS U.S. MAIL:**
Matthew M. Larosiere, Esq.
6964 Houlton Cir.
Lake Worth, FL 33467
Tel. (561) 452-7575
Email: larosieremm@gmail.com
*Attorney for Defendants, John Elik, John Lettman and Josh Kiel Stroke*

**VIA EMAIL TRANSMISSION AND FIRST CLASS U.S. MAIL:**
Gary C. De Pury, Esq.
21035 Leonard Road
Lutz, FL 33558
Tel. (813) 607-6404
Email: Gary@DePury.com
*Attorney for Defendant, Alexander Holladay*

**VIA EMAIL TRANSMISSION:**
Zachary Z. Zermay, Esq.
3000 Coral Way, Suite 115
Coral Gables, FL 33145
Tel. (305) 767-3529
Email: zach@zermaylaw.com
*Attorney for Defendant, Matthew Larosiere*

197867316v2