UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS

DEFENSE DISTRIBUTED,
 et al.,

      Plaintiffs,

v.

JOHN ELIK, et al.,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION FOR SANCTIONS

THIS CAUSE is before the Court upon the Plaintiffs' Motion to Amend the Complaint. (DE 44), filed January 15, 2026, and Defendants' Motion for Sanctions (DE 23), filed November 5, 2025. The Motions are ripe. (DE 45, DE 47; DE 24; DE 25). For the following reasons, I will grant leave to amend and deny the motion for sanctions without prejudice.

On September 25, 2025, Plaintiffs filed a Complaint, alleging that Defendants engaged in a coordinated online disinformation campaign directed at Plaintiffs, including the dissemination of false statements to divert users and customers to Defendants' competing platforms. (DE 1). On October 14, 2025, Plaintiffs filed an Amended Complaint, as of right. (DE 13). Plaintiffs now seek leave to file a Second Amended Complaint to add a defendant and to clarify the factual allegations regarding Defendants' alleged coordinated conduct.

I note first that the motion to amend is timely filed in advance of the January 22, 2026 deadline for filing amended pleadings, as set forth in the Pretrial Scheduling Order. Next, Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the party's pleading

by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In construing Rule 15(a), the Supreme Court has held that there must be a substantial reason to deny amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). I find that Plaintiff has met the Rule 15(a) standard.

Defendants contend, however, that the proposed amendment is futile and the motion for leave should therefore be denied. Evaluating futility requires an analysis of the sufficiency of the complaint allegations, and this is best dealt with by way of a proper Rule 12(b)(6) motion. I decline to weigh in on the substantive viability of Plaintiff's proposed Second Amended Complaint within the posture of a contested motion for leave to amend. Moreover, in my preliminary assessment of the proposed amended pleading, I cannot conclude that the allegations are clearly insufficient or facially frivolous.

Lastly, Defendants have filed a Rule 11 motion (DE 23) on the basis that Plaintiffs' claims are frivolous and warrant sanctions. Given that this motion cannot be resolved until a determination of whether the case shall proceed, it is appropriate to deny this motion without prejudice. *See Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) (Rule 11 sanctions "normally will be determined at the end of litigation.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) Plaintiffs' Motion to Amend the Complaint. (DE 44) is **GRANTED.**

2) Plaintiffs shall separately file the amended pleading no **later than February 9, 2026.**

3) Defendants' Joint Motion to Dismiss the Complaint (DE 32) is **DENIED AS MOOT**.

4) Defendants' Consolidated Rule 11 Motion (DE 23) **is DENIED WITHOUT PREJUDICE.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 5th day of February, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

3