UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

    Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, individually,

    Defendants.

_____/

### PLAINTIFFS' MOTION FOR LEAVE TO TAKE THE DEPOSITION OF INCARCERATED DEFENDANT PETER CELENTANO AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. ("Plaintiffs"), pursuant to Federal Rules of Civil Procedure 30(a)(2)(B), respectfully move for leave to take the deposition of Defendant Peter Celentano, who is currently incarcerated, and state as follows:

    1.    Defendants engaged in a coordinated disinformation campaign targeting Plaintiffs, including false statements disseminated online to divert customers to a competing enterprise.

    2.    Defendant, Peter Celentano, was personally served with the Amended Complaint [D.E. 13], and failed to appear, answer, or otherwise respond.

    3.    On November 25, 2025, the Clerk entered default against Defendant Celentano pursuant to Rule 55(a). [D.E. 27].

4. Plaintiffs thereafter moved for entry of default final judgment against Celentano, which Motion remains pending before the Court. [D.E. 31].

5. Plaintiffs understand that Celentano is currently incarcerated and awaiting sentencing in a federal criminal matter; however, Plaintiffs seek to depose Celentano regarding damages, the scope of the alleged scheme, identification of co-conspirators, and for the preservation of testimony, including matters bearing on Plaintiffs' pending request for default final judgment.

6. Under Rule 30(a)(2)(B), a party must obtain leave of court to depose "a person confined in prison."

7. Rule 30(b)(4) further authorizes depositions by remote means, which is particularly appropriate where the deponent is incarcerated.

8. Good cause exists to permit the deposition of Defendant, Celentano, as he is a central participant in the conduct alleged in the Second Amended Complaint, and his testimony bears directly on issues including damages, intent, coordination among Defendants, and the mechanics of the alleged disinformation campaign.

9. Plaintiffs propose the deposition be conducted remotely, by videoconference or telephone, at a date and time coordinated with the appropriate correctional facility, so as to minimize burden and address security or logistical concerns.

10. Plaintiffs will comply with all reasonable institutional requirements governing inmate depositions and will work cooperatively with facility officials and counsel to ensure the deposition proceeds efficiently and appropriately.

WHEREFORE, Plaintiffs respectfully request that the Court: (a) Grant Plaintiffs leave to depose Defendant Peter Celentano pursuant to Rule 30(a)(2)(B); (b) Authorize the deposition to

proceed by remote means under Rule 30(b)(4); (c) Direct that the deposition occur at a mutually agreeable date and time consistent with the policies of the correctional facility; and (d) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com


By: _s/ GREGORY S. WEISS_
    GREGORY S. WEISS
    Florida Bar No. 163430

And

Howard Foster, Admitted *Pro Hac Vice*
FOSTER PC
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
Tel. (312) 726-1600
Email: hfoster@fosterpc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

                                        *s/*   GREGORY S. WEISS
                                                  GREGORY S. WEISS, ESQ.
                                                  Florida Bar No. 163430

**SERVICE LIST**:

**Via Email Transmission and U.S. Mail:**
Matthew M. Larosiere, Esq.
6964 Houlton Cir.
Lake Worth, FL 33467
Tel. (561) 452-7575
Email: larosieremm@gmail.com
*Attorney for Defendants, John Elik, John Lettman and Josh Kiel Stroke*

**Via Email Transmission and U.S. Mail**:
Gary C. De Pury, Esq.
21035 Leonard Road
Lutz, FL 33558
Tel. (813) 607-6404
Email: Gary@DePury.com
*Attorney for Defendant, Alexander Holladay*

**Via CM/ECF:**
Zachary Z. Zermay, Esq.
3000 Coral Way, Suite 115
Coral Gables, FL 33145
Tel. (305) 767-3529
Email: zach@zermaylaw.com
*Attorney for Defendant, Matthew Larosiere*