UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH  DIVISION

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

    Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, individually,

    Defendants.

_____/

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS',
ELIK, HOLLADAY, STROKE AND LETTMAN, DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES
AGAINST ATTORNEY MATTHEW LAROSIERE**

Plaintiffs, Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc., file this Motion to Compel Discovery Responses from Defendants, John Elik, Alexander Holladay, Josh Kiel Stroke and John Lettman, and in support thereof state as follows:

**I.   Introduction**

This case is set for trial a mere five months from now, with discovery closing three months from now.  [D.E. 36].  Thus, any delay in receiving discovery prejudices Plaintiffs' ability to prepare for trial.  Yet, Attorney Mr. Matthew Larosiere and his clients, Messrs. Elik, Holladay, Stroke and Lettman, are delaying compliance with Plaintiffs' initial discovery requests.

1

Mr. Larosiere is a member of the Southern District of Florida Bar. The privilege of admission carries the obligation to register on the Court's CM/ECF system. *See* CM/ECF NextGen Administrative Procedures, Southern District of Florida, §3B (Attorneys admitted to practice in the Southern District of Florida… must register to use CM/ECF.") And CM/ECF registration:

> *constitutes consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E)… and waiver of any right to receive service by any other means… Service of papers* required to be served pursuant to Fed. R. Civ. P. 5(a)… but not filed, such as discovery requests, *may be made via email to the address designated by an attorney for receipt of notices of electronic filings.*

(emphasis added).

Plaintiffs' counsel served Plaintiffs' First Sets of Interrogatories to Defendants Elik, Holladay, Lettman and Stroke on December 30, 2025, including by email to larosieremm@gmail.com, the very email address Mr. Larosiere listed on the proof of service of the Motion to Dismiss Defendants filed in this matter [D.E. 32]. Ex. "A" attached hereto.

Defendants, Elik, Holladay, Lettman and Stroke were also served with Plaintiffs' First Requests for Admission and First Request for Production via email on January 8, 2026. Composite Ex. "B" hereto. However, on January 31, 2026, Mr. Larosiere wrote to Plaintiffs' counsel Howard Foster, and took the position he was not been properly served with the discovery to Defendants, Elik, Holladay, Stroke and Lettman (without denying he received the January 8th email):

> We have to follow the rules as they are written. It appears Mr. Zermay, who is registered for Southern District CM/ECF, has sent you responsive documents. As to my and Mr. Depury's clients, *we have not been served with any discovery request in compliance with the rules* and we have *not received any communication* from your, nor your co-counsel's office *requesting our consent to e-mail service in writing. See Fed. R. Civ. P. 5(b)(2).* Would you like to request to e-mail service?
>
> Yours,
>
> Matt[1]

---

[1] Ex. "C" attached hereto, Mr. Larosiere's e-mail of January 31, 2026.

Mr. Larosiere's gamesmanship in refusing to accept email service of discovery on January 8, 2026 on behalf of his clients violated Rule 3B, quoted above. Nonetheless, Plaintiffs' counsel served Defendants with additional copies of the aforementioned written discovery previously served on December 30, 2025 and January 8, 2026, this time by U.S. Mail, on February 2, 2026. See Ex. "D" hereto. As of the date of this Motion, Defendants Elik, Holladay, Lettman and Stroke have not answered any discovery. Thus, Mr. Foster wrote Mr. Larosiere asking to meet and confer regarding a motion to compel the discovery responses, to which Mr. Larosiere responded by stating:

> Howard, your co-counsel mailed the "first requests" to my clients on January 8, 2026. There is nothing to confer about, as I do not have questions at this time, and will timely respond to them.[2]

Unfortunately, Mr. Larosiere's refusal to meet and confer makes this Motion necessary.

## II. This Court Should Compel Defendants Elik, Holladay, Stroke and Lettman to Comply With the Plaintiffs' Discovery Requests Pursuant to Fed. R. Civ. P. 37(B)(iii) and (iv).

The Court should compel Defendants Elik, Holladay, Lettman and Stroke to promptly comply with Plaintiffs' discovery requests. Their non-compliance is prejudicial to Plaintiffs completing discovery by the May deadline.

## III. This Court Should Sanction Mr. Larosiere For His Misconduct Pursuant To Fed. R. Civ. P. 37(5)(A).

Plaintiffs also move the Court to sanction Defendants' counsel, Mr. Larosiere, for Plaintiffs' attorney's fees in making this Motion. Mr. Larosiere willfully violated this Court's rules, and even absent the rules, Mr. Larosiere's gamesmanship constitutes a waiver of his claim of defective service by email. *See, e.g., Rushing v. Board of Supervisors of University of Louisiana System,*

---

[2] Ex. "E" attached hereto, Mr. Larosiere's e-mail of February 23, 2026.

270 F.R.D. 259, 261 (M.D. La. 2010)(holding counsel's failure to promptly object to allegedly defective service waived the right to contest it).

IV.     **Conclusion**

Plaintiffs respectfully request the Court compel Defendants, Elik, Holladay, Stroke and Lettman to fully and completely respond to Plaintiffs' discovery requests within five days, and sanction Mr. Larosiere for the fees necessary to bring this Motion.

**Conferral Certification**

Pursuant to Local Rule 7.1 and Federal Rule of Civil Procedure 37, counsel for Plaintiffs certify that on February 23, 2026, they emailed counsel for Defendants, Mr. Larosiere, to request a meet and confer regarding the relief sought in this Motion. Mr. Larosiere responded: "There is nothing to confer about…" and declined to engage in any conferral. Accordingly, despite Plaintiffs' good-faith attempt to confer, no meet and confer could be conducted.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com

By: _s/ GREGORY S. WEISS_
    GREGORY S. WEISS
    Florida Bar No. 163430

And

Howard Foster, Admitted *Pro Hac Vice*
FOSTER PC
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
Tel. (312) 726-1600
Email: hfoster@fosterpc.com

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 25, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

      *s/* GREGORY S. WEISS
GREGORY S. WEISS
Florida Bar No. 163430

**SERVICE LIST**:

**Via Email Transmission:**
Matthew M. Larosiere, Esq.
6964 Houlton Cir.
Lake Worth, FL 33467
Tel. (561) 452-7575
Email: larosieremm@gmail.com
*Attorney for Defendants, John Elik,
John Lettman and Josh Kiel Stroke*

**Via Email Transmission**:
Gary C. De Pury, Esq.
21035 Leonard Road
Lutz, FL 33558
Tel. (813) 607-6404
Email: Gary@DePury.com
*Attorney for Defendant, Alexander Holladay*

**Via Email Transmission
and CM/ECF:**
Zachary Z. Zermay, Esq.
3000 Coral Way, Suite 115
Coral Gables, FL 33145
Tel. (305) 767-3529
Email: zach@zermaylaw.com
*Attorney for Defendant, Matthew Larosiere*