UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

*Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE; ALEXANDER HOLLADAY; PETER CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

*Defendants*.

_____/

## DEFENDANTS ELIK, HOLLADAY, STROKE, AND LETTMAN'S, AND ATTORNEYS MATTHEW M. LAROSIERE AND GARY DE PURY'S, JOINT MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES

Defendants John Elik, Alexander Holladay, Josh Kiel Stroke, and John Lettman, by and through undersigned counsel, and attorneys Matthew M. Larosiere and Gary De Pury, insofar as Plaintiffs seek relief and fee-shifting based on their conduct, respectfully submit this Joint Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery Responses and for Attorney's Fees.

The motion should be denied. It rests on a materially incomplete account of the parties' conferrals, was filed before the operative response period to Plaintiffs' service of compliant discovery had expired, seeks relief based in part on unsigned discovery requests, and improperly seeks sanctions against counsel on that record.

1

Most notably, Plaintiffs' motion takes a single sentence from Mr. Larosiere out of context and presents it as a refusal to confer, while omitting that: (1) the parties had already conferred on the same issue in early February; (2) the parties already had an understanding discovery would be responded to by March 4; (3) Plaintiff's counsel Mr. Foster sent repeated conference demands without identifying the issues to be discussed until pressed; and (4) immediately after filing the motion, Plaintiffs opened yet another conferral chain on the same issue with Mr. De Pury, excluding Mr. Larosiere, and seeking to confer as to Mr. Holladay, against whom he had already filed a motion.

For those reasons, and those set forth below, the motion and request for fees should be denied.

## ARGUMENT

### I. MOVANTS MATERIALLY MISREPRESENT THE CONFERRAL RECORD

Plaintiffs' motion is framed as though no meaningful conferral occurred because Mr. Larosiere wrote on February 23 that there was "nothing to confer about." That is not a fair account of the record.

The same discovery issues had already been the subject of an earlier conferral in early February. After Plaintiffs requested a meet-and-confer, defense counsel responded and scheduled a Zoom meeting for February 5, 2026, which the parties' counsel attended. (Ex. A at 4-5). On that call, the very discovery requests the motion complains of, which Plaintiffs had already served amended versions on February 2nd,

were the subject of discussion, as well as a host of other un-announced issues raised by Mr. Foster for the first time on the call. (Ex B ¶10), (Ex. C).

Even absent this prior conferral, the February 23 statement cannot reasonably be understood to be a refusal to confer. It was an instance-specific statement that there was nothing further to discuss about an issue the parties had already discussed and on which defense counsel had already stated their position: that Plaintiffs' February 2 mailing was the operative service event and that responses would be served accordingly. Read in context, the statement reflects that counsel regarded the issue as already addressed, not that counsel was refusing to confer. In fact, it was the stated intention of Mr. Larosiere to be present at whatever conference Mr. Howard desired. (Ex. E).

The above would have been obvious from the communications, had movants not—for whatever reason—omitted the context of each of the communications upon which they based their motion. The lead-up to Mr. Larosiere's February 23 statement is as follows: On February 19—weeks after the conference where pending discovery was discussed—Mr. Foster emailed all counsel stating, without particularity, that "discovery is due today." (Ex. D at 1). In fact, no discovery was due that day. When this was identified to Mr. Foster, he pivoted, stating "[e]ven if that is true," proceeding to re-litigate the subject matter of the February 5 conference and the matter of email service, which counsel for Plaintiffs had agreed were resolved three days prior. (Ex. F at 2) (highlighted portion). Mr. Foster was reminded of this. (Ex. D at 2), and in response, he simply demanded to meet and confer, where Mr. De Pury gave his next

3

availability of Tuesday, to which Mr. Foster simply demanded a conference the following day, instead of assenting to Tuesday. *Id.*

