**EXHIBIT H**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

      *Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE; ALEXANDER HOLLADAY; PETER CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

      *Defendants*.

_____/

## **DECLARATION OF GARY DE PURY**

I, Gary C. De Pury, declare as follows under penalty of perjury:

1) My name is Gary C. De Pury. I am over eighteen years of age and am competent to make this declaration.

2) I am counsel of record for Defendant Alexander Holladay in this action.

3) I have personal knowledge of the facts stated in this declaration, except where stated otherwise, and if called as a witness I could and would testify competently to them.

4) In January 2026, Plaintiffs transmitted written discovery by email. The requests for production transmitted at that time were not signed.

1

5) Being new to the Southern District, and still undergoing CM/ECF training at the time, I took the position that the January email transmission did not constitute operative service on my client absent proper consent to email service, and I also took the position that no response was required to unsigned requests for production unless and until signed copies were served.

6) On or about February 2, 2026, Plaintiffs sent written discovery by U.S. Mail, including interrogatories, requests for production, and requests for admission.

7) The February 2 materials were materially different from the earlier emailed materials.

8) After that February 2 mailing, counsel conferred regarding the discovery issues, including the earlier email transmission, the unsigned requests for production, and the timing of responses.

9) Amidst those discussions, I stated my position that the February 2, 2026 mailing was the operative service event for purposes of calculating any response deadline as to my client.

10) Following those discussions, it was my understanding that responses to the February 2, 2026 mailing would be served on March 4, 2026.

11) Before Plaintiffs filed their motion to compel, I was not advised that Plaintiffs rejected that understanding as to my client.

12) During February 2026, Plaintiffs' counsel, Mr. Foster, sent repeated requests to meet and confer, usually without identifying the subject of conference.

13) Those requests did not clearly identify the specific issue to be discussed unless and until I or other defense counsel asked for clarification.

14) In most of these communications, Mr. Howard would threaten one or more Defense counsel in the first email.

15) On or about February 19, 2026, Mr. Foster again demanded a conference regarding discovery issues.

16) In response, I advised that I was not available until Tuesday.

17) I did not refuse to meet and confer.

18) On February 25, 2026, Plaintiffs filed a motion to compel that sought relief against multiple Defendants, including my client, Alexander Holladay.

19) After that motion was filed, on or about February 26, 2026, Mr. Foster initiated another email chain with me regarding the same discovery issues.

20) Mr. Larosiere was not included on Mr. Foster's initial February 26 email to me.

21) I then re-included co-counsel on that email chain.

22) In that exchange, I asked whether my co-counsel would also be on the call and asked for the topic of discussion.

23) In response, Mr. Foster stated: "I don't need your co-counsel. The topic is your failure to answer our discovery requests for your client, all served on you more than 30 days ago."

24) Confused, having thought that matter was discussed, I thereafter participated in a telephone conference with Mr. Foster on February 26, 2026.

25) During that call, Mr. Foster acknowledged that the earlier requests for production transmitted in January were unsigned.

26) During that call, Mr. Foster also acknowledged that these discovery issues had already been discussed previously.

27) During that call, Mr. Foster agreed that responses as to my client could be served on March 4, 2026, based on the February 2, 2026 service.

28) During that call, Mr. Foster offered no cogent explanation for why Mr. Larosiere, whose clients took the same position as mine, was excluded from our conference.

29) After that call, I sent an email memorializing the substance of that discussion.

30) At no time did I, or any other counsel, refuse to meet and confer regarding these issues.

31) To the contrary, the same service, signature, and response-timing issues were discussed multiple times before Plaintiffs filed their motion.

32) Plaintiffs' post-filing request that I confer again regarding the same issues was inconsistent with any claim that no meet-and-confer could be conducted before the motion was filed.

33) I have reviewed the email chains attached to this motion, and they are true and correct copies of the discussions I was involved in.

34) I further certify that I have read the email chain attached to this filing as exhibit E, and I share the concerns expressed by Mr. Larosiere in his February 23 email, and observed the same things he did.

35) I further certify that, since the filing of the instant Motion, Mr. Foster has repeatedly threatened to file motions to compel—presumably seeking sanctions—based upon alleged "failures to respond," notwithstanding that his emails were transmitted after the close of business on a Friday evening. Despite the timing of those communications, and notwithstanding that responses were provided within two business days consistent with professional norms and the applicable rules, Mr. Foster has continued to assert that undersigned counsel refused to confer, even though substantial time has been spent engaging with him telephonically regarding the matters at issue.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 2, 2026, in Pasco County, Florida.

_____
Gary C. De Pury