**EXHIBIT I**

## Defense Dis. v. Elik, proposed resolution of Compel Motion

3 messages

---

**Matthew Larosiere** <larosieremm@gmail.com>                                                    Thu, Feb 26, 2026 at 8:44 PM
To: Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>, "Weiss, Gregory" <gweiss@taftlaw.com>, "Cory, James" <JCory@taftlaw.com>

Counsel,

I write to propose a resolution to your Doc. 59 motion.

To save time for all of us, if you will withdraw the motion, I will produce completely for my clients on March 4 responses to *all* requests, and will proactively impose the limitations Mr. Foster agreed to with Mr. Zermay today, so that we can save time and avoid the delay of the inevitable objections surrounding the issue of of "all documents and communications" "reflecting" "evidencing" and otherwise which are known to be overbroad within the 11th Circuit.

As I have already indicated on two calls, the requests for production served to my clients are unsigned. Fed. R. Civ. P. 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed"). Despite my having no duty to act on them, I notified you twice, and you declined to cure. This certainly should have been corrected before seeking relief.



Again, as an olive branch, I offer that my clients will respond completely on March 4th, 2026, to the full set of requests provided you promptly provide the complete, signed requests for production, and should you withdraw your motion.

If we cannot agree, I intend to file an opposition detailing that we did, in fact, confer on the issues identified in the motion, no less than twice, and provide record evidence of such, including the complete conferral record.

Separately, I suggest that future meet-and-confer requests identify the subject of the requested conference in the subject line or body so there is no misunderstanding about the issues to be addressed.

Let me know what you are thinking.

Yours,

Matthew

---

**Zachary Zermay** <zach@zermaylaw.com>   Thu, Feb 26, 2026 at 10:07 PM
To: "Weiss, Gregory" <gweiss@taftlaw.com>, Howard Foster <hfoster@fosterpc.com>, "Cory, James" <jcory@taftlaw.com>
Cc: Matthew Larosiere <larosieremm@gmail.com>, Gary De Pury <gary@depury.com>, Geraldine Phillips <info@zermaylaw.com>

Counsel,

I was confused by that motion. I recall us discussing the lack of service issue back in early February.

As for the registration, I also remember Taft's office agreeing the issue was resolved as to Mr. Larosiere's clients by his consent to email service.

I don't see how it can be said Mr. Larosiere refused to confer in light of the foregoing. You sent an email chain to all of us asking for times. Mr. De Pury said he was available this week, and when you pressed Mr. Larosiere, he simply said he would make it work whenever the rest of us were available. It is unclear why Mr. Foster left Mr. Larosiere off the email chain finalizing the times with Mr. De Pury, but this cannot be understood as a refusal to confer.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**

P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



[Quoted text hidden]

---

**Matthew Larosiere** <larosieremm@gmail.com>  Sat, Feb 28, 2026 at 11:26 AM
To: Zachary Zermay <zach@zermaylaw.com>
Cc: "Weiss, Gregory" <gweiss@taftlaw.com>, Howard Foster <hfoster@fosterpc.com>, "Cory, James" <jcory@taftlaw.com>, Gary De Pury <gary@depury.com>, Geraldine Phillips <info@zermaylaw.com>

Gentlemen, given you did not respond before I had to prepare a response, this offer is withdrawn.
[Quoted text hidden]