UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas
corporation; DD FOUNDATION, LLC, a
Texas limited liability company; and,
DEFCAD, INC., a Texas corporation,

*Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE;
ALEXANDER HOLLADAY; PETER
CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

*Defendants*.

_____/

## DEFENDANTS' COUNSEL'S RESPONSE TO PAPERLESS ORDER TO SHOW CAUSE

Defendants' undersigned counsel, Matthew M. Larosiere and Gary C. De Pury[1], respectfully respond to the Court's February 26, 2026 Paperless Order directing counsel to show cause why they "refused to engage in conferral regarding the pending Motion to Compel." The premise of the Order to Show Cause—that defense counsel refused to confer—is incorrect. No such refusal occurred. Rather, the record reflects that: (1) counsel had already conferred on the same discovery issues before the motion was filed; (2) the February 23, 2026 statement quoted in Plaintiffs' motion was taken out of context and was in no way a refusal to participate in

_____

[1] Although Mr. De Pury was not mentioned in the motion, his client was, and thus he responds out of an abundance of caution.

1

conferral; and (3) Plaintiffs' own post-filing conduct confirms there was no genuine conferral impasse.

To the extent the Court construed the February 23 email, read in isolation, as a flat refusal, undersigned counsel respectfully clarifies that this was not the intended meaning. The statement, "There is nothing to confer about," referred to counsel's belief that there was nothing further to discuss concerning issues that had already been discussed and on which counsel had already repeatedly stated their position and response timetable. See (Doc. 59 at 3–4); (Doc. 63-3 ¶¶ 33–36, 51–52). It was not intended as, and was not, a refusal to confer generally.

First, the parties had already conferred on the same issues before Plaintiffs filed Doc. 59. On February 5, 2026, counsel participated in a meet-and-confer regarding Plaintiffs' written discovery, including the earlier email transmission, the unsigned requests for production, and the timing of responses. (Doc. 63-1 at 4–5); (Doc. 63-2 ¶¶ 4–12); (Doc. 63-3 ¶¶ 10–18). Thus, it is not accurate to say that no meet-and-confer occurred as to the issues later raised in the motion to compel. *See* (Doc. 63-2 ¶ 12).

Second, after that conference, counsel reasonably understood that the service issue had been resolved prospectively and that responses would be served based on Plaintiffs' February 2, 2026 mailing. Mr. Larosiere declared that it was his understanding, after the February 5 conference, that responses to the February 2 discovery packet would be served on March 4, 2026. (Doc. 63-3 ¶¶ 14–18). That understanding is consistent with the contemporaneous email chain in which

2

Plaintiffs' co-counsel wrote, after Mr. Larosiere confirmed consent to prospective email service, "[t]hanks. That resolves it as far as your clients are concerned." (Doc. 63-6 at 2). Mr. De Pury likewise declared that it was his understanding that responses to the February 2 mailing would be served on March 4, 2026, and that Plaintiffs never advised him, before filing the motion, that Plaintiffs rejected that understanding. (Doc. 63-8 ¶¶ 9–11).

Third, the mid-February communications do not show a refusal by defense counsel. They show repeated, non-specific demands from Plaintiffs' counsel to "meet and confer," without identifying the issue to be discussed, coupled with defense counsel's continued engagement. *See* (Doc. 63-3 ¶¶ 23–31; Doc. (63-8 ¶¶ 12–17). On February 19, 2026, Mr. Foster asserted that discovery was due "today," and when counsel disagreed and explained their position, he pivoted and demanded another conference. (Doc. 63-4 at 1–2). Mr. De Pury responded that he was unavailable until Tuesday. (*Id.* at 2). The next day, after business hours, Mr. Foster again threatened to "note for the court" Mr. Larosiere's "reticence." (Doc. 63-5 at 1). Mr. Larosiere responded that he had "always been on every conference with counsel," that Plaintiffs had not attempted to set a time with everyone, and that he would make himself available when everyone else could. *Id*. That is not a refusal to confer.

