UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, individually, and Zackary Clark, individually,

      Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANTS' DISCOVERY RESPONSES AND MOTION FOR ATTORNEY'S FEES**

**I. Introduction**

Plaintiffs seek an order compelling defendants Elik, Holladay, Lettman and Stroke, represented by defendant Larosiere, to comply with written discovery requests served via email on January 8, 2026. To date, none of these defendants has produced a single document. Their delay is caused solely by attorney Larosiere's ongoing pettifogging. First, Mr. Larosiere delayed responding on the grounds that the Requests for Production were not properly served on him. Plaintiffs' Motion provides the details and this Court's Rule which forecloses such a bad faith argument. *See* ECF No. 59.

The Responses to the Requests for Production were due on February 9, 2026, but Mr. Larosiere *has still not served a response.* Plaintiffs' counsel have met and conferred with him - to

no avail.  Finally, Plaintiffs' counsel made one final attempt to confer on February 23, as stated in the Motion, but Mr. Larosiere refused to confer.  That is not taken out of context.  Mr. Larosiere, a member of this Court's bar, is thumbing his nose at his discovery obligations, this Court's rules and the Court's schedule for this case.  His goal is obvious.  Run out the clock on discovery for two more months.  It closes in May.

None of the emails attached to Mr. Larosiere's Opposition (ECF No. 63) change these facts.  And Mr. Larosiere's new pettifoggery, asserting that Plaintiffs' discovery requests were "unsigned," is absolutely false.  The requests bore the electronic signature of Plaintiffs' counsel.  Why did Mr. Larosiere not attach the document as an exhibit?  The answer is obvious.

### II. Mr. Larosiere Has Engaged in Similar Misconduct in Another Case.

This is not the first time Mr. Larosiere has toyed with federal courts over service of papers.  He has recently done so in the Middle District of Florida, to the consternation of Magistrate Judge Leslie Hoffman Price.  *See* **Exhibit E**, the relevant portion of the transcript of the proceedings in *Larosiere v. Wilson,* attached.

### III. Plaintiffs Should Be Awarded Their Reasonable Attorneys' Fees Against Mr. Larosiere Incurred in Bringing this Motion.

Plaintiffs have incurred more than $5,000 in attorney's fees in trying to obtain discovery from Mr. Larosiere's clients - to no avail.  The Court should tax this sum against him.

### CONCLUSION

For the reasons stated here and in Plaintiffs' Motion, the Motion to Compel and for attorneys' fees against Mr. Larosiere should be granted.

| | |
|---|---|
| Dated:  March 3, 2026 | Respectfully submitted, |
| | |
| | **PRYOR CASHMAN LLP** |
| | *Attorney for Plaintiffs* |
| | 255 Alhambra Circle, 8th Floor |
| | Miami, Florida 33134 |
| | Telephone No: (786) 582-3007 |

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600


By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com