# EXHIBIT E

```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                          ORLANDO DIVISION

   MATTHEW LAROSIERE,                :
                                     :
        Plaintiff,                   :
                                     :     Case No.:
   v.                                :     6:24-cv-01629-WWB-LHP
                                     :     Orlando, Florida
                                     :     June 13, 2025
                                     :     10:05 a.m.
   CODY RUTLEDGE WILSON, DEFCAD,     :
   INC., DEFENSE DISTRIBUTED, and    :
   DIOSKOUROI, LLC,                  :
                                     :
        Defendants.                  :
   _____
   DEFENSE DISTRIBUTED,              :
                                     :
        Counter-Plaintiff/           :
        Third-Party Plaintiff        :
                                     :
   v.                                :
                                     :
   THE GATALOG, MATTHEW              :
   LAROSIER, JOHN ELIK, ALEXANDER    :
   HOLLADAY, PETER CELENTANO,        :
   JOSH KIEL STROKE, JOHN            :
   LETTMAN, and MAF CORP.,           :
                                     :
        Counter-Defendants/          :
        Third-Party Defendants.      :
```

**TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE**

Proceedings recorded by electronic recording.
Transcript produced by computer-aided transcription.

Transcribed by:
Suzanne L. Trimble, RPR, WACCR, CRR
U.S. Official Court Reporter
(407) 900-8775 | trimblecourtreporter@outlook.com
401 West Central Boulevard, Suite 4600, Orlando, Florida 32801

```
 1                        A P P E A R A N C E S

 2      For the Plaintiff/Counter-       Zachary Z. Zermay
        Defendant Matthew Larosiere:     Zermay Law, P.A.
 3                                       203 Labelle Avenue
                                         Fort Myers, FL 33905
 4

 5      For the Counter-Defendants/      Matthew Larosiere
        Third-Party Defendants           6964 Houlton Circle
 6      Josh Kiel Stroke,                Lake Worth, FL 33467
        John Elik, John Lettman:
 7

 8      For the Counter-Defendants/      Gary C. De Pury
        Third-Party Defendants           Law Offices of Gary De Pury, P.A.
 9      MAF Corp.                        21035 Leonard Road
        Alexander Holladay:              Lutz, FL 33558
10

11      For the Defendants/              Charles (Chad) Flores
        Counter-Plaintiff/               Flores Law PLLC
12      Third-Party Plaintiff            917 Franklin Street
        Cody Rutledge Wilson,            Suite 600
13      Defcad,Inc., Defense             Houston, TX 77002
        Distributed, and
14      Dioskouroi:                      Federico Andino Reynal
                                         The Reynal Law Firm, P.C.
15                                       917 Franklin Street
                                         Sixth Floor
16                                       Houston, TX 77002

17

18

19

20

21

22

23

24

25
```

1    subpoenas that were not -- that we hadn't actually gotten
2    notice of after, and we determined that we probably shouldn't
3    file the reply because that doesn't matter because of 45(a)(4)
4    that requires service.  So we didn't get notice, but that
5    doesn't matter because the rule requires service, so let's not
6    burden the Court with that, where we have effectively the other
7    side admitting that they never served them.  That's why we
8    didn't do that.
9         **THE COURT:**  Then let's talk about service then.  Let's
10   go to Rule 5(b).
11        **MR. LAROSIERE:**  Yes, Your Honor.
12        **THE COURT:**  So in their response, defendants say that
13   they served discovery on you in late January/early February and
14   that it was served via email and that you accepted that
15   service, and I believe there's even emails talking about
16   objections that you filed in response to that discovery.
17        And now let me be also very clear.  I don't like
18   when -- and this is just my own personal preference -- when we
19   look and we try to cherry-pick words out of motions to try to
20   prove a point.
21        So the statement that defendants make, their argument,
22   that in your motion to stay, document 80, that you mentioned
23   the word "served."  That is not held against you.  Those are
24   terms of art.  We're not -- you know, you didn't waive your
25   right to say they were improperly served.

