UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited
liability company; and, DEFCAD, INC., a Texas
corporation,

        Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER
CELENTANO, individually; JOSH KIEL
STROKE, individually; and JOHN LETTMAN,
individually, and Zackary Clark, individually,

        Defendants.

**PLAINTIFFS' AMENDED REPLY IN SUPPORT OF THEIR MOTION TO COMPEL
DEFENDANTS' DISCOVERY RESPONSES AND MOTION FOR ATTORNEY'S FEES**

**I. Introduction**

  Plaintiffs seek an order compelling defendants Elik, Lettman and Stroke, represented by defendant Larosiere, to comply with written discovery requests served via email on January 8, 2026.[1] To date, none of these defendants has produced a single document. Their delay is caused solely by attorney Larosiere's ongoing pettifogging. First, Mr. Larosiere delayed responding to discovery on the grounds that Plaintiffs' Requests for Production were improperly served *via*

---

[1] Plaintiffs hereby withdraw their original Reply (ECF No. 66) and file this Amended Reply to clarify that: (i) Mr. Larosiere does *not* represent Holladay; (ii) Plaintiff's Requests for Production to Lettman inadvertently omitted counsel's signature. (Due to Mr. Larosiere's refusal to meet and confer, Plaintiffs' counsel did not correctly understand Mr. Larosiere's argument that the discovery requests were "unsigned.")

*email*. Plaintiffs' Motion provides the details and this Court's Rule conclusively establishing the propriety of email service. *See* ECF No. 59.

The Responses to the Requests for Production were due on February 9, 2026, but Mr. Larosiere *has still not served a response.* Plaintiffs' counsel have met and conferred with him - to no avail. Finally, Plaintiffs' counsel made one final attempt to confer on February 23, 2026, as stated in the Motion, but Mr. Larosiere refused to confer. That is not taken out of context. Mr. Larosiere, a member of this Court's bar, is thumbing his nose at his discovery obligations, this Court's rules and the Court's schedule for this case. His goal is obvious. Run out the clock on discovery for two more months. It closes in May.

None of the emails attached to Mr. Larosiere's Opposition (ECF No. 63) change these facts. Mr. Larosiere now contends that his clients were not required to respond to discovery because Plaintiffs' discovery requests were "unsigned." This argument lacks merit for at least two reasons. First, Mr. Larosiere pivoted to this argument only after defendants' discovery responses were past due and it became apparent his primary argument – that email service was improper – was meritless. Second, Mr. Larosiere's argument does not apply to each of his clients. Plaintiffs' Requests for Production to Stroke and Elik were in fact signed by counsel.[2]  *See* **Composite Exhibit E**.

**II.      Mr. Larosiere Has Engaged in Similar Misconduct in Another Case**.

This is not the first time Mr. Larosiere has toyed with federal courts over service of papers. He has recently done so in the Middle District of Florida, to the consternation of Magistrate Judge

---

[2] Due to an apparently computer glitch, Plaintiffs' requests Lettman inadvertently omitted counsel's signature. *See* Ex. E. Had Mr. Larosiere timely conferred in good faith with Plaintiffs about this issue, Plaintiffs could have supplied the missing signature.

Leslie Hoffman Price.  *See* **Exhibit F**, the relevant portion of the transcript of the proceedings in *Larosiere v. Wilson,* attached.

**III.     Plaintiffs Should Be Awarded Their Reasonable Attorneys' Fees Against Mr. Larosiere Incurred in Bringing this Motion**.

Plaintiffs have incurred more than $5,000 in attorney's fees in trying to obtain discovery from Mr. Larosiere's clients - to no avail.  The Court should tax this sum against him.

## CONCLUSION

For the reasons stated here and in Plaintiffs' Motion, the Motion to Compel and for attorneys' fees against Mr. Larosiere should be granted.

Dated:  March 4, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
*Attorney for Plaintiffs*
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com