# EXHIBIT F

```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                         ORLANDO DIVISION

 3     MATTHEW LAROSIERE,                :
                                         :
 4          Plaintiff,                   :
                                         :    Case No.:
 5     v.                                :    6:24-cv-01629-WWB-LHP
                                         :    Orlando, Florida
 6                                       :    June 13, 2025
                                         :    10:05 a.m.
 7     CODY RUTLEDGE WILSON, DEFCAD      :
       INC., DEFENSE DISTRIBUTED, and:
 8     DIOSKOUROI, LLC,                  :
                                         :
 9          Defendants.                  :
       _____   :
10     DEFENSE DISTRIBUTED,              :
                                         :
11          Counter-Plaintiff/          :
            Third-Party Plaintiff        :
12                                       :
       v.                                :
13                                       :
       THE GATALOG, MATTHEW             :
14     LAROSIER, JOHN ELIK, ALEXANDER:
       HOLLADAY, PETER CELENTANO,       :
15     JOSH KIEL STROKE, JOHN           :
       LETTMAN, and MAF CORP.,          :
16                                       :
            Counter-Defendants/         :
17          Third-Party Defendants.     :


18                   TRANSCRIPT OF MOTION HEARING
19           BEFORE THE HONORABLE LESLIE HOFFMAN PRICE
                 UNITED STATES MAGISTRATE JUDGE
20


21

22     Proceedings recorded by electronic recording.
       Transcript produced by computer-aided transcription.
23
                          Transcribed by:
24           Suzanne L. Trimble, RPR, WACCR, CRR
                    U.S. Official Court Reporter
25          (407) 900-8775 | trimblecourtreporter@outlook.com
       401 West Central Boulevard, Suite 4600, Orlando, Florida 32801
```

```
 1                         A P P E A R A N C E S

 2     For the Plaintiff/Counter-      Zachary Z. Zermay
       Defendant Matthew Larosiere:    Zermay Law, P.A.
 3                                      203 Labelle Avenue
                                        Fort Myers, FL 33905
 4

 5     For the Counter-Defendants/     Matthew Larosiere
       Third-Party Defendants          6964 Houlton Circle
 6     Josh Kiel Stroke,               Lake Worth, FL 33467
       John Elik, John Lettman:
 7

 8     For the Counter-Defendants/     Gary C. De Pury
       Third-Party Defendants          Law Offices of Gary De Pury, P.A.
 9     MAF Corp.                        21035 Leonard Road
       Alexander Holladay:             Lutz, FL 33558
10

11     For the Defendants/            Charles (Chad) Flores
       Counter-Plaintiff/             Flores Law PLLC
12     Third-Party Plaintiff          917 Franklin Street
       Cody Rutledge Wilson,          Suite 600
13     Defcad,Inc., Defense           Houston, TX 77002
       Distributed, and
14     Dioskouroi:                     Federico Andino Reynal
                                        The Reynal Law Firm, P.C.
15                                      917 Franklin Street
                                        Sixth Floor
16                                      Houston, TX 77002

17

18

19

20

21

22

23

24

25
```

1    subpoenas that were not -- that we hadn't actually gotten

2    notice of after, and we determined that we probably shouldn't

3    file the reply because that doesn't matter because of 45(a)(4)

4    that requires service.  So we didn't get notice, but that

5    doesn't matter because the rule requires service, so let's not

6    burden the Court with that, where we have effectively the other

7    side admitting that they never served them.  That's why we

8    didn't do that.

9         **THE COURT:**  Then let's talk about service then.  Let's

10   go to Rule 5(b).

11        **MR. LAROSIERE:**  Yes, Your Honor.

12        **THE COURT:**  So in their response, defendants say that

13   they served discovery on you in late January/early February and

14   that it was served via email and that you accepted that

15   service, and I believe there's even emails talking about

16   objections that you filed in response to that discovery.

17        And now let me be also very clear.  I don't like

18   when -- and this is just my own personal preference -- when we

19   look and we try to cherry-pick words out of motions to try to

20   prove a point.

21        So the statement that defendants make, their argument,

22   that in your motion to stay, document 80, that you mentioned

23   the word "served."  That is not held against you.  Those are

24   terms of art.  We're not -- you know, you didn't waive your

25   right to say they were improperly served.

1          But there's a different issue.  They're also saying

2     that they served them and that you filed objections to them.

3     So can you speak to that?

4          **MR. LAROSIERE:**  We filed objections to their discovery

5     requests, which those aren't on this motion.

6          **THE COURT:**  That's not my question.

7          **MR. LAROSIERE:**  Okay.

8          **THE COURT:**  Here's my point:  You're saying that you

9     never consented to service via email.  If you accepted other

10    discovery in late January/early February by email and didn't

11    raise that issue then, I have a big problem with you now trying

12    to raise it regarding subpoenas.

