# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS

DEFENSE DISTRIBUTED,
et al.,

    Plaintiffs,

v.

JOHN ELIK, et al.,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion to Compel (DE 59), filed February 25, 2026, and Defendants' response to the order to show cause (DE 64). The Motion is ripe. (DE 63, 67). For the following reasons, the Motion is granted in part and the order to show cause is discharged.

On February 25, 2026, Plaintiffs move to compel Defendants Elik, Holladay, Stroke, and Lettman to respond to interrogatories, requests for production, and requests for admission served on January 8, 2026. Plaintiffs assert that despite proper service, first by email and later by U.S. Mail, Defendants have provided no responses. Plaintiff also seek attorney's fees under Rule 37(a)(5)(A), arguing that defense counsel Matthew Larosiere refused to accept email service, engaged in gamesmanship, and declined to meet and confer, thereby waiving any objection to service.

The following day, I issued an order to show cause directing Defendants to explain their alleged refusal to the confer. (DE 61).

Defendants Elik, Holladay, Stroke, and Lettman - along with attorneys Matthew Larosiere and Gary De Pury - responded that Plaintiffs mischaracterized the conferral history, disregarded a substantive February 5 meet-and-confer, and filed the motion before the response deadline for the properly served February 2 discovery had even expired. Defendants further argue that certain earlier requests were unsigned and therefore improper under Rule 26(g), and that Plaintiffs selectively quoted a single email to suggest a refusal to confer. They contend sanctions are unwarranted given the ongoing cooperation, an agreed-upon March 4 response date, and Plaintiffs' own continued conferral conduct after filing the motion.

Defense counsel also responded to the order to show cause, asserting that they never refused to confer. They explain that the February 5 meet-and-confer addressed the issues raised, and the later email stating, "There is nothing to confer about" reflected that the Parties had already discussed the same issues repeatedly. Counsel emphasizes that they continued engaging with Plaintiffs throughout mid-February and that Plaintiffs themselves sought another conference after filing the motion, undermining any claim of an impasse. Counsel maintains their conduct was in good faith and their legal positions substantially justified.

Plaintiffs argue that Defendants Elik, Lettman, and Stroke, through their attorney Larosiere, failed to respond to discovery served on January 8, 2026. They argue that Larosiere engaged in delay tactics by first challenging email service and later asserting the requests were unsigned. They note that the requests to Elik and Stroke were in fact signed, that Larosiere repeatedly refused to confer, and that this conduct mirrors issues he has created in another federal case. Plaintiffs seek an order compelling responses and more than $5,000 in attorney's fees.

It is undisputed that Plaintiffs served written discovery on Defendants Elik, Stroke, and Lettman on January 8, 2026. Under the Southern District of Florida's CM/ECF Administrative

Procedures, registered attorneys consent to service by email. Thus, the January 8 service was effective as to all requests that complied with Rule 26(g).

Defendants contend that certain Requests for Production were unsigned. Rule 26(g)(2) provides that a party need not respond to an unsigned discovery request. The record reflects that the Requests for Production to Defendants Elik and Stroke were signed, while the Requests for Production to Defendant Lettman inadvertently omitted counsel's signature.

Accordingly, responses to the signed discovery requests are overdue and must be served promptly. As to the unsigned Requests for Production to Defendant Lettman, Plaintiffs shall re-serve those requests in signed form, and Defendant Lettman shall respond within the time permitted by the Rules.

Rule 37(a)(5)(A) requires fee-shifting when a motion to compel is granted unless the opposing party's position was substantially justified or other circumstances make an award unjust. The record reflects genuine confusion and disagreement between counsel regarding service, signature requirements, and response deadlines. Although I do not condone delay or imprecision in discovery practice, I do not find that fee-shifting is warranted on this record. The request for attorney's fees is therefore denied.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' motion to compel (DE 59) is **GRANTED IN PART**
2. Defendants Elik and Stroke shall serve full and complete responses to Plaintiffs' January 8, 2026 discovery requests by March 13, 2026.
3. Plaintiffs shall re-serve signed Requests for Production to Defendant Lettman within March 10, 2026, and Defendant Lettman shall respond by March 24, 2026
4. Plaintiffs' request for attorney's fees is **DENIED.**

5. The order to show cause is **DENIED**.

6. The parties are reminded of their obligation to confer in good faith and to conduct discovery in a manner consistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

**SIGNED** in Chambers at West Palm Beach, Florida, this 5 day of March, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record