UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

*Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE; ALEXANDER HOLLADAY; PETER CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

*Defendants*.

_____/

## DEFENDANT JOHN ELIK'S MOTION FOR RECOVERY OF REASONABLE EXPENSES UNDER FED. R. CIV. P. 30(g)(1)

Defendant John Elik, by and through undersigned counsel, respectfully moves for an order requiring Plaintiffs to reimburse the reasonable expenses occasioned by Plaintiffs' failure to attend and proceed with the deposition of Mr. Elik that Plaintiffs themselves noticed for March 3, 2026. The undersigned notes that Plaintiffs' counsel unequivocally refused to confer on this issue, forcing motion practice. (Ex. E at 4) (Full email chain showing Mr. Foster responding, in full, "No" to a follow-up on a conferral request) *cf*. (Doc. 59-5) (single email taken out of context presented as a refusal to confer). In support, Mr. Elik states as follows:

1

## **INTRODUCTION**

Plaintiffs noticed Mr. Elik's deposition for March 3, 2026, at 10:00 a.m., by Zoom. Plaintiffs never cancelled the deposition of Mr. Elik, and never appeared to proceed with the deposition. Mr. Elik and his counsel nevertheless prepared for, cleared time for, and stood ready for the deposition to go forward.

Federal Rule of Civil Procedure 30(g)(1) exists for this situation. It provides that a party who expected a deposition to go forward and attended in person or by counsel "may recover reasonable expenses for attending, including attorney's fees," when "the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1). Courts applying that rule routinely award fees and expenses when a party notices a deposition and then fails to attend, cancels it too late, or leaves the opposing side to incur needless preparation and attendance costs. *See*, e.g., *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 WL 2116590, at *2–4 (S.D. Fla. May 20, 2008) (upholding sanctions where an email cancelling deposition was sent 36 hours before the deposition); *Root Bros. Farms v. Mak*, 2007 WL 2789481, *8 (S.D.N.Y. Sept.25, 2007) (holding that a voicemail to plaintiff's counsel over the weekend to cancel a deposition scheduled for the following Monday was insufficient notice); *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 536 (N.D.Ill.2005) (holding that canceling the deposition of plaintiff's expert witness warranted sanctions because defense counsel should have alerted plaintiff, in the two-week period prior to the deposition, that defense counsel intended to cancel).

Mr. Elik seeks an award of $3,515.38, consisting of $3,150.00 in attorney's fees and $365.38 in lost paid time off, or such other amount as the Court finds just.

## FACTUAL BACKGROUND

On January 28, 2026, Plaintiffs served a formal Notice of Taking Deposition of Defendant John Elik for March 3, 2026, at 10:00 a.m., by "Zoom Videoconference (Details to be provided)." Ex. A. The notice was served on counsel for Mr. Elik. *Id.*

28 days later, on February 25, 2026, less than a week before the deposition, Plaintiffs' counsel, through their paralegal, advised that Plaintiffs' expert Jason Tyra was available for deposition on March 3 and that "Mr. Elik's deposition can be rescheduled to another date." (Ex. B). Nobody had asked for Mr. Tyra's deposition that day, and that communication did not cancel the noticed deposition. Instead, it proposed a possible rescheduling in connection with whether Defendants wished to depose Mr. Tyra on March 3, which Defendant Elik did not. (Ex. D ¶9-14). On February 28, 2026, undersigned counsel responded and asked a direct clarifying question: whether Plaintiffs preferred to change Mr. Elik's deposition date, or instead depose Mr. Tyra later. *Id.* This—3 days before Mr. Elik's deposition—was a clear chance for Plaintiffs to clarify if they truly intended to cancel. Plaintiffs never answered that question. *Id*. Mr. Foster was included in those communications. *Id.*

Because Plaintiffs' formal notice remained outstanding, Mr. Elik and his counsel arranged accordingly. Mr. Elik used a full day of PTO so his deposition could be taken. (Ex. C). Undersigned counsel prepared Mr. Elik from 8:00 a.m. to 10:00 a.m.

