UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

*Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE; ALEXANDER HOLLADAY; PETER CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

*Defendants*.

_____/

## EXHIBIT D - DECLARATION OF ATTORNEY MATTHEW LAROSIERE

I, Matthew Larosiere, declare as follows under penalty of perjury:

1) My name is Matthew Larosiere. I am over eighteen years of age and competent to make this declaration.

2) At all relevant times, I was involved as counsel for Defendant John Elik in this action.

3) I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify competently to them.

1

4) I was a sender, recipient, or copied participant on the email communications attached as exhibits, and those exhibits are true and correct copies of those communications.

5) Mr. Foster's and his co-counsel at the time, Gregory S. Weiss, noticed Mr. Elik's deposition for March 3, 2026, at 10:00 AM, by way of a notice of taking deposition served on me January 28, 2026.

6) I have reviewed the motion this declaration is filed in support of, and all of its attachments, and the attached "NOTICE OF TAKING DEPOSITION" is a true and accurate copy of the notice Mr. Foster and Mr. Weiss served on me on January 28, 2026.

7) I communicated with my client and had him prepare for the deposition.

8) At 10:00 a.m. on March 3, 2026, Mr. Elik and I were present, available, and ready to proceed with the noticed deposition.

9) On February 25, 2026, Plaintiff's counsel, including Mr. Foster, offered their expert for a March 3 deposition, and said "Mr. Elik's deposition can be rescheduled."

10) I did not indicate a desire to take Mr. Tyra's deposition on March 3.

11) Attempting to be civil and cooperative, in response to the February 25 email, I asked whether Plaintiffs would prefer simply taking Mr. Tyra's deposition later.

12) I received no response from counsel to the above-referenced email.

13) I never noticed Mr. Tyra's deposition and did not intend to take it that day.

14) I received no communications, verbal, written, or otherwise, cancelling Mr. Elik's deposition.

15) I had already told my client to be prepared for a 7-hour deposition on March 3.

16) I proceeded to prepare for Mr. Elik's deposition on the morning of March 3, 2026, and clear my schedule from 10:00AM to 5:00PM.

17) I prepared Mr. Elik for his deposition from 8:00AM to 10:00AM.

18) I emailed Mr. Howard at 10:03AM asking why the videoconference details had not been provided.

19) A true and correct copy of the communications between myself, Mr. Howard, and other counsel, are attached to this motion.

20) I bill at $450 per hour.

21) I spent 2.0 hours preparing Mr. Elik for the deposition on March 3, 2026, for a total of $900.

22) I spent 2.0 hours actually sitting, prepared for Plaintiffs to take Mr. Elik's deposition beginning at 10:00 a.m., for a total of $900, before determining that Plaintiffs would not be showing up.

23) I have reviewed my emails and case file, and I found no record of Mr. Foster cancelling the deposition of Mr. Elik.

24) I further have no recollection of Mr. Foster ever telling me Mr. Elik's deposition was cancelled.

25) I asked Mssrs. Foster and Everman for dates of availability on March 3, 2026, to discuss the subject matter of this motion.

26) The following day, I followed up on dates of availability, asking for Plaintiff's position.

27) 4 minutes after my follow-up email, Mr. Foster replied with "No[.]"

28) Because Mr. Foster refused to confer, I had no choice but to proceed with filing the motion.

29) I spent 3.0 hours preparing the motion, for a total of $1,350.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*/s/ Matthew Larosiere*
Matthew Larosiere, Esq.

Executed on March 12, 2026, in Orlando, FL.

4