UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas
corporation; DD FOUNDATION, LLC, a
Texas limited liability company; and,
DEFCAD, INC., a Texas corporation,

*Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE;
ALEXANDER HOLLADAY; PETER
CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

*Defendants*.

_____/

**DEFENDANTS JOHN ELIK, JOHN LETTMAN, JOSH KIEL STROKE,
MATTHEW LAROSIERE, AND ALEXANDER HOLLADAY'S EXPEDITED
MOTION FOR PROTECTIVE ORDER PROHIBITING SERVICE OF
PROPOSED SUBPOENA TO DISCORD, INC., OR, ALTERNATIVELY, TO
QUASH AND DIRECT WITHDRAWAL OF THE SUBPOENA IF
<u>PLAINTIFFS SERVE IT BEFORE THE COURT RULES</u>**

Defendants Matthew Larosiere, John Elik, John Lettman, Josh Kiel Stroke,

and Alexander Holladay (the "Moving Defendants"), pursuant to Federal Rules of

Civil Procedure 26(c) and 45(d)(3), respectfully move for an order prohibiting

Plaintiffs from serving their proposed subpoena to Discord, Inc. If Plaintiffs serve the

subpoena before the Court rules, the Moving Defendants alternatively request an

order quashing the subpoena and directing Plaintiffs immediately to withdraw it. In

support, the Moving Defendants state as follows:

1

This is an Expedited Motion under Local Rule 7.1(d)(2). Plaintiffs have indicated that they are "unlikely to serve the subpoenas before Tuesday," i.e., March 24, 2026, while refusing to agree to defer service pending completion of conferral or Court review. A ruling is therefore needed as soon as practicable, but in any event before the Subpoena's April 9, 2026 compliance date should Plaintiffs follow through with serving it.

**INTRODUCTION**

Plaintiffs' proposed subpoena to Discord, an online chat platform, is facially invalid. Request 1 demands "[a]ll documents, communications, and account records" relating to six Discord IDs, with no subject-matter limitation and no time limitation. Ex. A. As drafted, that request necessarily sweeps in private direct messages, private server communications, and other nonpublic content belonging to represented parties and nonparties alike. The FuddBusters Discord itself is non-public.

That is not permissible. Rule 26(c) expressly authorizes this Court, for good cause, to forbid discovery to protect a party or person from annoyance, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1). And Rule 45 confirms that a subpoena cannot be used to obtain privileged or otherwise protected matter, or to impose undue burden. Fed. R. Civ. P. 45(d)(1), (d)(3)(A). The Stored Communications Act ("SCA") independently bars a provider such as Discord from divulging the contents of covered stored communications except in enumerated circumstances not present here. 18 U.S.C. § 2702(a); *see Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 729–31 (9th

2

Cir. 2011); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 610–12 (E.D. Va. 2008).

The subpoena is also untethered to the operative pleading. The Second Amended Complaint alleges a campaign of false statements disseminated through Reddit, Twitter, Facebook, and other public-facing online fora. It does not plead any tailored theory that would justify a dragnet demand for all Discord communications associated with multiple users and a non-public server. A third-party subpoena remains subject to the same Rule 26 relevance and proportionality limits that govern all discovery. *Barrington v. Mortg. IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3–4 (S.D. Fla. Dec. 10, 2007); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005).

## FACTUAL BACKGROUND

On March 18, 2026, Plaintiffs noticed a proposed subpoena to Discord, Inc. commanding production on April 9, 2026. Ex. A.

Request 1 seeks:

"All documents, communications, and account records (including audit logs, call logs, and channel creation and deletion dates) relating to" six listed Discord IDs, including IDs purportedly associated with the FuddBusters Discord, Matthew Larosiere, John Elik, Alex Holladay, Joshua Stroke, and "John Letterman."

