**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN     ELIK,     individually;     MATTHEW
LAROSIERE,     individually;     ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and  JOHN  LETTMAN,  individually;  ZACK
CLARK, individually
           Defendants.

_____/

### PLAINTIFFS' RESPONSE TO JOHN ELIK'S MOTION FOR RECOVERY OF REASONABLE EXPENSES UNDER FED. R. CIV. P. 30(g)(1)

Plaintiffs hereby respond to the Motion for Recovery of Reasonable Expenses (Doc. 72)

("Motion") filed by defendant John Elik.

**I.     Background**

While it is true that Plaintiffs noticed Mr. Elik's deposition for March 3, 2026, the Motion

omits to inform the Court of the events which transpired thereafter concerning the delays in

obtaining document production from the defendants.  These delays were detailed in Plaintiffs'

Motion to Compel (Doc. 59), which the Court granted in part.  Doc. 69.  Accordingly, during a

meet-and-confer call on February 26, 2026, Plaintiffs advised Mr. Zachary Zermay, counsel for

defendant Matthew Larosiere, that Plaintiffs intended to defer the deposition until document

production was complete.  Ex. A, Foster Decl.  Mr. Zermay apparently did not relay this message

to Mr. Larosiere, his client who is also the lawyer representing Mr. Elik.  He should have done so.

Additionally, Mr. Elik's counsel, Mr. Larosiere, never requested a link or other log-in information

for the virtual deposition, which would have alerted the parties to any misunderstanding about the

deposition.  The only way Mr. Larosiere could continue to believe that the Elik deposition would

proceed as noticed on March 3 was to ignore what was transpiring.

A lawyer's failure to be "prudent" and exercise common sense as to whether a deposition

would proceed is a factor in the sanction analysis under Fed. R. Civ. P. 37.  *See, e.g., Goodwin v.*

*City of Boston*, 118 F.R.D. 297, 298 (D. Mass. 1988) ("Having said this, I do not think that counsel

for the plaintiffs is entirely without blame in this matter.  In the circumstances, it seems rather

imprudent not to have called counsel for the defendants before going ahead with the deposition

and having the plaintiffs take off from work to attend").  Hence, Fed. R. Civ. P. 37(d)(3) provides

that sanctions should not be entered if the failure to act "was substantially justified or other

circumstances make an award of expenses unjust."   That is the case here, as stated, and as further

detailed below.

## II.    Plaintiffs' counsel's failure to conduct the deposition was "substantially justified"

The Court should deny the Motion for three reasons.

First, Plaintiffs' counsel, Howard Foster, told Mr. Larosiere's counsel, Zachary Zermay,

on February 26, 2026, that depositions would be postponed because Plaintiffs' counsel wished to

complete document production before deposing the defendants.  This is typical.  *See, e.g., Century*

*Jets Aviation LLC v. Alchemist Jet Air LLC*, 2011 WL 724734 at * 2 (S.D.N.Y. 2011) ("While in

a majority of cases, interrogatory and document discovery are completed prior to depositions…")

(internal citation and quotations omitted).  Consequently, when Mr. Elik failed to comply with

Plaintiffs' written discovery requests, which were issued on January 8, 2026, Mr. Foster told Mr.

Zermay no depositions would be conducted, except for Alexander Holladay.  Mr. Zermay did not object to this.  Apparently, Mr. Zermay failed to communicate this to his client, Mr. Larosiere, who represents Mr. Elik.

Second, Mr. Larosiere was not reasonably prudent in coordinating the deposition.  The deposition notice did not provide a link or other details for the virtual deposition.  *See* Mot., Ex. A.  It stated that videoconference details would be forthcoming, but Mr. Larosiere did not contact Plaintiffs' counsel about the status of the deposition until 10:05 a.m. on March 3, five minutes after the deposition was noticed to begin.  Mot. at p. 4.  Common sense dictates that Mr. Larosiere should have checked with Plaintiffs' counsel to inquire about the deposition details *before* incurring the time and expense of preparing his client for the deposition.

Third, Plaintiffs' counsel believed that his co-counsel's office had cancelled the deposition.  Specifically, on February 26, 2026, a paralegal for Gregory Weiss (former local counsel for Plaintiffs) emailed Mr. Foster to confirm whether the Elik deposition would proceed on March 3.  She asked if she should "issue a Notice of Cancellation of Mr. Elik's deposition and cancel the court reporter."  Foster Decl., Ex. A.  Mr. Foster replied, "please cancel all court reporters."  *Id.*  Mr. Foster reasonably understood that his local counsel's office would take appropriate steps to cancel the deposition.  As a result, the failure to serve a notice of cancellation for the deposition was unintentional.

**III.    The Motion cites no authority for awarding sanctions under these facts**

This Response sets forth a justification for the events leading up to the unfortunate error which occurred on March 3.  While Fed. R. Civ. P. 30(g)(1) provides for the possibility of attorneys' fees as a sanction for the failure to attend a deposition, Rule 37(d)(3) requires the movant to establish the lack of "substantial justification" for the failure.  The Motion does not even attempt

to do so.  None of the authorities cited on pages 5-8 of the Motion address the circumstances present here.  Therefore, the Motion should be denied because Plaintiffs' counsel have established a "substantial justification" for the miscommunication regarding the deposition.

**IV.     Mr. Elik's fees are excessive**

Even if the Court were to award some attorneys' fees to Elik, the Court should decline to award all fees sought.  As an initial matter, Elik has not provided an engagement agreement or any other evidence showing that he agreed to pay his counsel $450 per hour in this case.  Additionally, the Court should not award any time spent preparing for the deposition because Plaintiffs are going to depose Mr. Elik on another day.  As a result, Mr. Elik would have spent time preparing for his deposition regardless of this dispute.  The Court should also decline to award fees for two hours allegedly spent "standing ready to defend the noticed deposition" because Plaintiffs' counsel advised Elik's counsel at 10:17am (12 minutes after Elik's counsel sent an email asking about the deposition) that the deposition had been continued.  Foster Decl., Ex. B.   It was therefore unreasonable for Elik's counsel to "stand[] ready" for nearly two more hours to defend a deposition that he knew would not occur.

Elik's lawyer also could have avoided the three hours spent preparing the Motion had he considered the facts detailed here.  Because Elik's counsel has acted impetuously and without common sense in handling the situation, the Court should reject most of the fees sought.

**V.     Conclusion**

In conclusion, the Motion should be denied because Plaintiffs' counsel has established a "substantial justification" for the failure to take Mr. Elik's deposition on March 3, 2026.

Dated:  March 30, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*