UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

*Plaintiffs,*

v.

JOHN ELIK, et al.,

*Defendants.*

_____/

## DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE THEIR EXPERT JASON TYRA FOR DEPOSITION

Defendants Alexander Holladay, John Elik, Matthew Larosiere, Josh Kiel Stroke, and John Lettman move for an order compelling Plaintiffs to produce their disclosed expert Jason Tyra for deposition within fourteen days of the Court's order, awarding Defendants their reasonable expenses and attorney's fees incurred in bringing this motion, and providing that if Plaintiffs still refuse to produce Tyra after Court order, Plaintiffs be precluded from relying on Tyra's testimony or opinions on summary judgment, at any *Daubert* hearing, or at trial.

This motion is necessary because Plaintiffs' counsel has refused to provide their own testifying expert for deposition, and refused to confer in good faith despite multiple requests. Rules 26 and 37 do not permit a party to disclose a testifying expert and then simply stonewall his deposition. *See* Fed. R. Civ. P. 26(b)(4)(A), 26(d)(3), 37(a)(3)(A), 37(a)(5)(A). Nor does Local Rule 7.1(a)(3) allow counsel to refuse to confer while forcing unnecessary motion practice. *See* S.D. Fla. L.R. 7.1(a)(3).

1

## INTRODUCTION

Plaintiffs disclosed Jason Tyra as a testifying expert. (Doc. 54). They then offered only one date for his deposition, March 3, 2026, the date Plaintiffs themselves had already set for Defendant John Elik's deposition, despite Mr. Tyra being available at other times. (Doc. 82-1 at 3) (exhibit attached to Mr. Foster's own filing, where Mr. Tyra indicated he was available "anytime" for two weeks).

When the undersigned asked for dates for Tyra's deposition, Plaintiffs' counsel refused to provide dates, instead taking the position that because Defendants did not take Mr. Tyra's deposition on the singular conflicted date Plaintiffs offered, that Defendants "violated" this Court's order and could not take Mr. Tyra's deposition at all. (Ex. A at 1, 3-4). Mr. Foster again repeatedly refused to provide dates for conferral. (Ex. A at 2-4) (Responding to a request to meet and confer on this motion with "Please read the order and indicate why you violated it[,]" then when asked two more times and being offered dates of conference, responding that "When you respond to my reasonable question as to why you disregarded the order, I'll consider how to deal with your demand for a verbal meet and confer"). This, notwithstanding that the undersigned had made it clear to Plaintiffs that they intended to take Mr. Tyra's deposition whenever the question of Mr. Tyra's deposition arose.

The undersigned were only able to confer telephonically with opposing counsel on this issue by insisting it be discussed on a separate conference Plaintiffs requested, which Defendants immediately obliged.

## ARGUMENT

### I.  PLAINTIFFS ARE WITHHOLDING A DISCLOSED TESTIFYING EXPERT WHOM DEFENDANTS ARE ENTITLED TO DEPOSE

Rule 26(b)(4)(A) provides "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Rule 26(d)(3) is equally clear that, unless otherwise ordered, "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3).

Those rules foreclose Plaintiffs' present position. Tyra is a disclosed testifying expert. Defendants are entitled to depose him. Plaintiffs cannot avoid that obligation by offering one conflicted date, ignoring the clarification that would have resolved the conflict, and then refusing to provide any further dates. *See* (Doc. 72-2) ("Would you all prefer we change Mr. Elik's deposition date, or simply depose Mr. Tyra later?").

### II.  PLAINTIFFS' COUNSEL'S CONDUCT WAS UNREASONABLE AND OBSTRUCTIVE

This dispute did not require motion practice. Plaintiffs' counsel made it require motion practice. Defendants respectfully submit that Plaintiffs are misreading this Court's (Doc. 36 at 5) scheduling order, which directed Plaintiffs to make their expert available for deposition within the 30-day period following disclosure as foreclosing Defendants from taking his position any other time.

No Defendant has had the opportunity to depose Mr. Tyra, and, crucially, Defendants recently learned of concerning undisclosed personal and financial connections Mr. Tyra has with Plaintiffs, which Defendants believe has a material and undisclosed impact on his report and testimony.

