**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

     Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
         Defendants.

_____/

**PLAINTIFFS' MOTION TO COMPEL AS TO DEFENDANT HOLLADAY**

Pursuant to Federal Rule of Civil Procedure 37 and the Court's Order Setting Discovery

Procedure (Doc. 85), Plaintiffs move to compel discovery from defendant Alexander Holladay

("Holladay").

**INTRODUCTION**

Holladay's discovery responses epitomize the obscurant and evasive discovery practices

despised by Courts.[1]   In particular, Holladay's Responses contain nonspecific boilerplate

objections, do not identify whether documents are being withheld on the basis of each objection,

and do not identify the date by when responsive documents would be produced.  Additionally,

since the Responses were served, Holladay has failed to certify whether document production is

_____

[1] Holladay's responses to Plaintiffs' interrogatories, requests for production, and requests for admission ("Responses") are attached as **Exhibit 1**.

complete and failed to serve a privilege log.  As a result, Plaintiffs do not know whether responsive documents have been withheld and, if so, on what basis.  Accordingly, the Court should find a waiver of all objections or compel Holladay to immediately serve compliant discovery responses. Additionally, the Court should compel Holladay to produce all responsive documents and award to Plaintiffs the reasonable expenses incurring in bringing this motion.

## **BACKGROUND**

On January 8, 2026, Plaintiffs served Holladay with document requests, interrogatories, and requests for admission.  On March 4, 2026, Holladay served the Responses.

On March 30, 2026, Plaintiffs sent an email explaining the deficiencies in Holladay's discovery responses and inviting a call to meet and confer.  *See* **Exhibit 2**.  Having received no response, Plaintiffs sent a follow-up email on April 1, 2026.  *See id.*  In response, Holladay disagreed with Plaintiffs' position but agreed to confer on April 2, 2026, and to extend Plaintiffs' deadline to file a motion to compel until April 3, 2026.  *See* **Exhibit 3**.

During a phone conversation on April 2, 2026, Holladay's counsel advised that he would withdraw his privilege objections and search for responsive communications between co-defendants on or before April 9, 2026.  The parties ran out of time and agreed to further confer on April 3, 2026.

During a Zoom conversation on April 3, 2026, the parties discussed various issues relating to Holladay's deposition.  After Plaintiffs' counsel asked Holladay's counsel whether he would serve amended discovery responses addressing the various deficiencies identified in Plaintiffs' March 30, 2026 email and/or agree to extend Plaintiffs' deadline to file a motion to compel, Holladay's counsel said that he had to go because he had family in town.  When undersigned counsel attempted to clarify this time-sensitive issue, Holladay's counsel abruptly terminated the

Zoom.  Holladay's counsel also refused to answer the question in a follow-up email, *see* Ex. 3, thereby necessitating this motion.

## ARGUMENT

Holladay's discovery responses are deficient in several ways.

*First*, because all discovery objections must be stated with specificity, *see* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B), "judges in this district typically condemn boilerplate objections as legally inadequate or meaningless," *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011). Here, the Responses assert nonspecific boilerplate objections (including vagueness, ambiguity, relevance, proportionality, overbreadth, and undue burden) to: (a) the instructions and definitions of Plaintiffs' Requests for Production ("RFPs"); and (b) various individual discovery requests.  Although boilerplate objections are plainly deficient, Holladay has refused to withdraw them.

*Second*, Holladay's RFP responses violate Rule 34(b)(2)(C) by failing to state, for each objection, "whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(a)(2)(C).  Additionally, many of the RFP responses (and other discovery responses) assert various objections and then provide a response "subject to and without waiving these objections."  Even where Holladay objected to a request as overbroad, the Responses do not confirm whether documents within an admittedly reasonable scope would be produced.  The Responses are therefore improper because they obscure whether any responsive documents or information are being withheld based on the asserted objections.

*Third*, the Responses violate Rule 34(b)(2)(B) because they do not identify when responsive documents would be produced, and Holladay has violated Local Rule 26.1(e)(7) by failing to certify that all documents have been produced.

*Fourth*, Holladay's response to Interrogatory No. 2 is deficient because it does not identify any (much less all) communications with co-defendants concerning the publication of the "FEDCAD" meme, which is central to this case.  Also, in response to RFP No. 12, Holladay objected to producing communications or posts authored by others on the grounds that such communications or posts are not within his possession.  This objection is meritless.  Holladay must produce all responsive communications or posts, regardless of whether he or someone else (including his alleged co-conspirators) was the author.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court enter an Order: (1) finding that Holladay has waived his objections and/or compelling Holladay to immediately serve compliant discovery responses; (2) compelling Holladay to produce all responsive documents and serve a certificate of completion in compliance with Local Rule 26.1(e)(7); (3) awarding Plaintiffs their reasonable attorneys' fees and costs incurred in bringing this motion pursuant to Rule 37(a)(5)(A); and (4) granting any other relief that this Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3) and the Court's Order Setting Discovery Procedure (Doc. 85), Plaintiffs' counsel certify that they have conferred in good faith with Holladay's counsel via email, phone, and Zoom but have been unable to resolve the issues addressed in this motion.  *See* Background *supra*; Exs. 2, 3.

Dated:  April 3, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*