# EXHIBIT 2

| | |
|---|---|
| **From:** | Everman, Brendan |
| **Sent:** | Wednesday, April 1, 2026 2:39 PM |
| **To:** | 'Gary De Pury'; Zachary Zermay |
| **Cc:** | Geraldine Phillips; Howard Foster; Matthew Larosiere |
| **Subject:** | RE: DEFCAD v. Elik - Discovery Meet and Confer |

Since sending the email below, I spoke to Matt, and he confirmed that his clients' document production is complete and agreed to a 24-hour extension for plaintiffs to file any motion to compel as to his clients (so we can further meet and confer as appropriate).

Zach and Gary, as for your clients, I'm asking you to withdraw: (i) boilerplate objections; and (2) objections upon which no responsive documents/information are being withheld.  The inclusion of these meaningless objections obscures whether there are any actual discovery disputes requiring court intervention.  I'm also asking you to confirm that you have: (i) not withheld responsive documents/information based on your unilateral reframing of any requests; (ii) already produced all responsive, unobjectionable documents/information (the Local Rules require service of a certificate of completion); and (iii) not withheld any documents/information based on privilege objections (in which case the privilege logs are past due).  If you're unwilling to do these things, please let me know.

Gary, to the extent that you want to further meet and confer, please let me know whether you will agree to a seven-day extension, until April 8, for plaintiffs to file any motion to compel as to your client.  Absent agreement, we intend to file a motion today seeking a seven-day extension of that deadline.

Zach, as for Larosiere's discovery responses, notwithstanding your contention that you do not have to respond to plaintiffs' discovery requests because they were unsigned, you already responded to those requests.  Additionally, your emails dated March 2 and March 16 confirm that you agreed during a meet-and-confer phone call with Howard on February 26 to supplement Larosiere's responses within 14 days, i.e. by March 12.  Thus, the 28-day deadline to file a motion to compel with respect to that missed deadline is April 9.  For what it's worth, my interpretation of the Court's discovery orders (Doc. 69, 85) is that the Court would strongly prefer for the parties to resolve these disputes in a cost-effective manner and that it will not appreciate a belated effort to stonewall admittedly relevant discovery based on predecessor's counsel's inadvertent failure to sign a document request.

I remain available to discuss on the phone.

**Brendan Everman**
**PRYOR CASHMAN LLP**
255 Alhambra Cir., Suite 800 | Miami, FL 33134
Direct: 786-582-3007 | Cell: 305-851-1472
beverman@pryorcashman.com

---

**From:** Gary De Pury <Gary@DePury.com>
**Sent:** Wednesday, April 1, 2026 1:30 PM
**To:** Zachary Zermay <zach@zermaylaw.com>; Everman, Brendan <BEverman@pryorcashman.com>
**Cc:** Geraldine Phillips <info@zermaylaw.com>; Howard Foster <hfoster@fosterpc.com>; Matthew Larosiere <larosieremm@gmail.com>
**Subject:** Re: DEFCAD v. Elik - Discovery Meet and Confer

Brendan,  I adopt Mr Zermay's response & add the following.

What in particular are you asking of my client.  There is a lot of use of the word boilerplate but my objections were particularly responsive to each request.

I will add that I can see where it seems that they were boilerplate as the objections were in response to largely boilerplate discovery requests.

Unless I know exactly what you're asking as opposed to what Amounts to *all of everything* then I'm at a loss.

I'm out of the office until about 7 pm & working from my phone.

V/R

Gary

Gary De Pury

---

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Wednesday, April 1, 2026 1:09:06 PM
**To:** Everman, Brendan <beverman@pryorcashman.com>
**Cc:** Geraldine Phillips <info@zermaylaw.com>; Howard Foster <hfoster@fosterpc.com>; Matthew Larosiere <larosieremm@gmail.com>; Gary De Pury <Gary@DePury.com>
**Subject:** Re: FW: DEFCAD v. Elik - Discovery Meet and Confer

Good afternoon,

These discovery requests were not signed, as your co-counsel is aware.

And also, we are far beyond 28 days after the responses were received as to my client. Further, your emails is not particularized, and I am not sure what you're asking me to do.


Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com|
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Wed, Apr 1, 2026 at 12:59 PM Everman, Brendan <BEverman@pryorcashman.com> wrote:

Hi Geraldine, please see the emails below directed to Zach.  Please let us know your position by 3pm today, so we can advise the Court.

**Brendan Everman**

**Pryor Cashman LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

---

**From:** Everman, Brendan
**Sent:** Wednesday, April 1, 2026 11:52 AM
**To:** Matthew Larosiere <larosieremm@gmail.com>; Gary De Pury <gary@depury.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>
**Cc:** Howard Foster <hfoster@fosterpc.com>
**Subject:** RE: DEFCAD v. Elik - Discovery Meet and Confer

Defense Counsel:

I haven't received a response to my email below, and Zach has not provided the amended discovery responses that he told Howard he would provide.  Today is our deadline to file a motion to compel.  Please confirm whether defendants will amend their discovery responses or stipulate to extend the motion to compel deadline by seven days.  If we don't hear from you by 3:00 p.m., we will file our motion to compel and/or motion for extension of time.  We're generally available today if you'd like to discuss these issues on the phone.

Brendan

**Brendan Everman**

**Pryor Cashman LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

---

**From:** Everman, Brendan
**Sent:** Monday, March 30, 2026 10:41 PM
**To:** Matthew Larosiere <larosieremm@gmail.com>; Gary De Pury <gary@depury.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>
**Cc:** Howard Foster <hfoster@fosterpc.com>
**Subject:** DEFCAD v. Elik - Discovery Meet and Confer

Dear Counsel:

We write to meet and confer about defendants' discovery responses served on March 4, 2026 ("Responses").

**Improper boilerplate objections**

All objections must be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B). The Responses nonetheless assert nonspecific boilerplate objections to: (a) the instructions and definitions of Plaintiffs' Requests for Production ("RFPs"); and (b) various individual discovery requests. The boilerplate objections (which include vagueness, ambiguity, relevance, proportionality, overbreadth, and burden objections) are meaningless. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this district typically condemn boilerplate objections as legally inadequate or meaningless."). The boilerplate objections must be withdrawn.

**Formulaic objections followed by an answer**

Rule 34(b)(2)(C) expressly requires each objection to "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(a)(2)(C). In violation of this rule, many of the RFP responses (and other discovery responses) assert various objections and then provide a response "subject to and without waiving these objections." This is improper because it obscures whether any responsive documents or information are being withheld. If responsive documents are being withheld on the basis on an objection, the response must clearly say so. If no responsive documents are being, the objection must be withdrawn.

**Unilateral reframing of requests**

4

In many responses, Defendants assert objections and only agree to produce documents that meet Defendants' own unilateral and vague standards.  For example, Defendants agreed to produce certain categories of documents only to the extent they are "relevant to the allegations in this action" or respond to certain requests only as "reasonably" or "narrowly" construed by Defendants.  Defendants cannot unilaterally decide which documents are "relevant" or how the requests should be construed.  If a document is responsive, it must be produced.  Please confirm that Defendants have not withheld responsive documents or information based on their unilateral interpretation of any requests.

**Documents within admittedly proper scope**

Even where Defendants claim that a request is overbroad (including as to time, scope, or wording), the responses generally do not agree to produce documents within the scope that Defendants admit is "reasonable."  For example, several responses say that Defendants are limiting their search to materials relevant to the claims and defenses and to a time period beginning January 1, 2023, but then do not say whether Defendants will actually collect and produce documents or information within that narrower scope. Please confirm that you have, or will, produce all documents or information within the admittedly proper scope.

**Uncertain date for completion of document production**

Rule 34(b)(2)(B) requires a responding party to identify the date when document production will be completed.  Additionally, Local Rule 26.1(e)(7) requires parties to serve a certificate of completion when all documents are produced.  Please confirm that all documents have already been produced or provide a date certain when all documents will be produced.

**Privilege assertions require a privilege log**

Local Rule 26.1(e)(2)(D) requires parties to serve a privilege log within 14 days after serving discovery responses withholding privileged documents or information.  Although more than 14 days have passed since serving the Responses, we still have not received a privilege log.  Please provide a date certain for service of a privilege log.

I'm generally available tomorrow or Wednesday if you would like to confer on the phone.

Brendan

**Brendan Everman**

**Pryor Cashman LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

---

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.