UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS/MATTHEWMAN

DEFENSE DISTRIBUTED, et al.,

Plaintiffs,

v.

JOHN ELIK, et al.,

Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT JOHN ELIK'S MOTION FOR RECOVERY OF REASONABLE
EXPENSES UNDER FED. R. CIV. P. 30(G)(1) [DE 72]**

THIS CAUSE is before the Court upon Defendant John Elik's Motion for Recovery of Reasonable Expenses Under Fed. R. Civ. P. 30(g)(1) ("Motion") [DE 72]. Plaintiffs filed a Response. [DE 81]. The Court held a remote hearing via Zoom video teleconference on the Motion on April 2, 2026. [DE 87]. The Court has also reviewed the Motion, Response, and the entire docket, as well as the accompanying exhibits and affidavits. Thus, the matter is ripe for review.

**INTRODUCTORY STATEMENT**

Unfortunately, it is quite clear to the Court that the parties and their counsel are not cooperating with one another in this case in general, and specifically during the discovery process. It is also unfortunately clear that the parties are ignoring the letter and spirit of the Court's Order Setting Discovery Procedure [DE 85] entered on April 1, 2026, when it comes to handling discovery disputes. The parties and their counsel are once again warned that this Court does not tolerate a lack of cooperation, a lack of courtesy or robust conferral, or any other discovery shenanigans. The instant discovery dispute is silly and could have easily been avoided by the

parties and their counsel had they acted with a modicum of professionalism and cooperation. Sanctions are being imposed against the offending parties and counsel as discussed below. However, going forward, additional sanctions shall be considered, as deemed appropriate, against any offending party or counsel if the game-playing, lack of cooperation and robust conferral, or violation of any court orders or rules continues during the discovery process. Further, the parties and their counsel are reminded that the discovery cutoff date is May 14, 2026 [DE 36], and the parties and their counsel are cautioned that it would be prudent for them to cooperate and act professionally with one another so that discovery may be completed by this rapidly approaching date.

## THE PENDING MOTION

Turning to the pending Motion, upon hearing from counsel and carefully reviewing the facts of this dispute and the applicable rules and law, it is readily apparent that Plaintiffs' *pro hac vice* counsel, Howard Foster, did not clearly, timely, and effectively communicate to Defendant John Elik's counsel, Matthew Larosiere, that the deposition of Mr. Elik was being canceled and/or rescheduled by Mr. Foster.

The facts establish that Mr. Foster noticed the deposition of Defendant Elik for March 3, 2026, by sending notice to the parties' counsel. [DE 72-1]. If Mr. Foster wished to cancel or reschedule the deposition of Mr. Elik, he had a duty to clearly communicate that information to Mr. Larosiere and all the parties' counsel, well before the scheduled deposition. All Mr. Foster had to do was send a notice of cancellation of the scheduled deposition to the parties' counsel and/or pick up the phone and call Mr. Larosiere. Mr. Foster failed to do so in a competent, professional, and timely manner. This failure by Mr. Foster caused Defendant Elik and his counsel to incur attorney's fees and expenses by having to show up and wait for the deposition noticed by Mr.

2

Foster, which Mr. Foster failed to attend. While Mr. Foster argues that he was told not to communicate with Mr. Larosiere directly as Mr. Larosiere is a defendant in this case, that argument is a red herring. Mr. Larosiere is a defendant in this case represented by attorney Zachary Zermay, and Mr. Larosiere is also an attorney in this case who represents Defendant John Elik. While unusual, this should not create any problem with notice or communication issues. Mr. Foster can readily communicate directly with Mr. Larosiere in Mr. Larosiere's capacity as Mr. Elik's counsel. Further, if Mr. Foster wants to communicate with Mr. Larosiere as to his status as a defendant in this case, all he must do, as discussed at the hearing, is include Mr. Larosiere's counsel, Mr. Zermay, in those communications. The Court made this clear during the hearing.

Further, Mr. Foster admitted during the hearing that he never specifically notified Mr. Elik's counsel, Mr. Larosiere, regarding canceling or rescheduling Mr. Elik's deposition. Rather, Mr. Foster asserts that he told Mr. Zermay that Mr. Elik's deposition was canceled, and that purported phone conversation regarding the deposition cancellation with Mr. Zermay was sufficient notice to Mr. Elik's counsel, Mr. Larosiere. In support, Mr. Foster only points to one phone conversation with Mr. Zermay regarding Mr. Foster's cancellation of Mr. Elik's deposition. Specifically, according to Mr. Foster, during that phone conversation, he told Mr. Zermay that the deposition of Mr. Elik was being rescheduled or canceled. But this purported conversation with Mr. Zermay, which Mr. Zermay does not recall, is not sufficient and proper notice to Mr. Larosiere in Mr. Larosiere's status as attorney for Mr. Elik.

## **THE COURT'S RULING**

Therefore, the Court rejects Mr. Foster's position and finds that Mr. Foster noticed the deposition of Mr. Elik but never properly advised Mr. Larosiere that he was canceling or rescheduling that deposition. Thus, because Mr. Foster noticed the deposition of Mr. Elik but did

3

not appear during the scheduled date and time to take Mr. Elik's deposition, expenses and attorney's fees under Federal Rule of Civil Procedure 30(g)(1)[1] are warranted.

Defendant requests $3,150 in attorney's fees and $365.38 in lost paid time off ("PTO") for the failure of Mr. Foster to attend the deposition. The $3,150 attorney's fee request accounts for 7 hours billed at $450 per hour. [DE 72 at 9–10]. The Court finds these claimed hours are unreasonably excessive and shall reduce the total amount of hours recoverable in this instance to 4.5 hours. The Court notes that not all of the time billed was wasted due to Mr. Foster's nonappearance. Specifically, the Court will credit Defendant 1 hour in prepping Mr. Elik for his deposition because Mr. Elik will necessarily be deposed on a later date; 0.5 hours in standing ready to defend the deposition because Defendant was informed that the deposition was canceled shortly after inquiring with Mr. Foster as to why he had not appeared; and 3 hours for preparing the Motion and appearing at the hearing. The hourly rate of $450 is unobjected to and deemed reasonable. Thus, the Court will award Defendant $2,025, that is, 4.5 hours of attorney time at $450 per hour, in attorney's fees. Further, since Defendant John Elik had to take a day off of work and use his PTO, the amount of $365.38 in lost PTO[2] shall be paid to Defendant John Elik by Mr. Foster and Plaintiffs.

## **CONCLUSION**

Accordingly, the Motion [DE 72] is **GRANTED IN PART AND DENIED IN PART** as stated in this Order. Defendant is awarded $2,390.38 in reasonable attorney's fees and expenses comprising (1) $2,025 in attorney's fees and (2) $365.38 in lost PTO. Plaintiffs and Mr. Foster

---

[1] Rule 30(g)(1) states that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to … attend and proceed with the deposition[.]"

[2] Plaintiffs never objected to awarding Mr. Elik's PTO under Rule 30(g)(1), and, therefore, any objection has been waived. *See* DE 81 at 4.

shall pay this amount to the trust account of attorney Matthew M. Larosiere within **15 days** from the date of this Order. The Court further advises all counsel that any further discovery hearings which may be necessary shall be held in the West Palm Beach Federal Courthouse, with no remote attendance of any kind permitted.

     **DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of April 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge