**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
            Defendants.

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**TO COMPEL THE DEPOSITION OF JASON TYRA**

Defendants' Motion to Compel the Deposition of Jason Tyra (Doc. 88) ("Motion") should

be denied because it does not establish "good cause" for Defendants' failure to comply with the

Scheduling Order's 30-day deadline to depose Plaintiffs' expert witness.

**BACKGROUND**

On December 16, 2025, the Court entered a Scheduling Order setting forth a clear and

orderly schedule for expert disclosures and depositions. Doc. 36. The Scheduling Order states, in

relevant part, that "Plaintiff(s) shall . . . furnish opposing counsel with expert reports" by February

19, 2026. *Id.* at 5. It further provides: "***Within the 30-day period following this disclosure***,

Plaintiff(s) shall make their experts available for deposition by Defendant(s)." *Id.* (emphasis

added). Similarly, the Scheduling Order requires Defendants to serve their expert reports by

March 19, 2026, and to make their experts available for deposition within 30 days thereafter.  *See id.*

In compliance with the Scheduling Order, Plaintiffs served an expert report prepared by Jason Tyra, an accountant, on February 19, 2026, and sent Defendants an email offering to make Mr. Tyra available for deposition on March 3, 2026.[1]  As a result, the 30-day deadline for Mr. Tyra's deposition was ***March 23, 2026***.

For reasons unexplained during the meet-and-confer process or in the Motion, Defendants waited until ***March 26, 2026***, to ask for alternative deposition dates for Mr. Tyra.  By that time, Defendants' deadline to depose Mr. Tyra and deadline to serve their own expert reports had already passed.  Given that the Scheduling Order deadlines can be modified only by District Judge Middlebrooks (*see* Scheduling Order ¶ 10), Plaintiffs declined to provide additional deposition dates for Mr. Tyra.

### DEFENDANTS HAVE NOT SHOWN "GOOD CAUSE" OR DILIGENCE IN SEEKING TO MODIFY THE SCHEDULING ORDER

A Scheduling Order can be modified only "upon a showing of good cause," Fed. R. Civ. P. 16(b), and "compelling circumstances," Scheduling Order ¶ 10.  Rule 16's "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking extension."  *See, e.g., Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  Thus, diligence is key.  "If a party was not diligent, the good cause inquiry should end."  *Id.* (internal citation and quotations omitted).  Additionally, a party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1), 16(b)(4).

---

[1] Mr. Tyra was also available for deposition March 9-13 and 16-20, 2026.  *See* Doc. 82-1 at 3.

Here, the Motion does not even attempt to establish good cause, diligence, or excusable neglect.  Although Plaintiffs made it clear during the conferral process that they were refusing to provide additional deposition dates for Mr. Tyra because the deadline had already passed, the Motion completely ignores the Scheduling Order.  Because the Motion fails to offer any justification for modifying the Scheduling Order, it should be summarily denied.

In the Motion, Defendants complain that Plaintiffs offered only one date for Mr. Tyra's deposition.  But Defendants cite no authority requiring Plaintiffs to offer multiple dates.  In any event, Defendants do not explain why they waited until *after* the 30-day deadline had already passed to request alternative deposition dates or file the Motion.  If Defendants believed that Plaintiffs were being uncooperative, "the proper course would have been to seek a discovery extension from this Court or to otherwise notify the Court of this issue prior to the [deadline]." *Am. Gen. Life Inc. Co. v. Schoenthal Fam., LLC*, 248 F.R.D. 298, 307-08 (N.D. Ga. 2008), *affirmed*, 555 F.3d 1331 (11th Cir. 2009).

At this point, Plaintiffs would be prejudiced by an extension of the expert deposition deadline because the "all discovery" deadline (May 14, 2026) is quickly approaching, and a large volume of discovery remains outstanding.  Accordingly, the Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion and award reasonable attorney's fees to Plaintiffs due to Defendants' noncompliance with the Scheduling Order.  *See* Scheduling Order ¶ 9.

Dated:  April 9, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*