UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

       *Plaintiffs*,

v.

JOHN ELIK; et. al.,

       *Defendants*.

_____/

## **DEFENDANT ALEXANDER HOLLADAY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs' Motion to Compel should be denied. It seeks sweeping relief, waiver of objections, compelled production of "all responsive documents[1]," and fees, without identifying any live entitlement to that relief. Defendants identified some procedural defects for the first time in their motion, and Defendant Holladay has since cured these supposed defects with amended responses and a Notice of Completion of Production.[2] What remains is not abuse by Holladay, but Plaintiffs' dissatisfaction that Holladay objected, specifically and properly, to facially defective requests.

Holladay explained, request by request, what was wrong: Plaintiffs' definitions expanded "document" and "communication" beyond Rule 34, used open-ended connectors such as "concerning," "referencing," and "relating to," and then demanded "all documents" or "all communications" across broad subjects, multiple platforms, and years of time. Far from boilerplate objections, Holladay's objections are the predictable and proper response to facially overbroad requests. See *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011).

### ARGUMENT

I. **The Motion is largely moot after Holladay's amended responses and notice of completion.**

A motion to compel must address actual, live disputes. It is not a vehicle to complain in the abstract about a response style the movant does not like. That is especially true here because the standing Order requires the motion to "frame the

---

[1] Plaintiffs did not identify anything actually withheld in their motion.

[2] The undersigned notes that the parties expressly agreed to give Mr. De Pury until Friday, April 10, 2026, to check for any additional responsive information and clarify responses. Plaintiffs filed their motion regardless, seeking nothing with specificity, and having attempted to confer only at the very last minute.

1

discovery issues and succinctly explain the dispute." (Doc. 85 at 4). Since then, Holladay has served amended responses and a Notice of Completion of Production. Exs. A–B. This could have been resolved without court involvement if Plaintiffs had bothered to actually identify their issues rather than simply vaguely decrying Defendants' discovery responses immediately before the deadline to file a motion to compel. *See* (Doc. 89-2 at 5) (vaguely complaining to all Defense counsel); *Id.* at 2-3 (the undersigned asking "Unless I know exactly what you're asking as opposed to what Amounts to all of everything then I'm at a loss."); *Id.* at 2 (still no specificity or any reference to any particular request); (Doc. 89-3) (same).

Holladay clarified Interrogatory No. 2, that he is not withholding responsive material, that production is complete, and, for the requests he answered, he has produced the responsive material within his possession, custody, or control. Ex. A. Plaintiffs should not be rewarded for "hiding the ball" despite multiple conferrals just to identify a purported issue for the first time in a motion seeking sanctions.

## II.    HOLLADAY'S OBJECTIONS WERE NOT "BOILERPLATE."

Plaintiffs repeatedly label Holladay's objections "boilerplate." That label is not a fit for the record. No one disputes that true boilerplate objections are improper. *Adelman* says as much. 276 F.R.D. at 688. But the defect condemned in *Adelman* is the use of generic objections that fail to explain why a particular request is objectionable. *Id.* He identified, with specificity, the defect in each request or definition. Ex. A. For example, he objected that Plaintiffs' definition of "Document" imported Florida Rule of Civil Procedure 1.350(a) into a federal action, then expanded

the term with vague "necessary to complete" language that goes beyond Rule 34. Ex. A at Definition 6. He objected that Plaintiffs' definition of "Communication" attempted to use Rule 34 requests for production to sweep in oral conversations, meetings, and other non-documentary exchanges. *Id.* at Definition 7. He objected that Plaintiffs' definitions of "related to," "relating to," and "regarding" swept in anything connected "in any way," eliminating any limiting principle. *Id.* at Definition 9. And he objected, request by request, that particular RFPs which sought "all documents" or "all communications" about sprawling, undefined subjects over years of time, or without reference to time, and across a swath of platforms, including manifestly third-party material. *Id.* at RFP Nos. 2, 11–14. Mr. Holladay's objections are the foreseeable result of Plaintiffs' abusive requests, definitions, and instructions. Plaintiffs may disagree with the objections, but *Adelman* criticizes objections that don't explain "how each question is [objectionable]." 276 F.R.D. at 688. Holladay's objections explained each of those.

