UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas
corporation; DD FOUNDATION, LLC, a Texas
limited liability company; and, DEFCAD, INC.,
a Texas corporation,

*Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE;
ALEXANDER HOLLADAY; PETER
CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

*Defendants*.

_____/

**DEFENDANT ALEXANDER HOLLADAY'S RESPONSES TO PLAINTIFFS'
FIRST SET OF DISCOVERY**

i

Holladay Exhibit "A"

**ANSWER TO FIRST SET OF INTERROGATORIES**

**INTERROGATORY 1**: Identify all online usernames, handles, aliases, or personas You have used since January 1, 2019 on Reddit, Twitter/X, Facebook, Discord, Telegram, or any other online platform, including but not limited to any persona alleged in the Amended Complaint.

Response: CTRLPew2, CTRLPew, Helx Aolloday, Alex Holladay

**INTERROGATORY 2**: How did you contribute to creation and publication of the "FEDCAD" meme? Identify the time frame of your contribution and identify all communications with co-defendants concerning this effort on the meme.

**Response**: I did not contribute in any way to the creation of the FEDCAD meme. I saw it posted, It aligned with what I believed to be true. I reposed it a few times because I believed it to be both truthful and funny.

**SUPPLEMENTAL RESPONSE:** I did not contribute to the creation of the FEDCAD meme. I reposted it on a few occasions between 2023 and 2025 after seeing it posted by others because I believed it to be truthful and humorous. I had no communications with any co-defendant concerning the creation, publication, reposting, or other dissemination of the meme.

Holladay Exhibit "A"

**INTERROGATORY 3**: If you contend you were not involved in the creation and publication of the meme, identify those persons who were, and what each person did.

**Response:** I wasn't involved so I do not know.

**INTERROGATORY 4**: Describe Your relationship with MAF Corp., including any ownership interest, financial involvement, content creation, promotion, moderation, or operational role.

**Response:** I own a portion of the company and am the primary person who posts to its social media accounts.

**INTERROGATORY 5**: What is "the Gatalog?" If it is a legal entity, state the name of the entity and its address and principal place of business.  If it is not a legal entity, detail its structure, source of income, and the names of those individuals who operate and manage it.

**Response:** As I understand it, the Gatalog is a group of hobbyists on the internet who are enthusiastic about 3D printable firearms and accessories. Any organization happens organically on an individual level.  I do not have any insight into its income, as far as I am aware it does not have one.

2

Holladay Exhibit "A"

**INTERROGATORY 6:** If you contend MAF Corp. has no role in the FEDCAD meme or the other facts alleged in the Amended Complaint, detail the facts that support your contention.

**Objection**: This Interrogatory is improper and not answerable as drafted because it presupposes facts not in evidence and asks Defendant to "detail the facts" supporting a contention about a third party (MAF Corp.) when the Interrogatory is served on an individual. To the extent Plaintiffs contend MAF Corp. "has a role" in the alleged conduct, Plaintiffs bear the burden to plead and prove those facts; Defendant is not required to prove a negative or to marshal evidence disproving Plaintiffs' theory, particularly as to a separate entity.

Defendant further objects that the Interrogatory is vague and ambiguous as to "the other facts alleged in the Amended Complaint," and is overbroad and unduly burdensome to the extent it demands a narrative response addressing "the other facts alleged" across the entire pleading rather than identifying discrete conduct attributable to Defendant. The Interrogatory also improperly seeks Defendant's litigation strategy and mental impressions by requiring Defendant to set out, in narrative form, the universe of "facts" supporting a contention that the pleading lacks factual basis, rather than seeking admissible, non-argumentative information within Defendant's personal knowledge. Defendant will not respond as phrased.

3

Holladay Exhibit "A"

**Subject to and without waiving these objections, Defendant responds**: MAF Corp has never posted, shared, advertised or interacted with DEFCAD, their accounts, the FEDCAD meme, or threads on the topic.

**INTERROGATORY 7:** Describe how You generate traffic, users, or revenue for The Gatalog or any related platform, including through social media, memes, or online promotion.

**Objection:** This Interrogatory is improper and not answerable as drafted because it assumes facts not established and employs undefined, tendentious terms—namely that "The Gatalog" is a monetized "platform" (or has "related platform[s]") for which Defendant "generate[s] traffic, users, or revenue." Defendant disputes those premises. As Defendant has explained, "the Gatalog" is understood to be an informal descriptor for a decentralized community, not a discrete company, business, or revenue-generating platform operated by Defendant. The Interrogatory therefore improperly demands Defendant "describe" activities that Defendant contends do not exist as framed.

Defendant further objects that the Interrogatory is vague and ambiguous, including as to "generate," "traffic," "users," "revenue," "related platform," and "including through social media, memes, or online promotion," which is open-ended and could be read to encompass virtually any online speech, reposting, commentary, or association. It is also overbroad, unduly burdensome, and disproportionate because it seeks a sweeping narrative about

4

Holladay Exhibit "A"

promotional methods without any limitation to a relevant time period, specific alleged act, identified account, identified meme/content, or pleaded theory of liability. The Interrogatory is also objectionable to the extent it seeks information about protected speech and association, and/or seeks to chill lawful expression by requiring Defendant to catalogue expressive activity "including through … memes," absent a narrowly tailored showing of relevance to a specific claim or defense. Defendant will not respond as phrased.

**Subject to and without waiving these objections, Defendant responds:** I do not do any of the activity asked about.

**INTERROGATORY 8:** Identify the location of all computers and servers used by you, MAF corp., and your co-defendants to advance, operate or contribute to the businesses known as the Gatalog and MAF corp.

**Objection**: This Interrogatory is improper and not answerable as drafted because it is premised on an inaccurate factual and legal assumption that "the Gatalog and MAF corp" are "businesses" that Defendants "advance, operate or contribute to," and it compounds that premise by seeking information about "all computers and servers" allegedly used by "you, MAF corp., and your co-defendants" for those supposed business purposes. As served on an individual Defendant, the Interrogatory impermissibly demands information beyond Defendant's personal knowledge, custody, or control—specifically, the "location of all computers and servers" used by a separate entity (MAF corp.) and by other

5

Holladay Exhibit "A"

defendants—information that Defendant does not possess and is not in a position to identify absent speculation.

Defendant further objects that the Interrogatory is vague, ambiguous, and internally inconsistent, including as to: (i) what it means to "identify the location" (physical address, city/state, hosting provider, IP address, data center, cloud region, or something else); (ii) what qualifies as "computers and servers" (personal devices, phones, third-party hosting, shared infrastructure, cloud services, virtual machines, storage accounts, etc.); (iii) the meaning of "used … to advance, operate or contribute to" (a subjective, conclusory, and undefined standard that could encompass ordinary internet use, communications, and protected association); and (iv) the scope of "the businesses known as the Gatalog and MAF corp." when Defendant understands "the Gatalog" as an informal label for a loose, pseudonymous community, not a discrete enterprise with "operations" or centralized infrastructure.

The Interrogatory is also overbroad, unduly burdensome, and disproportionate because it seeks sweeping device-and-server location information untethered to any particular allegation, time period, publication, transaction, or act at issue. It is further objectionable to the extent it seeks sensitive operational security information (including physical locations of devices/servers and potentially identifying information of third parties) that is not necessary to resolve the claims and would pose undue risk, particularly where the context involves pseudonymous participants who fear harassment and reprisals. Defendant will not provide a global inventory of device and server locations on that basis.

6

Holladay Exhibit "A"

Defendant also objects that the Interrogatory, as phrased, is not reasonably limited in time and is not limited to systems used by Defendant; it effectively seeks a map of infrastructure for multiple persons and an entity, without any showing of relevance or proportionality. Defendant therefore objects and will not respond as phrased.

