**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
          Defendants.
_____/

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT MATTHEW**
**LAROSIERE TO PRODUCE DOCUMENTS AND FOR SANCTIONS**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs hereby move for an order

compelling defendant Matthew Larosiere to produce the documents that Larosiere had agreed (but

failed) to produce on March 12, 2026.

**A.     Background**

Plaintiffs served their Request for Production of Documents ("Requests"), pursuant to

Federal Rule of Civil Procedure 34, on Larosiere (who is a defendant and lawyer representing

other defendants in this case) on January 8, 2026.  Ex. 1.  Larosiere and his counsel, Zachary

Zermay, attempted to avoid Larosiere's discovery obligations by challenging service by email.

Ex. 2.  This pettifoggery was rejected by Judge Middlebrooks.  *See* Doc. 69, Order, p.3 (noting

that all members of the Court's bar must accept service of court papers by email).  When presented

with this rule during the conferral process, Larosiere beat a hasty retreat and acknowledged that he had been properly served via email upon Zermay.  That gambit wasted precious time under the Court's tight discovery schedule.

On February 23, 2026, Larosiere served responses and objections ("Responses") to the Requests.  Ex. 3.  The Responses assert boilerplate objections to virtually every request.  Critically, as relevant here, the Responses do ***not*** assert any objections under Rule 26(g)(2) based on the lack of an attorney signature on the Requests.[1]

Plaintiffs' lawyer, Howard Foster, met and conferred with Zermay about the Responses by phone for more than an hour on February 26, 2026.  In that call, Zermay did ***not*** contend that the Requests were defective because they were "unsigned."  Instead, after the lengthy conferral, Zermay agreed that Larosiere would produce documents responsive to Request Nos. 1, 2, 4, 6, 8, 9, 10, 11, 12, and 13.[2]  Zermay agreed to produce those documents within 14 days, *i.e.* by March 12, 2026.  Zermay and Foster also discussed the entry of a protective order governing confidentiality.

But Zermay did not honor the agreement that he had made with Foster to supplement the Responses.  On March 15, 2026, after the 14 days had passed, Foster wrote to Zermay seeking the revised Responses and documents.  Ex. 4 (email chain).  On March 16, 2026, Zermay acknowledged that he had agreed to supplement Larosiere's document production but took the position, for the first time, that he was not required to comply with their agreement because he was

---

[1] Fed. R. Civ. P. 26(g) requires discovery requests and responses to be signed by the attorney issuing them.

[2] For Request No. 12, Foster agreed to supply search terms, and Zermay agreed to use those terms to conduct a search for responsive communications.

"invok[ing] Rule 26(g)(2)." *Id.* Zermay's email explained that he was taking that position because he was frustrated with the meet-and-confer process. *See id.* Given Larosiere's refusal to comply with the parties' agreement, Plaintiffs had no choice but to file this motion.

**B.       Larosiere Waived His Rule 26(g)(2) Objection by Failing to Timely Assert It.**

Local Rule 26.1(e)(2)(a) provides that: "Where an objection is made to any . . . production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof ***shall be waived***."  S.D. Fla. L.R. 26.1 26.1(e)(2)(a) (emphasis added).[3]

Here, Larosiere failed to timely assert a Rule 26(g)(2) objection to the Requests. Specifically, Larosiere did not raise that objection in his written Responses served on February 23, 2026.  Larosiere's counsel also did not raise that objection during the hour-long conferral with Plaintiffs' counsel on February 26, 2026.  It was not until March 16, 2026, that Larosiere belatedly claimed that the lack of a signature obviated the need for him to comply with the parties' negotiated discovery agreement.  By that point, the objection had already been waived because it was untimely.

Had Larosiere timely objected, Plaintiffs' former local counsel, Gregory Weiss, could have

---

[3] Even if there were no Local Rule directly on point (which there is), federal courts are skeptical of parties who do not timely object based on missing signatures. *See, e.g., Abe v. Virginia Dept. of Env. Quality*, 2023 WL 5183032 at *3 (E.D. Va. Aug. 11, 2023) ("Nevertheless, despite receiving multiple unsigned supplements, the plaintiffs accepted the FOTS Chart throughout the course of discovery, never filed a motion to compel versions of the FOTS Chart with signatures… The plaintiffs cannot have it both ways."); *State Farm Mut. Auto Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, 2015 WL 4094115 at *2 (E.D. Mich. July 7, 2015) ("The Court is troubled by this questionable behavior [claiming discovery requests and responses were unsigned].  The Court finds that this behavior alone could constitute grounds for deeming objections waived, or alternatively, striking these objections.").

explained the computer glitch that inadvertently removed his signature page from the service copy of the Requests.[4]   Additionally, Weiss could have served Larosiere with a signed copy of the Requests (*see* Ex. 5), thereby obviating the need for Court intervention.   *See* Fed. R. Civ. P. 26(g)(2) (expressly providing for a belated signature "after the omission is called to the attorney's or party's attention").   Accordingly, the Court should find that Larosiere waived any objection based on Rule 26(g)(2) and compel him to comply with the parties' negotiated discovery agreement.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (a) compel Larosiere to serve amended responses, and produce all documents responsive to, Request Nos. 1, 2, 4, 6, 8, 9, 10, 11, 12 (based on the provided search terms) and 13; and (b) award Plaintiffs their reasonable attorneys' fees and costs incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A); and (c) grant any other relief that this Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3) and the Court's Order Setting Discovery Procedure (Doc. 85), Plaintiffs' counsel certify that they have conferred in good faith with Larosiere's counsel via email, phone, and Zoom but have been unable to resolve the issues addressed in this motion.

---

[4] After Larosiere belatedly raised the Rule 26(g)(2) objection, Weiss's office explained to undersigned counsel that they "had no explanation" for why the service version of the Requests omitted the signature pages, that their "best guess" was that their firm's "email system, which scrubs metadata from all email attachments, somehow remove the contents of those pages," and that "this has never happened before."

Dated:  April 9, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*