# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas
corporation; DD FOUNDATION, LLC, a
Texas limited liability company; and,
DEFCAD, INC., a Texas corporation,

*Plaintiffs,*

v.

JOHN ELIK; MATTHEW LAROSIERE;
ALEXANDER HOLLADAY; PETER
CELENTANO; JOSH KIEL STROKE; JOHN
LETTMAN; and ZACHARY CLARKE,

*Defendants.*

_____/

**DEFENDANT MATTHEW LAROSIERE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION AND REQUESTS
FOR ADMISSION TO DEFENDANT, MATTHEW LAROSIERE**

i

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Defendant objects to Plaintiffs' Instructions and Definitions to the extent they purport to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Court's orders, and applicable law. Defendant's responses are made subject to and without waiving these objections.

Defendant further objects to each Instruction and Definition to the extent it seeks information or materials that are not relevant to any party's claim or defense, are not proportional to the needs of the case, are unreasonably cumulative or duplicative, or are obtainable from a more convenient, less burdensome, or less expensive source, under Fed. R. Civ. P. 26(b)(1) and 26(b)(2)(C).

Defendant also objects to each Instruction and Definition to the extent it seeks disclosure of information protected by the attorney-client privilege, work-product doctrine, joint-defense/common-interest protections, or any other applicable privilege, immunity, or protection. Any inadvertent disclosure is not intended as a waiver.

Defendant objects to Plaintiffs' Instructions and Definitions to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate, assume disputed facts, call for speculation, or purport to define terms in a manner that expands the ordinary and permissible scope of Rule 34 discovery.

Defendant further objects to the extent Plaintiffs attempt, by definition or instruction, to require Defendant to create compilations, summaries, narratives, or other material not already existing in documentary form, or to require Defendant to investigate or produce materials outside his possession, custody, or control within the meaning of Fed. R. Civ. P. 34.

**Objections to Specific Instructions**

Instruction A (color copies)

Plaintiffs instruct that color copies "shall be provided" if the original or copy in Defendant's possession, custody, or control is in color. Defendant objects to this instruction as overbroad and unduly burdensome to the extent it purports to require color production for all responsive materials regardless of relevance, utility, or proportionality. Defendant further objects to the extent this instruction imposes a categorical production format requirement beyond Fed. R. Civ. P. 34(b)(2)(E).

Instruction B (all electronic documents in native format)

Plaintiffs instruct that "[a]ll electronic Documents shall be produced in their native format" and direct Defendant to coordinate format with counsel.  Defendant objects because this blanket native-format mandate is inconsistent with Fed. R. Civ. P. 34(b)(2)(E), which permits production either as kept in the usual course of business or organized/labeled to correspond to the requests, and in a form in which ESI is ordinarily maintained or in a reasonably usable form. A unilateral instruction requiring native production of all ESI is overbroad, disproportionate, and not tied to any demonstrated need.

2

Defendant further objects to the extent this instruction seeks metadata or embedded/system information not relevant or proportional, or would increase the risk of disclosing privileged information, confidential metadata, tracked changes, hidden comments, or other protected material. Defendant also objects to the extent the instruction is vague as to what constitutes the "proper format."

Subject to and without waiving these objections, Defendant will produce nonprivileged responsive documents in a reasonably usable form consistent with Rule 34, and the parties may meet and confer regarding specific categories for which native production is actually necessary.

### **Specific Objections to Definitions**

Definition 1 ("Defendant," "You," or "Your")

Plaintiffs define "Defendant/You/Your" to include not only Mr. Larosiere, but also "all ... agents, employees, officers, directors, members, partners, representatives, attorneys, affiliates, alter egos, predecessors, successors, and any person or entity acting or purporting to act on Defendant's behalf."

Defendant objects because this definition is overbroad, vague, and improper to the extent it expands "You" beyond the responding party and his possession, custody, or control under Rule 34.

Defendant specifically objects to inclusion of "attorneys," which impermissibly targets privileged communications and protected work product. Defendant also objects to undefined and conclusory terms such as "affiliates," "alter

egos," and persons "purporting to act" on his behalf, which are vague and assume disputed legal and factual predicates.

Defendant will construe "You/Your" to mean Defendant Matthew Larosiere, and responsive materials within his possession, custody, or control, as required by Rule 34.

### Definition 2 ("Plaintiffs" or "DEFCAD")

Plaintiffs define "Plaintiffs" or "DEFCAD" to include multiple entities and their owners, officers, employees, agents, and representatives. Defendant objects to the extent this definition is vague or used to obscure which plaintiff/entity is at issue in a particular request. Defendant further objects to the use of "DEFCAD" as an umbrella term where precision matters to relevance and proportionality.

Defendant will interpret this definition according to the request text and the specific entities expressly named, and reserves the right to object request-by-request where Plaintiffs fail to identify the relevant entity with reasonable particularity.

### Definition 3 ("MAF Corp." or "MAF")

Plaintiffs define "MAF Corp." to include agents, employees, officers, affiliates, and representatives. Defendant objects to the extent this definition is overbroad, vague, and used to seek materials outside Defendant's possession, custody, or control, or to assume access to documents belonging to third parties or entities.

