UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

        *Plaintiffs,*

v.

JOHN ELIK, et al.,

        *Defendants.*

_____/

## **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS TO PRODUCE THEIR EXPERT JASON TYRA FOR DEPOSITION**

Plaintiffs' Opposition confirms the relief sought in Defendants' Motion should be granted. Their entire theory is based on a tortured and unreasonable reading of the scheduling order. As has been litigated in two motions now, Plaintiffs only offered one conflicted date of availability for Mr. Tyra—who Mr. Foster recently confirmed happens to be Plaintiffs' CPA and business partner[1]—and ignored Defendants' communications concerning re-scheduling. (Doc. 72-2). They also now, casually, reveal that Tyra was allegedly also available on March 9–13 and March 16–20, 2026—dates they never provided to Defendants. (Doc. 93 at 2 n.1). Defendants are not asking to amend the scheduling order. The scheduling order did not set a deadline for deposing Mr. Tyra, it directed Plaintiffs to provide availability within a certain time, not a unique discovery deadline specific to Tyra. Plaintiffs' litigation position is simply absurd.

Importantly, and unaddressed in the response, Plaintiffs and their expert failed to disclose the preexisting financial relationship between them: that Mr. Tyra serves as Plaintiffs' longtime CPA and business partner. This relationship was not mentioned in their expert disclosures or in any documentation provided by the expert. In a related copyright action pending in the Middle District of Florida, *Larosiere v.*

---

[1] The undersigned notes that, on April 9, 2026, at a telephonic conferral attempting to resolve Plaintiffs' absolute refusal to provide *any* documents in response to a request for production, Mr. Foster took the position that Plaintiffs did not have to provide financial materials to Defendants because Defendants "failed to take Mr. Tyra's deposition" because he is also their CPA and very familiar with their business. The undersigned also notes that, after this motion was filed, but prior to this Court's (Doc. 91) order, Mr. Foster offered to produce Mr. Tyra if, and only if, Mr. Elik would withdraw the (Doc. 72) motion that had already been argued.

*Wilson* (6:24-cv-01629), Plaintiffs impermissibly redacted and obscured Mr. Tyra's identity from tax documents, themselves filled with inconsistencies. The court in that case ordered Plaintiffs to un-redact the information. Conveniently, following that, Plaintiffs began stonewalling any attempt to depose Mr. Tyra, denying Defendants any chance to address the truthfulness of his testimony, the accuracy of his accounting upon which Plaintiffs claim to support damages, or the nature of his relationship with Plaintiffs.

Plaintiffs disclosed a testifying expert, withheld workable dates for his deposition, ignored Defendants' communications before their imagined deadline, then refused to provide dates or confer in good faith after adopting a unilateral position that Defendants had permanently forfeited the right to depose him. The Federal Rules do not permit a party to disclose a testifying expert and then stonewall his deposition. *See* Fed. R. Civ. P. 26(b)(4)(A), 26(d)(3), 37(a)(1), 37(a)(5)(A). Nor do the Local Rules permit counsel to refuse robust conferral while forcing motion practice. *See* S.D. Fla. L.R. 7.1(a)(3).

## I.   PLAINTIFFS' OPPOSITION CONFIRMS THEY WITHHELD ADDITIONAL TYRA AVAILABILITY AND IGNORED DEFENDANTS' PRE-DEADLINE RESPONSE

Plaintiffs' central factual premise is wrong. Plaintiffs say Defendants "waited until March 26, 2026, to ask for alternative deposition dates for Mr. Tyra." (Doc. 93 at 2.) That is not so. On February 28, 2026, Mr. Larosiere's response to Plaintiffs' single offer squarely raised the issue of Mr. Tyra's deposition before the claimed deadline expired. (Doc. 72-2). Plaintiffs ignored it. They did not say Elik's deposition

2

was cancelled. They did not say March 3 was the only Tyra date. They did not provide the additional dates they now admit existed. *See* (Doc. 93 at 2 n.1).

Their Opposition thus proves the Motion's point: Plaintiffs had additional availability for Mr. Tyra, withheld it, and now seek to convert their own silence into a supposed waiver by Defendants.

