UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS/MATTHEWMAN

DEFENSE DISTRIBUTED, et al.,

      Plaintiffs,

v.

JOHN ELIK, et al.,

      Defendants.

_____/

FILED BY _____ SW _____ D.C.

Apr 10, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE THEIR EXPERT JASON TYRA FOR DEPOSITION [DE 88] AND IMPOSING SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL**

THIS CAUSE is before the Court upon Defendants Alexander Holladay, John Elik, Matthew Larosiere, Josh Kiel Stroke, and John Letterman's ("Defendants") Motion to Compel Plaintiffs to Produce Their Expert Jason Tyra for Deposition ("Motion") [DE 88]. Plaintiffs responded [DE 93], and Defendants replied [DE 96]. The Court finds that no hearing is necessary, and the matter is ripe for review.

## I.      BACKGROUND

According to Defendants, Plaintiffs disclosed Jason Tyra as a testifying expert and only offered one available date for Mr. Tyra's deposition, March 3, 2026. [DE 88 at 2]. However, March 3, 2026, was the date that Plaintiffs also noticed Defendant Elik's deposition. *Id.*[1] Thus, "[w]hen [Defendants' counsel] asked for dates for [Mr.] Tyra's deposition, Plaintiffs' counsel refused to provide dates, instead taking the position that because Defendants did not take Mr. Tyra's deposition on the singular conflicted date Plaintiffs offered[, March 3rd], that Defendants

---

[1] The Court notes that Mr. Elik's deposition was the subject of a prior discovery dispute ruled upon at DE 91.

'violated' this Court's order and could not take Mr. Tyra's deposition at all." *Id.* Plaintiffs' counsel has not provided any alternative dates for Mr. Tyra's deposition. *Id.* at 3.

In response, Plaintiffs maintain that under the Scheduling Order [DE 36], the deadline to take Mr. Tyra's deposition was March 23, 2026. [DE 93 at 2]. Defendants then waited until March 26, 2026, to request alternative dates to depose Mr. Tyra, and have not established good cause to modify the Scheduling Order. *Id.* at 2–3.

In reply, Defendants point out that Plaintiffs had additional availability for Mr. Tyra's deposition but did not provide it to Defendants. [DE 96 at 2–3]. Defendants also argue that this impasse was created by Plaintiffs, as when Defendants reached out on March 26, Plaintiffs refused to provide additional dates. *Id.* at 3–4.

## II.   <u>DISCUSSION</u>

The Court remains thoroughly disappointed with the unprofessional and uncooperative actions of the parties and their counsel in this matter. Plaintiffs' position is wholly frivolous. All Plaintiffs had to do was provide additional dates for Mr. Tyra's deposition. This is what is called **<u>cooperation</u>** in the Southern District of Florida, which is required and mandatory. *See* S.D. Fla. L.R. Introductory Statement; S.D. Fla. L.R. 26(g); Court's Order Setting Discovery Procedure [DE 85]. Here, instead of cooperating and providing additional dates to depose Mr. Tyra, Plaintiffs' counsel improperly and unprofessionally decided to engage in condescending, uncooperative, and obstructionist oral discussions and email practice with Defendants' counsel.

While Plaintiffs maintain that they made Mr. Tyra available on March 3, 2026, Plaintiffs had already noticed Defendant Elik's deposition for that day, which they never properly canceled. *See* DE 91. Further, the Scheduling Order does not state that Mr. Tyra's deposition had to be conducted by March 23, 2026, or on the singular, unilaterally set date of March 3, 2026, but instead

states that Plaintiffs shall make Mr. Tyra available during this 30-day window. [DE 36 at 5].

Plaintiffs did not effectively confer or cooperate and did not make Mr. Tyra available, as the only

date they gave for his availability was a clearly conflicted date. Plaintiffs and their counsel had a

duty to cooperate with Defendants and their counsel to reach an agreeable date for Mr. Tyra's

deposition. Instead of doing this, Plaintiffs and their counsel engaged in discovery game playing.

Thus, under Federal Rule of Civil Procedure 26(b)(4)(A) and other applicable rules, orders, and

law, the Motion is due to be granted. The Court remains disappointed with the discovery games

played by Plaintiffs and their counsel. It shall not be tolerated. If this behavior continues, more

serious sanctions shall be imposed.

The Court finds that sanctions and cost-shifting against Plaintiffs and their counsel under

Rule 37(a)(5)(A), Rule 26, the Local Rules for the Southern District of Florida, and this Court's

Order Setting Discovery Procedure [DE 85], are warranted because (1) Defendants' Motion has

been granted; (2) Plaintiffs' position is meritless and frivolous; (3) there has been a total failure by

Plaintiffs and their counsel to cooperate in good faith as required by this Court's orders and rules;

(4) Plaintiffs and their counsel failed to produce Mr. Tyra for deposition on a mutually agreeable

date; and (5) the concomitant waste of the time of opposing counsel and this Court caused by

Plaintiffs and their counsels' improper behavior. Thus, Defendants are entitled to reasonable

expenses, including attorneys' fees and costs, incurred in (1) efforts made by Defendants' counsel

to confer with Plaintiffs' counsel about Mr. Tyra's deposition; (2) the research, drafting, and filing

of the Motion; (3) review of Plaintiffs' response; and (4) the drafting, researching, and filing of

Defendants' reply.  The reasonable expenses, including reasonable costs and attorneys' fees

incurred by Defendants, shall be assessed against Plaintiffs and their counsel, Howard Foster and

Brendan Everman.

3

### III.   CONCLUSION

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.   The Motion [DE 88] is **GRANTED**.

2.   The deposition of Mr. Tyra shall be scheduled and shall be completed on or before **April 30, 2026,** given the upcoming May 14, 2026, discovery deadline. The parties and their counsel are ORDERED to cooperate fully in agreeing upon a date, time, and location of Mr. Tyra's deposition. Failure to comply shall result in additional sanctions. If the parties refuse to agree as ordered, or are unable to agree, then the Court shall be promptly notified, and the Court shall enter an Order setting the date, time, and location of the deposition.

3.   Under Rule 37(a)(5)(A), and other applicable rules, orders, and law, Defendants are hereby awarded reasonable expenses incurred in this unnecessary motion practice occasioned by Plaintiffs and their counsel as specified above. So this Court can determine a reasonable amount of this award, Defendants shall file an affidavit or declaration detailing their claimed reasonable expenses, attorneys' fees and costs incurred, and claimed hourly rate, for the work specified above in this Order, on or before **April 16, 2026**. Plaintiffs shall file any objections to the hours claimed or to the hourly rate by **April 21, 2026**. No replies shall be filed unless ordered by the Court. The Court shall then enter a further order as to the amount to be paid by Plaintiffs and their counsel, Howard Foster and Brendan Everman, to Defendants. Plaintiffs and their counsel shall be jointly and severally liable for payment.

5

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida,

this 10th day of April 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge