UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas
corporation; DD FOUNDATION, LLC, a
Texas limited liability company; and,
DEFCAD, INC., a Texas corporation,

      *Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE;
ALEXANDER HOLLADAY; PETER
CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

      *Defendants*.

_____/

## **DEFENDANT JOHN ELIK'S MOTION TO OVERRULE MERITLESS OBJECTIONS AND COMPEL PLAINTIFFS' COMPLETE RESPONSES AND PRODUCTION TO HIS FIRST REQUESTS FOR PRODUCTION**

Defendant John Elik moves under Rule 37(a) for an order compelling Plaintiffs Defense Distributed, DD Foundation LLC, and DEFCAD, Inc. to serve complete amended responses and to produce responsive documents to Defendant John Elik's First Requests for Production.[1] To date, Plaintiffs have provided **nothing.**

Plaintiffs chose to file a case alleging Defendants used the "FEDCAD" meme to "divert" customers from DEFCAD, causing more than $1 million in business damages. *See* SAC. ¶¶ 15, 24–35, 41, 55–60, 63–69. Plaintiffs further allege that they "share the income produced by DEFCAD's legal file sharing business," that MAF/The Gatalog is a direct competitor, and that the statements in the meme were false because DEFCAD had not been hacked, dumped, or improperly exposed customer information. *Id.* ¶¶ 15, 25, 34, 41, 55–59.

But when Mr. Elik served requests targeting those exact subjects, Plaintiffs refused to produce **anything**. Instead, they responded that they "will conduct a reasonably diligent search and produce" responsive documents only "within 10 days after the Court enters a mutually acceptable protective order." See, e.g., Ex. A, RFP Nos. 1–3, 5, 7–12. Plaintiffs flatly stated they were withholding responsive documents. *Id.*, RFP Nos. 41–45, 54(2)–65, 66.

---

[1] Defendant Elik served mirrored requests upon each Plaintiff, and Plaintiffs served identical responses. Exhibit A is a composite of their responses. Thus, each request identified applies equally to each Plaintiff. The undersigned structured his requests based on his experience with Plaintiffs in their original RICO suit in the Middle District, where, if served individually, Plaintiffs pointed to one-another as being the "better" recipient of a request to avoid answering, and refused to answer requests that were not highly detailed. The undersigned represents he does not usually serve so many requests, nor ask questions in multiple ways, but given his experience with these Plaintiffs, knew it was necessary.

## ARGUMENT
### I.    Plaintiffs' Rule 34 responses are facially noncompliant.

The recurring response here—search and production only after entry of a "mutually acceptable protective order"—does not comply with Rule 34. *See* Ex. A. It is neither a present commitment to produce nor a final objection. It is a conditional refusal to complete discovery unless and until Plaintiffs obtain a future order on terms satisfactory to themselves.

Plaintiffs later said they had already been searching before serving those same responses. Ex. C. But they refused to amend the responses to match that later position. Thus, either the served responses were accurate and the later explanation was false, or the later explanation was accurate and the served responses were inaccurate on their face. Either way, the served responses cannot stand.

Nor can Plaintiffs rely on their later offer to complete production by April 21. Ex. C. Plaintiffs have sat on these requests since March 5, 2026, without ever discussing any issues with the undersigned. That *post hoc* proposal to serve documents—some of which Plaintiffs are already withholding—47 days after their receipt of the requests is dilatory.

### II.    Plaintiffs' blanket confidentiality objections should be overruled except as to financial materials and their website code.

If Plaintiffs believed some materials required protection, they should have moved under Rule 26(c). Plaintiffs instead served non-responses, raised confidentiality only after the response deadline, and then insisted on a stipulated order involving all parties before producing anything to Elik. *See* Exs. B–F.

2

Their confidentiality objections are facially frivolous in many instances. Plaintiffs withheld and invoked "confidential and proprietary business information" not just for tax returns or technical materials, but for requests asking whether they publicly denied the meme's claims, publicly asked others to remove it, or publicly threatened legal action over it. *See* Ex. A, RFP Nos. 8–12. These are public acts.

Mr. Elik has already agreed that narrow categories may be treated as confidential, including tax returns, balance sheets, and genuinely sensitive nonpublic technical materials. *See* Ex. D. But Plaintiffs deployed the same confidentiality objection across *everything* to be produced, and Plaintiffs would not withdraw this blanket position. Those objections should be overruled.

