EXHIBIT A - PLAINTIFFS' IDENTICAL OBJECTIONS
AND RESPONSES TO ELIK'S REQUEST FOR PRODUCTION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

       Plaintiffs,

  v.

JOHN    ELIK,    individually;    MATTHEW
LAROSIERE,    individually;    ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and   JOHN   LETTMAN,   individually;   ZACK
CLARK, individually
              Defendants.
_____/

**PLAINTIFF DEFENSE DISTRIBUTED RESPONSES TO**
**DEFENDANT JOHN ELIK'S FIRST REQUESTS FOR PRODUCTION**

Plaintiff Defense Distributed ("Defense Distributed") responds to the Defendant John

Elik's First Set of Requests for Production of Documents served on March 5, 2026.

**REQUEST FOR PRODUCTION NO. 1**:

Given you claim a meme substantially impacted your business in excess of $1 million,

produce all of Defense Distributed's tax returns (federal and state) from January 1, 2021 (two years

before the claims in your pleading) to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and

proprietary business information.  Subject to and without waiving the foregoing objection, Defense

Distributed  will  conduct  a  reasonably  diligent  search  and  produce  non-privileged  responsive

documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 2**:

Given you claim a meme substantially impacted your business in excess of $1 million, produce all of Defense Distributed's quarterly balance sheets from January 1, 2021 (two years before the claims in your pleading) to present. In the event you do not create quarterly balance sheets, provide all balance sheets, at whatever intervals generated from January 1, 2021, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 3**:

Produce documents sufficient to establish how much income was "shared" with DEFCAD, Inc. and DD Foundation, LLC, from January 1, 2021, to present, as you claim in your complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a

mutually acceptable protective order governing confidentiality.

### REQUEST FOR PRODUCTION NO. 4:

Produce the documents underlying the profit sharing agreement, or other revenue sharing agreement, you claim exists between the Plaintiffs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defense Distributed objects to this Request as vague and ambiguous to the extent it seeks unspecified "documents underlying" an undefined "profit sharing agreement" and undefined "other revenue sharing agreement."  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objections, Defense Distributed states that, after reasonable inquiry, it is unaware of any documents responsive to this Request in its possession.

### REQUEST FOR PRODUCTION NO. 5:

Provide documents sufficient to establish the number of instances where you denied any of the claims made in the "fedcad meme", and the content of those documents.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Defense Distributed objects to this Request as vague and ambiguous to the extent it seeks unspecified "documents sufficient to establish the number of instances" Defense Distributed denied the claims made in the FEDCAD meme.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objections, Defense Distributed will conduct a reasonably diligent search and produce non-privileged documents in its possession, custody, or control, if any, denying

the factual assertions in the FEDCAD meme within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 6**:

Provide documents or communications sufficient to identify all instances where you addressed the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Defense Distributed objects to this Request as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it seeks documents "identify[ing] all instances" where Defense Distributed "addressed" the claims made in the "fedcad meme."  The FEDCAD meme falsely represents that DEFCAD's database has been "hacked" and "dumped" multiple times, implying customers' identities and other personal information would be known to federal authorities and anti-gun activists who might harass them.  As framed, this Request would require Defense Distributed to review and produce all documents concerning Plaintiffs' data security practices as well as a review of all written communications between Plaintiffs and all of Plaintiffs' potential customers.  Such an undertaking would be immense and disproportionate to the needs of the case given the minimal (if any) relevance of such documents and communications. Defense Distributed further objects to this Request on the ground that it seeks privileged communications.  Defense Distributed is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 7**:

Provide documents or communications sufficient to identify all instances where you asked someone to stop posting "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 8**:

Provide documents or communications sufficient to identify a single instance where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 9**:

Provide documents or communications sufficient to identify at least five separate instances where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defense

Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 10**:

Provide documents or communications sufficient to identify at least ten separate instances where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 11**:

Provide documents or communications sufficient to identify at least five separate instances where you asked someone to delete the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 12**:

Provide documents or communications sufficient to identify at least five separate instances where you indicated or threatened that you would take legal action concerning the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 16**:[1]

From January 1, 2023, to present, produce all documents reflecting communications between You and any third party concerning the dissemination, amplification, promotion, or coordination of content alleging that DEFCAD was "hacked" or "dumped" multiple times.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

---

[1] Elik's document requests jump from No. 12 to No. 16.  As a result, these responses likewise jump from No. 12 to No. 16 to match the requests.

**REQUEST FOR PRODUCTION NO. 17**:

From January 1, 2023, to present, produce documents evidencing the creation, editing, posting, reposting, or dissemination of any content referencing DEFCAD or FEDCAD, including memes, posts, screenshots, images, captions, or links.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Defense Distributed objects to this Request as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it seeks all "documents evidencing the creation . . . or dissemination of any content referencing DEFCAD or FEDCAD." As framed, this Request seeks all documents concerning Plaintiffs' business. The Request is not tailored to any claims or defenses in this case, and searching for such broad categories of documents would be disproportionate to the needs of the case given the minimal (if any) relevance of the requested documents. Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 18**:

Provide all records, communications, messages, and documents that you intend to rely upon at trial to support your claim that it was the "fedcad meme" that damaged your business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if

any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 19**:

Produce all materials you plan to rely on at trial to show that it wasn't public disgust with Cody Wilson's guilty plea in a criminal case where he was alleged to have raped a child that took damaged your business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Defense Distributed objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 20**:

Provide documents sufficient to identify the contents and results of any independent technical investigation concerning the security of Defcad's website(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and

proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 21**:

Provide documents sufficient to identify the contents and results of any internal technical investigation concerning the security of Defcad's website(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 22**:

Provide all materials that you plan to rely on at trial to show that it wasn't public distaste with your habits concerning the copyright infringement, stolen credit, or similar issues that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Defense Distributed objects to this Request on the grounds that it is vague and ambiguous as to what documents are sought.  Defense Distributed further objects on the grounds that the Request seeks confidential and proprietary business information.  Subject to and without waiving

the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 23**:

Produce records, documents, communications, and other data sufficient to show how exactly the "fedcad meme" ended up being accessible on Defcad's website(s). A responsive production must include:

a. Original uploader(s), including all available contact information, including addresses, for the uploader, all communications and messages with the original uploader, as well as the exact file(s) submitted by the original uploader. Associated technical logs, IP addresses, and browser information are required.

b. Reviewer(s) who reviewed any part of the meme, including all available contact information, including addresses, for each reviewer, all communications and messages with any reviewer(s), as well as the exact file for the meme which the reviewers provided for final review/posting. The nature and content of each reviewer's interaction with the meme submitted with the original uploader should not be noted when this information is available. Note the "reviewer" includes anyone, regardless of their employment status or role, who accessed, saw, read, looked at, or otherwise interacted with the meme submitted by the original uploader.

c. Approver(s) who either approved of, signed off on, or otherwise greenlit the posting of any of the meme provided by any reviewer(s), including all available contact information, including addresses, for each approver, and all communications and messages with approvers pertaining to each work at issue. The nature and content of each approver interaction with the

meme submitted with the original uploader should be noted when this information is available. Note that "approver" includes anyone, regardless of their employment status or role, who accessed, saw, read, looked at, or otherwise interacted with the meme submitted by the original uploader or any reviewer(s).

d. Editor(s) who either edited, updated, modified, tweaked, or otherwise altered any postings that affected, were related to, or pertained to the meme. Include all available contact information, including addresses, for each editor, all communications and messages with any editor(s), as well as the exact file(s), information, and changes the editors made. Note that "editor" includes anyone, regardless of their employment status or role, that made alterations to any metadata, the specific files posted, or the information present on the web pages that pertain to the meme, or the images associated with the meme made available on your website. As explained, any messages or communications which touch on reasons, directions, instructions, or other such coordination of any such edits are a part of this request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 24**:

Produce all materials you plan to rely on at trial to show that posting the "fedcad meme" on Defcad.com yourself isn't what led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 25**:

Produce all materials you plan to rely on at trial to show that posting the "Fedcad-19" on Defcad.com yourself isn't what led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 26**:

Produce all materials you plan to rely on at trial to show that it wasn't public disgust with Cody Wilson's sex offender registration status that led your customers away. (For example, *see* https://www.texastribune.org/2019/09/12/3d-printed-gun-designer-codywilson-sentenced-sexual-assault-girl/).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Defense Distributed objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  Defense Distributed further objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 27**:

Produce all materials you plan to rely on at trial to show that it wasn't negative publicity concerning the awareness of Cody Wilson's fleeing to Taiwan to avoid a Sexual Assault charge that led your customers away. (*See https://www.splcenter.org/resources/hatewatch/cody-wilson-lam-1-million-bitcoin/*).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Defense Distributed objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  Defense Distributed further objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 28**:

Produce all materials you plan to rely on at trial to show that it wasn't public concern with Defcad.com requiring a background check to be submitted to the site that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 29**:

Produce all materials you plan to rely on at trial to show that it wasn't public concern with Defcad.com requiring a Social Security Number to be submitted to the site that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 30**:

Produce all materials you plan to rely on at trial to show that it wasn't public belief of a hack or breach from independent sources (i.e., LeakBase or ImmuniWeb) that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and

without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 31**:

Produce all materials you plan to rely on at trial to show that it wasn't public distaste with the writings on the Legio blog that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 32**:

Produce all materials that you plan to rely on at trial to show that it wasn't public distaste with "Black Flag White Paper" that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

Defense Distributed objects to this Request as premature because Defense Distributed

continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 33**:

Provide materials that you plan to rely on at trial to show that it wasn't your advertisement of vehemently antisemitic and white nationalist publisher Antelope Hill Publishing on July 31, 2024 that led customers away. (For your reference, *see https://defcad.com/blog/nutty-9/* and the following image)



