## EXHIBIT B - INITIAL CONFERRAL EMAILS

### Meet and confer re: motion to compel on Plaintiffs' complete non-production

9 messages

---

**Matthew Larosiere** <larosieremm@gmail.com>                               Mon, Apr 6, 2026 at 11:00 PM
To: Howard Foster <hfoster@fosterpc.com>, "Everman, Brendan" <beverman@pryorcashman.com>, Gary De Pury
<gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Gentlemen, you improperly conditioned your discovery responses on the Court's entry of a protective order.

As you know, you must produce documents by a date certain. 10 days after an unknown indeterminate time is not a
proper response. When can we chat?

Yours,
Matt

---

**Everman, Brendan** <BEverman@pryorcashman.com>                               Tue, Apr 7, 2026 at 1:56 PM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: Howard Foster <hfoster@fosterpc.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay
(Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Matt:

We cannot produce highly sensitive business information, such as tax returns, without a protective order governing
confidentiality.

Rule 34(b)(2)(B) does not require document production by a "date certain." Rather, it provides that "production must ...
be completed no later than . . . [a] reasonable time specified in the response." Our responses specify a reasonable time to
complete production after the Court enters a protective order.

In any event, as a compromise, we would agree to complete production in 14 days, i.e. by April 21, provided that the Court
has entered a mutually acceptable protective order before that date.

With respect to the protective order, please let us know if you want to circulate a draft. If not, we will prepare one and
send it to you tomorrow when I'm back in the office.

Brendan

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

[Quoted text hidden]

---

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

---

**Matthew Larosiere** <larosieremm@gmail.com>                      Tue, Apr 7, 2026 at 2:01 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: Howard Foster <hfoster@fosterpc.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Brendan, can you take a call now?

If not, let me know when you are next available.

The premise of the complaint is loss of income to the tune of $1M. You've declined to provide any documentary evidence of this. Since it's central to your claim, it's clearly our right.

We can agree to treating them as confidential provided they are completely unredacted. Otherwise, you should have provided something, perhaps a redacted version, subject to a competent objection. You provided nothing.

I would also like to discuss the following topics:

How can communications your clients had with the individual(s) who hacked your client's websites not be relevant to this matter? See RFPs 41 and 42 to each Plaintiff.

Why did you fail to complete your search by the deadline? Conditioning the completion of your discovery obligations upon some confidentiality order that you did not insist on until now smacks of the gamesmanship the court has warned you of.

How can a request which you filed a motion to compel on be irrelevant? Your clients reposted the meme at the center of this case, it seems very unlikely that your client's posting of this meme could ever be irrelevant. See DC-RFP-17.

[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                  Tue, Apr 7, 2026 at 4:01 PM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: Howard Foster <hfoster@fosterpc.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Matt, I'm out of the office today but am available to confer tomorrow from 10-3.

[Quoted text hidden]
[Quoted text hidden]

---

**Matthew Larosiere** <larosieremm@gmail.com>                      Tue, Apr 7, 2026 at 6:56 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: Howard Foster <hfoster@fosterpc.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Thanks Brendan, I'll ring you tomorrow.
[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                  Wed, Apr 8, 2026 at 9:18 AM
To: Matthew Larosiere <larosieremm@gmail.com>

Cc: Howard Foster <hfoster@fosterpc.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Matt, does 11:30 today work for you?  If so, I will circulate a dial-in.

[Quoted text hidden]
[Quoted text hidden]

---

**Matthew Larosiere** <larosieremm@gmail.com>                                    Wed, Apr 8, 2026 at 9:27 AM
To: "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: Howard Foster <hfoster@fosterpc.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Sure
[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                               Wed, Apr 8, 2026 at 1:33 PM
To: Matthew Larosiere <larosieremm@gmail.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>
Cc: Howard Foster <hfoster@fosterpc.com>

Defense Counsel:


Attached for your review is a draft joint motion and proposed order governing confidentiality.  If this is acceptable, we will submit to the Court for approval.

[Quoted text hidden]
[Quoted text hidden]

---

**2 attachments**

 **Joint Motion for Entry of Confidentiality Agreement and Protective Order.docx**
32K

 **DEFCAD - Proposed Protective Order.docx**
53K

---

**Matthew Larosiere** <larosieremm@gmail.com>                                    Sat, Apr 11, 2026 at 5:37 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>

Mr. Everman, my clients do not find this acceptable. Especially given the fact that they responded to similar requests and actually provided responsive documents believing the rules, which are self-executing, to be enough.

Importantly, your proposed protective order provides no consequences for the misuse of confidential designations, which I believe is being done here.

As is evident in the motion forced by Mr. Howard's termination of last week's conference, only in two instances (bank records and back-end website builds) was any information sought even arguably protectible under Rule 26(c).

As it is written, your proposed protective order would require us to complete a three-step process and ask the court to resolve each time you do this, with no downside to you..

Because of your clients' behavior in parallel litigation (where every single document produced after the protective order, with very limited exception, was designated "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY") My clients have directed me to only agree to such an agreed order if it is cost-shifting upon a party that makes a confidentiality designation which must be reversed.

Also, your proposal involves the rights of other parties, which seems unfair as your refusal to produce is only as to Mr. Elik's requests.

[Quoted text hidden]