**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACKARY
CLARK, individually
            Defendants.

_____/

**[PROPOSED] ORDER GRANTING JOINT MOTION FOR ENTRY OF**
**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**

This cause came before the Court upon the Joint Motion for Entry of Protective Order

Governing Confidentiality ("Joint Motion") filed by plaintiffs Defense Distributed, DD

Foundation, and DEFCAD, Inc., as well as defendants John Elik, Matthew Larosiere, Alexander

Holladay, Peter Celentano, Josh Kiel Strike, John Lettman, and Zackary Clark (collectively, the

"Parties" or, singularly, a "Party"). The Court has reviewed the Joint Motion and has been advised

of the Parties' agreement to this Order. Accordingly, the Court grants the Joint Motion and

enters this Order.

    1.    "Confidential Information" means documents, information, testimony, and other

materials that: (a) are not generally known to others and have competitive value, such that

unrestricted disclosure to others would create a reasonable risk of injury; (b) constitute proprietary

financial, marketing/sales, technological or otherwise commercially sensitive competitive information that the producing Party maintains as confidential in its business; (c) are of a personal and sensitive nature, whether financial or otherwise; (d) pertain to financial or other personal information relating to a Party's employees; (e) contain personal information relating to any individual Party's minor children or family; (f) are subject to binding confidentiality restrictions in connection with another case or matter; or (g) the Parties otherwise agree can be designated as "Confidential" (as defined below). The Parties shall designate any information as Confidential Information before it is produced.

2.      This Order covers Confidential Information and (a) any information copied or extracted from Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by Parties of their Counsel that might reveal Confidential Information.

3.      This Order shall not restrict the use or disclosure of information that is: (a) independently developed without use of or reliance upon "Confidential" material produced by another Party; (b) was, prior to disclosure, rightfully in the possession or knowledge of the receiving Party; (c) is publicly available in substantially the same form in which it was provided by the producing Party claiming confidentiality; or (d) was, is or becomes public knowledge, not in violation of this Order.

4.      The Parties, and any non-party who may be required to provide documents or information during discovery in this Action, shall designate Confidential Information by marking the documents and/or file names (as in the case of certain types of native electronic documents) as "Confidential," as applicable, or by notifying the other Parties in writing that such classification pertains to specific documents, files, tangible items, or other materials, or by designating

Confidential Information as such on the record during a deposition.  Documents, files, tangible items, and other materials so designated are collectively referred to herein as "<u>Classified Information</u>."

5.      Classified Information may be disclosed solely to the following persons:

(a)      The Parties to this lawsuit;

(b)      In-house litigation counsel for the Parties and outside counsel of record in this Action, and the attorneys and employees in the respective law firms of such counsel who are assisting counsel of record in this Action, to whom it is reasonably necessary to disclose the Classified Information;

(c)      Persons, including outside technical, graphics, and jury consultants, experts or appraisers and members of their staff, document processing and e-discovery vendors, and the like who are assisting counsel and to whom it is necessary to disclose Classified Information for the purpose of assisting in, or consulting with respect to, the matters at issue in this Action, provided, however, that any such person: (i) has signed the Consent to Be Bound by Stipulated Confidentiality Agreement and Protective Order attached hereto ("<u>Consent Form</u>") prior to viewing or hearing any such Classified Information; and (ii) complies with this Order in its entirety.  Each Consent Form shall be retained by counsel for the Party producing the Classified Information to any such person, and, in recognition of the attorney-client privilege and the work-product privilege will only be subject to inspection upon court order;

(d)      Court personnel;

(e)      Court reporters, as to whom it is necessary to disclose the Classified Information for the purpose of adducing testimony in this Action;

(f)      Any witness or prospective witness prior to or during any deposition or pre-trial hearing, if reasonably necessary for the purpose of adducing testimony in this Action, if the witness or prospective witness is an author or recipient of the Classified Information;

(g)      Any other witness or prospective witness prior to or during any deposition or pre-trial hearing, if reasonably necessary for the purpose of adducing testimony in this Action; provided, however, that such person: (i) has signed the Consent Form prior to viewing or hearing any such Classified Information; and (ii) complies with this Order in its entirety; and

(h)      Employees and agents of the Parties for purposes consistent with this Order.

