UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas
corporation; DD FOUNDATION, LLC, a
Texas limited liability company; and,
DEFCAD, INC., a Texas corporation,

*Plaintiffs*,

v.

JOHN ELIK; MATTHEW LAROSIERE;
ALEXANDER HOLLADAY; PETER
CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

*Defendants*.

_____/

**DEFENDANT MATTHEW LAROSIERE'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND
FOR ATTORNEY'S FEES**

Plaintiffs' motion should be denied. It is untimely under Local Rule 26.1(g); it rests on a material misrepresentation that Rule 26(g)(2) was first raised on March 16; and Plaintiffs' own exhibits show that the purported January "service copy" was not merely unsigned but materially incomplete. Plaintiffs provide no cogent explanation for why they did not serve the signed requests until filing this motion. In any event, Defendant—motivated by this Court's prior admonitions that discovery proceed efficiently and cooperatively—has served responses to the complete seventeen-request set served on him for the first time on April 9th in Plaintiffs' Exhibit 5 and has completed production, rendering the motion moot except as to Plaintiffs' sanctions request. (Ex. A).

The motion also states that "Zermay and Foster also discussed the entry of a protective order governing confidentiality." (Doc. 95 at 2). This is a lie. (Ex. C ¶ 8-9). The only discussion Plaintiffs had with the undersigned regarding this motion was a single email. (Ex. D at 5-7). Plaintiffs cite no document showing such a discussion, and it would make little sense for Mr. Foster to discuss that with Mr. Zermay, with whom he has no outstanding production obligations.[1]

## ARGUMENT
### I.   THE MOTION IS UNTIMELY.

Local Rule 26.1(g)(2)(A)(i) requires a party to submit a discovery dispute relating to a written response or objection within twenty-eight days of service of the

---

[1] Aside from the materials identified in the Rule 26 disclosures Plaintiffs have still not served. The undersigned suspects Mr. Foster inserted this misrepresentation because he anticipated the later-filed (Doc. 100) motion, which has nothing to do with the undersigned Mr. Zermay.

written response or objection at issue. Plaintiffs' motion expressly attacks Defendant's February 23, 2026 written responses and objections. Plaintiffs say those responses "do not assert any objections under Rule 26(g)(2)," argue waiver on that basis, and seek compelled amended responses and production as to specific requests. (Doc. 95 at 2-4). Yet Plaintiffs did not file this motion until April 9, 2026, forty-five days later. Because the motion is directed to the content of those written objections themselves, it is untimely and should be denied on that basis alone.

## II.    PLAINTIFFS' CHRONOLOGY IS MISLEADING

The motion states that "[o]n March 16, 2026, Zermay acknowledged that he had agreed to supplement Larosiere's document production but took the position, for the first time, that he was not required to comply with their agreement because he was 'invok[ing] Rule 26(g)(2).'" (Doc. 95 at 2-3). That is unsupported, and not the first time Plaintiffs have misled this Court on the signature issue. *See* (Doc. 66) (Plaintiffs inexplicably taking the position that the signature issue was as to electronic signatures, while asserting the requests were signed); (Ex. B) (emails concerning Mr. Foster's March 3 fraud on the court as to the signature issue and showing him each unsigned request); (Doc. 67) (Plaintiffs' amended filing only partially correcting their March 3 misrepresentations) *but see* (Doc. 95-1) (admittedly unsigned request).

By March 2, 2026, Defendants had already told the Court that Plaintiffs were seeking relief based in part on unsigned discovery requests. (Doc. 63 at 1, 7). Mr. Zermay declared that, during the February 5, 2026 telephonic conference, counsel discussed that the previously transmitted requests for production were unsigned.

2

(Doc. 63-2 at 2). Mr. Larosiere likewise declared that the January 2026 emailed requests for production were unsigned, that he took the position no response was required unless and until signed copies were served, and that the issue had already been discussed in late January and early February. (Doc. 63-3 at 1-3, 7-8).

