EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas
corporation; DD FOUNDATION, LLC, a
Texas limited liability company; and,
DEFCAD, INC., a Texas corporation,

*Plaintiffs,*

v.

JOHN ELIK; MATTHEW LAROSIERE;
ALEXANDER HOLLADAY; PETER
CELENTANO; JOSH KIEL STROKE; JOHN
LETTMAN; and ZACHARY CLARKE,

*Defendants.*

_____/

**DEFENDANT MATTHEW LAROSIERE'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT,
MATTHEW LAROSIERE**

i

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Defendant objects to Plaintiffs' Instructions and Definitions to the extent they purport to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Court's orders, and applicable law. Defendant's responses are made subject to and without waiving these objections. The instructions and definitions are boilerplate and improper. Defendant will respond under the Federal Rules of Civil Procedure, and the Local Rules of the Southern District, without regard to Plaintiffs' instructions and definitions.

## ANSWER TO FIRST REQUESTS FOR PRODUCTION

### Request No. 1:

"All documents and electronically stored information reflecting or evidencing Your use, control, or operation of any online account, persona, alias, or username used to post content referencing DEFCAD, FEDCAD, The Gatalog, or MAF Corp. from January 1, 2022 to present."

**Objection:** Defendant objects to this Request as vague, ambiguous, and not reasonably particularized, including but not limited to the phrases "reflecting or evidencing," "use, control, or operation," "online account," "persona," "alias," "username," and "referencing." As drafted, the Request is unintelligible in material

ii

respects and does not provide a reasonably clear standard by which Defendant can identify the universe of documents sought.

**Response:** Defendant has searched his social media accounts for the terms "DEFCAD," "FEDCAD," "The Gatalog," and "MAF Corp." and produced all responsive documents.

**Request No. 2:**

"All documents or communications between You and any co-Defendant concerning DEFCAD, FEDCAD, The Gatalog, MAF Corp., firearms-related digital files, or online promotion of competing platforms."

**Objection**: Defendant objects that the Request is facially overbroad and disproportionate to the needs of the case because it seeks all documents or communications between Defendant and any co-defendant "concerning" a broad and amorphous set of topics, several of which are undefined, disputed, or effectively limitless. The phrase "concerning," coupled with the breadth of the topic list, is so expansive that it could sweep in vast amounts of marginal, unrelated, or incidental communications not relevant to any claim or defense in this action.

Defendant further objects that the Request is not reasonably limited in time and, as drafted, purports to seek communications without any temporal boundary.

Defendant further objects that the Request is untethered to the claims or defenses in this action. In particular, the categories "firearms-related digital files" and "online promotion of competing platforms" are vastly broader than the issues pleaded. Defendant also objects that "competing platforms" is vague, undefined, and assumes disputed factual and legal premises including, especially competition.

**Response**: Defendant has searched for communications with co-defendants for instances of "DEFCAD," "FEDCAD," "MAF Corp." and "The Gatalog," within the last four years and produced all responsive documents in his possession, custody, and control. Defendant denies any competition with DEFCAD or FEDCAD and has no responsive documents concerning any such competition in his possession, custody, or control.

## Request No. 3:

"All documents reflecting communications between You and any third party concerning the dissemination, amplification, promotion, or coordination of content alleging that DEFCAD was 'hacked' or 'dumped' multiple times."

**Objection**: Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses imprecise and expansive terms including, but not limited to, "documents reflecting communications," "any third party," "concerning," "dissemination," "amplification," "promotion," "coordination,"

3

and "content alleging that DEFCAD was 'hacked' or 'dumped' multiple times." As drafted, the Request fails to identify with reasonable clarity the specific content, communications, or events at issue.

**Response**: Defendant states that he did not disseminate, amplify, promote, or coordinate the content referenced in this Request, and thus no responsive documents exist.

### Request No. 4:

"All documents evidencing the creation, editing, posting, reposting, or dissemination of any content referencing DEFCAD or FEDCAD, including memes, posts, screenshots, images, captions, or links."

**Objection**: Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and imprecise terms including, but not limited to, "all documents evidencing," "creation," "editing," "posting," "reposting," "dissemination," "any content," and "referencing DEFCAD or FEDCAD." As drafted, the Request does not identify with reasonable particularity the specific content, events, posts, or communications sought, and does not provide a reasonably clear standard by which Defendant can determine the universe of responsive materials.

