## EXHIBIT D

---

# DEFCAD v. Elik - Discovery Meet and Confer

14 messages

---

**Everman, Brendan** <BEverman@pryorcashman.com>                     Mon, Mar 30, 2026 at 10:41 PM
To: Matthew Larosiere <larosieremm@gmail.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay
(Zach@ZermayLaw.com)" <zach@zermaylaw.com>
Cc: Howard Foster <hfoster@fosterpc.com>

Dear Counsel:

We write to meet and confer about defendants' discovery responses served on March 4, 2026 ("Responses").

**Improper boilerplate objections**

All objections must be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B). The Responses nonetheless assert nonspecific boilerplate objections to: (a) the instructions and definitions of Plaintiffs' Requests for Production ("RFPs"); and (b) various individual discovery requests. The boilerplate objections (which include vagueness, ambiguity, relevance, proportionality, overbreadth, and burden objections) are meaningless. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this district typically condemn boilerplate objections as legally inadequate or meaningless."). The boilerplate objections must be withdrawn.

**Formulaic objections followed by an answer**

Rule 34(b)(2)(C) expressly requires each objection to "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(a)(2)(C). In violation of this rule, many of the RFP responses (and other discovery responses) assert various objections and then provide a response "subject to and without waiving these objections." This is improper because it obscures whether any responsive documents or information are being withheld. If responsive documents are being withheld on the basis on an objection, the response must clearly say so. If no responsive documents are being, the objection must be withdrawn.

**Unilateral reframing of requests**

In many responses, Defendants assert objections and only agree to produce documents that meet Defendants' own unilateral and vague standards. For example, Defendants agreed to produce certain categories of documents only to the extent they are "relevant to the allegations in this action" or respond to certain requests only as "reasonably" or "narrowly" construed by Defendants. Defendants cannot unilaterally decide which documents are "relevant" or how the requests should be construed. If a document is responsive, it must be produced. Please confirm that Defendants have not withheld responsive documents or information based on their unilateral interpretation of any requests.

**Documents within admittedly proper scope**

Even where Defendants claim that a request is overbroad (including as to time, scope, or wording), the responses generally do not agree to produce documents within the scope that Defendants admit is "reasonable." For example, several responses say that Defendants are limiting their search to materials relevant to the claims and defenses and to a

time period beginning January 1, 2023, but then do not say whether Defendants will actually collect and produce documents or information within that narrower scope. Please confirm that you have, or will, produce all documents or information within the admittedly proper scope.

**Uncertain date for completion of document production**

Rule 34(b)(2)(B) requires a responding party to identify the date when document production will be completed. Additionally, Local Rule 26.1(e)(7) requires parties to serve a certificate of completion when all documents are produced. Please confirm that all documents have already been produced or provide a date certain when all documents will be produced.

**Privilege assertions require a privilege log**

Local Rule 26.1(e)(2)(D) requires parties to serve a privilege log within 14 days after serving discovery responses withholding privileged documents or information.  Although more than 14 days have passed since serving the Responses, we still have not received a privilege log.  Please provide a date certain for service of a privilege log.

I'm generally available tomorrow or Wednesday if you would like to confer on the phone.

Brendan

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

---

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

**Gary De Pury** <Gary@depury.com>                                            Mon, Mar 30, 2026 at 10:56 PM
To: Matthew Larosiere <larosieremm@gmail.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

We likely need a privilege log for any communications between when the lawsuit was filed and when I was hired.  (If there are any communications.)

