UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

*Plaintiffs*,

v.

JOHN ELIK, et al.,

*Defendants*.

_____/

### **DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' RULE 26(a)(1) DISCLOSURES**

Defendants Elik, Stroke, Lettman, Clark, and Larosiere move under Federal Rules of Civil Procedure 26 and 37 for an order compelling Plaintiffs to comply with their initial disclosure obligations. Plaintiffs' initial disclosures identified broad categories of documents and asserted only that damages "exceed $1,000,000," but Plaintiffs did not produce the identified materials, did not identify any document "location," and did not provide a computation of each category of damages with the evidentiary material on which each computation is based. (Ex. E), *also at* (Doc. 33 at 3–4). In the interest of judicial economy, movants respectfully request this Court address this matter at the April 17th hearing.

When Defendants raised those deficiencies, while deflecting the issue, Plaintiffs stated that, "[i]n any event, to the extent they have not already been produced, we expect to complete production of the referenced documents and to produce evidence supporting plaintiffs' computation of damages by April 21." (Ex. A

1

at 3). The only substantive damages material Plaintiffs have provided is the Tyra report, which does not compute each category of damages listed in (Doc. 33) and does not include the underlying materials on which the report relies. (Ex. B at 9–10, 14).

To the extent Plaintiffs now contend their category description in Doc. 33 was enough, their own later RFP responses show otherwise. In responses seeking many of the same categories of financial, causation, and customer-departure materials referenced in (Doc. 33), Plaintiffs repeatedly stated that they would only conduct a search later, would only produce documents after entry of a protective order, or—after reasonable inquiry—were unaware of responsive documents in their possession. (Doc. 100-1 at RFP Nos. 1–4, 18, 34–36). Plaintiffs cannot simultaneously represent under Rule 26 that these materials are already within their possession, custody, or control and may be used to support their claims, while later telling Defendants, in discovery responses, that Plaintiffs must still conduct a search for them, or are unaware that responsive documents exist at all.

Accordingly, the Court should compel Plaintiffs to serve compliant Rule 26 disclosures and produce the materials Rule 26 required them to disclose without awaiting a request months ago.

## **ARGUMENT**

### I.    **PLAINTIFFS DID NOT SATISFY RULE 26(A)(1)(A)(II).**

Rule 26(a)(1)(A)(ii) required Plaintiffs, without awaiting any discovery request, to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things" in their possession, custody, or control that they may use to support their claims. Fed. R. Civ. P. 26(a)(1)(A)(ii).

2

Plaintiffs did neither. Doc. 33 contains only generic subject-matter categories. It does not identify any "location" for the materials it references. Nor did Plaintiffs produce those materials when they served the disclosure. Doc. 33 at 3–4.

Even if Plaintiffs argue that their category description alone was sufficient, their later RFP responses undercut that position. Those responses show that Plaintiffs had not actually assembled, located, and disclosed the materials they now say were adequately identified from the outset. RFP Nos. 1–3 say Plaintiffs would search and produce later, after a protective order. RFP No. 4 says Plaintiffs were unaware of the underlying documents for the alleged inter-Plaintiff profit-sharing arrangement. RFP No. 18 says Plaintiffs had not yet identified the materials they intended to rely on at trial. RFP Nos. 34–36 say Plaintiffs were unaware of documents sufficient to identify customers or partners who supposedly departed. (Doc. 101-1, RFP Nos. 1–4, 18, 34–36). That is not a compliant Rule 26(a)(1)(A)(ii) disclosure.

## II.   PLAINTIFFS DID NOT SATISFY RULE 26(A)(1)(A)(III).

Rule 26(a)(1)(A)(iii) required Plaintiffs to provide "a computation of each category of damages claimed" and to make available the documents or evidentiary material on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiffs did not do that. Their disclosure says only that damages "exceed $1,000,000," then lists categories. Doc. 33 at 4.

