EXHIBIT A

## Plaintiffs' Initial Disclosures - What happened?

7 messages

**Matthew Larosiere** <larosieremm@gmail.com>                Mon, Apr 13, 2026 at 7:27 AM
To: Howard Foster <hfoster@fosterpc.com>, "Everman, Brendan" <beverman@pryorcashman.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>

Hello Counsel,

Defense counsel was discussing the (Doc. 100) motion and we realized that, on December 16, 2025 (Doc. 33), the following materials were identified in your initial disclosures:

- Online postings attributed to Defendants, including all versions of the "FEDCAD" meme reproduced in the Amended Complaint;
- Social media posts, comments, reposts, and materials regarding Plaintiffs;
- Communications involving Plaintiffs and Defendants relating to the allegations;Website data, analytics, customer metrics, and financial records showing platform activity and revenue impacts;
- Documents reflecting customer or creator concerns or departures;
- Materials concerning Plaintiffs' hosting, security, and business operations;
- Business and financial records relevant to damages;Summaries, analyses, and research relating to reputational harm and marketplace effect

Now, I double checked and we never got any documents from y'all. Was this a mistake? We were concerned because some of the stuff Mr. Elik sought in (Doc. 100) is clearly included in there. I'm not sure there is a "description by category and location" in that bulleted list, so I feel like we should have gotten a copy of each of those things. Fed. R. Civ. P. 26(a)(1)(A)(ii).

Looking further, I saw the damages section at (Doc. 33) just kind of asserted a million bucks. Now, I don't think that really counts as a computation. Nor does it "make available for inspection and copying as under Rule 34 the documents or other evidentiary material...on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

Do you think we can get these matters fixed? If not, when do you have time to chat about it?

Yours,
Matt

**Gary De Pury** <Gary@depury.com>                Mon, Apr 13, 2026 at 8:15 AM
To: Matthew Larosiere <larosieremm@gmail.com>, Howard Foster <hfoster@fosterpc.com>, "Everman, Brendan" <beverman@pryorcashman.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Gentlemen,

Given that I am trying to coordinate a court reporter for Mr. Foster's assertion of 14 abuses of attorney client privilege on my part, I would suggest that we combine these two meet and conferrals, have a court reporter present for both, and a strict agenda where the parties agree that what is on the agenda will actually be discussed.

Please let me know your thoughts.

Sincerely,

*Gary C. De Pury*, Esq.

**Law Offices of Gary De Pury, P.A.**
**Attorney at Law**

**Lic. Real Estate Broker**
**US Army Counterintelligence (Ret.)**

Personal Injury – Real Estate – Family Law

21035 Leonard Road, Lutz, Florida 33558

P: 813-607-6404

F: 813-949-3406

Gary@DePury.com

**Confidentiality Notice:**
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at **Gary@DePury.com**

**FDCPA NOTICE:**

*THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692-1692p ("FDCPA"). ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.*

[Quoted text hidden]

---

**Matthew Larosiere** <larosieremm@gmail.com>                     Mon, Apr 13, 2026 at 9:48 AM
To: Gary De Pury <Gary@depury.com>
Cc: Howard Foster <hfoster@fosterpc.com>, "Everman, Brendan" <beverman@pryorcashman.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Mr. De Pury, I agree.
[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                  Mon, Apr 13, 2026 at 12:09 PM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>

Matt:

Plaintiffs' initial disclosures properly "descri[be] by category" the documents supporting plaintiffs' claims. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). In any event, to the extent they have not already been produced, we expect to complete production of the referenced documents and to produce evidence supporting plaintiffs' computation of damages by April 21.

Brendan

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

---

**From:** Matthew Larosiere <larosieremm@gmail.com>
**Sent:** Monday, April 13, 2026 7:27 AM
**To:** Howard Foster <hfoster@fosterpc.com>; Everman, Brendan <BEverman@pryorcashman.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>; Gary De Pury <gary@depury.com>
**Subject:** Plaintiffs' Initial Disclosures - What happened?

Hello Counsel,

[Quoted text hidden]

[Quoted text hidden]

---

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

---

**Matthew Larosiere** <larosieremm@gmail.com>                    Mon, Apr 13, 2026 at 12:23 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>

Brendan, you had to provide these without request at the beginning of the case. Time is of the essence. Can you provide them today? If not, can you take a call? I think it would be most efficient if you intend to withhold these materials until after we can test them in discovery, especially because April 21 is after the dates you offered for Mr. Tyra, we need the court to resolve it at the Friday hearing.

[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com>                    Mon, Apr 13, 2026 at 1:40 PM
To: Matthew Larosiere <larosieremm@gmail.com>
Cc: Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>

Hi Matt:

I don't understand what this means: "I think it would be most efficient if you intend to withhold these materials until after we can test them in discovery."


In any event, do you intend to proceed with Tyra's deposition on the dates we offered?  You haven't responded to our emails on that topic last week.  If so, we can prioritize the production of any documents you need to prepare for Tyra's deposition (with the remaining documents to be produced by April 21, as discussed).

[Quoted text hidden]
[Quoted text hidden]

---

**Matthew Larosiere** <larosieremm@gmail.com>                              Mon, Apr 13, 2026 at 1:49 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>

Hey Brendan, just tried to call you. It rang twice and sent me to voicemail. Maybe you were on the other line?

It would probably be better if we talked on the phone to make it clear. What I'm saying is you had to produce all the stuff identified in the Rule 26 disclosures, most critically the damage calculation materials, without a request. I don't understand why this would be an issue to hand over, as the stuff identified there were all supposed to be the materials you based your claims on in the first instance. Waiting until the 21st to provide your initial disclosures just doesn't make sense to me.

We definitely need all those materials now, given the timing.

Call me back when you can.

Yours,
Matt
[Quoted text hidden]