EXHIBIT E - PLAINTIFFS' INITIAL DISCLOSURES

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH  DIVISION**

Case No. 9:25-cv-81197-DMM

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually,

      Defendants.

_____/

**PLAINTIFFS' INITIAL DISCLOSURES**

Plaintiffs, Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. ("Plaintiffs"),

pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby serve their Initial Disclosures.

**A. Individuals Likely to Have Discoverable Information.**

1. **Cody Wilson**
   c/o Taft Stettinius & Hollister LLP
   525 Okeechobee Blvd., Suite 900
   West Palm Beach, FL 33401
   *Knowledge of Plaintiffs' business operations; Plaintiffs' dealings with Defendants; the statements and conduct attributed to Defendants in the Amended Complaint; the impact of those statements on Plaintiffs' business relationships, operations, and revenue; and Plaintiffs' alleged damages.*

2. **Barret Collier**
   *Knowledge of his prior relationship with Plaintiffs, his awareness of statements made by Defendants, his decision to cease participation with Plaintiffs' platform, and facts relevant to Plaintiffs' allegations regarding interference with creator relationships.*

1

3. **Eric Goldhaber**
*Knowledge of his prior relationship with Plaintiffs, his awareness of statements attributed to Defendants, his decision to stop hosting materials on Plaintiffs' platform, and matters related to Plaintiffs' alleged loss of creator partnerships.*

4. **Current and former DEFCAD customers who stopped using the platform.**
*Knowledge of their interactions with Plaintiffs' platform, their exposure to statements attributed to Defendants, and the reasons they ended their business with Plaintiffs, including issues related to alleged reputational harm.*

5. **Corporate Representative of MAF Corp.**
*Knowledge regarding MAF Corp.'s operations; Defendants' use of MAF Corp. in connection with the conduct alleged in the Amended Complaint; communications among Defendants; and matters relevant to the alleged enterprise activity.*

6. **Corporate Representative of The Gatalog**
*Knowledge regarding The Gatalog's business operations; its competitive relationship with Plaintiffs; online materials published about Plaintiffs; and the conduct and statements attributed to Defendants in the Amended Complaint.*

7. **John Elik**
c/o The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
*Knowledge of his dealings with Plaintiffs beginning in 2019; the referral agreement; his alleged threats to Plaintiffs; his alleged participation in publishing or coordinating dissemination of the "FEDCAD" meme; and any conduct or statements attributed to him relating to Plaintiffs.*

8. **Matthew Larosiere**
c/o The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
*Knowledge of statements and conduct attributed to him in the Amended Complaint, including his alleged role in directing or coordinating activities related to the "FEDCAD" meme; his alleged use of MAF Corp.; his involvement in the alleged enterprise; and any communications or actions directed at Plaintiffs or their customers.*

9. **Alexander Holladay**
c/o Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
*Knowledge of statements and conduct attributed to him, including publication of content incorporating the "FEDCAD" meme; his association with The Gatalog; and any actions directed at Plaintiffs or their business relationships.*

**10. Peter Celentano**

*Knowledge of statements and conduct attributed to him, including his repeated postings of the "FEDCAD" meme on Reddit; his communications related to Plaintiffs; and matters relevant to the allegations in the Amended Complaint.*

**11. Josh Kiel Stroke**

c/o The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
*Knowledge of his online postings under the persona "Zona"; communications with other Defendants; dissemination of statements attributed to Defendants about Plaintiffs; and matters related to the conduct and allegations in the Amended Complaint.*

**12. John Lettman**

c/o The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
*Knowledge of his participation in The Gatalog or related entities; communications or coordination with other Defendants; and any conduct or statements attributed to him relating to Plaintiffs as alleged in the Amended Complaint.*

**13. Josh Wright**

c/o Taft Stettinius & Hollister LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
*Plaintiffs' damages expert. Knowledge regarding revenue trends, financial modeling, causation analyses, and estimated economic loss caused by the "FEDCAD" disinformation campaign.*

**B. Documents, Data, and ESI.**

Plaintiffs identify the following categories of documents, ESI, and tangible items in their possession, custody, or control that may be used to support their claims:

- Online postings attributed to Defendants, including all versions of the "FEDCAD" meme reproduced in the Amended Complaint;

- Social media posts, comments, reposts, and materials regarding Plaintiffs;

- Communications involving Plaintiffs and Defendants relating to the allegations;

- Website data, analytics, customer metrics, and financial records showing platform activity and revenue impacts;

3

- Documents reflecting customer or creator concerns or departures;

- Materials concerning Plaintiffs' hosting, security, and business operations;

- Business and financial records relevant to damages;

- Summaries, analyses, and research relating to reputational harm and marketplace effects.

### C. Computation of Damages.

Plaintiffs presently estimate that their damages exceed $1,000,000, including: lost revenue, lost customer and creator relationships, reputational harm, disgorgement of Defendants' profits (under the Lanham Act), treble damages (under RICO), attorneys' fees and costs, and all other relief authorized by statute. Plaintiffs will serve expert reports when due.

### D. Insurance.

Plaintiffs are unaware of any applicable insurance policy that would satisfy or indemnify a judgment in this action.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com

By:  _s/ GREGORY S. WEISS_
     GREGORY S. WEISS
     Florida Bar No. 163430

And

Howard Foster, Admitted *Pro Hac Vice*
FOSTER PC
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
Tel. (312) 726-1600
Email: hfoster@fosterpc.com

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

> *s/* GREGORY S. WEISS
> GREGORY S. WEISS, ESQ.
> Florida Bar No. 163430

**SERVICE LIST**:

**Matthew M. Larosiere, Esq.**
6964 Houlton Cir.
Lake Worth, FL 33467
Tel. (561) 452-7575
Email: larosieremm@gmail.com
*Attorney for Defendants, John Elik,*
*John Lettman and Josh Kiel Stroke*

**Gary C. De Pury, Esq.**
21035 Leonard Road
Lutz, FL 33558
Tel. (813) 607-6404
Email: Gary@DePury.com
*Attorney for Defendant, Alexander Holladay*

**Zachary Z. Zermay, Esq.**
3000 Coral Way, Suite 115
Coral Gables, FL 33145
Tel. (305) 767-3529
Email: zach@zermaylaw.com
*Attorney for Defendant, Matthew Larosiere*