**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

     Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
          Defendants.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION**
**TO COMPEL AS TO DEFENDANT MATTHEW**
**LAROSIERE TO PRODUCE DOCUMENTS AND**
**FOR SANCTIONS**

Plaintiffs briefly respond to Mr. Larosiere's Response (Doc.103) to their Motion to Compel

Production of Documents and for Sanctions (Doc. 95).

**INTRODUCTION**

Nothing in Larosiere's Opposition (Doc. 103) changes the fact that the Motion (Doc. 95)

should be granted.

Plaintiffs were forced to file the Motion because Larosiere belatedly invoked, on March

16, 2026, Rule 26(g)(2) as a reason for refusing to honor the parties' negotiated discovery

agreement. As explained in the Motion, Larosiere waived any objection based on Rule 26(g)(2)

by failing to assert it in the Responses. S.D. Fla. L.R. 26.1(e)(2)(a).

Tellingly, Larosiere does not explain why he reneged on the parties' discovery agreement. Nor does Larosiere even attempt to address Local Rule 26.1(e)(2)(a). In tacit recognition that his arguments lack merit, Larosiere finally served amended responses and made a supplemental production yesterday, which he claims moots the dispute. But Larosiere does not specify whether he used Plaintiffs' proposed search terms to locate documents responsive to Request No. 12. In any event, the Court should award to Plaintiffs the reasonable fees incurred in bringing the motion.

## THE OPPOSITION LACKS MERIT

In his Opposition, Larosiere attempts to deflect from his gamesmanship by raising several meritless arguments.

First, Larosiere argues that the Motion is untimely because it was not filed within 28 days of service of the Responses. See Opp. 1-2. But the Motion does not challenge any objections in the Responses. Rather, the Motion seeks to compel Larosiere to comply with his agreement to produce documents on March 12, 2026. As a result, the Motion is timely. See S.D. Fla. L.R. 26.1(g)(2)(A)(iii)-(iv).

Second, Larosiere claims that Plaintiffs' "chronology is misleading." Opp. 2-3. Specifically, Larosiere asserts that his counsel, Zermay, mentioned that the Requests were unsigned before March 16, 2026. See Opp. 2-3. But Zermay did not object to responding to the Requests because they were unsigned at that time. In fact, without raising the Rule 26(g)(2) objection, Zermay subsequently served the Responses, produced documents, and conferred with Plaintiffs about the Responses. Plaintiffs' chronology is correct in all material respects.

Third, Larosiere contends that Plaintiffs did not serve signed Requests until filing the Motion. See Opp 1. As an initial matter, this appears to be false. On information and belief, Plaintiffs' prior counsel served signed version of the Requests upon all counsel via mail on

February 3, 2026[1].   Larosiere admittedly received those requests served on his clients.  See Doc. 63-3, ¶¶11-12.  Regardless, even if Plaintiffs' prior counsel did not serve signed Requests in the mail, Larosiere waived this objection.

Fourth, Larosiere argues that Judge Middlebrooks "already rejected Plaintiffs' waiver theory."  See Opp. 4-5 (citing Doc. 69).  This is incorrect.  Plaintiffs did not argue, and Judge Middlebrooks did not address, Local Rule 26.1(e)(2)(a) or a waiver of discovery objections in connection with that motion or order.

Fifth, in tacit recognition that his other arguments are meritless, Larosiere contends that the Motion is moot because he served supplemental responses yesterday.  Opp. 5.  There are at least two problems with this argument.  First, the Opposition does not address the issue of search terms. As explained in the Motion, Plaintiffs supplied proposed search terms for Request No. 12 and sought to compel Larosiere to use those search terms.  See Mot. 2, 4.  Second, if Larosiere truly wanted discovery to proceed "efficiently and cooperatively" (see Opp. 1), he could have simply honored the parties' negotiated agreement to produce documents.  By refusing to do so, Plaintiffs were forced to incur the burden and expense of bringing the Motion, and the Court is required to adjudicate yet another discovery dispute.  Under the circumstances, it is appropriate for Larosiere *to reimburse Plaintiffs for the fees incurred in connection with bringing this Motion.*

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (a) grant the Motion; (b) compel Larosiere to verify that he used Plaintiffs' proposed search terms to look for documents responsive to Request No. 12 (and, if not, to run those search terms and produce more documents); (c) award Plaintiffs their reasonable attorneys' fees and costs incurred in bringing this

---

[1] After reading the Opposition, undersigned counsel reached out to prior counsel to confirm this fact.  As of this filing, Plaintiffs have not yet received confirmation.

Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A); and (d) grant any other relief that this Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3) and the Court's Order Setting Discovery Procedure (Doc. 85), Plaintiffs' counsel certifies that they have conferred in good faith with Larosiere's counsel via email, phone, and Zoom but have been unable to resolve the issues addressed in this motion.

Dated:  April 14, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com
*Attorney for Plaintiffs*