# EXHIBIT 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN     ELIK,     individually;     MATTHEW
LAROSIERE,    individually;    ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and   JOHN   LETTMAN,   individually;   ZACK
CLARK, individually
             Defendants.

_____/

## DECLARATION OF GARRET WALLIMAN

I, Garret Walliman, declare as follows:

1.     I am an engineer for Defense Distributed, one of the plaintiffs in this case.

2.     I have personal knowledge of the facts set forth in this Declaration.  If called to testify, I could competently testify thereto.

3.     I have reviewed John Elik's request for production. *See* Doc. 100-1. Elik's requests seek, among other things, the "complete Commit History" and other related files for the DEFCAD website and all of Plaintiffs' applications and services ancillary to the DEFCAD website. *See* RFP Nos. 61-63.

4.     It would be incredibly burdensome and dangerous for Plaintiffs to produce all documents responsive to these requests, even subject to a protective order.

5.      A "commit history" is effectively a ledger showing all changes made to Plaintiffs' software code over time.

6.      Plaintiffs' software code is proprietary, not publicly available, and frequently modified in the ordinary course of business.

7.      In textual form, Plaintiffs' software code likely spans tens—if not hundreds—of *thousands* of pages.  It would likely take me dozens of hours to coordinate the production of Plaintiffs' entire software code and commit history to defendants.

8.      Anyone with access to Plaintiffs' software code could input that code into an artificial intelligence program to identify data security vulnerabilities that could be exploited to hack Plaintiffs' website and applications.

9.      In this case, Plaintiffs allege that Elik and the other defendants have falsely represented, among other things, that DEFCAD's database was "hacked" and "dumped."

10.     Upon information and belief, defendants have unsuccessfully attempted, and solicited third party actors to attempt, to hack and "dump" DEFCAD's database to prove their challenged representations to be true.  As a result, I am concerned that, notwithstanding the existence of a protective order, Defendants may misuse—or share with someone else who may misuse—Plaintiffs' "commit history" to hack Plaintiffs' website and customer database.  If that happens, Plaintiffs could suffer substantial and irreparable harm.

11.     Additionally, it would be incredibly difficult, if not impossible, for Plaintiffs to conclusively determine who hacked Plaintiffs' website and how the hacker(s) identified Plaintiffs' data security vulnerabilities.

12.     In other words, Defendants would be incentivized to misuse the documents sought in Request Nos. 61-63 because it could spare them from being liable for millions of dollars of damages.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  April 14, 2026

*/s/ Garret Walliman*
Garret Walliman