UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, a Texas
corporation; DD FOUNDATION, LLC, a
Texas limited liability company; and,
DEFCAD, INC., a Texas corporation,

> *Plaintiffs,*

v.

JOHN ELIK; MATTHEW LAROSIERE;
ALEXANDER HOLLADAY; PETER
CELENTANO; JOSH KIEL STROKE;

and JOHN LETTMAN,

> *Defendants.*

_____/

### DEFENDANT JOHN ELIK'S REPLY IN SUPPORT OF HIS MOTION TO OVERRULE MERITLESS OBJECTIONS AND COMPEL PLAINTIFFS' COMPLETE RESPONSES AND PRODUCTION TO HIS FIRST REQUESTS FOR PRODUCTION

Plaintiffs' opposition confirms the Motion was necessary. Plaintiffs served responses conditioning their search and production, and explicitly withholding responsive documents (some of which they now claim do not exist). (Doc. 100-1 at 72–73, 81–82, 129–31). Plaintiffs then shifted positions in conferral and in opposition, claiming they had already begun collecting documents, would produce by April 21, and that only four requests remain disputed. (Doc. 100-3 at 2–3, 5–6; Doc. 107 at 2–5). A live dispute exists as to far more than four requests.

## ARGUMENT

**I.     Plaintiffs' operative responses are facially defective, and their later story does not cure them.**

Plaintiffs were required to state with specificity whether inspection would be permitted, what objections were asserted, and whether materials were being withheld on that basis. Fed. R. Civ. P. 34(b)(2)(B)–(C); S.D. Fla. L.R. 26.1(e)(2)(A). Plaintiffs instead served boilerplate objections and conditional responses, *viz.*, a unilateral reservation of control over whether and when production would occur.

Plaintiffs assert in response that amended responses were never requested, but this is not true. (Ex. A) Plaintiffs were asked to amend to clarify, but flatly refused. *Id*. As it stands, the defect remains: either the served responses were accurate and the later explanation was false, or the later explanation was accurate and the served responses were false.

Nor does Plaintiffs' repeated invocation of April 21 solve anything. Plaintiffs identified withheld documents in responses served April 6, most of which sought materials identified in their December 2025 Rule 26 disclosure (Doc. 33), yet Plaintiffs still claimed they needed until April 21 to produce anything. (Doc. 100-1 at

1

72–73 *et seq.*; Doc. 107 at 2–3). That leaves barely three weeks before the May 14, 2026 discovery cutoff for Defendants to review the production, pursue any third-party discovery, and prepare depositions using the materials to which they are entitled. As such, Plaintiffs' objection-laden conditional nonproduction has materially impaired Defendants' ability to complete discovery within the Court's schedule.

## II.   Plaintiffs' blanket confidentiality objections remain improper and largely unresolved.

Plaintiffs used the same stock "confidential and proprietary business information" objection across requests seeking wholly different things, including requests about public denials of the FEDCAD meme, public requests to delete it, and public threats of legal action. (Doc. 100-1 at 5–7). Plaintiffs never identified documents warranting protection. They used confidentiality as a blanket reason to produce nothing. This is backwards. Objections resisting discovery must be "plain enough and specific enough" for the court to understand the claimed defect. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

Plaintiffs now withdraw confidentiality objections to RFPs 8–12 and say they previously agreed to do so for RFPs 52–54(1). (Doc. 107 at 3–4). But they still insist only four requests are genuinely disputed. *Id.* at 4–5. That is wrong.[1] A genuine dispute remains as to nearly every request where Plaintiffs asserted blanket confidentiality, refused to amend the responses, and still produced nothing.

---

[1] Plaintiffs have conditioned production on the entry of a protective order in response to RFP 16, RFP 18, RFP 19, RFPs 23-24, and RFPs 26-33. None of these requests seek information that warrants blanket confidentiality protection.

2

This is especially true because Plaintiffs' position shifted after Elik agreed in writing to treat materials as confidential. On April 8, Plaintiffs' counsel Mr. Foster offered to produce the withheld documents if Elik would treat *everything* as confidential pending the entry of a confidentiality order. Elik's counsel obliged. (Doc. 100-4 at 1). They still produced nothing, later taking the position on an April 15 conference call that nothing but a case-wide confidentiality order would suffice.

