**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
          Defendants.

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO COMPEL RULE 26(A)(1) DISCLOSURES**

Defendants' motion to compel (Doc. 104) should be denied because plaintiffs complied with their Rule 26 disclosure obligations by timely serving an expert report computing their damages. In any event, plaintiffs have served supplemental initial disclosures (*see* Ex. 1), thereby mooting any potential dispute.

**A.**     **Background**

Plaintiffs filed their initial Rule 26 initial disclosures on December 16, 2026. Doc. 33. With respect to damages, Plaintiffs' initial disclosures state: "Plaintiffs presently estimate that their damages exceed $1 million, including lost revenue, lost customer and creator relationships, reputational harm, disgorgement of Defendants' profits (under the Lanham Act), treble damages (under RICO), attorney's fees and costs, and all other relief authorized by statute. Plaintiffs will serve expert reports when due." *Id.* at p.4. Defendants did *not* challenge the sufficiency of plaintiffs' initial disclosures when they were served.

In this case, plaintiffs have retained an expert accountant, Jason Tyra, to opine on their damages.  Plaintiffs timely served Mr. Tyra's 14-page expert report on February 19, 2026.  Ex. 2. In his report, Mr. Tyra analyzed plaintiffs' financial records and computed two categories of damages: lost subscription revenue and lost profits (sales).  *Id.* at pp. 9-12.

It was not until April 13, 2026, that defendants first asked plaintiffs to supplement their initial disclosures.  With respect to damages, plaintiffs referred defendants to Mr. Tyra's expert report, which extensively analyzes plaintiffs' finances and computes plaintiffs' damages. Plaintiffs also advised defendants that, to the extent they had not already been produced, plaintiffs would produce any financial documents relied upon by Mr. Tyra with the rest of their forthcoming document production on April 21, 2026.  Unsatisfied with these responses, defendants immediately filed the instant motion on the same day, *i.e.* April 13, 2026.

Rather than burdening the Court with resolving the question of whether initial disclosures may properly incorporate an expert report by reference, plaintiffs served supplemental initial disclosures summarizing their expert's report on April 14, 2026.  *See* Ex. 1.

**B.**      **Plaintiffs' Initial Disclosures Sufficiently Describe Plaintiffs' Damages.**

"The initial damages disclosure under Rule 26(a) is merely a preliminary assessment and is subject to revision.  As discovery proceeds, Plaintiffs may, indeed must, supplement their initial damages disclosure to reflect the information obtained through discovery."  *Water v. HDR Engineering Inc.*, 2011 WL 13176484 at *5 (M.D. Fla. May 11, 2011) (internal citation and quotation omitted).  An expert report may be used to supplement an initial damages disclosure. *See, e.g., MC3 Invs., LLC v. Loc Brand, Inc.*, 2023 WL 10407124 at *8 (N.D. Fla. July 11, 2023) ("It is worth noting that when parties have difficulty calculating damages because of complex factual issues, the parties typically provide the damages methodologies and allow their expert reports under Rule 26(a)(2) to supplement any computations").

As explained above, plaintiffs properly supplemented their initial disclosures by serving Mr. Tyra's expert damages report on February 19, 2026.  Indeed, Mr. Tyra's report explains his

methodology, identifies the documents he relied upon, specifies the two categories of damages (lost subscriptions and profits), and computes plaintiffs' damages.

The cases cited in the motion do not require anything further.  For example, *Boldstar Technical, LLC v. Home Depot USA, Inc.*, 2008 WL 11320010 at * 2 (S.D. Fla. 2008), simply holds that a party "cannot rely on general statements."  Here, plaintiffs did not rely on general statements.  Rather, plaintiffs relied on their expert's report.

In any event, discovery is still open, and the parties are still negotiating a protective order regarding confidentiality and coordinating the deposition of Mr. Tyra.  *See* Ex. 3.  As a result, defendants have not suffered any prejudice with respect to any alleged delay in receiving plaintiffs' supplemental initial disclosures.

Accordingly, plaintiffs respectfully request that the Court deny the motion.

Dated:  April 15, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*