# EXHIBIT 3

| | |
|---|---|
| **From:** | Everman, Brendan |
| **Sent:** | Wednesday, April 15, 2026 5:46 PM |
| **To:** | Matthew Larosiere; Gary De Pury; Zachary Z. Zermay (Zach@ZermayLaw.com) |
| **Cc:** | Howard Foster; Geraldine Zermay's Secondary |
| **Subject:** | RE: DEFCAD - Meet and Confer |
| **Attachments:** | DEFCAD - Proposed Protective Order.docx; Redline - Protective Order.docx |

Defense Counsel:

Thank you for a productive two-hour, meet-and-confer session on Zoom.  This confirms that:

- Defendants are ok with this schedule for defendants' depositions:
  - Elik – April 21
  - Lettman – April 24
  - Stroke – April 27
  - Clark – May 5
  - Larosiere – May 11

- For Jason Tyra's deposition, we will confirm whether we can provide the source data that Tyra relied upon to create appendices D and E.  Additionally, we understand that our previously offered deposition dates (April 16, 17, and 20) are not feasible.  As discussed, Mr. Tyra has preexisting commitments April 21 through May 1.  Please let us know if you are willing to take his deposition May 5-8.  If so, please let us know your proposed conditions for his deposition and, if agreed, we will prepare a joint motion for the Court.

- With respect to the protective order:
  - After further consideration, plaintiffs agree to defendants' proposal to revise the definition of "Confidential Information" in paragraph 1 consistent with the definition supplied by the Court in Hall v. Ins. Corp. of British Columbia, No. 6:20-cv-1992, 2022 WL 22871459, (M.D. Fla. Oct. 4, 2022).  *See id*. *3 ("'[C]onfidential information' shall include non-public information that qualifies for confidential treatment under governing law, see Fed. R. Civ. P. 26(c), and that the designating party considers to be and treats as confidential, including but not limited to trade secrets or other non-public, proprietary, and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest.").
  - Plaintiffs also agree to defendants' proposed revision to paragraph 2
  - Attached is the revised protective order incorporating these agreed edits, in clean and redline
  - Defendants will propose additional edits to paragraphs 4 (Matt), 8 (Gary), and 13 (Matt).  I understand that we're all busy, but please provide these edits as soon as practical, so we can finalize the protective order, ideally before Friday's in-person discovery hearing.

- We will further meet and confer with you before filing any spoliation motions.

Please let us know if you disagree with, or believe I misunderstood, anything written above.

Brendan

**Brendan Everman**
**PRYOR CASHMAN LLP**
255 Alhambra Cir., Suite 800 | Miami, FL 33134
Direct: 786-582-3007 | Cell: 305-851-1472
beverman@pryorcashman.com

---

**From:** Everman, Brendan
**Sent:** Wednesday, April 15, 2026 1:23 PM
**To:** 'Matthew Larosiere' <larosieremm@gmail.com>
**Cc:** 'Gary De Pury' <Gary@depury.com>; 'Zachary Z. Zermay (Zach@ZermayLaw.com)' <zach@zermaylaw.com>; 'Howard Foster' <hfoster@fosterpc.com>
**Subject:** RE: DEFCAD - Meet and Confer

Matt:

In advance of our discussion at 2pm today, we write to further meet and confer about the protective order.  Your proposed edits are unacceptable because they: (i) unreasonably limit the categories of documents that may be designated as confidential; and (ii) seek to alter the standards set forth in Rules 26(a)(3) and 37(a)(5) for awarding fees for confidentiality disputes.

As an initial matter, we note that asymmetry with respect to confidentiality in this case.  To my knowledge, defendants have not designated any material as confidential.  Conversely, defendants have requested that plaintiffs produce a variety of confidential materials, including documents relating to plaintiffs' finances, data security, and customers.  Confidentiality concerns are particularly heightened in this case given that defendants have accused plaintiffs of failing to maintain adequate data security or customer privacy, and plaintiffs have accused defendants of being business competitors who have attempted to hack plaintiffs' website.

