UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

        *Plaintiffs*,

v.

JOHN ELIK, et al.,

        *Defendants*.

_____/

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS' RULE 26(a)(1) DISCLOSURES

Defendants are dumbstruck by Plaintiffs' response. Plaintiffs do not dispute that they failed to produce the materials identified in their original disclosures when those disclosures were served. They do not dispute that their original disclosures failed Rule 26(a)(1)(A)(ii). They do not dispute that the underlying financial materials on which their claimed damages computation rests are still unproduced. And their supposed cure is not a cure at all: the supplemental disclosure repeats the same generic document categories, still provides no location, still does not produce the materials, misidentifies Plaintiffs' damages expert as "Josh Wright," and says only that Tyra's "supporting data are also described." (Doc. 109 at 1–3; Doc. 109-1 at 3–5).

Worse, Plaintiffs ask the Court to find Rule 26(a)(1)(A)(iii) satisfied based on a version of Tyra's report in which the operative financial figures are redacted. (Doc. 109-2 at 10–15). That position is untenable. Rule 26 requires disclosure of an actual computation and the evidentiary material on which it is based; it does not permit a party to rely on a black-box report while simultaneously reserving production of the underlying data for later—if at all. Fed. R. Civ. P. 26(a)(1)(A)(iii).

## ARGUMENT

### I.    PLAINTIFFS STILL DID NOT SATISFY RULE 26(A)(1)(A)(II).

Rule 26(a)(1)(A)(ii) required Plaintiffs, without awaiting discovery, to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things" they may use to support their claims. Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiffs did not do so in December, and they still have not done so now.

The original disclosure listed only broad categories such as "[o]nline postings attributed to Defendants," "[w]ebsite data, analytics, customer metrics, and financial records," and "[b]usiness and financial records relevant to damages," but disclosed no location for any such materials and produced none of them. (Doc. 33 at 3–4). The supplemental disclosure does not fix that problem. It repeats the same defective categories, again gives no location, and again produces nothing. (Doc. 109-1 at 4).

Plaintiffs' opposition does not address this defect at all. It focuses entirely on damages and Tyra's report. (Doc. 109 at 1–3.) But Defendants' first requested relief was explicit: an order "compelling Plaintiffs to produce a copy of all documents identified in their (Doc. 33) disclosure." (Doc. 104 at 5). Plaintiffs' delay and refusal to cooperate in discovery has already frustrated Defendants' ability to acquire the materials upon which Plaintiffs base their claim. To reward this behavior would be to grant Plaintiffs the windfall of a trial by surprise. They should be compelled to produce, as was requested in the Motion and ignored in the Response.

Plaintiffs' fallback promise of later production only confirms noncompliance. On April 13, Plaintiffs stated that, "to the extent [the referenced documents] have not already been produced," they expected to complete production by April 21. (Doc. 104-1 at 3). Their opposition repeats that point, stating they would produce the financial documents Tyra relied upon with their "forthcoming document production on April 21, 2026." (Doc. 109 at 2.) That is not a defense. Rule 26 required disclosure without awaiting a request months ago. Fed. R. Civ. P. 26(a)(1)(A)(ii). Courts applying Rule

26 reject generic statements of this kind. See *Boldstar Tech., LLC v. Home Depot U.S.A., Inc.*, No. 07-80435-CIV, 2008 WL 11320010, at *2 (S.D. Fla. Feb. 28, 2008).

The Court should therefore grant the first relief requested in the motion and compel Plaintiffs to provide copies of the documents they themselves identified in their Rule 26 disclosures. (Doc. 104 at 5).

## II.     PLAINTIFFS STILL DID NOT SATISFY RULE 26(A)(1)(A)(III).

Rule 26(a)(1)(A)(iii) required Plaintiffs to provide "a computation of each category of damages claimed" and to make available the documents or other evidentiary material on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiffs did neither.

