UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS/MATTHEWMAN

DEFENSE DISTRIBUTED, et al.,

      Plaintiffs,

v.

JOHN ELIK, et al.,

      Defendants.

_____/

## ORDER FOLLOWING APRIL 17, 2026 DISCOVERY HEARING

THIS CAUSE is before the Court upon Plaintiffs' Motion to Compel Defendant Matthew Larosiere to Produce Documents and for Sanctions [DE 95], Defendant John Elik's Motion to Overrule Meritless Objections and Compel Plaintiffs' Complete Responses and Production to his First Requests for Production [DE 100], and Defendants' Motion to Compel Plaintiffs' Rule 26(a)(1) Disclosures [DE 104] (collectively "Motions"). The Court held an in-person hearing on the Motions on April 17, 2026. [DE 114]. The Court made certain oral rulings at the hearing and deferred certain rulings pending further conferral and discovery production. This Order is intended to memorialize and clarify those oral rulings.

Therefore, it is hereby **ORDERED** as follows:

1. In light of the constant discovery disputes in this case, and the impending May 14, 2026 discovery cutoff date, a further in-person discovery hearing shall be held on **May 5, 2026, at 11:00 a.m.**, in West Palm Beach Federal Courthouse, 701 Clematis St., West Palm Beach, FL 33401, Courtroom 5, Third Floor, before Chief Magistrate Judge William Matthewman. Counsel for the parties shall appear in person. No remote attendance shall

be permitted. Moreover, the parties shall confer further and by **May 1, 2026, at 5:00 p.m.**, the parties shall file a Joint Notice stating whether they have resolved all their discovery disputes, and if not, a brief statement of the remaining discovery issues and the parties' respective positions. The Court will consider canceling the hearing if the parties advise the Court that they have resolved all of their discovery disputes and request cancellation.

2. Regarding Plaintiffs' Motion to Compel [DE 95], the Motion is **DENIED WITHOUT PREJUDICE** given the parties' agreements and as discussed at the hearing. Plaintiffs may renew or address any issues in the parties' Joint Notice.

3. Regarding Defendant John Elik's Motion to Compel [DE 100], the Court enters the following confidentiality order: All discovery documents produced in this case shall be subject to this confidentiality order and cannot be posted or discussed online, or publicly disseminated, and can only be used for the purposes of this case. Before any document(s) labeled as "confidential" by any party is filed on the docket, counsel for the parties shall meet and confer in good faith to ascertain whether any party will seek to seal the document(s) and whether there is agreement or opposition. Any motion to seal must fully comply with the Southern District of Florida Local Rules. A confidential designation made by any party is not binding on the Court and does not necessarily mean that the document will be sealed by the Court. The parties are advised that any motion to seal is carefully considered by the Court on an individual basis and the bar for sealing a document(s) is quite high.

4. Plaintiffs shall produce all responsive documents as previously agreed and any documents that fall under Federal Rule of Civil Procedure 26(a)(1)(A)(ii) by **April 23, 2026**. This

includes all documents relied on by Expert Tyra in making his report. Plaintiffs shall also supplement their written discovery response to Defendant by the same deadline.

5. As to Defendant Elik's Requests for Production ("RFP") Nos. 61–63, based on the Walliman declaration [DE 107-1] and other factors, the Court finds that these RFPs are overbroad, unduly burdensome, and disproportional to the needs of this case. While Defendant claims that the Walliman declaration is untrustworthy, he provides no declaration or affidavit in rebuttal. Moreover, Defendant will receive responsive information under other RFPs that are more targeted. As to RFP No. 66, the Court limits this request to any documents that show that Plaintiffs provided personal identifying information to any "anti-gunner" groups outside of any documents produced pursuant to discovery requests in the "Everytown" lawsuit. Plaintiffs shall produce any responsive documents to RFP No. 66 by **April 24, 2026**.

6. Thus, Defendant John Elik's Motion to Compel [DE 100] is **GRANTED IN PART AND DENIED IN PART** as stated above.

7. Regarding Defendants' Motion to Compel Plaintiffs' Rule 26(a)(1) Disclosures [DE 104], the Motion is **DENIED WITHOUT PREJUDICE**. The Court finds that this Motion is now moot, and that Defendants are not prejudiced given Plaintiffs' supplemented disclosures and upcoming responsive document production. While Plaintiffs' first initial disclosures were insufficient, Defendants waited months to bring the insufficiency to Plaintiffs' attention, and Plaintiffs promptly acted to correct their disclosures.

8. All depositions, especially including the Tyra deposition, shall take place on the dates and times agreed upon by the parties during the April 17, 2026 hearing. The parties shall complete all depositions on or before May 14, 2026.

9.  Lastly, the Court reserves jurisdiction to impose cost-shifting and sanctions under Rule 37 on any party or counsel upon receipt of the parties' Joint Notice and any necessary further discovery rulings by the Court.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of April 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge