UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

*Plaintiffs,*

v.

JOHN ELIK, et al.,

*Defendants.*

_____/

## DEFENDANTS' MOTION TO SET A SEPARATE COUNTERCLAIM DISCOVERY AND TRIAL SCHEDULE, AND, IN THE ALTERNATIVE, FOR LEAVE NUNC PRO TUNC

1

Defendants John Elik, Matthew Larosiere, Alexander Holladay, Josh Kiel Stroke, John Lettman, and Zackary Clark move for an order modifying the scheduling order solely as to Defendants' counterclaims, leaving the existing schedule on Plaintiffs' claims intact, and setting a separate discovery schedule and trial setting for the counterclaims. In the alternative, and only if the Court concludes that Rule 16 leave was required before Defendants filed their counterclaims with their initial answer, Defendants request that the Court deem the counterclaims timely filed *nunc pro tunc*. Plaintiffs maintain that the counterclaims should be struck, but agree that, to the extent they are not, the schedule should be bifurcated. In support, Defendants state:

### **MEMORANDUM OF LAW**

**I.**     **THE COUNTERCLAIMS WERE TIMELY FILED IN DEFENDANTS' FIRST RESPONSIVE PLEADING, THEY ARE NOT AN UNTIMELY AMENDMENT.**

Rule 7(a) identifies an answer as a pleading. Rule 12(a)(4)(A) provides that, when a Rule 12 motion is denied, the responsive pleading must be served within 14 days after notice of the court's action unless the court sets a different time. Here, the Court denied Defendants' motions on April 6, 2026. (Doc. 90). The Court's order did not set a different deadline. Accordingly, Defendants' answer was due on April 20, 2026, and Defendants filed it timely. (Doc. 116).

Rule 13(a) and (b) then provide that compulsory and permissive counterclaims are asserted in a pleading. Rule 13(h) further provides that Rules 19 and 20 govern the addition of persons as parties to a counterclaim. Thus, the Rules themselves

2

contemplate that counterclaims, and any properly joined additional counterclaim defendants, are asserted in the responsive pleading when that pleading becomes due.

Defendants filed Rule 12 motions before any answer was due, awaited the Court's ruling, and then filed their first responsive pleading within the time allowed after denial. The counterclaims therefore should not be treated as though they were a later amended pleading filed outside the schedule.

This remains true even to the extent some counterclaims are permissive rather than compulsory. Rule 13(b) expressly provides that "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Nothing in the Rules required Defendants to omit such counterclaims from the first answer and then seek separate leave later.

The Supreme Court has cautioned against hypertechnical application of Rule 13 divorced from the Rule's purpose. In *Southern Construction Co. v. Pickard*, the Court rejected a mechanical reading of Rule 13(a) that would have forced a counterclaim into whichever case happened to receive the first responsive pleading, explaining that Rule 13 was designed to prevent multiplicity of actions and circuity of litigation, not to create traps through rigid formalism. 371 U.S. 57, 60–61 (1962). Treating Defendants' first timely answer as though it were a forbidden post-deadline amendment would elevate scheduling mechanics beyond the party's control over the structure of Rules 12 and 13 themselves.

Moreover, Plaintiffs' theory would create an untenable procedural trap. Rule 12 expressly permitted Defendants to test the complaint by pre-answer motion and

3

delayed the due date of the answer until after the Court ruled. Fed. R. Civ. P. 12(a)(4)(A), 12(b). Yet under Plaintiffs' view, Defendants should have filed an answer and counterclaims before the Court ruled on the motions to dismiss or risk losing the ability to include those counterclaims at all. That reading would force defendants into a Hobson's choice: either stand on their Rule 12 motions and risk forfeiting counterclaims that Rule 13 contemplates will be stated in the answer, or file an answer before the motion is decided and thereby undercut the very pre-answer motion practice Rule 12 authorizes, waiving the Rule 12(b)(2)-(5) defenses under Rule 12(h)(1).

Accordingly, because the counterclaims were asserted in Defendants' first responsive pleading when that pleading became due under Rule 12(a)(4)(A), they should be regarded as timely filed.

## II. ALTERNATIVELY, IF RULE 16 LEAVE WAS REQUIRED, GOOD CAUSE EXISTS TO MODIFY THE SCHEDULE AND DEEM THE COUNTERCLAIMS TIMELY FILED NUNC PRO TUNC.

The Eleventh Circuit holds that, once a scheduling-order deadline has passed, Rule 16's good-cause standard governs, and that good cause turns on diligence. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998). That standard is satisfied here. Defendants asserted the counterclaims at the first point when their responsive pleading became due.

There is also no unfair surprise warranting the drastic remedy of striking the counterclaims. The counterclaims arise from the same broader controversy, including the parties' competing platforms, related publications, alleged misattribution and infringement practices, and related litigation conduct. At minimum, any issue here

is one of case management, not forfeiture. Accordingly, if the Court concludes that leave should have been sought first, the proper course is to modify the schedule for good cause and deem the counterclaims timely filed nunc pro tunc as of April 20, 2026.

## CONCLUSION

Defendants respectfully request that the Court leave the existing schedule on Plaintiffs' claims intact and set a separate schedule for the counterclaims as follows: (a) Plaintiffs and the additional counterclaim defendants shall answer or otherwise respond to the counterclaims as provided by the Rules; (b) The parties shall confer under Rule 26(f) as to the counterclaims within 14 days after entry of the Court's order, or within 14 days of the appearance of any additional counterclaim Defendant; (c) Fact discovery directed to the counterclaims shall close 180 days after entry of the Court's order; (d) Expert discovery directed to the counterclaims, if any, shall close 210 days after entry of the Court's order; (e) Dispositive motions directed to the counterclaims shall be due 30 days after the close of counterclaim discovery; and (f) that the Court set a separate trial period for the counterclaims after resolution of dispositive motions, without disturbing the existing schedule on Plaintiffs' claims.

Respectfully submitted,
DATED:  April 27, 2026

/s/ Gary C. De Pury
Gary C. De Pury
Florida Bar No: 126588
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6404
Email: Gary@DePury.com
*Lead Counsel for Alex Holladay.*

/s/Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Elik, Stroke, Lettman, and Clark.*

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Matthew Larosiere.*

## Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that Defendants made reasonable, good-faith efforts to confer regarding the relief sought in this motion but were unable to resolve the issues without Court intervention.

In addition to substantive discussions over email, on April 27, 2026, I conferred telephonically with opposing counsel and discussed the matters raised in this motion. Unfortunately, we were unable to resolve this without court intervention, as Plaintiffs maintain the counterclaims must be struck. However, Plaintiffs agree that, to the extent any counterclaims are not struck, the schedule should be bifurcated.

Respectfully submitted,

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 27th day of April, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581

8