UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS/MATTHEWMAN

DEFENSE DISTRIBUTED, et al.,

    Plaintiffs,

v.

JOHN ELIK, et al.,

    Defendants.

_____/

## ORDER AWARDING ATTORNEYS' FEES
## AGAINST PLAINTIFFS AND THEIR COUNSEL

THIS CAUSE is before the Court upon the Fee Declaration of Attorney Matthew Larosiere in Response to this Court's (Doc. 98) Order [DE 111], the Fee Declaration of Attorney Gary De Pury in Response to this Court's (Doc. 98) Order [DE 112], and the Fee Declaration of Attorney Zachary Z. Zermay in Response to this Court's (Doc. 98) Order [DE 113]. Plaintiffs did not file any timely objections. *See* DE 98. This matter was referred to the Undersigned by the Honorable Donald M. Middlebrooks, United States District Judge. [DE 76]. The Court has carefully reviewed the filings and the Court's prior Orders, as well as the entire docket in this case.

## I.    BACKGROUND

On April 10, 2026, the Court entered its Order Granting Defendants' Motion to Compel Plaintiffs to Produce Their Expert Jason Tyra for Deposition [DE 88] and Imposing Sanctions Against Plaintiffs and Their Counsel [DE 98]. In that Order, the Court held as follows:

> The Court finds that sanctions and cost-shifting against Plaintiffs and their counsel under Rule 37(a)(5)(A), Rule 26, the Local Rules for the Southern District of Florida, and this Court's Order Setting Discovery Procedure [DE 85], are warranted because (1) Defendants' Motion has been granted; (2) Plaintiffs' position is meritless and frivolous; (3) there has been a total failure by Plaintiffs and their

counsel to cooperate in good faith as required by this Court's orders and rules; (4) Plaintiffs and their counsel failed to produce Mr. Tyra for deposition on a mutually agreeable date; and (5) the concomitant waste of the time of opposing counsel and this Court caused by Plaintiffs and their counsels' improper behavior. Thus, Defendants are entitled to reasonable expenses, including attorneys' fees and costs, incurred in (1) efforts made by Defendants' counsel to confer with Plaintiffs' counsel about Mr. Tyra's deposition; (2) the research, drafting, and filing of the Motion; (3) review of Plaintiffs' response; and (4) the drafting, researching, and filing of Defendants' reply. The reasonable expenses, including reasonable costs and attorneys' fees incurred by Defendants, shall be assessed against Plaintiffs and their counsel, Howard Foster and Brendan Everman.

[DE 98 at 3].

Defendants John Elik, Josh Stroke, John Lettman, and Zackary Clark seek a total of $4,275 in attorney's fees for 9.5 hours billed at $450 per hour. [DE 111 at 1–2]. Defendant Alexander Holladay seeks $2,070 in attorney's fees for 4.6 hours billed at $450 per hour. [DE 112 at 1–2]. Defendant Matthew Larosiere seeks $4,071 in attorney's fees for 6.9 hours billed at $590 per hour. [DE 113 at 1–2].

## II.   LEGAL STANDARD

A reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of

2

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted). However, the Court may also use its own experience in assessing the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman*, 836 F.2d at 1299)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated that

> [t]he "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (citations omitted).

168 F.3d at 427.

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for

3

them. *See id.* (quoting *Norman*, 836 F.2d at 1301). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## III.  DISCUSSION

### A. Reasonable Hourly Rate

First, the Court must determine if counsels' hourly rates are reasonable. Attorney Matthew Larosiere, representing John Elik, Josh Stroke, John Lettman, and Zackary Clark, seeks $450 per hour. [DE 111 at 1]. Attorney Gary De Pury, representing Defendant Alexander Holladay, seeks $450 per hour. [DE 112 at 1]. Attorney Zachary Z. Zermay, representing Defendant Matthew Larosiere, seeks $590 per hour. [DE 113 at 1].

Having considered the information contained in the papers and the *Johnson* factors and in view of the Court's own knowledge and experience, and considering Plaintiffs' lack of objection, the Court finds that the requested hourly rates are reasonable. *See Pharma Funding, LLC v. FLTX Holdings, LLC*, No. 20-21103-CIV, 2021 WL 1166051, at *15 (S.D. Fla. Mar. 8, 2021), *report and recommendation adopted*, No. 20-21103-CIV, 2021 WL 1165420 (S.D. Fla. Mar. 26, 2021) ("South Florida attorney hourly rates seem to be a solid group with a large percentage in the $200-$300 range, a second tier of $450-to $500-an-hour attorneys and a handful in the $600 range.") (citation omitted).

## B. Number of Hours Reasonably Expended

Next, the Court must determine whether the hours billed were reasonable. Attorney Matthew Larosiere, representing John Elik, Josh Stroke, John Lettman, and Zackary Clark, billed 9.5 hours for conferring with opposing counsel, conducting legal research, drafting the pertinent motion and reply, filing the relevant motion and reply, and reviewing Plaintiffs' relevant response. [DE 111 at 2]. Attorney Gary De Pury, representing Defendant Alexander Holladay, billed 4.6 hours for conferring with opposing counsel, conducting legal research, aiding Mr. Larosiere in drafting the motion and reply, and reviewing Plaintiffs' response. [DE 112 at 2]. Attorney Zachary Z. Zermay, representing Defendant Matthew Larosiere, billed 6.9 hours for conferring with opposing counsel, conducting legal research, aiding in drafting the motion and reply, and reviewing Plaintiffs' response. [DE 113 at 2].

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017). Here, the Court will make one deduction, noting Plaintiffs' lack of objection, and will not award fees for the time Mr. Larosiere billed for filing the motion and reply. *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them."). Therefore, the Court will reduce the total hours spent by Mr. Larosiere by 0.4 hours, making the reasonable number of hours billed by Mr. Larosiere 9.1 hours. Thus, the total awards are $4,095 for Attorney Matthew Larosiere,

representing Defendants John Elik, Josh Stroke, John Lettman, and Zackary Clark; $2,070 for Attorney Gary De Pury, representing Defendant Alexander Holladay; and $4,071 for Attorney Zachary Z. Zermay, representing Defendant Matthew Larosiere.

### IV.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The requested amounts of attorneys' fees [DEs 111, 112, 113] are **GRANTED IN PART AND DENIED IN PART** as stated in this Order.

2. Plaintiffs and their counsel, Howard Foster and Brendan Everman, are hereby **ORDERED** to pay Defendants John Elik, Josh Stroke, John Lettman, and Zackary Clark $4,095; Defendant Alexander Holladay $2,070; and Defendant Matthew Larosiere $4,071.

3. Plaintiff is **ORDERED** to make such payment to Defendants' respective counsel on or before **May 11, 2026**. The payment shall be made to the trust account of the respective Defendants' counsel. If payment is not timely made by Plaintiffs and their counsel, Defendants may move for entry of judgment or other applicable relief.

4. The Court once again ORDERS all parties and counsel in this case to cooperate during the discovery process and to act professionally and courteously to one another.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of April 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge