**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

     Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
          Defendants.

_____/

**PLAINTIFFS' COMBINED: (1) MOTION TO STRIKE COUNTERCLAIMS;**
**AND (2) OPPOSITION TO DEFENDANTS' MOTION TO SET A SEPARATE**
**COUNTERCLAIM DISCOVERY AND TRIAL SCHEDULE**

Plaintiffs respectfully request that the Court: (1) strike Defendants' Counterclaims (Doc.

116); and (2) deny Defendants' Motion to Set a Separate Counterclaim Discovery and Trial

Schedule ("Bifurcation Motion") (Doc. 119).

**INTRODUCTION**

The Court should strike Defendants' sprawling Counterclaims because they are untimely

and were filed without the Court's consent.  The Counterclaims substantially expand the scope of

this case by adding six new parties and asserting 14 individual and putative class action claims that

do **not** arise out of the same operative facts as Plaintiffs' claims.  None of the Counterclaim parties

reside in this District, and the Court would have to apply the laws of at least four other states

(Arizona, Illinois, Texas, and Pennsylvania) to resolve the Counterclaims.

Defendants decided to file the Counterclaims "months ago" but did not advise Plaintiffs of their intentions because they believed they "[didn't] have to" and wanted "to be mean."  Ex. 1, Elik Depo. at 252:22-253:3.  In fact, the Court's Scheduling Order imposed a deadline of January 22, 2026, to join parties and amend pleadings.  When Plaintiffs advised Defendants that their Counterclaims violate the Scheduling Order, Defendants belatedly filed the Bifurcation Motion seeking the Court's retroactive consent.

The Counterclaims should be stricken, and the Bifurcation Motion should be denied, because the Counterclaims are not compulsory and would prejudice Plaintiffs.  Trial is scheduled to begin in less than three months, and it is too late to serve new written discovery requests.  Accordingly, the Court should strike the Counterclaims so that Defendants can refile those claims (if at all) in the appropriate courts across the country.

## BACKGROUND

**A.     The Court's Scheduling Order Imposes a January 22, 2026 Deadline to Join Parties and Amend Pleadings.**

Plaintiffs filed this action on September 25, 2025.  Doc. 1.  On December 16, 2025, the Court entered a Scheduling Order (Doc. 36) establishing the following deadlines:

| Date | Deadline |
| --- | --- |
| January 22, 2026 | Joinder of Additional Parties and Amend Pleadings |
| May 14, 2026 | All discovery shall be completed |
| July 27, 2026 | Beginning of trial period |

After obtaining leave of Court, plaintiffs filed the operative Second Amended Complaint on February 6, 2026.  Docs. 48, 49.  The Second Amended Complaint asserts three causes of action against defendants for conspiracy to violate RICO, violation of the Lanham Act, and tortious interference.  The claims arise from defendants' conspiracy to make false statements of fact

regarding Plaintiffs' business in order to steer customers to defendants' rival business.  The Court denied Defendants' motion to dismiss the Second Amended Complaint on April 6, 2026.  Doc. 90.

**B.      The Counterclaims Belatedly and Substantially Expand the Scope of This Case.**

Defendants filed an Answer and Counterclaims on April 20, 2026.  Doc. 116.  The Counterclaims span 113 pages and consist of 623 numbered paragraphs.  The Counterclaims assert 14 counts against the three Plaintiffs and six new parties (three of whom are attorneys).  The Counterclaims include 13 individual claims and one putative class claim.

The Counterclaims allege, among other things, that counterdefendants committed copyright infringement, falsely represented that defendants own and operate a business referred to as "The Gatalog," published defendant's private bank account details online, improperly used defendant's name and likeness, sent commercial email solicitations to non-customers in violation of a Texas consumer protection statute, and wrongfully instituted civil proceedings against defendants in the United States District Court for the Middle District of Florida:

| Count | Counter-plaintiff(s) | Counterdefendant(s) | Cause of Action | Governing Law |
|---|---|---|---|---|
| 1 | Elik | DEFCAD, DDF, DD, Wilson, Odom, Walliman | Copyright Infringement | Federal |
| 2 | Holladay | DEFCAD, DDF, DD, Wilson, Odom, Walliman | Copyright Infringement | Federal |
| 3 | Elik | Wilson, DEFCAD, DDF, DD | False Designation of Origin | Federal |
| 4 | Holladay | Wilson, DEFCAD, DDF, DD | False Designation of Origin | Federal |
| 5 | Stroke | Wilson, DEFCAD, DDF, DD, Odom, Walliman | False Designation of Origin | Federal |
| 6 | Elik | DEFCAD, DDF, DD, Wilson, Odom, Walliman | Violation of Illinois Right of Publicity | Illinois |
| 7 | Elik | Wilson, DEFCAD, DDF, DD | Public Disclosure of Private Facts | Illinois |

| 8 | Holladay | Wilson, DEFCAD, DDF, DD | Unauthorized Publication of Name or Likeness | Florida |
|---|---|---|---|---|
| 9 | Elik, Stroke, Lettman, Holladay (as putative class representatives) | DD, DEFCAD | Violation of Texas Business and Commerce Code | Texas |
| 10 | Stroke | DD, DEFCAD, Wilson, Reynal, Flores, and Gingras | Wrongful Institution of Civil Proceedings | Arizona |
| 11 | Stroke | DD, DEFCAD, Wilson, Walliman | Abuse of Process | Arizona |
| 12 | Stroke | DD, DEFCAD, Wilson, Reynal, Flores, and Gingras | Wrongful Institution of Civil Proceedings | Arizona |
| 13 | Stroke | DD, DEFCAD, Wilson | Intentional Infliction of Emotional Distress | Arizona |
| 14 | Lettman | DD, DEFCAD, Wilson, Reynal, Flores, and Gingras | Wrongful Use of Civil Proceedings | Pennsylvania |

