# EXHIBIT 1

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

DEFENSE DISTRIBUTED, a )
Texas corporation; DD )
FOUNDATION, LLC, a Texas )
limited liability company; )
and DEFCAD, INC., a Texas )
corporation, )
)
        Plaintiffs, )
)
   v.                                 ) No. 9:25-cv-81197
)  Middlebrooks/
JOHN ELIK, individually; )  Matthewman
MATTHEW LAROSIERE, )
individually; ALEXANDER )
HOLLADAY, individually; )
PETER CELENTANO, )
individually; JOSH KIEL )
STROKE, individually; and )
JOHN LETTMAN, individually; )
and ZACKARY CLARK, )
individually, )
)
        Defendants. )

DISCOVERY DEPOSITION OF

JOHN ELIK

April 21, 2026

Volume I

Stenographically Reported by:
ANDREW R. PITTS, CSR, RPR

Page 2

April 21, 2026

9:05 a.m. Central Time

The discovery deposition of JOHN ELIK, pursuant to Notice, pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of remote videoconference depositions before Andrew R. Pitts, Certified Shorthand Reporter, Registered Professional Reporter.

Page 3

A P P E A R A N C E S:

ATTORNEY FOR PLAINTIFFS:

FOSTER PC
HOWARD FOSTER, Esquire
155 North Wacker Drive
Suite 4250
Chicago, Illinois   60606
312-726-1600
hfoster@fosterpc.com

ATTORNEY FOR DEFENDANTS:

ZERMAY LAW GROUP
MATTHEW MICHAEL LAROSIERE, Esquire
ZACHARY ZERMAY, Esquire
6964 Houlton Circle
Lake Worth, Florida   33467-8744
561-452-7575
larosieremm@gmail.com

ALSO PRESENT:

BAILEY FINNESTAD, concierge and exhibit sharing;

JOHN P. LETTMAN, Defendant.

Page 4

                    I N D E X

JOHN ELIK                           EXAMINATION

        BY MR. FOSTER                        5

        BY MR. LAROSIERE                    315


                  E X H I B I T S

FOSTER              DESCRIPTION                    PAGE

Exhibit 1    Litigation hold letter               70

Exhibit 2    Response packet                     141

Exhibit 3    Navi of Boomhandia message          142

Exhibit 4    5/15/23 message                     167

Exhibit 5    1/14/23 message                     172

Exhibit 6    5/15/23 message at 8:34 a.m.        185

Exhibit 7    5/8/24 message                      196

Exhibit 8    2/28/24 message                     209

Exhibit 9    2/22/24 message                     213

Exhibit 10   August 2022 messages from Ivan      227

Exhibit 11   FEDCAD meme                         254

Exhibit 12   Meet The Team meme                  280

Exhibit 13   5/15/23 messages at 8:01 a.m.       291

Exhibit 14   Plastikov advertisement            299

Page 5

(Whereupon, the following proceedings were held via videoconference.)

(Whereupon, the witness was administered an oath.)

JOHN ELIK, called as a witness herein, having been first administered an oath, was examined and testified remotely via videoconference as follows:

EXAMINATION

BY MR. FOSTER:

Q.   Okay.  So we are on the record.  It is 9:05 a.m. Central time, and this is the deposition of John Elik.

Do you pronounce it "Elik" or "Eelik"?

A.   "Elik," that's correct, you got it.  That's rare.

Q.   John "Elik," under the Rules of the Federal Civil Procedure.  Mr. Elik is driving in his car, but he's got a --

A.   I think I'm driving.  Oh, hands free.

Q.   Hands-free driving, oh.

A.   I'm not driving.

Q.   All right.  Okay.  So let's begin.

Mr. Elik, what is your date of birth,

Page 252

Q.   Okay.  Well, when did you decide to bring this counterclaim?

A.   Geez, I guess it seemed opportune to me.  I guess you -- when did I?  I don't know if this breaches attorney-client privilege stuff, but when did I --

Q.   No, I'm not asking for the communication.

When did you decide to bring your counterclaim?

A.   Months ago probably, months ago. I decided that probably in the motion to dismiss gets denied, this case to going to get interesting as a result of counterclaims being brought.

Q.   Okay.  So months ago.

A.   Right?  Because, I mean, your client has committed a lot of legal wrongs against me, and I have a right to have those claims be heard.  And if he chooses this venue to sue me if, so be it.

Q.   Okay.  Do you know why you didn't, either you or your lawyer didn't tell us of your intention to bring a counterclaim until yesterday?

Page 253

A.   Sorry, my gut reaction is to be mean. I'm sorry, that's wrong of me.  Because we don't have to.

Q.   Well, at the beginning of a lawsuit, there is what we call a scheduling conference. Both parties are to talk about what they want, so the plans for the litigation, and there was no discussion of a counterclaim at that point.

A.   Yeah, because this lawsuit is baseless, and I can't read tea leaves, right? Middlebrooks has his reason for denying it.  He put it in the motion to dismiss, right, his order denying the motion to dismiss?  He's got his reasons and his justifications for doing that, but --

Q.   Yeah.

A.   -- you know, my thought in the back of my head was always if we're locked in here with him, it's actually that he's locked in here with us, your client that is.

Q.   Right.  So you had that idea in your head way back when, when this lawsuit was first filed, right?

A.   I'm not a legal savant, but yeah, like, me personally, me the individual?

Page 254

Q.   Yeah.

A.   Like, that would be so funny.  Like, if you want to stick your foot in a bear trap and it bites your whole leg off, it's funny, right?  It's like a cartoon.

MR. FOSTER:  Okay.  Let's look at the next exhibit, okay?  FEDCAD meme, please.

MS. FINNESTAD:  Please stand by.  This will be Exhibit 11.

(Whereupon, Elik Exhibit 11 was presented.)

BY MR. FOSTER:

Q.   Just tell me when you've got it.

A.   I got it.

Q.   All right.  No. 11, have you seen this before, Mr. Elik?

A.   I have.

Q.   Where have you seen this?

A.   In the complaint.

Q.   You've seen it in the complaint.  Is that the first time you saw it?

A.   It's the first time I can be dead certain I saw it.  How about that?

Q.   Well, I think you've seen it before that.