UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

*Plaintiffs*,

v.

JOHN ELIK, et al.,

*Defendants*.

_____/

## JOINT NOTICE OF OUTSTANDING DISCOVERY DISPUTES IN COMPLIANCE WITH (Doc. 115)

Defendants John Elik, Matthew Larosiere, Alexander Holladay, Josh Kiel Stroke, John Lettman, and Zackary Clark; and Plaintiffs Defense Distributed, DD Foundation, and Defcad, Inc., hereby advise the court, pursuant to its April 20, 2026 order, of the outstanding discovery disputes between the parties:

### I.   DEFENDANTS' DISPUTES.

Defendants contend that several discovery disputes remain unresolved and require Court intervention.

First, Plaintiffs' April 23 production was not organized or labeled to correspond to the requests for production, and was not produced as kept in the usual course of business. The production consisted of a unitary repository of Bates-stamped, confidentiality-designated documents stripped of metadata, including documents apparently created solely to state that no responsive documents exist. Defendants therefore request that Plaintiffs be required to provide a production chart or

1

equivalent identification showing which documents respond to which requests, and identifying the requests for which Plaintiffs contend no responsive documents exist.

**<u>Plaintiffs' Position</u>**:   Plaintiffs maintain that their document production complies with Rule 34(b)(2)(E)(ii) because it consists entirely of electronically stored information produced in a form in which it is ordinarily maintained or in a readily usable form.  Plaintiffs contend that it would be incredibly burdensome to prepare a production chart matching hundreds of document requests to thousands of documents produced in this case.  Plaintiffs deny stripping any metadata from their document production.   Although they are not required to do so (*see* Fed. R. Civ. P. 34(b)(2)(E)(iii)), Plaintiff  have offered to reproduce documents in an alternative form (specifically an e-discovery load file) that would allow defendants to view additional metadata *if* defendants have access to a document review platform that could ingest .dat files, but defendants do not have access to such a  platform.  Plaintiffs have agreed to identify the requests for which they were unable to locate any responsive documents and to serve a certificate of completion once they finish supplementing their document production.

Second, Defendants contend that unresolved issues remain regarding Plaintiffs' expert report. Plaintiffs have produced five materially different versions of Mr. Tyra's report, and, following Mr. Tyra's deposition, Plaintiffs have asserted work-product claims over several of these versions which were the subject of Mr. Tyra's testimony. Notably, Plaintiffs only took the position after Mr. Tyra testified that there was a single version of the report, and testified that his report contained certain

2

statements—including that the meme could have *increased* Plaintiffs' sales—was included in his report, and that its exclusion must have been because someone altered his report. Mr. Tyra's later contradictory testimony that there may have been draft versions was only after Plaintiffs' counsel Mr. Foster conferred with the deponent during a break. Defendants contend this creates a material issue as to whether a report was timely served and whether Plaintiffs may rely on the later-produced version, as well as whether the reports were interfered with.

**<u>Plaintiffs' Position</u>**:  Plaintiffs deny producing five materially different versions of Mr. Tyra's report and deny that anyone "interfered with" Mr. Tyra's report.  Plaintiffs timely served an unsigned version of Mr. Tyra's report on February 19, 2026, and then served a signed version of Mr. Tyra's report on February 20, 2026. Plaintiffs also publicly filed a redacted copy of Mr. Tyra's signed report on April 15, 2026.  *See* Doc. 109-2.

During discovery, Plaintiffs inadvertently produced two unsigned *drafts* of Mr. Tyra's report.  When the issue was brought to Plaintiffs' attention during Mr. Tyra's deposition on April 28, 2026, Plaintiffs promptly notified Defendants that the production was inadvertent and that the draft reports are protected from disclosure pursuant to the work-product doctrine.  *See* Fed. R. Civ. P.  26(b)(3)(A); Fed. R. Civ. P.  26(b)(4)(B); 2010 Adv. Committee Notes ("***Rule 26(b)(4)(B) is added to provide work-product protection under Rule 26(b)(3)(A) and (B) for drafts of expert reports or disclosures***.") (emphasis added).  Plaintiffs also "clawed back" the draft reports pursuant to Rule 26(b)(5)(B).

