**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
          Defendants.

_____/

**PLAINTIFFS' MOTION FOR EXTENSION OF
TIME TO RESPOND TO COUNTERCLAIMS**

Plaintiffs respectfully request that the Court extend their deadline to respond to the

Counterclaims (Doc. 116) until: (i) 20 days after the Court rules on their pending Motion to Strike

(Doc. 124) and all "Counterdefendants" are served; or, alternatively (ii) May 27, 2026.

1. Pursuant to the Court's Scheduling Order, the deadline to join additional parties

and amend pleadings was January 22, 2026. *See* Doc. 36.

2. Defendants filed an Answer and Counterclaims on April 20, 2026. Doc. 116.

3. On April 30, 2026, Plaintiffs moved to strike the Counterclaims because they are

untimely and would substantially expand the scope of the case by adding six new parties and

asserting 14 individual and class action claims that do *not* arise out of the same operative facts as

Plaintiffs' claims. *See* Doc. 124.

4.      Currently, Plaintiffs' deadline to respond to the Counterclaims is May 11, 2026, *see* Fed. R. Civ. P. 12(a)(1)(B), and Defendants' deadline to respond to Plaintiffs' Motion to Strike Counterclaims is May 14, 2026, *see* Doc. 124, Docket Text.

5.      The four Counterplaintiffs each reside in different states (Illinois, Arizona, Pennsylvania, and Florida), and the three Plaintiffs are Texas corporations/companies.  *See* Countercl. ¶ 15; Sec. Am. Compl. ¶¶ 1-3.  If the Court grants Plaintiffs' Motion to Strike Counterclaims, Counterplaintiffs would have to refile their 14 claims against Plaintiffs (if at all) in various courts across the country, and Plaintiffs' response to the Counterclaims (particularly any jurisdictional and venue defenses) may be rendered moot.

6.      Additionally, if Plaintiffs are required to respond to the Counterclaims before the six new "Counterdefendants" are served, the Court may have to decide several different motions to dismiss the Counterclaims.

7.      It would conserve party and judicial resources to extend Plaintiffs' deadline to respond to the Counterclaims until after the Court rules on Plaintiffs' Motion to Strike Counterclaims and all Counterdefendants are served because it would allow Plaintiffs and the six new "Counterdefendants" to file one consolidated motion to dismiss the Counterclaims.

8.      Accordingly, Plaintiffs respectfully request that the Court extend their deadline to respond to the Counterclaims until 20 days after the Court rules on the Motion to Strike Counterclaims and (if the Court denies that motion) all Counterdefendants are served.[1]

9.      Alternatively, if the Court is not inclined to grant this extension, Plaintiffs respectfully request a 16-day extension, until May 27, 2026, to respond to the Counterclaims.  This

---

[1] If the Court grants Plaintiffs' Motion to Strike Counterclaims, no response to the Counterclaims will be necessary.

extension is requested because: (i) Plaintiffs' are busy completing discovery on their affirmative claims before the May 14, 2026 discovery cutoff; and (ii) undersigned counsel has a pre-planned family vacation the week of May 18, 2026.

**WHEREFORE**, Plaintiffs respectfully request that the Court extend Plaintiffs' deadline to respond to the Counterclaims until: (i) 20 days after the Court rules on their pending Motion to Strike Counterclaims (Doc. 124) and all Counterdefendants are served; or, alternatively (ii) May 27, 2026.   Plaintiffs also request any other relief that the Court deems proper under the circumstances.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Plaintiffs' undersigned counsel certifies that the parties have conferred in good faith and that: (i) all Defendants *oppose* Plaintiffs' request for an extension until 20 days after the Court rules on their pending Motion to Strike Counterclaims (Doc. 124) and all Counterdefendants are served; (ii) Defendants Elik, Larosiere, Stroke, Lettman, and Clark do *not* oppose Plaintiffs' alternative request a 16-day extension, until May 27, 2026, to respond to the Counterclaims; and (iii) Defendant Holladay *opposes* Plaintiffs' alternative request a 16-day extension, until May 27, 2026, to respond to the Counterclaims.

Dated:  May 5, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*