UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

*Plaintiffs,*

v.

JOHN ELIK, et al.,

*Defendants.*

_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET A SEPARATE
COUNTERCLAIM DISCOVERY AND TRIAL SCHEDULE, AND, IN THE
ALTERNATIVE, FOR LEAVE NUNC PRO TUNC**

Plaintiffs' opposition confirms that Defendants' motion should be granted. Plaintiffs do not oppose the requested case-management relief on the merits, nor do they dispute that the current schedule cannot accommodate counterclaim discovery. Instead, Plaintiffs incorporate their separately filed Motion to Strike Counterclaims, then expressly concede that, if that motion is denied, "a separate discovery and trial schedule would be necessary for the Counterclaims." Doc. 125 at 2.

That concession, and Plaintiffs' failure to respond in opposition to the motion, is dispositive of the actual relief sought by Defendants' motion.

### MEMORANDUM OF LAW

I.    **PLAINTIFFS CANNOT RECREATE BY INCORPORATION THE HYBRID FILING THIS COURT ALREADY STRUCK.**

Plaintiffs previously filed a combined Motion to Strike Counterclaims and Opposition to Defendants' Motion to Set a Separate Counterclaim Discovery and Trial Schedule. (Doc. 121). The Court struck that filing in its entirety, holding that it violated Local Rule 7.1(c), "which requires that each motion be filed as a separate submission with its own supporting memorandum," and that "[h]ybrid filings that merge a response with a motion are procedurally improper and hinder the orderly administration of the docket." (Doc. 123).

Plaintiffs' new opposition attempts to accomplish the same thing in two docket entries. The opposition states that, "[t]o avoid repetition and conserve resources," Plaintiffs "incorporate by reference their Motion to Strike Counterclaims." Doc. 125 at 1. But that maneuver simply recreates the same hybrid filing by reference.

1

Local Rule 7.1(c) contemplates motion-specific briefing. A party opposing a motion must file an opposing memorandum; the movant may then file a reply "strictly limited to rebuttal of matters raised in the memorandum in opposition"; and no further memoranda may be filed without leave. S.D. Fla. L.R. 7.1(c)(1). Allowing Plaintiffs to incorporate Doc. 124 into Doc. 125 would collapse two separate briefing sequences into one. It would force Defendants to reply to Plaintiffs' Motion to Strike inside the briefing on Defendants' scheduling motion, even though Defendants must separately respond to the Motion to Strike on its own schedule.

The Southern District of Florida has rejected this tactic. In *Basulto v. Netflix, Inc.*, Judge Goodman explained that "affirmative requests for relief must be made in independent motions," and identifying that District courts in this circuit refuse to consider documents incorporated by reference, "noting the impropriety of the tactic and the burden it places on the court[.]" *Basulto v. Netflix, Inc.*, No. 22-21796-CIV, 2022 WL 17532279, at *2 (S.D. Fla. Dec. 8, 2022). *Basulto* relied on *Happy Tax Franchising, LLC v. Hill*, where the Court refused to consider arguments incorporated by reference because such incorporation improperly avoided the Court's page limits. No. 19-24539-CIV, 2021 WL 3811041, at *3 (S.D. Fla. June 7, 2021), report and recommendation adopted sub nom. *Happy Tax Franchising, LLC v. JL Hill Grp., LLC*, No. 19-24539-CIV, 2021 WL 3793050 (S.D. Fla. Aug. 26, 2021). *Basulto* also quoted authority explaining that incorporation by reference "foists upon the Court the burden of sifting through irrelevant materials" while allowing a party

2

to circumvent page limits, and that incorporated materials "are not before the Court and will not be considered in resolving the instant motions." *Basulto* at *2.

The same rule should apply here. Plaintiffs' Motion to Strike is a separately docketed motion seeking affirmative relief. Defendants will—and must—respond to it separately. The Court should disregard Plaintiffs' attempted incorporation and decide (Doc. 119) based on the Motion and the actual opposition filed at (Doc. 125).

