## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN     ELIK,    individually;    MATTHEW
LAROSIERE,     individually;     ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and   JOHN   LETTMAN,   individually;   ZACK
CLARK, individually
               Defendants.

_____/

### PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiffs respectfully request that the

Court strike the First, Second, Third, and Eighth Affirmative Defenses ("ADs") in Defendants'

Answer (Doc. 116).

### INTRODUCTION

The operative Second Amended Complaint ("Complaint") asserts three causes of action

for: (1) conspiracy to violate RICO; (2) violation of the Lanham Act; and (3) tortious interference.

*See* Doc. 49.  Defendants moved to dismiss the Complaint on the grounds, among others, that it

"is barred by Florida's §770 doctrine governing ***defamation-equivalent claims***."  Doc. 56 at p. 3

(emphasis added).  In denying the motion to dismiss, the Court expressly rejected Defendants'

contention that Chapter 770 applies because Plaintiffs have asserted defamation-equivalent causes

of action.  *See* Doc. 90 at p. 9 ("Chapter 770 applies only to actions 'for damages founded upon the publication of libel or slander . . . and Plaintiffs have not asserted a defamation claim.' ").

Undeterred by the Court's clear ruling, Plaintiffs' First, Second, and Third ADs assert affirmative defenses based on Chapter 770.  These defenses should be stricken as legally insufficient because the Court has already determined that Chapter 770 does not apply in this case.  Defendants' Eight AD should also be stricken because it simply lists various common law defenses to defamation.  Moreover, Defendants' Eighth AD does not plead the requisite elements of those defenses or any factual matter to enable Plaintiffs to understand how these defenses allegedly apply in this case.  Accordingly, Defendants' First, Second, Third, and Eighth ADs should be stricken.

## ARGUMENT

### A.       Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the Court may "strike . . . any insufficient defense."  "[A]n affirmative defense must be stricken when the defense comprised of no more than 'bare bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Dionisio v. Ultimate Images and Designs, Inc.,* 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019) (quoting *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017)).

### B.       The Court Has Already Rejected the First Three ADs.

Defendants' first three ADs are based on Chapter 770.  Specifically, the First AD alleges that Plaintiffs' claims are barred by Fla. Stat. § 770.01 (requiring defamation plaintiffs to provide pre-suit notice to media defendants), the Second AD alleges that Plaintiffs' claims are barred by Fla. Stat. § 770.07 (providing that the statute of limitations for defamation accrues at the time of

first publication), and the Third AD alleges that Plaintiffs' claims are barred by "Florida's single-action and single-publication rules, including section 770.05." *See* Doc. 116 at p. 10.

Critically, the Court has already found that Chapter 770 does ***not*** apply in this case because Plaintiffs have not asserted a defamation claim.  Doc. 90 at p. 9.  As a result, these defenses are "clearly invalid as a matter of law." *See Dionisio,* 391 F. Supp. 3d at 1191.  Indeed, courts routinely strike affirmative defenses as legally insufficient where, as here, the court has already rejected the affirmative defense in denying a motion to dismiss.  *See, e.g.*, *Vasquez v. Maya Publ'g Group, LLC*, No. 14-cv-20791, 2015 WL 5317621, at *2 (S.D. Fla. Sept. 14, 2015) (striking affirmative defense based on alleged lack of pre-suit notice under Fla. Stat. § 770.01 because it was "duplicative of arguments already advanced and rejected" with defendant's motion to dismiss); *Jet Pay, LLC v. RJD Stores, LLC*, No. 11-cv-60722, 2011 WL 13217531, at *2 (S.D. Fla. Sept. 27, 2011) (striking affirmative defenses as legally insufficient for reasons previously addressed in order denying motion to dismiss); *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, No. 09-cv-21698, 2010 WL 3212066, at *4 (S.D. Fla. Aug. 12, 2010) (same).  Because Defendants' first three ADs do not apply in this case, they should be stricken.

**C.     The Eighth AD Fails for Multiple Reasons.**

Defendants' Eighth AD is equally deficient.  It states: "Plaintiffs' claims are barred, in whole or in part, because the challenged statements and publications were true, substantially true, nonactionable opinion, rhetorical hyperbole, or protected commentary."  Doc. 116 at pp. 11-12.

The Eighth AD should be stricken, in whole or in part, for several reasons.  *First*, although it does not refer to Chapter 770, the Eighth AD similarly asserts defenses that are applicable only to defamation claims.  *Second*, the Eighth AD improperly lumps together multiple affirmative defenses. *See Dionisio*, 391 F. Supp. 3d at 1195 (striking several discrete affirmative defenses that

3

were improperly combined and requiring them to be separately pled).  *Third*, the Eighth AD does not allege sufficient facts to give fair notice to Plaintiffs regarding how these defenses allegedly apply in this case.  *See Coquina Investments v. Rothstein*, No. 10-cv-60786, 2011 WL 13096506, at *2 (S.D. Fla. June 6, 2011) (recommending that the court strike affirmative defenses "because there are no factual allegations to support these [legal] conclusions and do not provide plaintiff with fair notice of [the] defenses"), *report and recommendation adopted*, No. 10-cv-0786, 2011 WL 13096540 (S.D. Fla. July 12, 2011).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the First, Second, Third, and Eighth ADs.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Plaintiffs' counsel certify that they have conferred in good faith with Defendants' counsel and that Defendants oppose the relief requested in this motion.

Dated:  May 7, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*