UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS/MATTHEWMAN

DEFENSE DISTRIBUTED, et al.,

     Plaintiffs,

v.

JOHN ELIK, et al.,

     Defendants.

_____/

**<u>ORDER FOLLOWING MAY 6, 2026 DISCOVERY HEARING</u>**

THIS CAUSE is before the Court following the in-person discovery hearing held on May 6, 2026. [DE 128]. The parties filed a Joint Notice detailing their never-ending, continual discovery disputes. [DE 126]. The Court made certain oral rulings during the hearing. This Order is intended to memorialize and clarify those oral rulings.

Accordingly, the Court hereby **ORDERS** as follows:

1. By May 14, 2026, Plaintiffs shall specifically state in writing in a proper discovery response whether responsive documents exist regarding Defendants' requests for production. Plaintiffs shall either state that they have done a diligent and thorough search of all documents in their possession, custody or control and that no responsive documents exist, or alternatively, they shall specify the additional responsive documents that do exist, and they shall produce them no later than May 14, 2026.

2. Defendants claim that Plaintiffs and/or their counsel have improperly manipulated and amended expert Tyra's report several times without Tyra's knowledge. Plaintiffs dispute these allegations. However, the Court notes that the various drafts of the Tyra report are somewhat suspicious given Tyra's deposition testimony. Therefore,

regarding the Tyra expert report, Defendants shall keep the drafts of his reports sequestered. Should any party wish to rely on the Tyra draft reports for cross-examination of Tyra during trial, or during the summary judgment stage, they shall raise any issue related thereto with Judge Middlebrooks for him to decide, if necessary.

3. Regarding Defendants' argument that Plaintiffs are withholding responsive documents, like texts or Signal communications, the Court cannot order Plaintiffs to produce documents that do not exist. However, the Court mandates that all parties conduct a thorough search for responsive documents in their possession, custody or control. If responsive documents do exist that are being withheld by Plaintiffs, and which are not produced by May 14, 2026, serious sanctions will be considered against the offending parties and counsel. The parties are ordered to confer in good faith on this issue. Defendants should immediately advise Plaintiffs of specific documents they believe are missing. Plaintiffs shall immediately respond and produce any missing documents.

4. Lastly, regarding depositions, the parties have continued their silly bickering during depositions which are ongoing until the May 14, 2026 discovery cutoff date. The Court orders that no attorney shall coach any witness during a deposition or on breaks during a deposition. Coaching does not consist of simply telling the witness to keep to the facts or to answer directly. But, an attorney may not direct a witness to change their answers or advise the witness of the anticipated line of questioning and how to answer. The attorneys are ORDERED to act in a professional and courteous manner during the depositions.

5. Finally, the Court notes that the behavior of various counsel and parties in this case has been problematic, unprofessional and downright silly. The Court orders such behavior

3

to cease and directs that all counsel in this case act like ethical and professional attorneys.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of May 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge