**EXHIBIT A**

From: **Zachary Zermay** <zach@zermaylaw.com>
Date: Thu, Mar 26, 2026 at 3:58 PM
Subject: Re: Case No.: 6:24-cv-01629-AGM-LHP Larosiere v. Wilson et al: MEET AND CONFER REQUEST - MOTION TO COMPEL
To: Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>
Cc: Leitner, Leia V. <Leia.Leitner@wilsonelser.com>, Zibas, Jura C. <Jura.Zibas@wilsonelser.com>, Chad Flores <cf@chadflores.law>, Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>, chad-flores-7646@ecf.pacerpro.com <chad-flores-7646@ecf.pacerpro.com>, service@chadflores.law <service@chadflores.law>, Geraldine Phillips <info@zermaylaw.com>

Good afternoon,

## Specific Slack 37B Issues:

In this email chain, you have admitted you didn't search Slack chat DMs at all. In the ESI protocol, which you have demanded since first coming into this case, you were ordered to have individual custodians perform these searches. You are now saying this is an issue with your ESI vendor, shifting between blaming us and somehow demanding we pay for you to continue not following the Court's ESI order.

We also note you produced a unitary production, and it is unclear how you searched for the custodians chats, seeing as at least one such custodian is currently a fugitive from justice (Ben Denio).

We know, and you know, that responsive chats exist in Defendants' Slack chat DMs.

You did not tell us or the court that you would be failing to search their Slack DMs until after we caught your failure

## De-Designation Issues:

The MCA (mutual confidentiality agreement) specifically says you have to designate only the protected parts. You designated every single thing, and the entirety of everything. This is discussed in the order denying your motion to de-designate.

De-designating the inapposite materials is not even close to good enough, because these shouldn't have been marked in the first place.

Relaxing the designations to confidential is not good enough, because there are substantial, case-relevant admissions included that will need to be filed as exhibits.

We will go through the process of filing these under seal for the purposes of having the court review them and to highlight how these designations are being used to conceal a Rule 37B failure to comply with the court's order, as well as to hide damaging admissions which are case-relevant, as opposed to sensitive information that would cause irreparable harm if not handled in any other way.

Sincerely,
Zachary Z. Zermay, Esq.

**Zermay Law**

P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com|
A 3000 Coral Way, Suite 1115, Coral Gables, FL 33145



On Thu, Mar 26, 2026 at 8:52 AM Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com> wrote:

Good morning-

What does "MCA" stand for? And what other outstanding issues would you like to discuss? The parties' meet and confer calls have been notoriously long. In the hopes that this call will not take several hours (especially considering that we are beginning at 4:00 pm), we would appreciate being apprised in advance of specifically what you want to talk about. The only item Defendants have on their agenda are Plaintiff's untimely and deficient responses to Defense Distributed's Second Requests for Production. One of the larger issues is that Plaintiff is claiming he does not understand requests which specifically cite to representations he made to this Court. The call at 4:00 pm today was originally set to discuss Defendants' Motion to Compel on the same. I've attached that correspondence here. If Plaintiff would like to also provide a position on Defendants' Motion to overrule Lettman's Objections and Compel compliance, that would be appreciated. We have not received responses to the service emails of the correspondence and objections/ documents provided by Mr. Lettman or our request to meet and confer on the same. These emails were sent last week and are similarly attached.

Further to your email below, Defendants' designations are addressed in the email you responded to. If you are simply asking to add this topic to our meet and confer call today, that is fine. To the extent you are unaware, documents are marked based on families—meaning if one page of a document extending over multiple pages is designated, all pages within that document and/ or cited in that document follow the same designation. As stated below, we are willing to de-designate but it is a manual process and will take substantial time. We are dealing with 14,000+ pages of documents and while Plaintiff complains that the production includes "irrelevant documents", all documents produced were tagged as potentially responsive based on the Court's ESI Protocol, which was provided directly to Defendants' ESI vendor.

