UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-01629

MATTHEW LAROSIERE,

*Plaintiff,*

v.

CODY RUTLEDGE WILSON, DEFCAD,
Inc., DEFENSE DISTRIBUTED, and
DIOSKOUROI LLC,

*Defendants.*

_____/

**PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 37(b) FOR
FAILURE TO COMPLY WITH DOC. 232**

Plaintiff moves for sanctions under Rule 37(b) because Defendants failed to

obey the Court's (Doc. 232) Order. That Order required Defendants to search the

Slack chats of six specified custodians, using Court-ordered search terms for the

period January 1, 2022 to present, and to "produce all responsive documents"

resulting from that search within fourteen days. Doc. 232 at 2  6. Defendants failed

to produce many responsive communications,[1] and completely failed to search the

slack messages of the custodians in Slack chat rooms that did not have "3 or more

users." Ex. A at 4. Defendants chose to ignore the ESI protocol, instead exporting

---

[1] Plaintiff knows Defendants failed to produce these materials because partial
snippets in the First Slack production contain search terms such as "SF5,"
"Gatalog," and references to Plaintiff and his employee, but the production here did
not include those chats or "SF5" at all.

1

data to an external vendor, and now suggest that *Plaintiff* must shoulder the costs of Defendants' compliance with the Court's Order. *Id* at 1-4.

## ARGUMENT

Rule 37(b) applies when a party "fails to obey an order to provide or permit discovery," and district courts have broad discretion to impose "further just orders" for noncompliance. Fed.R.Civ.P. 37(b)(2)(A). Sanctions are appropriate where the order states in "specific and clear terms" what acts are required. *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1330 (11th Cir. 2023). Here, Doc. 232 was clear: it fixed custodians, search terms, time period, and the production deadline, and it further provided that any burden issue had to be raised by motion. Defendants did not seek relief before the deadline expired.

Instead, after Plaintiff identified missing Slack materials, Defendants admitted that identified missing messages were "direct messages," that they "can only be exported in the form already produced[2], unless a higher Slack subscription tier is purchased," that Defendants had only then "contacted Slack directly," and that if Slack did not solve the problem, "the only option is for Plaintiff to pay the associated costs." Ex. A. Defendants' counsel only reached out to Slack on March 23, 2026. That is an admission that Defendants had not completed the ordered search-and-production process by the Court's deadline.

---

[2] No materials from chats with fewer than 3 participants involving the custodians were produced, and the earlier production was incomplete, context-devoid screen captures.

2

Once a movant shows violation of a discovery order, the burden shifts to the noncompliant party to prove inability to comply, and it must do so with evidence showing "all reasonable efforts," not bare assertions. *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989). Nor may a party unilaterally narrow an already-entered production order and then raise burden objections after being caught; in *Orlando Health*, the Middle District rejected that exact tactic and sanctioned the producing party. *Orlando Health, Inc. v. HKS Architects, Inc.*, No. 6:24-CV-693-JA-LHP, 2024 WL 5202797, at *7 (M.D. Fla. Dec. 23, 2024)

## CONCLUSION

Plaintiff requests the Court: (1) find Defendants violated Doc. 232; (2) order, by a date certain, a complete compliant Slack search and supplemental production at Defendants' expense; (3) award Plaintiff his reasonable expenses and attorney's fees under Rule 37(b)(2), and any further orders under Rule 37(b) this Court deems necessary to ensure future compliance.

Respectfully submitted,

DATED: March 27, 2026

/s/ *Zachary Zermay*
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*

3

## Local Rule 3.01(g) Certification

Undersigned counsel certifies that, pursuant to Local Rule 3.01(g), he conferred with counsel for Defendants in a good-faith effort to resolve the matters raised in this motion, but the parties were unable to do so. The conferral occurred both in writing and by telephone. Plaintiff raised the issue by email after reviewing Defendants' March 20, 2026 Slack production and identifying that responsive Slack materials had not been produced in compliance with Doc. 232. On March 24, 2026, Defendants provided their substantive written position, maintaining that they had complied with the Court's Order, asserting that certain missing Slack messages were direct messages that could not be exported in compatible form absent additional Slack assistance or a higher subscription tier, and stating that, if Slack did not provide a solution, Plaintiff would have to pay the associated costs. Counsel thereafter conferred telephonically on March 26, 2026. During that conference, Defendants maintained that they could do nothing further except await Slack's involvement, and admitted that the first time they contacted Slack was Monday, March 23, 2026, after Plaintiff raised the deficiency and after the March 20, 2026 compliance deadline in Doc. 232 had already passed. Plaintiff asked why Defendants had not simply had the custodians perform the searches as ordered, and Defendants were of the position that the "custodians" were the subjects of the search, rather than the individuals whose chats should be searched.

DATED: March 27, 2026

4

Case 9:24-cv-81079-AMM-DLB Document 134-2 Filed 03/27/26 Page 7 of 95

/s/ Zachary Z. Zermay
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Plaintiff*
*Matthew Larosiere*