**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN    ELIK,   individually;   MATTHEW
LAROSIERE,   individually;   ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and  JOHN  LETTMAN,  individually;  ZACK
CLARK, individually
             Defendants.

                                        /

## PLAINTIFFS' OPPOSITION TO JOHN ELIK'S SECOND MOTION TO COMPEL

Defendant John Elik's second motion to compel ("Motion") (Doc. 134) should be denied because Plaintiffs have already produced all responsive documents in their possession, custody, or control. *See* Ex. 1, Wilson Decl. ¶ 6.

This case arises from Defendants' coordinated campaign to make false and misleading statements about Plaintiffs for the purpose of diverting Plaintiffs' customers to businesses owned and controlled by Defendants. In discovery, Defendants have served 762 discovery requests (consisting of 355 document requests, 277 requests for admission, and 150 interrogatories) seeking evidence to substantiate their false statements. In only two months, Plaintiffs have timely responded to Defendants' 762 discovery requests and produced 4,541 documents spanning 29,753 pages.

In his Motion, Elik falsely accuses Plaintiffs of failing to search for, and produce, responsive documents.  But if Elik had adequately reviewed Plaintiffs' document production or exhausted the conferral process *before* filing the Motion, Elik would have discovered that Plaintiffs have already produced all responsive documents in their possession.  There is nothing for the Court to compel.[1]  Because Elik has needlessly burdened the Court and Plaintiffs, the Court should deny the Motion and award reasonable fees and expenses to Plaintiffs.

A.     **RFP No. 4 - Plaintiffs Produced the Requested Income-Sharing Documents.**

Elik first complains that Plaintiffs did not produce, in response to RFP No. 4, documents showing the flow of income among Plaintiffs.  *See* Mot. 2.  In fact, Plaintiffs produced dozens of financial records showing the flow of income among Plaintiffs, including 62 account statements for DD Foundation (*see* PLTFS 2255-2466), profit & loss statements for Defense Distributed (PLTFS 2468-70), tax returns for Defense Distributed (PLTFS 3-167), and other accounting records (*see* PLTFS 2, 1004, 1010, 1016, 1023, 2467).  Plaintiffs produced these documents in response to RFP Nos. 1-3.  RFP No. 4 asks for "documents underlying the . . . revenue sharing agreement, you claim exists between the Plaintiffs."  Because Plaintiffs do not have a written revenue-sharing agreement (*see* Ex. 1 at ¶ 7), Plaintiffs properly responded that it was unable to locate any documents responsive to RFP No. 4.

B.     **RFP Nos. 20, 21 – Plaintiffs Produced the Requested Data Security Report.**

Elik also contends that Plaintiffs did not produce, in response to RFP Nos. 20 and 21, investigative reports from "independent security experts" and other vendors "specifically

---

[1] Elik's haste in filing the Motion is evidenced by the fact he violated the Court's orders requiring him to: (1) "immediately advise Plaintiffs of specific documents they believe are missing" from Plaintiffs' production (*see* Doc. 133 at ¶ 3); and (2) confer with Plaintiffs *before* publicly filing any confidential documents (*compare* Doc. 115 at ¶ 3 *with* Doc. 134-7).

identified" by Plaintiffs' owner, Cody Wilson, during his deposition.  Mot. 2-3 (citing Doc. 134-14, Wilson Depo. Tr. Vol. I at 77-78).  Elik is wrong.  Wilson identified only one data security vendor, Mandiant, during his deposition.  *See* Doc. 134-14, Wilson Depo. Tr. Vol. I at 77-78.  And Plaintiffs produced the investigative report prepared by Mandiant.  *See* PLTFS 213-240.  Thus, Plaintiffs have produced all responsive documents.

**C.      RFP No. 41 – Plaintiffs Do Not Possess the Requested Signal Messages.**

Elik argues that Plaintiffs' response to RFP No. 41 is deficient because Plaintiffs did not produce the Signal messages exchanged between Wilson and "JG" in anticipation of litigation. Mot. 3 (citing Doc. 134-15, Wilson Depo. Tr. Vol. II at 240-41).  But Wilson testified that "JG" was a "very private guy" who communicated via "disappearing messages" on Signal.  *See id.*[2] Plaintiffs did not anticipate litigation when Wilson exchanged a handful of Signal messages with JG in 2023, and Plaintiffs no longer have possession, custody, or control of those Signal messages. *See* Ex. 1 at ¶ 9.  Plaintiffs cannot be compelled to produce documents that they do not have.

