UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

*Plaintiffs,*

v.

JOHN ELIK, et al.,

*Defendants.*

_____/

## DEFENDANT JOHN ELIK'S REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS' COMPLETE PRODUCTION, SEARCH CERTIFICATIONS, AND PROPER RFA RESPONSES

Plaintiffs rely on production volume[1] and Wilson's generalized, self-serving declaration. (Doc. 138 at 1–2; Doc. 138-1 at 1–2). But Wilson does not identify who searched, what was searched, how it was searched, what ESI was lost or inaccessible, or what was withheld. (Doc. 138-1 at 1–2). Rule 26(g) does not permit a party to satisfy discovery by unsupervised self-collection and a conclusory assurance of completeness. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545–46 (11th Cir. 1993); *Equal Emp. Opportunity Comm'n v. M1 5100 Corp.*, No. 19-cv-81320, 2020 WL 3581372, at *3–5 (S.D. Fla. July 2, 2020) (rejecting self-collection where counsel cannot show a meaningful, supervised search process). It is clear that Plaintiffs' counsel are uncritically accepting whatever Wilson hands them. (Ex. E pp 23-24).

## I. PLAINTIFFS' PRIOR PRIVILEGE LOG SHOW THAT RESPONSIVE MATERIALS EXIST BUT WERE NOT PRODUCED OR LOGGED

Plaintiffs produced no privilege log in this action, but their Middle District privilege log identifies categories of materials that appear responsive here. Those include communications regarding a "potential damages expert and retention for this lawsuit" under "Re: Assessing Claims" (Ex. A at 20–21); Walliman communications requesting materials about "the facts and circumstances surrounding the counterclaim," including "Re: Gataleaks Website" and "Larosiere" (Ex. A at 21–23); communications titled "Identifying John Elik to Gardephe," "Freeman1337 Chatlog #2," and other information concerning identity searches (Ex. A at 30–37); Peter

---

[1] Plaintiffs neglect to mention that many thousands of these pages were completely inapposite, unsorted materials, including several textbooks split into many different PDFs, and hundreds of pages of public-domain technical manuals in the German language, all of which Defendants had to wade through in search of *anything*.

Celentano witness-search communications for "Obtaining information to file a counterclaim for this lawsuit" (Ex. A at 43–46); and materials concerning Plaintiffs' representing to others that Stroke was an employee of theirs. (Ex. A at 19, 23–25).

If responsive materials are being withheld as privileged, they must be logged. Fed. R. Civ. P. 26(b)(5)(A); S.D. Fla. L.R. 26.1(e)(2). If they are not being withheld, they must be produced. Plaintiffs did neither. In the Middle District action, Wilson was ordered to provide a sworn list of nicknames, usernames, and topics for searches concerning Larosiere, Elik, and "the Gatalog." (Doc. 134-4 at 2–3). Wilson identified terms (Ex. B at 5) he swore he referred to these individuals with, but produced nothing from their "millions of messages" (Doc. 134-3) where he did. Wilson's declaration therefore does not cure the defect.

## II.    RFP NO. 23 REMAINS INDEPENDENTLY COMPELLING.

RFP No. 23 sought records showing how the FEDCAD meme became accessible on Defcad.com, including uploader, reviewer, approver, editor, log, IP address, browser, communication, edit, and deletion/removal records. (Doc. 134-6 at RFP No. 23). Plaintiffs answer that they produced one "Change history" record showing only their employees and associates manipulated the listing, (Doc. 138 at 3; Doc. 138-2), even if true, answers only a sliver of RFP No. 23. DEFCAD's own terms of service make clear that contribution records, including personal information and sign-off information, are "maintained indefinitely." (Doc. 134-13 at 5). Plaintiffs therefore cannot plausibly treat one selected change-history screenshot as the entire universe of responsive upload materials.

2

Plaintiffs' RFA responses reinforce the same point. Plaintiffs denied that the FEDCAD meme was uploaded to, or made available at, Defcad.com by Plaintiffs, their employees, contractors, associates, or Wilson. (Doc. 134-9 at RFA Nos. 21–22). But Plaintiffs now rely on a record identifying Odom as uploader and Walliman as remover. (Doc. 138 at 3; Doc. 138-2). Wilson testified that Odom was Defcad's unpaid employee who worked on the website/application. (Doc. 134-14 at 7). He also testified that he believed Odom uploaded the meme and used it on Plaintiffs' website as a "primary source." (Doc. 134-14 at 69–70).

