UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS/MATTHEWMAN

DEFENSE DISTRIBUTED, et al.,

    Plaintiffs,

v.

JOHN ELIK, et al.,

    Defendants.

_____/

**ORDER ON DEFENDANT JOHN ELIK'S MOTION TO COMPEL PLAINTIFFS' COMPLETE PRODUCTION, SEARCH CERTIFICATIONS, AND PROPER RFA RESPONSES [DE 134]**

THIS CAUSE is before the Court upon Defendant John Elik's ("Defendant") Motion to Compel Plaintiffs' Complete Production, Search Certifications, and Proper RFA Responses ("Motion") [DE 134]. Plaintiffs responded [DE 138], and Defendant replied [DE 139]. Thus, the matter is ripe for review. Based on the following, the Motion [DE 134] is **DENIED**.

## I.    BACKGROUND

This case has been the subject of continuous discovery disputes. The Court has issued numerous orders, held multiple hearings, and still, Defendant has filed yet another Motion to Compel at the discovery deadline. The Court will therefore address this final discovery Motion. However, discovery is now CLOSED.

As relevant to the pending Motion, on May 6, 2026, the Court held an in-person discovery hearing. [DE 128]. On May 11, 2026, the Court issued its Order Following May 6, 2026 Discovery Hearing [DE 133], memorializing the Court's rulings. Specifically, the Court ordered that "[b]y May 14, 2026, Plaintiffs shall specifically state in writing in a proper discovery response whether responsive documents exist regarding Defendants' requests for production." [DE 133 at 1]. Further, the Court ordered the parties to "confer in good faith" on the issue of whether responsive documents exist that have not been produced. *Id.*

at 2. Lastly, the Court stated that "Defendants should immediately advise Plaintiffs of specific documents they believe are missing[.]" *Id.*

Following the hearing, Defendant filed the Motion on May 14, 2026—the discovery deadline. Defendant presently "moves under Rules 26, 34, 36, and 37 for an order compelling Plaintiffs to conduct current, reasonable, request-specific searches; produce responsive materials to mirrored RFP Nos. 4, 16, 20, 21, 23, 41, 50, and 66; provide sworn search certifications; and amend their responses to RFA Nos. 126–128." [DE 134 at 1]. Again, Defendant largely takes issue with documents he believes exist that have not been produced. *See* DE 134.

In response, Plaintiffs reiterate that they have produced all responsive documents in their possession, custody or control. *See* DE 138.

In reply, Defendant seemingly limits his requested relief by asking the Court to "order Plaintiffs to conduct reasonable, supervised, current, request-specific searches and provide a detailed certification of how the search was conducted." [DE 139 at 5]. Defendant also suggests that Plaintiffs conducted discovery by "unsupervised self-collection" through Cody Wilson, the owner and manager of Plaintiffs. *Id.* at 1.

## II.      DISCUSSION

To start, the Court has repeatedly ordered that all parties conduct a diligent and thorough search for discovery. In fact, in the previous Order, the Court proclaimed that "the Court mandates that all parties conduct a thorough search for responsive documents in their possession, custody or control. If responsive documents do exist that are being withheld by Plaintiffs, and which are not produced by May 14, 2026, serious sanctions will be considered against the offending parties and counsel." [DE 133 at 2]. Therefore, any request for the Court to order Plaintiffs to conduct a diligent and thorough search of discovery is moot as the Court has already done so. If it comes to the Court's attention at a later date that any party has improperly withheld discoverable documents or material, the Court will take all appropriate action.

Moreover, it is evident that the Motion was filed in haste and without proper conferral. As stated, the Court ordered the parties to confer regarding the issues here and ordered that Defendants immediately advise Plaintiffs of what documents they believe are missing. *Id.* Instead, Defendant simply indicates that

he conferred with Plaintiffs regarding the Motion on May 6, 2026, the day of the in-person hearing. [DE 134 at 6]. Clearly, Defendant did not exhaust the conferral process when the only conferral attempt was made on the day of the in-person hearing and before the Court issued its Order on May 11, 2026, again ordering the parties to confer. Good faith conferral among counsel is essential and required before a motion is filed, and this Court does not countenance failures to **meaningfully** confer.

Nonetheless, the Court cannot order Plaintiffs to produce documents that do not exist or documents that are not in their possession, custody or control. Additionally, the Court already ordered Plaintiffs to certify that they have done a diligent and thorough search, which Defendant does not mention or state that such certification did not occur. *See* DE 133 at 1. And, as to other relief sought by Defendant, this Court very rarely permits "discovery on discovery," and there is no basis to grant that relief here.

Lastly, the Court treats any issue regarding RFA Nos. 126–128 as moot considering Plaintiffs' stipulation. [DE 138 at 5 n.4].

### III.     <u>CONCLUSION</u>

Accordingly, based on the foregoing, the Motion [DE 134] is **DENIED**. Again, the Court cautions all parties that any failure to produce responsive documents may result in serious sanctions. Lastly, any request for fees under Federal Rule of Civil Procedure 37 is **DENIED** as such a request is unjust under Rule 37(a)(5)(A)(iii).

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of May 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge