**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

     Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually

     Defendants.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Nothing in Defendants' Opposition (Doc. 140) changes the fact that the Court should strike Defendants' First, Second, Third, and Eighth Affirmative Defenses ("ADs"). For the reasons explained in the Motion (Doc. 130) and below, the Court should grant the Motion.

**I.      The First Three ADs are Legally Insufficient.**

In the Motion, Plaintiffs argue that the first three ADs should be stricken as legally insufficient because the Court has already determined that the first three ADs apply only to defamation claims, which are not at issue in this case.

In their Opposition, Defendants do not dispute that the Court has already rejected the first three ADs when it denied Defendants' motion to dismiss. Instead, Defendants assert that the Court's decision is not "immutable" and that the Court could revise its ruling. Opp. 1. But

1

Defendants do not offer any compelling reasons for the Court to change its mind. As a result, there is no reason for the Court to do so. *See Hornady v. Outokumpu Stainless USA, LLC,* 118 F.4th 1367, 1380 (11th Cir. 2024) ("[D]istrict courts should gently keep in mind the general point that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case"). The first three ADs should be stricken.

## II.      The Eighth AD Should Be Stricken.

The Eighth AD should be stricken for several reasons. *First*, Defendants do not deny that they lumped together multiple defenses in the Eighth AD. *Second*, Defendants fail to cite any authority providing that "substantially true," "opinion," "rhetorical hyperbole," or "protected commentary" are cognizable defenses to the claims asserted in this case. *Third*, Defendants still fail to allege any facts explaining how these defenses allegedly apply in this case. Indeed, Defendants still have not identified which challenged statements were allegedly "substantially true," "opinion," "rhetorical hyperbole," or "protected commentary." Accordingly, the Eighth AD should be stricken.

## CONCLUSION

For the reasons explained in the Motion and above, Plaintiffs respectfully request that the Court strike the First, Second, Third, and Eighth ADs.

2

Dated:  May 28, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com


*Attorney for Plaintiffs*

3