**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

       Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually

       Defendants.

_____/

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AS TO DEFENDANTS' AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs move for partial summary judgment as to defendants' First, Second, Third, Fifth, Sixth, and Eighth affirmative defenses ("ADs").

**INTRODUCTION**

Plaintiffs are entitled to partial summary judgment as to Defendants' First, Second, Third, Fifth, Sixth, and Eighth ADs because these affirmative defenses are legally insufficient and unsupported by admissible evidence.

This case arises from Defendants' coordinated campaign to make false and misleading statements about Plaintiffs' business for the purpose of diverting customers to competing businesses owned and controlled by Defendants. The operative Second Amended Complaint

1

asserts three causes of action for: (1) conspiracy to violate RICO; (2) violation of the Lanham Act; and (3) tortious interference.  *See* Doc. 49.

As explained in Plaintiffs' pending motion to strike affirmative defenses (Doc. 130), the first three ADs are inapplicable because Plaintiffs have not asserted a defamation claim in this case.  Indeed, in denying Defendants' motion to dismiss, the Court has already determined that these defenses are insufficient as a matter of law.  If the Court denies Plaintiffs' motion to strike, the Court should grant summary judgment in favor of Plaintiffs as to the first three ADs.

Partial summary judgment should also be granted as to Defendants' Fifth and Sixth ADs because they are factually unsupported.  Defendants' Fifth AD (estoppel) fails because Defendants cannot show that they: (a) detrimentally relied on Plaintiffs when they posted the FEDCAD meme; or (b) changed their position in reliance on Plaintiffs' conduct.  Defendants' Sixth AD (unclean hands) fails because there is no evidence that Defendants were injured by Plaintiffs' republication of the FEDCAD meme.

Finally, Defendants' Eighth AD (various common law defenses to defamation claims) is inapplicable to the claims asserted in this case and are unsupported by any admissible facts.

Accordingly, the Court should grant partial summary judgment in favor of Plaintiffs with respect to the First, Second, Third, Fifth, Sixth, and Eighth ADs.

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs operate a 3D gun business called DEFCAD that allows consumers to download files from their websites to make their own guns with a 3D printer and purchase kit parts and accessories, gun components, and barrels.  *See* Sec. Am. Compl., Doc. 49 at ¶ 15.  Defendants are affiliated with a rival business, MAF Corp., a Florida-based corporation owned by Larosiere and Hollaway, which also sells 3D gun kit parts and accessories.  *See id.* at Intro. & ¶¶ 22, 37-38, 49,

2

65.   Consumers in the 3D gun marketplace are sensitive to having their names and personal information publicized (even though the business is legal in almost every state).  *Id.* at ¶ 32.

In the Complaint, Plaintiffs allege that Defendants conspired to create and publish an internet meme named "FEDCAD," which falsely represents that: (1) DEFCAD's database has been "hacked and dumped," thereby exposing its customers' names to the public; (2) DEFCAD has cooperated with federal authorities and anti-gun activists against the interests of gun owners; and (3) DEFCAD's servers are hosted in Iran.  *See id.* at Intro. & ¶¶ 25, 29, 34, 55, 65.  Plaintiffs allege that the FEDCAD meme gained prominence on the internet among the 3D gun-printing community and caused Plaintiffs to lose more than $1 million.  *Id.* at ¶¶ 26, 30, 41, 69.[1]

## ARGUMENT

**A.      Defendants Must Present Admissible Evidence Supporting Their Affirmative Defenses.**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Ismael v. Roundtree,* 161 F.4d 752, 758 (11th Cir. 2025).

"[P]artial summary judgment may be properly granted on affirmative defenses."  *King v. Akima Glob. Servs., LLC*, No. 16-cv-25254, 2021 WL 52059690 at *3 (S.D. Fla. Nov. 8, 2021).  Where, as here, a plaintiff moves for summary judgment as to an affirmative defense, "the defendant bears the initial burden of showing that the affirmative defense is applicable."  *Naval*

---

[1] This motion for partial summary judgment is not accompanied by a statement of material facts because this motion is based on the legal insufficiency of certain ADs as well the *lack of evidence* supporting certain ADs.  In other words, Plaintiffs do not have to establish any undisputed material facts to prevail on this motion.

*Logistic, Inc. v. M/V Family Time*, No. 23-cv-22379, 2024 WL 3691535, at \*3 (S.D. Fla. Aug. 6, 2024) (quoting *Off. of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997)); *see also Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.,* 125 F. Supp. 2d 1093, 1098-99 (S.D. Fla. 2000).  A defendant also must "present admissible evidence legally sufficient to sustain a finding favorable to [it] on each element of that defense."  *Maxum Indem. Co. v. Cadillac Joe Promotions, LLC*, No. 4:16-cv-275, 2017 WL 10527430, at \*2 n.4 (N.D. Fla. Sept. 1, 2017) (quoting *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 154 (5th Cir. 2015)).  As explained below, Plaintiffs are entitled to partial summary judgment as to Defendants' First, Second, Third, Fifth, Sixth, and Eighth ADs.

