**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN     ELIK,     individually;     MATTHEW
LAROSIERE,     individually;     ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and   JOHN   LETTMAN,   individually;   ZACK
CLARK, individually
          Defendants.

_____/

**PLAINTIFFS' RESPONSES TO DEFENDANT JOHN ELIK'S FIRST**
**SUPERSEDING CONSOLIDATED INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs Defense Distributed, DD

Foundation, LLC, and DEFCAD, Inc. ("Plaintiffs") respond and object to First Superseding

Consolidated Interrogatories propounded by defendant John Elik ("Elik").

    1.     Identify each statement that You contend John Elik made, approved, adopted, or
caused to be published about any Plaintiff, DEFCAD, Inc., Defense Distributed,
DD Foundation, LLC, or "FEDCAD."

**RESPONSE**: Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory
may be determined by examining the documents produced by the parties in discovery.
Additionally, Elik posted hundreds of negative comments about Plaintiffs on Reddit, which he has
since deleted.

    2.     For each statement identified in response to the preceding interrogatory, state why
You contend it was false or misleading.

**RESPONSE**: The FEDCAD meme, which Elik posted, is false and misleading because DEFCAD,
in fact, encrypts its data, does not have a "database" that "has been hacked and dumped," has not

1

"doxxed developer information to antigunners," and has not "attempted to blackmail" defendants. Additionally, Elik's co-conspirators have falsely represented that DEFCAD hosts its website in Iran.

3. State all facts upon which You rely for Your contention that any statement of John Elik was made in a commercial context.

**RESPONSE**: Elik's online statements were made in a commercial context because they influence consumer behavior. In particular, Elik has spread false and misleading statements about Plaintiffs and encouraged Plaintiffs' customers to stop patronizing Plaintiffs' businesses and to charge back their credit cards.

4. State all facts on which You rely for Your contention that John Elik threatened that disinformation would be spread if files were not removed from DEFCAD's website, demanded removal of files from any Plaintiff's website, or that any such alleged demand affected DD Foundation, LLC.

**RESPONSE**: Elik made these threats to Garret Walliman via Rocket.Chat in August 2022 and via text message, through his attorney Matthew Larosiere, in October 2023.

5. Identify each communication on which You rely for the contention described in the preceding interrogatory.

**RESPONSE**: Elik made these threats to Garret Walliman via Rocket.Chat in August 2022 and via text message, through his attorney Matthew Larosiere, in October 2023.

6. Identify the files that You contend John Elik demanded be removed, and identify all licenses that permitted You to copy those files.

**RESPONSE**: Elik and his attorney Larosiere demanded that Plaintiffs remove all "Gatalog"-related files from the DEFCAD website in October 2023.

7. State all facts on which You rely for Your contention that John Elik became associated with MAF Corp.

**RESPONSE**: Elik is MAF Corp's biggest spokesperson on Reddit. He has regularly claimed that MAF Corp. is good for the 3D print gun "community" and for "development," two things Elik organizes through The Gatalog.

8. State all facts on which You rely for Your contention that John Elik agreed with any other defendant to publish or spread the FEDCAD meme, or otherwise agreed with any other defendant to engage in the conduct alleged in the Complaint. Identify each communication on which You rely for that contention.

**RESPONSE**: Plaintiffs object to the interrogatory to the extent it seeks "all facts," which are too numerous to state. In short, Elik testified during his deposition, and his public posts confirm, that

the other defendants have been his friends and business associates for years. Peter Celentano, Josh Stroke, and Cody Wilson testified during their depositions about defendants' coordinated efforts. The defendants' close relationship and coordinated posting of the FEDCAD meme is circumstantial evidence of an agreement to engage in the conduct alleged in the Complaint.

9.    State all facts on which You rely for Your contention that John Elik caused or helped cause the publication of the FEDCAD meme.

**RESPONSE**: Elik is an administrator of the Gatalog Rocket.Chat and the head of public relations for The Gatalog. The FEDCAD meme was created by his subordinate with his approval and direct contribution. The FEDCAD meme was first shared on the Rocket.Chat he administers. It was shared by him and others on that Rocket.Chat for the purpose of spreading it online. Elik further helped the publication of the meme by referencing it dozens of times over the years.

10.    State all facts on which each Plaintiff relies for its contention that it was injured by any act of John Elik.

**RESPONSE**: Plaintiffs object to the interrogatory to the extent it seeks "all facts," which are too numerous to state. In short, the answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra and the documents produced by the parties in this case. In addition to his individual actions, Elik caused harm by joining a conspiracy with the other defendants to injure Plaintiffs.

