**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
         Defendants.
_____/

**PLAINTIFFS' RESPONSES TO DEFENDANT MATTHEW LAROSIERE'S FIRST**
**SUPERSEDING CONSOLIDATED INTERROGATORIES TO PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs Defense Distributed, DD

Foundation, LLC, and DEFCAD, Inc. ("Plaintiffs") respond and object to the First Superseding

Consolidated Interrogatories propounded by defendant Matthew Larosiere ("Larosiere").

1. Describe, in detail, the business operations of DD Foundation, LLC. For example, what products or services does it provide?

**RESPONSE**: DD Foundation sells monthly and annual membership products in support of the mission of Defense Distributed.

2. Describe, in detail, how DD Foundation, LLC makes money.

**RESPONSE**: DD Foundation makes money by selling monthly and annual membership products in support of the mission of Defense Distributed.

3. Describe, in detail, the nature of the "profit sharing" You contend You have with the other Plaintiffs.

**RESPONSE**: Plaintiffs do not contend that they engage in "profit sharing" with each other.

1

4.       Explain what You meant in the Complaint when You said that each company shares profits.  This explanation must include a summary which notes the total amount of money shared between each business.  This explanation must also explain why You denied sharing profits in Larosiere v. Wilson, 6:24-cv-01629.

**Facts Common to All Counts.**

15.    Plaintiffs share the income produced by DEFCAD's legal file sharing business, through online sales, mainly generated through their website: www.defcad.com.

(Doc 1 ¶15)

**DEFENDANT, DEFCAD, INC.'S, RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendant, DEFCAD, INC., pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's Request for Admissions, and states as follows:

REQUEST NO. 1:   Admit that Defcad shares some or all of the income it makes with other companies.

**RESPONSE: Denied.**

**DEFENDANT, DEFENSE DISTRIBUTED'S, RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendant, DEFENSE DISTRIBUTED, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff, MATTHEW LAROSIERE's Request for Admissions, and states as follows:

REQUEST NO. 1:   Admit that at least some of the income you have "shared" from Defcad was generated in part or in whole while Defcad made the works at issue available.

**RESPONSE: Denied.**

**RESPONSE**: Plaintiffs do not contend that they engage in "profit sharing" with each other. In fact, Plaintiffs share membership subscription income.  These memberships are sold across all of Plaintiffs' websites and grant access to DEFCAD and Plaintiffs' other products.

5.       Identify each act by Matthew Larosiere that You contend supports any claim by You against him.

**RESPONSE**: Plaintiffs object to this interrogatory to the extent it asks Plaintiffs to identify "each act" supporting their claims against Larosiere, which are too numerous to state.  In short, Larosiere is friends with, and has employed, defendants Elik, Holladay, Clark, and Stroke. He owns MAF

2

Corp. and is an executive and administrator of The Gatalog and its affiliated platform and entities. Larosiere is a co-publisher of The Gatalog's content and has a financial interest in its branded products, which he offers for sale on MAF Corp's website. Larosiere employs defendants Elik and Holladay to both create these products and to publish false and misleading statements about Plaintiffs in forums where Plaintiffs' customers would likely see their statements.  The purpose of their actions is to divert customers away from Plaintiffs and towards businesses owned or controlled by the defendants.

6.  Identify each statement that You contend Matthew Larosiere made, approved, adopted, or caused to be published about any Plaintiff, DEFCAD, Inc., Defense Distributed, DD Foundation, LLC, or the "FEDCAD meme."

**RESPONSE**: Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be determined by examining the documents produced by Plaintiffs in discovery. In addition to his individual statements, Larosiere approved, adopted, or caused to be published the statements made by his co-conspirators about Plaintiffs.

7.  For each statement identified in response to the preceding interrogatory, state why You contend the statement was false or misleading.

**RESPONSE**: The FEDCAD meme, which Larosiere approved and adopted, is false and misleading because DEFCAD, in fact, encrypts its data, does not have a "customer database" that "has been hacked and dumped," has not "doxxed developer information to antigunners," and has not "attempted to blackmail" defendants.  Additionally, Larosiere's co-conspirators have falsely represented that DEFCAD hosts its website in Iran.

8.  State all facts on which You rely for Your contention that Matthew Larosiere controlled or directed the publication of the FEDCAD meme.

