**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
          Defendants.

_____/

**PLAINTIFFS' RESPONSES TO DEFENDANT JOSH KIEL STROKE'S FIRST**
**SUPERSEDING CONSOLIDATED INTERROGATORIES TO PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 33, plaintiffs Defense Distributed, DD

Foundation, LLC, and DEFCAD, Inc. ("Plaintiffs") respond and object to the First Superseding

Consolidated Interrogatories for Production propounded by defendant Josh Kiel Stroke ("Stroke").

1. State all facts on which You rely for Your contention that the persona "Zona" was Josh Kiel Stroke.

**RESPONSE**: Plaintiffs rely on Stroke's discovery responses and sworn deposition testimony admitting this fact.

2. Identify each account, handle, or online persona that You contend Josh Kiel Stroke used in committing any act alleged in the Complaint.

**RESPONSE**: Zona, IamArizona, SillygirlSociety, and SillygirlPsyops

3. Identify each statement or repost that You contend Josh Kiel Stroke made, published, or reposted about any Plaintiff, DEFCAD, Inc., Defense Distributed, DD Foundation, LLC, "FEDCAD," or the "FEDCAD meme."

**RESPONSE**: Plaintiffs object to this interrogatory as overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. Plaintiffs have found at least 241 statements, posts,

or reposts made by Stroke about Plaintiffs. On Twitter/X alone, there are 94 pages of archived messages. From May 2023 until July 2024, Stroke posted the FEDCAD meme in direct reply to DEFCAD posts on Twitter/X nearly every day. In further response to this interrogatory, the answer to this interrogatory may be determined by examining the statements and posts/reposts produced by Plaintiffs and Stroke in discovery in this case.

4.     Identify each online channel, platform, or forum on which You contend Josh Kiel Stroke published content or reposted the FEDCAD meme.

**RESPONSE**: Instagram, Discord, The Gatalog Rocket.Chat, Twitter/X, and Reddit

5.     State why You contend each statement or repost identified in response to the preceding interrogatories was false or misleading.

**RESPONSE**: Plaintiffs object to the interrogatory to the extent it seeks "all facts," which are too numerous to state. In short, Plaintiffs contend that the FEDCAD meme is false, misleading, and actionable because DEFCAD encrypts its data, does not have a "database" that "has been hacked and dumped," has not "doxxed developer information to antigunners," and has not "attempted to blackmail" defendants. Additionally, Stroke's co-conspirators have falsely represented that DEFCAD hosts its website in Iran.

6.     What parts of the "FEDCAD meme" content do You contend are true?

**RESPONSE**: Plaintiffs do not contend that any parts of the meme are factually true.

7.     What parts of the "FEDCAD meme" content do You contend are defamatory?

**RESPONSE**: Plaintiffs contend that the FEDCAD meme is false, misleading, and actionable because DEFCAD encrypts its data, does not have a "database" that "has been hacked and dumped," has not "doxxed developer information to antigunners," and has not "attempted to blackmail" defendants.

8.     Explain any instances where You have removed the "FEDCAD meme" from Defcad.com, including Your reasons for removing it.

**RESPONSE**: Plaintiffs removed a version of the "FEDCAD meme" from the Defcad.com website on May 2, 2026, to prevent anyone from misinterpreting the reasons why Plaintiffs posted it in the first place.

9.     State all facts on which You rely for Your contention that Josh Kiel Stroke was funded through MAF Corp.

**RESPONSE**: Stroke has publicly admitted that she received funding and consideration from MAF Corp., which she has referred to as her "favorite corporation" on Twitter/X.

10.    State all facts on which You rely for Your contention that Josh Kiel Stroke acted to divert customers away from DEFCAD, Inc. or any other Plaintiff.

**RESPONSE**: Plaintiffs object to the interrogatory to the extent it seeks "all facts," which are too numerous to state. In short, Stroke acted to divert customers away from Plaintiffs by repeatedly posting false online statements disparaging Plaintiffs in forums where Plaintiffs' customers would see the statements. Stroke explicitly proclaimed, including in the FEDCAD meme, that customers should not patronize Plaintiffs' businesses. Barret Collier and Eric Goldhaber stopped hosting

2

their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Stroke and the other defendants. Multiple other customers reported in exit surveys that they stopped doing business with Plaintiffs for the same reasons. In further response to this interrogatory, the answer to this interrogatory may be determined by examining the customer exit surveys produced by Plaintiffs in discovery as well as the expert opinion report of Jason Tyra.

