UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAROSIERE

      Plaintiff,

vs.                            Case No:  6:24-CV-01629

CODY RUTLEDGE WILSON, DEFCAD, INC.,
DEFENSE DISTRIBUTED and
DIOSKOUROI LLC,

      Defendants.

_____/

## DEFENDANT, DEFENSE DISTRIBUTED'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant DEFENSE DISTRIBUTED, hereby serves its answers and objections to Plaintiff, MATTHEW LAROSIERE'S ("Plaintiff" and/or "Propounding Party")'s First Set of Interrogatories, and states as follows:

## ANSWERS TO INTERROGATORIES

1. Describe, in detail, who exerts control over the business, financial, operational, or other actions of Defense Distributed.  To help you answer this question and clarify its scope, an answer containing the following details would be a complete answer.  These are not subparts, but necessary elements of a complete answer to the foregoing interrogatory:

    a. The identity and contact information of any individual or entity that you claim exerts any control of Defense Distributed;

1

b.      What powers and responsibilities that individual or entity has with regard to Defense Distributed;

c.      When that individual or entity gained the power you assert they have with regard to Defense Distributed;

d.      How that individual or entity gained the power you assert they have with regard to Defense Distributed.

**ANSWER: Defendant objects to Interrogatory No. 1(a)–(d) to the extent that the term "control" is undefined, rendering this Interrogatory vague, ambiguous, and unintelligible. Defendant objects to the extent that the Interrogatory goes beyond the scope of the claims asserted in the First Amended Complaint concerning Plaintiff's copyright claims for the subject works that were allegedly owned by Plaintiff and displayed on public sources from 2023 to the present, unfair competition claims under the Lanham Act, and the name and likeness claims under Florida statute. The information sought in this Interrogatory request seeks information for individuals who exert "control" over the business, financial, operational, or other actions of Defense Distributed, without limitation in time or scope, that are outside the claims and defenses asserted in this action.  Defendant also objects to the extent that this Interrogatory seeks a legal conclusion that this Defendant controls cryptocurrency accounts for all of the Defendant entities.**

**Without waiving said objections, Defendant opts to produce documents responsive to this Interrogatory subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025, pursuant to Fed. R. Civ. P. 33(d).**

2.      Identify all cryptocurrency accounts/wallets/addresses Defense Distributed has had control over since January 1, 2018—"control" being the ability to remove or send cryptocurrencies from the account, even if others share access, and where other entities or individuals share that access, identify them to the extent known.

**ANSWER: Defendant objects to Interrogatory No. 2 to the extent that the term "control" is ill-defined, vague, and ambiguous, rendering this Interrogatory unintelligible. Defendant objects to the extent that the**

2

321298623v.1

**Interrogatory goes beyond the scope of the claims asserted in the First Amended Complaint concerning Plaintiff's copyright claims for the subject works that were allegedly owned by Plaintiff and displayed on public sources from 2023 to the present, unfair competition claims under the Lanham Act, and the name and likeness claims under Florida statute. The information sought in this Interrogatory request cryptocurrency accounts/wallets/addresses from January 1, 2018, to the present, which is unrelated to the claims and defenses asserted in this action.  Defendant also objects to the extent that this Interrogatory seeks a legal conclusion that this Defendant controls cryptocurrency accounts for all of the Defendant entities.**

**Without waiving said objections, Defendant opts to produce documents responsive to this Interrogatory subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025, pursuant to Fed. R. Civ. P. 33(d).**

3. Identify all agents and employees of Defense Distributed, along with their

roles and responsibilities.

**ANSWER: Defendant objects to the terms "agents" and "employees" as vague and unambiguous, rendering this Interrogatory unintelligible.  Defendant objects to the extent that the Interrogatory goes beyond the scope of the claims asserted in the First Amended Complaint concerning Plaintiff's copyright claims for the subject works that were allegedly owned by Plaintiff and displayed on public sources from 2023 to the present, unfair competition claims under the Lanham Act, and the name and likeness claims under Florida statute. The information sought in this Interrogatory for all agents and employees, without limitation to time and scope, is unrelated to the claims and defenses asserted in this action.  Defendant also objects to the extent that this Interrogatory seeks a legal conclusion that this Defendant controls cryptocurrency accounts for all of the Defendant entities.**

**Without waiving said objections, Defendant opts to produce documents responsive to this Interrogatory subject to the parties' Protective Order, from 2023 to the present, on a rolling basis, to be completed on or before December 1, 2025, pursuant to Fed. R. Civ. P. 33(d).**

3

## **VERIFICATION**

Under penalty of perjury, I swear the foregoing responses are true and correct to the best of my knowledge.

/s/Cody Wilson
By: Cody Wilson
Its: CEO, Defense Distributed

/s/Leia V. Leitner
Attorney for Defense Distributed

Dated: October 28, 2025

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By:   s/Leia V. Leitner
Leia V. Leitner
Florida Bar No:  105621
111 North Orange Avenue
Suite 1200
Orlando,  FL  32801
Telephone: 407-423-7287
Facsimile:  407-648-1376
Leia.Leitner@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

Jura C. Zibas
Florida Bar No:  124571
Amaris C. Gyebi, Esq.
Florida Bar No:  1019361
2063 Main Street - Suite 100
Sarasota, FL 34237
Telephone: 941-866-8561
Facsimile:  941-210-5979
Jura.Zibas@wilsonelser.com
Amaris.Gyebi@wilsonelser.com
Cheryl.Kujawski@wilsonelser.com

*Co-Counsel for Defendants
Cody Rutledge Wilson, Defense
Distributed and DEFCAD, Inc*

4

321298623v.1

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of October, 2025, a true and correct copy of the foregoing document has been served by email to the following:  Zachary Z. Zermay, Esq., Florida Bar No:  1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas  77002, Telephone:  713-364-6440, CF@ChadFlores.law;  chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

*s/Leia V. Leitner*
Leia V. Leitner

321298623v.1