UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et. al.,

*Plaintiffs,*

v.

JOHN ELIK, et al.,

*Defendants.*

_____/

## DEFENDANTS' MOTION TO DETERMINE REASONABLE FEE FOR THE DEPOSITION OF JASON M. TYRA UNDER RULE 26(b)(4)(E)

Defendants move for an order determining the reasonable expert fee payable for the deposition of Plaintiffs' disclosed damages expert, Jason M. Tyra. Plaintiffs demand $2,600: 6.5 hours at $400 per hour, supposedly consisting of 4.3 hours of deposition time and 2.2 hours of preparation time. But their one-line invoice states only: "Prepare and give deposition related to expert's report." Ex. A.

Rule 26(b)(4)(E) requires payment of a reasonable fee, not for Defendants to pay a premium expert rate for ordinary arithmetic. Mr. Tyra's deposition confirmed that the work at issue was not forensic accounting. At most, he accepted client-provided spreadsheets, compared average revenue before and after a date selected by Plaintiffs, and attributed the entire difference to Plaintiffs' litigation theory. Tyra's testimony confirms his work was, at most, ordinary arithmetic a layperson could perform with a spreadsheet.

1

Defendants attempted to avoid motion practice by offering to pay a still-excessive $200 per hour for the testimony time plus 0.5 hours of prep. Plaintiffs refused. The Court should determine that a reasonable fee is $322.50, representing 4.3 hours of deposition testimony at $75 per hour, with no preparation time awarded. Alternatively, if the Court allows some preparation time, it should allow no more than 0.5 hours at the same $75 hourly rate, for a total of $360.00.

## BACKGROUND

Plaintiffs disclosed Mr. Tyra as their damages expert. Plaintiffs' supplemental initial disclosures identify damages for lost subscription revenue and lost profits and state that those damages are detailed in Mr. Tyra's report.

Mr. Tyra's report states that he is a CPA, attorney, MBA, and Certified Fraud Examiner and charges $400 per hour for "study and testimony." Ex. B at 1. Mr. Tyra testified that he had never been deposed as an expert before. Ex. C at 156:18-22. The report calculates damages by comparing average revenues before and after the alleged meme using sales data provided by Plaintiffs. Ex. B at 9–14. For Plaintiffs' sales, he averaged revenues during selected periods, compared the averages, and attributed the difference to the meme. *Id.*

His deposition confirmed the limited nature of the analysis. He testified that he reviewed only his report to prepare for the deposition, which contained all opinions he intended to offer. Ex. C at 8:22–9:5. He performed no substantive analyses or other calculations. *Id.* at 9:6–10:9. He is not a marketing expert, and conducted no consumer-behavior analysis. *Id.* at 11:10–13:21.

Mr. Tyra also did not investigate who created or viewed the meme and could not identify any customer who declined to do business with Plaintiffs because of it. *Id*. at 13:22–14:20, 30:3–11. He described his methodology as a "numerical analysis" comparing average sales before and after the meme. *Id*. at 18:10–23:2.

Nor did he verify the underlying data. He testified that Plaintiffs supplied the spreadsheets used in his analysis, that he did not verify the figures, and that his conclusions depend on the accuracy of the information provided to him. *Id*. at 29:6–22, 53:16–23, 152:18–156:3.

Plaintiffs now demand $2,600. Their invoice contains a single entry—"Prepare and give deposition related to expert's report"—and does not separate deposition time from preparation time or identify any specific preparation tasks. Ex. A.

The parties conferred but could not resolve the dispute. Prior to taking Mr. Tyra's deposition, Defendants offered to pay $200 per hour, which was neither rejected nor accepted by Plaintiffs. Defendants renewed the offer following the deposition. Plaintiffs insist on payment at $400 per hour for the full deposition plus hours of prep time. Defendants disagree and seek a determination of the reasonable fee so Defendants may fulfill their obligations under Rule 26.

## LEGAL STANDARD

Rule 26(b)(4)(E)(i) provides that, unless manifest injustice would result, "the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E)(i).

