**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
          Defendants.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**TO DETERMINE REASONABLE EXPERT WITNESS FEE**

Plaintiffs oppose Defendants' Motion to Determine Reasonable Fee ("Motion") (Doc. 149)

and seek to compel Defendants to pay $2,600 in deposition fees incurred by Plaintiffs' expert,

Jason Tyra.

**INTRODUCTION**

Mr. Tyra is a licensed CPA and attorney who earned a Master of Science in Accounting

and an MBA with a focus on accounting. Plaintiffs agreed to pay Mr. Tyra his customary rate of

$400/hour to serve as their accounting and damages expert in this case, and Mr. Tyra submitted a

23-page report opining on Plaintiffs' damages. Aware of his $400 hourly rate, Defendants elected

to depose Mr. Tyra for nearly five-and-a-half hours. Mr. Tyra also spent approximately one hour

preparing for the deposition. Thereafter, Defendants rejected Plaintiffs' request for payment of

$2,600 (6.5 hours x $400/hour) and asserted that Mr. Tyra should be paid the arbitrary sum of $322.50 (4.3 hours x $75/hour).  Defendants are wrong.

Mr. Tyra's $400 hourly rate is reasonable given his education, experience, and customary rate.  Additionally, Defendants should pay Mr. Tyra for the duration of the deposition (including breaks) as well as the one hour that Mr. Tyra spent preparing for the deposition.  All of Mr. Tyra's time is reasonable and compensable.  Defendants cannot force Mr. Tyra to accept a nearly 90% reduction in his market-rate compensation simply because Defendants disagree with his opinions.  Accordingly, the Court should compel Defendants to pay $2,600 and award the reasonable fees incurred by Plaintiffs in opposing the Motion.

## **BACKGROUND**

This case arises from Defendants' coordinated effort to publish false and misleading online statements about Plaintiffs' business. The operative Second Amended Complaint asserts three claims: (1) conspiracy to violate RICO; (2) violation of the Lanham Act; and (3) tortious interference.  *See* Doc. 49.

In February 2026, Plaintiffs served Mr. Tyra's 23-page expert report opining that Defendants' conduct caused Plaintiffs to lose approximately $90,000 per month in sales, for a total loss of about $2.6 million between June of 2023 and October of 2025.  Ex. 1.  Mr. Tyra's report also disclosed his $400 hourly rate.  *See id.*  And Plaintiffs' counsel insisted before the deposition that Defendants' pay Mr. Tyra's $400 hourly rate for the deposition.  With knowledge of Mr. Tyra's hourly rate and Plaintiffs' position on his compensation, Defendants elected to depose Mr. Tyra for 5.4 hours on April 28, 2026.

On May 29, 2026, the parties conferred on the phone about Mr. Tyra's compensation.  During the call, Plaintiffs insisted that Defendants pay $2,600 ($400 x 6.5 hours of deposition and

prep time).  In turn, Defendants refused to pay that amount.[1]  The parties both expressed an intent to seek Court intervention, and Defendants filed the Motion before Plaintiffs filed their own motion to compel payment.

**ARGUMENT**

**A.      Defendants Must Pay a Reasonable Fee for Mr. Tyra's Deposition.**

A party seeking to depose an expert generally must pay the expert's reasonable fee.  *See* Fed. R. Civ. P. 26(b)(4)(E)(i) ("unless manifest injustice would result, the court must require that a party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery . . .").  In determining the reasonableness of an expert's fees, courts consider eight factors:

> (1) [T]he witness's areas of expertise; (2) the education and training that is required to provide the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery sought; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert retaining the party; (7) the fee traditionally charged by the expert on related matters; and (8) any other factor likely to be of assistance to the court in balancing the parties' respective interests.

*de Fernandez v. Seaboard Marine, Ltd.,* No. 20-25176, 2023 WL 2692418, at *2 (S.D. Fla. Mar. 13, 2023) (quoting *FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-cv-23971, 2019 WL 1318361, at *1 (S.D. Fla. March 20, 2019)).  The Court may also rely on its own knowledge and experience in determining an expert's reasonable fee.  *Nogara v. Lynn Law Office P.C.*, No. 22-cv-23142, 2024 WL 991786, at *4 n.7 (S.D. Fla. Feb. 21, 2024).  As explained below, all relevant factors support the reasonableness of Mr. Tyra's fee.

---

[1] During the meet and confer, Defendants did *not* claim that Mr. Tyra's invoice lacked sufficient specificity.  Defendants raised this argument for the first time in the Motion.  To address this issue, Mr. Tyra provides an itemized invoice attached to his declaration.  *See* Ex. 2, Tyra Decl., Ex. A.

**B.      Mr. Tyra's Hourly Rate Is Reasonable.**

Mr. Tyra's $400 hourly rate is justified based on his education, training, and expertise.  As noted above, Mr. Tyra has three advanced degrees: an MS in accounting, an MBA with a focus on accounting, and a J.D.  Ex. 2, Tyra Decl. ¶ 1.  He is a certified public accountant (CPA) as well as a licensed attorney.  *Id.* ¶ 2.  For nearly 13 years, Mr. Tyra has owned and operated his own boutique multi-disciplinary professional services firm that provides, among other things, tax consulting and litigation support services.  *Id.* ¶ 3.

Plaintiffs agreed to pay Mr. Tyra $400/hour for his services in this case.  *Id.* ¶ 4.  This is the same hourly rate that Mr. Tyra customarily charges for his services.  *Id.*  This rate is also consistent with the rates charged by other accounting experts in this District.  *See Woods v. Michael*, No. 20-cv-80651, 2021 WL 1177487, at *2 (S.D. Fla. Mar. 29, 2021) (Middlebrooks, J.) (affirming the reasonableness of $475-$550 hourly rates for expert accountants).

