UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et al.,

*Plaintiffs,*

v.

JOHN ELIK, et al.,

*Defendants.*

_____/

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DETERMINE REASONABLE FEE FOR THE DEPOSITION OF JASON M. TYRA UNDER RULE 26(b)(4)(E)

Plaintiffs' response does not answer the question presented. Rule 26(b)(4)(E) does not ask what Plaintiffs agreed to pay Jason Tyra. It asks what fee is reasonable to shift to the party who took his deposition. Plaintiffs' answer is that Tyra is a CPA and attorney, disclosed a $400 hourly rate, and prepared a 23-page report. But the Court is not pricing Tyra's résumé. It is pricing the discovery actually provided.

The discovery actually provided was testimony about a simple before-and-after average comparison using client-supplied spreadsheets. Unlike the cases they cite, Plaintiffs do not, and could not, dispute that Tyra did not perform any forensic accounting, nor did he audit records, nor verify anything. *See* Doc. 149-3 at 8:22–10:9, 11:10–13:21, 13:22–14:20, 29:6–30:11, 53:16–23, 152:18–156:3. His "methodology" was a simple comparison of two averages from numbers he uncritically accepted. *Id*. at 18:10–23:2. Plaintiffs' $400 demand is excessive for that discovery.

Plaintiffs also mislead the Court about the authorities. The cases Plaintiffs cite do not support a $400 hourly rate for Tyra. Properly read, those cases support Defendants' motion because they involved more specialized work, stronger proof, or both—and courts *still* reduced the requested fees in the very cases Plaintiffs cite.

## I.   PLAINTIFFS' PRIVATE AGREEMENT DOES NOT CONTROL.

Plaintiffs repeatedly emphasize that they agreed to pay Tyra $400 per hour and that Tyra says he customarily charges that rate. Doc. 150 at 1–5; Doc. 150-2 ¶ 4. That is not enough. The party seeking reimbursement bears the burden of proving reasonableness. *FCOA, LLC v. Foremost Title & Escrow Servs.*, LLC, No. 17-23971-Civ-WILLIAMS/TORRES, 2019 WL 1318361, at *1 (S.D. Fla. Mar. 20, 2019); *Del Campo-Aguila v. Am. Inst. for Foreign Study, Inc.*, No. 22-21146-Civ-

1

WILLIAMS/TORRES, 2023 WL 5317831, at *4 (S.D. Fla. July 24, 2023); *Nogara v. Lynn Law Office P.C.*, No. 22-23142-CIV-SINGHAL/DAMIAN, 2024 WL 991786, at *2 (S.D. Fla. Feb. 21, 2024).

The retaining party's agreement is not dispositive. Courts look to the witness's area of expertise, the education and training required for the expert insight sought, prevailing rates for comparable experts, the nature, quality, and complexity of the discovery, the fee charged to the retaining party, the fee traditionally charged by the expert on related matters, and other factors bearing on the parties' interests. *FCOA*, 2019 WL 1318361, at *1; *Del Campo-Aguila*, 2023 WL 5317831, at *4.

Plaintiffs provided no market evidence. They provide no examples of similar experts being paid $400 per hour for similar deposition testimony, no proof that Tyra has ever been paid $400 per hour for expert deposition testimony, and no case approving that rate for comparable work. Tyra's own report states that he "has not authored any significant publications or served as an expert witness at a trial or deposition in the last four years." Doc. 149-2 at 1. His deposition confirmed that this was his first expert deposition. Doc. 149-3 at 156:18–22. A bare declaration that $400 is his customary rate does not carry Plaintiffs' burden.

