**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
          Defendants.

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' *DAUBERT*
MOTION TO EXCLUDE OPINIONS OF JASON M. TYRA**

Plaintiffs oppose Defendants' *Daubert* Motion to Exclude Opinions of Plaintiffs' Expert Jasom M. Tyra ("Motion") (Doc. 144). The Motion should be denied because Tyra is well qualified and his opinions are sufficiently reliable and helpful.

**INTRODUCTION**

Plaintiffs brought this case to recover damages caused by Defendants' dissemination of false statements about Plaintiffs' lawful 3D gun business. For years, Defendants have blanketed the online platforms used by Plaintiffs' customers and other members of the "GunCAD" community, *i.e.* guns and Computer-Aided Designs, with the "FEDCAD" meme and other false

statements about Plaintiffs.[1] The goal of this collective effort was to diminish Plaintiffs as a rival to their RICO enterprise, MAF Corp., which is owned by defendants Larosiere and Holladay.

Tyra is a licensed CPA and attorney who earned a Master of Science in Accounting and an MBA with a focus on accounting. In his expert report, Tyra opines that defendants have caused Plaintiffs to suffer $2.6 million in lost sales. Tyra's opinions regarding the cause of Plaintiffs' damages are based on his multi-disciplinary educational background and experience, including years of experience servicing clients in the GunCAD community. Tyra's opinions regarding the amount of lost profits is based on the well-established method of comparing the "before" period (pre-meme) to the "after" period (post-meme) to determine its effect.

Defendants argue that Tyra's opinions should be excluded because Tyra failed to properly consider alternative causes of Plaintiffs' sales decline and did not independently verify Plaintiffs' sales data. Defendants may, of course, cross-examine Tyra about these alleged shortcomings in his opinions at trial. But Defendants' critiques are not valid reasons to preclude Tyra from testifying. Indeed, Tyra's opinions satisfy the liberal standard for admissibility of expert testimony because they will help the district court (as trier of fact) understand the devastating impact that the FEDCAD meme has had on Plaintiffs' business. Accordingly, the Motion should be denied.

<u>**ARGUMENT**</u>

**A.      Courts Apply a Liberal Standard for Admitting Expert Testimony.**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *See, e.g., Thelen v. Somatics, LLC,* 156 F.4th 1115, 1131-32 (11th Cir. 2025). The proponent of expert testimony must demonstrate that: (1) an expert is "qualified"; (2) the methodology is "sufficiently

---

[1] The meme is reproduced in the operative Second Amended Complaint and in Mr. Tyra's report.

reliable"; and (3) the testimony "assists the trier of fact … to understand the evidence or to determine a fact in issue." *Id.*

"The admissibility standard is a liberal one, and … the rejection of expert testimony is the exception rather than the rule." *United States v. Frazier,* 387 F.3d 1244, 1264 (11th Cir. 2004). Indeed, "'vigorous cross-examination [and] presentation of contrary evidence … are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (quoting *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993); *see also MCZ/Centrum Flamingo II, LLC v. City of Miami Beach*, No. 08-cv-22419, 2009 WL 10700921, at *2 (S.D. Fla. Aug. 3, 2009) ("Doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility…. Reliable expert testimony may be admissible despite the other party's contentions that the expert's conclusions are incorrect.").

**B.     Tyra's Causation Opinion Is Admissible.**

Defendants contend that Tyra's causation opinion (*i.e.*, that Defendants caused Plaintiffs' sales to decline) should be excluded as unreliable because Tyra failed to properly consider alternative causes of Plaintiffs' damages. *See generally* Mot. 4-16, 18-19.  This argument lacks merit.

Expert opinions are admissible if they are based on experience and the proponent of the testimony explains how the experience led to the conclusion reached. *See Frazier,* 387 F.3d at 1264-65 ("Rule 702 expressly contemplates that experts may be qualified based on experience."); *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1318 (11th Cir. 2022) ("social science research, theories, and opinions cannot have the exactness of hard science methodologies, and peer review, publication, error rate, etc. are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert").

