UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-81197-MIDDLEBROOKS/MATTHEWMAN

DEFENSE DISTRIBUTED, et al.,

     Plaintiffs,

v.

JOHN ELIK, et al.,

     Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DETERMINE REASONABLE FEE FOR THE DEPOSITION OF JASON M. TYRA [DE 149]

THIS CAUSE is before the Court upon Defendants' Motion to Determine Reasonable Fee for the Deposition of Jason M. Tyra Under Rule 26(b)(4)(E) ("Motion") [DE 149]. Plaintiffs responded [DE 150], and Defendants replied [DE 154]. Thus, the matter is ripe for review. Based on the following, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.      BACKGROUND

Defendants took the deposition of Plaintiffs' damages expert, Jason M. Tyra, and the parties now dispute Mr. Tyra's reasonable fee for being deposed. *See* DE 98. Defendants therefore seek an order determining the reasonable fee for the deposition of Mr. Tyra. [DE 149 at 1]. Plaintiffs demand $2,600.00 billed at $400 per hour for 6.5 hours for Mr. Tyra to prepare for the deposition and be deposed. [DE 149-1].

Defendants make two main objections: (1) Mr. Tyra's hourly rate is too high and should be reduced to $75 per hour; and (2) Mr. Tyra's preparation time should be denied or reduced. *See* DEs 149, 154. Defendants maintain that the "nature, quality, and complexity" of Mr. Tyra's

deposition testimony does not warrant $400 per hour, and that any preparation time "was minimal and uncomplicated." [DE 149 at 5–7; DE 154 at 7].

In response, Plaintiffs state that Mr. Tyra's $400 hourly rate is supported by his "three advanced degrees: an MS in accounting, an MBA with a focus on accounting, and a J.D." [DE 150 at 4]. Mr. Tyra is also a certified public accountant and a licensed attorney and has worked in these roles for almost 13 years. *Id.* Plaintiffs also point out Mr. Tyra's 23-page report and over five-hour deposition to justify his hourly rate. *Id.* Further, Plaintiffs maintain that Mr. Tyra only spent 1.1 hours preparing for a deposition lasting 5.4 hours, totaling 6.5 hours billed. *Id.* at 5–6. Lastly, Plaintiffs seek their attorneys' fees incurred in responding to the Motion, payable by Defendants. *Id.* at 6.

In reply, Defendants allege that the cases Plaintiffs rely on to justify Mr. Tyra's hourly rate are distinguishable and do not support a $400 rate here. [DE 154 at 3–8]. Defendants also reiterate that the Court should deny any preparation time or reduce such time to 0.5 hours. *Id.* at 7.

## II.     LEGAL STANDARDS

Payment of expert deposition fees is governed under Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(b)(4)(A). Under this Rule, "[u]nless manifest injustice would result, the court must require that a party seeking discovery … pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)[.]" Fed. R. Civ. P. 26(b)(4)(E)(i). In evaluating the reasonableness of an expert's fee, the Court considers the following factors:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery sought; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert to the retaining party; (7) the fee traditionally charged by the expert on related matters; and (8) any other factor likely to be of assistance to the court in balancing the parties' respective interests.

*FCOA, LLC v. Foremost Title & Escrow Services, LLC*, No. 17-23971-CIV, 2019 WL 1318361,

2

at *1 (S.D. Fla. Mar. 20, 2019) (citation omitted). Generally, "the party seeking reimbursement of deposition fees bears the burden of proving reasonableness[,]" and "[c]ourts have authority to reduce experts' fees when those fees are found to be excessive." *Id.* (citations omitted). "[T]he determination of a reasonable fee lies within the Court's sound discretion." *de Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CIV, 2023 WL 2692418, at *2 (S.D. Fla. Mar. 13, 2023), *report and recommendation adopted*, No. 20-CV-25176, 2023 WL 2682307 (S.D. Fla. Mar. 29, 2023) (citation and internal quotations omitted).

### III.   DISCUSSION

Here, after carefully considering the parties' positions and papers, as well as all the factors stated above, the Court awards an hourly rate of $300 for Mr. Tyra. The Court finds this hourly rate is reasonable for Mr. Tyra. The Court arrives at this figure by drawing upon its own expertise, considering the pertinent factors, Mr. Tyra's credentials, education, and experience, along with reviewing Mr. Tyra's expert report [DE 149-2] and the relevant case law. *See Del Campo-Aguila v. Am. Inst. for Foreign Study, Inc.*, No. 22-21146-CIV, 2023 WL 5317831, at *5 (S.D. Fla. July 24, 2023) (awarding an accountant $250 per hour for a one hour and forty-five-minute deposition). In this regard, the Court finds that Plaintiffs have not sufficiently met their burden of establishing entitlement to a $400 hourly rate, and Defendants do not justify their low proposed rate of $75 per hour.[1] Thus, the Court finds that Mr. Tyra's appropriate reasonable hourly rate is $300.

Regarding the number of hours billed, the Court finds that a total of 6.4 hours is reasonable, including 5.4 hours for the deposition and one hour of preparation time. Plaintiffs state, which Defendants seemingly do not dispute, that Mr. Tyra's deposition lasted 5.4 hours. *See* DE 149-3.

---

[1] Defendants seemingly base this rate from *Del Campo-Aguila*, but in that case, the court did not award a $75 hourly rate for a forensic account. The court simply noted that a forensic account had charged $75 per hour. *Id.* at *4 n.4.

Moreover, exercising the Court's discretion, one hour of deposition preparation billed at the hourly rate of $300 is reasonable. *Williamson v. Indian River Mem'l Hosp., Inc.*, No. 21-14318-CIV, 2023 WL 11823056, at *3 (S.D. Fla. May 8, 2023). Therefore, the amount of reasonable time billed is 6.4 hours.

Lastly, the Court declines to award any fees incurred in this motion practice. Given that Mr. Tyra's fees were reduced by the Court towards the middle of the parties' positions, the Court finds that there was a justifiable dispute. As expected, both sides took extremely contrary positions and were unable to agree on a reasonable number of hours or an hourly rate, which is par for the course in this case.

## IV.   CONCLUSION

Accordingly, the Motion [DE 149] is **GRANTED IN PART AND DENIED IN PART**. The reasonable fee for Mr. Tyra's deposition and preparation time is **$1,920**. Defendants are ORDERED to pay this amount to Plaintiffs within ten (10) days of the date of this Order. In the event payment is not timely made, Plaintiffs may file a motion seeking entry of a judgment against Defendants and any other appropriate relief.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of June 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge