UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-cv-00691-O |
| PAMELA BONDI in her Official | § | |
| Capacity as Attorney General of the | § | |
| United States, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**Defense Distributed's Notice of Irreparable Harm
in Support of Defense Distributed's Motion for a Preliminary Injunction**

**Table of Contents**

Defense Distributed's Notice of Escalating Irreparable Harm ....................................................... 3

in Support of Defense Distributed's Motion for a Preliminary Injunction ..................................... 3

I.      Irreparable harm is escalating. ........................................................................................ 3

        A.      The Rule's enforcement is causing refusal of basic banking services. .....................4

        B.      The Rule's enforcement is causing collapse of the insurance market. ...................5

II.     Further deferral amounts to constructive denial................................................................ 6

Conclusion.................................................................................................................................... 7

Certificate of Service ................................................................................................................... 8

**Defense Distributed's Notice of Escalating Irreparable Harm
in Support of Defense Distributed's Motion for a Preliminary Injunction**

Defense Distributed files this notice to advise the Court of new developments informing Defense Distributed's motion for a preliminary injunction, Doc. 293. The identified irreparable harms are no longer merely anticipated. They have materialized and are escalating. ATF's continued enforcement of the Rule is now inflicting drastically more concrete, compounding injury that no later judgment can repair. In light of this development, and with the motion having been ripe for decision over six months, further deferral would amount to constructive denial. The Court should expressly decide the motion now by granting it.

## I.      Irreparable harm is escalating.

Defense Distributed's motion for a preliminary injunction showed the kind of irreparable harm that warrants immediate relief. Specifically, it showed that continued enforcement of ATF's 2022 "Frame or Receiver" Rule would do immediate and irreparable harm to Defense Distributed by prohibiting and chilling its exercise of constitutionally protected rights and by inflicting irreparable economic harms. *See* Doc. 294 at 18-20; Doc. 299 at 11-12. What warranted a preliminary injunction when the challenge was primarily statutory warrants one now, as Defense Distributed awaits resolution of its Due Process Clause and Second Amendment claims. *Id.*

The irreparable harms Defense Distributed identified are no longer prospective. They are materializing *and intensifying*. Continued enforcement during the pendency of this motion has now driven Defense Distributed out of the banking and insurance markets required for lawful operation. It has been denied basic banking services and rendered effectively uninsurable. Whereas preliminary relief was already warranted when the harms were anticipated and looming, it is manifestly necessary now that they are concrete and worsening. Time is of the essence.

**A.      The Rule's enforcement is causing refusal of basic banking services.**

Southside Bank, a Texas-chartered financial institution, has declined to provide Defense Distributed with even a basic deposit account while the government continues to threaten and insist upon enforcement of the Rule. *See* Ex. A (Williams Declaration). It has therefore been denied access to the basic banking services required for ordinary business operations. *Id.*

This represents a departure from the pre-enforcement baseline. Ex. A at ¶3. Absent concerns about the Rule's enforcement, Southside Bank would evaluate a request for a basic deposit account using ordinary banking criteria; and before ATF threatened enforcement against Defense Distributed, there was no independent reason to deny such services. *Id.*

The government's continued enforcement of the Rule caused this change in position. Ex. A at ¶4. The denial was not a credit decision and involved no lending or discretionary accommodation. *Id.* Bank officials have not concluded that Defense Distributed's conduct is unlawful or identified any misconduct. *Id.* Rather, because enforcement remains threatened, the bank cannot determine with sufficient certainty whether providing services would expose it to regulatory or criminal risk. *Id.* In banking practice, that uncertainty requires exclusion. *Id.*

Judicial relief would resolve this barrier. Ex. A at ¶5. A court order limiting enforcement of the Rule as to Defense Distributed would permit the bank to assess its request under ordinary standards. *Id.* Setting aside enforcement-related uncertainty, the bank is aware of no independent reason Defense Distributed would be disqualified from basic commercial banking services. *Id.*

Denial of basic banking access constitutes irreparable harm for the reasons already explained in Defense Distributed's motion and reply. *See* Doc. 294 at 18-20; Doc. 299 at 11-12. A business without a checking account cannot operate. No later damages award can restore lost operations or commercial standing. Hence the need for relief via a preliminary injunction.

**B.      The Rule's enforcement is causing collapse of the insurance market.**

The insurance market has withdrawn from Defense Distributed while the government continues to threaten and insist upon enforcement of the Rule. *See* Ex. B (Cisneros Declaration). Defense Distributed has thus been unable to obtain commercially reasonable insurance coverage necessary to operate, contract, and maintain ordinary business relationships. *Id.* at 1-2.

