Docusign Envelope ID: E8B2EB7D-9D60-42B2-9119-E96ECA24E558

**Declaration of Grant Williams**
January 21, 2026

I, Grant Williams, declare under penalty of perjury that the foregoing is true and correct:

1.  I am a Senior Vice President of Treasury Management at Southside Bank, a Texas-chartered financial institution. My role involves oversight of commercial banking relationships, including cash-management services, deposit accounts, and the evaluation of regulatory and risk considerations associated with those relationships.

2.  Southside Bank was asked to provide Defense Distributed with basic banking services, including a deposit account necessary for ordinary business operations. In my capacity at the bank, I participated in evaluating whether Southside Bank could maintain such a relationship consistent with its regulatory obligations and risk standards.

3.  Absent concerns about enforcement of the ATF's 2022 "Frame or Receiver" Rule, Southside Bank would ordinarily evaluate a request for a basic deposit account using standard banking criteria, including customer identity, account purpose, and operational considerations. Prior to the government's threatened enforcement of that Rule against Defense Distributed, there was no independent reason that would have precluded the bank from providing ordinary deposit services.

4.  Southside Bank has declined to maintain a deposit account for Defense Distributed during the period in which the government has insisted on continued enforcement of the ATF's 2022 "Frame or Receiver" Rule. The decision was not based on any finding of misconduct, illegality, or regulatory violation by Defense Distributed. While litigation over the Rule is ongoing and enforcement is threatened, the bank has been unable to determine with sufficient certainty whether providing services would expose Southside Bank to regulatory or enforcement risk. Southside Bank has not reached a legal conclusion that Defense Distributed's products or activities are unlawful. The difficulty is the absence of clear boundaries while enforcement continues. In the banking industry, when potential criminal exposure cannot be reliably ruled out due to regulatory ambiguity, institutions are expected to err on the side of exclusion.

5.  A court ruling expressly limiting enforcement of the Rule as to Defense Distributed would resolve the uncertainty that has driven Southside Bank's decision. Clear judicial guidance removing potential criminal or regulatory exposure would permit the bank to evaluate Defense Distributed's request for services under ordinary banking standards, rather than exclusion based on unresolved enforcement risk. From Southside Bank's perspective, and setting aside the regulatory uncertainty associated with enforcement of the Rule, I know of no independent reason why Defense Distributed would be disqualified from consideration for basic commercial banking service

6.  I am over the age of eighteen and competent to make this declaration. The facts stated above are based on my personal knowledge acquired through my direct involvement in Southside Bank's evaluation of Defense Distributed's request for banking services.

I executed this declaration on January 21, 2026.

DocuSigned by:

*Grant Williams*

7B993A827FA24B1...

1