Docusign Envelope ID: ABE55EC9-9985-4E70-A66B-7CE22448F86A

**Declaration of Marc Cisneros**
January 15, 2026

I, Marc Cisneros, declare under penalty of perjury that the foregoing is true and correct:

1. I am the owner of CS Innovative Insurance Solutions, an independent insurance agency based in Texas that represents multiple national insurance carriers. I work directly with underwriters and insurers to place commercial insurance coverage for businesses operating in regulated industries, including firearms-related businesses

2. CS Innovative Insurance Solutions acted on behalf of Defense Distributed in seeking commercial insurance coverage necessary for its operations, including the general and products liability coverages required to contract, transact, and maintain ordinary business relationships. My involvement included presenting Defense Distributed's risk profile to insurers and communicating insurers' responses regarding coverage availability.

3. Before the government threatened enforcement of the ATF's 2022 "Frame or Receiver" Rule, the insurance market was able to evaluate firearms-related businesses using ordinary underwriting criteria, including claims history, operational practices, and risk controls. There was no adjudication or finding that would have independently rendered Defense Distributed uninsurable.

4. During the period in which the government has insisted on continued enforcement of the ATF's 2022 "Frame or Receiver" Rule, insurers have declined to offer commercially reasonable coverage. Those decisions were not based on claims history, loss performance, or operational deficiencies. Insurers have stated that they cannot assess coverage risk while enforcement of the Rule is threatened and the boundaries of lawful conduct remain unclear. No insurer represented to my knowledge that Defense Distributed's conduct had been adjudicated unlawful. From an underwriting perspective, indeterminate criminal exposure makes meaningful risk pricing impossible, and the standard response under those conditions is to decline coverage altogether.

5. From an insurance-placement standpoint, a federal court decision establishing that the Rule cannot be enforced against Defense Distributed in this context would substantially alter the underwriting landscape. With enforcement risk clarified or removed, insurers could evaluate coverage and price risk in the ordinary course rather than declining coverage due to regulatory uncertainty. In my dealings with insurers and underwriters, I have identified no underwriting issue specific to Defense Distributed that would, standing alone, preclude the availability of commercially reasonable insurance coverage absent the enforcement risk posed by the Rule.

6. I am over the age of eighteen and competent to make this declaration. The statements above are based on my personal knowledge derived from my direct involvement in attempting to place insurance coverage for Defense Distributed.

7. I executed this declaration on January 15, 2026.

Signed by:

*Marc Cisneros, Jr*

22F16D701446464...