UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et al.,

*Plaintiffs,*

v.

JOHN ELIK, et al.,

*Defendants.*

_____/

**DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS**

Defendants submit this Reply Statement of Material Facts in response to (Doc. 166). Defendants note Plaintiffs never properly controverted Defendants' original Statement of Material Facts. Plaintiffs' amended response, filed after the Court struck their original response for failing to provide specific, pinpoint record citations, repeats the same defect in material respects. (Doc. 163). Plaintiffs respond to Defendants' causation facts by citing entire exhibits, without tying any page or line number the particular fact disputed. See, e.g., Doc. 165 ¶¶ 10, 25–26, 57–58, 66. Those generalized citations, wherein Defendants cannot find support for Plaintiffs' position, do not satisfy Local Rule 56.1, especially where the cited materials are lengthy, internally inconsistent, and do not address the specific fact asserted.

Plaintiffs predominantly rely on hearsay, speculation, conclusory assertions, and self-serving nonlawyer declarations that have not been signed or subscribed in compliance with 28 U.S.C. § 1746. Customer exit-survey statements are out-of-court

1

statements offered to prove why unidentified customers cancelled memberships. Wilson's declaration repeats those customer statements and adds his own interpretation of them, while Wilson's deposition confirms that at least some "FEDCAD" references came from a drop-down option Plaintiffs themselves added to the survey. Goldhaber's declaration purports to describe what unnamed members of an undefined "GunCAD community"—whatever that is—saw, believed, and did, while Wilson speculates that Goldhaber's hypothetical public support would have generated "legitimacy" and "goodwill" among unidentified potential customers. None of that creates a genuine dispute of material fact. See Fed. R. Civ. P. 56(c)(2), (c)(4); 28 U.S.C. § 1746; *Roy v. Ivy*, 53 F.4th 1338, 1346–50 (11th Cir. 2022); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003); *Macuba v. DeBoer*, 193 F.3d 1316, 1322  25 (11th Cir. 1999).

Defendants object to Plaintiffs' reliance on Docs. 157, 158, and 159 because each is a nonlawyer declaration signed only with "/s/," and Plaintiffs' counsel confirmed that the filed PDFs are the originals and that no other signed versions exist. *See* Reply Ex. C ("…all declarations filed yesterday (Goldhaber, Walliman, and Wilson) were originals…we're not withholding other versions of any of those declarations, and that Goldhaber e-signed his declaration"). Defendants object to Plaintiffs' use of filings in other cases for the truth of allegations there made.

### RESPONSE TO ADDITIONAL FACTS

78. Undisputed.

79. Undisputed.

80. Undisputed.

2

81. Disputed. Wilson testified that DD Foundation receives DEFCAD membership money only "by and large," subject to "important" and "large" exceptions. He further testified that subscription income is ultimately booked to Defense Distributed. Doc. 147-5 at 11:14–12:17.

82. Disputed. Plaintiffs cite only Wilson's nonlawyer "/s/" declaration, which is not proper Rule 56 material. Plaintiffs identify no sales records, product records, or discovery-produced evidence establishing the products allegedly sold by Defense Distributed.

83. Undisputed.

84. Disputed. Plaintiffs cite only Wilson's declaration. The assertion is vague and unsupported. "GunCAD community" is undefined, and Plaintiffs cite no admissible evidence establishing what that alleged community is, who belongs to it, what it knows, or how any alleged community knowledge bears on any element of Plaintiffs' claims.

85. Disputed in part. Defendants do not dispute that Holladay operates CTRLPew LLC and the CTRLPew website. The remainder is compound and unsupported. Plaintiffs rely on an order from separate California litigation, but that order continued a hearing on motions to quash for lack of personal jurisdiction so California could take jurisdictional discovery. It did not adjudicate the merits of California's allegations or make factual findings material to this case. The cited section, titled "The People's Allegations" is a recitation of allegations, not competent evidence. Doc. 159-1 at 1–4.

86. Disputed. Plaintiffs cite no competent evidence that Larosiere is the president of any operational entity relevant to Plaintiffs' claims. The California order Plaintiffs cite recites that Gatalog Foundation "never became operational," "has never published a newsletter, conducted any business, maintained any functional website, distributed any content, or engaged in any other activity," and that Larosiere does not own, operate, manage, or control TheGatalog.com. Doc. 159-1 at 5–6. Plaintiffs therefore cite a document that, if considered at all, undercuts the asserted fact.

