**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas
corporation,

       Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually

       Defendants.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs submit this Reply in Support of their Motion for Partial Summary Judgment

("Motion") (Doc. 146).[1]

**INTRODUCTION**

Nothing in Defendants' Opposition (Doc. 160) changes the fact that partial summary

judgment should be granted in favor of Plaintiffs.

Unable to meet their burden of showing that the challenged affirmative defenses are

applicable and supported by admissible evidence, Defendants cite outdated Florida *state* law in an

---

[1] Unless otherwise noted, all capitalized terms are used as defined in the Motion.

attempt to shift the burden back to Plaintiffs.  But under federal law, the burden properly rests on Defendants because they will bear the burden of proving their affirmative defenses at trial.

Partial summary judgment should be entered as to the first three ADs because the Court has already determined that Chapter 770, Florida Statutes, does not apply in this case.  In denying Defendants' motion to dismiss, the Court correctly determined that Florida's single-action rule does not bar Plaintiffs' tortious interference claim because Plaintiffs have not asserted a failed defamation claim.  Additionally, a Florida statute cannot immunize Defendants from liability for Plaintiffs' federal causes of action.

The Fifth and Sixth ADs (estoppel and unclean hands) are factually unsupported because Defendants have not presented any evidence showing that they detrimentally relied on, or were injured by, Plaintiffs' alleged misconduct.  Finally, the Eighth AD is deficient because it is merely a list of denials mislabeled as affirmative defenses.

Accordingly, the Court should grant partial summary judgment in favor of Plaintiffs as to the First, Second, Third, Fifth, Sixth, and Eighth ADs.

## ARGUMENT

### A.    Plaintiffs' Motion Properly Challenges the Legal Sufficiency of Certain Affirmative Defenses.

Defendants first argue that the Motion is not "proper" because it does not "factually refute defendant's alleged affirmative defenses."  Opp. 3 (quoting *Congress Park Office Condos II, LLC v. First-Citizens Bank & Tr. Co.*, 105 So. 3d 602, 607 (Fla. 4th DCA 2013)). Defendants' reliance on Florida law (predating Florida's adoption of the federal summary judgment standard in 2021) is misplaced.

Under federal law, "[w]hen the plaintiff moves for entry of summary judgment on the defendant's affirmative defenses, the plaintiff 'is not required to support its motion with affidavits

or other similar material *negating* the' affirmative defenses." *Orlando Health, Inc. v. HKS Architects, Inc.*, No. 6:24-cv-693, 2025 WL 3653559, at *1 (M.D. Fla. Dec. 17, 2025) (emphasis in original) (quoting *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

Instead, as noted in the Motion, it is Defendants' burden to "show[] that the affirmative defense is applicable," Mot. 3-4 (quoting *Naval Logistic, Inc. v. M/V Family Time*, No. 23-cv-22379, 2024 WL 3691535, at *3 (S.D. Fla. Aug. 6, 2024)), and to "present admissible evidence legally sufficient to sustain a finding favorable to [it] on each element of that defense," Mot. 4 (quoting *Maxum Indem. Co. v. Cadillac Joe Promotions, LLC*, No. 4:16-cv-275, 2017 WL 10527430, at *2 n.4 (N.D. Fla. Sept. 1, 2017).  As explained below, Defendants have failed to meet their burden.

**B.      The Court Correctly Determined that Defendants' Chapter 770 Defenses Are Inapplicable.**

In the Motion, Plaintiffs seek partial summary judgment on the first three ADs because the Court already determined that Chapter 770, Florida Statutes, is inapplicable in this case.  *See* Mot. 4-5 (citing Doc. 90 at p. 9).

In their Opposition, Defendants devote seven pages to arguing that the Court misinterpreted *Hartman v. Does 1 2*, No. 23-13473, 2025 WL 398846 (11th Cir. Feb. 4, 2025) and should have dismissed Plaintiffs' RICO claim.  *See* Opp. 4-10.  But the legal sufficiency of Plaintiffs' RICO claim has already been briefed by the parties and correctly adjudicated by the Court.[2]  In any event,

---

[2] Indeed, another district court in the Eleventh Circuit confirmed this week that false allegations causing a business to suffer lost profits can be actionable under RICO:

> Drummond presented more than sufficient evidence that [defendant] Collingsworth, operating as a member of the RICO enterprise, caused injury to Drummond.  Nathaniel Drummond, a Drummond coal executive, testified that customers stopped purchasing coal from Drummond as a direct result of the

Defendants' challenge to the legal sufficiency of Plaintiffs' RICO claim is irrelevant to whether the first three ADs apply. Indeed, the Court's analysis of Chapter 770 (*see* Doc. 90 at p. 9) was independent of its analysis of Plaintiffs' RICO claim (*see id.* at pp. 5-7). Defendants' argument regarding *Hartman*, which was cited only once in the Court's order, is irrelevant to resolving this Motion.[3]

Defendants also contend that the Court erroneously determined that Florida's single-action or single-publication rule does not apply in this case. *See* Opp. 10-13. Defendants are wrong.

