**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation;
DD FOUNDATION, LLC, a Texas limited liability
company; and, DEFCAD, INC., a Texas corporation,

      Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW
LAROSIERE, individually; ALEXANDER
HOLLADAY, individually; PETER CELENTANO,
individually; JOSH KIEL STROKE, individually;
and JOHN LETTMAN, individually; ZACK
CLARK, individually
         Defendants.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SUPPLEMENT**
**SUMMARY JUDGMENT AND DAUBERT MOTION RECORDS**

Plaintiffs oppose Defendants' Motion for Leave to Supplement the Summary Judgment

and Daubert Records and Request for Judicial Notice ("Motion") (Doc. 166).

**INTRODUCTION**

The Motion should be denied because Defendants and their counsel have known about,

and had access to, the supplemental evidence for years. Indeed, Plaintiffs' Second Amendment

legal advocacy is a referenced in the "FEDCAD" meme itself, Defendants have commented on the

subject lawsuits on their YouTube channel, and the subject lawsuits were discussed during

Plaintiffs' 30(b)(6) deposition *in this case*. To the extent that Defendants (mistakenly) believe

that those public filings prove alternate causes of Plaintiffs' damages, Defendants were required

to produce those documents pursuant to Rule 26(a)(1)(A)(ii).  Through the Motion, Defendants attempt to blame Plaintiffs for their own Rule 26 violation.

None of the "limited circumstances" warranting the Court's consideration of supplemental evidence are present here.  Because Defendants were aware of Plaintiffs' litigation history, they could have discovered the public filings through reasonable diligence.  Defendants' lack of diligence during the discovery period is not a valid justification for sandbagging Plaintiffs with new evidence and arguments after Plaintiffs had already opposed Defendants' summary judgment and *Daubert* motions.  Accordingly, the Court should deny the Motion.

<u>**ARGUMENT**</u>

**A.      Supplementation Should Be Denied.**

**1.  Supplements Are Warranted Only Under "Limited Circumstances."**

"Courts within the Southern District have cautioned that '*limited circumstances* warrant the filing of supplemental materials.'"  *AIM Recycling of Florida, LLC v. Metals USA, Inc.*, No. 18-cv-60292, 2019 WL 5963815, at *2 (S.D. Fla. Nov. 13, 2019) (emphasis added) (quoting *Girard v. Aztec RV Resort, Inc.*, No. 10-cv-62298, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011)).

"Generally speaking," a motion to supplement a summary judgment record should be granted only if the supplemental evidence "was not available prior to the motion's filing."  *Id.* (quoting *Selectica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708, 2015 WL 12843841, at *2 (M.D. Fla. Sept. 30, 2015)).  Further, "the unavailability of supplementary materials cannot be the product of the filing party's own failure to diligently discover such evidence." *Id.* (citing *Kerruish v. Essex Holdings, Inc.*, No. 16-cv-60877, 2018 WL 5629924, at *3 n. 8 (S.D. Fla. Mar. 23, 2018)).  Indeed, "[s]upplemental filings should not raise issues for the first time that could have, with reasonable diligence, been raised before.'"  *Id.* (citing *Girard*, 2011 WL 4345443, at *3).

Courts regularly deny motions to supplement the record where, as here, the supplemental evidence wase known or previously available to movant with reasonable diligence. *See, e.g.*, *Martin v. Halifax Healthcare Sys., Inc.*, 621 F. App'x 594, 600 (11th Cir. 2015) (denying supplementation because evidence was previously available); *Kerruish*, 2018 WL 5629924, at *3 n. 8 (denying supplementation because movant failed to diligently discovery evidence); *Marajh v. Broadspire Servs.*, Inc., No. 07-cv-60975, 2008 WL 5063870, at *11 (S.D. Fla. Nov. 21, 2008) (same).