The next day, on Friday February 20, after business hours, Mr. Foster started yet another email chain, again without any particularity, threatening to "note for the court [Mr. Larosiere's] reticence." (Ex. E at 1). Mr. Larosiere responded with concern, reminding Mr. Foster that Mr. Larosiere has "always been on every conference with counsel" and, intending to be on the conference alongside Mr. De Pury, reminded Mr. Foster that he was "confident you will see that, just like every other time, I make it work when everyone else can." *Id.* Mr. Howard then replied simply re-asserting the demands—again, concerning his unsigned requests which counsel believed were improperly served—that were already discussed on the February 5 conference, and manifestly superseded by the amended February 2nd service, which included signatures.[1] *Id.* While Mr. Larosiere's later February 23rd communication did misstate the date (the requests were served the 2nd of February), it was against this backdrop that Mr. Larosiere felt there was "nothing to confer about," again, because it had already been discussed *ad nauseum* both telephonically and via email.

Apparently seizing upon this opportunity, without another word to Mr. Larosiere, movants filed the instant motion, including among its targets Alexander

---

[1] The undersigned notes that it would be difficult to have two "First Requests" to any party. Where the first First Requests were unsigned, and the second First Requests were materially altered and delivered later, the undersigned labored under the belief, as was discussed in early February, that the later served, compliant ones, were operative. Defendants further note that movants neglected to attach the requests their relief relates to, likely because they are aware of these deficiencies.

4

Holladay, Mr. De Pury's client. Even more confusingly, Mr. Foster then, *after having already filed a motion against his client*, went on to set a conference with Mr. De Pury, explicitly and deliberately excluding Mr. Larosiere from the communication. (Ex. G at 1-2) (Original message excluding all other counsel, then when Mr. De Pury re-added co-counsel to the e-mail chain, Mr. Foster quips "I don't need your co-counsel."). Thereafter, on the phone with Mr. De Pury, Mr. Foster acknowledged that the matter was already discussed in early February, acknowledged that the first requests were unsigned, agreed that responses could be served on March 4th, and offering no cogent explanation for why he excluded Mr. Larosiere and filed this motion, where Mr. Foster's stated issues with Mr. Larosiere and Mr. De Pury were identical. (Ex. H ¶¶24-32).

Plaintiffs' own post-filing conduct defeats their certification. After filing the motion, Plaintiffs immediately initiated yet another meet-and-confer request with Mr. De Pury regarding the same alleged discovery default. Mr. De Pury provided a time he was available and asked whether co-counsel would be included and what the topic would be. Only then did Mr. Foster identify the topic, and he stated that he did not need co-counsel. That sequence is incompatible with Plaintiffs' assertion that "no meet and confer could be conducted." If Plaintiffs truly believed defense counsel had refused to confer, there would have been no reason to initiate yet another conferral immediately after filing the motion. And if Plaintiffs genuinely sought a meaningful conferral, there was no legitimate reason to exclude co-counsel from a multi-

5

defendant discovery discussion—especially where Mr. De Pury expressly requested that co-counsel be included.

Just as importantly, Mr. Larosiere had already made clear that he intended to participate in a joint conferral with the other defense lawyers and would make himself available when the group did so. Plaintiffs' later attempt to isolate Mr. De Pury, then characterize the earlier record as a refusal by Mr. Larosiere, is misrepresentative.

In short, the motion's conferral showing is not merely incomplete. It omits the earlier conferral that gave context to the February 23 email, ignores the repeated and inadequately specified requests that followed, and is contradicted by Plaintiffs' own decision to reopen the same issue immediately after filing. On that basis alone, the motion should be denied.

## II. THE MOTION WAS FILED PREMATURELY.

Plaintiffs acknowledge that they served the relevant discovery by U.S. Mail on February 2, 2026.[2] That discovery was materially different from the earlier set. Plaintiffs nevertheless filed their motion on February 25, 2026.

By Plaintiffs' own chronology, the motion was filed before the response period to that service expired. At minimum, it was filed before expiration of the ordinary 30-day response period applicable to interrogatories, requests for production, and requests for admission. The motion was therefore premature when filed.