Against that backdrop, Mr. Larosiere's February 23 statement was not a refusal to engage. It was a shorthand expression of the narrower point that Plaintiffs were re-raising the same issues that had already been discussed *ad nauseum* and on which counsel had already stated that they would respond timely. *See* (Doc. 63-3 ¶¶

33–36). Courts in this District have explained that Local Rule 7.1(a)(3) requires a real, good-faith conferral process—not merely a one-way ultimatum. See S.D. Fla. L.R. 7.1(a)(3). And where the movant relies on after-hours demands or perfunctory email communications, courts have found that conduct insufficient to satisfy the rule. *See Gomez v. 1131 Kent, LLC*, No. 18-24133-CIV, 2019 WL 498745, at \*2 (S.D. Fla. Feb. 8, 2019). That is especially true here, where the parties had already held an actual conference on the same topics.

Fourth, Plaintiffs' own conduct immediately after filing Doc. 59 confirms there was no genuine conferral impasse. On February 26, 2026—after filing the motion— Mr. Foster initiated another conference request with Mr. De Pury regarding the same discovery issues. (Doc. 63-7 at 1–2); (Doc. 63-8 ¶¶ 19–24). When Mr. De Pury asked whether co-counsel would also be available and what the topic was, Mr. Foster responded: "I don't need your co-counsel. The topic is your failure to answer our discovery requests for your client, all served on you more than 30 days ago." (Doc. 63-7 at 2); (Doc. 63-8 ¶ 23). Mr. De Pury nevertheless participated in that call. During it, Mr. Foster acknowledged that the earlier requests for production were unsigned, acknowledged that the issues had already been discussed, and agreed that responses as to Mr. De Pury's client could be served on March 4, 2026. (Doc. 63-8 ¶¶ 25–27). If Plaintiffs truly believed that defense counsel had refused to confer and that "no meet and confer could be conducted," there would have been no reason to reinitiate conferral against Holladay, who he had already filed against, immediately after filing the motion. *See* (Doc. 59 at 4).

4

Rule 37 requires that a motion to compel include a certification that the movant "has in good faith conferred or attempted to confer" before seeking court intervention. Fed. R. Civ. P. 37(a)(1). Likewise, Local Rule 7.1(a)(3) requires either an actual good-faith conferral or specifically identified reasonable efforts to confer. S.D. Fla. L.R. 7.1(a)(3). This Court may deny a motion filed without that required good-faith process. *See Gonzalez v. Batmasian*, No. 9:16-CV-81696, 2017 WL 698604, at *1 (S.D. Fla. Feb. 17, 2017). And even where a discovery dispute ultimately requires judicial resolution, fee-shifting is unavailable where the opposing party's position was "substantially justified" or where other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). As the Rule 37 advisory committee explained, where the dispute is genuine, the losing party may still be "substantially justified in carrying the matter to court."

That is the situation here. At minimum, counsel had a genuine, contemporaneously asserted legal position concerning the operative service date and the unsigned requests for production, and they repeatedly communicated that position while also stating that responses would be served on the February 2 timetable. *See* (Doc. 63 at 6–8); (Doc. 63-3 ¶¶ 51–52); (Doc. 63-8 ¶¶ 30–32). Whether or not the Court ultimately agrees with every aspect of that position, it was not refusal to confer.

For those reasons, undersigned counsel respectfully submit that no refusal to confer occurred and that the Order to Show Cause should be discharged.

DATED:  March 2, 2026

/s/Matthew Larosiere          /s/ Gary C. De Pury
Matthew Larosiere, Esq.       Gary C. De Pury
Fla. Bar. No. 1005581         Florida Bar No: 126588
The Law Offices of            Law Offices of Gary De
Matthew Larosiere             Pury, P.A.
6964 Houlton Circle           21035 Leonard Road
Lake Worth, FL 33467          Lutz, Florida 33558
Email:                        Tel: (813) 607-6404
Larosieremm@gmail.com         Email: Gary@DePury.com
Tel: (561) 452-7575           *Lead Counsel for*
*Lead Counsel for*            *Defendant Alex Holladay*
*Defendants Elik, Stroke,*
*and Lettman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 2nd day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew Larosiere

Matthew Larosiere, Esq.
Fla. Bar № 1005581