1          But there's a different issue.  They're also saying
2    that they served them and that you filed objections to them.
3    So can you speak to that?
4          **MR. LAROSIERE:**  We filed objections to their discovery
5    requests, which those aren't on this motion.
6          **THE COURT:**  That's not my question.
7          **MR. LAROSIERE:**  Okay.
8          **THE COURT:**  Here's my point:  You're saying that you
9    never consented to service via email.  If you accepted other
10   discovery in late January/early February by email and didn't
11   raise that issue then, I have a big problem with you now trying
12   to raise it regarding subpoenas.
13         **MR. LAROSIERE:**  Oh, Your Honor, sorry.  Let me be
14   clear in my response.  We raised the issue.
15         **THE COURT:**  When?
16         **MR. LAROSIERE:**  We have email correspondence -- again,
17   I wasn't prepared to give you the exact date and entirety of
18   the email, because that wasn't --
19         **THE COURT:**  It's your motion, sir.
20         **MR. LAROSIERE:**  Your Honor, the discovery requests
21   were not on the motion, so I --
22         **THE COURT:**  But they were in the response, which I
23   know you reviewed.
24         Well, let's go to your motion then.  In your motion,
25   you say you notified them, and you attach an email dated -- or

1  I don't know if it's an email or a Teams message or something.
2  It's a weird formatting of it.  And that is dated April 1st.
3  Is that the first time you raised the issue of proper service
4  of discovery with the defendants?
5          **MR. LAROSIERE:**  I'm not sure, Your Honor.
6          **THE COURT:**  Okay.
7          **MR. LAROSIERE:**  I'm not sure.  I wasn't -- and Your
8  Honor is getting to a reliance argument, effectively.
9          **THE COURT:**  No.  I'm getting at a waiver argument.
10         **MR. LAROSIERE:**  Waiver argument.
11         **THE COURT:**  Because here's the issue I also have:  I'm
12 a stickler for the rules.  Anybody who's looked into the last
13 six and a half years on the bench, I follow the rules as
14 closely as I can.  That's why I made some of those statements
15 in the beginning of my order about how we need to follow the
16 standing order, we need to do this, do this -- but I, you know,
17 to use layman's terms, gave everybody a mulligan on that, and
18 we are moving forward.
19         But if you cannot, and I will not -- it's not
20 well-taken to try to use the same rule as a sword and a shield.
21 You cannot have it both ways.  You cannot consent to service
22 via email here and then six weeks later say no, and then in
23 April, when you realize things have gone out, say, Okay, now
24 I'll consent, and then cast aspersions on the other side for
25 not sending them a second time via email, when they've already

1   also sent them via mail, and then say on April 11th --
2   according to your timeline in your motion -- that now you're
3   consenting in writing to service, and they're refusing to do it
4   and to cast them in this horrible light, when there's some
5   inconsistency.  That's what I'm trying to get at, because
6   that's the argument they're making.  And I'm asking you to tell
7   me how they're wrong, because right now it looks like you have
8   accepted in the past discovery via email.
9           **MR. LAROSIERE:**  So, Your Honor, we never accepted
10  discovery via email in writing.  Then the rule requires -- the
11  rule is very specific about this.  It doesn't simply say
12  accepted.  The rule says:  "Accepted in writing."
13          And then in addition to that, we can go all the way to
14  Rule 5, which says:  "In the event that such was accepted."
15  Right?
16          **THE COURT:**  What rule says:  "Accepted in writing"?
17  I'm sorry.  I'm getting a little --
18          **MR. LAROSIERE:**  Rule 45(a)(4).
19          **THE COURT:**  No, it does not.
20          **MR. LAROSIERE:**  Or consented to, right?
21          **THE COURT:**  No, it does not.  Rule 45(a)(4) says:  If
22  you're going to do a subpoena duces tecum -- I'm using that
23  term.
24          **MR. LAROSIERE:**  Oh, you're right.  You're right.
25          **THE COURT:**  That it is -- you have to give advanced

1   notice to the opposing party by service.

2   **MR. LAROSIERE:**  Yes.

3   **THE COURT:**  Period.  It does not discuss manner of
4   service.  And then the argument that you're making is, we go to
5   Rule 5 to see how you do service.  And Rule 5 says that, you
6   know:  CM/ECF is for pleadings and all of that, and unlike the
7   Southern District of Florida, our administrative procedures do
8   not automatically waive Rule 5.52 -- excuse me.  Rule 5(2)(b)
9   by agreeing to CM/ECF.  You still have to have that separate
10  consent.

11       But what I've been trying to research is, I am unable
12  to find a situation where a party stays completely silent,
13  accepts the service via email, responds to the discovery with
14  objections via email, engages in 3.01(g) and discovery
15  conferrals left, right, and center via email, states in an
16  email, I'm going to move to quash your subpoenas in email; and
17  now comes in and says, We never consented to anything via
18  email, you didn't serve it via writing.  So everything we've
19  done before, ignore all of that.  Your service is defective.
20  No discovery.

21       That's what I'm trying to understand.  And if you have
22  some legal authority that says that you can waive your right
23  for some things, not waive it for others, please share it with
24  me because I can't find it.

25  **MR. LAROSIERE:**  So, Your Honor, I'm not sure that one