13         **MR. LAROSIERE:**  Oh, Your Honor, sorry.  Let me be

14    clear in my response.  We raised the issue.

15         **THE COURT:**  When?

16         **MR. LAROSIERE:**  We have email correspondence -- again,

17    I wasn't prepared to give you the exact date and entirety of

18    the email, because that wasn't --

19         **THE COURT:**  It's your motion, sir.

20         **MR. LAROSIERE:**  Your Honor, the discovery requests

21    were not on the motion, so I --

22         **THE COURT:**  But they were in the response, which I

23    know you reviewed.

24          Well, let's go to your motion then.  In your motion,

25    you say you notified them, and you attach an email dated -- or

1    I don't know if it's an email or a Teams message or something.

2    It's a weird formatting of it.  And that is dated April 1st.

3    Is that the first time you raised the issue of proper service

4    of discovery with the defendants?

5              **MR. LAROSIERE:**  I'm not sure, Your Honor.

6              **THE COURT:**  Okay.

7              **MR. LAROSIERE:**  I'm not sure.  I wasn't -- and Your

8    Honor is getting to a reliance argument, effectively.

9              **THE COURT:**  No.  I'm getting at a waiver argument.

10             **MR. LAROSIERE:**  Waiver argument.

11             **THE COURT:**  Because here's the issue I also have:  I'm

12   a stickler for the rules.  Anybody who's looked into the last

13   six and a half years on the bench, I follow the rules as

14   closely as I can.  That's why I made some of those statements

15   in the beginning of my order about how we need to follow the

16   standing order, we need to do this, do this -- but I, you know,

17   to use layman's terms, gave everybody a mulligan on that, and

18   we are moving forward.

19         But if you cannot, and I will not -- it's not

20   well-taken to try to use the same rule as a sword and a shield.

21   You cannot have it both ways.  You cannot consent to service

22   via email here and then six weeks later say no, and then in

23   April, when you realize things have gone out, say, Okay, now

24   I'll consent, and then cast aspersions on the other side for

25   not sending them a second time via email, when they've already

1   also sent them via mail, and then say on April 11th --

2   according to your timeline in your motion -- that now you're

3   consenting in writing to service, and they're refusing to do it

4   and to cast them in this horrible light, when there's some

5   inconsistency.  That's what I'm trying to get at, because

6   that's the argument they're making.  And I'm asking you to tell

7   me how they're wrong, because right now it looks like you have

8   accepted in the past discovery via email.

9           **MR. LAROSIERE:**  So, Your Honor, we never accepted

10  discovery via email in writing.  Then the rule requires -- the

11  rule is very specific about this.  It doesn't simply say

12  accepted.  The rule says:  "Accepted in writing."

13          And then in addition to that, we can go all the way to

14  Rule 5, which says:  "In the event that such was accepted."

15  Right?

16          **THE COURT:**  What rule says:  "Accepted in writing"?

17  I'm sorry.  I'm getting a little --

18          **MR. LAROSIERE:**  Rule 45(a)(4).

19          **THE COURT:**  No, it does not.

20          **MR. LAROSIERE:**  Or consented to, right?

21          **THE COURT:**  No, it does not.  Rule 45(a)(4) says:  If

22  you're going to do a subpoena duces tecum -- I'm using that

23  term.

24          **MR. LAROSIERE:**  Oh, you're right.  You're right.

25          **THE COURT:**  That it is -- you have to give advanced

1 notice to the opposing party by service.

2   **MR. LAROSIERE:**  Yes.

3   **THE COURT:**  Period.  It does not discuss manner of

4 service.  And then the argument that you're making is, we go to

5 Rule 5 to see how you do service.  And Rule 5 says that, you

6 know:  CM/ECF is for pleadings and all of that, and unlike the

7 Southern District of Florida, our administrative procedures do

8 not automatically waive Rule 5.52 -- excuse me.  Rule 5(2)(b)

9 by agreeing to CM/ECF.  You still have to have that separate

10 consent.

11   But what I've been trying to research is, I am unable

12 to find a situation where a party stays completely silent,

13 accepts the service via email, responds to the discovery with

14 objections via email, engages in 3.01(g) and discovery

15 conferrals left, right, and center via email, states in an

16 email, I'm going to move to quash your subpoenas in email; and

17 now comes in and says, We never consented to anything via

18 email, you didn't serve it via writing.  So everything we've

19 done before, ignore all of that.  Your service is defective.

20 No discovery.

21   That's what I'm trying to understand.  And if you have

22 some legal authority that says that you can waive your right

23 for some things, not waive it for others, please share it with

24 me because I can't find it.

25   **MR. LAROSIERE:**  So, Your Honor, I'm not sure that one