3

on March 3, 2026, and reserved the full seven-hour deposition block from 10:00 a.m. to 5:00 p.m. (Ex. D).

Standing ready for the noticed deposition, at 10:03 a.m. on March 3, 2026, after Plaintiffs had still not provided the promised Zoom details, undersigned counsel emailed Plaintiffs' counsel and stated: "You had noticed Mr. Elik's deposition for 10:00AM today. Being it was never cancelled, we arranged accordingly. Your notice, attached, indicated that videoconference details would be provided. It is now 10:03AM. Why have these not been provided?" (Ex. E).

At 10:17 a.m., Mr. Foster replied: "We previously told you all scheduled depositions will need to be continued because if your failure to produce documents, except for Holladay, which will proceed." *Id*. When undersigned counsel asked for a copy of that supposed communication, none was produced. *Id*. After reviewing the relevant emails, undersigned counsel confirmed that the last communication from Plaintiffs on the subject was the February 25 email offering to reschedule if Defendants wished to take Mr. Tyra's deposition on March 3, followed by undersigned counsel's unanswered request for Plaintiffs' position. *Id*.

At 11:13 a.m. on March 3, 2026, undersigned counsel requested reimbursement of the reasonable expenses incurred because Plaintiffs had failed to provide the link or otherwise take the deposition they had noticed, and requested dates to confer about a motion if Plaintiffs would not reimburse those expenses. *Id*. On March 4, 2026, undersigned counsel followed up and asked Plaintiffs to provide their position. *Id*. Four minutes later, Mr. Foster replied, in full: "No[.]" *Id*.

Mr. Elik's expenses are documented in the attached declarations. Mr. Elik lost a full day of PTO valued at $365.38. (Ex. C). Undersigned counsel bills at $450.00 per hour, spent 2.0 hours preparing Mr. Elik for the deposition ($900.00), the 2.0 hours he spent prepared and ready to defend the noticed deposition ($900.00), and 3.0 hours for preparing this motion ($1,350), for a total of $3,150.00 in attorney's fees. (Ex. D).

## LEGAL STANDARD

Rule 30(g)(1) provides:

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition.

Fed. R. Civ. P. 30(g)(1). Courts apply Rule 30(g)(1) when a party notices a deposition and then either does not appear or gives untimely or inadequate notice of cancellation. In *Miller*, the Southern District of Florida imposed sanctions where counsel failed to attend a noticed deposition and held that the innocent party could recover attorney's fees and costs for "preparing for, traveling to, and attending" the depositions, as well as fees incurred in preparing the motion. 2008 WL 2116590, at *4. In *Edmonds*, the court awarded sanctions where counsel cancelled a noticed deposition by email on a Sunday evening before a Monday deposition, rejecting counsel's asserted discovery dispute as justification and holding that "the proper course would have been to proceed with the deposition while reserving the right to recall" the witness if later developments warranted such. *Edmonds v. Seavey*, 379 F. App'x 62, 64 (2d Cir. 2010); see also 2009 WL 1285526, at *2–3.

Other courts have reached the same conclusion. *See Root Bros. Farms v. Mak*, No. 05 Civ. 10863, 2007 WL 2789481, at *7–8 (S.D.N.Y. Sept. 25, 2007) (weekend voicemail cancelling Monday deposition was insufficient notice); *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 536–37 (N.D. Ill. 2005) (awarding sanctions where cancelling party should at least have proceeded on the topics it was prepared to cover); Liberty Mut., 2016 WL 7178482, at *4–5 (awarding reasonable expenses where counsel noticed a deposition and cancelled it on the eve of the deposition).

## ARGUMENT

### I. PLAINTIFFS NOTICED MR. ELIK'S DEPOSITION THEN FAILED TO ATTEND OR PROCEED WITH IT

All elements of Rule 30(g)(1) are met. First, Plaintiffs noticed Mr. Elik's deposition by formal written notice. (Ex. A).