*Id.*

Requests 2 through 5 seek Discord's internal policies, protocols, training materials, audits, reviews, assessments, investigations, and reports concerning ITAR/EAR issues, alleged firearms-related technical data, and whether the

"FuddBusters Discord" complies with Discord's Terms of Service or United States law. *Id.*

Defense counsel promptly objected that the subpoena sought "all communications," raised an "obvious Stored Communications Act problem." Plaintiffs' counsel responded that the communications request was supposedly relevant to Plaintiffs' RICO conspiracy theory, asserted Discord could not reasonably be expected to sort communications by subject matter, and stated Plaintiffs would "remove requests 2-5" and "fix the Lettman typo," but "might make other edits depending on the outcome of our conferrals." Plaintiffs never served a revised subpoena. Instead, they stated they were "unlikely to serve the subpoenas before Tuesday." That threatened service date makes judicial intervention necessary now.

## ARGUMENT

### I.   The Court may forbid service of the proposed subpoena under Rule 26(c), and expedited treatment is proper.

Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order" and authorizes the Court, for good cause, to issue an order protecting a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

Protective-order relief under Rule 26(c) lies within the Court's discretion and turns on good cause and the balance of interests. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547–48 (11th Cir. 1985); *In re Alexander Grant & Co. Litig.*, 820

4

F.2d 352, 356–57 (11th Cir. 1987); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005).

Expedited treatment is also proper. Local Rule 7.1(d)(2) expressly permits an expedited motion where a time-sensitive matter does not qualify as a true emergency but still requires a ruling by a date certain. S.D. Fla. L.R. 7.1(d)(2). Plaintiffs indicated they were likely to serve the Discord subpoena on or about March 24, 2026. Given this, a ruling is required before the Subpoena's April 9, 2026 compliance date.

## II.  The Moving Defendants may seek relief because the subpoena targets their own private communications and account data, and in any event Rule 26(c) independently authorizes this motion.

As a general matter, a party lacks standing to challenge a subpoena directed to a nonparty unless the party asserts a personal right or privilege in the materials sought. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). But that limitation does not defeat this motion for two independent reasons.

First, Rule 26(c) expressly authorizes a "party" to seek a protective order forbidding discovery. Fed. R. Civ. P. 26(c)(1). Thus, even where Rule 45 standing might be debated, Rule 26(c) provides a direct basis for relief. See *Auto-Owners*, 231 F.R.D. at 429–30.

Second, the subpoena here plainly seeks material in which the Moving Defendants have a personal right: their private account records and communications. Courts routinely recognize standing to challenge third-party subpoenas where the subpoena seeks information in which the movant has a personal privacy interest. *See Brown*, 595 F.2d at 967; *Barrington*, 2007 WL 4370647 (recognizing standing where a subpoena seeks information in which the movant has a personal right); *Crispin v.*

*Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010) (holding that a social-network user had a personal right sufficient to challenge subpoenas for profile, inbox, and related account content, and that such sites were ECS providers under the SCA).

### III.   Request 1 is facially overbroad, disproportionate, and untethered to the claims and defenses in this case.

Rule 26 permits only discovery relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). That same limitation applies to nonparty subpoenas. *Barrington*, 2007 WL 4370647, at *3–4; *Auto-Owners*, 231 F.R.D. at 430.

Request 1 flunks that standard on its face. It seeks "all documents, communications, and account records" relating to multiple Discord IDs across all of time without regard to subject matter.

That breadth is fatal. Plaintiffs' own explanation confirms they deliberately refused to narrow the request because Discord supposedly "cannot reasonably be expected to review and sort communications based on subject matter." But an issuing party cannot cure irrelevance and overbreadth by shifting its tailoring obligation onto a third-party provider. Rule 45 imposes the opposite duty: the issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

The mismatch to the operative pleading is stark. The Second Amended Complaint alleges the dissemination of the "FEDCAD" meme and related statements across public for a. While it references the Fuddbusters YouTube show, it does not plead a Discord-content cause of action that would justify a wholesale subpoena to

Discord for every communication and account record tied to multiple users and a non-public server. Even if Plaintiffs believe some Discord communications may exist, that would not justify a subpoena for all communications and all account records without time or subject limits. The proper vehicle for that would be a request for production to the parties.