3

Plaintiffs' February 25 email created an obvious logistical problem by offering Tyra only on a date Plaintiffs had already tied up with Elik's deposition. Undersigned counsel responded with a simple, reasonable question that would have resolved the matter: whether Plaintiffs wanted to move Elik's deposition or instead produce Tyra later. Plaintiffs ignored the question. (Doc. 72-2).

Then, when Defendants later asked again for Tyra dates, Plaintiffs' counsel did not provide dates. He did not propose alternatives. He did not explain any legitimate impediment to Tyra's production. He instead insisted that Defendants supposedly had to complete Tyra's deposition within a thirty-day period and repeatedly refused to answer when asked how, exactly, Plaintiffs had ever made Tyra meaningfully available other than the single March 3 email. (Ex. A).

## III.   RULE 37 AUTHORIZES AN ORDER COMPELLING TYRA'S DEPOSITION AND AN AWARD OF FEES

Rule 37(a)(1) permits a party to move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Rule 37(a)(5)(A) further provides that, if the motion is granted, or if the requested discovery is provided after the motion is filed, the Court must require the party, attorney, or both whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees, absent limited exceptions. Fed. R. Civ. P. 37(a)(5)(A).

That relief is warranted here. Tyra is a disclosed expert witness. Plaintiffs still refuse to produce him. Defendants attempted to resolve the issue without Court intervention. Plaintiffs' counsel refused to cooperate and forced motion practice. Because the requested discovery still has not been provided, Rule 37(a) applies.

## CONCLUSION

Defendants respectfully request the Court enter an order:

a. compelling Plaintiffs to produce Jason Tyra for deposition within fourteen days of the Court's order;

b. awarding Defendants entitlement to their reasonable expenses and attorney's fees incurred in bringing this motion, with amount to be supplemented;

c. providing that if Plaintiffs fail to produce Jason Tyra within the time ordered by the Court, Plaintiffs shall be precluded from relying on Tyra's testimony or opinions on summary judgment, at any Daubert hearing, or at trial; and

d. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
DATED:  April 3, 2026

| | | |
|---|---|---|
| */s/ Gary C. De Pury* | */s/Matthew Larosiere* | */s/ Zachary Z. Zermay* |
| Gary C. De Pury | Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Florida Bar No: 126588 | Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| Law Offices of Gary De Pury, P.A. | The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 21035 Leonard Road | 6964 Houlton Circle | 1200 Fourth Street, #1102 |
| Lutz, Florida 33558 | Lake Worth, FL 33467 | Key West, FL 33040 |
| Tel: (813) 607-6404 | Email: | Email: |
| Email: Gary@DePury.com | Larosieremm@gmail.com | zach@zermaylaw.com |
| *Lead Counsel for Alex Holladay.* | Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| | *Lead Counsel for Elik, Stroke, Lettman, and Clark.* | *Lead Counsel for Matthew Larosiere.* |

## Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that Defendants made reasonable, good-faith efforts to confer regarding the relief sought in this motion but were unable to resolve the issues without Court intervention.

On March 26, 2026, defense counsel requested dates for Tyra's deposition. Plaintiffs did not provide dates. Counsel then repeatedly asked Plaintiffs to identify the communication on which they relied in claiming Tyra had been made available and requested a telephonic conferral regarding a motion to compel and for sanctions. Plaintiffs did not participate in a good-faith conferral. (Ex. A). On March 31, 2026, defense counsel again stated that Plaintiffs had refused to produce Tyra and refused to respond to the conferral request. Tyra still has not been produced. *Id.*

Only by insisting that opposing counsel discuss this matter on a phone call of April 2nd, which Plaintiffs requested on an unrelated issue, was the undersigned able to confer telephonically with opposing counsel as required by this Court's (Doc. 85) discovery order. After conferring telephonically, Plaintiffs still refused to provide Mr. Tyra for deposition and oppose this motion.

Respectfully submitted,

*/s/ Gary C. De Pury*

Gary C. De Pury

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 3rd day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581