### III.    PLAINTIFFS' REQUESTS ARE FACIALLY IMPROPER.

The source of this dispute is the requests themselves. Rule 34 requires that a request "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This District has long recognized that requests for production must be clear, concise, and reasonably particularized, and that broad "support your claim" or "all documents concerning the allegations" requests are objectionably broad. See *Puccio v. Sclafani*, No. 12-61840-CIV, 2013 WL 4068782, at *3 (S.D. Fla. Aug. 12, 2013). Plaintiffs' requests here rely on sprawling definitions, collapse limiting terms by defining "related to" and "regarding" to mean essentially

3

anything, and then demand "all documents" or "all communications" concerning broad subjects such as "firearms-related digital files," "coordination," or "moderation." Ex. A.

The individual requests are no better. RFP No. 2 seeks "[a]ll documents or communications" with any co-defendant "concerning" a broad list of topics, including "firearms-related digital files" and "online promotion of competing platforms," with no meaningful time limit. Ex. A. RFP No. 11 seeks *all* communications on a platform over more than six years, with no tie to the claims. *Id*. RFP No. 12 seeks *all* communications, messages, posts, or call logs across multiple Discord servers from 2019 forward. *Id*. RFPs 13 and 14 go further still, demanding "all remaining, non-deleted, or archived content," including drafts, moderation actions, and backend data, notwithstanding prior deletions. *Id*. These are maximalist demands drafted in the broadest possible way.

Courts in this District routinely reject requests framed in those terms. In *Great Lakes*, the court held that requests using terms such as "concerning" and "relating to" were "overbroad, vague, and ambiguous" because those formulations seek information in the broadest way possible and leave the responding party uncertain what is actually responsive. 2010 WL 5093746, at *5–6.

### IV. PLAINTIFFS ARE NOT ENTITLED TO A PRIVILEGE LOG BECAUSE NO MATERIAL IS BEING WITHHELD

Plaintiffs' privilege-log argument fails because it rests on a false premise: that Holladay withheld responsive material on privilege grounds. He did not. The objections were to the form of the question, and indications that Holladay was

producing responsive nonprivileged communications were a simple recitation of Rule 34, not an invocation. Plaintiffs' contrary position is pure speculation.

### V.     THE ONLY TWO REQUEST-SPECIFIC DISPUTES IDENTIFIED IN THE MOTION DO NOT SUPPORT FURTHER RELIEF.

For the first time in their motion, Plaintiffs argued that Holladay's original answer to Interrogatory No. 2 did not clearly identify communications with co-defendants about the "FEDCAD" meme. (Doc. 89 at 4). Holladay's supplemental answer now resolves that point: the communications do not exist. Ex. A. There is nothing left to compel.

RFP No. 12 fails for an independent reason: much of what Plaintiffs demand is outside Holladay's possession, custody, or control. In the Eleventh Circuit, "control" means the legal right to obtain the documents requested on demand. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Holladay does not possess or control communications that are held exclusively by third parties. Ex. A at RFP No. 12. His amended response now says so expressly, and that, after a reasonable search, he produced all responsive communications within his possession, custody, or control, and that he is not withholding responsive communications. *Id.* That is a complete Rule 34 response.

### CONCLUSION

The motion, and the request for fees, should be denied.


 DATED:  April 9, 2026

Gary C. De Pury
Attorney at Law
Florida Bar No: 126588
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6404
Email: Gary@DePury.com
*Counsel for Defendant Alex Holladay*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 9nd day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Gary C. De Pury, Esq.
Fla. Bar № 126588

6