**Subject to and without waiving these objections, Defendant responds**: Defendant is not aware of the location of any "computers and servers" used "to advance or contribute to the businesses" known as "the Gatalog and MAF corp."

**INTERROGATORY 9:** Identify all email addresses and hand held devices (by phone number) you have used for the purposes set forth in the prior interrogatory, i.e., to operate Gatalog and MAF corp.

**Objection**: This Interrogatory is improper and not answerable as drafted because it incorporates—and depends entirely on—the defective premise and vague scope of the prior interrogatory (that Defendant "operate[s]" purported "businesses" known as "the Gatalog and MAF corp."). Defendant denies that "the Gatalog" is a business or organization that Defendant "operates." Accordingly, the Interrogatory calls for proof of a negative and demands Defendant identify communications identifiers supposedly used to carry out activities that Defendant contends did not occur.

Defendant further objects that the request is vague and ambiguous as to "for the purposes set forth" and "to operate," which are undefined and invite speculation and

Holladay Exhibit "A"

overinclusion. It is also overbroad, unduly burdensome, and disproportionate because it seeks "all email addresses" and "all hand held devices (by phone number)" allegedly used for these broad and ill-defined "purposes," without limitation as to time, particular account, particular content, or specific alleged act. The Interrogatory is also intrusive and seeks highly sensitive personal identifying information (email addresses and phone numbers), the disclosure of which raises privacy and security concerns and creates a risk of harassment or misuse—concerns that are heightened where Plaintiffs' theory appears to target pseudonymous participants and constitutionally protected association. To the extent disclosure is warranted at all, it should be narrowly tailored to specific accounts or communications alleged to be relevant, limited in time, and subject to an appropriate protective order and/or confidentiality designation.

Defendant also objects to the extent the Interrogatory seeks information not within Defendant's possession, custody, or control (including any identifiers purportedly used by MAF corp. or others), and to the extent it seeks to identify third parties' contact information. Defendant will not respond as phrased.

**Subject to and without waiving these objections, Defendant responds**: Defendant is not aware of any "email addresses and hand held devices" used "to advance or contribute to the businesses" known as "the Gatalog and MAF corp."

8

Holladay Exhibit "A"

**INTERROGATORY 10:** Was a lawyer consulted about the legality of the "FEDCAD meme?" And If so, identify the name and address of that lawyer and how that lawyer's legal advice was communicated to you and/or your colleagues.

**Objection**: This Interrogatory improperly seeks information protected by the attorney–client privilege and the work-product doctrine. It asks whether a lawyer was consulted about the "legality" of the "FEDCAD meme," and, if so, demands the lawyer's identity and address and "how that lawyer's legal advice was communicated" to Defendant and/or "colleagues." The existence, nature, and transmission of legal advice concerning the conduct alleged in the Amended Complaint squarely implicate privileged communications and counsel's mental impressions, and the requested "how communicated" information would necessarily reveal the substance and circumstances of confidential attorney–client communications (including who was involved, when, and by what means), as well as Defendants' litigation strategy. Defendant has not asserted an advice-of-counsel defense and does not intend to rely on privileged legal advice to support any claim or defense; therefore, there is no waiver.

Defendant further objects that the Interrogatory is vague and ambiguous as to "legality," "FEDCAD meme," and "colleagues," and is overbroad and disproportionate because it is not confined to any relevant timeframe, specific publication, or specific act alleged in the Amended Complaint, and it seeks information about communications involving unnamed third parties ("colleagues") beyond Defendant's knowledge, possession, custody, or control.

9

Holladay Exhibit "A"

**Subject to and without waiving these objections, Defendant responds**: As previously stated, I was not involved therefore I did not consult with lawyers regarding it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4/8/2026

Alexander Holladay

DATED:  April 9, 2026

Respectfully Submitted,

Gary C. De Pury
Florida Bar No: 126588
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6911.
Email: Gary@DePury.com
*Counsel for Defendant Alex Holladay.*

10

Holladay Exhibit "A"

**DEFENDANT ALEXANDER HOLLADAY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO DEFENDANT, ALEXANDER HOLLADAY**

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Defendant objects to Plaintiffs' Instructions and Definitions to the extent they purport to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Court's orders, and applicable law. Defendant's responses are made subject to and without waiving these objections.

Defendant further objects to each Instruction and Definition to the extent it seeks information or materials that are not relevant to any party's claim or defense, are not proportional to the needs of the case, are unreasonably cumulative or duplicative, or are obtainable from a more convenient, less burdensome, or less expensive source, under Fed. R. Civ. P. 26(b)(1) and 26(b)(2)(C).

Defendant also objects to each Instruction and Definition to the extent it seeks disclosure of information protected by the attorney-client privilege, work-product doctrine, joint-defense/common-interest protections, or any other applicable privilege, immunity, or protection. Any inadvertent disclosure is not intended as a waiver.

Defendant objects to Plaintiffs' Instructions and Definitions to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate, assume disputed facts, call for speculation, or purport to define terms in a manner that expands the ordinary and permissible scope of Rule 34 discovery.

Holladay Exhibit "A"

Defendant further objects to the extent Plaintiffs attempt, by definition or instruction, to require Defendant to create compilations, summaries, narratives, or other material not already existing in documentary form, or to require Defendant to investigate or produce materials outside his possession, custody, or control within the meaning of Fed. R. Civ. P. 34.

**Objections to Specific Instructions**

Instruction A (color copies)

Plaintiffs instruct that color copies "shall be provided" if the original or copy in Defendant's possession, custody, or control is in color. Defendant objects to this instruction as overbroad and unduly burdensome to the extent it purports to require color production for all responsive materials regardless of relevance, utility, or proportionality. Defendant further objects to the extent this instruction imposes a categorical production format requirement beyond Fed. R. Civ. P. 34(b)(2)(E).

Instruction B (all electronic documents in native format)

Plaintiffs instruct that "[a]ll electronic Documents shall be produced in their native format" and direct Defendant to coordinate format with counsel. Defendant objects because this blanket native-format mandate is inconsistent with Fed. R. Civ. P. 34(b)(2)(E), which permits production either as kept in the usual course of business or organized/labeled to correspond to the requests, and in a form in which ESI is ordinarily maintained or in a reasonably usable form. A unilateral instruction requiring native production of all ESI is overbroad, disproportionate, and not tied to any demonstrated need.

12

Holladay Exhibit "A"

Defendant further objects to the extent this instruction seeks metadata or embedded/system information not relevant or proportional, or would increase the risk of disclosing privileged information, confidential metadata, tracked changes, hidden comments, or other protected material. Defendant also objects to the extent the instruction is vague as to what constitutes the "proper format."

Subject to and without waiving these objections, Defendant will produce nonprivileged responsive documents in a reasonably usable form consistent with Rule 34, and the parties may meet and confer regarding specific categories for which native production is actually necessary.

**Specific Objections to Definitions**

Definition 1 ("Defendant," "You," or "Your")

Plaintiffs define "Defendant/You/Your" to include not only Mr. Holladay, but also "all ... agents, employees, officers, directors, members, partners, representatives, attorneys, affiliates, alter egos, predecessors, successors, and any person or entity acting or purporting to act on Defendant's behalf."

Defendant objects because this definition is overbroad, vague, and improper to the extent it expands "You" beyond the responding party and his possession, custody, or control under Rule 34.