### Definition 4 ("The Gatalog")

4

Plaintiffs define "The Gatalog" as "the business operating at or through www.thegatalog.com," including "all related websites, social-media accounts, entities, collaborators, monetization channels, and affiliated persons involved in the promotion, distribution, or sale of firearms-related files or products."

Defendant objects because this definition is vague, overbroad, and assumes disputed facts and legal conclusions (including the existence, scope, structure, and membership of an alleged "business," as well as what is "related" or "affiliated"). It is not limited by objective criteria and invites boundless interpretation.

Defendant will construe this term narrowly, based on the ordinary meaning of the specific term as used in each request and only to the extent relevant and proportional.

Definition 5 ("FEDCAD Meme")

Plaintiffs define "FEDCAD Meme" to include "the graphic, slogan, image, post, or any variation thereof," and assertions "as alleged in the Amended Complaint," including "all drafts, versions, reposts, amplifications, and derivative content."

Defendant objects because this definition is vague, overbroad, compound, and assumes Plaintiffs' characterization of disputed allegations. Terms such as "variation," "amplifications," and "derivative content" are undefined and potentially limitless.

Defendant will construe this term, if used, to refer only to the specific content reasonably identifiable from the request language and alleged facts, and not to an open-ended universe of loosely similar materials.

Definition 6 ("Document")

Plaintiffs define "Document" first by reference to Florida Rule 1.350(a), then by an expansive laundry list and follow-on provisions deeming annotated copies to be separate documents and requiring all referenced/related writings necessary to "complete" information or make it "not misleading."

 Defendant objects on several grounds:

1) This is a federal action, and discovery is governed by the Federal Rules of Civil Procedure, not the Florida Rules of Civil Procedure. The attempt to define "Document" by reference to Fla. R. Civ. P. 1.350(a) is improper and inapplicable.

2) The definition is overbroad, unduly burdensome, duplicative, and disproportionate to the extent it seeks "all writings of any kind whatsoever" and functionally every conceivable data source without regard to Rule 26(b)(1).

3) The "not misleading" / "necessary to complete" language is vague and appears to require the responding party to make substantive judgments and produce additional materials beyond what is responsive to the actual request.

4) To the extent the definition is used to require production of materials not within Defendant's possession, custody, or control, or to require restoration of inaccessible sources (e.g., backups/legacy media) without the showing required by Rule 26(b)(2)(B), Defendant objects.

Defendant will construe "document" and "ESI" consistent with Rules 26 and 34.

Definition 7 ("Communication")

Plaintiffs define "Communication" to include oral statements, conversations, meetings, and many non-documentary exchanges.

Defendant objects because Requests for Production under Rule 34 seek documents, ESI, and tangible things—not oral communications as such. This definition is overbroad and may be used to blur the distinction between document requests and interrogatories/deposition topics.

Defendant will construe requests for "communications" to mean documents or ESI memorializing communications, to the extent otherwise discoverable.

Definition 8 ("Social Media")

Plaintiffs define "Social Media" to include any online platform allowing content creation or dissemination, including public and private platforms.

Defendant objects to the extent this definition is overbroad, vague, and untethered to relevance/proportionality, particularly as to private platforms, private groups, or private messages not reasonably connected to the claims or defenses.

Definition 9 ("Related to," "relating to," or "regarding")

Plaintiffs define these terms to include anything "directly or indirectly," "legally, logically, or factually" connected in "any way."

Defendant objects because this definition is facially overbroad, vague, and expansive beyond the limits of Rule 26(b)(1), effectively collapsing any limiting principle and inviting burdensome collection/review of marginally connected materials.

Defendant will construe these terms reasonably and in a manner consistent with Rule 26(b)(1) proportionality.

Definition 10 ("and" / "or" construed conjunctively or disjunctively)

Plaintiffs instruct that "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within scope any responses, documents, or communications that might otherwise be outside scope.

Defendant objects because this is an impermissible unilateral expansion of the requests, rendering them vague and overbroad and destroying ordinary meaning. Defendant will construe conjunctions according to their ordinary meaning in context.

Definition 11 ("Evidencing")

Plaintiffs define "Evidencing" as "having a tendency to show, prove or disprove."

Defendant objects to the extent this definition broadens requests beyond materials that are reasonably particularized and proportional, and to the extent it

8

invites subjective judgments about potential inferential value untethered to the actual request language.

Definition 12 ("This action" / "this lawsuit")

Plaintiffs define these terms as the above-styled case. No objection, except Defendant objects to the extent Plaintiffs use this definition in any request in a manner that seeks privileged attorney work product, litigation strategy, or communications with counsel.

Definition 13 ("Person")

Plaintiffs define "Person" broadly to include natural persons and entities. Defendant objects only to the extent this definition is used to expand requests beyond relevance, proportionality, or Defendant's possession, custody, or control, or to require speculation as to unnamed/unidentified persons.

## ANSWER TO FIRST REQUESTS FOR PRODUCTION

**Request No. 1:**

"All documents and electronically stored information reflecting or evidencing Your use, control, or operation of any online account, persona, alias, or username used to post content referencing DEFCAD, FEDCAD, The Gatalog, or MAF Corp. from January 1, 2022 to present."

**Objection:**

9

Defendant objects to this Request as vague, ambiguous, and not reasonably particularized, including but not limited to the phrases "reflecting or evidencing," "use, control, or operation," "online account," "persona," "alias," "username," and "referencing." As drafted, the Request is unintelligible in material respects and does not provide a reasonably clear standard by which Defendant can identify the universe of documents sought.