Plaintiffs also say Defendants cite no authority requiring multiple dates. (Doc. 93 at 3). That misses the point. Defendants' Motion depends on the far simpler proposition that a party may not disclose a testifying expert, offer one conflicted date, ignore the obvious follow-up that would have resolved the conflict, then refuse to provide further dates and still claim the opposing party forfeited the right to depose the witness. The Rules say otherwise. A party may depose a disclosed testifying expert. Fed. R. Civ. P. 26(b)(4)(A). Discovery methods may be used in any sequence unless the Court orders otherwise. Fed. R. Civ. P. 26(d)(3). Plaintiffs cite no authority allowing them to unilaterally extinguish that right by withholding dates they now admit were available.

## II.     **PLAINTIFFS CREATED THE IMPASSE**

Plaintiffs' legal argument depends entirely on recasting this record as Defendants' lack of diligence. Plaintiffs invoke Rule 16, Rule 6(b), and *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998), for the unremarkable proposition that good cause depends on diligence. (Doc. 93 at 2). This is a red herring. In *Sosa*, the Eleventh Circuit held that modification is not warranted where the movant lacked diligence. 133 F.3d at 1418–19. But Defendants aren't seeking the modification of any order. Even if they were, Defendants did not sit idle. After Plaintiffs ignored the

earlier communications, when Defendants again sought dates on March 26, Plaintiffs again refused to provide them. (Doc. 88-1 at 1–8). That is an impasse created by Plaintiffs.

Plaintiffs' reliance on *American General Life Insurance Co. v. Schoenthal Family, LLC*, 248 F.R.D. 298 (N.D. Ga. 2008), aff'd, 555 F.3d 1331 (11th Cir. 2009), fares no better. Plaintiffs quote *Schoenthal* for the proposition that if a party believes an opponent is uncooperative, the proper course is to seek relief before the deadline. (Doc. 93 at 3). But unlike in *Schoenthal*, Plaintiffs hallucinated this deadline. Even if they hadn't, Defendants **did** engage before the date Plaintiffs invoke. Defendants responded on February 28. Plaintiffs ignored the response and withheld the very dates they now say existed. (Doc. 72-2; Doc. 93 at 2 n.1). *Schoenthal* does not stand for the proposition that a party who timely raises the scheduling issue, but is met with silence and withheld dates, automatically loses the right to the discovery. It certainly does not authorize Plaintiffs' present stonewalling.

To the extent the Court concludes some schedule modification is technically required, good cause exists because the inability to complete Tyra's deposition did not arise from neglect by Defendants. It arose from Plaintiffs' own conduct. *See Sosa*, 133 F.3d at 1418–19.

### III.  RULES 26 AND 37 AUTHORIZE THE RELIEF SOUGHT, AND PLAINTIFFS' FEE REQUEST SHOULD BE DENIED

Rule 26(b)(4)(A) provides that a party may depose a person identified as a testifying expert after the expert report is served. Rule 26(d)(3) provides that discovery methods may be used in any sequence unless the Court orders otherwise.

4

Fed. R. Civ. P. 26(b)(4)(A), 26(d)(3). Plaintiffs cite nothing in the Rules authorizing them to withhold Tyra once disclosed, and nothing in the Scheduling Order gave Plaintiffs unilateral authority to refuse production based on their own reading of that Order.

Rule 37(a)(1) permits a motion for an order compelling discovery after a good-faith conferral attempt. Rule 37(a)(5)(A) further provides that, if the motion is granted—or if the requested discovery is provided only after the motion is filed—the Court must require the party, attorney, or both whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees, absent limited exceptions. Fed. R. Civ. P. 37(a)(1), (a)(5)(A). This record fits Rule 37 precisely. Plaintiffs still refuse to produce Tyra, and Defendants made repeated efforts to resolve the issue without Court intervention. Plaintiffs' fee request, by contrast, should be denied because Plaintiffs' own conduct necessitated the Motion.

<u>**CONCLUSION**</u>

The motion should be granted.


Respectfully submitted,
DATED: April 9, 2026

5

/s/ Gary C. De Pury
Gary C. De Pury
Florida Bar No: 126588
Law Offices of Gary De
Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6404
Email: Gary@DePury.com
*Lead Counsel for Alex
Holladay.*

/s/Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of
Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email:
Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Elik,
Stroke, Lettman, and
Clark.*

/s/ Zachary Z.
Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email:
zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for
Matthew Larosiere.*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 9th day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581

7