### III.  The disputed requests seek core merits discovery.

RFP Nos. 1–3, 5, 7–12, 16, 18, 19, 23, 24–33, and 46 seek materials concerning alleged profit sharing, denials of the meme's claims, takedown efforts, communications about hacked or dumped content, documents supporting Plaintiffs' theory that the meme caused their losses, records concerning the Plaintiff's having shared this meme themselves to thousands of viewers, and materials addressing alternative explanations for any lost business. Ex. A. Those requests track Plaintiffs' allegations of shared income, direct competition, false hacking-related accusations, diversion of customers, and alleged lost $1 million. *See* SAC ¶¶ 15, 24–35, 41, 55–60, 63–69. Plaintiffs cannot plead those theories and then refuse discovery testing them.

RFP No. 35 independently warrants relief because Plaintiffs first said they were unaware of responsive LEGIO documents after reasonable inquiry, then later said they would produce documents showing total LEGIO members over time and the

3

professed reasons members gave for leaving LEGIO. Compare Ex. A, RFP No. 35, with Ex. C. Those positions cannot be reconciled.

RFP Nos. 44 and 45 are also proper. Defendant has a good-faith basis to believe Plaintiffs took the unusual step of *purchasing* X accounts, which are usually free, including "Freeman13372," to impersonate Defendants, and themselves cause the harm they claim. Plaintiffs withheld responsive documents to both requests. Ex. A.

RFP Nos. 20, 21, 41, 42, and 54(2)–65 are likewise central. Plaintiffs allege the meme falsely claimed DEFCAD had been hacked and dumped. See SAC ¶¶ 25, 34, 55(a)–(d), 56–60. Requests seeking internal and independent technical investigations, communications with "JG"—who took credit for hacking Plaintiffs' website, and received compensation from Plaintiffs for identifying the vulnerability and security-related code changes are directly relevant to the truth or falsity of those allegations and to the identity of technical witnesses who should be deposed. Plaintiffs withheld those materials or deferred searching entirely. Ex. A.

Finally, RFP Nos. 52, 53, and 54(1) seek materials supporting Plaintiffs' claims that MAF and "the Gatalog" compete with Plaintiffs and exist as alleged. Those requests track the complaint nearly verbatim. See SAC at 1; ¶¶ 15–16, 22, 26, 49–59. After conferral, Plaintiffs said they would withdraw confidentiality objections to those requests and produce responsive documents. Ex. C. Yet they still did not amend the responses or produce.

## IV. Plaintiffs' privilege objections, especially to RFP No. 66, are procedurally deficient.

RFP No. 66 seeks documents and communications concerning a specific instance where Defendant has a good-faith basis to believe Plaintiffs provided personal identifying information to an anti-gun organization, as the meme states. Ex. A. Plaintiffs issued a kitchen sink objection *and* stated they were withholding responsive documents. *Id.*

If Plaintiffs are withholding material based on privilege or work product, Rule 26(b)(5)(A) required them to expressly make the claim and describe the nature of the withheld material so the claim could be assessed. Fed. R. Civ. P. 26(b)(5)(A). Local Rule 26.1(e)(2). Plaintiffs did not provide a compliant privilege log. Their generic reference to attorney-client privilege, work product, and "any other applicable privilege" is insufficient. Ex. A. The Court should compel either production or, at minimum, a prompt compliant privilege log.

## CONCLUSION

Defendant John Elik respectfully requests the Court enter an order: (1) compelling Plaintiffs to promptly serve complete responses and produce withheld documents in response to RFP Nos 1–3, 5, 7–12, 16, 18–21, 23–35, 41–46, 52–54(1), 54(2)–65, and 66; (2) overrule Plaintiffs' improper, blanket confidentiality objections except as to tax returns and non-public GitHub materials; (3) requiring Plaintiffs to serve a compliant privilege log; (4) award Defendant his reasonable expenses, including attorney's fees, incurred in bringing this motion; and (5) any other relief this Court deems proper.

Respectfully submitted,  DATED April 11, 2026

5

/s/Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of Matthew
Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Defendants Elik,
Stroke, Lettman, and Clark.*

**Local Rule 7.1(a)(3) Certification**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned certifies that he conferred in good faith with Plaintiffs' counsel through written correspondence and two telephone conferences conducted on April 8 and April 9, 2026. Some issues were narrowed, but the parties were unable to resolve the issues raised in this motion. As to the requests at issue in this motion, Plaintiffs indicated they would withdraw their "harassing" objections, but refused to withdraw their confidentiality objections except as to 52-54(1). (Ex. C at 5). I further certify that, on April 8, Plaintiffs' counsel Mr. Foster promised to provide me withheld materials **on that day** should I agree in writing to treat all materials as confidential. I did so in writing promptly, he acknowledged, and still has not provided **anything**. (Ex. D).

Respectfully submitted,

/s/ Matthew M. Larosiere

Matthew M. Larosiere, Esq.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 11th day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew Larosiere

Matthew Larosiere, Esq.
Fla. Bar № 1005581

7