**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

Defense Distributed objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  Defense Distributed further objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense

Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 34**:

Provide documents sufficient to identify every LEGIO partner and member who was reported leaving DEFCAD citing "FEDCAD" or the "FEDCAD" meme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

Defense Distributed objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed, including LEGIO.  Defense Distributed further objects to this Request on the ground that it invades the privacy interests of third parties.  Defense Distributed further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, Defense Distributed states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35**:

Provide documents sufficient to identify every LEGIO partner and member who was reported leaving DEFCAD *without* citing "FEDCAD" or the "FEDCAD" meme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

Defense Distributed objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed, including LEGIO.  Defense Distributed further objects to this Request on the ground

that it invades the privacy interests of third parties.  Defense Distributed further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, Defense Distributed states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36**:

Provide documents sufficient to identify every LEGIO partner and member who has left DEFCAD without citing anything.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

Defense Distributed objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed, including LEGIO.  Defense Distributed further objects to this Request on the ground that it invades the privacy interests of third parties.  Defense Distributed further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, Defense Distributed states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37**:

Produce all materials you plan to rely on at trial to show that it wasn't public awareness of the fact that Cody Wilson did not invent the "Liberator" that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified

which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 38**:

Produce all materials you plan to rely on at trial to show that it wasn't public awareness of the fact that Cody Wilson falsely took credit for the designs that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

Defense Distributed objects to this Request as vague and ambiguous including to the extent it seeks unspecified "materials" concerning undefined "public awareness" of undefined "falsely [taken] credit."  Defense Distributed further objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 41**:[2]

From January 1, 2022, to present, provide all records, communications, messages, and documents exchanged with or explicitly mentioning "JG" (aka "Joe G" aka jg@exfiltrate.io).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all records, communications, messages, and documents exchanged with or explicitly mentioning 'JG.'"  Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all messages "with or explicitly mentioning 'JG'" have any relation to the merits of this case. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defense Distributed is withholding responsive documents based on these objections.


**REQUEST FOR PRODUCTION NO. 42**:

From January 1, 2022, to present, provide all records, communications, messages, and documents pertaining to any compensation provided or to be provided to "JG," including negotiations for such compensation, as well as any receipts or bitcoin transactions for such compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Defense Distributed objects to this Request as overly broad and unduly burdensome on the

---

[2] Elik's document requests jump from No. 38 to No. 41.  As a result, these responses likewise jump from No. 38 to No. 41 to match the requests.

grounds that it seeks "all records, communications, messages, and documents" pertaining to the compensation of "JG."  Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, JG's compensation has no relation to the merits of this case.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 44**:

From January 1, 2022 to present, provide all records related to the purchase of usernames on the Twitter/X platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all records related to the purchase of usernames."  Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "records" related to undefined "purchase[s]" of unspecified "usernames."  Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all "purchase[s] of usernames" have any relation to the merits of this case.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 45**:

From January 1, 2022, to present, produce Documents sufficient to identify the contents of conversations you had about the "Freeman13372" Twitter/X account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Defense Distributed objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all conversations with "Freeman13372" have any relation to the merits of this case.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 46**

Provide records sufficient to establish the amounts and the reasons for any and all "profit sharing" that takes place between each Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "establish[ing] the amounts and the reasons for any and all 'profit sharing.'"  Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "records" sufficient to establish undefined "amounts" and unspecified "reasons" for "any and all" "profit sharing."  Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the Request seeks documents concerning profits, regardless of their relation to this case.  Defense Distributed further objects to this Request on the grounds that it

seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged documents relating to the amount of profit sharing in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 48**[3]

Produce documents and records sufficient to establish that each work available on Defcad.com was uploaded by its rightful author.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning "each work available" on Defcad.com.  Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" sufficient to establish that "each work available on Defcad.com was uploaded by its rightful author."  Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all works available on Defcad.com are related to the merits of this case and identifying such information is disproportionately burdensome.  Defense Distributed further objects to this Request as duplicative of Request No. 49.  Defense Distributed is withholding responsive documents based on these objections.

---

[3] Elik's document requests jump from No. 46 to No. 48.

**REQUEST FOR PRODUCTION NO. 49**

From January 1, 2022, to present, produce documents and records sufficient to establish who the actual uploader for each work available on Defcad.com was.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning "each work available" on Defcad.com.  Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" sufficient to establish the "actual uploader for each work available."  Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, "each work available" is not related to the merits of this case and identifying such information is disproportionately burdensome.  Defense Distributed further objects to this Request as duplicative of Request No. 48.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 50**

From January 1, 2022, to present, produce documents and records sufficient to establish each time that private, sensitive, or otherwise confidential or personally identifying information which was in the custody of the company ended up being publicly posted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

Defense Distributed objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" concerning undefined "private, sensitive, or

otherwise confidential or personally identifying information" that was "publicly posted."  Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the requested posted content is not related to the merits of this case and identifying such information is disproportionately burdensome.  Without waiving these objections, Defense Distributed states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51**

Produce documents and records sufficient to establish what, how, and why any employees, contractors, agents, or other individuals acting under the authority of your company turned over any personally identifying information to any source. For this request, "Personally identifying information" means any information that, alone or in combination with other information, can be used to identify, contact, or locate a specific individual, or to distinguish or trace an individual's identity. This includes, but is not limited to:

a) Names (full name, maiden name, mother's maiden name, or alias;

b) Personal identification numbers (e.g., Social Security Number, passport number, driver's license number, taxpayer identification number, patient identification number, financial account number, or credit card number);

c) Contact information (e.g., address information such as street address or email address; telephone numbers);

d) Biometric identifiers (e.g., fingerprints, voiceprints, retina scans, facial geometry);

e) Date of birth, place of birth, or genetic information;

f) Unique identifiers or online identifiers (e.g., IP address, device IDs, cookies, or other persistent identifiers when linked to an individual);

g) Medical, educational, financial, or employment information that is linked to an individual;

h) Any other information that is linked or linkable to an individual, such as geolocation data, photographs, or videos containing identifiable features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning the "turn[ ] over" of "any personally identifying information to any source," including a lengthy list of such personally identifying information. Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks documents "establish[ing] what, how, and why" any unspecified "employees, contractors, agents, or other individual" acting under an unspecified "authority" turned over information to "any" undefined "source."  Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all information shared is related to the merits of this case and establishing such information is disproportionately burdensome.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 52**

Produce all materials you plan to reply upon at trial to establish that MAF is in business competition with your company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 53**

Produce all materials you plan to rely upon at trial to establish how "the Gatalog" is in business competition with your company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 54**

Produce all materials you plan to rely upon at trial to establish that "the Gatalog" exists as you contend.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

Defense Distributed objects to this Request as premature because Defense Distributed continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 54[4]**

Produce documents sufficient to identify all users with administrator-level privileges for the Defdist GitHub Organization, including users with authority to create, delete, configure, or manage repositories, members, or permission settings, during the period from January 1, 2018, to present. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project. "repository" means "software repository" or location hosting software source code for the purposes of collaboration or storage.

---

[4] Elik's discovery requests have two No. 54's.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "all users with administrator-level privileges for the Defdist GitHub Organization."  Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] all users with administrator-level privileges" is disproportionate to the needs of this Action.  Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 55**

Produce documents sufficient to identify all users associated with the Defdish GitHub Organization during the period from January 1, 2018, to present, including for each user the role or permission level assigned (e.g., owner, administrator, member, outside collaborator). For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "all users associated with the Defdist GitHub

Organization during the period from January 1, 2018, to present, including for each user the role or permission level assigned." Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks documents concerning an undefined association with the Organization. Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] all users associated with" the Organization is disproportionate to the needs of this Action. Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 56**

Produce documents sufficient to identify the corporate entity or entities responsible for owning, operating, administering, or managing the Defdist GitHub Organization, including any internal policies or agreements governing such management. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "the corporate entity or entities responsible for

owning, operating, administering, or managing the Defdist GitHub Organization, including any internal policies or agreements governing such management." Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] the corporate entity or entities responsible for owning, operating, administering, or managing" the Organization is disproportionate to the needs of this Action. Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 57**

Produce a list identifying all repositories owned by the Defdist GitHub Organization that were designated as "private" at any time during the period from January 1, 2018, to present, including for each repository its name and URL. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "identifying all repositories owned by the Defdist GitHub Organization that were designation as 'private' at any time during the period from January 1, 2018, to present, including each repository its name and URL." Defense Distributed further objects to

this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identifying all repositories" owned by the Organization which were "designated as 'private'" is disproportionate to the needs of this Action.  Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 58**

Produce a list identifying all repositories owned by the GitHub user account "defdistadmin" that were designated as "private" at any time during the period from January 1, 2018, to present, including for each repository its name and URL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "identifying all repositories owned by the GitHub user account 'defdistadmin' that were designated as 'private' at any time during the period from January 1, 2018, to present."  Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the "GitHub user account 'defdistadmin'" is not related to the merits of the claim and "identifying all repositories" owned by the that account which were "designated as 'private'" is disproportionate to the needs of this Action.  Defense Distributed further objects to

this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defense Distributed is withholding responsive documents based on these objections.