6.      Persons having knowledge of Classified Information by virtue of their participation in this Action shall use that Classified Information for purposes of this Action only and not for any other purpose, and shall not disclose such Classified Information to any person or entity other than

those listed above.  However, nothing shall prevent disclosure beyond the terms of this Order if a Party is legally obligated to disclose such information by court order, or as is necessary in communications with auditors retained by any Party, or federal or state regulators.  Nothing in this Order shall prevent any producing Party from itself voluntarily disclosing its own Classified Information to any person, except as otherwise required by law, by court order, or otherwise as required by law or lawful regulations.

7.      If the receiving Party learns that, by inadvertence or otherwise, it has disclosed Classified Information to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify the designating Party of the unauthorized disclosure in writing, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Order, and (d) request that such persons or persons execute the "Consent to Be Bound by Stipulated Confidentiality Agreement and Protective Order."

8.      Any Party that is served with a subpoena or other notice compelling the production of any Classified Information is obligated within ten (10) business days to advise, in writing, all other Parties to this Order (and, in the case of Classified Information produced by a non-party, such non-party) of such subpoena or other notice and provide a copy of any subpoena or other notice.  Except as otherwise required by law, the Party served with the subpoena or other notice shall not produce the Classified Information until the later of ten (10) business days after advising the other Parties to this Order (and, in the case of Classified Information produced by a non-party, such non-party), in writing, of the subpoena or other notice, or (b) resolution of any application for court relief made with respect to that subpoena or notice.  Such writing must be sent by email to counsel of record for the Parties. The Party to this Order or non-party that designated the

Classified Information as such may object to the production of the Classified Information in response to the subpoena or other notice. If the designating Party timely seeks a protective order or timely objects, the Party served with the subpoena or court order shall not produce any Classified Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its Classified Information – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

9. The Parties shall take reasonable and necessary steps to maintain the security of Classified Information and will limit access to the Classified Information only to those persons listed in this Order, provided, however, that nothing in this Order shall restrict the ability of any producing Party, in the case of documentary evidence, or of any designating Party, in the case of testimonial evidence, including his/her/its employees, partners, agents, attorneys, or any third party not subject to this Order to whom the producing Party may disclose Classified Information, to use Classified Information which the producing Party has supplied in this Action, except as otherwise required by law.

10. The inadvertent or unintentional disclosure of Classified Information by the producing Party shall not be deemed as a waiver, in whole or in part, of the producing Party's claim of confidentiality, either as to the specified information disclosed or as to any other information relating thereto. When a producing Party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of confidentiality, the receiving Party must make reasonable efforts to assure that the Classified Information is treated in accordance with the provisions of this Order.

11.     Except as agreed in writing by counsel of record for the Parties, to the extent that any Classified Information is quoted, attached to any pleading, motion, memoranda, appendix or other filing in connection with this Action, admitted into evidence or referenced in sufficient detail to disclose Classified Information, the same shall be maintained and shall be designated and treated as Classified Information subject to this Order and such Classified Information must be filed under seal pursuant to the Court's Local Rules, subject to the Court's authority to determine whether the Classified Information merits that designation and should be filed publicly.  If a Party's request to file Protected Material under seal is denied by the court, then any Party may file the information in the public record unless otherwise instructed by the Court.

12.     Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony are being designated and the applicable designation for each portion within twenty (20) days of receipt of the official transcript of the testimony.  Any Party that wishes to disclose the transcript, or information contained therein, must provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within ten (10) days, or else the transcript may be treated as non-confidential.  Any Classified Information that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Classified Information.  In such cases, or where a Party provides notice on the record or in writing within twenty (20) days of receipt of the official transcript of the testimony that elicited testimony represents Confidential Information, the court reporter shall be informed of and provided a copy of this Order and shall be required to operate in

a manner consistent with this Order.  In addition, the court reporter shall be required to mark the original and all copies of the transcript (including any rough versions thereof) to indicate that the contents of the transcript, or designated portions thereof, are subject to this Order, substantially along the lines of:  "This transcript contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Order in this matter or pursuant to written stipulation of the parties."  In the event the deposition is videotaped, the video technician shall be informed of and provided a copy of this Order and shall be required to operate in a manner consistent with this Order.  In addition, the video technician shall be required to mark the original and all copies of the videotape to indicate that the contents of the videotape, or designated portions thereof, are subject to this Order, substantially along the lines of:  "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Confidentiality Agreement/Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the court reporter, and videographer (if any), any person who is not authorized by this Order to receive or access Classified Information based on the designation of such Classified Information.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Classified Information.