The motion's related assertion that Defendant's counsel "also did not raise that objection during the hour-long conferral with Plaintiffs' counsel on February 26, 2026" is likewise unsupported by the record Plaintiffs cite. (Doc. 95 at 3). By Plaintiffs' own prior filings, the same signature issue had already been raised and discussed weeks earlier. (Doc. 63 at 1, 7; Doc. 63-2 at 2; Doc. 63-3 at 1-3, 7-8).

The same is true of Plaintiffs' current Exhibit 4. In that very chain, Mr. Zermay stated that the issue had been "discussed and repeatedly conferred about for over a month," and that the requests "were not signed." (Doc. 95-4 at 2). Whenever this issue was raised in the past, Mr. Foster refused to check for himself, instead deflecting. When Mr. Foster responded that the omission had not been raised until the day before, Mr. Larosiere answered: "No Howard. That is not true. We have been discussing this for over a month." (Doc. 63-3 at 7-8; Ex. B at 1-4).

### III.   PLAINTIFFS SERVED SIGNED REQUESTS FOR THE FIRST TIME IN THEIR MOTION

Rule 26's signature requirement serves a fundamental purpose. Plaintiffs' Exhibit 1, which they identify as the January 8 requests for production to Mr. Larosiere, contains only thirteen requests, no signature, and Request No. 13 ends mid-sentence after "Cody," after which the document jumps to the certificate of service. Plaintiffs' Exhibit 5, by contrast, contains a complete Request No. 13 and

then additional Requests Nos. 14, 15, 16, and 17. It also bears a signature block, service list, and January 8, 2026 certificate of service. (Doc. 95-5 at 7-10). But Plaintiffs refer to this as something that "could have" been served, again deflecting blame. The motion clearly admits it was never served. Plaintiffs' filing of Exhibit 5 is the first complete, signed version Defendant has seen.

Plaintiffs' motion effectively concedes the service copy was defective. Plaintiffs say their former local counsel's signature page was omitted from the "service copy" and that counsel "could have served Larosiere with a signed copy of the Requests … thereby obviating the need for Court intervention." (Doc. 95 at 4). This is absurd. Plaintiffs were aware of the signature issue since at least March 3, and in fact were ordered to serve signed requests where the Court identified them. (Doc. 69). They never did. Plaintiffs give no credible explanation for why they waited to provide the signed requests until filing this motion.

## IV.   THIS COURT HAS ALREADY REJECTED PLAINTIFFS' WAIVER THEORY.

In Doc. 69, this Court held that Rule 26(g)(2) means a party need not respond to an unsigned discovery request, found that certain requests were unsigned, and ordered Plaintiffs to re-serve signed requests in order to trigger a response obligation. (Doc. 69 at 2-3). The Court did not treat the defect as waived by later conferral or by failure to phrase the objection in a particular way.

That ruling defeats Plaintiffs' present theory. Here too, once the omission was identified—back in February—the burden was on Plaintiffs to serve a complete signed request set. They did not do so. Instead, despite having access to the original

January service emails all along, Plaintiffs first insisted that the unsigned-request issue was "absolutely false," then reversed course the next day and admitted an omission. (Doc. 66 at 2; Doc. 67 at 1-2 & n.1).

### V.   ANY REQUEST TO COMPEL IS NOW MOOT, AND SANCTIONS SHOULD BE DENIED.

Notwithstanding Plaintiffs' failure to promptly cure the defect after it was repeatedly raised, Defendant has now served responses to the complete seventeen-request set reflected in Plaintiffs' Exhibit 5 and has completed production. (Ex. A). Those responses address all seventeen requests, including Requests 14 through 17 that do not appear in Plaintiffs' Exhibit 1. Any request to compel responses or production is therefore moot.

Sanctions are unwarranted. The motion is untimely. Plaintiffs' chronology is materially inaccurate. Plaintiffs do not show that the complete signed requests were ever actually served before they filed the motion. And this Court has already treated Rule 26(g)(2) as requiring re-service. On this record, fees and sanctions are inappropriate against the undersigned, who had no duty to act on the unsigned requests.

### CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court deny Plaintiffs' Motion to Compel Discovery Responses and deny Plaintiffs' request for attorney's fees, and grant such further relief as the Court deems just and proper.

DATED:  April 13, 2026

5

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL  33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Matthew
Larosiere.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 13th day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905

6