4

**Response**: Defendant states that he did not create, edit, post, repost, or disseminate the "FEDCAD" meme content that appears to be at issue in Plaintiffs' allegations, and any content "referencing" "DEFCAD" or "FEDCAD" were produced in response to request for production 1. Defendant certifies that no responsive materials are being withheld on the basis of these objections.

**Request No. 5:**

"All documents reflecting traffic-generation strategies, promotional efforts, or audience-targeting activities for The Gatalog or any related platform, including use of social media, memes, forums, or coordinated posting activity."

**Response**: No responsive documents exist. Defendant states that he did not engage in traffic-generation strategies, promotional efforts, audience-targeting activities, or coordinated posting activity for "The Gatalog" or any "related platform."

**Request No. 6**:

"All documents reflecting Your role, responsibilities, or participation in MAF Corp., including documents evidencing coordination among members, decision-making processes, or shared objectives relating to online activity or promotion."

**Objection**: Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses broad, subjective, and undefined

5

terms including, but not limited to, "all documents reflecting," "role," "responsibilities," "participation," "coordination," "decision-making processes," "shared objectives," and "relating to online activity or promotion." As drafted, the Request does not identify with reasonable clarity the specific topics, decisions, activities, or categories of documents sought and is unintelligible in material respects.

**Response**: As drafted, the request requests literally every scrap of paper or byte of computer data used in MAF Corp, which is Defendant's business. That said, Defendant has produced documents sufficient to identify his role in MAF Corp and its ownership.

### Request No. 7:

"All documents reflecting any financial interest, revenue sharing, compensation, or other economic benefit You received or expected to receive in connection with The Gatalog, MAF Corp., or traffic diverted from DEFCAD."

**Objection**: Defendant objects to this Request as vague, ambiguous, overbroad, and not reasonably particularized. The Request uses expansive and undefined terms including, but not limited to, "all documents reflecting," "any financial interest," "revenue sharing," "other economic benefit," "expected to receive," "The Gatalog," and "traffic diverted from DEFCAD." As drafted, the Request does not identify with

6

reasonable clarity the specific transactions, revenue streams, time period, or allegedly relevant conduct at issue.

**Response**: Defendant has conducted a reasonable search, and any responsive documents in Defendant's possession, custody, and control were already produced in response to request for production 6. Defendant certifies that no responsive materials are being withheld on the basis of these objections.

**Request No. 8:**

"All documents reflecting analytics, metrics, engagement data, referral data, or performance tracking relating to content referencing DEFCAD or FEDCAD, including impressions, clicks, reposts, or audience reach."

**Response:** No responsive documents exist. Defendant further states that he was not engaged in analytics, metrics, engagement tracking, referral tracking, or performance tracking relating to content referencing DEFCAD or FEDCAD.

**Request No. 9:** "All documents reflecting knowledge, awareness, or discussion of the impact of statements concerning DEFCAD on DEFCAD's users, customers, business relationships, or reputation."

**Response:** Defendant states that, after a reasonable search, he has no responsive documents in his possession, custody, or control. Defendant further states that he did not have knowledge of, awareness of, or discussions concerning the impact of statements concerning DEFCAD on DEFCAD's users, customers, business relationships, or reputation, as framed in this Request.

**Request No. 10:**

"All documents You intend to rely upon to support any contention that Your conduct relating to DEFCAD was independent, non-coordinated, non-commercial, or not intended to divert users to The Gatalog or any related platform."

**Objection:** Defendant objects that the Request improperly seeks to require Defendant to produce documents to prove a negative, including the absence of coordination, absence of commercial purpose, and absence of intent to divert users. As framed, the Request is not reasonably particularized and is disproportionate to the needs of the case.

**Response:** Defendant objects to this Request as drafted and declines to produce documents in response because the Request seeks proof of negatives.

**Request No. 11:**

8

"All communications from January 1, 2019 to present on chat.deterrencedispensed.com in which You participated, including: (a) administrator or moderator chats; (b) rooms designated for moderation, enforcement, or administration; and (c) direct messages between You and any Defendant."

**Objection:** Defendant objects to this Request as drafted and declines to produce documents in response because the Request is not reasonably particularized, is untethered to the claims or defenses, is facially overbroad and disproportionate, and seeks materials outside Defendant's possession, custody, or control.

**Response:** Defendant states that he has not had access to chat.deterrencedispensed.com for approximately two years and cannot access it at all, despite repeated attempts. Under any reasonable interpretation of this Request and after a reasonable search, Defendant is not aware of any nonprivileged responsive documents or communications in his possession, custody, or control, including any exports, saved logs, screenshots, or archives from that platform. Defendant certifies that no responsive materials are being withheld on the basis of these objections.