Sincerely,

*Gary C. De Pury*, Esq.
**Law Offices of Gary De Pury, P.A.**
**Attorney at Law**

**Lic. Real Estate Broker**
**US Army Counterintelligence (Ret.)**

Personal Injury – Real Estate – Family Law

21035 Leonard Road, Lutz, Florida 33558

P: 813-607-6404

F: 813-949-3406

Gary@DePury.com

<u>Confidentiality Notice:</u>
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at Gary@DePury.com

*FDCPA NOTICE:*

*THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692-1692p ("FDCPA"). ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.*

[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                     Wed, Apr 1, 2026 at 11:51 AM
To: Matthew Larosiere <larosieremm@gmail.com>, Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>
Cc: Howard Foster <hfoster@fosterpc.com>

Defense Counsel:

I haven't received a response to my email below, and Zach has not provided the amended discovery responses that he told Howard he would provide. Today is our deadline to file a motion to compel. Please confirm whether defendants will amend their discovery responses or stipulate to extend the motion to compel deadline by seven days. If we don't hear from you by 3:00 p.m., we will file our motion to compel and/or motion for extension of time. We're generally available today if you'd like to discuss these issues on the phone.

Brendan

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

---

**From:** Everman, Brendan
**Sent:** Monday, March 30, 2026 10:41 PM
**To:** Matthew Larosiere <larosieremm@gmail.com>; Gary De Pury <gary@depury.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>
**Cc:** Howard Foster <hfoster@fosterpc.com>
**Subject:** DEFCAD v. Elik - Discovery Meet and Confer

Dear Counsel:

[Quoted text hidden]
[Quoted text hidden]

---

**Matthew Larosiere** <larosieremm@gmail.com>                    Wed, Apr 1, 2026 at 12:13 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Howard
Foster <hfoster@fosterpc.com>

Brendan, just tried to ring you. Call back whenever.
[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                    Wed, Apr 1, 2026 at 12:26 PM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: Gary De Pury <gary@depury.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Howard
Foster <hfoster@fosterpc.com>

Weird - I don't see a missed call. What's the best number to reach you?

---

**From:** Matthew Larosiere <larosieremm@gmail.com>
**Sent:** Wednesday, April 1, 2026 12:13:28 PM
**To:** Everman, Brendan <BEverman@pryorcashman.com>
**Cc:** Gary De Pury <gary@depury.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>;
Howard Foster <hfoster@fosterpc.com>
**Subject:** Re: DEFCAD v. Elik - Discovery Meet and Confer

[Quoted text hidden]

---

**Zachary Zermay** <zach@zermaylaw.com>                    Wed, Apr 1, 2026 at 1:05 PM
To: Matthew Larosiere <larosieremm@gmail.com>

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**

P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



---------- Forwarded message ---------
From: **Everman, Brendan** <BEverman@pryorcashman.com>
Date: Wed, Apr 1, 2026 at 12:59 PM
Subject: FW: DEFCAD v. Elik - Discovery Meet and Confer
To: Geraldine Phillips <info@zermaylaw.com>
CC: Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>

Hi Geraldine, please see the emails below directed to Zach. Please let us know your position by 3pm today, so we can advise the Court.

[Quoted text hidden]

---

**Zachary Zermay** <zach@zermaylaw.com>                                   Wed, Apr 1, 2026 at 1:09 PM
To: "Everman, Brendan" <beverman@pryorcashman.com>
Cc: Geraldine Phillips <info@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>, Matthew Larosiere <larosieremm@gmail.com>, Gary De Pury <Gary@depury.com>

Good afternoon,

These discovery requests were not signed, as your co-counsel is aware.

And also, we are far beyond 28 days after the responses were received as to my client. Further, your emails is not particularized, and I am not sure what you're asking me to do.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**

P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145

On Wed, Apr 1, 2026 at 12:59 PM Everman, Brendan <BEverman@pryorcashman.com> wrote:

Hi Geraldine, please see the emails below directed to Zach.  Please let us know your position by 3pm today, so we can advise the Court.

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

---

**From:** Everman, Brendan
**Sent:** Wednesday, April 1, 2026 11:52 AM

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

---

**Gary De Pury** <Gary@depury.com>                                    Wed, Apr 1, 2026 at 1:29 PM
To: Zachary Zermay <zach@zermaylaw.com>, "Everman, Brendan" <beverman@pryorcashman.com>
Cc: Geraldine Phillips <info@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>, Matthew Larosiere <larosieremm@gmail.com>

Brendan,  I adopt Mr Zermay's response & add the following.