Courts applying Rule 26 routinely compel supplementation where a party gives only categories or a lump-sum figure and leaves the opposing side to guess at the arithmetic and theory. *See Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007); *Boldstar Tech., LLC v. Home Depot*

*USA, Inc.*, No. 07-80435-CIV, 2008 WL 11320010, at \*2 (S.D. Fla. Feb. 28, 2008). A party also may not postpone a Rule 26 damages computation by saying an expert will do the work later. *See Xiong v. United States*, No. 6:22-cv-1957-RBD-LHP, ECF No. 90, at 2, 7 (M.D. Fla. Sept. 1, 2023). And simply handing over raw financial material, without a disclosed computation, is not enough. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295–96 (2d Cir. 2006) (highlighting the computation must include "*any category of damages* claimed by the disclosing party") (emphasis in original).

Plaintiffs gave only a lump-sum floor and a list of damage categories. Doc. 33 at 4. They did not compute lost revenue, lost customer relationships, lost creator relationships, reputational harm, disgorgement, et. seq. *Id*. Rule 26 required more.

### III.   THE LATER EXPERT REPORT DOES NOT CURE THE DEFECT.

The Tyra report does not solve the Rule 26 problem. First, it does not compute each category of damages listed in Doc. 33. It advances one lost-sales theory and gives a bottom-line estimate through October 2025. (Ex. B at 14). *Compare* (Doc. 33 at 4), *with* (Ex. B at 14).

Second, the report confirms that Plaintiffs withheld underlying materials that Rule 26 required them to make available. Tyra says he reviewed monthly DEFCAD sales and subscription data, Defense Distributed tax filings, and Ghost Gunner sales data. (Ex. B at 9–10). Foster's later email acknowledges that the tax returns still had not been produced, awaiting a confidentiality agreement that Defendants had begrudgingly provided the prior week. (Ex. D at 1). Yet Foster simultaneously asserted that Plaintiffs had already provided the damages data Defendants sought. (Ex. D at 1). This is irreconcilable.

4

Plaintiffs certified they had these materials. (Doc. 33). The Rules required their disclosure. To the extent Plaintiffs claim the need for some kind of confidentiality—invoked for the first time months after their disclosures were due—there is no cogent explanation as to why the materials were not supplied to Mr. Larosiere's clients, who already agreed to treat any materials as confidential pending further order. (Ex. C).

<u>CONCLUSION</u>

Rule 37(a)(3)(A) authorizes a motion to compel when a party fails to make a disclosure required by Rule 26(a). Movants respectfully request this Court enter an order (a) compelling Plaintiffs to produce a copy of all documents identified in their (Doc. 33) disclosure; (b) in the alternative to (a), compel Plaintiffs to serve compliant initial disclosures; (c) Requiring Plaintiffs to immediately serve amended Rule 26(a)(1)(A)(iii) disclosures that compute each category of damages claimed, including the method and arithmetic used for each category; (d) Requiring Plaintiffs to immediately produce all materials on which each damages computation is based; (e) award Defendants their reasonable expenses incurred in bringing this Motion under Rule 37(a)(5)(A); and (f) any other relief this court deems just.

Respectfully submitted,
DATED: April 13,
2026

/s/Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of
Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email:
Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Elik,*
*Stroke, Lettman, and*
*Clark.*

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Matthew*
*Larosiere.*

6

## Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that Defendants made reasonable, good-faith efforts to confer regarding the relief sought in this motion but were unable to resolve the issues without Court intervention.

Beginning in the early morning on March 13, 2026, I attempted to confer with opposing counsel. Because the email conferrals were unproductive, and Plaintiffs took the position that their responses were complete and compliant, I called Plaintiffs' counsel, Mr. Howard Foster, and conferred telephonically with him. He took the position that the disclosures were fully compliant, and that he was not required to disclose anything further than the expert report. On the call, Mr. Foster declined to provide the damages materials citing confidentiality. When I told him we had already agreed to treat materials as confidential pending court order, he stated he did not receive that email. On the phone, I replied to the email again and he confirmed he had received it. Following the conference, Mr. Foster emailed me again insisting that he would not produce any documents absent an agreed protective order, despite our extant confidentiality agreement. This motion follows.

Respectfully submitted,

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 13th day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581