### III.   Plaintiffs' proposed protective order underscores, rather than excuses, the problem.

Plaintiffs' draft order was not a narrow mechanism tailored to Elik's requests. It was a proposed joint order for all parties in the case, even though the refusal to produce was to Elik. (Doc. 100-6 at 1; Doc. 100-2 at 4). The draft was also overbroad. It defined "Confidential Information" to include not only proprietary financial and technical material, but also anything "generally" non-public, anything "of a personal and sensitive nature," and any material concerning employees. (Doc. 100-6 at 1–4). It further required confidential material quoted in filings to be filed under seal. (Doc. 100-6 at 6). All of this, without a single consequence for mis-designation. With this, Plaintiffs were attempting to institutionalize over-designation.

### IV.   Plaintiffs' shifting positions confirm the Motion is not moot.

Plaintiffs now say they possess no responsive documents for RFPs 4, 44–45, 56, and 59. (Doc. 107 at 4). But in their served responses, they said they were withholding responsive documents for 44, 45, 56, and 59. (Doc. 100-1). Those positions cannot be reconciled. Plaintiffs also complain about the number of requests served. (Doc. 107 at 2). But that is a consequence of the case Plaintiffs chose to file. (SAC ¶¶

15, 24–35, 41, 43–60, 63–69). Plaintiffs cannot file a case of that breadth and then balk at targeted discovery testing the factual basis of those allegations.

### V. Requests 61–63 and 66 seek core merits discovery.

Whether or not Plaintiffs "doxxed" individuals by providing personal information to anti-gun activists and authorities is a central theory of Plaintiffs' case. (SAC ¶ 55(b)–(c)). Their irrelevance argument in response to RFP 66 is striking, arguing it to be irrelevant by conflating their own "hacking" allegations with their "doxxing" allegations. (Doc. 107 at 5). RFP 66 is relevant to the truth of the challenged statements concerning anti-gun activists. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978).

The same is true of Requests 61–63. Plaintiffs put the truth or falsity of whether they were hacked directly at issue. (SAC ¶¶ 25, 34, 55(a)–(d), 56–60). Yet their original responses offered only generic burden and confidentiality objections. (Doc. 100-1 at 136–41) *but see* (Doc. 33).

Despite receiving the interim confidentiality they agreed would enable them to produce these withheld documents (Doc. 100-4), and despite Defendant agreeing it could be treated as confidential in the Motion (Doc. 100 at 5), only after the Motion did Plaintiffs submit the Walliman declaration for the proposition that they shouldn't have to provide their website security materials *even subject to confidentiality*.

Nothing highlights the need for this discovery better than the Walliman declaration itself, as it literally suggests Plaintiffs' compliance with their discovery obligations would destroy their claim because of vulnerabilities in their website code, and that they would have no way of knowing if they were hacked. (Doc. 107-1 at 10-

12). As the declaration makes clear, Plaintiffs know exactly what is sought: the security changes Plaintiffs made in response to past hacks, which is obviously relevant. Plaintiff's employee's *ipse dixit* assertion that Defendants have tried to hack them since the initiation of this lawsuit is as bizarre as it is untrue. (Doc. 107-1 ¶ 10-12). How can Plaintiffs claim their being hacked was "damaging disinformation," but insist Defendant may not inspect their system, because it is so prone to being hacked and that—if it was hacked—they could not tell whether it was, nor who hacked them? *Id*. The Walliman declaration confirms the sought discovery is devastating to Plaintiffs' case, and that is exactly why it must be produced.

Additionally, Mr. Walliman's invocation of excessive "pages" of code is disingenuous. Digital code is not a paper document. Plaintiffs need only export the requested material with a single click. Plaintiffs boilerplate invocation of "burden" is "meaningless" and should be "deemed without merit." *See Polycarpe v. Seterus, Inc.*, No. 6:16-cv-1606-Orl-37TBS, 2017 WL 2257571, at *1–2 (M.D. Fla. May 23, 2017).

Plaintiff's initial disclosures identified "Materials concerning Plaintiffs' hosting, security, and business operations." (Doc. 33). This is obviously what is sought, yet, still, **nothing** has been produced. At minimum, the Court should compel narrowed production of the sought materials which concern the patching and existence of vulnerabilities, especially the sought materials explaining the changes.

**<u>CONCLUSION</u>**

The Motion should be granted.

Respectfully submitted,  DATED April 15, 2026

5

*/s/Matthew Larosiere*
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of Matthew
Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Defendants Elik,*
*Stroke, Lettman, and Clark.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 15th day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581

6