In any event, Rule 26(c)(1)(G) expressly authorizes courts to issue protective orders restricting the use and disclosure of "confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  Courts in this district do not require parties to prove (as defendants seek to impose upon plaintiffs here) that confidential information is "highly sensitive" or that disclosure would cause "irreparable harm."  As set forth in plaintiffs' draft protective order, any "non-public, proprietary" information may be designated as confidential.  *See, e.g., Hall v. Ins. Corp. of British Columbia*, No. 6:20-cv-1992, 2022 WL 22871459, at *3 (M.D. Fla. Oct. 4, 2022); *DYC Fishing, Ltd. v. Beaver St. Fisheries, Inc.*, No. 3:05-cv-481, 2007 WL 1655389, at *2 (M.D. Fla. June 6, 2007) (finding that defendant appropriately designated "non-public and proprietary" documents as confidential because the "information contained therein would normally not be available for public inspection" and because "[t]he potential injury of forcing defendants to relinquish company business records to the Plaintiff for use outside of this litigation . . . far outweighs Plaintiff's desire for free use of the discovered documents").

Confidential information also includes "personal" information regarding individuals as well as material "that is subject to a contractual or other duty of confidentiality owed by the client to a third party." *See, e.g.*, S.D.N.Y. Model Protective Order, https://www.nysd.uscourts.gov/sites/default/files/practice_documents/Model%20Stipulation%20and%20Protective%20Order.pdf.

2

Also, we are not willing to apply line-by-line confidentiality designations for each document that we designate as confidential, which is not customary and would be incredibly burdensome given the broad discovery requests served by defendants in this case.  *See* ¶ 4.

With respect to confidentiality disputes, Rules 26(a)(3) and 37(a)(5) already provide a mechanism for the court to award fees to either party depending on the circumstances of the dispute.  We do not agree to a mandatory fee shifting provision that could only benefit defendants.  Such a provision would incentivize defendants to needlessly burden the Court with confidentiality disputes that should be resolved by the parties through the conferral process.

Brendan

**Brendan Everman**
**PRYOR CASHMAN LLP**
255 Alhambra Cir., Suite 800 | Miami, FL 33134
Direct: 786-582-3007 | Cell: 305-851-1472
beverman@pryorcashman.com

**From:** Everman, Brendan
**Sent:** Tuesday, April 14, 2026 1:47 PM
**To:** 'Matthew Larosiere' <larosieremm@gmail.com>
**Cc:** Gary De Pury <Gary@depury.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>; Howard Foster <hfoster@fosterpc.com>
**Subject:** RE: DEFCAD - Meet and Confer

Matt:

We've been waiting for your redline to the protective order since April 8.  During that time, you filed two separate motions to compel, one of which faults plaintiffs for refusing to produce confidential documents until the parties enter into a mutually acceptable protective order.

You finally provided a redline minutes ago in a separate email chain.  Although you wrote on April 13 that "[t]he main substantive change will be fee-shifting for improper designation," your redline in facts makes multiple material edits to the definition of "confidential" information.  Your proposed edits are inconsistent with applicable case law and inappropriate under the circumstances of this case.

Given that you will be unavailable this afternoon, we will refrain from filing our motion for protective order today.  Please provide your availability to meet and confer on the protective order tomorrow.

Brendan

**Brendan Everman**
**PRYOR CASHMAN LLP**
255 Alhambra Cir., Suite 800 | Miami, FL 33134
Direct: 786-582-3007 | Cell: 305-851-1472
beverman@pryorcashman.com

**From:** Matthew Larosiere <larosieremm@gmail.com>
**Sent:** Tuesday, April 14, 2026 1:33 PM
**To:** Everman, Brendan <BEverman@pryorcashman.com>
**Cc:** Gary De Pury <Gary@depury.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>; Howard