Their original disclosure asserted only that damages exceeded $1,000,000 and listed a broad assortment of categories: lost revenue, lost customer and creator relationships, reputational harm, disgorgement, treble damages, attorneys' fees, costs, and other statutory relief. (Doc. 33 at 4). That was not a computation.

The supplemental disclosure still does not provide the arithmetic Rule 26 requires. It says only that Plaintiffs now have "two categories of damages, lost subscription revenue and lost profits," and that those damages "are detailed in the expert report of Jason Tyra." (Doc. 109-1 at 4.) But the disclosure itself contains no numbers, no formula, no time period, no breakdown, and no method. It also states only that Tyra's "supporting data are also described." (*Id.*) "Described" is not "made available for inspection and copying" as Rule 26 demands.

Plaintiffs' own papers confirm the supporting materials were still withheld. Their opposition states that they "would produce any financial documents relied upon

3

by Mr. Tyra" on April 21. (Doc. 109 at 2.) Mr. Foster likewise stated that Tyra relied on sales data and tax returns, but that the tax returns would be produced only after entry of a protective order. (Doc. 104-4 at 1). Then, on April 15, Plaintiffs stated they would "confirm whether" they could provide "the source data that Tyra relied upon to create appendices D and E." (Doc. 109-3 at 2.) That is fatal to their mootness theory. A party has not complied with Rule 26(a)(1)(A)(iii) when it still cannot say whether it can produce the source data underlying the claimed computation.

There is also an internal contradiction in Plaintiffs' own supplementation. The supplemental disclosure still identifies "Josh Wright" as "Plaintiffs' damages expert," even while the damages section relies on "the expert report of Jason Tyra." (Doc. 109-1 at 3–4.) Plaintiffs' opposition likewise says they retained Tyra as the damages expert. (Doc. 109 at 2.) That inconsistency underscores that Plaintiffs did not serve a careful, compliant supplementation; they served a defective one.

### III.   PLAINTIFFS' INVOCATION OF THE TYRA DEPOSITION UNDERMINES THEIR POSITION.

Plaintiffs also argue there is no prejudice because discovery remains open and the parties are "coordinating the deposition of Mr. Tyra." (Doc. 109 at 3). Five days earlier, the Court granted Defendants' motion to compel Tyra's deposition, and ordered that it "shall be completed on or before April 30, 2026," with the parties required to "cooperate fully." (Doc. 98 at 2–4.) The Court also warned that additional sanctions would follow continued noncompliance. (Doc. 98 at 4).

Yet Plaintiffs then offered deposition dates of April 16, 17, while simultaneously refusing to provide the underlying financial materials until April 21.

(Doc. 104-1 at 3; Doc. 109-3 at 2). In other words, Plaintiffs offered to produce the expert before producing the materials needed to examine him. Then, "conveniently," they claimed Tyra had "preexisting commitments" from April 21 through May 1 and proposed May 5–8 instead—dates outside the Court's April 30 deadline. (Doc. 109-3 at 2; Doc. 98 at 4).

Tyra's claimed unavailability—by the way—arose from a voluntary multi-day recreational firearms event in Arizona, which he was "unwilling" to step away from even for a remote deposition during that period.

## <u>CONCLUSION</u>

Plaintiffs' opposition confirms that the motion should be granted. Plaintiffs still have not complied with Rule 26(a)(1)(A)(ii). They still have not provided a compliant Rule 26(a)(1)(A)(iii) computation. They still have not made available the documents and source data on which their claimed damages rest. Defendants therefore respectfully request that the Court grant the motion, compel production of the documents identified in Plaintiffs' Rule 26 disclosures, require Plaintiffs to serve compliant amended damages disclosures and immediately produce all supporting materials, and award such other relief as the Court deems just.

Respectfully submitted,
DATED: April 16, 2026

5

/s/Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of
Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email:
Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Elik,*
*Stroke, Lettman, and Clark.*

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email:
zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Matthew*
*Larosiere.*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 16th day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581

7