## C.     Defendants Refuse to Withdraw the Counterclaims.

One day after Defendants filed the Counterclaims, Plaintiffs sought to meet and confer with Defendants about the belated filing of the Counterclaim without leave of Court.  During the conferral process, Defendants conceded that the Counterclaims could not proceed in accordance with the Scheduling Order but maintained that the Counterclaims should be bifurcated, not stricken.   After conferring, Defendants filed the Bifurcation Motion, and Plaintiffs now file this combined motion to strike and opposition to the Bifurcation Motion.

## ARGUMENT

## A.     The Counterclaims Should Be Stricken.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418

(11th Cir. 1998).[1]  "If a party files an amended pleading outside the court's deadline and fails to properly seek leave to file the amended pleading, the court should strike the pleading."  *Etkin & Co., Inc. v. SBD, LLC*, No. 11-cv-21321, 2015 WL 11726454, at \*4 (S.D. Fla. Sept. 1, 2015) (citing *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-cv-23257, 2012 WL 5410948, at \*3 (S.D. Fla. Nov. 6, 2012)).

Here, the Counterclaims should be stricken because they were belatedly filed without the Court's consent.  In their Bifurcation Motion, Defendants contend that they timely filed the Counterclaims with their first responsive pleading after their motion to dismiss was denied on April 6, 2026.  *See* Doc. 119 at 2-3.  But if Defendants had been diligent, they could have asserted the Counterclaims before January 22, 2026.  Indeed, Defendants knew that they would file the Counterclaims "months ago."  Ex. 1, Elik Depo. at 252:22-253:3.  Defendants did not advise Plaintiffs of their intentions because they wanted "to be mean."  Ex. 1, Elik Depo. at 252:22-253:3.  In particular, defendant Elik testified that he has long planned to file the Counterclaims for retaliatory reasons because he thought it would be funny.  *See id.* at 253:21-254:5 (Q:  So you had that idea in your head way back when, when this lawsuit was first filed, right?  A: Like, that would be so funny. Like, if you want to stick your foot in a bear trap and it bites your whole leg off, it's funny, right? It's like a cartoon.").

To the extent that Defendants wanted to preserve the right to bring the Counterclaims in this case, Defendants could have sought relief from the Court before January 22, 2026.  Instead, Defendants let the Court's deadline pass, apparently for strategic reasons.  By the time Defendants

---

[1] "If [a] party was not diligent, the [good cause] inquiry should end."  *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

eventually filed the Counterclaims on April 20, 2026, it was too late for the Counterclaims to proceed under the Scheduling Order.

Defendants cannot ask the Court to retroactively grant leave to file the Counterclaims. *See Etkin*, 2015 WL 11726454, at *5 (rejecting request for leave to amend because the Federal Rules of Civil Procedure and Southern District of Florida Local Rules "do not permit a party to file an untimely amended pleading, wait for objection, and then request leave"). And at least one Court in this District has rejected a defendant's attempt to add new parties in a counterclaim filed outside the Court's deadline to join parties. *See Suchite v. Kleppin*, No. 10-cv-21166, 2011 WL 1814665, at *2 (S.D. Fla. Apr. 29, 2011) (dismissing new parties identified in counterclaim because the deadline for adding new parties had already expired and defendants did not seek leave of Court).

The Court should strike, not bifurcate, the Counterclaims because they are not compulsory and would substantially expand the scope of the litigation. As noted above, the Counterclaims do not arise out of the same operative facts as Plaintiffs' claims, which concern Defendants' false statements about Plaintiffs' business. The Counterclaims would also add six new parties (who are named as counterdefendants in 13 of the 14 counts) and require the Court to apply at least four other states' laws. Moreover, it appears that personal jurisdiction and venue are lacking given that ***none*** of the five counter plaintiffs or nine counterdefendants reside in this District.[2] Accordingly, the Court should decline to entertain the expansive Counterclaims even if there were timely filed (which they were not). *See Commerce Ins. Co. v. Commerce Bancorp, Inc.*, No. 06-cv-10326, 2007 WL 7309742, at *5 (D. Mass. June 1, 2007) (recommending dismissal of permissive

---

[2] The Counterclaims allege that only one party, Holladay, resides in Florida (in Orange County). *See* Countercl. ¶ 15. Plaintiffs are Texas corporations/companies. *See* Sec. Am. Compl. ¶¶ 1-3.

counterclaims because they would add four new parties, substantially expand the scope of the litigation, necessitate a new discovery schedule, and delay trial).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) strike the Counterclaims; (2) deny the Bifurcation Motion as moot; and (3) grant any other relief to Plaintiffs that it deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Plaintiffs' counsel certify that they have conferred in good faith with Defendants' counsel (via email between April 21-27 and during a phone call on April 27) and that Defendants oppose the relief requested in this motion.

Dated:  April 29, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*