Third, Defendants contend Plaintiffs' production appears facially incomplete because Plaintiffs produced essentially no texts, Signal messages, Slack messages, internal chats, or comparable internal communications responsive to numerous requests. This includes requests concerning Plaintiffs' alleged profit sharing, communications with "JG," Plaintiffs' own publication and editing of the meme, alleged damages and lost customers, background checks and collection of customer identifying information, Plaintiffs' blog posts, materials concerning alleged competition with Defendants, Plaintiffs' publication of private banking information, and communications with anti-gun groups. Defendants contend they have evidence from prior productions and known materials that responsive communications exist and were not produced. The parties conferred and are continuing to attempt to resolve this issue.

**<u>Plaintiffs' Position</u>**:  Plaintiffs deny that they: (i) have failed to conduct a reasonable search for responsive documents; or (ii) are intentionally withholding responsive documents.  For most categories of documents, Plaintiffs have confirmed and reconfirmed that they already produced all responsive documents.  *See* RFPs 19, 22, 23, 24, 28, 29, 31, 34, 35, 36, 52, 53, 60, and 66.  For certain requests, Plaintiffs have agreed to supplement their production.  *See* RFPs 5, 50, 56.

Fourth, Defendants contend Plaintiffs' GitHub/source-code related productions remain deficient. Plaintiffs produced screenshots rather than the requested textual representations, failed to provide requested authorship and role information, failed to identify ownership information for the GitHub organization, and omitted at least

one specifically requested commit previously produced in related litigation. The parties conferred on and are attempting to resolve this matter.

**<u>Plaintiffs' Position</u>**:  Plaintiffs have agreed to supplement their production for RFP 56 (request for ownership information) and to produce documents showing the "author" for each produced commit.  Plaintiffs have produced all electronically stored information in a readily usable form in compliance with Rule 34(b)(2)(E)(ii), and the referenced screenshots are "textual representations" of Plaintiffs' requested software code.  Plaintiffs deny that have failed to produce a specifically requested commit and believe that Defendants could not locate the referenced commit because they had a typo in their keyword search.  Also, the documents produced by Plaintiffs do, in fact, show the requested role information (i.e., "owner" or "member").  Some documents do not show roles because the users were "outside collaborators" and do not have a role in the Defdist organization.  Plaintiffs cannot produce documents that do not exist.

Finally, the parties have identified issues with speaking objections at depositions in this case. The parties request an order directing the parties' attorneys defending depositions, in all further depositions, when objecting, not to state more than "objection," followed by the grounds, in 3 words or less, unless invited by the attorney taking the deposition to explain the objection.

Respectfully submitted,
DATED:  May 1, 2026

| /s/ Gary C. De Pury | /s/ Matthew Larosiere | /s/ Zachary Z. Zermay |
|---|---|---|
| Gary C. De Pury | Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Florida Bar No: 126588 | Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| Law Offices of Gary De Pury, P.A. | The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 21035 Leonard Road | 6964 Houlton Circle | 3000 Coral Way Ste 1115 |
| Lutz, Florida 33558 | Lake Worth, FL 33467 | Coral Gables, FL 33145 |
| Tel: (813) 607-6404 | Email: | Email: |
| Email: | Larosieremm@gmail.com | zach@zermaylaw.com |
| Gary@DePury.com | Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| *Lead Counsel for Alex Holladay.* | *Lead Counsel for Elik, Stroke, Lettman, and Clark.* | *Lead Counsel for Matthew Larosiere.* |

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com
*Attorneys for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 1st day of May, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Brendan Everman*

Brendan Everman

Fla. Bar № 68702