## II.    ONCE THE IMPROPER INCORPORATION IS DISREGARDED, PLAINTIFFS DO NOT OPPOSE THE REQUESTED RELIEF.

Without the incorporated Motion to Strike, Plaintiffs' opposition contains no substantive reason to deny Defendants' motion. Plaintiffs make only two points: first, that Defendants' motion would be moot if the Court grants Plaintiffs' Motion to Strike; and second, that if the Court denies Plaintiffs' Motion to Strike, "a separate discovery and trial schedule would be necessary for the Counterclaims." Doc. 125 at 1–2.

The first point is not an opposition on the merits, and the second is a concession. Defendants sought a separate schedule because the counterclaims were filed with Defendants' first responsive pleading after the Court denied Defendants' Rule 12 motions, because the existing schedule was designed for Plaintiffs' claims, and because counterclaim discovery and trial should proceed separately without disturbing the current schedule on Plaintiffs' claims. (Doc. 119 at 2–5). Plaintiffs now agree that, if the counterclaims remain, a separate discovery and trial schedule is necessary. (Doc. 125 at 2).

3

That ends the dispute presented by (Doc. 119). The parties disagree about whether the counterclaims should be stricken, but that issue is separately presented in (Doc. 124). If the counterclaims are not stricken, the parties agree that a separate schedule is required. Critically, though, Plaintiffs have not opposed the alternative relief which, if granted, eliminates their motion to strike's timeliness premise.

### III. PLAINTIFFS HAVE NOT PROPERLY OPPOSED DEFENDANTS' ALTERNATIVE REQUEST FOR LEAVE.

Defendants also sought alternative relief: if the Court concludes that Rule 16 leave was required before Defendants filed counterclaims with their first answer, Defendants requested that the Court modify the schedule for good cause and deem the counterclaims timely filed *nunc pro tunc*. (Doc. 119 at 4–5). Plaintiffs' opposition does not address that request in any independent argument. Plaintiffs address it only through the improper incorporation of their separate Motion to Strike.

For purposes of (Doc. 119), Plaintiffs have therefore failed to properly oppose Defendants' alternative request for leave. Defendants filed their counterclaims at the first moment their responsive pleading became due under Rule 12(a)(4)(A). They did not file an amended pleading after answering; they filed their first responsive pleading. Rule 13 expressly provides that compulsory and permissive counterclaims are asserted in a pleading, and Rule 13(h) expressly contemplates joinder of additional parties to counterclaims. Defendants acted diligently by filing their answer and counterclaims when Rule 12 made the answer due. To the extent leave was required, good cause exists to modify the schedule and deem the counterclaims timely filed.

Plaintiffs' contrary arguments belong, if anywhere, in the briefing on their Motion to Strike. They should not be smuggled into this motion through incorporation after the Court already struck Plaintiffs' first attempt at a hybrid motion/opposition. (Doc. 123).

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' Motion to Set a Separate Counterclaim Discovery and Trial Schedule, and, if necessary, grant Defendants leave *nunc pro tunc* to file the counterclaims as of April 20, 2026. In the alternative, Defendants request that the Court grant the motion conditionally upon denial of Plaintiffs' Motion to Strike Counterclaims.

Respectfully submitted,
DATED:  May 7, 2026

| /s/ Gary C. De Pury | /s/Matthew Larosiere | /s/ Zachary Z. Zermay |
|---|---|---|
| Gary C. De Pury | Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Florida Bar No: 126588 | Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| Law Offices of Gary De Pury, P.A. | The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 21035 Leonard Road | 6964 Houlton Circle | 3000 Coral Way Ste 1115 |
| Lutz, Florida 33558 | Lake Worth, FL 33467 | Coral Gables, FL 33145 |
| Tel: (813) 607-6404 | Email: | Email: |
| Email: | Larosieremm@gmail.com | zach@zermaylaw.com |
| Gary@DePury.com | Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| *Lead Counsel for Alex Holladay.* | *Lead Counsel for Elik, Stroke, Lettman, and Clark.* | *Lead Counsel for Matthew Larosiere.* |

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 7th day of May, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581

6