With respect to any further exportation of documents, Slack itself will need to assist. Otherwise, the form in which the documents were already produced are Defendants' limits. If Plaintiff wants to change his mind and accept the form of

the first production, let us know.


Thanks,


Amaris Gyebi
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main Street Suite 100
Sarasota, FL 34237
941.210,5961 (Direct)
407.616.6006 (Cell)
941.210.5980 (Main)
941.210.5979 (Fax)
amaris.gyebi@wilsonelser.com

---

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Wednesday, March 25, 2026 9:34 PM
**To:** Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>
**Cc:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Chad Flores <cf@chadflores.law>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law; Geraldine Phillips <info@zermaylaw.com>
**Subject:** Re: Case No.: 6:24-cv-01629-AGM-LHP Larosiere v. Wilson et al: MEET AND CONFER REQUEST - MOTION TO COMPEL AND FOR SANCTIONS FOR FAILING TO COMPLY WITH DOC. 232

EXTERNAL EMAIL - This email originated from outside the organization.

Good evening,


We also need to address your blanket designations as HC-AEO of wildly inapposite materials (including Plaintiff's own works, your clients joking about Barack Obama's wife, two textbooks, and public domain documents in the German language), the entirety of the slack productions, and the entirety of your financial materials under §6.2 of the MCA.


We will address this and all outstanding issues at the conference of March 26, 2026 at 4:00.


Sincerely,

Zachary Z. Zermay, Esq.


**Zermay Law**
P (305) 767-3529 | W zermaylaw.com | E zach@zermaylaw.com |



On Tue, Mar 24, 2026 at 3:39 PM Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com> wrote:

> Mr. Zermay-
>
> We did not receive a response to the below email. Please let us know if tomorrow at 4 pm EST will work. In advance of our meet and confer call, please see the below. We look forward to discussing further:
>
> It is our belief that Defendants' confidentiality designations are appropriate and in accordance with the parties' protective order. The production consists of Defendants' internal business communications, which are treated confidentially and are not accessible to third parties. That some documents may be accessible publicly does not affect the designation. For example, Mr. Elik's address is readily accessible from public sources; however, Plaintiff has nevertheless elected to designate this address as Highly Confidential- Attorneys Eyes' Only in connection with the Work for Hire/ Assignment Agreements.  In order to work towards a resolution in good faith, and notwithstanding the disingenuous position of Plaintiff's demands, we are willing to de-designate the documents attached to the Slack messages to the extent they come from third party sources, and lower the designation of the messages themselves to Confidential. To the extent Plaintiff requires identification of Bates numbers as a guide, Defendants can provide it. We are prepared to discuss further.
>
> Second, Defendants have complied with the Court's Order. The cited messages (Entities0007329, Entities0007342, Entities0007354) produced during the first production, can only be exported in the form already produced, unless a higher Slack subscription tier is purchased. The cited messages are different than the export we were able to get for messages involving 3 or more users because the cited messages are considered direct messages. We have contacted Slack directly seeking assistance to facilitate a compatible exportation based on Defendants' current subscription tier.  This is a technology complexity as we work with Slack and our e-discovery vendor.  If Slack does not provide a solution to export the data, the only option is for Plaintiff to pay the associated costs. In terms of the breadth of the search, the time frame was set in accordance with the ESI protocol: January 1, 2022 through the date of export (March 17, 2026).
>
> With respect to the first production of Slack documents, we are unaware of the 600 pages you are referencing. When asked to explain why you believe pages are missing from the production, you stated that the Bates numbers were missing. We reviewed the Bates numbering for the production and did not find what you are referring to. There has also been no explanation to date why Plaintiff believes these purported 600 pages were responsive to any request Plaintiff served. As stated before and as we will state again, no responsive documents were withheld from the Slack production.
>
> Third, we are unsure what more we can say regarding DEFCAD's financials. We have asked to be provided all financial documents ordered by the Court for DEFCAD, Mr. Wilson, and Defense Distributed—balance sheets, income statements, and tax returns, federal and state, from 2021 to present (Dkt. 213 at 7-8). We have gone directly to Defendants' CPA and turned over everything we have been provided, with the redactions permitted by the Court. To that end, the Defendants' bookkeeper has prepared a profit and loss statement for DEFCAD, which has also been provided. However, note that this profit and loss statement was specifically prepared in response to discovery requests served in this action.  Plaintiff is free to subpoena whoever he believes has the information he wants. Defendants do not have it.