**D.      RFP No. 23 – Plaintiffs Produced the Requested Website Change Record.**

Elik asserts that Plaintiffs did not produce documents showing how the FEDCAD meme became accessible on Defcad.com, as required by RFP No. 23.  Mot. 3-4.  Not so.  Plaintiffs produced a document entitled "Change history: FEDCAD Meme."  Ex. 2, PLTFS 29188.  This document shows when the FEDCAD meme was added to the Defcad.com website (May 24, 2024), who uploaded it (user "punished_jackal" *a/k/a* Thomas Odom), when it was removed (May 3, 2026), and who removed it (user "gwalliman" *a/k/a* Garret Walliman).  It appears that Elik simply

---

[2] Signal is a messaging application "with privacy at its core." https://apps.apple.com/us/app/signal-private-messenger/id874139669

overlooked, or did not understand, this document.  In any event, Plaintiffs have already produced all documents responsive to RFP No. 23.

**E.      RFP Nos. 50, 66 – Plaintiffs Do Not Possess Responsive Documents.**

Elik's contention that Plaintiffs have withheld documents responsive to RFP Nos. 50 and 66 (*see* Mot. 4) lacks merit.

Plaintiffs produced PLTFS 2480, a blog post, because Elik's counsel explained that he believed it was responsive to RFP No. 50.  Plaintiffs disagreed because the blog post provides certain *business* account information, not *personal* information.  Plaintiffs nonetheless produced PLTFS 2480 because it was publicly available and there was no point in fighting about its production.  Plaintiffs do not possess any documents responsive to RFP No. 50.

RFP No. 66, as revised by the Court, required Plaintiffs to produce documents "show[ing] that Plaintiffs provided personal identifying information to any 'anti-gunner' groups." Doc. 115.[3] Elik contends that an email chain attached to the Motion is evidence that Plaintiffs shared "personal identifying information" with "anti-gunner groups."  Mot. 4 (citing Doc. 134-11).  But the referenced email chain is between Wilson and Dr. Rajan Basra, a Fellow at the Centre for Strategy and National Security and researcher in the Department of War Studies at Kings College in London.  Dr. Basra studies 3D-printed firearms.  https://www.kcl.ac.uk/people/rajan-basra.  Dr. Basra is *not* an "anti-gunner" group.  Plaintiffs do not possess any documents responsive to RFP No. 66.

In any event, as explained above, Plaintiffs already produced the documents that Elik believes are responsive to RFP Nos. 50 and 66, so there is nothing for the Court to compel.

---

[3] An "anti-gunner" is someone in favor of gun control. *See* https://www.oed.com/dictionary/anti-gunner_n?tl=true.

**F.      RFA Nos. 126-128 – Elik's Arguments Are Untimely and Meritless.**

Elik's motion to compel better responses to RFA Nos. 126-128 (*see* Mot. 5) should also be denied.

First, Plaintiffs served the challenged RFA responses on April 6, 2026.  *See* Doc. 134-9. Since then, the parties have had two in-person discovery hearings and filed a joint notice of outstanding discovery disputes with the Court on May 1, 2026 (*see* Doc. 126).  Given that Elik did not raise any concerns with Plaintiffs' RFA responses until May 12, 2026, the Court should reject Elik's motion as untimely.  *See* S.D. Fla. L. R. 26.1(g)(2)(A) ("A party ***must*** submit any discovery dispute to the Court by service of a motion . . . (i) . . . within twenty-eight (28) days of service of the written response or objection that is the subject of the dispute") (emphasis added).

Second, Plaintiffs' objections to the challenged RFAs are well-taken.  RFA Nos. 126-128 seek irrelevant admissions about the facts relating to criminal charges against Wilson in 2018, which resulted in a plea deal in 2019.  Plaintiffs objected to RFAs 126-128 as harassing, sought for an improper purpose, and not likely to lead to the discovery of admissible evidence.[4] Subject to those objections, Plaintiffs referred Elik to Wilson's criminal proceedings.  Plaintiffs' responses to RFA Nos. 126-128 are proper.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) deny the Motion; (2) award to Plaintiffs their reasonable fees incurred in defending the Motion; and (3) grant any further relief to Plaintiffs that it deems appropriate.

---

[4] To the extent it is (or has been) unclear, Plaintiffs stipulate that, for purposes of this case, they are not challenging the truth of any statements in the FEDCAD meme regarding the criminal case against Wilson.

Dated:  May 19, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*