Nor does Plaintiffs' asserted May 3, 2026 "removal" end the issue. The meme remained on the DEFCAD website after that date.[2] Another page on Plaintiffs' website, "The Regular 10/22," also remained with the meme available inside it.[3] Plaintiffs' document, thus, a reasonable search does not make.

### III.   THE REMAINING DISPUTED REQUESTS FURTHER SHOW WHY CERTIFICATION IS NECESSARY.

Plaintiffs do not address RFP No. 16 at all. That request seeks third-party communications concerning whether DEFCAD was "hacked" or "dumped." (Doc. 134-6 at RFP No. 16). Wilson testified that he contacted "JG" about the FEDCAD meme and whether JG was involved. (Doc. 134-15 at 240–41). Wilson made very clear that he suspected "JG" was the "source" of the

---

[2]   https://media.defcad.com/entityimages/b5a0cb1fed6049fc8dff77eeb8a22b38.png,   archived   at: https://web.archive.org/web/20260519222457/https://media.defcad.com/entityimages/b5a0cb1fed6049f c8dff77eeb8a22b38.png (May 19, 2026).

[3]   https://defcad.com/library/b752346e-15cd-451c-a63a-d27cbcf4419b/direct_download/,   archived   at: https://web.archive.org/web/*/https://upload.defcad.com/entities/b752346e-15cd-451c-a63a-d27cbcf4419b/* (May 20, 2026).

contention his website was hacked, and now conveniently has not produced those materials. Wilson "certainly told" his attorneys about these communications. *Id*. Yet produced almost none of these JG communications, and no privilege log.

RFP No. 41 separately seeks communications with or mentioning "JG." (Doc. 134-6 at RFP No. 41). Plaintiffs now admit Wilson exchanged Signal messages with JG but say they are gone. (Doc. 138 at 3; Doc. 138-1 at 2). That does not end the issue. It requires an explanation of when preservation began, whether disappearing messages were enabled, what devices or backups were searched, whether other custodians had responsive JG communications, and whether privileged JG materials are being withheld.

RFP No. 50 is also evaded. It is not limited to "personal information." It seeks records concerning "private, sensitive, or otherwise confidential or personally identifying information." (Doc. 134-6 at RFP No. 50). Plaintiffs admit PLTFS 2480 contained business account information but dismiss it because it was not "personal information." (Doc. 138 at 4; Doc. 134-10). Banking information is private, sensitive, or confidential even if not "personal."

RFP No. 66 likewise remains unresolved. Plaintiffs say Dr. Basra is a King's College researcher rather than an "anti-gunner group." (Doc. 138 at 4). But by their own definition (Doc. 138 n. 3), he would qualify. (Ex. F).

4

RFP Nos. 20 and 21 are not resolved by pointing to one Mandiant report. (Doc. 138 at 2–3). Those requests seek external and internal technical investigations. (Doc. 134-6 at RFP Nos. 20–21). Wilson stated unequivocally at his deposition that these exist, and identified them in Plaintiffs' initial disclosures. (Doc. 33). They remain unproduced.

Plaintiffs' RFA footnote confirms their evasiveness. Plaintiffs tell the Court they do not challenge the truth of the FEDCAD meme's criminal-case statements. (Doc. 138 at 5 n.4). But they told Stroke they "do not contend that any parts of the meme are factually true." (Ex. D at 2, Interrog. No. 6). Plaintiffs should at least be held to their stipulation.

## CONCLUSION

The Court should order Plaintiffs to conduct reasonable, supervised, current, request-specific searches and provide a detailed certification of how the search was conducted. As for the communications with "JG" Plaintiffs suddenly contend are missing, Plaintiffs should attempt to recover the materials and then certify the results of that attempt. Plaintiffs' fee request should be denied.

Respectfully submitted,
DATED:  May 20, 2026

*/s/Matthew Larosiere*
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of
Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email:
Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Elik,*
*Stroke, Lettman, and*
*Clark.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 7th day of May, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

/s/ Matthew Larosiere

Matthew Larosiere, Esq.
Fla. Bar № 1005581

7