**B.** **Defendants' ADs Are Inapplicable or Factually Unsupported.**

**1.** **The First Three ADs Are Legally Insufficient.**

The First, Second and Third ADs are premised on Chapter 770, Florida statutes, which apply to defamation claims. Specifically, the First AD alleges that Plaintiffs' claims are barred by Fla. Stat. § 770.01 (requiring defamation plaintiffs to provide pre-suit notice to media defendants), the Second AD alleges that Plaintiffs' claims are barred by Fla. Stat. § 770.07 (providing that the statute of limitations for defamation accrues at the time of first publication), and the Third AD alleges that Plaintiffs' claims are barred by "Florida's single-action and single-publication rules, including section 770.05." *See* Doc. 116 at p. 10.

Defendants moved to dismiss the Complaint on the grounds, among others, that it "is barred by Florida's §770 doctrine governing ***defamation-equivalent claims***." Doc. 56 at p. 3 (emphasis added).  In denying the motion to dismiss, the Court expressly rejected Defendants' contention that Chapter 770 applies because Plaintiffs have asserted defamation-equivalent causes of action. *See* Doc. 90 at p. 9 ("Chapter 770 applies only to actions for damages founded upon the publication of libel or slander… and Plaintiffs have not asserted a defamation claim.").  Because the Court has

4

already determined that the first three ADs do not apply in this case, Plaintiffs are entitled to partial summary judgment.

### 2.      The Fifth AD Lacks Factual Support.

Defendants' Fifth AD contends that Plaintiffs are "estopped" from pursuing their claims because Plaintiffs allegedly "republished" the meme "through their own websites."  Doc. 116 at p. 11.  Even if the estoppel defense were legally applicable to each of Plaintiffs' claims,[2] Plaintiffs would still be entitled to partial summary judgment.

Generally, "the doctrine of equitable estoppel precludes a [plaintiff] from asserting a claim . . . against [a defendant] who has detrimentally altered his position in reliance on the [plaintiff's] misrepresentation or failure to disclose some material fact."  *Federal Deposit Ins. Corp. v. Harrison,* 735 F.2d 408, 410 (11th Cir. 1984).[3]  Similarly, to establish the estoppel defense under the Lanham Act, a defendant must show: (1) words, acts, conduct, or acquiescence by the plaintiff causing the defendant to believe in the existence of a certain state of things; (2) willfulness or negligence with regard to the acts, conduct, or acquiescence; and (3) detrimental reliance by the defendant upon the state of things so indicated. *Board of Regents of the University System of Georgia v. Buzas Baseball, Inc.,* 176 F. Supp. 2d 1338, 1347-48 (N.D. Ga. 2001) (quoting *Tefel v. Reno,* 180 F.3d 1286, 1302 (11th Cir. 1999)).

Here, Defendants cannot present any evidence showing that Plaintiffs' temporary republishing of the FEDCAD meme on the Defcad.com website caused Defendants to believe in

---

[2] Undersigned counsel has been unable to find any cases in Eleventh Circuit considering an estoppel affirmative defense in the RICO context.

[3] *Accord United Automobile Insurance Co. v. Chiropractic Clinics of South Florida, PL*, 322 So. 3d 740, 743 (Fla. 3d DCA 2021) (noting that the elements of equitable estoppel, under Florida law, are: (1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon).

the truth of the matters asserted in the FEDCAD meme.  Indeed, Defendants had already created and disseminated the FEDCAD meme *before* Plaintiffs posted it on the Defcad.com website.  As a result, Defendants did not—and indeed could not—detrimentally rely on Plaintiffs or change their position in reliance on Plaintiffs' conduct.  The estoppel defense simply does not apply.

### 3.      The Sixth AD Lacks Factual Support.

The Sixth AD contends that Plaintiffs' claims are barred by the "unclean hands" doctrine because Plaintiffs republished the meme on their website.  "In asserting an unclean hands defense, the defendant must show (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing."  *MacuHealth, LP v. Vision Elements, Inc.*, No. 8:22-cv-199, 2023 WL 3863341 (M.D. Fla June 7, 2023) (citing *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015)).  In this case, there is no evidence that Defendants were personally injured by Plaintiffs' republication of the FEDCAD meme.  Accordingly, Plaintiffs are entitled to partial summary judgment on this affirmative defense.

### 4.      The Eighth AD Is Inapplicable and Unsupported.

Defendants' Eighth AD asserts that "Plaintiffs' claims are barred . . . because the challenged statements and publications were true, substantially true, nonactionable opinion, rhetorical hyperbole, or protected commentary."  Doc. 116 at pp. 11-12.  But Defendants cannot meet their burden of showing that these defenses are applicable in this case.  In fact, most of these defenses appear to be common law defenses to defamation claims.  Even if these were valid defenses to the claims asserted in this case (which they are not), there is no evidence that these defenses would apply to the challenged statements.  For example, Defendants cannot show that the FEDCAD meme is "protected commentary."  Nor can Defendants show that each of the challenged statements—*e.g.*, that DEFCAD's database was "hacked and dumped" —are "nonactionable

opinion" or "rhetorical hyperbole."  Accordingly, Plaintiffs are entitled to summary judgment as to the Eighth AD.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court; (1) enter partial summary judgment in their favor as to defendants' First, Second, Third, Fifth, Sixth, Seventh, and Eighth ADs; and (2) grant any further relief that it deems just and proper.

Dated:  May 28, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*

7