11.    Identify each business relationship, customer, or other relationship that You contend John Elik harmed, lost, or deterred.

**RESPONSE**: Barret Collier and Eric Goldhaber stopped hosting their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Elik and the other defendants. Multiple other customers reported in exit surveys that they stopped doing business with Plaintiffs for the same reasons. The answer to this interrogatory may also be determined by examining the customer exit surveys produced by Plaintiffs in discovery as well as the expert opinion report of Jason Tyra.

12.    State how You contend John Elik harmed, lost, or deterred each relationship or customer identified in response to the preceding interrogatory.

**RESPONSE**: Barret Collier and Eric Goldhaber stopped hosting their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Elik and the other defendants. Multiple other customers reported in exit surveys that they stopped doing business with Plaintiffs for the same reasons. The answer to this interrogatory may also be determined by examining the customer exit surveys produced by Plaintiffs in discovery as well as the expert opinion report of Jason Tyra.

13.    State all facts on which You rely for Your contention that John Elik knew of any business relationship belonging to any Plaintiff.

**RESPONSE**: Elik was aware of Eric Goldhaber, and he and the other defendants interfered with Plaintiffs' other customer relationships by regularly publishing false and misleading statements about Plaintiffs in forums where Plaintiffs' customers would likely see their statements.

14. State the amount of damages that each Plaintiff contends it suffered as a result of John Elik.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra. Specifically, Mr. Tyra's report calculates the losses suffered by Plaintiffs' businesses. Additionally, Plaintiffs have incurred substantial attorneys' fees and costs in this case, which continue to accrue.

15. State how You calculated the amount articulated in response to the preceding interrogatory.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra.

16. Explain how You verified that any alleged loss in customers was due to the specific instances of the "FEDCAD meme" You complain about and not due to Cody Rutledge Wilson being perceived as a pedophile or ephebophile by members of the public, or reporting around Cody Rutledge Wilson's criminal charges and case.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra and customer exit surveys. Plaintiffs further state that the timing of events generally establishes that defendants, not other events, caused the substantial reduction in Plaintiffs' revenue and profits.

17. Identify each document on which You rely for any contention that John Elik is liable to any Plaintiff.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra, the deposition transcripts in this case, and documents produced in discovery, including Elik's public statements about Plaintiffs.

18. When was the first time You became aware of the "FEDCAD meme," and when was the first time You denied any content in the "FEDCAD meme"?

**RESPONSE**: May 2023.

19. Explain why Defense Distributed denied that Cody Rutledge Wilson holds resentments over being viewed as a pedophile by the public.

**RESPONSE**: Plaintiffs object to this interrogatory as unintelligible and argumentative. Defense Distributed denied these things because they are untrue.

20. Explain why Cody Rutledge Wilson resigned from Defense Distributed in 2018 and why Cody Rutledge Wilson rejoined Defense Distributed afterwards.

**RESPONSE**: Cody Wilson resigned from Defense Distributed in 2018 because he was under felony indictment. He rejoined Defense Distributed in October 2019 after pleading guilty to a lesser charge of injury to a child.

21. Provide the identities of the individual(s) who created the preview graphics for the "FEDCAD-19" available on Defcad.com. For the purposes of this interrogatory, "preview graphics" are those that are displayed to a visitor of the "FEDCAD-19" web page that contain reproductions, renders, or previews of the "FEDCAD-19." (For your reference, see https://defcad.com/library/fedcad-19/, or the archived version https://archive.is/AnpQa, and the following images)

**RESPONSE**: Thomas Odom

## <u>VERIFICATION</u>

I declare under penalty of perjury under the laws of the United States of America that the foregoing interrogatory responses are true and correct to the best of my knowledge and belief.

Executed on May 14, 2026

Name: Cody Wilson
Title: Owner and Manager of Plaintiffs

5

**PLAINTIFFS RESPONSES TO DEFENDANT JOHN ELIK'S SECOND SUPERSEDING CONSOLIDATED REQUESTS FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 34, plaintiffs Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. respond and object to Superseding Consolidated Requests for Production propounded by defendant John Elik.