**RESPONSE**: Plaintiffs object to this interrogatory to the extent it seeks to require Plaintiffs to list "all facts," which are too numerous to state.  In short, Larosiere is friends with, and has employed, defendants Elik, Holladay, Clark, and Stroke. The defendants' close relationship and coordinated posting of the FEDCAD meme and other false and misleading statements about Plaintiffs are circumstantial evidence that Larosiere controlled and directed the publication of the FEDCAD meme for the purpose of diverting customers away from Plaintiffs and towards businesses owned or controlled by Larosiere.  The answer to this interrogatory may also be determined by examining the documents produced by the parties in discovery (including the employment agreement between Larosiere and Elik) as well as the deposition testimony of Peter Celentano, Larosiere, Elik, and Cody Wilson.

9.  Identify each communication on which You rely for Your contention that Matthew Larosiere approved the December 31, 2025 X post attributed to Zackary Clark.

**RESPONSE**: The answer to this interrogatory may be determined by examining the documents produced by Plaintiffs in discovery as well as the deposition testimony of defendant Clark.

10.  State all facts on which You rely for Your contention that Matthew Larosiere directed any other defendant to engage in any conduct that harmed any Plaintiff.

**RESPONSE**: Plaintiffs object to this interrogatory to the extent it seeks to require Plaintiffs to list "all facts," which are too numerous to state.  In short, Larosiere is friends with, and has employed,

3

defendants Elik, Holladay, Clark, and Stroke. The defendants' close relationship and coordinated posting of the FEDCAD meme and other false and misleading statements about Plaintiffs are circumstantial evidence that defendants agreed to make false statements about Plaintiffs (in forums where Plaintiffs' customers would likely see his statements) for the purpose of diverting customers away from Plaintiffs and towards businesses owned or controlled by Larosiere.  The answer to this interrogatory may also be determined by examining the documents produced by the parties in discovery (including the employment agreement between Larosiere and Elik) as well as the deposition testimony of Peter Celentano, Larosiere, Elik, and Cody Wilson.

11. Identify each communication on which You rely for Your contention that Matthew Larosiere directed any other defendant to engage in any complained-of conduct.

**RESPONSE**: The answer to this interrogatory may be determined by examining the documents produced by the parties in discovery (including the communications produced by Stroke and Elik) as well as the deposition testimony of Peter Celentano and Cody Wilson.

12. State all facts on which You rely for Your contention that Matthew Larosiere acted through MAF Corp. to divert business away from, or otherwise injure, any Plaintiff.

**RESPONSE**: Plaintiffs object to the interrogatory to the extent it seeks to require Plaintiffs to list "all facts," which are too numerous to state.  In short, the answer to this interrogatory may be determined by examining the documents produced by the parties in discovery (including the communications produced by Stroke and Elik) as well as the deposition testimony of Stroke and Larosiere.  In particular, Stroke testified, and publicly posted, that she is a subordinate of Larosiere. Additionally, Larosiere has publicly stated that any offensive statements made by Stroke about Plaintiffs should be deemed to have come from him personally.  Defendants made false statements about Plaintiffs in forums where Plaintiffs' customers would likely see his statements for the purpose of diverting customers away from Plaintiffs and towards businesses owned or controlled by Larosiere.

13. Identify each business relationship, customer, creator, vendor, partner, or advantageous business relationship of Yours that You contend Matthew Larosiere harmed, interfered with, caused to be lost, or caused to avoid doing business with You.

**RESPONSE**: Barret Collier and Eric Goldhaber stopped hosting their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Larosiere and the other defendants.  Multiple other customers reported in exit surveys that they stopped doing business with Plaintiffs for the same reasons.  The answer to this interrogatory may also be determined by examining the customer exit surveys produced by Plaintiffs in discovery as well as the expert opinion report of Jason Tyra.  In addition to his individual actions, Larosiere caused harm by joining a conspiracy with the other defendants to injure Plaintiffs.

14. State how You contend Matthew Larosiere harmed, interfered with, caused the loss of, or caused the avoidance of each relationship, customer, creator, vendor, or partner identified in response to the preceding interrogatory.