11. State all facts on which each Plaintiff relies for its contention that it was harmed by any act of Josh Kiel Stroke.

**RESPONSE**: Plaintiffs object to the interrogatory to the extent it seeks "all facts," which are too numerous to state. In short, Barret Collier and Eric Goldhaber stopped hosting their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Stroke and the other defendants. Multiple other customers reported in exit surveys that they stopped doing business with Plaintiffs for the same reasons. In further response to this interrogatory, the answer to this interrogatory may be determined by examining the customer exit surveys produced by Plaintiffs in discovery as well as the expert opinion report of Jason Tyra. In addition to her individual actions, Stroke caused harm by joining a conspiracy with the other defendants to injure Plaintiffs.

12. Identify each business relationship or customer that You contend was harmed, lost, or deterred because of Josh Kiel Stroke.

**RESPONSE**: Barret Collier and Eric Goldhaber stopped hosting their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Stroke and the other defendants. Multiple other customers reported in exit surveys that they stopped doing business with Plaintiffs for the same reasons. In further response to this interrogatory, the answer to this interrogatory may be determined by examining the customer exit surveys produced by Plaintiffs in discovery as well as the expert opinion report of Jason Tyra.

13. State how You contend Josh Kiel Stroke caused the harm, loss, or deterrence identified in response to the preceding interrogatory.

**RESPONSE**: Barret Collier and Eric Goldhaber stopped hosting their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Stroke and the other defendants. Multiple other customers reported in exit surveys that they stopped doing business with Plaintiffs for the same reasons. In further response to this interrogatory, the answer to this interrogatory may be determined by examining the customer exit surveys produced by Plaintiffs in discovery as well as the expert opinion report of Jason Tyra.

14. State the amount of damages that each Plaintiff contends it suffered as a result of Josh Kiel Stroke.

**RESPONSE**: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra. Specifically, Mr. Tyra's report calculates the losses suffered by Plaintiffs' businesses. Additionally, Plaintiffs have incurred substantial attorneys' fees and costs in this case, which continue to accrue.

15. State how You calculated the amount identified in response to the preceding interrogatory.

**RESPONSE:** The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra. Specifically, Mr. Tyra's report calculates the losses suffered by Plaintiffs' businesses. Additionally, Plaintiffs have incurred substantial attorneys' fees and costs in this case, which continue to accrue.

16. Explain why You, Your "agent," Garret Walliman, claimed Josh Kiel Stroke was a former contractor of Your business or related entities.

**RESPONSE:** Plaintiffs deny that they or Garret Walliman have claimed that Stroke was a former contractor of Plaintiffs' businesses or related entities.

17. Explain how You verified that Your alleged loss in customers was due to the specific instances of the "FEDCAD meme" You complain about and not due to Your inflammatory blog posts.

**RESPONSE:** Plaintiffs deny that they have made inflammatory blog posts. In any event, with respect to the cause of Plaintiffs' damages, the answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra. Plaintiffs further state that the timing of events generally establishes that defendants, not other things, caused the substantial reduction in Plaintiffs' revenue and profits.

18. Explain why the "Black Flag White Paper" links to the "FEDCAD meme" on Your own website.

**RESPONSE:** Plaintiffs deny that the "Black Flag White Paper" links to the "FEDCAD meme" and deny that the FEDCAD meme is currently available on any of Plaintiffs' websites.

19. Identify each document on which You rely for any contention that Josh Kiel Stroke is liable to any Plaintiff.

**RESPONSE:** The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra as well as the documents produced by Plaintiffs and defendants in discovery, including Stroke's public statements about Plaintiffs.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing interrogatory responses are true and correct to the best of my knowledge and belief.

Executed on May 14, 2026

Name: Cody Wilson
Title: Owner and Manager of Plaintiffs

4

**PLAINTIFFS' RESPONSES TO DEFENDANT JOSH KIEL STROKE'S FIRST
SUPERSEDING CONSOLIDATED REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, plaintiffs Defense Distributed, DD Foundation, LLC, and DEFCAD, Inc. respond and object to the First Superseding Consolidated Requests for Production propounded by defendant Josh Kiel Stroke.