3

Courts consider several factors in determining reasonableness, including: the expert's area of expertise; the education and training required to provide the expert insight sought; prevailing rates for comparable experts; the nature, quality, and complexity of the discovery sought or provided; the fee charged to the retaining party; the expert's traditional fee on related matters; and any other factor assisting the Court in balancing the parties' interests. *Del Campo-Aguila v. Am. Inst. for Foreign Study, Inc.*, No. 22-21146-Civ-WILLIAMS/TORRES, 2023 WL 5317831, at *4 (S.D. Fla. July 24, 2023); *Dobson v. Matrixx Initiatives, Inc.*, No. 05-80984-CIV-RYSKAMP/VITUNAC, 2007 WL 842130, at *2 (S.D. Fla. Mar. 20, 2007); *Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003). The party seeking reimbursement bears the burden of proving reasonableness. *Del Campo-Aguila*, 2023 WL 5317831, at *4; Mannarino, 218 F.R.D. at 374. Courts have authority to reduce excessive fees. *Del Campo-Aguila*, 2023 WL 5317831, at *4; Dobson, 2007 WL 842130, at *2–3.

Preparation time may be compensable, but only if it is reasonable and supported. Courts consider the complexity and quantity of the materials necessary to review. *Mendez-Caton v. Caribbean Fam. Health Ctr.*, 340 F.R.D. 60, 67 (E.D.N.Y. 2022). Duplicative review may be excessive where it is not necessary to refresh the expert's recollection. *Id.*; *Mannarino*, 218 F.R.D. at 376. And where invoices do not sufficiently explain what the expert did to prepare, courts deny preparation time. *SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 C 3248, 2014 WL 300987, at *8 (N.D. Ill. Jan. 10, 2014).

4

## ARGUMENT

### I.   PLAINTIFFS CANNOT CARRY THEIR BURDEN TO JUSTIFY $400 PER HOUR

Mr. Tyra's deposition did not provide testimony requiring a $400 expert rate. His testimony confirmed that his "methodology" consisted of uncritically accepting Plaintiffs' spreadsheets, excluding certain months, averaging revenue before and after the Plaintiff-provided date of the meme, and comparing the averages. Ex. C at 18:10–23:2. That is not specialized accounting, and certainly does not become $400-per-hour expert work because Plaintiffs placed it in an expert report.

Nor does Mr. Tyra's status as a CPA and attorney answer the question. The Court is not pricing his résumé in the abstract. Rule 26 asks for a reasonable fee for "time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(E)(i). The reasonableness inquiry therefore turns heavily on the "nature, quality and complexity" of the discovery provided. *Del Campo-Aguila*, 2023 WL 5317831, at \*4; *Dobson*, 2007 WL 842130, at \*2. Here, the discovery provided was testimony about simple averages on client-provided spreadsheets which Mr. Tyra did not attempt to independently verify.

### II.   THE NATURE, QUALITY, AND COMPLEXITY OF THE TESTIMONY DOES NOT SUPPORT $400 PER HOUR.

Unlike in cases justifying the rates Plaintiffs demand, Mr. Tyra did not perform a forensic accounting reconstruction. He did not audit records. He did not verify source data. He did not attest to completeness or accuracy. He performed no significant analysis whatsoever. He just took average sales before Plaintiffs allege the meme was first published, and average sales after, and said the difference must

5

have been the meme. Ex. C at 9:6–10:9, 13:14–14:20, 29:6–30:11, 53:16–23, 152:18–156:3.

The Court should not require Defendants to pay $400 per hour for that. In *Profile Products, LLC v. Soil Management Technologies, Inc.*, the court found $475 per hour excessive for an actual forensic accountant in a contract case and reduced the rate to $250 per hour. 155 F. Supp. 2d 880, 886–87 (N.D. Ill. 2001). In *Bandy v. Kimsey*, the court cited *Profile Products* for the proposition that $475 per hour for a forensic accountant was unreasonable. No. 2:09-cv-82, 2010 WL 4630828, at *3 (N.D. Ind. Nov. 4, 2010). If $475 was excessive for a forensic accountant, $400 is excessive for a tax preparer/accountant whose deposition showed no forensic accounting methodology at all.

In *SP Technologies*, the court reduced expert deposition rates despite the experts' significant credentials because the technology and damages analysis were not excessively challenging or complex. 2014 WL 300987, at *8–9. Here, Plaintiffs have offered even less support, and the testimony was even simpler. Mr. Tyra's calculation was not "excessively challenging or complex." It was a before-and-after average comparison.

The $75 hourly rate is reasonable because it reflects the actual discovery provided. It also has a direct comparator in *Del Campo-Aguila*, where Judge Torres noted that an actual forensic accountant charged $75 per hour for deposition testimony in the same District. 2023 WL 5317831, at *10 n.4. Mr. Tyra did less than a forensic accountant. He accepted client-provided spreadsheets, and compared

averages. A $75 hourly rate fully compensates the limited arithmetic-accounting testimony actually provided.