In the Motion, Defendants argue that $400/hour is excessive because Mr. Tyra accepted accounting records supplied by Plaintiffs and performed only "ordinary arithmetic" in rendering his damages opinion.  *See* Mot. 1, 5-6.  But an expert's fee is not based on the amount of arithmetic performed.  Rather, an expert's fee is based on, among other things, education, expertise, and ability to persuasively explain (and defend) an opinion.  Here, Mr. Tyra submitted a comprehensive 23-page report explaining his opinion, and Defendants apparently believed that Mr. Tyra's opinion was significant enough to justify a five-and-a-half-hour deposition.

Defendants do not cite any authority justifying an 82% reduction in an expert's hourly rate simply because the opposing party believes the expert's testimony was not sufficiently complex.[2]

---

[2] In arguing for a lower market rate, Defendants cite old decisions from other jurisdictions.  *See* Mot. 6.  But market rates for professionals in this district have increased substantially in recent years.  *See Woods*, 2021 WL 1177487, at *1 (S.D. Fla. Mar. 29, 2021) (Middlebrooks, J.)

In truth, Defendants are challenging Mr. Tyra's compensation because they disagree with his opinions and do not want to fully compensate him for his time.  This is not a valid basis for reducing an expert's rate.  The Court should find that Mr. Tyra's $400 hourly rate is reasonable.

**C.      All of Mr. Tyra's Time (6.5 Hours) Is Compensable.**

Defendants also contend that Mr. Tyra should be compensated for only 4.3 hours instead of 6.5 hours of time.  *See* Mot. 7-8.  Defendants are wrong.

Defendants' assertion that Mr. Tyra's deposition lasted only 4.3 hours (*see* Mot. 1, 2) is simply incorrect.  The deposition transcript attached to the Motion confirms that the deposition was noticed to begin at 11:00 a.m. (*see* Doc. 149-3 at p. 3) and ended at 4:23 p.m. (*see id.* at p. 194).  Defendants are required to pay Mr. Tyra for the entire 5.4 hours, including any breaks.  *See de Fernandez*, 2023 WL 2692418, at *4 ("[B]reaks and time off the record are necessarily compensable given that [expert deponent] was required to be present during break."); *Auto. Rentals, Inc. v. Keith Huber, Inc.*, No. 1:10-cv-385, 2012 WL 12854841, at *1 (S.D. Miss. Jan. 10, 2012) (awarding breaks as part of the expert's deposition time).

Defendants also contend that the Court should decline to award any preparation time because Mr. Tyra has not adequately explained why he spent 2.2 hours preparing for the deposition.  *See* Mot. 1-2, 4, 7-8.  In fact, Mr. Tyra spent 1.1 hours (not 2.2 hours) preparing for the deposition.  *See* Ex. 2, Tyra Decl. ¶ 5 & Ex. A.  As set forth in his itemized invoice, Mr. Tyra prepared for his deposition by reviewing his 23-page report (which he completed more than two

---

(declining to find persuasive cases decided "approximately ten years ago" in deciding expert's market rate); *CITGO Petro. Corp. v. Petro. Logistics Serv. USA, Inc.*, No. 22-mc-20762, 2022 WL 17718802, at *5 (S.D. Fla. Nov. 30, 2022) (noting that hourly rates for attorneys in South Florida have substantially increased in recent years).  Notably, the hourly rate charged by Mr. Tyra, a licensed CPA and attorney, is *less than* the hourly rates charged by Defendants' counsel in this case.  *See* Docs. 111, 112, and 113.

months earlier) as well as the data and computations underlying his opinions. *Id.* This preparation time is compensable. *See de Fernandez*, 2023 WL 2692418, at *2 ("[A]n expert is entitled to compensation for time he [or she] spent in preparation for a deposition."); *Medina v. 3C Constr. Corp.*, No. 02-23090, 2006 WL 8434949, at *2 (S.D. Fla. Mar. 27, 2006) ("it is understood that an expert will spend time in preparation prior to a deposition"). Indeed, it is eminently reasonable for an expert to spend one hour preparing for a five-hour deposition. *See, e.g., de Fernandez*, 2023 WL 2692418, at *6 (considering case law and finding that 1.5 times the deposition time is a reasonable multiplier for deposition preparation time).

**D.     The Court Should Award Fees to Plaintiffs.**

The Court has repeatedly instructed the parties to cooperate in discovery and to avoid needless motion practice. Recently, the Court admonished Defendants for hastily filing another meritless discovery motion without proper conferral. Doc. 143.

By filing the Motion, Defendants have ignored the Court's warnings and continued the same troubling pattern of behavior. Defendants' attempt to force Mr. Tyra to accept an arbitrary, 90% reduction of his market-rate compensation is unsupported by applicable law. By taking this unreasonable position, Defendants forced Plaintiffs to either forgo fair compensation for their expert or incur more attorneys' fees than they could hope to recover (even if they prevail with respect to the Motion). The only way to prevent Defendants from continuing their vexatious litigation conduct is to award to Plaintiffs the reasonable fees and costs incurred in opposing the Motion.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court enter an Order: (1) compelling Defendants to pay $2,600 for Mr. Tyra's deposition-related fees; (2) awarding Plaintiffs their reasonable attorneys' fees and costs incurred in opposing the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5); and (3) granting any other relief that this Court deems just and proper.

Dated:  June 3, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*