Nor does Plaintiffs' repeated assertion that Defendants knew Tyra's rate before the deposition change the analysis. Rule 26 does not require prepayment and does not convert advance notice of a demanded rate into agreement that the rate is reasonable. *See Tennant v. Handi-House Mfg. Co.*, No. 3:16-cv-1276-J-25MCR, 2017 WL 11105252, at *2–3 (M.D. Fla. Nov. 20, 2017). The reasonableness determination

2

is properly made after the deposition because the Court must assess the nature, quality, and complexity of the discovery actually provided. See *id.*; *Conte v. Newsday, Inc.*, No. CV 06-4859 (JFB)(ETB), 2011 WL 3511071, at *2 (E.D.N.Y. Aug. 10, 2011).

## II.   PLAINTIFFS MISLEADINGLY PRESENT AUTHORITIES THAT ACTUALLY SUPPORT REDUCTION

Plaintiffs say Defendants rely on old cases from other jurisdictions and cite *Woods* and *CITGO* to suggest that modern South Florida professional rates support Tyra's $400 demand. Doc. 150 at 4–5 n.2. That presentation is misleading.

First, Defendants cited current and local authority. *Del Campo-Aguila* is a 2023 Southern District of Florida decision applying Rule 26 to expert deposition fees. *FCOA* and *Dobson* are both Southern District fee decisions. Plaintiffs cannot dismiss those cases as stale or foreign.

Second, *CITGO* is an attorney-fee decision. *See CITGO Petrol. Corp. v. Petrol. Logistics Serv. USA, Inc.*, No. 22-mc-20762, 2022 WL 17718802, at *5 (S.D. Fla. Nov. 30, 2022). Attorney rates in a fee-shifting dispute do not establish the reasonable rate for expert discovery under Rule 26(b)(4)(E). Plaintiffs' comparison to defense counsel's rates is the same category error. Docs. 111, 112, and 113 were attorney fee declarations. They say nothing about the reasonable fee for an accountant's expert deposition, and Rule 26's factors do not include the hourly rates charged by opposing counsel.

Third, Plaintiffs' use of *Woods* is especially misleading. Plaintiffs cite *Woods* as if it were a Rule 26 expert-deposition-fee case approving $475 to $550 per hour for accountant deposition testimony. Doc. 150 at 4 n.2. It was not. *Woods* was a sanctions

3

and contempt matter arising from repeated discovery violations in a complex fraud, RICO, and real-estate dispute. *See Woods v. Michael*, No. 20-80651-CIV-MIDDLEBROOKS/BRANNON, 2021 WL 1177487, at *1 (S.D. Fla. Mar. 29, 2021). And to the extent *Woods* addressed the nominal rates of the accounting professionals, it did so after the objecting party failed to provide evidence of a reasonable competing rate. *Id*. at *2. The actual expert-fee award was not a $475-to-$550-per-hour deposition award. The accounting firm billed $10,324 for 42.85 hours of project work, and the court reduced that amount by 15% to $8,775.40—an effective rate of approximately $205 per hour. This cannot plausibly be read as endorsing Plaintiffs' demand for $400 per hour for a simple comparison of averages.

## III. PLAINTIFFS' OWN CASES INVOLVED MORE SPECIALIZED WORK THAN TYRA PERFORMED

The comparison between Tyra's work and the work in Plaintiffs' cited cases confirms the excessive nature of the demand. In *FCOA*, the experts were actual marketing and consumer-perception experts. One expert had served in senior marketing roles at Sam's Club, UPS, Nabisco, and VFI, actually conducted a consumer survey, and prepared two expert reports. *FCOA*, 2019 WL 1318361, at *2. The other was a Doctor of Business Administration and emeritus marketing professor who also conducted a consumer survey. *Id*. They sought $600 and $650 per hour. *Id*. The court reduced both to $200 per hour, rejecting the argument that the rates were presumptively reasonable merely because the retaining party paid them. *Id*.