Here, Tyra's causation opinion is reliably supported by his education and experience. Tyra has a master's degree in business administration, a degree in accounting, a J.D., and is a practicing CPA. *See* Doc. 150-2 at ¶¶ 1-2. Contrary to Defendants' assertion that Tyra has not taken any relevant marketing courses (*see* Mot. 8), Tyra in fact studied "consumer behavior" (i.e., marketing) in business school. Tyra Dep. Tr., Doc. 144-1 at 12:6-23.[2]

For 13 years, Tyra has owned and operated his own boutique multi-disciplinary professional services firm that provides, among other things, tax consulting and litigation support services. Ex. 1, Tyra Decl. ¶ 2.[3] Most of Tyra's clients are members of the Second Amendment community who own firearms, often 3D guns, and are involved in gun rights activism. *Id.* ¶ 3. Based on his experience, Tyra is aware that members of the Second Amendment and GunCAD communities are generally Libertarians who are very apprehensive about the disclosure of their identities to hackers, antigunner groups, or government officials. *Id.* ¶ 6.

As explained in Tyra's report, Plaintiffs' clientele, like his own clientele, are members of the GunCAD community "who above all else… value discretion and privacy." Tyra Report, Doc. 150-1 at p. 9. A central tenet of the GunCAD movement "is that bearing arms is a universal human right, whether for individual self-defense or as a collective safeguard against government tyranny."

---

[2] In any event, an expert witness is not required to have any particular academic degree. *See, e.g., United States v. Williams*, 865 F.3d 1328, 1338 (11th Cir. 2017) ("Experts may be qualified by scientific training, education, or experience in the relevant field; they need not be formally educated to qualify as experts.").

[3] The Court may consider Tyra's declaration in deciding the Motion because it explains how Tyra's experience enables him to render his opinions and does not change his opinions. *See Pritchard v. Dow Agro Scis,* 263 F.R.D. 277, 286 (W.D. Pa. 2009) (allowing supplemental declaration from expert witness because it "contains opinions and facts which assuredly would have been elicited from [expert] during the *Daubert* hearing, whether on cross examination or in rebuttal"); *RLI Ins. Co. v. Outsideln Architecture, LLC*, 692 F. Supp. 3d 1077, 1094 (M.D. Fla. 2023) (permitting additional expert report after deadline because it "builds upon the original, without significantly changing the core conclusions or opinions found therein").

*Id.* It is for these reasons that Defendants' false statements—including that Plaintiffs allowed their customers' personal information to end up in the hands of hackers, antigunners, and federal authorities—have had a "pernicious effect." *Id.* Tyra opines that Plaintiffs have suffered at least $2.6 million in lost sales since defendants started their online smear campaign in 2023. *Id.* at 15.

In the Motion, Defendants argue that Tyra did not properly consider alternative causes of Plaintiffs' sales decline and apportion damages appropriately. But Tyra in fact considered "other social and macroeconomic factors" as alternative causes of Plaintiffs' damages. *See id.* at 13-15 (considering whether inflation, the results of the 2024 Presidential election, or the general state of the gun market in the United States caused Plaintiffs' sales to decline during the relevant period). Ultimately, Tyra rejected those alternative causes of damages. *See id.* at 15 ("I have identified no other factor that is likely to have had as great an impact on DEFCAD's sales as the toxic 'FEDCAD' meme. During a period when gun sales remained at historically high levels, Plaintiffs' businesses suffered stark declines.").

Tyra's opinion is reliable and helpful to the trier of fact. Based on his education and experience, Tyra can help the district court, as factfinder, understand why members of the GunCAD community would stop doing business with Plaintiffs due to the FEDCAD meme.[4]

To the extent Defendants contend that there are "gaps or inconsistencies in the reasoning leading to [Tyra's] opinion … such arguments go to the weight of the evidence, not to its admissibility." *Campbell ex rel. Campbell v. Metro. Prop. and Cas. Ins. Co.*, 239 F.3d 179, 186

---

[4] Notably, the need for pre-trial exclusion of expert testimony is lessened where, as here, the district court will serve as factfinder at trial. *See, e.g., RLI Ins. Co. v. Outsideln Architecture, LLC*, 692 F. Supp. 3d 1077, 1092 (M.D. Fla. 2023) ("In a non-jury case, where the district court serves as both gatekeeper and factfinder, it has substantial flexibility in admitting proffered expert testimony at the front end, and then deciding for [itself] during the course of trial whether the evidence meets the requirements of Rule 702") (internal citation and quotations omitted).