This too represents a departure from the pre-enforcement landscape. Ex. B at ¶3. Before ATF threatened enforcement of the Rule, insurers evaluated the businesses at issue using ordinary underwriting criteria, including claims history, operational practices, and risk controls, and no adjudication or finding independently rendered Defense Distributed uninsurable. *Id.*

The government's continued enforcement of the Rule caused this change in position. Ex. B at ¶4. Insurers have not declined coverage because of loss history or operational deficiencies. *Id.* They have not concluded that Defense Distributed's conduct is unlawful. *Id.* Rather, while enforcement of the Rule remains threatened and unresolved, insurers cannot assess risk in the face of indeterminate criminal exposure. *Id.* In underwriting practice, that uncertainty forecloses meaningful pricing and results in categorical denial. *Id.*

Judicial relief would remove that obstacle. Ex. B at ¶5. A federal court ruling limiting enforcement of the Rule as to Defense Distributed would permit insurers to evaluate coverage in the ordinary course. *Id.* Absent enforcement-related uncertainty, insurers identify no underwriting issue that would independently preclude commercially reasonable coverage. *Id.*

Loss of insurance coverage constitutes irreparable harm for the reasons already explained. *See* Doc. 294 at 18-20; Doc. 299 at 11-12. Without insurance, Defense Distributed cannot lawfully operate, and no later judgment can restore lost operations or market position.

## II.    Further deferral amounts to constructive denial.

Defense Distributed's motion has been fully briefed and ripe for decision for over six months. During that time, the government has continued to enforce the challenged Rule, and the irreparable harms the motion sought to prevent have materialized and intensified. In this posture, further deferral no longer preserves the status quo. It defeats interim relief.

At some point, the failure to rule on a ripe request for a preliminary injunction constitutes a constructive denial. *Amazon.com Servs. LLC v. NLRB*, 151 F.4th 221, 228 (5th Cir. 2025); *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 533–35 (5th Cir. 2024); *Clarke v. Commodity Futures Trading Comm'n*, 74 F.4th 627 (5th Cir. 2023); 16 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3924.1 (3d ed. 2025). Whether constructive denial has occurred depends on context—particularly the urgency of the relief sought and whether delay forecloses meaningful interim protection. *Id.* Where continued enforcement inflicts irreparable harm while a motion for interim relief remains undecided, the extended indecision can amount to a denial. *Id.*

This case is now at the point of constructive denial. Defense Distributed sought preliminary relief because continued enforcement of the Rule would cause immediate, irreparable harm that no final judgment could repair. The government has continued enforcing the Rule, and time has allowed the predicted injuries to materialize. The new evidence confirms that Defense Distributed has been denied basic banking services and rendered effectively uninsurable. These harms are concrete, ongoing, and escalating. Even if constructive denial has not already occurred, it will if the Court does not act now. Further delay would foreclose meaningful interim relief and effectively grant the government continued enforcement during the pendency of unresolved constitutional claims. Prompt adjudication is therefore necessary to preserve the availability of preliminary relief and prevent further irreparable constitutional injury.

6

**Conclusion**

The Court should grant the motion and issue an order preliminarily enjoining the Defendants from enforcing the challenged redefinition of "firearm" in 27 C.F.R. § 478.11 and 27 C.F.R. § 478.12, *see* Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022), against Defense Distributed vis-à-vis the items specified in Defense Distributed's motion:

1. The Polymer80 80% Frame as sold by Defense Distributed on ghostgunner.net before the Rule took effect.

2. The M1911 80% Frame:45ACP as sold by Defense Distributed on ghostgunner.net before the Rule took effect.

3. The M1911 80% Frame:9mm/10mm/.38 Super/.40 S&W as sold by Defense Distributed on ghostgunner.net before the Rule took effect.

4. The G80 Build Kit as sold by Defense Distributed on G80.com.

5. The G80 Unfinished Receiver as sold by Defense Distributed on G80.com.

6. The G80 Grip Module as sold by Defense Distributed on G80.com.

*See* Doc. 293 at 2.

Respectfully submitted,

By /s/ *Chad Flores*

Chad Flores
  cf@chadflores.law
  Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
P: (713) 893-9440
F: (832) 645-2496

Counsel for Defense Distributed

7

**Certificate of Service**

A true and correct copy of the foregoing document was served via the Court's CM/ECF

system to all counsel of record on the day of its filing.

/s/ Chad Flores
Chad Flores_____