87. Undisputed. Defendants dispute materiality.

88. Undisputed only that Elik has had a work-for-hire agreement with Larosiere and has co-hosted Larosiere's podcast and YouTube series. The assertion is compound, and Wilson's declaration is not competent evidence of Elik's relationship with Larosiere.

89. Undisputed.

90. Disputed. Clark has no working relationship with any Defendant. Plaintiffs cite only Wilson's declaration, which does not show Wilson's personal knowledge of Clark's supposed relationship with Larosiere, Elik, or any other Defendant.

91. Disputed. Plaintiffs cite only Goldhaber and Walliman's declarations, which are not proper Rule 56 material. The cited declarations lack personal knowledge and do not identify specific overlapping products, customers, transactions, sales, or any discovery-produced documents showing that MAF Corp. and Defense Distributed compete in a legally relevant market.

92. Disputed. CTRLPew and TheGatalog.com do not share files in the manner Plaintiffs assert. The California order Plaintiffs cite recites that TheGatalog.com "does not host files for download," and that it "generates no revenue and is not monetized in any way." Doc. 159-1 at 5. The same order recites that CTRLPew links to third-party Odysee profiles but does not establish that CTRLPew itself is a DEFCAD substitute, sells DEFCAD memberships, caused any customer to cancel a DEFCAD membership, or competes with DEFCAD in any sense. Doc. 159-1 at 5–6.

93. Disputed as phrased. Elik's declaration cannot establish what is the "standard reproduction" of the meme.

94. Undisputed.

95. Disputed. The cited message was a private, satirical chat comment taken out of context.

96. Undisputed only that Holladay operates or administers a Rocket.Chat server. Disputed that Holladay owns it. Disputed further that the server establishes the existence of "The Gatalog" as Plaintiffs describe it.

97. Disputed for lack of knowledge. Defendants lack knowledge as to what Celentano first saw or where he first saw it.

98. Undisputed that Holladay, Stroke, Lettman, and Clark have posted the FEDCAD meme on the Internet. Defendants lack knowledge as to Celentano.

99. Undisputed that Defendants have online followings. Disputed to the extent Plaintiffs rely on Wilson's declaration to establish any facts about those followings.

100. Disputed as phrased. The cited testimony does not establish "affiliate marketing" in any official sense. MAF's 30(b)(6) witness testified that discount codes were "not . . . assigned" to Defendants, that people on Twitter used codes for fun as part of a "war of the codes," and that he could not testify why others posted them or that they received anything in return. Doc. 161-5 at 14:23–17:23.

101. Disputed. Plaintiffs cite only Wilson's declaration, which does not establish personal knowledge of Holladay's fundraising activity, purpose, recipients, or use of funds.

102. Undisputed that Larosiere and Stroke are friends. Disputed that their friendship had anything to do with the FEDCAD meme.

103. Disputed. Walliman's declaration is not competent Rule 56 evidence and does not prove the negative proposition that DEFCAD's database was never hacked or dumped. Walliman previously declared that it would be "incredibly difficult, if not impossible" for Plaintiffs to determine who hacked Plaintiffs' website or how any hacker identified Plaintiffs' vulnerabilities. Doc. 107-1 ¶ 11.

104. Disputed. Walliman's declaration is not competent Rule 56 evidence and does not prove the negative proposition asserted. His prior declaration acknowledged that conclusively determining the source and mechanics of a hack would be "incredibly difficult, if not impossible." Doc. 107-1 ¶ 11. Plaintiffs cite no

competent technical evidence, forensic report, or admissible expert testimony establishing the asserted fact.

105.  Disputed. This is an improper group allegation, and "disparaging" is a legal conclusion. Plaintiffs do not identify the alleged "hundreds" of posts, the speaker, the date, the content, the platform, the recipient audience, or any causal connection to a lost sale. The cited Goldhaber and Walliman declarations do not establish personal knowledge of any Defendant's alleged conduct.

106.  Disputed. The assertion is compound, speculative, and unsupported by competent evidence. Plaintiffs do not identify the particular posts, speakers, recipients, customers, dates, or allegedly false statements. Nor do the cited declarations establish personal knowledge of what "often" occurred across multiple platforms or what other Defendants allegedly agreed with, intended, or caused.