As an initial matter, any defenses based on Florida law are inapplicable to Plaintiffs' federal claims because "[t]he elements of, and the defenses to, a federal cause of action are defined by federal law." *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 375 (1990); *see also Edwards v. Learfield Communications, LLC*, 697 F. Supp. 3d 1297, 1303 (N.D. Fla. 2023) (finding that Florida law "cannot immunize defendants from liability under federal law").

Although some Florida courts are "divided" about the application of the single-action rule to tortious interference claims, the best interpretation of that rule is that "where a defendant has not successfully invoked an affirmative defense to defamation, the single action rule presents no bar to a plaintiff's tortious interference claim premised on the same publication." *Emergency*

---

allegations spread by the enterprise, forcing Drummond to sell its coal at reduced prices to other customers. Drummond's financial statements… reflect that Drummond's coal sales revenue declined by approximately $1 billion between 2012 and 2015, and Mr. Drummond testified to that. Thus, Drummond presented sufficient evidence for a reasonable jury to conclude that Collingsworth and the RICO enterprise caused substantial injury to Drummond.

*Drummond Co., Inc. v. Collingsworth*, 2026 WL 1725371, at *5 (N.D. Ala. June 15, 2026) (denying defendant's Rule 50 motion).

[3] It appears that Defendants simply took their draft motion for reconsideration of the Court's order denying their motion to dismiss (which Defendants advised Plaintiffs on April 6, 2026, that they intended to file but never did) and inserted it into their Opposition.

*Recovery, Inc. v. Gov't Emps. Ins. Co.*, 773 F. Supp. 3d 1320; *see also id.* at 1314–20 (explaining why the Florida Supreme Court would likely arrive at this conclusion). A "defamation claim has failed" when the "defendant successfully invoked a defense to defamation." *Id.* at 1318 n.10 (quoting *Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. 4th DCA 2002)).

Where, as here, a defamation claim has not failed, "[t]he single action rule does not apply." *Preferred Drilling Sols., Inc v. Bonacum*, No. 8:25-cv-806, 2026 WL 776202, at *4 (M.D. Fla. Mar. 19, 2026) (expressly declining to follow *Tymar Distribution LLC v. Mitchell Group USA, LLC*, 558 F. Supp. 3d 1275 (S.D. Fla. 2021)); *see also* Doc. 90 at p. 9 ("The single-action rule prevents duplicative recovery when a plaintiff pleads defamation alongside other torts based on the same publication; it does not recharacterize non-defamation torts as defamation or impose Chapter 770's notice requirement where defamation is not pled.") (citing *Callaway*, 831 So. 2d at 208).[4] Accordingly, the Court should enter partial summary judgment as to the first three ADs.

**C.      Defendants Have Failed to Present Any Factual Support for the Fifth and Sixth ADs.**

In the Motion, Plaintiffs seek partial summary judgment as to the Fifth AD (estoppel) and Sixth AD (unclean hands) because they lack factual support. Mot. 5-6.

In their Opposition, Defendants do not dispute that: (1) estoppel requires them to prove detrimental reliance on Plaintiffs' conduct; or (2) unclean hands requires them to prove that they were injured by Plaintiffs' alleged misconduct. *Compare* Mot. 5-6 *with* Opp. 17-18. Because

---

[4] Other than *Tymar*, which *Preferred Drilling* declined to follow, all the cases cited by Defendants are distinguishable because the plaintiffs in those cases asserted a failed defamation claim. *See Callaway*, 831 So. 2d at 208; *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1244 (S.D. Fla. 2014); *Ortega Trujillo v. Banco Cent. Del Ecuador*, 17 F. Supp. 2d 1334, 1337 (S.D. Fla. 1998); *Fridovich v. Fridovich*, 598 So. 2d 65, 66 (Fla. 1992).

Defendants have failed to present any evidence supporting these elements of the Fifth and Sixth ADs, partial summary judgment should be entered.  *See Office of Thrift Supervision v. Paul*, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997) ("[S]ummary judgment is appropriate where the defendant fails to come forward with evidence sufficient to . . . support an affirmative defense.") (citing *Riberglass, Inc. v. Techni–Glass Indus., Inc.*, 804 F.2d 1577, 1580 (11th Cir. 1986)).

**D.       Defendants Eighth AD Is Inapplicable and Unsupported.**

In the Motion, Plaintiffs seek partial summary judgment as to the Eighth AD on the grounds that Defendants cannot meet their burden of proving that the listed defamation defenses are applicable or factually supported.  Mot. 6-7.

In Opposition, Defendants contend that the defenses listed in the Eighth AD—*i.e.*, "truth," "substantial truth," "opinion," "rhetorical hyperbole," and "protected commentary"—negate the elements of Plaintiffs' causes of action.  *See* Opp. 14-16.  Even if true, this would mean that Defendants have mislabeled their denials of Plaintiffs' claims as affirmative defenses.  Given that Defendants still have not identified the evidence supporting these denials, the Eighth AD should be stricken.

**CONCLUSION**

For the foregoing reasons, Plaintiffs are entitled to partial summary judgment as to Defendants' First, Second, Third, Fifth, Sixth, and Eighth ADs.

Dated:  June 18, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*