## 2.   The Supplemental Evidence Was Previously Known and Available to Defendants.

Defendants assert that they "discovered" the supplemental materials after discovery closed. *See* Mot. 1, 2, 10.  But the supplemental materials are public records, and Defendants have been aware of the referenced cases for years.   In fact, the "FEDCAD" meme itself demonstrates Defendants' familiarity with Plaintiffs' Second Amended advocacy and boasts that Plaintiffs have "yet to actually win a lawsuit." *See* Doc. 147-13 at ¶ 4.  Defendants are aware of Plaintiffs' litigation history because defendant Larosiere is a "gun rights lawyer" who is representing four defendants in this case.[1]  Larosiere has regularly commented on the *VanDerStock* litigation since 2024 on his YouTube channel, which he hosts with defendant Elik.[2]

---

[1] https://www.linkedin.com/in/matthew-larosiere-39025b126/.

[2] *See* Fudd Busters*, This Week in Guns 10/24/2024 - Firearms Confusion, Is America Too Big?* https://www.youtube.com/watch?v=r1Uj6whG3T0&t=140s (Oct. 24, 2024) (timestamp at 2:20 "*Vanderstock* case and Supreme Court oral arguments"); Fudd Busters, *This Week in Guns 1/11/2025 - 2024 Recap Plus Gun Law Updates* https://www.youtube.com/watch?v=X8LkyKwDsRw (Jan. 11, 2025); Fudd Busters, *This Week in Guns 4/3/2025 - Vanderstok, ATF Rules & the Future of 80% Receivers* https://www.youtube.com/watch?v=6PcCrUqtIA8 (commenting that "[t]he Supreme Court's decision in *Vanderstock v. ATF* upheld the ATF's ability to regulate 'buy, build, shoot' kits as firearms, but it did not establish a clear test for what constitutes a firearm, leaving open the possibility for future challenges") (April 3, 2025).

Moreover, Cody Wilson discussed the *VanDerStock* litigation with Defendants' counsel during his deposition ***in this case***:

> Q: What have you recently posted?
> A: I posted updates about our *Vanderstock* case, which has become a Defense Distributed case in name.

Doc. 147-4 at 24:2-4.

> Q: What was the first case that there was an order that said, judgment for Defense Distributed, Defcad, whichever one? …
> A: Sitting here, I – you know, we've been associated with – lots of Second Amendment foundation cases. I don't know that there's ever been a final judgment in the way you describe. . . . I would say some of the best wins we had were those injunctions in *Vanderstock*.
> Q: I think I agree. … So what was the final outcome in *Vanderstock*?
> A: It's still going …

*Id*. at 219:10-220:6.

With respect to the *Grewal* case, Larosiere explained the entire line of cases in depth on his YouTube Channel in 2021.[3]  Larosiere also specifically asked Wilson about, and demonstrated his familiarity with, the *Grewal* litigation during Wilson's deposition.  *See id*. at 217:5-16.

Because Defendants were aware of Plaintiffs' litigation history, they could have discovered the public filings in those cases through reasonable diligence during the discovery period.  As a result, the Court should deny supplementation.

### 3.  Plaintiffs Complied with Their Discovery Obligations.

In tacit recognition that they could have discovered the supplemental evidence sooner, Defendants attempt to blame Plaintiffs for their own lack of diligence.  This argument lacks merit.

Rule 26 requires plaintiffs to disclose a "computation" of damages and to "make available . . . the documents or evidentiary materials on which each computation is based."  Fed. R. Civ. P.

---

[3] *See Gun Law 101: The Fight Over 3D Printable Files - First or Second Amendment?* Fudd Busters,  https://www.youtube.com/watch?v=azjJ5W4HouQ&t=721s (May 3, 2021).

26(a)(1)(A)(iii).  Plaintiffs complied with this requirement by serving a damages report prepared by their expert, Jason Tyra, and initial disclosures summarizing Tyra's report.  *See* Doc. 109-1, 109-2.  Plaintiffs also produced the documents that Tyra relied upon in calculating damages. Because Tyra did not base his damages computation on the supplemental evidence, Plaintiffs were not required to produce those materials to Defendants under Rule 26(a)(1)(A)(iii).[4]  To the contrary, Defendants were required to disclose that they may use the supplemental evidence to support their defenses.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