---

[2] Certainly, given the discussion between counsel, they did not do this just for sport.

That timing defect is dispositive. Whatever dispute existed concerning the earlier emailed discovery, Plaintiffs chose to serve modified requests on February 2. Once they did so, the operative question became whether responses to that February 2 service were overdue. They were not.

Moreover, defense counsel expressly communicated that responses would be served on the February 2 timetable. Plaintiffs thus filed this motion certifying a lack of conference despite knowing both the defense position and the fact that the operative response period had not yet run.

### III.   PLAINTIFFS SEEK RELIEF AS TO UNSIGNED REQUESTS FOR PRODUCTION.

The earlier requests for production served by Plaintiffs were not signed. Defense counsel raised that issue repeatedly, both by email and during the parties' calls. Under Rule 26(g), discovery requests must be signed, and other parties have no duty to act on an unsigned request until it is signed. Plaintiffs were specifically advised of that defect more than once. The motion's exhibits conspicuously omit the text of the requests themselves.

At a minimum, Plaintiffs cannot obtain sanctions or fee-shifting where defense counsel took the position—expressly grounded in the text of Rule 26(g)—that no response was required to unsigned requests unless and until signed requests were served, and then served such requests.

## IV. THE MOTION IMPROPERLY SEEKS SANCTIONS AGAINST COUNSEL.

Plaintiffs seek attorney's fees against Mr. Larosiere based on a record that does not support such relief. As an initial matter, Plaintiffs' motion seeks to compel as to multiple defendants, including Mr. Holladay, even though Mr. Holladay is represented by Mr. De Pury, not Mr. Larosiere, as reflected on the face of the Motion. Plaintiffs' effort to collapse distinct counsel relationships and then seek sanctions against only one attorney underscores the impropriety of the motion as filed.

More fundamentally, sanctions are inappropriate because the record does not show bad faith, gamesmanship, or an unjustified refusal to engage. The actual record shows the opposite: defense counsel raised service and signature defects, Plaintiffs re-served by mail, the parties conferred on those issues, agreed to email service going forward, defense counsel stated they would respond timely to the February 2 requests. Plaintiffs then filed anyway while mischaracterizing the conferral history, and then *agreed to the March 4 production deadline as to Mr. Holladay at a post-filing conference deliberately excluding Mr. Larosiere*. (Ex. H ¶ 27). This same and even more relief to expedite discovery was offered by Mr. Larosiere to Plaintiffs via email, which they chose to ignore. (Ex. I). That history further confirms the absence of any real prejudice and the lack of any need for the relief requested.

## V. DEFENDANTS DECLINE TO SEEK FEES.

Although Defendants believe the record would support a request for fees incurred in opposing this motion, Defendants and undersigned counsel decline to seek such relief at this time they because this motion, despite its invocation of time

8

sensitivity, is a waste of this Court's time. In the interest of preserving that limited resource, Defendants request only that the Court deny Plaintiffs' motion and deny Plaintiffs' request for attorney's fees in full. Defendants will respond to the discovery requests no later than March 4, 2026, as Plaintiffs' counsel has already agreed with respect to Mr. Holladay, and as the undersigned have been laboring under the understanding of since the February 5 conference Plaintiffs conspicuously took no action following.

## CONCLUSION

For the foregoing reasons, Defendants and undersigned counsel respectfully request that the Court deny Plaintiffs' Motion to Compel Discovery Responses and deny Plaintiffs' request for attorney's fees, and grant such further relief as the Court deems just and proper.

DATED:  March 2, 2026

*/s/Matthew Larosiere*
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Defendants Elik, Stroke, and Lettman*

*/s/ Gary C. De Pury*
Gary C. De Pury
Florida Bar No: 126588
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6404
Email: Gary@DePury.com
*Lead Counsel for Defendant Alex Holladay*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 2nd day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581