Second, Mr. Elik expected the deposition to go forward and attended through himself and counsel. Plaintiffs' notice remained outstanding. Plaintiffs never served a revised notice, never cancelled the deposition, and never answered counsel's February 28 clarifying email asking whether Plaintiffs preferred to move Mr. Elik's deposition or simply depose Mr. Tyra later. (Ex. B). Mr. Elik therefore used PTO for the deposition, and his counsel prepared him and reserved the deposition block. (Exs. C, D).

Third, Plaintiffs failed to "attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1). They never provided the Zoom details promised in their own notice. Exs. A, E. They never appeared to conduct the deposition. (Ex. E). And when confronted

that morning, Mr. Foster relied on an alleged prior continuance communication that he could not identify or produce. *Id*.

## II. PLAINTIFFS PROVIDED NO NOTICE OF CANCELLATION, AND THEIR AFTER-THE-FACT POSITION DOES NOT EXCUSE THE NO-SHOW

Plaintiffs may argue that the February 25 email—mere days before the deposition, and long after Mr. Elik used his PTO—suggesting that "Mr. Elik's deposition can be rescheduled" somehow cancelled the deposition. It did not.

That email, on its face, floated a possible rescheduling in connection with the separate issue of whether Defendants wished to depose Mr. Tyra on March 3. Ex. B. It did not say the deposition "is cancelled," did not withdraw the notice, did not supply a new date, and did not answer the follow-up question Plaintiffs were directly asked on February 28. *Id*. In other words, even if Plaintiffs wished to propose a rescheduling, they never did so. A noticed deposition remains noticed until it is actually withdrawn, continued by agreement, or protected against by court order. This may be different if Defendant Elik had requested to take Mr. Tyra's deposition on that day, but he did not, and had no intention of doing so. (Ex. D ¶¶9-14).

The March 3 exchange confirms that no effective cancellation had occurred. When undersigned counsel wrote at 10:03 a.m. that the deposition had "never [been] cancelled" and asked why the Zoom details had not been provided, Plaintiffs did not point to any cancellation notice or revised notice. (Ex. E). Instead, Mr. Foster asserted there had been some prior communication continuing all scheduled depositions, but no such communication was produced when requested. *Id*.

7

None of Plaintiffs' conduct constitutes sufficient notice under Rule 30(g)(1). *See Miller*, 2008 WL 2116590, at *3–4; *Root Bros.*, 2007 WL 2789481, at *7–8; *Edmonds*, 2009 WL 1285526, at *2–3.

### III. **PLAINTIFFS' AFTER-THE-FACT INVOKED ISSUES WITH DOCUMENT PRODUCTION CANNOT EXCUSE THEIR SILENT NONAPPEARANCE**

Mr. Foster's March 3 email also suggested that Plaintiffs did not proceed because of alleged failures to produce documents. (Ex. E). Even taking that assertion at face value, it does not excuse what happened here.

If Plaintiffs believed there was a legitimate basis to postpone the deposition, the proper course was to clearly communicate that postponement to Mr. Elik's counsel, obtain agreement, serve an amended notice, or seek a protective order. It was not to leave a noticed deposition in place, fail to provide the promised remote access details, and then announce only after the scheduled start time that Plaintiffs would not proceed.

Courts have rejected similar justifications. In *Edmonds*, both the magistrate judge and the Second Circuit rejected counsel's attempt to justify a last-minute cancellation based on a discovery dispute and held that the proper course was to proceed and later seek additional examination if necessary. *Edmonds*, 2009 WL 1285526, at *2–3, aff'd, 379 F. App'x at 64. *Barrett* likewise held that where counsel claimed to lack material needed to proceed, counsel should at least have started the deposition on the topics for which they *were* prepared. 230 F.R.D. at 536–37. *Liberty Mutual* reached the same result, holding that even an asserted discovery complaint did not justify cancelling a deposition on the eve of that deposition. *Liberty Mut. Fire*

*Ins. Co. v. Ford Motor Co.*, No. CV 15-5987, 2016 WL 7178482, at *2 (E.D. La. Dec. 9, 2016).