Courts in this Circuit quash or limit subpoenas that amount to fishing expeditions untethered to the actual claims and defenses. *Barrington*, 2007 WL 4370647, at *3–4. Such is due here.

IV. **To the extent Request 1 seeks direct messages, private-channel messages, or other nonpublic message content, the Stored Communications Act bars disclosure.**

The SCA provides that a provider of electronic communication service or remote computing service "shall not knowingly divulge to any person or entity the contents of a communication" covered by the statute except in specified circumstances. 18 U.S.C. § 2702(a)(1)–(2). Civil-party subpoenas are not one of those exceptions. *Id*. § 2702(b); *Suzlon*, 671 F.3d at 729–31; *AOL*, 550 F. Supp. 2d at 610–12.

That prohibition is directly implicated here. Request 1 expressly seeks "communications." On the facts presented, the FuddBusters Discord is non-public, and the request appears to encompass direct messages and private-server or private-channel communications. Courts have repeatedly held that subpoenas to service providers cannot be used to compel production of private stored message content. See *Suzlon*, 671 F.3d at 729–31; *AOL*, 550 F. Supp. 2d at 610–12; *Crispin*, 717 F. Supp. 2d at 980–91.

7

*Crispin* is especially instructive. There, the court distinguished between nonpublic message content and potentially public-facing social-media material, and quashed subpoenas to the extent they sought private messaging because such communications are inherently private and protected by the SCA. 717 F. Supp. 2d at 987–91. The same logic applies with greater force to Discord direct messages and non-public server communications.

§ 2702(c) permits providers, in some circumstances, to divulge non-content subscriber records. 18 U.S.C. § 2702(c). But that does not save this subpoena, because Request 1 is drafted as a unitary demand for all "documents, communications, and account records," and thus indisputably seeks protected message content. A subpoena that facially seeks protected content, and does so without any narrowing, should not be served at all.

### V.   Requests 2 through 5 reveal the subpoena's improper purpose: an effort to revive abandoned Middle District export-control theories and to provoke a collateral dispute between Discord and the Moving Defendants.

Requests 2 through 5 are revealing precisely because they do not track the claims Plaintiffs actually chose to plead in this case. Those requests do not seek evidence about the allegedly false statements that form the basis of the operative Southern District Complaint. Instead, they seek—apropos of nothing—Discord's international arms-export moderation policies, Discord's own assessment whether the FuddBusters Discord complies with law or Discord's Terms of Service, audits and reviews concerning ITAR and EAR risks supposedly associated with the FuddBusters Discord, and investigations or reports concerning "export-controlled technical data or

firearms blueprints" Plaintiffs imagine are discussed there. Ex. A, Req. Nos. 2–5. That is not ordinary third-party discovery directed to the claims and defenses in this action. It is a transparent attempt to inject an entirely different controversy into this case. *See* Fed. R. Civ. P. 26(b)(1), 26(c)(1), 45(d)(1); *Barrington v. Mortg. IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3–4 (S.D. Fla. Dec. 10, 2007); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005).

The reason is obvious from Plaintiffs' own prior pleading. In the Middle District action, Plaintiffs' then-counterclaims expressly advanced a sweeping theory that "The Gatalog" and the "Fuddbusters" Discord server were vehicles for supposed ITAR and EAR violations. They alleged, among other things, that Larosiere and Elik "control[] and implement[]" "The Gatalog's" ITAR and EAR compliance positions, that multiple Moving Defendants were responsible for content on the "Fuddbusters" Discord server, that the server was one of "The Gatalog's" "main channels," and that the server supposedly facilitated the transfer of ITAR-controlled technical data in "private, invite-only chat rooms." See, e.g., *Larosiere v. Wilson*, 6:24-xc-01629 (M.D. Fla _____) Doc. 52 ¶¶ 27–30, 42–44, 51–54, 67–68, 93, 98–109, 140(a)–(b), 155(a)–(b). In other words, Requests 2 through 5 map directly onto the very export-control theories Plaintiffs abandoned in the Middle District before re-filing here.