Defendant specifically objects to inclusion of "attorneys," which impermissibly targets privileged communications and protected work product. Defendant also objects to undefined and conclusory terms such as "affiliates," "alter egos," and persons "purporting to act" on his behalf, which are vague and assume disputed legal and factual predicates.

13

Holladay Exhibit "A"

Defendant will construe "You/Your" to mean Defendant Holladay, and responsive materials within his possession, custody, or control, as required by Rule 34.

Definition 2 ("Plaintiffs" or "DEFCAD")

Plaintiffs define "Plaintiffs" or "DEFCAD" to include multiple entities and their owners, officers, employees, agents, and representatives. Defendant objects to the extent this definition is vague or used to obscure which plaintiff/entity is at issue in a particular request. Defendant further objects to the use of "DEFCAD" as an umbrella term where precision matters to relevance and proportionality. Defendant further objects to the extent that they have no reasonable way to know who these "owners, officers, employees, agents, and representatives" are.

Defendant will interpret this definition according to the request text and the specific entities expressly named, and reserves the right to object request-by-request where Plaintiffs fail to identify the relevant entity with reasonable particularity.

Definition 3 ("MAF Corp." or "MAF")

Plaintiffs define "MAF Corp." to include agents, employees, officers, affiliates, and representatives. Defendant objects to the extent this definition is overbroad, vague, and used to seek materials outside Defendant's possession, custody, or control, or to assume access to documents belonging to third parties or entities.

Definition 4 ("The Gatalog")

Plaintiffs define "The Gatalog" as "the business operating at or through www.thegatalog.com," including "all related websites, social-media accounts, entities,

14

Holladay Exhibit "A"

collaborators, monetization channels, and affiliated persons involved in the promotion, distribution, or sale of firearms-related files or products."

Defendant objects because this definition is vague, overbroad, and assumes disputed facts and legal conclusions (including the existence, scope, structure, and membership of an alleged "business," as well as what is "related" or "affiliated"). It is not limited by objective criteria and invites boundless interpretation.

Defendant will construe this term narrowly, based on the ordinary meaning of the specific term as used in each request and only to the extent relevant and proportional.

Definition 5 ("FEDCAD Meme")

Plaintiffs define "FEDCAD Meme" to include "the graphic, slogan, image, post, or any variation thereof," and assertions "as alleged in the Amended Complaint," including "all drafts, versions, reposts, amplifications, and derivative content."

Defendant objects because this definition is vague, overbroad, compound, and assumes Plaintiffs' characterization of disputed allegations. Terms such as "variation," "amplifications," and "derivative content" are undefined and potentially limitless.

Defendant will construe this term, if used, to refer only to the specific content reasonably identifiable from the request language and alleged facts, and not to an open-ended universe of loosely similar materials.

Definition 6 ("Document")

Plaintiffs define "Document" first by reference to Florida Rule 1.350(a), then by an expansive laundry list and follow-on provisions deeming annotated copies to be

15

Holladay Exhibit "A"

separate documents and requiring all referenced/related writings necessary to "complete" information or make it "not misleading."

Defendant objects on several grounds:

1) This is a federal action, and discovery is governed by the Federal Rules of Civil Procedure, not the Florida Rules of Civil Procedure. The attempt to define "Document" by reference to Fla. R. Civ. P. 1.350(a) is improper and inapplicable.

2) The definition is overbroad, unduly burdensome, duplicative, and disproportionate to the extent it seeks "all writings of any kind whatsoever" and functionally every conceivable data source without regard to Rule 26(b)(1).

3) The "not misleading" / "necessary to complete" language is vague and appears to require the responding party to make substantive judgments and produce additional materials beyond what is responsive to the actual request.

4) To the extent the definition is used to require production of materials not within Defendant's possession, custody, or control, or to require restoration of inaccessible sources (e.g., backups/legacy media) without the showing required by Rule 26(b)(2)(B), Defendant objects.

Defendant will construe "document" and "ESI" consistent with Rules 26 and 34.

Definition 7 ("Communication")

Plaintiffs define "Communication" to include oral statements, conversations, meetings, and many non-documentary exchanges.

Defendant objects because Requests for Production under Rule 34 seek documents, ESI, and tangible things—not oral communications as such. This definition is overbroad

16

Holladay Exhibit "A"

and may be used to blur the distinction between document requests and interrogatories / deposition topics.

Defendant will construe requests for "communications" to mean documents or ESI memorializing communications, to the extent otherwise discoverable.

Definition 8 ("Social Media")

Plaintiffs define "Social Media" to include any online platform allowing content creation or dissemination, including public and private platforms.

Defendant objects to the extent this definition is overbroad, vague, and untethered to relevance/proportionality, particularly as to private platforms, private groups, or private messages not reasonably connected to the claims or defenses.

Definition 9 ("Related to," "relating to," or "regarding")

Plaintiffs define these terms to include anything "directly or indirectly," "legally, logically, or factually" connected in "any way."

Defendant objects because this definition is facially overbroad, vague, and expansive beyond the limits of Rule 26(b)(1), effectively collapsing any limiting principle and inviting burdensome collection/review of marginally connected materials.

Defendant will construe these terms reasonably and in a manner consistent with Rule 26(b)(1) proportionality.

Definition 10 ("and" / "or" construed conjunctively or disjunctively)

Plaintiffs instruct that "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within scope any responses, documents, or communications that might otherwise be outside scope.

Holladay Exhibit "A"

Defendant objects because this is an impermissible unilateral expansion of the requests, rendering them vague and overbroad and destroying ordinary meaning. Defendant will construe conjunctions according to their ordinary meaning in context.

Definition 11 ("Evidencing")

Plaintiffs define "Evidencing" as "having a tendency to show, prove or disprove."

Defendant objects to the extent this definition broadens requests beyond materials that are reasonably particularized and proportional, and to the extent it invites subjective judgments about potential inferential value untethered to the actual request language.

Definition 12 ("This action" / "this lawsuit")

Plaintiffs define these terms as the above-styled case. Defendant objects to the extent Plaintiffs use this definition in any request in a manner that seeks privileged attorney work product, litigation strategy, or communications with counsel.

Definition 13 ("Person")

Plaintiffs define "Person" broadly to include natural persons and entities. Defendant objects only to the extent this definition is used to expand requests beyond relevance, proportionality, or Defendant's possession, custody, or control, or to require speculation as to unnamed/unidentified persons.

**CLARIFICATION REGARDING RESPONSES BELOW**

Defendant supplements these responses to clarify that, unless expressly stated otherwise, Defendant is not withholding responsive materials on the basis of attorney-client privilege, work-product protection, or common-interest protection, or otherwise. Where

18

Holladay Exhibit "A"

Defendant states that he has produced all nonprivileged responsive materials, that means all responsive materials within his possession, custody, or control that are not being explicitly withheld pursuant to a stated objection have been produced. It does not mean, and should not be taken to suggest, that some privileged documents exist which were not produced. Had privileged documents existed, a privilege log would have been provided. Where Defendant states that no responsive nonprivileged materials were located, Defendant means that after a reasonable search he found none within his possession, custody, or control.

**ANSWER TO FIRST REQUESTS FOR PRODUCTION**

**Request No. 1:**

"All documents and electronically stored information reflecting or evidencing Your use, control, or operation of any online account, persona, alias, or username used to post content referencing DEFCAD, FEDCAD, The Gatalog, or MAF Corp. from January 1, 2022 to present."

**Objection:**

Defendant objects to this Request as vague, ambiguous, and not reasonably particularized, including but not limited to the phrases "reflecting or evidencing," "use, control, or operation," "online account," "persona," "alias," "username," and "referencing." As drafted, the Request is unintelligible in material respects and does not provide a reasonably clear standard by which Defendant can identify the universe of documents sought.