Defendant further objects that the Request is overbroad and unduly burdensome because it seeks "all documents and electronically stored information" concerning "any" account/persona/alias/username, without reasonable limitation as to subject matter, platform, account type, or document category, and would require speculation as to what materials Plaintiffs contend "reflect[] or evidence[]" "use, control, or operation." The Request is also disproportionate to the needs of the case to the extent it seeks broad account-related materials untethered to any specific claim or defense. Defendant further objects that the Request is overbroad and not proportional as to time because it seeks materials from January 1, 2022 to the present, without demonstrating relevance of that entire period to the claims and defenses in this action, particularly where the operative allegations are not reasonably limited to that full period.

Defendant further objects to the Request to the extent it relies on Plaintiffs' overbroad, vague, disputed, and objectionable definitions, including "DEFCAD," "FEDCAD," "The Gatalog," and "MAF Corp.," and to the extent the Request assumes disputed facts regarding the existence, scope, nature, or operation of "The Gatalog"

10

and/or Defendant's alleged "use, control, or operation" of accounts in the manner implied by the Request.

Defendant further objects to the Request to the extent it seeks documents or ESI not within Defendant's possession, custody, or control, including materials maintained solely by third-party platforms or associated with accounts not controlled by Defendant.

Defendant further objects to the Request to the extent it seeks information not relevant to any claim or defense in this action, including unrelated online speech, accounts, or content, or materials concerning activity not tied to the claims or defenses actually pleaded.

Defendant further objects to the Request to the extent it calls for production of privileged communications, attorney work product, or other protected material.

**Response:**

Because this request is vague and unintelligible in all material respects, Defendant cannot reasonably respond.

**Request No. 2:**

"All documents or communications between You and any co-Defendant concerning DEFCAD, FEDCAD, The Gatalog, MAF Corp., firearms-related digital files, or online promotion of competing platforms."

**Objection**:

11

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses sweeping and undefined terms including, but not limited to, "all documents or communications," "concerning," "FEDCAD," "The Gatalog," "MAF Corp.," "firearms-related digital files," and "online promotion of competing platforms." As drafted, the Request does not provide a reasonably clear or objective standard by which Defendant can identify what universe of materials is sought.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks all documents or communications between Defendant and any co-defendant "concerning" a broad and amorphous set of topics, several of which are undefined, disputed, or effectively limitless. The phrase "concerning," coupled with the breadth of the topic list, is so expansive that it could sweep in vast amounts of marginal, unrelated, or incidental communications not relevant to any claim or defense in this action.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, purports to seek communications without any temporal boundary. To the extent Plaintiffs intend to seek materials outside a reasonable period tied to the claims and defenses at issue (including communications predating the operative allegations), the Request is overbroad and disproportionate.

Defendant further objects that the Request is untethered to the claims or defenses in this action. In particular, the categories "firearms-related digital files" and "online promotion of competing platforms" are vastly broader than the issues

12

pleaded and would sweep in substantial quantities of communications unrelated to the claims or defenses. Defendant also objects that "competing platforms" is vague, undefined, and assumes disputed factual and legal premises (including competition, market framing, and the relevant comparator).

Defendant further objects to the extent the Request relies on Plaintiffs' disputed and objectionable definitions of "DEFCAD," "FEDCAD," "The Gatalog," and "MAF Corp.," and to the extent it assumes disputed facts regarding the nature, scope, or existence of "The Gatalog" and Defendant's alleged relationship to it.

Defendant further objects that the Request, as drafted, necessarily sweeps into privileged and protected matter, including attorney-client communications, attorney work product, and common-interest/joint-defense communications, particularly given that certain co-defendants are also represented by undersigned counsel. The breadth and vagueness of the Request make it impossible to segregate its intended scope from privileged subject matter without speculation and without imposing an undue burden disproportionate to the needs of the case.

Defendant further objects to the extent the Request seeks documents or communications not within Defendant's possession, custody, or control, including communications or records maintained solely by third-party platforms, applications, devices, or accounts not controlled by Defendant.

Defendant further objects to the extent the Request seeks materials implicating lawful associational or expressive activity unrelated to any claim or defense in this action.

13

**Response**:

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, is not reasonably limited in scope or time, and is facially overbroad and disproportionate.

**Request No. 3:**

"All documents reflecting communications between You and any third party concerning the dissemination, amplification, promotion, or coordination of content alleging that DEFCAD was 'hacked' or 'dumped' multiple times."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses imprecise and expansive terms including, but not limited to, "documents reflecting communications," "any third party," "concerning," "dissemination," "amplification," "promotion," "coordination," and "content alleging that DEFCAD was 'hacked' or 'dumped' multiple times." As drafted, the Request fails to identify with reasonable clarity the specific content, communications, or events at issue.

Defendant further objects that the phrase "documents reflecting communications" is vague and overbroad and appears to seek not only communications themselves, but also any materials that might arguably "reflect"

14

such communications, including indirect references, summaries, notes, screenshots, or other collateral materials, without reasonable limitation.