### REQUEST FOR PRODUCTION NO. 59

Produce documents sufficient to identify the GitHub usernames and corresponding real names (to the extent known to Defendant in the ordinary course of business) of all users associated with Defdist GitHub Organization during the relevant period, including each user's relationship tp Defendant (e.g., employee, contractor, agent). For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents sufficient to identify "GitHub usernames and corresponding real names . . . of all users associated with Defdist GitHub Organization during the relevant period, including each user's relationship to Defendant."  Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identifying all usernames and corresponding real names . . . of all users associated with Defdist GitHub Organization" is disproportionate to the needs of this Action.  Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons

or entities other than Defense Distributed.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defense Distributed is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 60

Produce the complete Git Commit data for the following commits associated with the Defdist GitHub Organization, including commit hash, parent commit(s), author and committer names and email addresses, timestamps, commit message, and the complete Diff for each commit:

a. 43c0c46676211616e006660c6de934ea2ddff4c22

b. 19ae6ddea7478fc049ac9f2d942988e9837ddc5f

c. 3c9ff18a1f2b06c57fde544a8b04f6494077b3f9

```
commit 43c0c46676211616e00660c6de934ea2ddff4c22
Merge: d7f2b5b2 1b48b9ed
Author: defdistadmin <44787407+defdistadmin@users.noreply.github.com>
Date:   Tue Feb 21 08:35:23 2023 -0800

    Merge pull request #1011 from Defdist/hmk-rt-8

    Fixing bugs
```

```
commit 19ae6ddea7478fc049ac9f2d942988e9837ddc5f
Author: Nikolai Sokolov <bb.msf.dd@gmail.com>
Date:   Wed Jun 28 11:53:55 2023 -0700

    Fixing bugs
```

```
commit 3c9ff18a1f2b06c57fde544a8b04f6494077b3f9
Author: Nikolai Sokolov <bb.msf.dd@gmail.com>
Date:   Sun Mar 29 00:44:34 2020 -0700

    Security tweaks
```

For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:

Defense Distributed objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defense Distributed will conduct a reasonably diligent search and produce non-privileged responsive

documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

## REQUEST FOR PRODUCTION NO. 61

For each repository owned or controlled by Defendant that contains "defcad" in the repository name, produce

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for "each repository owned or controlled by Defendant that contains 'defcad' in the repository name." Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks documents concerning undefined "repositor[ies]" which are "owned or controlled by Defendant" in an unspecified manner. Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for each "Git Commit" that "contains 'defcad'" are not related to the merits of this case and is disproportionate to the needs of this Action. Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 62**

For the GitHub repository "Defdist/hmk -rt -8," produce:

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository,

identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for the "GitHub repository 'Defdist/hmk -rt -8.'" Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for the "GitHub repository 'Defdist/hmk -rt -8'" are not related to the merits of this case and is disproportionate to the needs of this Action. Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary

business information.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 63**

Produce documents sufficient to identify all repositories that contain or contained source code for the DEFCAD web application, and for each such repository, produce:

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for the "all repositories that contain or contained source code for the DEFCAD web application." Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for "all repositories that contain or contained source code for the DEFCAD web application" are not related to the merits of this case and is disproportionate to the needs of this Action. Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 64**

Produce documents sufficient to identify all Git Commits to DEFCAD source code containing the phrases "security", "vuln", "vulnerability", "bug", "bugs", "critical", "hack", "hacked", "penetration", "dump", "insecure", "breach", "breached" from any and all source code repositories related to the DEFCAD web application, and for each such Git Commit, produce:

a. The complete Diff;

b. The content of the Git Commit message;

c.  A list of authors and their roles

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all Git Commits to DEFCAD source code containing the phrases 'security', 'vuln', 'vulnerability', 'bug', 'bugs', 'critical', 'hack', 'hacked', 'penetration', 'dump', 'insecure', 'breach', 'breached' from any and all source code repositories related to the DEFCAD web application." Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "Git Commits to DEFCAD source code" from undefined "source code repositories related to the DEFCAD web application." Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, "Git Commits to DEFCAD source code" from undefined "source code repositories related to the

DEFCAD web application" is not related to the merits of this case and is disproportionate to the needs of this Action.  Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed.  Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 65**

Produce documents sufficient to identify Git Commits to DEFCAD source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security, including those from automated tools, such as Dependabot or Copilot, or any other contributor, and for each such Git Commit, produce:

a. The complete Diff;

b. The content of the Git Commit message;

c.  A list of authors and their roles

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines,

and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "Git Commits to DEFCAD source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security, including those from automated tools, such as Dependabot or Copilot, or any other contributor, and for each such Git Commit." Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security," including those from undefined "automated tools," including unspecified "any other contributor." Defense Distributed further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, "Git Commits to DEFCAD source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security" is not related to the merits of this case and is disproportionate to the needs of this Action. Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defense Distributed is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 66**

From January 1, 2022, to present, produce documents sufficient to identify the contents of any documents exchanged or communications with or pertaining to the Everytown lawsuit. For clarity, and conversations with or involving Garret Walliman, Freeman1337, Peter Celentano, and any transfer or sharing of personal information with the Plaintiffs in that case would be responsive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:

Defense Distributed objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "contents of any documents exchanged or communications with or pertaining to the Everytown lawsuit." Defense Distributed further objects to this Request as vague and ambiguous including to the extent it seeks "documents sufficient to identify the contents" of unspecified "documents exchanged or communications. With or pertaining to" an undefined lawsuit. Defense Distributed further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the contents of documents and communications related to the "Everytown lawsuit" are not related to the merits of this case and are disproportionate to the needs of this Action. Defense Distributed further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defense Distributed. Defense Distributed further objects to this Request as seeking information protected by the attorney-client privilege, work-product privilege, or any other applicable privilege including to the extent it seeks documents and communications related to a lawsuit. Defense Distributed further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defense Distributed is withholding responsive documents based on these objections.

Dated:  April 6, 2026                    Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served on April 6, 2026, via email to all counsel of record.

s/ *Brendan Everman*
Brendan Everman

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

    v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
              Defendants.
_____/

**PLAINTIFF DD FOUNDATION, LLC'S RESPONSES TO**
**DEFENDANT JOHN ELIK'S FIRST REQUESTS FOR PRODUCTION**

Plaintiff DD Foundation, LLC ("DD") responds to the First Requests for Production of

Documents served by Defendant John Elik ("Elik") on March 5, 2026.

**REQUEST FOR PRODUCTION NO. 1**: s

Given you claim a meme substantially impacted your business in excess of $1 million,

produce all of DD Foundation LLC's tax returns (federal and state) from January 1, 2021 (two

years before the claims in your pleading) to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

DD objects to this Request on the grounds that it seeks confidential and proprietary

business information.  Subject to and without waiving the foregoing objection, DD will conduct a

reasonably diligent search and produce non-privileged responsive documents in its possession,

custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

## REQUEST FOR PRODUCTION NO. 2:

Given you claim a meme substantially impacted your business in excess of $1 million, produce all of DD Foundation LLC's quarterly balance sheets from January 1, 2021 (two years before the claims in your pleading) to present. In the event you do not create quarterly balance sheets, provide all balance sheets, at whatever intervals generated from January 1, 2021, to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

## REQUEST FOR PRODUCTION NO. 3:

Produce documents sufficient to establish how much income was "shared" with Defense Distributed and DEFCAD, Inc., from January 1, 2021, to present, as you claim in your complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective

order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 4**:

Produce the documents underlying the profit sharing agreement, or other revenue sharing agreement, you claim exists between the Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

DD objects to this Request as vague and ambiguous to the extent it seeks unspecified "documents underlying" an undefined "profit sharing agreement" and undefined "other revenue sharing agreement." DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objections, DD states that, after reasonable inquiry, it is unaware of any documents responsive to this Request in its possession.

**REQUEST FOR PRODUCTION NO. 5**:

Provide documents sufficient to establish the number of instances where you denied any of the claims made in the "fedcad meme", and the content of those documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

DD objects to this Request as vague and ambiguous to the extent it seeks unspecified "documents sufficient to establish the number of instances" DD denied the claims made in the FEDCAD meme. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objections, DD will conduct a reasonably diligent search and produce non-privileged documents in its possession, custody, or control, if any, denying the factual assertions in the FEDCAD meme within 10 days

after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 6**:

Provide documents or communications sufficient to identify all instances where you addressed the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

DD objects to this Request as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it seeks documents "identify[ing] all instances" where DD "addressed" the claims made in the "fedcad meme."  The FEDCAD meme falsely represents that DEFCAD's database has been "hacked" and "dumped" multiple times, implying customers' identities and other personal information would be known to federal authorities and anti-gun activists who might harass them.  As framed, this Request would require DD to review and produce all documents concerning Plaintiffs' data security practices as well as a review of all written communications between Plaintiffs and all of Plaintiffs' potential customers.  Such an undertaking would be immense and disproportionate to the needs of the case given the minimal (if any) relevance of such documents and communications.  DD further objects to this Request on the ground that it seeks privileged communications.  DD is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 7**:

Provide documents or communications sufficient to identify all instances where you asked someone to stop posting "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

DD objects to this Request on the grounds that it seeks confidential and proprietary

business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 8**:

Provide documents or communications sufficient to identify a single instance where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 9**:

Provide documents or communications sufficient to identify at least five separate instances where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective

order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 10**:

Provide documents or communications sufficient to identify at least ten separate instances where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 11**:

Provide documents or communications sufficient to identify at least five separate instances where you asked someone to delete the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 12**:

Provide documents or communications sufficient to identify at least five separate instances where you indicated or threatened that you would take legal action concerning the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 16**:[1]

From January 1, 2023, to present, produce all documents reflecting communications between You and any third party concerning the dissemination, amplification, promotion, or coordination of content alleging that DEFCAD was "hacked" or "dumped" multiple times.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

---

[1] Elik's document requests jump from No. 12 to No. 16.  As a result, these responses likewise jump from No. 12 to No. 16 to match the requests.