13.     A Party shall not be obligated to challenge the propriety of any designation of Classified Information under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Any challenge to a designation of Classified Information under this Order shall be written, shall be served on outside counsel for the producing

Party, shall particularly identify the documents or information that the receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    (i)     The receiving/objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The producing Party shall have the burden of justifying the disputed designation;

    (ii)    Failing agreement, the receiving Party may bring a motion to the Court for a ruling that the Classified Information in question is not entitled to the status and protection of the producing Party's designation, subject to any and all rules of the Court or Judges overseeing this Action at the time the dispute arises.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

    (iii)   Notwithstanding any challenge to a designation, the Classified Information in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Classified Information in question withdraws such designation in writing; or (b) the Court rules that the Classified Information in question is not entitled to the designation.

14.    Nothing herein shall prevent any of the Parties or any non-party from objecting to discovery that they believe to be otherwise improper or shall be construed to affect in any manner the admissibility at the hearing of any document, testimony or other evidence.  Nothing herein shall restrict the use of any evidence at the trial of this Action, whether or not it contains information designated as "Confidential."

15.    Upon the conclusion of this Action, including any appeals, at the written request of the producing Party, all Classified Information and any and all copies thereof, shall, within thirty (30) days after such written request, be deleted from all electronic and digital storage media and servers and either destroyed or returned to such producing Party, in accordance with the producing Party's request (or the designating Party in the case of testimonial evidence).  At the written request

of the producing Party (or the designating Party in the case of testimonial evidence), any person or entity having custody or control of recordings, transcripts, notes, photographs, memoranda, summaries or other writings, and all copies thereof, relating to or containing Classified Information shall deliver to the producing Party (or designating Party in the case of testimonial evidence) a certification that reasonable efforts have been made to assure that all such Classified Information, any copies thereof, any and all recordings, transcripts, notes, memoranda, photographs, summaries, or other writings regarding the Classified Information (except for attorney work-product) have been deleted (in the case of digital and electronic information) and either destroyed or delivered in accordance with the terms of this Order.  Insofar as this Order restricts the use of Classified Information, this Order shall continue to be binding after the conclusion of this Action. Notwithstanding this provision, counsel of record for the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Classified Information.

16.     The Parties acknowledge and agree that serious injury could result to any Party and its business if another Party violates this Order.  Therefore, each Party agrees that violations of this Order shall be enforceable by specific performance and/or injunctive relief, in addition to any other remedies and damages that would be available at law or equity.  In addition to the foregoing, in the event of a proven intentional violation of this Order, the offending Party or persons may be subject to sanctions.

17.     The terms of this Order may be amended or modified only by written agreement of the Parties.

DONE AND ORDERED in chambers in West Palm Beach, Florida on April __, 2026.

_____

HON. DONALD M. MIDDLEBROOKS
U.S. DISTRICT COURT JUDGE

Copies furnished to:
All counsel of record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACKARY
CLARK, individually
         Defendants.

_____/

**CONSENT TO BE BOUND BY PROTECTIVE ORDER**
**GOVERNING CONFIDENTIALITY**

The undersigned hereby certifies that he or she: (i) has read the order granting the parties' joint motion for entry of protective order governing confidentiality ("Order"); (ii) agrees to be bound the Order; and (iii) voluntarily submits to the personal jurisdiction of the Southern District of Florida for purposes of the enforcement of the Order and the imposition of any sanctions for contempt.

Signature: _____

Printed Name: _____

Employer: _____

Job Title: _____

Dated: _____