### Request No. 12:

"All communications, messages, posts, or call logs from January 1, 2019 to present on Discord servers known as: (a) 'Fuddbusters v.∞' / 'The Fuddbusters server'; (b) 'Club+Fed' / 'CTRL+Pew's server'; (c) 'Humans only' (a/k/a jny's server); and (d)

'FOSSCAD,' that reference DEFCAD, FEDCAD, Plaintiffs, The Gatalog, MAF Corp., or any coordinated messaging, moderation, or dissemination activities."

**Objection**: Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not reasonably particularized. The Request seeks sweeping categories of communications ("all communications, messages, posts, or call logs") across multiple Discord servers over a period of more than seven years, and is not reasonably tailored to specific claims, defenses, events, statements, or time periods at issue in this action.

Defendant further objects to the extent the Request seeks materials not within Defendant's possession, custody, or control, including communications maintained solely by Discord, server operators, or other users.

**Response**: Defendant performed the word search agreed to with Plaintiffs' counsel, and any responsive communications were already produced in response to Request for Production 1, and no additional responsive materials are being withheld on the basis of these objections.

## Request No. 13:

"All remaining, non-deleted, or archived content from January 1, 2019 to present from any Twitter/X or Reddit account You control that references: DEFCAD, FEDCAD, Cody Wilson, Plaintiffs, data breaches, hacking, or dumping. This Request includes

drafts, replies, reposts, direct messages, moderation actions, and backend data to the extent retained, notwithstanding any prior deletions.

**Objection:** Defendant objects to this Request as cumulative and duplicative of Request for Production No. 1, and further objects to the extent it seeks backend data or materials not within his possession, custody, or control.

**Response:** Defendant states that, after a reasonable search, all responsive materials have already been produced in response to Request for Production No. 1, and no additional responsive materials are being withheld on the basis of these objections.

**Request No. 14:**

All remaining, non-deleted, or archived content from January 1, 2019 to present from any Gatalog/Deterrence Dispensed Rocket.Chat account You control that references: DEFCAD, FEDCAD, Cody Wilson, Plaintiffs, data breaches, hacking, or dumping. This Request includes drafts, replies, reposts, direct messages, moderation actions, and backend data to the extent retained, notwithstanding any prior deletions

**Objection:** Defendant objects to this Request to the extent it seeks 'backend data,' restoration of deleted or unavailable material, or materials not within his possession, custody, or control.

11

**Response:** Defendant states that he has no responsive documents within his possession, custody, or control.

**Request No. 15:**

All non-privileged communications between You and Peter Celentano (a/k/a "Freeman1337") exchanged between January 1, 2019 and the present on Discord or Deterrence Dispensed Rocket.Chat that concern or relate to: DEFCAD; FEDCAD; allegations that DEFCAD was hacked dumped, or compromised; diversion of users or customers away from DEFCAD; the Gatalog; and/or MAF Corp.

**Response:** Defendant states that he has no responsive documents within his possession, custody, or control.

**Request No. 16:**

All non-privileged communications between You and the user known as "Dr. Death" exchanged between January 1, 2019 and the present on Discord or Deterrence Dispensed Rocket.Chat that concern or relate to: DEFCAD; FEDCAD; allegations that DEFCAD was hacked dumped, or compromised; diversion of users or customers away from DEFCAD; the Gatalog; and/or MAF Corp.

**Response:** Defendant states that he has no responsive documents within his possession, custody, or control.

**Request No. 17:**

All non-privileged communications between You and Clay Christensen (a/k/a "UberClay") exchanged between January 1, 2019 and the present on Discord or Deterrence Dispensed Rocket.Chat that concern or relate to: DEFCAD; FEDCAD; allegations that DEFCAD was hacked dumped, or compromised; diversion of users or customers away from DEFCAD; the Gatalog; and/or MAF Corp.

**Response:** Defendant states that he has no responsive documents within his possession, custody, or control.

Respectfully submitted,

DATED:  April 13, 2026

/s/ *Zachary Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email:
zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for*
*Defendant Matthew*
*Larosiere*

## CERTIFICATE OF SERVICE

13

I hereby certify that on this 13th day of April, 2026, I served electronically the foregoing on opposing counsel by email.

*/s/ Zachary Zermay*

## CERTIFICATE OF COMPLETION

I hereby certify that on this 13th day of April, 2026, I have completed production as to these requests.

*/s/ Zachary Zermay*