What in particular are you asking of my client.  There is a lot of use of the word boilerplate but my objections were particularly responsive to each request.

I will add that I can see where it seems that they were boilerplate as the objections were in response to largely boilerplate discovery requests.

Unless I know exactly what you're asking as opposed to what Amounts to *all of everything* then I'm at a loss.

I'm out of the office until about 7 pm & working from my phone.

V/R

Gary

Gary De Pury

---

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Wednesday, April 1, 2026 1:09:06 PM
**To:** Everman, Brendan <beverman@pryorcashman.com>
**Cc:** Geraldine Phillips <info@zermaylaw.com>; Howard Foster <hfoster@fosterpc.com>; Matthew Larosiere <larosieremm@gmail.com>; Gary De Pury <Gary@DePury.com>
**Subject:** Re: FW: DEFCAD v. Elik - Discovery Meet and Confer

[Quoted text hidden]

**Everman, Brendan** <BEverman@pryorcashman.com>                    Wed, Apr 1, 2026 at 2:39 PM
To: Gary De Pury <Gary@depury.com>, Zachary Zermay <zach@zermaylaw.com>
Cc: Geraldine Phillips <info@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>, Matthew Larosiere <larosieremm@gmail.com>

Since sending the email below, I spoke to Matt, and he confirmed that his clients' document production is complete and agreed to a 24-hour extension for plaintiffs to file any motion to compel as to his clients (so we can further meet and confer as appropriate).

Zach and Gary, as for your clients, I'm asking you to withdraw: (i) boilerplate objections; and (2) objections upon which no responsive documents/information are being withheld.  The inclusion of these meaningless objections obscures whether there are any actual discovery disputes requiring court intervention.  I'm also asking you to confirm that you have: (i) not withheld responsive documents/information based on your unilateral reframing of any requests; (ii) already produced all responsive, unobjectionable documents/information (the Local Rules require service of a certificate of completion); and (iii) not withheld any documents/information based on privilege objections (in which case the privilege logs are past due).  If you're unwilling to do these things, please let me know.

Gary, to the extent that you want to further meet and confer, please let me know whether you will agree to a seven-day extension, until April 8, for plaintiffs to file any motion to compel as to your client.  Absent agreement, we intend to file a motion today seeking a seven-day extension of that deadline.

Zach, as for Larosiere's discovery responses, notwithstanding your contention that you do not have to respond to plaintiffs' discovery requests because they were unsigned, you already responded to those requests.  Additionally, your emails dated March 2 and March 16 confirm that you agreed during a meet-and-confer phone call with Howard on February 26 to supplement Larosiere's responses within 14 days, i.e. by March 12.  Thus, the 28 day deadline to file a motion to compel with respect to that missed deadline is April 9.  For what it's worth, my interpretation of the Court's discovery orders (Doc. 69, 85) is that the Court would strongly prefer for the parties to resolve these disputes in a cost-effective manner and that it will not appreciate a belated effort to stonewall admittedly relevant discovery based on predecessor's counsel's inadvertent failure to sign a document request.

I remain available to discuss on the phone.

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

[Quoted text hidden]
[Quoted text hidden]

---

**Gary De Pury** <Gary@depury.com>                    Wed, Apr 1, 2026 at 8:47 PM
To: Matthew Larosiere <larosieremm@gmail.com>, "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>

Brendan,

I just got back from Hernando county.  I am available tomorrow if you would like to call.  I don't have any issue with a few extra days.