Fourth, Defendants have repeatedly stated that they will supplement any information pertaining to experts in accordance with the deadline set in the Case Management Order for expert disclosures. Plaintiff has taken the same position in his discovery responses.  There is an expert deadline, and reports will be served per the CMO.  What is the issue?

Fifth, please provide the transcript cite and the RFP Number. Otherwise, we do not understand the dispute. Further and as repeatedly stated, excluding privileged documents,  nothing has been withheld.  You continue to ask the same question.  Nothing is being withheld.  Interestingly, Plaintiff is prosecuting his case and it seems Plaintiff has not fully responded to discovery pursuant to FRCP in anticipation of trial.

Finally, there is no "deletion" from the Slack chats. To the extent a message is edited by a user after its sent, Slack does not keep the native/ original version of that message.

Thanks,

Amaris Gyebi
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
2063 Main Street Suite 100
Sarasota, FL 34237
941.210,5961 (Direct)
407.616.6006 (Cell)
941.210.5980 (Main)
941.210.5979 (Fax)
amaris.gyebi@wilsonelser.com

---

**From:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>
**Sent:** Monday, March 23, 2026 4:22 PM
**To:** Zachary Zermay <zach@zermaylaw.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Chad Flores <cf@chadflores.law>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Cc:** Geraldine Phillips <info@zermaylaw.com>
**Subject:** RE: Case No.: 6:24-cv-01629-AGM-LHP Larosiere v. Wilson et al: MEET AND CONFER REQUEST - MOTION TO COMPEL AND FOR SANCTIONS FOR FAILING TO COMPLY WITH DOC. 232

Dear Mr. Zermay:

We disagree with your characterization of Defendants' document production below.

However, we are willing to meet and confer to resolve these issues.  To this end, we are available to meet and confer on Tuesday, March 24, 2026, at 3:00 p.m. EST.

Regards,

Leia V. Leitner
Attorney At Law
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, FL 32801
407.423.7287 (Direct)
407.973.2111 (Cell)
407.203.7599 (Main)
407.648.1376 (Fax)
leia.leitner@wilsonelser.com

**From:** Zachary Zermay <zach@zermaylaw.com>
**Sent:** Sunday, March 22, 2026 9:53 PM
**To:** Leitner, Leia V. <Leia.Leitner@wilsonelser.com>; Gyebi, Amaris <Amaris.Gyebi@wilsonelser.com>; Zibas, Jura C. <Jura.Zibas@wilsonelser.com>; Chad Flores <cf@chadflores.law>; Kujawski, Cheryl A. <Cheryl.Kujawski@wilsonelser.com>; chad-flores-7646@ecf.pacerpro.com; service@chadflores.law
**Cc:** Geraldine Phillips <info@zermaylaw.com>
**Subject:** Case No.: 6:24-cv-01629-AGM-LHP Larosiere v. Wilson et al: MEET AND CONFER REQUEST - MOTION TO COMPEL AND FOR SANCTIONS FOR FAILING TO COMPLY WITH DOC. 232

EXTERNAL EMAIL - This email originated from outside the organization.

Counsel,

I write to request dates for a meet and confer to discuss your production in response to the Court's Order at (Doc. 232).

First, we intend to file a motion to de-designate all of your initial Slack chat production (the "First Production," dated 2/4/2026, Entities0007319 through Entities0007356) as well as the chats produced in response to the Court's Order (the "Second Production"). You designated every single page of the Second Production as AEO - thousands of pages, including copies of Plaintiff's own works that Defendants copied in their Slack chats, copies of Defendant Wilson's manifesto, what appear to be public domain drawings in the German language, hundreds of pages of what appears to be the code for Slack itself, as well as over a thousand pages of textbooks that have nothing to do with this case. Every page of the First Production is marked HC-AEO, despite no conversations being included that warrant such protection. As you are aware, the agreed protective order contemplates sanctions for unwarranted blanket designations of this type.