1. Produce each statement identified in response to Interrogatory No. 1, including any post, publication, image, meme, screenshot, URL, archived copy, or other copy of the statement in Your possession, custody, or control.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

2. Produce each communication identified in response to Interrogatory No. 5.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

3. Produce each communication identified in response to Interrogatory No. 8.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

4. Produce documents sufficient to identify each file identified in response to Interrogatory No. 6.

**RESPONSE**: Plaintiffs object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Elik generally demanded the removal of all files. Plaintiffs understand that Elik had hundreds of files on Plaintiffs' websites at that time. The substantial burden of producing documents identifying each file is not proportional to the minimal (if any) benefit to Elik given that the specific files are not relevant to any claims or defenses in this case.

5. Produce each file identified in response to Interrogatory No. 6.

**RESPONSE**: Plaintiffs object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Elik generally demanded the removal of all files. Plaintiffs understand that Elik had hundreds of files on Plaintiffs' websites at that time. The substantial burden of producing each file is not proportional to the minimal (if any) benefit to Elik given that the specific files are not relevant to any claims or defenses in this case.

6. Produce documents sufficient to show the existence, identity, and nature of each business relationship or customer identified in response to Interrogatory No. 11,

6

and any communication in Your possession, custody, or control reflecting that the relationship or customer was harmed, lost, or deterred because of John Elik.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

7.      Produce each document identified in response to Interrogatory No. 17.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

8.      From January 1, 2021, to the present, produce Documents and Communications concerning anti-DDoS protection, anti-hacking protection, security monitoring services, security tools, incident response services, web application firewalls (WAF), traffic scrubbing, intrusion detection/prevention systems, monitoring platforms, or any other cybersecurity services, software, hardware, or configurations used or considered for the protection of DEFCAD, Defcad.com, or any other website, platform, server, network, or online service operated or controlled by You.  This Request includes, but is not limited to:

a.      Any contracts, agreements, service orders, invoices, or payment records with providers of anti-DDoS, anti-hacking, or security monitoring services, including but not limited to Cloudflare or similar providers;

b.      All proposals, evaluations, quotes, or comparisons of security tools or services;

c.      Internal documents, configurations, setup guides, dashboards, logs, or reports showing the implementation, operation, alerts, or performance of such protections;

d.      Communications discussing the selection, purchase, configuration, testing, or effectiveness of any anti-DDoS, anti-hacking, or security monitoring tools or services; and

e.      Any incident reports, alerts, or analyses generated by such security tools or services.

**RESPONSE**: Plaintiffs object to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs have already produced data security reports and software code commits disproving the false statements in the FEDCAD meme. It would be incredibly burdensome for Plaintiffs to collect and review millions of potentially responsive documents.  This immense burden is not proportional to the minimal (if any) benefit that Elik would obtain from the requested documents, which are not directly relevant to any claims or defenses.

9.      From January 1, 2021, to the present, produce Documents and Communications reflecting the computer infrastructure used to host, operate, or support DEFCAD, Defcad.com, or any other website, platform, application, database, or online service controlled or operated by You.  This Request includes, but is not limited to:

      a.     Any contracts, service agreements, statements of work, invoices, or payment records with hosting providers, cloud providers, or colocation companies;

      b.     All documents identifying the physical or geographic locations of servers, data centers, or hosting facilities, including country, city, or specific data center;

      c.     Lists or diagrams of hosting environments, cloud instances, virtual private servers (VPS), dedicated servers, or hybrid setups;

      d.     Communications discussing the selection, migration, configuration, or management of any hosting provider or server environment; and

      e.     Any internal records, spreadsheets, configuration files, or architecture diagrams showing current or historical hosting setups.

**RESPONSE**: Plaintiffs object to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs have updated their computer infrastructure multiple times since 2021. This request improperly seeks a wide variety of confidential and proprietary documents that have no apparent relevance to the claims or defenses. The immense burden that Plaintiffs would face in producing responsive documents is not proportional to the minimal (if any) benefit that Elik would obtain from the documents.

10.     From January 1, 2021, to the present, produce Documents and Communications reflecting any access to DEFCAD, Defcad.com, or any related website, platform, server, database, or online service from foreign IP addresses, i.e., IP addresses originating outside the United States. This Request includes, but is not limited to:

      a.     All server access logs, web server logs, application logs, firewall logs, authentication logs, or database logs showing connections or access attempts from foreign IP addresses;

      b.     Any reports, summaries, analyses, or alerts generated regarding foreign traffic or foreign access;

      c.     All documents identifying the geographic origin, including country, region, or city, of such foreign IP addresses; and

      d.     Any internal communications discussing, investigating, blocking, or responding to access from foreign IP addresses.