**RESPONSE**: Barret Collier and Eric Goldhaber stopped hosting their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Larosiere and the other defendants.  Multiple other customers reported in exit surveys that they

stopped doing business with Plaintiffs for the same reasons.  The answer to this interrogatory may also be determined by examining the customer exit surveys produced by Plaintiffs in discovery as well as the expert opinion report of Jason Tyra.  In addition to his individual actions, Larosiere caused harm by joining a conspiracy with the other defendants to injure Plaintiffs.

15.    State all facts on which You rely for Your contention that Matthew Larosiere knew of any business relationship or advantageous business relationship belonging to You before the alleged interference.

**RESPONSE**: Plaintiffs object to the interrogatory to the extent it seeks to require Plaintiffs to list "all facts," which are too numerous to state.  In short, Larosiere was aware of Eric Goldhaber's relationship with Plaintiffs, and he and the other defendants interfered with Plaintiffs' other customer relationships by regularly publishing false and misleading statements about Plaintiffs in forums where Plaintiffs' customers would likely see their statements.  The answer to this interrogatory may also be determined by examining the depositions of Peter Celentano and Cody Wilson.

16.    State all facts on which You rely for Your contention that Matthew Larosiere intentionally and unjustifiably interfered with the relationship identified in response to the preceding interrogatory.

**RESPONSE**: Plaintiffs object to the interrogatory to the extent it seeks to require Plaintiffs to list "all facts," which are too numerous to state.  In short, the answer to this interrogatory may be determined by examining the documents produced by the parties in discovery (including the communications produced by Stroke and Elik) as well as the deposition testimony of Stroke and Larosiere.  In particular, Stroke testified, and publicly posted, that she is a subordinate of Larosiere.  Additionally, Larosiere has publicly stated that any offensive statements made by Stroke about Plaintiffs should be deemed to have come from him personally.  In addition to his individual actions, Larosiere interfered with Plaintiffs' business relationships by joining a conspiracy with the other defendants.

17.    State the amount of damages that each Plaintiff contends it suffered as a result of Matthew Larosiere.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra.  Specifically, Mr. Tyra's report calculates the losses suffered by Plaintiffs' businesses.  Additionally, Plaintiffs have incurred substantial attorneys' fees and costs in this case, which continue to accrue.

18.    State how You calculated the amount articulated in response to the preceding interrogatory.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra.

19.    Explain the transformative changes or commentary You added to the "FEDCAD meme" hosted on Defcad.com.

**RESPONSE**: By hosting the FEDCAD meme on Defcad.com, Plaintiffs showed to consumers that they were not hiding from, or ashamed of, the false allegations in the meme.  Additionally, by linking to the lawsuit about the meme, Plaintiffs provided information for viewers to determine

the falsity of the meme for themselves.  Plaintiffs effectively reframed the issue and took control of the narrative, thereby mitigating their damages.

20.     Explain why You only brought this action after You were sued for copyright infringement.

**RESPONSE**: Plaintiffs deny any causal relationship between the copyright action and this lawsuit. Plaintiffs brought this action when it became apparent that defendants would not stop posting false and misleading statements about Plaintiffs, when they had sufficient evidence to prosecute their claims, when they had suffered sufficient harm to justify the time and expense of pursuing this lawsuit, and when they were able to retain counsel.

21.     Provide the identities of all individual(s) who created the preview graphics for the "FEDCAD meme" available on Defcad.com.  For the purposes of this question, "preview graphics" are those that are displayed to a visitor of the "FEDCAD meme" web page that contain portions of the "FEDCAD meme." (For your reference, see https://defcad.com/library/fedcad-meme/ or the archived version https://archive.is/9JZMF and the following image).



**RESPONSE**: Joshua Stroke

22.     Explain how You verified that Your alleged loss in customers was due to the specific instances of the "FEDCAD meme" You complain about and not due to public statements regarding Your theft of credit or designs.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra.  Plaintiffs further state that the timing of events generally establishes that defendants' campaign of false statements, not other events, caused the substantial reduction in Plaintiffs' revenue and profits.

6

23.  Explain how You verified that Your alleged loss in customers was due to the specific instances of the "FEDCAD meme" You complain about and not due to Your refusal to respect DMCA requests.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra.  Plaintiffs further state that the timing of events generally establishes that defendants' campaign of false statements, not other events, caused the substantial reduction in Plaintiffs' revenue and profits.