1. Produce all documents in Your possession, custody, or control sufficient to show each account, handle, or online persona identified in response to Interrogatory No. 2.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

2. Produce each statement or repost identified in response to Interrogatory No. 3, including any post, publication, image, meme, screenshot, URL, archived copy, or other copy of the statement or repost in Your possession, custody, or control.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

3. Produce documents sufficient to show each online channel, platform, or forum identified in response to Interrogatory No. 4, including any screenshot, URL, archived copy, or other record of the channel, platform, or forum in Your possession, custody, or control.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

4. Produce documents sufficient to show the existence, identity, and nature of each business relationship or customer identified in response to Interrogatory No. 12, and any communication in Your possession, custody, or control reflecting that the relationship or customer was harmed, lost, or deterred because of Josh Kiel Stroke.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

5. Produce each document identified in response to Interrogatory No. 19.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

6. From January 1, 2021, to the present, produce all Documents and Communications that support, evidence, or tend to prove the assertion that Josh Kiel Stroke, also known as Zona or any alias, was employed by, contracted with, paid by, or otherwise worked for any other Defendant in this action or for MAF Corp., "The Gatalog," "Gatalog," "The Gatalog Foundation," or "Gatalog Foundation." This Request includes, but is not limited to:

5

a. Any employment agreements, contractor agreements, offer letters, or independent contractor agreements involving Josh Kiel Stroke;

b. Payroll records, W-2s, 1099 forms, payment ledgers, bank statements, wire transfers, ACH records, Venmo, PayPal, Cash App, or cryptocurrency transaction records showing payments made to Josh Kiel Stroke by any other Defendant or by the MAF Corp. or "Gatalog" entities;

c. Internal communications, Slack messages, emails, or notes discussing Josh Kiel Stroke's employment, role, compensation, or working relationship with any other Defendant or with MAF Corp. or "Gatalog" entities; and

d. Any organizational charts, employee lists, or documents identifying Josh Kiel Stroke as an employee or contractor of any other Defendant or of MAF Corp. or "Gatalog" entities.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

7. From January 1, 2021, to the present, produce all Documents and Communications that support, evidence, or tend to prove the assertion that Josh Kiel Stroke, also known as Zona or any alias, conducts any business, performs any work, has any office, maintains any residence, or otherwise has any business presence or activity in the State of Florida.  This Request includes, but is not limited to:

a. Any contracts, agreements, invoices, or payment records showing business activity in Florida;

b. Any Florida business registrations, fictitious name registrations, or tax filings;

c. Any documents showing a Florida address, Florida phone number, or Florida-based operations;

d. Internal communications, Slack messages, emails, or notes discussing Josh Kiel Stroke conducting business in Florida; and

e. Any evidence of Josh Kiel Stroke attending meetings, performing work, or engaging in commercial activity within the State of Florida.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

8. From January 1, 2021, to the present, produce all Documents and Communications that support, evidence, or tend to prove the assertion that Josh Kiel Stroke, also known as Zona or any alias, has ever visited, traveled to, or been physically present in the State of Florida.  This Request includes, but is not limited to:

a. Any travel records, flight itineraries, hotel receipts, rental car records, or transportation documents showing travel to Florida;

b. Any photographs, videos, social media posts, check-ins, or location data placing Josh Kiel Stroke in Florida;

c. Any emails, Slack messages, text messages, or other communications discussing or referencing Josh Kiel Stroke being in, traveling to, or visiting Florida;

d. Any Florida address, utility bill, lease agreement, or other document showing physical presence in Florida; and

e.      Any witness statements, affidavits, or internal notes claiming or supporting that Josh Kiel Stroke visited Florida.

**RESPONSE**: After diligent search, Plaintiffs have been unable to locate any responsive documents.

9.      From January 1, 2021, to the present, produce all Documents and Communications that support, evidence, or tend to prove the assertion that Josh Kiel Stroke, also known as Zona or any alias, was ever paid, compensated, reimbursed, or otherwise given any thing of value by any other Defendant in this action, or by any entity acting on their behalf, to post, upload, promote, create, or disseminate the "FEDCAD meme" or any variation or derivative thereof.  This Request includes, but is not limited to:

a.      Any payment records, wire transfers, ACH payments, Venmo, PayPal, Cash App, cryptocurrency transfers, or other financial transactions showing payment to Josh Kiel Stroke;

b.      Invoices, payment requests, agreements, or communications discussing compensation for posting the FEDCAD meme;

c.      Internal Slack messages, emails, text messages, or notes referencing payment or compensation to Josh Kiel Stroke in connection with the FEDCAD meme; and

d.      Any contracts, agreements, or instructions linking payment to the posting or promotion of the FEDCAD meme.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