### III.    THE REQUESTED PREPARATION TIME SHOULD BE DENIED.

Plaintiffs also demand 2.2 hours of preparation time. That should be found to be unreasonable. The invoice is facially insufficient. It says only: "Prepare and give deposition related to expert's report." Ex. A. It does not separately identify deposition time and preparation time, what Mr. Tyra reviewed, or any task performed.

*SP Technologies* denied expert preparation time where invoices failed to specify how the time was spent and the proponent did not provide enough information for the court to evaluate whether the preparation time was reasonable. 2014 WL 300987, at *8. The same result should follow here.

Mendez-Caton supports the same point. The court explained that preparation time is not compensable to the extent it is excessive and that courts consider the complexity and quantity of materials necessary to review. 340 F.R.D. at 66–67. It further explained that duplicative review may be excessive where unnecessary to refresh the expert's recollection. *Id.* at 67. There, the court found 3.5 hours to review four photographs and a report of less than two pages excessive, but allowed 1.5 hours because the report had been authored roughly a year and a half earlier. *Id.* at 72–73.

This case is far more extreme. Mr. Tyra's deposition occurred on April 28, 2026. His report is dated February 16, 2026. Ex. B at 1. He testified that he reviewed the report to prepare and that the report contained all his opinions. Ex. C at 8:22  9:5. He had no materials aside from the report and the two spreadsheets to review. *Id.* at 9:6–10:9.

*Collins v. Village of Woodridge*, by contrast, saw the court allow preparation time because the experts had reviewed unusually extensive materials, including dozens of depositions, hundreds of exhibits, extensive medical records, and detailed reports. 197 F.R.D. 354, 356–58 (N.D. Ill. 1999). But the court expressly stated that there are cases in which reasonable compensation for preparation time would be zero or nominal, and emphasized that courts should not permit experts to be compensated for "reinventing the wheel." *Id.* at 358. *Mannarino* also supports reduction. There, the court reduced preparation time where the expert had prepared his report only a few months earlier, did not review anything for deposition that he had not already reviewed for the report, and the issues were not complex. 218 F.R.D. at 376. Mr. Tyra's situation is even less compelling. He reviewed his report, which was only about ten weeks old; and the work was simple arithmetic.

The Court should award no preparation time. If the Court awards any preparation time, it should allow no more than 0.5 hours at $75 per hour..

## IV.   REQUESTED RELIEF

Defendants request that the Court enter an order determining the reasonable rate for Mr. Tyra's deposition, and whether preparation time should be allowed and, if so, how much.

## CONCLUSION

Defendants respectfully request that the Court determine the reasonable expert fee payable for the deposition of Jason M. Tyra under Rule 26(b)(4)(E), award no more than $322.50, or alternatively no more than $360.00 if limited preparation time is allowed, and grant such further relief as the Court deems just and proper.

Respectfully submitted,
DATED:  June 2, 2026

| | | |
|---|---|---|
| */s/ Gary C. De Pury* | */s/ Matthew Larosiere* | */s/ Zachary Z. Zermay* |
| Gary C. De Pury | Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Florida Bar No: 126588 | Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| Law Offices of Gary De Pury, P.A. | The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 21035 Leonard Road | 6964 Houlton Circle | 1200 Fourth Street, #1102 |
| Lutz, Florida 33558 | Lake Worth, FL 33467 | Key West, FL 33040 |
| Tel: (813) 607-6404 | Email: Larosieremm@gmail.com | Email: zach@zermaylaw.com |
| Email: Gary@DePury.com | Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| *Lead Counsel for Alex Holladay.* | *Lead Counsel for Elik, Stroke, Lettman, and Clark.* | *Lead Counsel for Matthew Larosiere.* |

9

## Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested in this telephonically on Friday, May 29, 2026. Plaintiffs maintain that Mr. Tyra should be paid at $400 per hour for 6.5 hours, totaling $2,600. Defendants requested any records supporting Mr. Tyra billing for this type of service at that rate, and Plaintiffs declined to produce it. Defendants dispute the reasonableness of that demand. The parties were unable to resolve the dispute.

Respectfully submitted,

*/s/ Matthew Larosiere*
Matthew Larosiere

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 2nd day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581

10