*FCOA* is a devastating comparison for Plaintiffs. Plaintiffs' claimed damages theory depends on alleged consumer reaction to a meme. Yet Tyra is not a marketing

4

expert, conducted no survey, no consumer-behavior study, no web-analytics, and did not identify a single customer who declined to do business with Plaintiffs because of the meme. Doc. 149-3 at 11:10–13:21, 13:22–14:20, 30:3–11. If actual consumer-survey experts in *FCOA* were reduced to $200 per hour, Plaintiffs cannot justify $400 per hour for a first-time-testifying accountant who performed no analysis beyond the materials he uncritically accepted from Plaintiffs.

*Del Campo-Aguila* is no better for Plaintiffs. There, the court addressed expert fees for medical and damages experts in a personal-injury case, including a neurologist, neuroradiologist, psychologist, and accountant. 2023 WL 5317831, at *3–5. The court reduced requested rates where the proponents offered only conclusory assertions and CVs, failed to show the rates traditionally charged by the experts in similar matters, and failed to show that the requested rates matched prevailing rates in the District. *Id*. at *4. The court ultimately set an accountant's deposition rate at $250 per hour. *Id*. at *5. The court also noted that a forensic accountant in that same case charged $75 per hour for deposition testimony. *Id*. at *10 n.4.

Tyra's work was less specialized than the expert work in *Del Campo-Aguila*. He simply accepted Plaintiffs' spreadsheets and compared averages. Doc. 149-3 at 18:10–23:2, 53:16–23, 152:18–156:3. *Del Campo-Aguila* therefore supports reduction.

*Nogara* is also instructive. There, the expert was a 45-year Florida attorney retained to address standard-of-care issues in a malpractice matter. 2024 WL 991786, at *3–5. The proponent claimed the expert reviewed dockets from three cases, pleadings, court filings, exhibits, and approximately 1,200 documents. *Id*. at *3–4.

5

Even so, the court reduced his $800 hourly rate to $500 and scrutinized the preparation-time request. *Id*. at *4–6. Tyra did not review anything like that volume of material and did not perform comparable specialized analysis. He reviewed his own report and the underlying spreadsheets and computations. Doc. 150 at 5–6; Doc. 150-2 at 5. If *Nogara* reduced the rate for a heavily credentialed standard-of-care expert reviewing extensive litigation materials, the Court should reduce Tyra's requested rate for defending a simple average comparison.

Plaintiffs cite *de Fernandez* for payment of breaks and preparation time, but the rate analysis cuts against them. In that complex Helms-Burton case, the court reduced several expert rates after examining the expert's actual area of expertise, testimony, and preparation, denying fee recovery altogether on testimony outside the expert's area of expertise. *de Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CIV, 2023 WL 2692418, at *3–8 (S.D. Fla. Mar. 13, 2023), report and recommendation adopted, 2023 WL 2682307 (S.D. Fla. Mar. 29, 2023).

*Dobson* likewise refutes Plaintiffs' approach. There, the court reduced a medical expert's deposition fee and emphasized the court's obligation to prevent "extortionate fee setting." *Dobson v. Matrixx Initiatives, Inc.*, No. 05-80984-CIV-RYSKAMP/VITUNAC, 2007 WL 842130, at *1 (S.D. Fla. Mar. 20, 2007). The court looked past the expert's credentials and asked whether the requested rate bore a reasonable relationship to the expert's actual work and qualifications. *Id*. at *1–2. That is the inquiry here.

These cases collectively prove the point. Courts reduce expert deposition fees for physicians, attorneys, marketing professors, consumer-survey experts, economists, and forensic accountants where the requested fee is excessive or unsupported. Plaintiffs cite no case requiring an opposing party to pay $400 per hour for the defense of taking the average of a client-provided spreadsheet.

## IV.   PREPARATION TIME SHOULD BE DENIED OR, AT MOST, COMPENSATED AT A REDUCED RATE

Plaintiffs now say Tyra spent 1.1 hours—not 2.2 hours—preparing for his deposition. Doc. 150 at 5–6. Defendants do not dispute that reasonable preparation time may be compensable in an appropriate case. But preparation time is not automatically reasonable merely because it appears on an invoice. *FCOA*, 2019 WL 1318361, at *2. Nor must it be compensated at the same rate as deposition testimony. *Roca Labs, Inc. v. Consumer Opinion Corp.*, No. 8:14-cv-2096-T-33EAJ, 2015 WL 12844308, at *3 (M.D. Fla. July 23, 2015); *Nogara*, 2024 WL 991786, at *2.