(2d Cir. 2001).  Indeed, courts regularly admit expert testimony where, as here, a party challenges an expert's causation analysis or alleged failure to consider certain evidence.  *See, e.g., In re Trasylol Products Liab. Litig.*, No. 08-cv-80419, 2010 WL 8354662, at *16 (S.D. Fla. Nov. 23, 2010) (Middlebrooks, J.) ("[T]he Eleventh Circuit does not require an expert to rule out *all* other risk factors or intervening causes … Instead, for [an expert's] opinion to be reliable, the expert must at least consider the other causes that could have solely given rise to the plaintiffs' injury.") (emphasis in original); *Action Nissan, Inc. v. Hyundai Motor Am. Corp.*, No. 6:21-cv-2152, 2025 WL 4031607, at *3 (M.D. Fla. Aug. 18, 2025) (rejecting challenge to expert's testimony on the grounds that "expert failed to consider 'other plausible causes' for [plaintiff's] sales decline" because, among other things, the challenge "go[es] to the weight owed thereto, not to its sufficiency.").[5]

Accordingly, Tyra should be permitted to present his causation opinion at trial, and the Court can decide for itself the appropriate weight it should give to Tyra's opinion.

**C.      Tyra's Lost Profits Opinion Is Admissible.**

Defendants' attempt to exclude Tyra's lost profits calculation (*see* Mot. 17-18) should also be rejected.

In determining lost profits, Tyra relied on sales data and business records provided by Plaintiffs.  Tyra then compared the "before" period (pre-meme) to the "after" period (post-meme) to calculate lost profits.  This is one of the "two generally recognized methods of proving lost profits."  *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1538-39 (11th Cir. 1985); *see also Action Nissan, Inc.*, 2025 WL 4031607, at *3 (finding that plaintiff "properly presented evidence

---

[5] *See also Quiet Technology,* 326 F.3d at 1345-46 (holding that criticism of expert's causation analysis was not a basis for exclusion because the underlying method was valid); *Geigtech E. Bay LLC v. Lutron Elecs. Co.*, 2023 WL 6614486, at *27-28 (S.D.N.Y. Sep. 20, 2023) (argument that expert failed to consider certain evidence goes to weight of expert's opinion not its admissibility).

of its lost profits using the 'before and after' theory and thus provided a sufficient basis for the jury to arrive at a damages award").

The Motion asserts, without citation to authority, that Tyra should have "verified" Plaintiffs' sales data.  *See* Mot. 17.  But "an expert witness is not a private investigator hired to investigate the accuracy of each report or document he uses in creating his report." *Platypus Wear, Inc. v. Clarke Modet & Co.*, No. 06-cv-20976, 2008 WL 4533914, at *5 (S.D. Fla. Oct. 7, 2008). Any complaints about the data relied upon by Tyra should be explored through cross-examination at trial.  *See id.* (denying motion to exclude expert damages opinion based on alleged inaccuracy of company's "income ledgers" because the challenging party's argument is "far more appropriate for cross-examination and impeachment"); *DPWN Holdings (USA), Inc. v. United Airlines, Inc.,* No. 11-cv-0564, 2019 WL 1515231 at *3 (E.D.N.Y. Feb. 21, 2019) ("How [expert] chose to isolate and manipulate the factors that contributed to his before-and-after analysis is properly the subject of cross-examination; it is not the basis for exclusion of his opinion entirely."); *Aventis Envtl. Sci. USA LP v. Scotts Co.*, 383 F. Supp. 2d 488, 514 (S.D.N.Y. 2005) ("[A] challenge to the facts or data relied upon by [an expert] does not go to the admissibility of his testimony, but only to the weight of his testimony.").

Because Tyra's opinions are sufficiently reliable and helpful, the Motion should be denied.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion.

Dated:  June 11, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: */s/ Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*