107.  Disputed. Defendants had no "campaign" to disparage Plaintiffs. Plaintiffs cite only Goldhaber's declaration, which is conclusory and unsupported. The assertion also fails to identify any particular statement, speaker, audience, customer, or causal link to Plaintiffs' alleged damages.

108.  Disputed. Defendants had no "smear campaign," and Goldhaber's declaration is not competent evidence of causation. Plaintiffs omit that Goldhaber is the creator Plaintiffs previously identified to Defendants as "unseenkiller," *See* Reply Ex. A pp. 2-16. and DEFCAD continued to host, release, showcase, and advertise Goldhaber's "unseenkiller" works after 2023, including in 2026. *See* Reply Ex. A

pp. 14-20 and 26-28. Plaintiffs cite no competent evidence showing what Goldhaber allegedly uploaded, what revenue it generated, what relationship ended, or how any Defendant caused any lost sale. In any case, a relationship clearly existed for Goldhaber to describe monetary gains, generated from uploading his works to DEFCAD, to support "give aways" to his followers. In one 2024 post—some time after the claimed cessation—he suggests DEFCAD will pay a sum sufficient to purchase a 3D printer worth approximately $339.00 to $1,199.00. Ex. A pp.21-25.

109.  Disputed. The assertion is speculative and unsupported. Goldhaber's alleged "standing and audience" does not establish any lost sale, lost customer, lost contract, or damages. Plaintiffs' own public materials show continued DEFCAD publication and promotion of Goldhaber's "unseenkiller" works after 2023. See Reply Ex. A pp. 14-20 and 26-28.

110.  Disputed. Plaintiffs' financial records show a downward trend predating May 2023, and Plaintiffs have attributed overlapping business injuries during overlapping periods to other causes in other litigation, including governmental regulation, censorship, and other third-party conduct. *See, e.g.,* Doc. 166-18 (Wilson declaring lost sales in 2021); Doc. 166-16 (Defense Distributed claiming $5,000,000 in lost sales in 2023); Doc. 166-2 (Wilson declaring lost sales in 2023 and threatening to cease existence).

111.  Disputed. Wilson's declaration is not competent Rule 56 evidence, and the exit surveys are hearsay if offered for the truth of customers' stated reasons for

8

cancellation. The surveys do not identify any Defendant, any customer's exposure to any statement, or any causal connection to Plaintiffs' claimed losses. Wilson's deposition further shows that the majority of the responses containing the word "FEDCAD" were because Plaintiffs themselves inserted it as a drop-down option in a survey form[1], not a customer's freestanding statement. Wilson Dep., Doc. 147-5 at 94:1–98:14. (Q: "One of [the fixed answers] was 'could not access files'...another one...is 'I don't want to support FedCAD;' does that sound right?" A: "Yes."); Doc. 147-6 at 2, 4, 7, 10-13, 15-16, 18-19, 21-22 (Showing, of the scant 17 times the word "FEDCAD" appears out of the 236 survey responses, 16 instances are the Plaintiff-provided "I don't want to support fedcad," with the only outlier being "didn't use service-didn't have enough time to use fedcad[.]").

Respectfully submitted,
DATED:  June 18, 2026

| /s/ Gary C. De Pury | /s/Matthew Larosiere | /s/ Zachary Z. Zermay |
|---|---|---|
| Gary C. De Pury | Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Florida Bar No: 126588 | Fla. Bar. No. 1005581 | Fla. Bar № 1002905 |
| Law Offices of Gary De Pury, P.A. | The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 21035 Leonard Road | 6964 Houlton Circle | 1200 Fourth Street, #1102 |
| Lutz, Florida 33558 | Lake Worth, FL 33467 | Key West, FL 33040 |
| Tel: (813) 607-6404 | Email: | Email: |
| Email: Gary@DePury.com | Larosieremm@gmail.com | zach@zermaylaw.com |
| *Lead Counsel for Alex Holladay.* | Tel: (561) 452-7575 | Tel: (305) 767-3529 |
| | *Lead Counsel for Elik, Stroke, Lettman, and Clark.* | *Lead Counsel for Matthew Larosiere.* |

---

[1] Defendants feel it worth noting that this option was the only "I don't want to support" option, which could have caused customers to select it thinking it was a misspelling of "defcad." *See* Doc. 147-2 column 1.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 18th day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581