Defendants' contention that Plaintiffs should have disclosed the supplemental materials in response to written discovery is equally meritless.  Tellingly, Defendants do not identify which discovery requests purportedly sought the supplemental materials.  During conferral, Defendants claimed that the supplemental evidence should have been disclosed in response to Clark Interrogatory No. 11.  But Plaintiffs properly responded to that interrogatory as follows:

> 11. Explain how You determined that any alleged injury, lost customer, lost relationship, lost sale, lost revenue, or other claimed damage was caused by Zackary Clark rather than by any other cause, including Plaintiffs' own hosting or publication of the FEDCAD meme or FEDCAD-19, third-party sharing of the same materials, Antelope Hill Publishing, market conditions, customer choice, or any other cause.
>
> RESPONSE: The answer to this interrogatory may be determined by examining the expert opinion report of Jason Tyra and the customers exit surveys produced by Plaintiffs in this case.  Plaintiffs further state that Barret Collier and Eric Goldhaber have advised them they stopped hosting their files and designs on the Defcad website because of the FEDCAD meme and related misinformation propagated by Clark and the other defendants.  Plaintiffs further state that the timing of events generally establishes that defendants, not other things, caused the substantial reduction in Plaintiffs' revenue and profits.  In addition to his individual actions, Clark caused harm to Plaintiffs by joining a conspiracy with the other defendants.

Because Defendants did not seek to compel a better response to this interrogatory (or any other discovery request to which the supplemental evidence was allegedly responsive), Defendants cannot blame Plaintiffs for their own lack of diligence.

---

[4] Notably, this Court already ***denied*** Defendants' motion to compel Plaintiffs to supplement their damages disclosures.  *See* Doc. 115 at p. 3, ¶ 7.

**B.      Defendants Misrepresent the Supplemental Evidence.**

Even if the Court were to consider the supplemental evidence, it should deny Defendants' summary judgment and *Daubert* motions.

Defendants contend that the supplemental evidence shows that Plaintiffs have sought to recover damages in this case that they have attributed other parties in other cases.  Defendants are wrong.

As set forth in his report, Tyra compared the "before" period (pre-FEDCAD meme) to the "after" period (post- FEDCAD meme) to determine its effect on Plaintiffs' business.  After the meme first appeared on social media in May 2023, DEFCAD's monthly membership revenue decreased from $40,757 to 35,633, and Defense Distributed's monthly revenue for the Ghost Gunner (its main product) decreased from $147,594 to $62,360.  *See* Doc. 150-1 at pp. 10-12.

In their Motion, Defendants primarily focus on Defense Distributed's intervention in *VanDerStock* to challenge the federal government's new regulatory definitions of "frame" and "receiver" in December 2022.  In that case, Defense Distributed submitted a declaration in January 2023 explaining that it expected to lose revenue as a result of the new rules because it would have to stop selling unfinished frames and receivers.  *See* Doc. 166-1, 166-2.  The harm that Defense Distributed predicted in January 2023 (before the FEDCAD meme was published) is unrelated to the Ghost Gunner product that is the subject of Tyra's expert damages report.  Thus, the *VanDerStock* case does not undermine the damages sought by Defense Distributed in this case. Indeed, the *VanDerStock* case, like all the supplemental cases cited by Defendants, has nothing to do with DEFCAD's revenue decline.

In June 2025, Defense Distributed filed a petition challenging YouTube's policy to suppress speech advocating for the Second Amendment.  *See* Doc. 166-10.  Because YouTube

implemented the challenged firearms policy in July 2024, it could not have caused the decline in Ghost Gunner sales beginning before that date.

Coast Runner's lawsuit against Kick Starter does not even involve or concern any of the Plaintiffs in this case. *See* Wilson Depo., Doc. 166-12 at 47:15-22 (testifying that Coast Runner "is a separate company, separate corporate form, separate bank account, separate people").

The cause of Plaintiffs' damages is a disputed question of fact to be decided at trial. At most, Defendants should be permitted to use the supplemental evidence at trial to cross-examine Tyra about alternative causes of Defense Distributed's damages.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion.

Dated:  June 22, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*