Here, Plaintiffs did *even less* than the sanctioned parties in those cases. They did not timely cancel, and did not proceed on *any* subject. They simply silently chose not to proceed with the deposition they had noticed. They were clearly aware of the deposition, as in their unilateral *suggestion* to have Defendants depose Mr. Tyra, they clearly communicated an understanding that Mr. Elik's deposition was still on schedule, mere days before that deposition. (Ex. B). If there were any legitimate confusion, the undersigned's February 28 response to that email was a clear chance to correct course and indicate their desire to cancel. Instead, they chose to do and say *nothing*. *Id*.

### IV. THE REQUESTED EXPENSES ARE REASONABLE AND SUPPORTED

Rule 30(g)(1) authorizes recovery of "reasonable expenses for attending, including attorney's fees." Fed. R. Civ. P. 30(g)(1). The requested amount is modest, documented, and directly caused by Plaintiffs' failure to proceed.

Mr. Elik incurred $365.38 in lost PTO because he used a full day off work so his deposition could be taken. (Ex. C).

Mr. Elik incurred $3,150.00 in attorney's fees, consisting of:

2.0 hours preparing Mr. Elik for the deposition on the morning of March 3, 2026, at $450.00 per hour, totaling $900.00 (Ex. D ¶21); and

2.0 hours standing ready to defend the noticed deposition beginning at 10:00 a.m., at $450.00 per hour, totaling $900.00 (Ex. D ¶ 22); and

9

3.0 hours preparing this motion, which was necessitated by Plaintiffs' counsels' explicit refusal to confer, totaling $1,350. (Ex. D ¶ 29), (Ex. E at 4).

That yields a present total of $3,515.38.

The Southern District of Florida has approved recovery of fees for preparing for, traveling to, and attending depositions that did not properly go forward, and for preparing the sanctions motion itself. *Miller*, 2008 WL 2116590, at *4. Because the deposition was noticed for Zoom, Elik does not seek travel expenses. However, the actual time spent preparing for, attending, and preparing this motion are sought.

## CONCLUSION

For the foregoing reasons, Defendant John Elik respectfully requests that the Court enter an order: (1) Granting this Motion; (2) Awarding Defendant John Elik $3,515.38 in reasonable expenses under Federal Rule of Civil Procedure 30(g)(1), consisting of $3,150.00 in attorney's fees and $365.38 in lost PTO, or such other amount as the Court finds just and supported by the record; and (3) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
DATED:  March 12, 2026                                  */s/Matthew Larosiere*
                                                        Matthew Larosiere, Esq.
                                                        Fla. Bar. No. 1005581
                                                        The Law Offices of Matthew Larosiere
                                                        6964 Houlton Circle
                                                        Lake Worth, FL 33467
                                                        Email: Larosieremm@gmail.com
                                                        Tel: (561) 452-7575
                                                        *Lead Counsel for Defendants Elik, Stroke, Lettman, and Clark.*

10

**Local Rule 7.1(a)(3) Certification**

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), undersigned counsel certifies that he made reasonable good-faith efforts to confer, with counsel for Plaintiffs regarding the relief sought in this motion. On March 3, 2026, the undersigned requested reimbursement of the reasonable expenses occasioned by Plaintiffs' failure to take Mr. Elik's noticed deposition and requested dates to discuss the matter if they would not. Plaintiffs did not respond to that communication. On March 4, 2026, the undersigned followed-up on the request for time and asked Plaintiffs to provide their position. Four minutes later, Mr. Foster replied: "No[.]" The undersigned further certifies that, on March 6, at a separate conference scheduled on a different matter, at the close of that conference, to avoid having to represent to this Court that counsel for Plaintiffs refused to confer, the undersigned offered counsel for Plaintiffs another opportunity to set a conference on the issues raised in this motion, and counsel for Plaintiffs declined the invitation. The undersigned was thus unable to confer with opposing counsel, despite these efforts.

Respectfully submitted,

*/s/ Matthew M. Larosiere*

Matthew M. Larosiere, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 12th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*
Matthew Larosiere, Esq.
Fla. Bar № 1005581