That the above exists only in the exceptionally active imagination of Plaintiffs' RICO-fixated principal aside, Plaintiffs did not plead those theories here. The operative Southern District Complaint instead alleges a RICO and false-advertising case based on purportedly false online statements they claim damaged DEFCAD, and

9

references "Fuddbusters" only as a YouTube show sponsored by MAF and edited by Mr. Clark. It does not plead a claim that the Moving Defendants used Discord to somehow violate international traffic in arms regulations. *See* SAC ¶¶ 37–41, 43–53. Discovery must be tethered to the claims and defenses actually pleaded, not to theories a party once floated in different litigation and then chose not to pursue here. Fed. R. Civ. P. 26(b)(1); *Barrington*, 2007 WL 4370647, at *3–4.

In that posture, Requests 2 through 5 do more than show overbreadth; they evince improper purpose. The most plausible inference is that Plaintiffs sought to weaponize the subpoena to force an issue between Discord and the Moving Defendants by waving around a nonexistent ITAR/EAR controversy and prompting Discord to scrutinize, restrict, or otherwise act against accounts associated with Plaintiffs' critics. Their inclusion instead shows that the subpoena was drafted, at least in part, not to obtain relevant evidence on pleaded issues, but to create collateral pressure and friction with a third-party platform. Rule 26(c) exists to prevent discovery from being used as "annoyance, embarrassment, oppression, or undue burden," and Rule 45 imposes the same restraint on subpoenas. Fed. R. Civ. P. 26(c)(1); 45(d)(1).

That is particularly unwarranted because the Moving Defendants have never used Discord for any ITAR- or EAR-related purpose, and Plaintiffs have no pleaded basis in this case to suggest otherwise. What Requests 2 through 5 seek, then, is not evidence relevant to the claims before this Court, but a collateral investigation by Discord into subject matter Plaintiffs elected not to plead here. The Court should view

10

those requests for what they are: not merely overbroad, but probative of the subpoena's improper design. And although Plaintiffs have since said they "intend" to withdraw Requests 2 through 5, that concession does not moot the issue. The Court may properly consider those requests as evidence of the subpoena's purpose, and Plaintiffs never circulated a revised subpoena in any event.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court:

a. treat this filing as an Expedited Motion under Local Rule 7.1(d)(2);

b. enter a protective order under Rule 26(c) prohibiting Plaintiffs from serving the proposed subpoena to Discord, Inc., or any substantially similar subpoena seeking the same categories of Discord communications and account records;

c. alternatively, if Plaintiffs serve the subpoena before the Court rules, quash the subpoena and direct Plaintiffs immediately to withdraw it;

d. direct Plaintiffs not to use, seek, or attempt to obtain any materials produced in response to the subpoena unless and until further order of the Court; and

e. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
DATED:  March 24, 2026

11

12

/s/ Gary C. De Pury
Gary C. De Pury
Florida Bar No: 126588
Law Offices of Gary De
Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6404
Email: Gary@DePury.com
*Lead Counsel for Alex
Holladay.*

/s/Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of
Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email:
Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Elik,
Stroke, Lettman, and
Clark.*

/s/ Zachary Z.
Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
1200 Fourth Street,
#1102
Key West, FL 33040
Email:
zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for
Matthew Larosiere.*

12

## Local Rule 7.1(a)(3) Certification

Undersigned counsel certify that they conferred, or made reasonable efforts to confer, in good faith with Plaintiffs' counsel regarding the issues raised in this motion through email exchanges on March 19 and March 20, 2026, and attempted to secure prompt further conferral before service of the proposed subpoenas. Despite those efforts, the parties were unable to resolve the dispute. Plaintiffs indicated they were unlikely to serve the subpoenas before Tuesday, March 24, 2026, but did not agree to defer service pending further conferral or Court review.

Respectfully submitted,

*/s/ Matthew M. Larosiere*

Matthew M. Larosiere, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 24th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew Larosiere

Matthew Larosiere, Esq.
Fla. Bar № 1005581