Defendant further objects that the Request is overbroad and unduly burdensome because it seeks "all documents and electronically stored information" concerning "any"

19

Holladay Exhibit "A"

account/persona/alias/username, without reasonable limitation as to subject matter, platform, account type, or document category, and would require speculation as to what materials Plaintiffs contend "reflect[] or evidence[]" "use, control, or operation." The Request is also disproportionate to the needs of the case to the extent it seeks broad account-related materials untethered to any specific claim or defense.

Defendant further objects that the Request is overbroad and not proportional as to time because it seeks materials from January 1, 2022 to the present, without demonstrating relevance of that entire period to the claims and defenses in this action, particularly where the operative allegations are not reasonably limited to that full period.

Defendant further objects to the Request to the extent it relies on Plaintiffs' overbroad, vague, disputed, and objectionable definitions, including "DEFCAD," "FEDCAD," "The Gatalog," and "MAF Corp.," and to the extent the Request assumes disputed facts regarding the existence, scope, nature, or operation of "The Gatalog" and/or Defendant's alleged "use, control, or operation" of accounts in the manner implied by the Request.

Defendant further objects to the Request to the extent it seeks documents or ESI not within Defendant's possession, custody, or control, including materials maintained solely by third-party platforms or associated with accounts not controlled by Defendant.

Defendant further objects to the Request to the extent it seeks information not relevant to any claim or defense in this action, including unrelated online speech, accounts, or content, or materials concerning activity not tied to the claims or defenses actually pleaded.

Defendant further objects to the Request to the extent it calls for production of privileged communications, attorney work product, or other protected material.

20

Holladay Exhibit "A"

**Response:**

Because this request is vague and unintelligible in all material respects, Defendant cannot reasonably respond. Defendant has endeavored to give this request meaning, and has searched across his social media accounts for any time he mentioned Fedcad, Defcad, Wilson, Gatalog, or MAF. After a reasonable search and diligent inquiry, Defendant has produced all non-privileged responsive documents within his possession, custody, or control.

**Supplemental Response:** Construing this Request narrowly to seek materials within Defendant's possession, custody, or control that reflect Defendant's use of accounts identified in Interrogatory No. 1 to post content referencing DEFCAD, FEDCAD, The Gatalog, or MAF Corp. from January 1, 2022 forward, Defendant conducted a reasonable search and has produced all responsive materials located.

**Request No. 2:**

"All documents or communications between You and any co-Defendant concerning DEFCAD, FEDCAD, The Gatalog, MAF Corp., firearms-related digital files, or online promotion of competing platforms."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses sweeping and undefined terms including, but not limited to, "all documents or communications," "concerning," "FEDCAD," "The Gatalog," "MAF Corp.," "firearms-related digital files," and "online promotion of

Holladay Exhibit "A"

competing platforms." As drafted, the Request does not provide a reasonably clear or objective standard by which Defendant can identify what universe of materials is sought.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks all documents or communications between Defendant and any co-defendant "concerning" a broad and amorphous set of topics, several of which are undefined, disputed, or effectively limitless. The phrase "concerning," coupled with the breadth of the topic list, is so expansive that it could sweep in vast amounts of marginal, unrelated, or incidental communications not relevant to any claim or defense in this action.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, purports to seek communications without any temporal boundary. To the extent Plaintiffs intend to seek materials outside a reasonable period tied to the claims and defenses at issue (including communications predating the operative allegations), the Request is overbroad and disproportionate.

Defendant further objects that the Request is untethered to the claims or defenses in this action. In particular, the categories "firearms-related digital files" and "online promotion of competing platforms" are vastly broader than the issues pleaded and would sweep in substantial quantities of communications unrelated to the claims or defenses. Defendant also objects that "competing platforms" is vague, undefined, and assumes disputed factual and legal premises (including competition, market framing, and the relevant comparator).

22

Holladay Exhibit "A"

Defendant further objects to the extent the Request relies on Plaintiffs' disputed and objectionable definitions of "DEFCAD," "FEDCAD," "The Gatalog," and "MAF Corp.," and to the extent it assumes disputed facts regarding the nature, scope, or existence of "The Gatalog" and Defendant's alleged relationship to it.

Defendant further objects that the Request, as drafted, necessarily sweeps into privileged and protected matter, including attorney-client communications, attorney work product, and common-interest/joint-defense communications, particularly given that certain co-defendants are also represented by undersigned counsel. The breadth and vagueness of the Request make it impossible to segregate its intended scope from privileged subject matter without speculation and without imposing an undue burden disproportionate to the needs of the case.

Defendant further objects to the extent the Request seeks documents or communications not within Defendant's possession, custody, or control, including communications or records maintained solely by third-party platforms, applications, devices, or accounts not controlled by Defendant.

Defendant further objects to the extent the Request seeks materials implicating lawful associational or expressive activity unrelated to any claim or defense in this action.

**Response**:

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, is not reasonably limited in scope or time, and is facially overbroad and disproportionate, in particular

23

Holladay Exhibit "A"

because the reference to "firearms related digital files" is hopelessly broad given Defendant's involvement in the hobby. Defendant invites correspondence or conference about a targeted request, and will promptly provide such documents without the need for another request if Plaintiffs articulate a request properly limited in timeframe and scope.

**Supplemental response:** Defendant is not withholding responsive materials. Rather, Defendant objects because the Request as drafted is not reasonably particularized, is facially overbroad and disproportionate, and seeks broad categories of material untethered to the claims and defenses.

**Request No. 3:**

"All documents reflecting communications between You and any third party concerning the dissemination, amplification, promotion, or coordination of content alleging that DEFCAD was 'hacked' or 'dumped' multiple times."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses imprecise and expansive terms including, but not limited to, "documents reflecting communications," "any third party," "concerning," "dissemination," "amplification," "promotion," "coordination," and "content alleging that DEFCAD was 'hacked' or 'dumped' multiple times." As drafted, the Request fails to identify with reasonable clarity the specific content, communications, or events at issue.

Defendant further objects that the phrase "documents reflecting communications" is vague and overbroad and appears to seek not only communications themselves, but also

24

Holladay Exhibit "A"

any materials that might arguably "reflect" such communications, including indirect references, summaries, notes, screenshots, or other collateral materials, without reasonable limitation.

Defendant further objects that the Request is overbroad and disproportionate because it seeks documents concerning communications with "any third party," which is unlimited and could include an indeterminate universe of persons or entities, without reasonable subject-matter narrowing tied to specific claims or defenses.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents not relevant to any claim or defense in this action, including ordinary commentary, reposting, or discussions untethered to the claims and defenses actually pleaded.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control, including materials maintained solely by third-party platforms, services, or accounts.

Defendant further objects to the extent the Request, by its breadth and drafting, threatens to sweep in privileged or protected communications (including attorney-client communications and attorney work product), although Defendant is not presently aware of privileged communications responsive to this Request as reasonably construed.

**Response**:

Holladay Exhibit "A"

Subject to and without waiving the foregoing objections, and after a reasonable search, Defendant states that he has no communications in his possession, custody, or control responsive to this Request as reasonably construed and limited to documents relevant to the claims or defenses in this action and to a reasonable time period beginning January 1, 2023. Respondent further certifies that he is not withholding any responsive documents.

**Supplemental response:** Defendant is not withholding responsive materials on the basis of privilege. Rather, Defendant objects because the Request as drafted is not reasonably particularized, is facially overbroad and disproportionate, and seeks broad categories of material untethered to the claims and defenses.