Defendant further objects that the Request is overbroad and disproportionate because it seeks documents concerning communications with "any third party," which is unlimited and could include an indeterminate universe of persons or entities, without reasonable subject-matter narrowing tied to specific claims or defenses.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents not relevant to any claim or defense in this action, including ordinary commentary, reposting, or discussions untethered to the claims and defenses actually pleaded.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control, including materials maintained solely by third-party platforms, services, or accounts.

Defendant further objects to the extent the Request, by its breadth and drafting, threatens to sweep in privileged or protected communications (including attorney-client communications and attorney work product), although Defendant is not presently aware of privileged communications responsive to this Request as reasonably construed.

15

**Response**:

Subject to and without waiving the foregoing objections, and after a reasonable search, Defendant states that he is not aware of any nonprivileged documents or communications in his possession, custody, or control responsive to this Request as reasonably construed and limited to documents relevant to the claims or defenses in this action and to a reasonable time period beginning January 1, 2023. Defendant further states that he did not disseminate, amplify, promote, or coordinate the content referenced in this Request.

**Request No. 4:**

"All documents evidencing the creation, editing, posting, reposting, or dissemination of any content referencing DEFCAD or FEDCAD, including memes, posts, screenshots, images, captions, or links."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and imprecise terms including, but not limited to, "all documents evidencing," "creation," "editing," "posting," "reposting," "dissemination," "any content," and "referencing DEFCAD or FEDCAD." As drafted, the Request does not identify with reasonable particularity the specific content, events, posts, or communications sought, and does not provide a reasonably clear standard by which Defendant can determine the universe of responsive materials.

16

Defendant further objects that the Request is facially overbroad and disproportionate because it seeks "all documents evidencing" virtually any interaction with "any content" that "references" DEFCAD or FEDCAD, including "memes, posts, screenshots, images, captions, or links," without reasonable limitation as to subject matter, platform, context, or document category. The Request, as drafted, would sweep in vast quantities of unrelated, incidental, or tangential materials not relevant to any claim or defense in this action.

Defendant further objects that the term "referencing" is vague and overbroad and could encompass incidental mentions, quotations, commentary, links, screenshots, or unrelated materials merely containing or alluding to Plaintiffs' terms, without any meaningful connection to the claims or defenses.

Defendant further objects that the Request is untethered to the claims or defenses in this action and, as drafted, seeks materials far beyond the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, the Request is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks materials not within Defendant's possession, custody, or control, including materials maintained solely by third-party platforms, services, or accounts.

17

Defendant further objects to the extent the Request, by its breadth and drafting, threatens to sweep in privileged or protected communications or materials, including attorney-client communications and attorney work product, including litigation-related collection or investigative materials.

**Response**:

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, is not reasonably limited in scope or time, and is facially overbroad and disproportionate.

Defendant further states that he did not create, edit, post, repost, or disseminate the "FEDCAD" meme content that appears to be at issue in Plaintiffs' allegations.

### Request No. 5:

"All documents reflecting traffic-generation strategies, promotional efforts, or audience-targeting activities for The Gatalog or any related platform, including use of social media, memes, forums, or coordinated posting activity."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses imprecise, subjective, and undefined terms including, but not limited to, "all documents reflecting," "traffic-generation strategies," "promotional efforts," "audience-targeting activities," "The Gatalog,"

18

"related platform," and "coordinated posting activity." As drafted, the Request does not identify with reasonable clarity the specific conduct, campaign, platform, content, or time period at issue and does not provide a reasonably objective standard by which Defendant can identify responsive materials.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks broad categories of generalized marketing or promotional materials untethered to specific claims or defenses in this action. The Request appears to seek sweeping discovery into alleged business, promotional, or audience-development activity rather than documents relevant to the pleaded claims and defenses.

Defendant further objects that the Request relies on disputed, vague, and objectionable definitions and terms, including "The Gatalog," and further uses the phrase "any related platform," which is vague, undefined, and effectively limitless (including as to what is "related," to what, and by what standard). The Request also assumes disputed facts regarding the nature, scope, and existence of "The Gatalog" and Defendant's alleged involvement in any such "strategies," "efforts," or "activities."

Defendant further objects that the "including" clause ("including use of social media, memes, forums, or coordinated posting activity") does not narrow the Request and instead expands it to sweep in broad categories of ordinary online activity, commentary, or expression without reasonable limitation or demonstrated relevance.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it

19

seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control, including materials maintained solely by third-party platforms, services, or accounts.

Defendant further objects to the extent the Request seeks documents not relevant to any claim or defense in this action under Fed. R. Civ. P. 26(b)(1).

**Response**:

Subject to and without waiving the foregoing objections, and after a reasonable search, Defendant states that he is not aware of any nonprivileged documents in his possession, custody, or control responsive to this Request as reasonably construed and limited to documents relevant to the claims or defenses in this action and to a reasonable time period beginning January 1, 2023.

Defendant further states that he did not engage in traffic-generation strategies, promotional efforts, audience-targeting activities, or coordinated posting activity for "The Gatalog" or any "related platform" as framed in this Request.

**Request No. 6**:

"All documents reflecting Your role, responsibilities, or participation in MAF Corp., including documents evidencing coordination among members, decision-making processes, or shared objectives relating to online activity or promotion."