**REQUEST FOR PRODUCTION NO. 17**:

From January 1, 2023, to present, produce documents evidencing the creation, editing, posting, reposting, or dissemination of any content referencing DEFCAD or FEDCAD, including memes, posts, screenshots, images, captions, or links.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

DD objects to this Request as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it seeks all "documents evidencing the creation . . . or dissemination of any content referencing DEFCAD or FEDCAD."  As framed, this Request seeks all documents concerning Plaintiffs' business.  The Request is not tailored to any claims or defenses in this case, and searching for such broad categories of documents would be disproportionate to the needs of the case given the minimal (if any) relevance of the requested documents.  DD is withholding responsive documents based on these objections.


**REQUEST FOR PRODUCTION NO. 18**:

Provide all records, communications, messages, and documents that you intend to rely upon at trial to support your claim that it was the "fedcad meme" that damaged your business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable

protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 19**:

Produce all materials you plan to rely on at trial to show that it wasn't public disgust with Cody Wilson's guilty plea in a criminal case where he was alleged to have raped a child that took damaged your business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

DD objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 20**:

Provide documents sufficient to identify the contents and results of any independent technical investigation concerning the security of Defcad's website(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession,

custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 21**:

Provide documents sufficient to identify the contents and results of any internal technical investigation concerning the security of Defcad's website(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 22**:

Provide all materials that you plan to rely on at trial to show that it wasn't public distaste with your habits concerning the copyright infringement, stolen credit, or similar issues that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

DD objects to this Request on the grounds that it is vague and ambiguous as to what documents are sought. DD further objects on the grounds that the Request seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable

protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 23**:

Produce records, documents, communications, and other data sufficient to show how exactly the "fedcad meme" ended up being accessible on Defcad's website(s). A responsive production must include:

a. Original uploader(s), including all available contact information, including addresses, for the uploader, all communications and messages with the original uploader, as well as the exact file(s) submitted by the original uploader. Associated technical logs, IP addresses, and browser information are required.

b. Reviewer(s) who reviewed any part of the meme, including all available contact information, including addresses, for each reviewer, all communications and messages with any reviewer(s), as well as the exact file for the meme which the reviewers provided for final review/posting. The nature and content of each reviewer's interaction with the meme submitted with the original uploader should not be noted when this information is available. Note the "reviewer" includes anyone, regardless of their employment status or role, who accessed, saw, read, looked at, or otherwise interacted with the meme submitted by the original uploader.

c. Approver(s) who either approved of, signed off on, or otherwise greenlit the posting of any of the meme provided by any reviewer(s), including all available contact information, including addresses, for each approver, and all communications and messages with approvers pertaining to each work at issue. The nature and content of each approver interaction with the meme submitted with the original uploader should be noted when this information is available. Note that "approver" includes anyone, regardless of their employment status or role, who accessed,

saw, read, looked at, or otherwise interacted with the meme submitted by the original uploader or any reviewer(s).

d. Editor(s) who either edited, updated, modified, tweaked, or otherwise altered any postings that affected, were related to, or pertained to the meme. Include all available contact information, including addresses, for each editor, all communications and messages with any editor(s), as well as the exact file(s), information, and changes the editors made. Note that "editor" includes anyone, regardless of their employment status or role, that made alterations to any metadata, the specific files posted, or the information present on the web pages that pertain to the meme, or the images associated with the meme made available on your website. As explained, any messages or communications which touch on reasons, directions, instructions, or other such coordination of any such edits are a part of this request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.


**REQUEST FOR PRODUCTION NO. 24**:

Produce all materials you plan to rely on at trial to show that posting the "fedcad meme" on Defcad.com yourself isn't what led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

DD objects to this Request as premature because DD continues to investigate the facts in

this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 25**:

Produce all materials you plan to rely on at trial to show that posting the "Fedcad-19" on Defcad.com yourself isn't what led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 26**:

Produce all materials you plan to rely on at trial to show that it wasn't public disgust with Cody Wilson's sex offender registration status that led your customers away. (For example, *see* https://www.texastribune.org/2019/09/12/3d-printed-gun-designer-codywilson-sentenced-sexual-

assault-girl/).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

DD objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  DD further objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 27**:

Produce all materials you plan to rely on at trial to show that it wasn't negative publicity concerning the awareness of Cody Wilson's fleeing to Taiwan to avoid a Sexual Assault charge that led your customers away. (*See https://www.splcenter.org/resources/hatewatch/cody-wilson-lam-1-million-bitcoin/).*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

DD objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  DD further objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged

responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 28**:

Produce all materials you plan to rely on at trial to show that it wasn't public concern with Defcad.com requiring a background check to be submitted to the site that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 29**:

Produce all materials you plan to rely on at trial to show that it wasn't public concern with Defcad.com requiring a Social Security Number to be submitted to the site that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. DD further objects to this Request on the grounds that it seeks confidential and

proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 30**:

Produce all materials you plan to rely on at trial to show that it wasn't public belief of a hack or breach from independent sources (i.e., LeakBase or ImmuniWeb) that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 31**:

Produce all materials you plan to rely on at trial to show that it wasn't public distaste with the writings on the Legio blog that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

DD objects to this Request as premature because DD continues to investigate the facts in

this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 32**:

Produce all materials that you plan to rely on at trial to show that it wasn't public distaste with "Black Flag White Paper" that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 33**:

Provide materials that you plan to rely on at trial to show that it wasn't your advertisement of vehemently antisemitic and white nationalist publisher Antelope Hill Publishing on July 31, 2024 that led customers away. (For your reference, *see https://defcad.com/blog/nutty-9/* and the

following image)



## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

DD objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  DD further objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

## REQUEST FOR PRODUCTION NO. 34:

Provide documents sufficient to identify every LEGIO partner and member who was reported leaving DEFCAD citing "FEDCAD" or the "FEDCAD" meme.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

DD objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD, including LEGIO. DD further objects to this Request on the ground that it invades the privacy interests of third parties. DD further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, DD states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35**:

Provide documents sufficient to identify every LEGIO partner and member who was reported leaving DEFCAD *without* citing "FEDCAD" or the "FEDCAD" meme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

DD objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD, including LEGIO. DD further objects to this Request on the ground that it invades the privacy interests of third parties. DD further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, DD states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36**:

Provide documents sufficient to identify every LEGIO partner and member who has left DEFCAD without citing anything.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

DD objects to this Request to the extent it seeks the production of documents in the

possession, custody, or control of persons or entities other than DD, including LEGIO. DD further objects to this Request on the ground that it invades the privacy interests of third parties. DD further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, DD states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37**:

Produce all materials you plan to rely on at trial to show that it wasn't public awareness of the fact that Cody Wilson did not invent the "Liberator" that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 38**:

Produce all materials you plan to rely on at trial to show that it wasn't public awareness of the fact that Cody Wilson falsely took credit for the designs that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

DD objects to this Request as vague and ambiguous including to the extent it seeks

unspecified "materials" concerning undefined "public awareness" of undefined "falsely [taken] credit." DD further objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 41**:[2]

From January 1, 2022, to present, provide all records, communications, messages, and documents exchanged with or explicitly mentioning "JG" (aka "Joe G" aka jg@exfiltrate.io).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all records, communications, messages, and documents exchanged with or explicitly mentioning 'JG.'" DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, not all messages "with or explicitly mentioning 'JG'" have any relation to the merits of this case. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. DD is withholding responsive documents based on these objections.

---

[2] Elik's document requests jump from No. 38 to No. 41. As a result, these responses likewise jump from No. 38 to No. 41to match the requests.

**REQUEST FOR PRODUCTION NO. 42**:

From January 1, 2022, to present, provide all records, communications, messages, and documents pertaining to any compensation provided or to be provided to "JG," including negotiations for such compensation, as well as any receipts or bitcoin transactions for such compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all records, communications, messages, and documents" pertaining to the compensation of "JG." DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, JG's compensation has no relation to the merits of this case. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. DD is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 44**:

From January 1, 2022 to present, provide all records related to the purchase of usernames on the Twitter/X platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all records related to the purchase of usernames." DD further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "records" related to undefined

"purchase[s]" of unspecified "usernames." DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, not all "purchase[s] of usernames" have any relation to the merits of this case. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. DD is withholding responsive documents based on these objections.

### REQUEST FOR PRODUCTION NO. 45:

From January 1, 2022, to present, produce Documents sufficient to identify the contents of conversations you had about the "Freeman13372" Twitter/X account.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

DD objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, not all conversations with "Freeman13372" have any relation to the merits of this case. DD is withholding responsive documents based on these objections.

### REQUEST FOR PRODUCTION NO. 46

Provide records sufficient to establish the amounts and the reasons for any and all "profit sharing" that takes place between each Plaintiff.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "establish[ing] the amounts and the reasons for any and all 'profit sharing.'" DD

further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "records" sufficient to establish undefined "amounts" and unspecified "reasons" for "any and all" "profit sharing."  DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the Request seeks documents concerning profits, regardless of their relation to this case.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged documents relating to the amount of profit sharing in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 48**:[3]

Produce documents and records sufficient to establish that each work available on Defcad.com was uploaded by its rightful author.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning "each work available" on Defcad.com.  DD further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" sufficient to establish that "each work available on Defcad.com was uploaded by its rightful author."  DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action,

---

[3] Elik's document requests jump from No. 46 to No. 48.

as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all works available on Defcad.com are related to the merits of this case and identifying such information is disproportionately burdensome.  DD further objects to this Request as duplicative of Request No. 49.  DD is withholding responsive documents based on these objections.

### REQUEST FOR PRODUCTION NO. 49

From January 1, 2022, to present, produce documents and records sufficient to establish who the actual uploader for each work available on Defcad.com was.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning "each work available" on Defcad.com.  DD further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" sufficient to establish the "actual uploader for each work available."  DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, "each work available" is not related to the merits of this case and identifying such information is disproportionately burdensome.  DD further objects to this Request as duplicative of Request No. 48.  DD is withholding responsive documents based on these objections.