Sincerely,

*Gary C. De Pury*, Esq.
**Law Offices of Gary De Pury, P.A.**
**Attorney at Law**

**Lic. Real Estate Broker**
**US Army Counterintelligence (Ret.)**

Personal Injury – Real Estate – Family Law

21035 Leonard Road, Lutz, Florida 33558

P: 813-607-6404

F: 813-949-3406

Gary@DePury.com

**Confidentiality Notice:**
**This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at Gary@DePury.com**

**FDCPA NOTICE:**

*THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692-1692p ("FDCPA"). ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.*

---

**From:** Matthew Larosiere <larosieremm@gmail.com>
**Sent:** Wednesday, April 1, 2026 12:13 PM
**To:** Everman, Brendan <BEverman@pryorcashman.com>
**Cc:** Gary De Pury <Gary@DePury.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>;

Howard Foster <hfoster@fosterpc.com>

**Subject:** Re: DEFCAD v. Elik - Discovery Meet and Confer

Brendan, just tried to ring you. Call back whenever.

[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                    Wed, Apr 1, 2026 at 9:29 PM
To: Gary De Pury <Gary@depury.com>, Matthew Larosiere <larosieremm@gmail.com>
Cc: "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>,
"Suarez, Kandice" <KSuarez@pryorcashman.com>

Thanks, Gary. I understand that you're consenting to extend today's deadline for plaintiffs to file a motion to compel
against Mr. Holladay until Friday April 3. As a result, we will not file a motion tonight. Are you available to meet and
confer tomorrow at 3:30pm?

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

[Quoted text hidden]
[Quoted text hidden]

---

**Gary De Pury** <Gary@depury.com>                                  Wed, Apr 1, 2026 at 9:31 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>, Matthew Larosiere <larosieremm@gmail.com>
Cc: "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>,
"Suarez, Kandice" <KSuarez@pryorcashman.com>

Yes, I will be available.

From the phone. Sorry for the brevity

Gary De Pury

**From:** Everman, Brendan <BEverman@pryorcashman.com>
**Sent:** Wednesday, April 1, 2026 9:29:33 PM
**To:** Gary De Pury <Gary@DePury.com>; Matthew Larosiere <larosieremm@gmail.com>
**Cc:** Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>; Howard Foster
<hfoster@fosterpc.com>; Suarez, Kandice <KSuarez@pryorcashman.com>
[Quoted text hidden]

[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                    Fri, Apr 3, 2026 at 4:15 PM
To: Gary De Pury <Gary@depury.com>, Matthew Larosiere <larosieremm@gmail.com>
Cc: "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>,
"Suarez, Kandice" <KSuarez@pryorcashman.com>

Hi Gary:

I'm sorry to intrude on your family time, but <u>today</u> is our deadline to file a motion to compel with respect to Mr. Holladay's non-compliant discovery responses, and you intentionally disconnected the Zoom while I was asking you to confirm whether your forthcoming amended discovery responses would address the issues outlined in my email below. Please confirm by 5:00pm that: (1) your amended discovery responses will address the issues below; or (2) you will agree to extend our deadline to file a motion to compel until Wednesday April 8.  If I don't hear from you, I will have no choice but to file a motion to compel tonight.

Brendan

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

[Quoted text hidden]
[Quoted text hidden]

---

**Gary De Pury** <Gary@depury.com>                                          Mon, Apr 6, 2026 at 7:11 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>, Matthew Larosiere <larosieremm@gmail.com>
Cc: "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Howard Foster <hfoster@fosterpc.com>,
"Suarez, Kandice" <KSuarez@pryorcashman.com>

Mr. Everman,

I'm sorry that you feel that my disconnecting a 30 minute zoom 35 minutes into it was improper.  The 30 minute zoom the day prior went 46 minutes, making me late.

Also, I will note that the scheduled zoom was to discuss two issues.  "If we are to meet and confer, I would like to discuss your claim that I do not have the right to claim privilege, and your continued refusal to allow the defendants to depose your alleged expert witness."

Instead you and Howard Foster attempted to discuss the other issue which you already granted me until the end of this week to attempt to remedy, and when I attempted to discuss your refusal to allow us to depose your so called expert, (by the way, he is no an expert an any manner) Howard flatly stated that we will not discuss it, so your entire meet and confer was in bad faith.

Now having the transcript, I can see why Howard REFUSED to provide the alleged 14 instances prior to the meet and confer.

[Quoted text hidden]