Second, and perhaps more concerningly, Defendants appear to have failed to comply with the Court's Order, and we intend to file a 37(b) motion concerning this failure. When comparing the First Production (which were single-message screenshots devoid of any context) to the chats produced in the Second Production, I noticed some screenshots of chats which appeared in the First Production that were not produced in the Second Production, despite them including the keywords you were ordered to search for. *See, e.g.* Entities0007329, Entities0007342, Entities0007354. These messages are amidst a large swath of missing communications for substantial period of time, and in fact, some of the screenshots that appeared in your First Production, which were devoid of context, contained keywords you were ordered to search for in the Court's ESI protocol which were completely missing from the more recent production. We note also the responses cut off in mid 2025. We know you have messages later than that, and you were ordered to search up to present.

As you are already aware, there were more than 600 pages from the First Production that were withheld (again, without explanation), and even still, the scant information produced shows clearly that messages were still withheld from the Second Production. You represented to the court (Doc. 244 at 3) that you would supplement this incomplete First Production with the Second Production, but you have manifestly failed to do so.

Third, though you represented to, and the Court accepted, that you had provided financial information for DEFCAD Inc., you have not. Not a single balance sheet or tax return was provided for DEFCAD, despite Mr.

Wilson admitting during his deposition that DEFCAD had a bank account until recently, where the company was closed by the Texas secretary of state for not filing its taxes. which, again, it should have provided for prior years.

Fourth, your client indicated at the deposition that you had hired "many, many experts," and yet your response to our requests for production concerning these experts have not been supplemented. Why not?

Fifth, your client stated at the deposition that DEFCAD or Defense Distributed keeps, in perpetuity, originating information regarding who uploads the works to the DEFCAD website. *See*: Defcad's terms of service. He also stated this information was provided to you. Months ago, we provided a request for production seeking explicitly this information. Why have you withheld this information?

Finally, as a separate matter which I would like to bring to your attention, I noticed that dozens of messages in the Second Production were deleted from the Slack chats, with the text "Original message not available due to retention policies" sitting in place of these deleted messages. Do you have an explanation for why these messages were deleted?  Has any effort been undertaken to restore them? Why were these messages not preserved?

Due to the impending close of discovery and deposition dates for the Defendant entities, if you will not cure these deficiencies, we must file immediately. Please provide dates.


Sincerely,

Zachary Z. Zermay, Esq.


**Zermay Law**

P  (305) 767-3529 |  W   zermaylaw.com |  E   zach@zermaylaw.com|

A   3000 Coral Way, Suite 1115, Coral Gables, FL 33145



IMPORTANT NOTICE: Beware of Cyber Fraud.

You should NEVER wire money to any bank account that Wilson Elser

Moskowitz Edelman & Dicker LLP provides to you either in the body

of this or any email or in an attachment without first speaking

with the attorney in our office who is handling your transaction.

Further, DO NOT accept emailed wire instructions from anyone else

without voice verification. Even if an email looks like it has come

from this office or someone involved in your transaction,

CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE

to verify the information before wiring any money.

Failure to do so is at your own risk.

Be particularly wary of any request to change wire instructions

you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be

viewed only by the individual or entity to whom it is addressed.

It may contain information that is privileged, confidential and

exempt from disclosure under applicable law. Any dissemination,

distribution or copying of this communication is strictly prohibited

without our prior permission. If the reader of this message is not

the intended recipient, or the employee or agent responsible for

delivering the message to the intended recipient, or if you have

received this communication in error, please notify us immediately by

return e-mail and delete the original message and any copies of it

from your computer system.


For further information about Wilson, Elser, Moskowitz, Edelman &

Dicker LLP, please see our website at www.wilsonelser.com or refer to

any of our offices.


Thank you.

IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body
of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you.