**RESPONSE**: Plaintiffs object to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs' websites are accessed by foreign IP address on a daily basis. The immense burden that Plaintiffs would face in producing responsive documents is not proportional to the minimal (if any) benefit that Elik would obtain from the requested documents, which have no apparent relevance to the claims or defenses.

11.     From January 1, 2021, to the present, produce all Documents and Communications between or among You and any individual known as "JG", "Joe G", or associated with the email address jg@exfiltrate.io, or jjgregg83@gmail.com , or any variation thereof. This Request includes all emails, text messages, Slack messages, Discord messages, direct messages, phone calls, transcripts or notes, meeting notes, meeting

summaries, invoices, contracts, or any other form of correspondence with this individual.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

12. From January 1, 2021, to the present, produce Documents and Communications reflecting, evidencing, or relating to any compensation or exchange of value between You and "JG", "Joe G", or any individual or entity associated with the email address jg@exfiltrate.io, or jjgregg83@gmail.com, or any variation thereof. This Request includes, but is not limited to:
   a. All invoices, bills, payment requests, or statements;
   b. All checks, wire transfers, ACH payments, PayPal, Venmo, Cash App, Zelle, cryptocurrency transfers, or other payment records;
   c. All bank statements, accounting ledgers, QuickBooks entries, financial spreadsheets, or internal records showing payments to or from JG / Joe G;
   d. All contracts, consulting agreements, retainer agreements, or engagement letters; and
   e. All communications discussing, approving, requesting, confirming, or reconciling any such payments or financial arrangements.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

13. From January 1, 2021, to the present, produce Documents and Communications that relate to any hacked, dumped, leaked, stolen, or otherwise non-public material obtained from DEFCAD, Defcad.com, or any of Your services that was provided to You, or to any of Your employees, contractors, principals, or agents, by "JG", "Joe G", or any individual associated with the email address jg@exfiltrate.io, or jjgregg83@gmail.com, or any variation thereof.  This Request includes, but is not limited to:
   a. Any files, datasets, databases, user lists, logs, emails, chat histories, or other materials received from JG;
   b. All communications with JG transmitting, discussing, analyzing, or sharing such hacked, dumped, or non-public materials; and
   c. Any internal discussions, Slack messages, notes, or reports evaluating, storing, or acting upon materials provided by JG.

**RESPONSE**: After diligent search, Plaintiffs have been unable to locate any documents responsive to this request.

14. From January 1, 2021, to the present, produce Documents and Communications that mention "JG", "Joe G", or any individual associated with the email address jg@exfiltrate.io or jjgregg83@gmail.com, or any variation thereof, in connection with hacking, dumping, leaking, exploiting, identifying, or reporting security vulnerabilities, weaknesses, breaches, or similar issues with DEFCAD,

9

Defcad.com, or any of Your platforms, servers, databases, or online services.  This Request includes, but is not limited to:

a. Any discussions about JG providing hacked, dumped, or leaked material;

b. Any communications regarding JG identifying or exploiting security vulnerabilities; and

c. Any internal Slack messages, emails, or reports evaluating vulnerabilities or data provided by JG.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

15. From January 1, 2021, to the present, produce Documents and Communications between or among You and any third-party individual or entity, other than Your own employees, contractors, officers, or agents, that mention hacking, dumping, leaking, exploiting, identifying, reporting, or provide information about security vulnerabilities, weaknesses, breaches, or similar issues with DEFCAD, Defcad.com, or any of Your platforms, servers, databases, or online services.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

16. From January 1, 2021, to the present, produce Documents and Communications that concern any actual or suspected hack, breach, exploit, or security vulnerability affecting DEFCAD, Defcad.com, or any of Your platforms, servers, databases, or online services.

**RESPONSE**: After diligent search, Plaintiffs have been unable to locate any documents responsive to this request.

17. From January 1, 2018, to the present, produce Documents and Communications that mention, reference, discuss, analyze, evaluate, or otherwise concern the reputational impact of Mr. Cody Rutledge Wilson on the business, operations, or public image of Defense Distributed, Defcad, Inc., DD Foundation, DEFCAD, Defcad.com, or any other entity operated or controlled by You.

**RESPONSE**: After diligent search, Plaintiffs have been unable to locate any documents responsive to this request.

Dated:  May 14, 2026

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*