24.  Explain why You never censored the Account and Routing number of a private individual from Your blog post "Gatalogy" despite being on notice You were exposing that information.  (For your reference, see the following image and https://ddlegio.com/gatalogy/ or its archived version at https://web.archive.org/web/20251010035109/https://ddlegio.com/gatalogy/)



**RESPONSE**: Plaintiffs deny that this image shows the account or routing number of a "private individual."  To the contrary, it shows certain account information for a business named "Additive Modeling Solu…".

25.    Explain how You verified that Your alleged loss in customers was due to the specific instances of the "FEDCAD meme" You complain about and not due to Your connection to "Hatetreon" via Your principal, Cody Rutledge Wilson.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra. Plaintiffs further state that the timing of events generally establishes that defendants' campaign of false statements, not other events, caused the substantial reduction in Plaintiffs' revenue and profits.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing interrogatory responses are true and correct to the best of my knowledge and belief.

Executed on May 14, 2026

Name: Cody Wilson
Title: Owner and Manager of Plaintiffs

8

**DEFENDANT MATTHEW LAROSIERE'S FIRST SUPERSEDING CONSOLIDATED REQUESTS FOR PRODUCTION TO PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 34, plaintiffs Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. respond and object to the First Superseding Consolidated Requests for Production propounded by defendant Matthew Larosiere.

1.    Produce each statement identified in response to Interrogatory No. 6, including any post, publication, image, meme, screenshot, URL, archived copy, or other copy of the statement in Your possession, custody, or control.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

2.    Produce each communication identified in response to Interrogatory No. 9.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

3.    Produce each communication identified in response to Interrogatory No. 11.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

4.    Produce documents sufficient to show the existence, identity, and nature of each business relationship, customer, creator, vendor, partner, or advantageous business relationship identified in response to Interrogatory No. 13, and any communication in Your possession, custody, or control reflecting that the relationship, customer, creator, vendor, or partner was harmed, interfered with, lost, or caused to avoid doing business with You because of Matthew Larosiere.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

5.    Produce each Document or Communication reflecting, referring to, or evidencing Your contention that Matthew Larosiere controlled or directed the publication of the FEDCAD meme.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

6.    Produce each Document or Communication reflecting, referring to, or evidencing Your contention that Matthew Larosiere directed any other defendant to engage in any conduct that harmed any Plaintiff.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

7.    Produce each Document or Communication reflecting, referring to, or evidencing Your contention that Matthew Larosiere acted through MAF Corp. to divert business away from, or otherwise injure, any Plaintiff.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

8.      Produce each Document or Communication reflecting, referring to, or evidencing the facts identified, referenced, relied upon, or described in response to Interrogatory No. 16.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

9.      Produce each Document or Communication reflecting, referring to, or evidencing Your calculation of damages identified, referenced, relied upon, or described in response to Interrogatory Nos. 17 or 18.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

10.      Produce each Document or Communication reflecting, referring to, or evidencing the transformative changes or commentary You added to the "FEDCAD meme" hosted on Defcad.com.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

11.      Produce each Document or Communication reflecting, referring to, or evidencing why You only brought this action after You were sued for copyright infringement.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

12.      Produce documents sufficient to identify all individual(s) who created the preview graphics for the "FEDCAD meme" available on Defcad.com, as identified in response to Interrogatory No. 21.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

13.      Produce each Document or Communication reflecting, referring to, or evidencing how You verified that Your alleged loss in customers was due to the specific instances of the "FEDCAD meme" You complain about and not due to public statements regarding Your theft of credit or designs.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

14.      Produce each Document or Communication reflecting, referring to, or evidencing how You verified that Your alleged loss in customers was due to the specific instances of the "FEDCAD meme" You complain about and not due to Your refusal to respect DMCA requests.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

15. Produce each Document or Communication reflecting, referring to, or evidencing why You never censored the Account and Routing number of a private individual from Your blog post "Gatalogy" despite being on notice You were exposing that information.

**RESPONSE**: After diligent search, Plaintiffs have been unable to locate any responsive documents.

16. Produce each Document or Communication reflecting, referring to, or evidencing how You verified that Your alleged loss in customers was due to the specific instances of the "FEDCAD meme" You complain about and not due to Your connection to "Hatetreon" via Your principal, Cody Rutledge Wilson.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

Dated: May 14, 2026

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**

155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: /s/ *Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*