10.     From January 1, 2021, to the present, produce all Documents and Communications that support, evidence, or tend to prove the assertion that Josh Kiel Stroke, also known as Zona or any alias, ever stated, claimed, posted, or asserted that DEFCAD or Defcad.com was hosted in Iran, operated from Iran, or had servers located in Iran.  This Request includes, but is not limited to:

a.      Any social media posts, Discord messages, forum posts, emails, text messages, or other communications by Josh Kiel Stroke making or repeating such an assertion;

b.      Any screenshots, archives, or records of statements made by Josh Kiel Stroke regarding DEFCAD's hosting location being in Iran;

c.      Any internal communications, Slack messages, or notes discussing or referencing Josh Kiel Stroke's alleged claim that DEFCAD was hosted in Iran; and

d.      Any documents Plaintiffs rely upon as the factual basis for alleging that Josh Kiel Stroke made this assertion.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

11.     From January 1, 2021, to the present, produce all Documents and Communications that support, evidence, or tend to prove the assertion that any actions by Josh Kiel Stroke, also known as Zona or any alias, caused $1 million or any specific amount

7

of damages to Defense Distributed, Defcad, Inc., DD Foundation, DEFCAD, Defcad.com, or any related entity.  This Request includes, but is not limited to:

a. Any calculations, spreadsheets, financial analyses, loss projections, or damage models purporting to show $1 million or any quantified amount in damages caused by Josh Kiel Stroke;

b. Any invoices, repair bills, lost revenue reports, mitigation costs, or other financial records claimed to result from his actions;

c. Any internal communications, Slack messages, emails, or notes discussing, calculating, or asserting that Josh Kiel Stroke caused $1 million or any specific dollar amount in damages; and

d. Any documents or evidence Plaintiffs rely upon as the factual or evidentiary basis for their claim that Josh Kiel Stroke's actions caused $1 million in damages.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

12. From January 1, 2021, to the present, produce all Documents and Communications that support, evidence, or tend to prove the assertion or claim that Josh Kiel Stroke, also known as Zona or any alias, ever worked for, was employed by, contracted with, volunteered for, or otherwise provided services to Defense Distributed, DEFCAD, Defcad, Inc., DD Foundation, or any related entity.  This Request includes, but is not limited to:

a. Any employment agreements, contractor agreements, independent contractor agreements, or offer letters;

b. Payroll records, W-2s, 1099 forms, payment ledgers, bank transfers, Venmo, PayPal, Cash App, or cryptocurrency payments made to Josh Kiel Stroke;

c. Internal communications, Slack messages, emails, or notes discussing Josh Kiel Stroke's employment, role, duties, compensation, or affiliation with Defense Distributed, DEFCAD, or any related entity; and

d. Organizational charts, employee lists, access logs, Slack workspace invitations, or any other documents identifying Josh Kiel Stroke as an employee, contractor, or affiliate.

**RESPONSE**: After diligent search, Plaintiffs have been unable to locate any responsive documents.

13. From January 1, 2021, to the present, produce all Documents and Communications contained in any internal Slack workspace, channel, or direct message, including but not limited to all messages, threads, replies, reactions, attached files, screenshots, and embedded content, that mention, reference, discuss, display, or include the "FEDCAD" meme or any content, image, text, or variation thereof.  For the purposes of this Request, the "FEDCAD meme" includes the original meme, any edited or derivative versions, any text referencing "FEDCAD," "FedCAD," or similar spellings, and any images, captions, or commentary depicting or discussing the meme or its content.

**RESPONSE**: Plaintiffs have produced all responsive documents that could be located after diligent search.

14. From January 1, 2021, to the present, produce all Documents and Communications with any third party, including but not limited to marketers, PR persons, social media managers, influencers, contractors, or any other individual or entity, that concern, relate to, or involve the promotion, creation, development, publishing, posting, drafting, approval, or scheduling of any social media content that mentions, references, or features any Defendant in this action by name or alias, or that mentions "MAF Corp," "The Gatalog," "Gatalog," "The Gatalog Foundation," or "Gatalog Foundation." This Request includes all emails, text messages, Slack messages, direct messages, briefs, content calendars, drafts, graphics, captions, or any other correspondence related to such social media content.

**RESPONSE**: Plaintiffs object to this request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. There are millions of communications across various platforms that may refer to any of these topics or individuals, including their undefined aliases. Plaintiffs' immense burden in collecting and reviewing millions of communications for documents that may be responsive to this vague request would not be proportional to the minimal (if any) benefit to Stroke from this discovery.

Dated: May 14, 2026

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*