The preparation time here was minimal and uncomplicated. According to Plaintiffs, Tyra prepared by reviewing his 23-page report and the data and computations underlying his opinions. Doc. 150 at 5–6. It was preparation to defend a simple average comparison. If the Court awards preparation time, it should be at one-half the rate the Court deems reasonable for the deposition testimony. Alternatively, consistent with Defendants' motion, the Court should deny preparation time or allow no more than 0.5 hours.

### V.   PLAINTIFFS' REQUEST FOR FEES SHOULD BE DENIED

Plaintiffs' request for fees incurred opposing this motion should be denied. Plaintiffs invoke Doc. 143 and accuse Defendants of continuing a "troubling pattern of behavior." Doc. 150 at 6–7. That is another misleading presentation of the record.

Doc. 143 denied a different motion involving different discovery issues. It did not find that Defendants engaged in vexatious litigation conduct, nor did it sanction Defendants. In fact, it denied Rule 37 fees because such an award would be "unjust." Doc. 143 at 3. Plaintiffs cannot convert that unrelated order into a basis for fees on this Rule 26 expert-fee dispute.

In support of their fee request, Plaintiffs also point to a new invoice—with the same invoice number—but now with preparation time broken out, which they provided for the first time after the motion was filed. This highlights the disingenuity of Plaintiffs' litigation position. This motion would not have been necessary had Plaintiffs been willing to discuss or negotiate the issue in good faith.

This motion was substantially justified. Plaintiffs demanded $2,600 based on a one-line invoice that did not separate deposition time from preparation time or identify what preparation was performed. Doc. 149-1. Defendants had offered $200 per hour before the deposition, Plaintiffs did not accept that offer, and the parties later conferred after the deposition. Defendants then sought the exact relief Rule 26 contemplates: a determination of the reasonable fee for expert discovery taken. *See Tennant*, 2017 WL 11105252, at *3; *Conte*, 2011 WL 3511071, at *2.

At most, this is a legitimate disagreement over the reasonable rate and compensable time for an expert deposition. Plaintiffs' fee request should be denied.

8

## CONCLUSION

Defendants respectfully request that the Court grant their motion and determine that a reasonable fee for Tyra's deposition is $322.50, representing 4.3 hours at $75 per hour. Alternatively, if the Court awards preparation time, Defendants request that the Court award no more than $360.00, representing 4.3 hours of deposition time and 0.5 hours of preparation time at $75 per hour. If the Court credits Plaintiffs' revised time calculation, the Court should still reduce the rate substantially and should not award more than a reasonable reduced amount. In all events, Plaintiffs' request for fees should be denied.

Respectfully submitted,
DATED:  June 10, 2026

| | | |
|---|---|---|
| */s/ Gary C. De Pury* | */s/ Matthew Larosiere* | */s/ Zachary Z. Zermay* |
| Gary C. De Pury | Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Florida Bar No: 126588 | Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| Law Offices of Gary De Pury, P.A. | The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 21035 Leonard Road | 6964 Houlton Circle | 1200 Fourth Street, #1102 |
| Lutz, Florida 33558 | Lake Worth, FL 33467 | Key West, FL 33040 |
| Tel: (813) 607-6404 | Email: | Email: |
| Email: Gary@DePury.com | Larosieremm@gmail.com | zach@zermaylaw.com |
| *Lead Counsel for Alex Holladay.* | Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| | *Lead Counsel for Elik, Stroke, Lettman, and Clark.* | *Lead Counsel for Matthew Larosiere.* |

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 10th day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581

10