## Request No. 4:

"All documents evidencing the creation, editing, posting, reposting, or dissemination of any content referencing DEFCAD or FEDCAD, including memes, posts, screenshots, images, captions, or links."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and imprecise terms including, but not limited to, "all documents evidencing," "creation," "editing," "posting," "reposting," "dissemination," "any content," and "referencing DEFCAD or FEDCAD." As drafted, the Request does not identify with reasonable particularity the specific content, events, posts,

26

Holladay Exhibit "A"

or communications sought, and does not provide a reasonably clear standard by which Defendant can determine the universe of responsive materials.

Defendant further objects that the Request is facially overbroad and disproportionate because it seeks "all documents evidencing" virtually any interaction with "any content" that "references" DEFCAD or FEDCAD, including "memes, posts, screenshots, images, captions, or links," without reasonable limitation as to subject matter, platform, context, or document category. The Request, as drafted, would sweep in vast quantities of unrelated, incidental, or tangential materials not relevant to any claim or defense in this action.

Defendant further objects that the term "referencing" is vague and overbroad and could encompass incidental mentions, quotations, commentary, links, screenshots, or unrelated materials merely containing or alluding to Plaintiffs' terms, without any meaningful connection to the claims or defenses.

Defendant further objects that the Request is untethered to the claims or defenses in this action and, as drafted, seeks materials far beyond the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, the Request is overbroad and disproportionate.

27

Holladay Exhibit "A"

Defendant further objects to the extent the Request seeks materials not within Defendant's possession, custody, or control, including materials maintained solely by third-party platforms, services, or accounts.

Defendant further objects to the extent the Request, by its breadth and drafting, threatens to sweep in privileged or protected communications or materials, including attorney-client communications and attorney work product, including litigation-related collection or investigative materials.

**Response**:

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, is not reasonably limited in scope or time, and is facially overbroad and disproportionate. To the extent any responsive documents did exist, however, Defendant notes that such have already been produced in response to Request for Production No. 1.

**Supplemental response:** Defendant objects to the request as drafted. Construed narrowly, responsive materials within Defendant's possession, custody, or control have already been produced in response to RFP 1.

**Request No. 5:**

"All documents reflecting traffic-generation strategies, promotional efforts, or audience-targeting activities for The Gatalog or any related platform, including use of social media, memes, forums, or coordinated posting activity."

28

Holladay Exhibit "A"

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses imprecise, subjective, and undefined terms including, but not limited to, "all documents reflecting," "traffic-generation strategies," "promotional efforts," "audience-targeting activities," "The Gatalog," "related platform," and "coordinated posting activity." As drafted, the Request does not identify with reasonable clarity the specific conduct, campaign, platform, content, or time period at issue and does not provide a reasonably objective standard by which Defendant can identify responsive materials.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks broad categories of generalized marketing or promotional materials untethered to specific claims or defenses in this action. The Request appears to seek sweeping discovery into alleged business, promotional, or audience-development activity rather than documents relevant to the pleaded claims and defenses.

Defendant further objects that the Request relies on disputed, vague, and objectionable definitions and terms, including "The Gatalog," and further uses the phrase "any related platform," which is vague, undefined, and effectively limitless (including as to what is "related," to what, and by what standard). The Request also assumes disputed facts regarding the nature, scope, and existence of "The Gatalog" and Defendant's alleged involvement in any such "strategies," "efforts," or "activities."

29

Holladay Exhibit "A"

Defendant further objects that the "including" clause ("including use of social media, memes, forums, or coordinated posting activity") does not narrow the Request and instead expands it to sweep in broad categories of ordinary online activity, commentary, or expression without reasonable limitation or demonstrated relevance.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control, including materials maintained solely by third-party platforms, services, or accounts.

Defendant further objects to the extent the Request seeks documents not relevant to any claim or defense in this action under Fed. R. Civ. P. 26(b)(1).

**Response**:

Subject to and without waiving the foregoing objections, and after a reasonable search, Defendant states that he is not aware of any nonprivileged documents in his possession, custody, or control responsive to this Request as reasonably construed and limited to documents relevant to the claims or defenses in this action and to a reasonable time period beginning January 1, 2023. Defendant further certifies that, even absent the temporal limitation, no responsive documents exist.

**Request No. 6**:

30

Holladay Exhibit "A"

"All documents reflecting Your role, responsibilities, or participation in MAF Corp., including documents evidencing coordination among members, decision-making processes, or shared objectives relating to online activity or promotion."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses broad, subjective, and undefined terms including, but not limited to, "all documents reflecting," "role," "responsibilities," "participation," "coordination," "decision-making processes," "shared objectives," and "relating to online activity or promotion." As drafted, the Request does not identify with reasonable clarity the specific topics, decisions, activities, or categories of documents sought and is unintelligible in material respects.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks generalized organizational, governance, and internal-strategy materials regarding MAF Corp. untethered to specific claims or defenses in this action. The Request, as drafted, sweeps far beyond any properly limited inquiry into matters relevant to the pleaded claims and defenses.

Defendant further objects to the phrase "coordination among members" as vague, inaccurate, and based on an incorrect factual premise. MAF Corp. does not have "members," and the Request is ambiguous as to what persons or roles Plaintiffs intend to capture through that phrase.

31

Holladay Exhibit "A"

Defendant further objects that the phrases "decision-making processes" and "shared objectives" are vague, amorphous, and effectively limitless, and appear to seek broad internal deliberative, organizational, and strategic materials without reasonable limitation or demonstrated relevance.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects that the Request is untethered to the claims or defenses in this action under Fed. R. Civ. P. 26(b)(1), and to the extent it seeks materials concerning lawful associational or expressive activity unrelated to any claim or defense.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control.

Defendant further objects to the extent the Request seeks privileged communications, attorney work product, or other protected material.

**Response**:

Subject to and without waiving the foregoing objections, Defendant has produced all nonprivileged responsive documents within Defendant's possession, custody, or control.

Defendant construes this Request narrowly and will not interpret it to require production of generalized internal materials, organizational deliberations, or broad categories of documents untethered to specific claims or defenses.

32

Holladay Exhibit "A"

**Request No. 7:**

"All documents reflecting any financial interest, revenue sharing, compensation, or other economic benefit You received or expected to receive in connection with The Gatalog, MAF Corp., or traffic diverted from DEFCAD."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and undefined terms including, but not limited to, "all documents reflecting," "any financial interest," "revenue sharing," "other economic benefit," "expected to receive," "The Gatalog," and "traffic diverted from DEFCAD." As drafted, the Request does not identify with reasonable clarity the specific transactions, revenue streams, time period, or allegedly relevant conduct at issue.

Defendant further objects that the Request is overbroad and disproportionate to the needs of the case to the extent it seeks broad categories of financial information untethered to specific claims or defenses, including speculative or hypothetical "expected" benefits, generalized financial interests, and sensitive financial information not shown to be relevant and proportional under Fed. R. Civ. P. 26(b)(1).

Defendant further objects to the term "The Gatalog" to the extent it relies on Plaintiffs' disputed, vague, and objectionable definition and assumes disputed facts regarding the existence, scope, and nature of an alleged entity or enterprise. Defendant further objects to the phrase "traffic diverted from DEFCAD" as vague, undefined, and not

33

Holladay Exhibit "A"

reasonably particularized, and because it assumes disputed facts and causation (including what "traffic" was allegedly diverted, by whom, when, and to what destination).

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents not within Defendant's possession, custody, or control, including records maintained by third-party entities, payroll processors, accountants, financial institutions, or other third parties.

Defendant further objects to the extent the Request seeks private financial information beyond what is relevant and proportional to the claims and defenses in this action.