20

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses broad, subjective, and undefined terms including, but not limited to, "all documents reflecting," "role," "responsibilities," "participation," "coordination," "decision-making processes," "shared objectives," and "relating to online activity or promotion." As drafted, the Request does not identify with reasonable clarity the specific topics, decisions, activities, or categories of documents sought and is unintelligible in material respects.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks generalized organizational, governance, and internal-strategy materials regarding MAF Corp. untethered to specific claims or defenses in this action. The Request, as drafted, sweeps far beyond any properly limited inquiry into matters relevant to the pleaded claims and defenses.

Defendant further objects to the phrase "coordination among members" as vague, inaccurate, and based on an incorrect factual premise. MAF Corp. does not have "members," and the Request is ambiguous as to what persons or roles Plaintiffs intend to capture through that phrase.

Defendant further objects that the phrases "decision-making processes" and "shared objectives" are vague, amorphous, and effectively limitless, and appear to

21

seek broad internal deliberative, organizational, and strategic materials without reasonable limitation or demonstrated relevance.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects that the Request is untethered to the claims or defenses in this action under Fed. R. Civ. P. 26(b)(1), and to the extent it seeks materials concerning lawful associational or expressive activity unrelated to any claim or defense.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control.

Defendant further objects to the extent the Request seeks privileged communications, attorney work product, or other protected material.

**Response**:

Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive documents, if any, within Defendant's possession, custody, or control, limited to documents relevant to the claims or defenses in this action and limited to a reasonable time period beginning January 1, 2023.

Defendant construes this Request narrowly and will not interpret it to require production of generalized internal materials, organizational deliberations, or broad categories of documents untethered to specific claims or defenses.

Defendant will produce responsive, nonprivileged documents (if any) on a rolling basis over the next 30 days.

**Request No. 7:**

"All documents reflecting any financial interest, revenue sharing, compensation, or other economic benefit You received or expected to receive in connection with The Gatalog, MAF Corp., or traffic diverted from DEFCAD."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and undefined terms including, but not limited to, "all documents reflecting," "any financial interest," "revenue sharing," "other economic benefit," "expected to receive," "The Gatalog," and "traffic diverted from DEFCAD." As drafted, the Request does not identify with reasonable clarity the specific transactions, revenue streams, time period, or allegedly relevant conduct at issue.

Defendant further objects that the Request is overbroad and disproportionate to the needs of the case to the extent it seeks broad categories of financial information untethered to specific claims or defenses, including speculative or hypothetical

23

"expected" benefits, generalized financial interests, and sensitive financial information not shown to be relevant and proportional under Fed. R. Civ. P. 26(b)(1).

Defendant further objects to the term "The Gatalog" to the extent it relies on Plaintiffs' disputed, vague, and objectionable definition and assumes disputed facts regarding the existence, scope, and nature of an alleged entity or enterprise. Defendant further objects to the phrase "traffic diverted from DEFCAD" as vague, undefined, and not reasonably particularized, and because it assumes disputed facts and causation (including what "traffic" was allegedly diverted, by whom, when, and to what destination).

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents not within Defendant's possession, custody, or control, including records maintained by third-party entities, payroll processors, accountants, financial institutions, or other third parties.

Defendant further objects to the extent the Request seeks private financial information beyond what is relevant and proportional to the claims and defenses in this action.

**Response**:

Subject to and without waiving the foregoing objections, Defendant will produce nonprivileged responsive documents, if any, within Defendant's possession, custody, or control, limited to documents relevant to the claims or defenses in this action and limited to a reasonable time period beginning January 1, 2023.

Defendant construes this Request narrowly and will not interpret it to require production of documents concerning speculative or hypothetical "expected" benefits, broad categories of unrelated financial information, or materials based on Plaintiffs' disputed characterization of "The Gatalog" or alleged "traffic diverted from DEFCAD."

Defendant further states that he is not aware of any revenue, compensation, or other economic benefit received from "The Gatalog" as defined by Plaintiffs or from any "traffic diverted from DEFCAD" as alleged in the Request.

Defendant will produce responsive, nonprivileged documents (if any) on a rolling basis over the next 30 days.

**Request No. 8:**

"All documents reflecting analytics, metrics, engagement data, referral data, or performance tracking relating to content referencing DEFCAD or FEDCAD, including impressions, clicks, reposts, or audience reach."

**Objection:**

25

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and imprecise terms including, but not limited to, "all documents reflecting," "analytics," "metrics," "engagement data," "referral data," "performance tracking," "relating to," and "content referencing DEFCAD or FEDCAD." As drafted, the Request does not identify with reasonable particularity the specific content, account(s), platform(s), campaign(s), or time period at issue.

Defendant further objects that the term "referencing" is vague and overbroad and could encompass incidental mentions, commentary, links, screenshots, or unrelated materials merely containing or alluding to "DEFCAD" or "FEDCAD," without a meaningful connection to the claims or defenses in this action.

Defendant further objects that the Request is overbroad and disproportionate to the needs of the case because it seeks broad categories of analytics and performance data untethered to any specifically identified post, content item, account, or allegedly wrongful activity. As drafted, the Request is not reasonably limited in scope and invites speculation as to what materials Plaintiffs contend are covered.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

26

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control, including analytics or platform-generated data maintained solely by third-party services or accounts not controlled by Defendant.

Defendant further objects to the extent the Request seeks documents not relevant to any claim or defense in this action under Fed. R. Civ. P. 26(b)(1).