### REQUEST FOR PRODUCTION NO. 50

From January 1, 2022, to present, produce documents and records sufficient to establish each time that private, sensitive, or otherwise confidential or personally identifying information

which was in the custody of the company ended up being publicly posted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

DD objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" concerning undefined "private, sensitive, or otherwise confidential or personally identifying information" that was "publicly posted." DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the requested posted content is not related to the merits of this case and identifying such information is disproportionately burdensome. Without waiving these objections, DD states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51**

Produce documents and records sufficient to establish what, how, and why any employees, contractors, agents, or other individuals acting under the authority of your company turned over any personally identifying information to any source. For this request, "Personally identifying information" means any information that, alone or in combination with other information, can be used to identify, contact, or locate a specific individual, or to distinguish or trace an individual's identity. This includes, but is not limited to:

a) Names (full name, maiden name, mother's maiden name, or alias;

b) Personal identification numbers (e.g., Social Security Number, passport number, driver's license number, taxpayer identification number, patient identification number, financial account number, or credit card number);

c) Contact information (e.g., address information such as street address or email address; telephone numbers);

d) Biometric identifiers (e.g., fingerprints, voiceprints, retina scans, facial geometry);

e) Date of birth, place of birth, or genetic information;

f) Unique identifiers or online identifiers (e.g., IP address, device IDs, cookies, or other persistent identifiers when linked to an individual);

g) Medical, educational, financial, or employment information that is linked to an individual;

h) Any other information that is linked or linkable to an individual, such as geolocation data, photographs, or videos containing identifiable features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning the "turn[ ] over" of "any personally identifying information to any source," including a lengthy list of such personally identifying information.  DD further objects to this Request as vague and ambiguous including to the extent it seeks documents "establish[ing] what, how, and why" any unspecified "employees, contractors, agents, or other individual" acting under an unspecified "authority" turned over information to "any" undefined "source."  DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all information shared is related to the merits of this case and establishing such information is disproportionately burdensome.  DD is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 52**

Produce all materials you plan to reply upon at trial to establish that MAF is in business competition with your company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 53**

Produce all materials you plan to rely upon at trial to establish how "the Gatalog" is in business competition with your company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 54**

Produce all materials you plan to rely upon at trial to establish that "the Gatalog" exists as you contend.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

DD objects to this Request as premature because DD continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 54[4]**

Produce documents sufficient to identify all users with administrator-level privileges for the Defdist GitHub Organization, including users with authority to create, delete, configure, or manage repositories, members, or permission settings, during the period from January 1, 2018, to present. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project. "repository" means "software repository" or location hosting software source code for the purposes of collaboration or storage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

---

[4] Elik's discovery requests have two No. 54's.

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "all users with administrator-level privileges for the Defdist GitHub Organization."  DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] all users with administrator-level privileges" is disproportionate to the needs of this Action.  DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  DD is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 55**

Produce documents sufficient to identify all users associated with the Defdish GitHub Organization during the period from January 1, 2018, to present, including for each user the role or permission level assigned (e.g., owner, administrator, member, outside collaborator). For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "all users associated with the Defdist GitHub Organization during the period from January 1, 2018, to present, including for each user the role or permission level assigned."  DD further objects to this Request as vague and ambiguous including to the extent it

seeks documents concerning an undefined association with the Organization.  DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] all users associated with" the Organization is disproportionate to the needs of this Action.  DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  DD is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 56**

Produce documents sufficient to identify the corporate entity or entities responsible for owning, operating, administering, or managing the Defdist GitHub Organization, including any internal policies or agreements governing such management. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "the corporate entity or entities responsible for owning, operating, administering, or managing the Defdist GitHub Organization, including any internal policies or agreements governing such management."  DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under

Fed. R. Civ. P. 26(b)(1).  Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] the corporate entity or entities responsible for owning, operating, administering, or managing" the Organization is disproportionate to the needs of this Action.  DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  DD is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 57**

Produce a list identifying all repositories owned by the Defdist GitHub Organization that were designated as "private" at any time during the period from January 1, 2018, to present, including for each repository its name and URL. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "identifying all repositories owned by the Defdist GitHub Organization that were designation as 'private' at any time during the period from January 1, 2018, to present, including each repository its name and URL."  DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identifying all repositories" owned by the Organization which were "designated as 'private'" is disproportionate to the needs of this Action.  DD further objects to this Request to the

extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  DD is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 58

Produce a list identifying all repositories owned by the GitHub user account "defdistadmin" that were designated as "private" at any time during the period from January 1, 2018, to present, including for each repository its name and URL.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "identifying all repositories owned by the GitHub user account 'defdistadmin' that were designated as 'private' at any time during the period from January 1, 2018, to present." DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the "GitHub user account 'defdistadmin'" is not related to the merits of the claim and "identifying all repositories" owned by the that account which were "designated as 'private'" is disproportionate to the needs of this Action.  DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  DD is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 59

Produce documents sufficient to identify the GitHub usernames and corresponding real names (to the extent known to Defendant in the ordinary course of business) of all users associated with Defdist GitHub Organization during the relevant period, including each user's relationship to Defendant (e.g., employee, contractor, agent). For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents sufficient to identify "GitHub usernames and corresponding real names . . . of all users associated with Defdist GitHub Organization during the relevant period, including each user's relationship to Defendant." DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identifying all usernames and corresponding real names . . . of all users associated with Defdist GitHub Organization" is disproportionate to the needs of this Action. DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. DD is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 60**

Produce the complete Git Commit data for the following commits associated with the Defdist GitHub Organization, including commit hash, parent commit(s), author and committer

names and email addresses, timestamps, commit message, and the complete Diff for each commit:

    a. 43c0c46676211616e006660c6de934ea2ddff4c22

    b. 19ae6ddea7478fc049ac9f2d942988e9837ddc5f

    c. 3c9ff18a1f2b06c57fde544a8b04f6494077b3f9

```
commit 43c0c46676211616e00660c6de934ea2ddff4c22
Merge: d7f2b5b2 1b48b9ed
Author: defdistadmin <44787407+defdistadmin@users.noreply.github.com>
Date:   Tue Feb 21 08:35:23 2023 -0800

    Merge pull request #1011 from Defdist/hmk-rt-8

    Fixing bugs
```

```
commit 19ae6ddea7478fc049ac9f2d942988e9837ddc5f
Author: Nikolai Sokolov <bb.msf.dd@gmail.com>
Date:   Wed Jun 28 11:53:55 2023 -0700

    Fixing bugs
```

```
commit 3c9ff18a1f2b06c57fde544a8b04f6494077b3f9
Author: Nikolai Sokolov <bb.msf.dd@gmail.com>
Date:   Sun Mar 29 00:44:34 2020 -0700

    Security tweaks
```

For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit

message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

DD objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, DD will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

## REQUEST FOR PRODUCTION NO. 61

For each repository owned or controlled by Defendant that contains "defcad" in the repository name, produce

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository,

identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for "each repository owned or controlled by Defendant that contains 'defcad' in the repository name." DD further objects to this Request as vague and ambiguous including to the extent it seeks documents concerning undefined "repositor[ies]" which are "owned or controlled by Defendant" in an unspecified manner. DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for each "Git Commit" that "contains 'defcad'" are not related to the merits of this case and is disproportionate to the needs of this Action. DD further objects to this Request to the extent it

seeks the production of documents in the possession, custody, or control of persons or entities other than DD.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  DD is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 62

For the GitHub repository "Defdist/hmk -rt -8," produce:

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for the "GitHub repository 'Defdist/hmk -rt -8.'" DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for the "GitHub repository 'Defdist/hmk -rt -8'" are not related to the merits of this case and is disproportionate to the needs of this Action. DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. DD is withholding responsive documents based on these objections.

**<u>REQUEST FOR PRODUCTION NO. 63</u>**

Produce documents sufficient to identify all repositories that contain or contained source code for the DEFCAD web application, and for each such repository, produce:

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for the "all repositories that contain or contained source code for the DEFCAD web application." DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for "all repositories that contain or contained source code for the DEFCAD web application" are not related to the merits of this case and is disproportionate to the needs of this Action. DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD. DD further objects to this Request on the grounds that it seeks confidential and proprietary business information. DD is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 64**

Produce documents sufficient to identify all Git Commits to DEFCAD source code containing the phrases "security", "vuln", "vulnerability", "bug", "bugs", "critical", "hack", "hacked", "penetration", "dump", "insecure", "breach", "breached" from any and all source code repositories related to the DEFCAD web application, and for each such Git Commit, produce:

a. The complete Diff;

b. The content of the Git Commit message;

c.  A list of authors and their roles

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it

seeks "all Git Commits to DEFCAD source code containing the phrases 'security', 'vuln', 'vulnerability', 'bug', 'bugs', 'critical', 'hack', 'hacked', 'penetration', 'dump', 'insecure', 'breach', 'breached' from any and all source code repositories related to the DEFCAD web application."  DD further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "Git Commits to DEFCAD source code" from undefined "source code repositories related to the DEFCAD web application."  DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, "Git Commits to DEFCAD source code" from undefined "source code repositories related to the DEFCAD web application" is not related to the merits of this case and is disproportionate to the needs of this Action.  DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  DD is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 65**

Produce documents sufficient to identify Git Commits to DEFCAD source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security, including those from automated tools, such as Dependabot or Copilot, or any other contributor, and for each such Git Commit, produce:

    a. The complete Diff;

    b. The content of the Git Commit message;

    c.  A list of authors and their roles

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "Git Commits to DEFCAD source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security, including those from automated tools, such as Dependabot or Copilot, or any other contributor, and for each such Git Commit." DD further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security," including those from undefined "automated tools," including unspecified "any other contributor." DD further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, "Git Commits to DEFCAD source code relating to updates,

upgrades, patches, fixes, tweaks, changes, and modifications relating to software security" is not related to the merits of this case and is disproportionate to the needs of this Action.  DD further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than DD.  DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.  DD is withholding responsive documents based on these objections.