**Response**:

Subject to and without waiving these objections, after a reasonable search and diligent inquiry, Defendant has not located any additional non-privileged documents reflecting revenue sharing, compensation, or other economic benefit beyond those already produced.

Defendant construes this Request narrowly and will not interpret it to require production of documents concerning speculative or hypothetical "expected" benefits, broad categories of unrelated financial information, or materials based on Plaintiffs' disputed characterization of "The Gatalog" or alleged "traffic diverted from DEFCAD."

34

Holladay Exhibit "A"

Defendant further states that he is not aware of any revenue, compensation, or other economic benefit received from "The Gatalog" as defined by Plaintiffs or from any "traffic diverted from DEFCAD" as alleged in the Request.

**Supplemental response:** Defendant conducted a reasonable search and has produced all responsive material within Defendant's possession, custody, or control.

**Request No. 8:**

"All documents reflecting analytics, metrics, engagement data, referral data, or performance tracking relating to content referencing DEFCAD or FEDCAD, including impressions, clicks, reposts, or audience reach."

**Objection:**

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and imprecise terms including, but not limited to, "all documents reflecting," "analytics," "metrics," "engagement data," "referral data," "performance tracking," "relating to," and "content referencing DEFCAD or FEDCAD." As drafted, the Request does not identify with reasonable particularity the specific content, account(s), platform(s), campaign(s), or time period at issue.

Defendant further objects that the term "referencing" is vague and overbroad and could encompass incidental mentions, commentary, links, screenshots, or unrelated materials merely containing or alluding to "DEFCAD" or "FEDCAD," without a meaningful connection to the claims or defenses in this action.

35

Holladay Exhibit "A"

Defendant further objects that the Request is overbroad and disproportionate to the needs of the case because it seeks broad categories of analytics and performance data untethered to any specifically identified post, content item, account, or allegedly wrongful activity. As drafted, the Request is not reasonably limited in scope and invites speculation as to what materials Plaintiffs contend are covered.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control, including analytics or platform-generated data maintained solely by third-party services or accounts not controlled by Defendant.

Defendant further objects to the extent the Request seeks documents not relevant to any claim or defense in this action under Fed. R. Civ. P. 26(b)(1).

**Response:**

Subject to and without waiving the foregoing objections, after a reasonable search and diligent inquiry, Defendant has produced all responsive documents within his possession, custody, or control reflecting analytics, metrics, engagement data, referral data, or performance tracking relating to content referencing DEFCAD or FEDCAD, and has not located any additional responsive documents.

36

Holladay Exhibit "A"

**Request No. 9:**

"All documents reflecting knowledge, awareness, or discussion of the impact of statements concerning DEFCAD on DEFCAD's users, customers, business relationships, or reputation."

**Objection:**

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and subjective terms including, but not limited to, "all documents reflecting," "knowledge," "awareness," "discussion," "impact," and "statements concerning DEFCAD." As drafted, the Request does not identify with reasonable particularity the specific statements, speakers, publications, communications, time period, or allegedly relevant events at issue.

Defendant further objects that the Request is improperly framed to seek documents "reflecting" abstract mental-state concepts ("knowledge" and "awareness") rather than reasonably identifiable categories of documents or ESI, and is therefore vague, unintelligible in material respects, and not reasonably particularized under Fed. R. Civ. P. 34.

Defendant further objects that the phrase "statements concerning DEFCAD" is vague and effectively unlimited because it does not identify what statements are at issue, by whom they were made, when they were made, or in what context or medium. Defendant further objects that the alleged "impact" categories—"users," "customers," "business relationships," and "reputation"—are broad, amorphous, and speculative as drafted, and are not reasonably limited to specific claims or defenses.

37

Holladay Exhibit "A"

Defendant further objects that the Request is untethered to the claims or defenses in this action and seeks broad categories of materials that could encompass generalized commentary, speculation, or discussions unrelated to the pleaded claims and defenses.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control.

**Response:**

Subject to and without waiving these objections, after a reasonable search and diligent inquiry, Defendant has not located any non-privileged documents within his possession, custody, or control reflecting knowledge, awareness, or discussion of the impact of statements concerning DEFCAD on DEFCAD's users, customers, business relationships, or reputation.

Defendant further states that he did not have knowledge of, awareness of, or discussions concerning the impact of statements concerning DEFCAD on DEFCAD's users, customers, business relationships, or reputation, as framed in this Request.

**<u>Request No. 10:</u>**

"All documents You intend to rely upon to support any contention that Your conduct relating to DEFCAD was independent, non-coordinated, non-commercial, or not intended to divert users to The Gatalog or any related platform."

38

Holladay Exhibit "A"

**Objection:**

Defendant objects to this Request as vague, ambiguous, compound, overbroad, and not reasonably particularized. The Request improperly bundles multiple distinct alleged "contentions" into a single request, including whether Defendant's conduct was "independent," "non-coordinated," "non-commercial," or "not intended to divert users," without identifying the specific conduct, statements, events, or time period at issue.

Defendant further objects that the Request is an improper and premature contention request to the extent it seeks all documents Defendant "intend[s] to rely upon" to support broad defensive positions before discovery is complete and before Defendant's proof has been fully developed. The phrase "intend to rely upon" is itself vague, inherently time-sensitive, and subject to change as discovery proceeds.

Defendant further objects that the Request improperly seeks to require Defendant to produce documents to "prove a negative," including the absence of coordination, absence of commercial purpose, and absence of intent to divert users. As framed, the Request is not reasonably particularized and is disproportionate to the needs of the case.

Defendant further objects that the Request, by seeking documents Defendant "intend[s] to rely upon," invades attorney work product, including counsel's mental impressions, legal theories, strategic assessments, and selection of evidence. Defendant also objects to the extent the Request seeks privileged communications or other protected material.

Defendant further objects to the Request's use of vague, undefined, and disputed terms including "The Gatalog," "related platform," and "divert users," and to the extent it

39

Holladay Exhibit "A"

assumes disputed facts, causation, motive, or the existence/nature of alleged coordinated or commercial conduct.

Defendant further objects that the Request is untethered to a reasonably particularized set of claims, events, or documents and is overbroad and disproportionate under Fed. R. Civ. P. 26(b)(1).

**Response:**

Subject to and without waiving the foregoing objections, after a reasonable search and diligent inquiry, Defendant has not located any non-privileged documents within his possession, custody, or control that were created for the purpose of evidencing or proving that his conduct relating to DEFCAD was independent, non-coordinated, non-commercial, or not intended to divert users to The Gatalog.

**Request No. 11:**

"All communications from January 1, 2019 to present on chat.deterrencedispensed.com in which You participated, including: (a) administrator or moderator chats; (b) rooms designated for moderation, enforcement, or administration; and (c) direct messages between You and any Defendant."

**Objection:**

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably particularized. The Request seeks all communications on a platform over a period of more than seven years in which Defendant allegedly "participated," including broad categories of chats, rooms, and direct messages, without any subject-matter limitation tied to the claims or defenses in this action.

Holladay Exhibit "A"

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks wholesale categories of communications (including administrator/moderator chats, moderation / enforcement / administration rooms, and direct messages) regardless of whether the communications relate in any way to any claim or defense. As drafted, the Request appears to seek a generalized dump of platform communications rather than discovery reasonably tailored to the issues in dispute.

Defendant further objects that the term "participated" is vague and ambiguous and fails to provide a reasonably clear standard for identifying responsive communications, including whether Plaintiffs mean sending messages, receiving messages, being present in a room, having access to a room, reading messages, reacting to messages, or some other form of alleged "participation."