**Response:**

Subject to and without waiving the foregoing objections, and after a reasonable search, Defendant states that he is not aware of any nonprivileged documents in his possession, custody, or control responsive to this Request as reasonably construed and limited to documents relevant to the claims or defenses in this action and to a reasonable time period beginning January 1, 2023.

Defendant further states that he was not engaged in analytics, metrics, engagement tracking, referral tracking, or performance tracking relating to content referencing DEFCAD or FEDCAD.

**Request No. 9:**

"All documents reflecting knowledge, awareness, or discussion of the impact of statements concerning DEFCAD on DEFCAD's users, customers, business relationships, or reputation."

**Objection:**

27

Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and subjective terms including, but not limited to, "all documents reflecting," "knowledge," "awareness," "discussion," "impact," and "statements concerning DEFCAD." As drafted, the Request does not identify with reasonable particularity the specific statements, speakers, publications, communications, time period, or allegedly relevant events at issue.

Defendant further objects that the Request is improperly framed to seek documents "reflecting" abstract mental-state concepts ("knowledge" and "awareness") rather than reasonably identifiable categories of documents or ESI, and is therefore vague, unintelligible in material respects, and not reasonably particularized under Fed. R. Civ. P. 34.

Defendant further objects that the phrase "statements concerning DEFCAD" is vague and effectively unlimited because it does not identify what statements are at issue, by whom they were made, when they were made, or in what context or medium. Defendant further objects that the alleged "impact" categories—"users," "customers," "business relationships," and "reputation"—are broad, amorphous, and speculative as drafted, and are not reasonably limited to specific claims or defenses.

Defendant further objects that the Request is untethered to the claims or defenses in this action and seeks broad categories of materials that could encompass generalized commentary, speculation, or discussions unrelated to the pleaded claims and defenses.

28

Defendant further objects that the Request is not reasonably limited in time and, as drafted, seeks materials without any temporal boundary. To the extent it seeks materials outside a reasonable period tied to the claims and defenses in this action, including periods before the operative allegations, it is overbroad and disproportionate.

Defendant further objects to the extent the Request seeks documents or ESI not within Defendant's possession, custody, or control.

**Response:**

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, and is not reasonably limited in scope or time.

Defendant further states that, under any reasonable interpretation of this Request and after a reasonable search, he is not aware of any nonprivileged documents in his possession, custody, or control responsive to this Request as reasonably construed and limited to documents relevant to the claims or defenses in this action and to a reasonable time period beginning January 1, 2023.

Defendant further states that he did not have knowledge of, awareness of, or discussions concerning the impact of statements concerning DEFCAD on DEFCAD's users, customers, business relationships, or reputation, as framed in this Request.

**<u>Request No. 10:</u>**

29

"All documents You intend to rely upon to support any contention that Your conduct relating to DEFCAD was independent, non-coordinated, non-commercial, or not intended to divert users to The Gatalog or any related platform."

**Objection:**

Defendant objects to this Request as vague, ambiguous, compound, overbroad, and not reasonably particularized. The Request improperly bundles multiple distinct alleged "contentions" into a single request, including whether Defendant's conduct was "independent," "non-coordinated," "non-commercial," or "not intended to divert users," without identifying the specific conduct, statements, events, or time period at issue.

Defendant further objects that the Request is an improper and premature contention request to the extent it seeks all documents Defendant "intend[s] to rely upon" to support broad defensive positions before discovery is complete and before Defendant's proof has been fully developed. The phrase "intend to rely upon" is itself vague, inherently time-sensitive, and subject to change as discovery proceeds.

Defendant further objects that the Request improperly seeks to require Defendant to produce documents to "prove a negative," including the absence of coordination, absence of commercial purpose, and absence of intent to divert users. As framed, the Request is not reasonably particularized and is disproportionate to the needs of the case.

Defendant further objects that the Request, by seeking documents Defendant "intend[s] to rely upon," invades attorney work product, including counsel's mental

30

impressions, legal theories, strategic assessments, and selection of evidence. Defendant also objects to the extent the Request seeks privileged communications or other protected material.

Defendant further objects to the Request's use of vague, undefined, and disputed terms including "The Gatalog," "related platform," and "divert users," and to the extent it assumes disputed facts, causation, motive, or the existence/nature of alleged coordinated or commercial conduct.

Defendant further objects that the Request is untethered to a reasonably particularized set of claims, events, or documents and is overbroad and disproportionate under Fed. R. Civ. P. 26(b)(1).

**Response:**

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is an improper and premature contention request, and seeks proof of negatives.

**Request No. 11:**

"All communications from January 1, 2019 to present on chat.deterrencedispensed.com in which You participated, including: (a) administrator or moderator chats; (b) rooms designated for moderation, enforcement, or administration; and (c) direct messages between You and any Defendant."

**Objection:**

31

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably particularized. The Request seeks all communications on a platform over a period of more than seven years in which Defendant allegedly "participated," including broad categories of chats, rooms, and direct messages, without any subject-matter limitation tied to the claims or defenses in this action.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks wholesale categories of communications (including administrator/moderator chats, moderation/enforcement/administration rooms, and direct messages) regardless of whether the communications relate in any way to any claim or defense. As drafted, the Request appears to seek a generalized dump of platform communications rather than discovery reasonably tailored to the issues in dispute.