### REQUEST FOR PRODUCTION NO. 66

From January 1, 2022, to present, produce documents sufficient to identify the contents of any documents exchanged or communications with or pertaining to the Everytown lawsuit. For clarity, and conversations with or involving Garret Walliman, Freeman1337, Peter Celentano, and any transfer or sharing of personal information with the Plaintiffs in that case would be responsive.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

DD objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "contents of any documents exchanged or communications with or pertaining to the Everytown lawsuit."  DD further objects to this Request as vague and ambiguous including to the extent it seeks "documents sufficient to identify the contents" of unspecified "documents exchanged or communications. With or pertaining to" an undefined lawsuit.  DD further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the contents of documents and communications related to the "Everytown lawsuit" are not related to the merits of this case and are disproportionate to the needs of this Action.  DD further objects to this Request to the extent it seeks the production of documents

in the possession, custody, or control of persons or entities other than DD.   DD further objects to this Request as seeking information protected by the attorney-client privilege, work-product privilege, or any other applicable privilege including to the extent it seeks documents and communications related to a lawsuit.   DD further objects to this Request on the grounds that it seeks confidential and proprietary business information.   DD is withholding responsive documents based on these objections.

Dated:  April 6, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served on April 6, 2026, via email to all counsel of record.

s/ *Brendan Everman*
Brendan Everman

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

        Plaintiffs,

    v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually

                Defendants.

_____/

**PLAINTIFF DEFCAD, INC.'S RESPONSES TO**
**DEFENDANT JOHN ELIK'S FIRST REQUESTS FOR PRODUCTION**

Plaintiff Defcad, Inc. ("Defcad") responds to the Defendant John Elik's First Set of

Requests for Production of Documents served on March 5, 2026.

**REQUEST FOR PRODUCTION NO. 1**:

Given you claim a meme substantially impacted your business in excess of $1 million,

produce all of Defcad Inc's tax returns (federal and state) from January 1, 2021 (two years before

the claims in your pleading) to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary

business information.  Subject to and without waiving the foregoing objection, Defcad will conduct

a reasonably diligent search and produce non-privileged responsive documents in its possession,

custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 2**:

Given you claim a meme substantially impacted your business in excess of $1 million, produce all of Defcad Inc's quarterly balance sheets from January 1, 2021 (two years before the claims in your pleading) to present. In the event you do not create quarterly balance sheets, provide all balance sheets, at whatever intervals generated from January 1, 2021, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 3**:

Produce documents sufficient to establish how much income was "shared" with Defense Distributed and DD Foundation, LLC, from January 1, 2021, to present, as you claim in your complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession,

custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 4**:

Produce the documents underlying the profit sharing agreement, or other revenue sharing agreement, you claim exists between the Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Defcad objects to this Request as vague and ambiguous to the extent it seeks unspecified "documents underlying" an undefined "profit sharing agreement" and undefined "other revenue sharing agreement." Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objections, Defcad states that, after reasonable inquiry, it is unaware of any documents responsive to this Request in its possession.

**REQUEST FOR PRODUCTION NO. 5**:

Provide documents sufficient to establish the number of instances where you denied any of the claims made in the "fedcad meme", and the content of those documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Defcad objects to this Request as vague and ambiguous to the extent it seeks unspecified "documents sufficient to establish the number of instances" Defcad denied the claims made in the FEDCAD meme. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objections, Defcad will conduct a reasonably diligent search and produce non-privileged documents in its

possession, custody, or control, if any, denying the factual assertions in the FEDCAD meme within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 6**:

Provide documents or communications sufficient to identify all instances where you addressed the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Defcad objects to this Request as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it seeks documents "identify[ing] all instances" where Defcad "addressed" the claims made in the "fedcad meme." The FEDCAD meme falsely represents that DEFCAD's database has been "hacked" and "dumped" multiple times, implying customers' identities and other personal information would be known to federal authorities and anti-gun activists who might harass them. As framed, this Request would require Defcad to review and produce all documents concerning Plaintiffs' data security practices as well as a review of all written communications between Plaintiffs and all of Plaintiffs' potential customers. Such an undertaking would be immense and disproportionate to the needs of the case given the minimal (if any) relevance of such documents and communications. Defcad further objects to this Request on the ground that it seeks privileged communications. Defcad is withholding documents based on these objections.

**REQUEST FOR PRODUCTION NO. 7**:

Provide documents or communications sufficient to identify all instances where you asked someone to stop posting "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 8**:

Provide documents or communications sufficient to identify a single instance where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 9**:

Provide documents or communications sufficient to identify at least five separate instances where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession,

custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 10**:

Provide documents or communications sufficient to identify at least ten separate instances where you publicly denied any of the claims made in the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 11**:

Provide documents or communications sufficient to identify at least five separate instances where you asked someone to delete the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 12**:

Provide documents or communications sufficient to identify at least five separate instances where you indicated or threatened that you would take legal action concerning the "fedcad meme."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 16**:[1]

From January 1, 2023, to present, produce all documents reflecting communications between You and any third party concerning the dissemination, amplification, promotion, or coordination of content alleging that DEFCAD was "hacked" or "dumped" multiple times.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

---

[1] Elik's document requests jump from No. 12 to No. 16. As a result, these responses likewise jump from No. 12 to No. 16 to match the requests.

**REQUEST FOR PRODUCTION NO. 17**:

From January 1, 2023, to present, produce documents evidencing the creation, editing, posting, reposting, or dissemination of any content referencing DEFCAD or FEDCAD, including memes, posts, screenshots, images, captions, or links.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Defcad objects to this Request as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it seeks all "documents evidencing the creation . . . or dissemination of any content referencing DEFCAD or FEDCAD."  As framed, this Request seeks all documents concerning Plaintiffs' business.  The Request is not tailored to any claims or defenses in this case, and searching for such broad categories of documents would be disproportionate to the needs of the case given the minimal (if any) relevance of the requested documents. Defcad is withholding responsive documents based on these objections.


**REQUEST FOR PRODUCTION NO. 18**:

Provide all records, communications, messages, and documents that you intend to rely upon at trial to support your claim that it was the "fedcad meme" that damaged your business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a

mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 19**:

Produce all materials you plan to rely on at trial to show that it wasn't public disgust with Cody Wilson's guilty plea in a criminal case where he was alleged to have raped a child that took damaged your business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Defcad objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 20**:

Provide documents sufficient to identify the contents and results of any independent technical investigation concerning the security of Defcad's website(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective

order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 21**:

Provide documents sufficient to identify the contents and results of any internal technical investigation concerning the security of Defcad's website(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 22**:

Provide all materials that you plan to rely on at trial to show that it wasn't public distaste with your habits concerning the copyright infringement, stolen credit, or similar issues that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Defcad objects to this Request on the grounds that it is vague and ambiguous as to what documents are sought.  Defcad further objects on the grounds that the Request seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 23**:

Produce records, documents, communications, and other data sufficient to show how exactly the "fedcad meme" ended up being accessible on Defcad's website(s). A responsive production must include:

a. Original uploader(s), including all available contact information, including addresses, for the uploader, all communications and messages with the original uploader, as well as the exact file(s) submitted by the original uploader. Associated technical logs, IP addresses, and browser information are required.

b. Reviewer(s) who reviewed any part of the meme, including all available contact information, including addresses, for each reviewer, all communications and messages with any reviewer(s), as well as the exact file for the meme which the reviewers provided for final review/posting. The nature and content of each reviewer's interaction with the meme submitted with the original uploader should not be noted when this information is available. Note the "reviewer" includes anyone, regardless of their employment status or role, who accessed, saw, read, looked at, or otherwise interacted with the meme submitted by the original uploader.

c. Approver(s) who either approved of, signed off on, or otherwise greenlit the posting of any of the meme provided by any reviewer(s), including all available contact information, including addresses, for each approver, and all communications and messages with approvers pertaining to each work at issue. The nature and content of each approver interaction with the meme submitted with the original uploader should be noted when this information is available. Note that "approver" includes anyone, regardless of their employment status or role, who accessed, saw, read, looked at, or otherwise interacted with the meme submitted by the original uploader or

any reviewer(s).

d. Editor(s) who either edited, updated, modified, tweaked, or otherwise altered any postings that affected, were related to, or pertained to the meme. Include all available contact information, including addresses, for each editor, all communications and messages with any editor(s), as well as the exact file(s), information, and changes the editors made. Note that "editor" includes anyone, regardless of their employment status or role, that made alterations to any metadata, the specific files posted, or the information present on the web pages that pertain to the meme, or the images associated with the meme made available on your website. As explained, any messages or communications which touch on reasons, directions, instructions, or other such coordination of any such edits are a part of this request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 24**:

Produce all materials you plan to rely on at trial to show that posting the "fedcad meme" on Defcad.com yourself isn't what led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends

to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 25**:

Produce all materials you plan to rely on at trial to show that posting the "Fedcad-19" on Defcad.com yourself isn't what led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 26**:

Produce all materials you plan to rely on at trial to show that it wasn't public disgust with Cody Wilson's sex offender registration status that led your customers away. (For example, *see* https://www.texastribune.org/2019/09/12/3d-printed-gun-designer-codywilson-sentenced-sexual-assault-girl/).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Defcad objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  Defcad further objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 27**:

Produce all materials you plan to rely on at trial to show that it wasn't negative publicity concerning the awareness of Cody Wilson's fleeing to Taiwan to avoid a Sexual Assault charge that led your customers away. (*See [https://www.splcenter.org/resources/hatewatch/cody-wilson-lam-1-million-bitcoin/](https://www.splcenter.org/resources/hatewatch/cody-wilson-lam-1-million-bitcoin/)).*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Defcad objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  Defcad further objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within

10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 28**:

Produce all materials you plan to rely on at trial to show that it wasn't public concern with Defcad.com requiring a background check to be submitted to the site that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 29**:

Produce all materials you plan to rely on at trial to show that it wasn't public concern with Defcad.com requiring a Social Security Number to be submitted to the site that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive

documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 30**:

Produce all materials you plan to rely on at trial to show that it wasn't public belief of a hack or breach from independent sources (i.e., LeakBase or ImmuniWeb) that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 31**:

Produce all materials you plan to rely on at trial to show that it wasn't public distaste with the writings on the Legio blog that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defcad further objects to this Request on the grounds that it seeks confidential

and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 32**:

Produce all materials that you plan to rely on at trial to show that it wasn't public distaste with "Black Flag White Paper" that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 33**:

Provide materials that you plan to rely on at trial to show that it wasn't your advertisement of vehemently antisemitic and white nationalist publisher Antelope Hill Publishing on July 31, 2024 that led customers away. (For your reference, *see https://defcad.com/blog/nutty-9/* and the following image)



**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

Defcad objects to this Request as interposed for the improper purpose of harassment, in violation of Fed. R. Civ. P. 26(g).  Defcad further objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and

produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 34**:

Provide documents sufficient to identify every LEGIO partner and member who was reported leaving DEFCAD citing "FEDCAD" or the "FEDCAD" meme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

Defcad objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad, including LEGIO. Defcad further objects to this Request on the ground that it invades the privacy interests of third parties. Defcad further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, Defcad states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35**:

Provide documents sufficient to identify every LEGIO partner and member who was reported leaving DEFCAD *without* citing "FEDCAD" or the "FEDCAD" meme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

Defcad objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad, including LEGIO. Defcad further objects to this Request on the ground that it invades the privacy interests of third parties. Defcad further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, Defcad states that, after reasonable

inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36**:

Provide documents sufficient to identify every LEGIO partner and member who has left DEFCAD without citing anything.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

Defcad objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad, including LEGIO. Defcad further objects to this Request on the ground that it invades the privacy interests of third parties. Defcad further objects to this Request on the ground that the requested documents are not relevant to any claims or defenses. Without waiving these objections, Defcad states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37**:

Produce all materials you plan to rely on at trial to show that it wasn't public awareness of the fact that Cody Wilson did not invent the "Liberator" that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a

mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 38**:

Produce all materials you plan to rely on at trial to show that it wasn't public awareness of the fact that Cody Wilson falsely took credit for the designs that led your customers away.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

Defcad objects to this Request as vague and ambiguous including to the extent it seeks unspecified "materials" concerning undefined "public awareness" of undefined "falsely [taken] credit."   Defcad further objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 41**:[2]

From January 1, 2022, to present, provide all records, communications, messages, and documents exchanged with or explicitly mentioning "JG" (aka "Joe G" aka jg@exfiltrate.io).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that

---

[2] Elik's document requests jump from No. 38 to No. 41.  As a result, these responses likewise jump from No. 38 to No. 41to match the requests.

it seeks "all records, communications, messages, and documents exchanged with or explicitly mentioning 'JG.'" Defcad further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, not all messages "with or explicitly mentioning 'JG'" have any relation to the merits of this case. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 42**:

From January 1, 2022, to present, provide all records, communications, messages, and documents pertaining to any compensation provided or to be provided to "JG," including negotiations for such compensation, as well as any receipts or bitcoin transactions for such compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all records, communications, messages, and documents" pertaining to the compensation of "JG." Defcad further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, JG's compensation has no relation to the merits of this case. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 44**:

From January 1, 2022 to present, provide all records related to the purchase of usernames on the Twitter/X platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all records related to the purchase of usernames." Defcad further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "records" related to undefined "purchase[s]" of unspecified "usernames." Defcad further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, not all "purchase[s] of usernames" have any relation to the merits of this case. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.


**REQUEST FOR PRODUCTION NO. 45**:

From January 1, 2022, to present, produce Documents sufficient to identify the contents of conversations you had about the "Freeman13372" Twitter/X account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Defcad objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, not all conversations with "Freeman13372" have any relation to the merits of this case. Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 46**

Provide records sufficient to establish the amounts and the reasons for any and all "profit sharing" that takes place between each Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "establish[ing] the amounts and the reasons for any and all 'profit sharing.'" Defcad further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "records" sufficient to establish undefined "amounts" and unspecified "reasons" for "any and all" "profit sharing." Defcad further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the Request seeks documents concerning profits, regardless of their relation to this case. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged documents relating to the amount of profit sharing in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 48:**[3]

Produce documents and records sufficient to establish that each work available on Defcad.com was uploaded by its rightful author.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

---

[3] Elik's document requests jump from No. 46 to No. 48.

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning "each work available" on Defcad.com.  Defcad further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" sufficient to establish that "each work available on Defcad.com was uploaded by its rightful author."  Defcad further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all works available on Defcad.com are related to the merits of this case and identifying such information is disproportionately burdensome.  Defcad further objects to this Request as duplicative of Request No. 49.  Defcad is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 49

From January 1, 2022, to present, produce documents and records sufficient to establish who the actual uploader for each work available on Defcad.com was.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning "each work available" on Defcad.com.  Defcad further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" sufficient to establish the "actual uploader for each work available."  Defcad further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, "each work available" is not related to the merits of this case and identifying such information is disproportionately burdensome.  Defcad further objects

to this Request as duplicative of Request No. 48.  Defcad is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 50

From January 1, 2022, to present, produce documents and records sufficient to establish each time that private, sensitive, or otherwise confidential or personally identifying information which was in the custody of the company ended up being publicly posted.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Defcad objects to this Request as vague and ambiguous including to the extent it seeks unspecified "documents and records" concerning undefined "private, sensitive, or otherwise confidential or personally identifying information" that was "publicly posted."  Defcad further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the requested posted content is not related to the merits of this case and identifying such information is disproportionately burdensome.  Without waiving these objections, Defcad states that, after reasonable inquiry, it is unaware any documents in its possession that are responsive to this Request.

## REQUEST FOR PRODUCTION NO. 51

Produce documents and records sufficient to establish what, how, and why any employees, contractors, agents, or other individuals acting under the authority of your company turned over any personally identifying information to any source. For this request, "Personally identifying information" means any information that, alone or in combination with other information, can be

used to identify, contact, or locate a specific individual, or to distinguish or trace an individual's identity. This includes, but is not limited to:

a) Names (full name, maiden name, mother's maiden name, or alias;

b) Personal identification numbers (e.g., Social Security Number, passport number, driver's license number, taxpayer identification number, patient identification number, financial account number, or credit card number);

c) Contact information (e.g., address information such as street address or email address; telephone numbers);

d) Biometric identifiers (e.g., fingerprints, voiceprints, retina scans, facial geometry);

e) Date of birth, place of birth, or genetic information;

f) Unique identifiers or online identifiers (e.g., IP address, device IDs, cookies, or other persistent identifiers when linked to an individual);

g) Medical, educational, financial, or employment information that is linked to an individual;

h) Any other information that is linked or linkable to an individual, such as geolocation data, photographs, or videos containing identifiable features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents concerning the "turn[ ] over" of "any personally identifying information to any source," including a lengthy list of such personally identifying information.  Defcad further objects to this Request as vague and ambiguous including to the extent it seeks documents "establish[ing] what, how, and why" any unspecified "employees, contractors, agents, or other individual" acting under an unspecified "authority" turned over information to "any" undefined "source."  Defcad

further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, not all information shared is related to the merits of this case and establishing such information is disproportionately burdensome.  Defcad is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 52

Produce all materials you plan to reply upon at trial to establish that MAF is in business competition with your company.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

## REQUEST FOR PRODUCTION NO. 53

Produce all materials you plan to rely upon at trial to establish how "the Gatalog" is in business competition with your company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 54**

Produce all materials you plan to rely upon at trial to establish that "the Gatalog" exists as you contend.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

Defcad objects to this Request as premature because Defcad continues to investigate the facts in this Action and conduct discovery, and has not yet identified which documents it intends to rely upon at trial. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

## REQUEST FOR PRODUCTION NO. 54[4]

Produce documents sufficient to identify all users with administrator-level privileges for the Defdist GitHub Organization, including users with authority to create, delete, configure, or manage repositories, members, or permission settings, during the period from January 1, 2018, to present. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project. "repository" means "software repository" or location hosting software source code for the purposes of collaboration or storage.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "all users with administrator-level privileges for the Defdist GitHub Organization."  Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] all users with administrator-level privileges" is disproportionate to the needs of this Action.  Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defcad is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 55

Produce documents sufficient to identify all users associated with the Defdish GitHub

---

[4] Elik's discovery requests have two No. 54's.