Defendant further objects to subparts (a) and (b) as untethered to the claims or defenses in this action. The Request does not explain why "administrator or moderator chats" or rooms designated for "moderation, enforcement, or administration" are relevant, and as drafted it sweeps in broad categories of internal communications unrelated to the pleaded claims and defenses.

Defendant further objects that the Request is not reasonably limited in time and is overbroad and disproportionate in seeking communications from January 1, 2019 to present, including periods well before the operative allegations in this action.

41

Holladay Exhibit "A"

Defendant further objects that the Request seeks communications that may include nonparty private or confidential communications unrelated to any claim or defense in this action.

Defendant further objects to the extent the Request seeks materials not within Defendant's possession, custody, or control, including communications maintained solely by third-party platforms, servers, or accounts to which Defendant does not presently have access.

Defendant further objects to the extent the Request, by its breadth, could sweep in privileged or protected communications, including attorney-client communications or attorney work product. Defendant is not presently withholding any information on privilege grounds.

**Response:**

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, is facially overbroad and disproportionate, and seeks materials outside Defendant's possession, custody, or control. Defendant further notes the Request seeks all communications over a period exceeding six years without limitation to subject matter relevant to the claims or defenses in this action.

Defendant further objects to the extent the Request seeks communications maintained by third parties and not within Defendant's possession, custody, or control.

42

Holladay Exhibit "A"

**Request No. 12:**

"All communications, messages, posts, or call logs from January 1, 2019 to present on Discord servers known as: (a) 'Fuddbusters v.∞' / 'The Fuddbusters server'; (b) 'Club+Fed' / 'CTRL+Pew's server'; (c) 'Humans only' (a/k/a jny's server); and (d) 'FOSSCAD,' that reference DEFCAD, FEDCAD, Plaintiffs, The Gatalog, MAF Corp., or any coordinated messaging, moderation, or dissemination activities."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably particularized. The Request seeks sweeping categories of communications ("all communications, messages, posts, or call logs") across multiple Discord servers over a period of more than seven years, and is not reasonably tailored to specific claims, defenses, events, statements, or time periods at issue in this action.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks wholesale categories of server communications and call logs rather than documents or ESI reasonably limited to matters relevant to the claims or defenses. As drafted, the Request would require broad collection and review of large volumes of communications, including substantial nonparty communications unrelated to this action.

Defendant further objects to the terms "reference" and "that reference DEFCAD, FEDCAD, Plaintiffs, The Gatalog, [or] MAF Corp." as vague and overbroad to the extent

43

Holladay Exhibit "A"

they sweep in incidental mentions, commentary, quotations, screenshots, links, or unrelated discussions merely containing one or more of those terms.

Defendant further objects to the phrase "any coordinated messaging, moderation, or dissemination activities" as vague, ambiguous, unintelligible, and effectively limitless. The Request does not define what constitutes "coordinated messaging," "moderation," or "dissemination activities," does not identify any specific event or conduct at issue, and therefore fails to provide a reasonably clear standard by which Defendant can identify responsive materials.

Defendant further objects that the Request is untethered to the claims or defenses in this action, including to the extent it seeks broad categories of "moderation" activity or internal server communications without any showing of relevance to the pleaded claims and defenses.

Defendant further objects that the Request is not reasonably limited in time and is overbroad and disproportionate in seeking materials from January 1, 2019 to present, including periods well before the operative allegations in this action.

Defendant further objects that the Request seeks communications likely containing private and confidential communications of nonparties unrelated to any claim or defense in this action.

Defendant further objects to the extent the Request seeks materials not within Defendant's possession, custody, or control, including communications maintained solely by Discord, server operators, or other users.

Holladay Exhibit "A"

Defendant further objects to the extent the Request, by its breadth, could sweep in privileged or protected communications, including attorney-client communications or attorney work product.

**Response**:

Subject to and without waiving the foregoing objections, Defendant objects to this Request as overbroad and not proportional to the needs of the case. The Request seeks "all communications, messages, posts, or call logs" across multiple Discord servers over a period exceeding six years, and necessarily encompasses communications authored by numerous third parties.

To the extent the Request seeks communications created by individuals other than Defendant, such materials are not within Defendant's possession, custody, or control, and Defendant cannot produce documents belonging to third parties.

Defendant further objects that the Request implicates the privacy rights of non-parties and fails to limit production to communications authored by Defendant.

Subject to and without waiving these objections, Defendant will produce any non-privileged communications authored by Defendant that are responsive to this Request and within his possession, custody, or control after a reasonable search.

**Supplemental Response:** After a reasonable search, Defendant has produced all nonprivileged responsive communications, including responsive direct messages, that are within Defendant's possession, custody, or control, and has not located any additional such materials. Defendant is not withholding any responsive communications on the basis of

45

Holladay Exhibit "A"

privilege. Defendant does not have possession, custody, or control over communications authored by third parties, deleted third-party messages, server-wide records, or materials maintained solely by Discord, server operators, or other users.

**Request No. 13:**

"All remaining, non-deleted, or archived content from January 1, 2019 to present from any Twitter/X or Reddit account You control that references: DEFCAD, FEDCAD, Cody Wilson, Plaintiffs, data breaches, hacking, or dumping. This Request includes drafts, replies, reposts, direct messages, moderation actions, and backend data to the extent retained, notwithstanding any prior deletions"

**Objection**:

Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate. It seeks "all remaining, non-deleted, or archived content" from January 1, 2019 to the present from any Twitter/X or Reddit account Defendant controls, across a broad set of topics ("DEFCAD, FEDCAD, Cody Wilson, Defendants, data breaches, hacking, or dumping"), and then further expands to include "drafts, replies, reposts, direct messages, moderation actions, and backend data." This is not reasonably particularized and is not proportional to the needs of the case, particularly where the operative allegations in this action begin in 2023. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A).

Defendant further objects that this Request is duplicative and cumulative of Request No. 1, to which Defendant has already produced responsive materials. Fed. R. Civ. P.

46

Holladay Exhibit "A"

26(b)(1). To the extent Plaintiffs seek to expand the temporal scope back to 2019, Defendant objects as irrelevant and disproportionate in light of the timeframe of the pleaded conduct. Fed. R. Civ. P. 26(b)(1).

Defendant also objects to the extent this Request demands production of "deleted" content, "backend data," or other platform-side information beyond Defendant's possession, custody, or control, or requires restoration, reconstruction, or forensic retrieval of content. Rule 34 reaches only documents and ESI within the responding party's possession, custody, or control, and does not require a party to retrieve or recreate data the party cannot access. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(D). Defendant further objects to the extent this Request seeks materials protected by the attorney–client privilege or work-product doctrine; any such materials, if any, will be withheld and handled consistent with Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A).

**Response:** Subject to the foregoing objections, Defendant states that he controls Twitter/X and Reddit accounts, and Defendant has already produced the nonprivileged responsive materials within his possession, custody, or control for the relevant period covered by Request No. 1. After a reasonable search, Defendant has located no additional nonprivileged responsive documents within his possession, custody, or control beyond what has already been produced. Defendant cannot produce deleted, archived, backend, or other platform-side data to the extent it is not accessible to Defendant and not within Defendant's possession, custody, or control. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B).

**Request No. 14:**

47

Holladay Exhibit "A"

"All remaining, non-deleted, or archived content from January 1, 2019 to present from any Gatalog/Deterrence Dispensed Rocket.Chat account You control that references: DEFCAD, FEDCAD, Cody Wilson, Plaintiffs, data breaches, hacking, or dumping. This Request includes drafts, replies, reposts, direct messages, moderation actions, and backend data to the extent retained, notwithstanding any prior deletions."