Defendant further objects that the term "participated" is vague and ambiguous and fails to provide a reasonably clear standard for identifying responsive communications, including whether Plaintiffs mean sending messages, receiving messages, being present in a room, having access to a room, reading messages, reacting to messages, or some other form of alleged "participation."

Defendant further objects to subparts (a) and (b) as untethered to the claims or defenses in this action. The Request does not explain why "administrator or moderator chats" or rooms designated for "moderation, enforcement, or

32

administration" are relevant, and as drafted it sweeps in broad categories of internal communications unrelated to the pleaded claims and defenses.

Defendant further objects that the Request is not reasonably limited in time and is overbroad and disproportionate in seeking communications from January 1, 2019 to present, including periods well before the operative allegations in this action.

Defendant further objects that the Request seeks communications that may include nonparty private or confidential communications unrelated to any claim or defense in this action.

Defendant further objects to the extent the Request seeks materials not within Defendant's possession, custody, or control, including communications maintained solely by third-party platforms, servers, or accounts to which Defendant does not presently have access.

Defendant further objects to the extent the Request, by its breadth, could sweep in privileged or protected communications, including attorney-client communications or attorney work product. Defendant is not presently withholding any information on privilege grounds in response to this Request because, as stated below, Defendant is not aware of any responsive documents or communications in his possession, custody, or control.

**Response:**

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, is

33

facially overbroad and disproportionate, and seeks materials outside Defendant's possession, custody, or control.

Defendant further states that he has not had access to chat.deterrencedispensed.com for approximately two years and cannot access it at all. Under any reasonable interpretation of this Request and after a reasonable search, Defendant is not aware of any nonprivileged responsive documents or communications in his possession, custody, or control, including any exports, saved logs, screenshots, or archives from that platform.

**Request No. 12:**

"All communications, messages, posts, or call logs from January 1, 2019 to present on Discord servers known as: (a) 'Fuddbusters v.∞' / 'The Fuddbusters server'; (b) 'Club+Fed' / 'CTRL+Pew's server'; (c) 'Humans only' (a/k/a jny's server); and (d) 'FOSSCAD,' that reference DEFCAD, FEDCAD, Plaintiffs, The Gatalog, MAF Corp., or any coordinated messaging, moderation, or dissemination activities."

**Objection**:

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably particularized. The Request seeks sweeping categories of communications ("all communications, messages, posts, or call logs") across multiple Discord servers over a period of more than seven years, and is not

34

reasonably tailored to specific claims, defenses, events, statements, or time periods at issue in this action.

Defendant further objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks wholesale categories of server communications and call logs rather than documents or ESI reasonably limited to matters relevant to the claims or defenses. As drafted, the Request would require broad collection and review of large volumes of communications, including substantial nonparty communications unrelated to this action.

Defendant further objects to the terms "reference" and "that reference DEFCAD, FEDCAD, Plaintiffs, The Gatalog, [or] MAF Corp." as vague and overbroad to the extent they sweep in incidental mentions, commentary, quotations, screenshots, links, or unrelated discussions merely containing one or more of those terms.

Defendant further objects to the phrase "any coordinated messaging, moderation, or dissemination activities" as vague, ambiguous, unintelligible, and effectively limitless. The Request does not define what constitutes "coordinated messaging," "moderation," or "dissemination activities," does not identify any specific event or conduct at issue, and therefore fails to provide a reasonably clear standard by which Defendant can identify responsive materials.

Defendant further objects that the Request is untethered to the claims or defenses in this action, including to the extent it seeks broad categories of

35

"moderation" activity or internal server communications without any showing of relevance to the pleaded claims and defenses.

Defendant further objects that the Request is not reasonably limited in time and is overbroad and disproportionate in seeking materials from January 1, 2019 to present, including periods well before the operative allegations in this action.

Defendant further objects that the Request seeks communications likely containing private and confidential communications of nonparties unrelated to any claim or defense in this action.

Defendant further objects to the extent the Request seeks materials not within Defendant's possession, custody, or control, including communications maintained solely by Discord, server operators, or other users.

Defendant further objects to the extent the Request, by its breadth, could sweep in privileged or protected communications, including attorney-client communications or attorney work product.

**Response**:

Subject to and without waiving the foregoing objections, Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, and is facially overbroad and disproportionate.

Defendant is willing to meet and confer regarding a narrowed, rule-compliant request limited to nonprivileged documents or ESI within Defendant's possession,

36

custody, or control, tied to specifically identified claims or defenses in this action, and confined to a reasonable time period (including no earlier than January 1, 2023).

**Request No. 13:**

"All remaining, non-deleted, or archived content from January 1, 2019 to present from any Twitter/X or Reddit account You control that references: DEFCAD, FEDCAD, Cody"

## RESPONSES TO REQUESTS FOR ADMISSION

Because the requests for admission incorporate the definitions and provisions in the contemporaneously served requests for production, Defendant re-incorporates his objections to the same, which are included in this document responding to both.

**RFA                                      No.                                      1**

"Admit that, at any time from January 1, 2023 to the present, You communicated with at least one co-Defendant regarding DEFCAD, FEDCAD, or Plaintiffs' business operations."