Organization during the period from January 1, 2018, to present, including for each user the role or permission level assigned (e.g., owner, administrator, member, outside collaborator). For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "all users associated with the Defdist GitHub Organization during the period from January 1, 2018, to present, including for each user the role or permission level assigned." Defcad further objects to this Request as vague and ambiguous including to the extent it seeks documents concerning an undefined association with the Organization. Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] all users associated with" the Organization is disproportionate to the needs of this Action. Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 56**

Produce documents sufficient to identify the corporate entity or entities responsible for owning, operating, administering, or managing the Defdist GitHub Organization, including any

internal policies or agreements governing such management. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents identifying "the corporate entity or entities responsible for owning, operating, administering, or managing the Defdist GitHub Organization, including any internal policies or agreements governing such management." Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identify[ing] the corporate entity or entities responsible for owning, operating, administering, or managing" the Organization is disproportionate to the needs of this Action. Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 57**

Produce a list identifying all repositories owned by the Defdist GitHub Organization that were designated as "private" at any time during the period from January 1, 2018, to present, including for each repository its name and URL. For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias,

mirror, or related organization used to host or manage repositories for the DEFCAD project.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "identifying all repositories owned by the Defdist GitHub Organization that were designation as 'private' at any time during the period from January 1, 2018, to present, including each repository its name and URL." Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identifying all repositories" owned by the Organization which were "designated as 'private'" is disproportionate to the needs of this Action. Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.

### REQUEST FOR PRODUCTION NO. 58

Produce a list identifying all repositories owned by the GitHub user account "defdistadmin" that were designated as "private" at any time during the period from January 1, 2018, to present, including for each repository its name and URL.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents "identifying all repositories owned by the GitHub user account 'defdistadmin'

that were designated as 'private' at any time during the period from January 1, 2018, to present."

Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "GitHub user account 'defdistadmin'" is not related to the merits of the claim and "identifying all repositories" owned by the that account which were "designated as 'private'" is disproportionate to the needs of this Action. Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 59

Produce documents sufficient to identify the GitHub usernames and corresponding real names (to the extent known to Defendant in the ordinary course of business) of all users associated with Defdist GitHub Organization during the relevant period, including each user's relationship tp Defendant (e.g., employee, contractor, agent). For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks documents sufficient to identify "GitHub usernames and corresponding real names . . . of all users associated with Defdist GitHub Organization during the relevant period, including each user's relationship to Defendant." Defcad further objects to this Request on the grounds that it

seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, the "Defdist GitHub Organization" is not related to the merits of the claim and "identifying all usernames and corresponding real names . . . of all users associated with Defdist GitHub Organization" is disproportionate to the needs of this Action. Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 60**

Produce the complete Git Commit data for the following commits associated with the Defdist GitHub Organization, including commit hash, parent commit(s), author and committer names and email addresses, timestamps, commit message, and the complete Diff for each commit:

a. 43c0c46676211616e006660c6de934ea2ddff4c22

b. 19ae6ddea7478fc049ac9f2d942988e9837ddc5f

c. 3c9ff18a1f2b06c57fde544a8b04f6494077b3f9

```
commit 43c0c46676211616e00660c6de934ea2ddff4c22
Merge: d7f2b5b2 1b48b9ed
Author: defdistadmin <44787407+defdistadmin@users.noreply.github.com>
Date:   Tue Feb 21 08:35:23 2023 -0800

    Merge pull request #1011 from Defdist/hmk-rt-8

    Fixing bugs
```

```
commit 19ae6ddea7478fc049ac9f2d942988e9837ddc5f
Author: Nikolai Sokolov <bb.msf.dd@gmail.com>
Date:   Wed Jun 28 11:53:55 2023 -0700

    Fixing bugs
```

```
commit 3c9ff18a1f2b06c57fde544a8b04f6494077b3f9
Author: Nikolai Sokolov <bb.msf.dd@gmail.com>
Date:   Sun Mar 29 00:44:34 2020 -0700

    Security tweaks
```

For this request, "Defdist GitHub Organization" means the GitHub organization identified as "Defdist", including any predecessor, successor, alias, mirror, or related organization used to host or manage repositories for the DEFCAD project.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:

Defcad objects to this Request on the grounds that it seeks confidential and proprietary business information.  Subject to and without waiving the foregoing objection, Defcad will conduct a reasonably diligent search and produce non-privileged responsive documents in its possession, custody, or control, if any, within 10 days after the Court enters a mutually acceptable protective order governing confidentiality.

**REQUEST FOR PRODUCTION NO. 61**

For each repository owned or controlled by Defendant that contains "defcad" in the repository name, produce

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological

record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for "each repository owned or controlled by Defendant that contains 'defcad' in the repository name." Defcad further objects to this Request as vague and ambiguous including to the extent it seeks documents concerning undefined "repositor[ies]" which are "owned or controlled by Defendant" in an unspecified manner. Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for each "Git Commit" that "contains 'defcad'" are not related to the merits of this case and is disproportionate to the needs of this Action. Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 62**

For the GitHub repository "Defdist/hmk -rt -8," produce:

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for the "GitHub repository 'Defdist/hmk -rt -8.'" Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for the "GitHub repository 'Defdist/hmk -rt -8'" are not related to the merits of this case and is disproportionate to the needs of this Action. Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities

other than Defcad.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 63**

Produce documents sufficient to identify all repositories that contain or contained source code for the DEFCAD web application, and for each such repository, produce:

a. the complete Commit History, including the Diff for each Git Commit;

b. all README file(s); and

c. a list of contributors and their roles.

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "complete Commit History, including the Diff for each Git Commit," "all README file(s)," and a "list of contributors and their roles" for the "all repositories that contain or contained source code for the DEFCAD web application."   Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).   Specifically, the "complete Commit History," "all README file(s)," and a "list of contributors and their roles" for "all repositories that contain or contained source code for the DEFCAD web application" are not related to the merits of this case and is disproportionate to the needs of this Action.   Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad.   Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.   Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 64**

Produce documents sufficient to identify all Git Commits to DEFCAD source code containing the phrases "security", "vuln", "vulnerability", "bug", "bugs", "critical", "hack", "hacked", "penetration", "dump", "insecure", "breach", "breached" from any and all source code repositories related to the DEFCAD web application, and for each such Git Commit, produce:

    a. The complete Diff;

    b. The content of the Git Commit message;

    c.  A list of authors and their roles

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "all Git Commits to DEFCAD source code containing the phrases 'security', 'vuln', 'vulnerability', 'bug', 'bugs', 'critical', 'hack', 'hacked', 'penetration', 'dump', 'insecure', 'breach', 'breached' from any and all source code repositories related to the DEFCAD web application." Defcad further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "Git Commits to DEFCAD source code" from undefined "source code repositories related to the DEFCAD web application." Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, "Git Commits to DEFCAD source code" from undefined "source code repositories related to the DEFCAD web application" is not related

to the merits of this case and is disproportionate to the needs of this Action.  Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defcad is withholding responsive documents based on these objections.

## REQUEST FOR PRODUCTION NO. 65

Produce documents sufficient to identify Git Commits to DEFCAD source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security, including those from automated tools, such as Dependabot or Copilot, or any other contributor, and for each such Git Commit, produce:

a. The complete Diff;

b. The content of the Git Commit message;

c.  A list of authors and their roles

For this request, "Git Commit" means a single recorded change to a git repository, identified by a cryptographic hash (e.g., SHA-1 or SHA-256), which includes a commit identifier, one or more parent commit identifiers, author and committer metadata, timestamps, a commit message, and the changes recorded by that commit.

For this request, "Diff" means the complete, machine-generated textual representation of the changes introduced by a Git Commit, including additions, deletions, modifications, renames, and file mode changes, as produced by standard git commands including but not limited to "git show", "git diff", or "git log -p". A Diff includes line-by-line changes, file paths, contextual lines, and indicators of binary file changes.

For this request, "Commit History" or "Commit Log" means the complete chronological

record of all Git Commits in a repository, including merge commits and commits on all branches, whether or not currently reachable from the default branch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks "Git Commits to DEFCAD source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security, including those from automated tools, such as Dependabot or Copilot, or any other contributor, and for each such Git Commit." Defcad further objects to this Request as vague and ambiguous including to the extent it seeks unspecified "source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security," including those from undefined "automated tools," including unspecified "any other contributor."  Defcad further objects to this Request on the grounds that it seeks documents not proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1).  Specifically, "Git Commits to DEFCAD source code relating to updates, upgrades, patches, fixes, tweaks, changes, and modifications relating to software security" is not related to the merits of this case and is disproportionate to the needs of this Action.  Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad.  Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information.  Defcad is withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 66**

From January 1, 2022, to present, produce documents sufficient to identify the contents of any documents exchanged or communications with or pertaining to the Everytown lawsuit. For

clarity, and conversations with or involving Garret Walliman, Freeman1337, Peter Celentano, and any transfer or sharing of personal information with the Plaintiffs in that case would be responsive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:

Defcad objects to this Request as overly broad and unduly burdensome on the grounds that it seeks the "contents of any documents exchanged or communications with or pertaining to the Everytown lawsuit." Defcad further objects to this Request as vague and ambiguous including to the extent it seeks "documents sufficient to identify the contents" of unspecified "documents exchanged or communications. With or pertaining to" an undefined lawsuit. Defcad further objects to this Request on the grounds that it seeks documents not relevant to any claim or defense raised in this Action and proportional to the needs of this Action, as limited by and required under Fed. R. Civ. P. 26(b)(1). Specifically, the contents of documents and communications related to the "Everytown lawsuit" are not related to the merits of this case and are disproportionate to the needs of this Action. Defcad further objects to this Request to the extent it seeks the production of documents in the possession, custody, or control of persons or entities other than Defcad. Defcad further objects to this Request as seeking information protected by the attorney-client privilege, work-product privilege, or any other applicable privilege including to the extent it seeks documents and communications related to a lawsuit. Defcad further objects to this Request on the grounds that it seeks confidential and proprietary business information. Defcad is withholding responsive documents based on these objections.

Dated:  April 6, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served on April 6, 2026, via email to all counsel of record.

s/ *Brendan Everman*
Brendan Everman