**Objection**:

Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate. It seeks "all remaining, non-deleted, or archived content" from January 1, 2019 to the present from a Rocket.Chat account, across a sweeping list of topics ("DEFCAD, FEDCAD, Cody Wilson, Plaintiffs, data breaches, hacking, or dumping"), and then further expands to include "drafts, replies, reposts, direct messages, moderation actions, and backend data." This is not reasonably particularized and is not proportional to the needs of the case, particularly where the allegations at issue begin in 2023. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A).

Defendant further objects that the Request is duplicative and cumulative of Request No. 1 (which sought ESI reflecting or evidencing Defendant's use/control/operation of online accounts used to post content referencing DEFCAD/FEDCAD/The Gatalog/MAF Corp. from January 1, 2022 to present), and Defendant has already produced responsive materials to that request. Fed. R. Civ. P. 26(b)(1). To the extent Plaintiffs seek an expanded temporal scope back to 2019, Defendant objects as irrelevant and disproportionate given the pleaded conduct timeframe in this action. Fed. R. Civ. P. 26(b)(1).

48

Holladay Exhibit "A"

Defendant also objects to the extent the Request demands production of "deleted" content, "backend data," or other server-side information beyond Defendant's possession, custody, or control, or requires forensic reconstruction/restoration of content. Rule 34 reaches only documents and ESI within the responding party's possession, custody, or control, and does not require a party to retrieve or recreate data that the party cannot access. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(D). Defendant further objects to the extent the Request seeks materials protected by the attorney–client privilege or work-product doctrine; any such materials, if any, will be withheld and handled consistent with Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A).

**Response.** Subject to the foregoing objections, Defendant has already produced the nonprivileged responsive materials within his possession, custody, or control for the relevant period covered by Request No. 1 (January 1, 2022 to present). After a reasonable search, Defendant has located no additional nonprivileged responsive documents within his possession, custody, or control beyond what has already been produced. Defendant cannot produce deleted, archived, backend, or other data to the extent it is not accessible to Defendant and not within Defendant's possession, custody, or control. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B).

**<u>Request No. 15:</u>**

All non-privileged communications between You and Peter Celentano (a/k/a "Freeman1337") exchanged between January 1, 2019 and the present on Discord or Deterrence Dispensed Rocket.Chat that concern or relate to: DEFCAD; FEDCAD;

Holladay Exhibit "A"

allegations that DEFCAD was hacked dumped, or compromised; diversion of users or customers away from DEFCAD; the Gatalog; and/or MAF Corp

**Objection**:

Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate. It seeks all non-privileged communications over a period from January 1, 2019 to the present, across multiple broad subject matters ("DEFCAD," "FEDCAD," alleged hacking/dumping/compromise, diversion of users/customers, the Gatalog, and MAF Corp.), and uses the expansive phrase "concern or relate to," which is not reasonably particularized. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A).

Defendant further objects to the temporal scope reaching back to 2019 as overbroad and disproportionate to the needs of the case to the extent it is not reasonably tied to the claims and defenses at issue. Fed. R. Civ. P. 26(b)(1). Defendant also objects to the extent this Request seeks communications or platform-side data not within Defendant's possession, custody, or control, including messages that are no longer accessible through ordinary user access on Discord or Rocket.Chat. Fed. R. Civ. P. 34(a)(1).

**Response**. Subject to the foregoing objections, after a reasonable search and diligent inquiry, Defendant has located no non-privileged communications within his possession, custody, or control between Defendant and Peter Celentano (a/k/a "Freeman1337") on Discord or Deterrence Dispensed Rocket.Chat that are responsive to this Request.

**Request No. 16:**

50

Holladay Exhibit "A"

"All non-privileged communications between You and the user known as "Dr. Death" exchanged between January 1, 2019 and the present on Discord or Deterrence Dispensed Rocket.Chat that concern or relate to: DEFCAD; FEDCAD; allegations that DEFCAD was hacked dumped, or compromised; diversion of users or customers away from DEFCAD; the Gatalog; and/or MAF Corp"

**Objection**:

Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate. It seeks all non-privileged communications over a period from January 1, 2019 to the present, across multiple broad subject matters ("DEFCAD," "FEDCAD," alleged hacking/dumping/compromise, diversion of users/customers, the Gatalog, and MAF Corp.), and uses the expansive phrase "concern or relate to," which is not reasonably particularized. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A).

Defendant further objects to the temporal scope reaching back to 2019 as overbroad and disproportionate to the needs of the case to the extent it is not reasonably tied to the claims and defenses at issue. Fed. R. Civ. P. 26(b)(1). Defendant also objects to the extent this Request seeks communications or platform-side data not within Defendant's possession, custody, or control, including messages that are deleted, inaccessible, or otherwise unavailable through ordinary user access on Discord or Deterrence Dispensed Rocket.Chat. Fed. R. Civ. P. 34(a)(1).

**Response**. Subject to and without waiving the foregoing objections, Defendant states that, after a reasonable search and diligent inquiry, Defendant has produced non-privileged

51

Holladay Exhibit "A"

responsive communications within his possession, custody, or control between Defendant and the user known as "Dr. Death" on Discord or Deterrence Dispensed Rocket.Chat.

**Supplemental response:** Defendant conducted a reasonable search and has produced all responsive material.

**Request No. 17:**

"All non-privileged communications between You and Clay Christensen (a/k/a "UberClay") exchanged between January 1, 2019 and the present on Discord or Deterrence Dispensed Rocket.Chat that concern or relate to: DEFCAD; FEDCAD; allegations that DEFCAD was hacked dumped, or compromised; diversion of users or customers away from DEFCAD; the Gatalog; and/or MAF Corp

**Objection**:

Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate. It seeks all non-privileged communications over a period from January 1, 2019 to the present, across multiple broad subject matters ("DEFCAD," "FEDCAD," alleged hacking/dumping/compromise, diversion of users/customers, the Gatalog, and MAF Corp.), and uses the expansive phrase "concern or relate to," which is not reasonably particularized. Fed. R. Civ. P. 26(b)(1), 34(b)(1)(A).

Defendant further objects to the temporal scope reaching back to 2019 as overbroad and disproportionate to the needs of the case to the extent it is not reasonably tied to the claims and defenses at issue. Fed. R. Civ. P. 26(b)(1). Defendant also objects to the extent

Holladay Exhibit "A"

this Request seeks communications or platform-side data not within Defendant's possession, custody, or control, including messages that are deleted, inaccessible, or otherwise unavailable through ordinary user access on Discord or Deterrence Dispensed Rocket.Chat. Fed. R. Civ. P. 34(a)(1). To the extent this Request calls for any privileged communications notwithstanding its "non-privileged" limitation, any such material will be withheld and handled consistent with Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A).

**Response**. Subject to and without waiving the foregoing objections, Defendant states that, after a reasonable search and diligent inquiry, Defendant has produced non-privileged responsive communications within his possession, custody, or control between Defendant and Clay Christensen (a/k/a "UberClay") on Discord or Deterrence Dispensed Rocket.Chat.

**Supplemental response:** Defendant conducted a reasonable search and has produced all responsive material.

DATED:  April 9, 2026

Respectfully submitted,

*Gary C De Pury*

Gary C. De Pury
Attorney at Law
Florida Bar No: 126588
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6404
Email: Gary@DePury.com
*Counsel for Defendant Alex Holladay*

53

Holladay Exhibit "A"

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2026, I served electronically the

foregoing on opposing counsel by email.

_Gary C. De Pury_

Gary C. De Pury
Attorney at Law
Florida Bar No: 126588

54

Holladay Exhibit "A"