**Objection:**

Defendant objects to this Request to the extent it is vague and ambiguous as to the terms "communicated," "regarding," "FEDCAD," and "Plaintiffs' business operations." Defendant further objects that the Request is compound in that it combines multiple distinct subjects ("DEFCAD," "FEDCAD," and "Plaintiffs' business operations") into a single request. Defendant further objects to the extent the Request seeks or implicates privileged communications, attorney-client communications, attorney work product, or common-interest/joint-defense communications among represented parties and counsel.

**Response:**

Subject to and without waiving the foregoing objections, Defendant admits that, from January 1, 2023 to the present, he communicated with at least one co-Defendant regarding DEFCAD, FEDCAD, and Plaintiffs' business operations,

38

including in connection with preparation for copyright-related claims and disputes involving Plaintiffs.

**RFA**                      **No.**                         **2**

"Admit that, during the same period, You used at least one online platform (including but not limited to Reddit, Twitter/X, Discord, or Rocket.Chat) to discuss DEFCAD or FEDCAD with others."

**Objection**:

Defendant objects to this Request to the extent it is vague and ambiguous as to the terms "used," "online platform," "discuss," "FEDCAD," and "with others." Defendant further objects that the phrase "including but not limited to" renders the Request open-ended and imprecise. Defendant further objects to the extent the Request seeks or implicates privileged communications, attorney-client communications, attorney work product, or common-interest/joint-defense communications among represented parties and counsel.

**Response**:

Subject to and without waiving the foregoing objections, Defendant admits that, during the referenced period, he used at least one online platform to discuss DEFCAD and/or FEDCAD with others, but only in connection with copyright-related claims/disputes and this litigation. Defendant denies any implication that this admission concerns wrongful coordination or conduct alleged by Plaintiffs.

**RFA**                                                    **No.**                                                    **3**

"Admit that You were aware that DEFCAD is a direct competitor to The Gatalog in the market for downloadable firearm-related files."

**Objection**:

Defendant objects to this Request as vague, ambiguous, and compound, including as to the terms "aware," "direct competitor," "The Gatalog," and "the market for downloadable firearm-related files." Defendant further objects that the Request assumes disputed facts and legal/economic characterizations, including the existence and nature of "The Gatalog" as framed by Plaintiffs and the existence of a relevant "market" as stated.

**Response**:

Subject to and without waiving the foregoing objections, Defendant denies this Request.

**RFA**                           **No.**                           **4**

"Admit that You created, reposted, amplified, or endorsed online content stating or implying that DEFCAD had been 'hacked' and/or 'dumped' multiple times."

**Objection**:

Defendant objects to this Request as vague, ambiguous, and compound, including as to the terms "amplified," "endorsed," "stating or implying," and "multiple times." Defendant further objects that the Request fails to identify the specific content, post(s), statement(s), or time period at issue and is therefore not stated with reasonable particularity. Defendant further objects to the extent the Request is untethered to any defined temporal limitation.

**Response**:

Subject to and without waiving the foregoing objections, Defendant denies this Request.

41

42

**RFA**                                                  **No.**                                             **5**

"Admit that at least some of the content You disseminated concerning DEFCAD directed users, explicitly or implicitly, to The Gatalog or away from DEFCAD."

Objection:

Defendant objects to this Request as vague, ambiguous, and compound, including as to the terms "disseminated," "concerning," "directed users," "explicitly or implicitly," "away from DEFCAD," and "The Gatalog." Defendant further objects that the Request assumes disputed facts, including the existence/nature of "The Gatalog" as framed by Plaintiffs and that Defendant disseminated content having the alleged directional effect. Defendant further objects that the Request fails to identify the specific content, statement(s), or time period at issue and is therefore not stated with reasonable particularity.

Response:

Subject to and without waiving the foregoing objections, Defendant denies this Request.

**RFA**                                              **No.**                                          **6**

"Admit that You communicated with at least one co-Defendant using Discord during the period January 1, 2022 to the present."

**Objection**:

Defendant objects to this Request to the extent it is vague and ambiguous as to the term "communicated." Defendant further objects to the extent the Request seeks or implicates privileged communications, attorney-client communications, attorney work product, or common-interest/joint-defense communications among represented parties and counsel.

**Response**:

Subject to and without waiving the foregoing objections, Defendant admits this Request.

**RFA**                         **No.**                        **7**

"Admit that You did not conduct any independent technical investigation confirming that DEFCAD had been hacked, dumped, or compromised before disseminating statements suggesting that it had."

**Objection**:

Defendant objects to this Request as vague, ambiguous, and compound, including as to the terms "independent technical investigation," "confirming," "compromised," and "statements suggesting." Defendant further objects that the Request assumes disputed and false factual premises, including that Defendant disseminated statements suggesting that DEFCAD had been hacked, dumped, or compromised. Defendant further objects to the extent the Request seeks or implicates privileged communications, attorney-client communications, attorney work product, or counsel-directed investigative activity.

**Response**:

Subject to and without waiving the foregoing objections, Defendant denies this Request, especially in light of the fact that Defendant never made any such statements as alleged in the instant action.

Respectfully submitted,

DATED:  February 23, 2026

44

*/s/ Zachary Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email:
zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for*
*Defendant Matthew*
*Larosiere*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2026, I served

electronically the foregoing on opposing counsel by email.

*/s/ Zachary Zermay*