# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE,

        Plaintiff,

v.

CODY RUTLEDGE WILSON,
DEFCAD, INC., DEFENSE
DISTRIBUTED, and DIOSKOUROI
LLC,

        Defendants

Case No:   6:24-cv-1629-AGM-LHP

## ORDER

Before the Court is Former Counter-Defendants Matthew Larosiere, John Elik, Alexander Holladay, Josh Kiel Stroke, John Lettman, and MAF Corp's Consolidated Motion for an Award of Reasonable Attorneys' Fees and Related Expenses Against Defense Distributed, Federico Reynal, Chad Flores, and David Gringas.  Doc. No. 138.[1]  David Gringas has responded in opposition, Doc. No. 141, as have Defense Distributed and its other counsel, Doc. No. 149.  The Former

---

[1] The movants self-identify as "Former Counter-Defendants," although some are former counter-defendants, and some were third-party defendants.  For simplicity's sake, this Order refers to them collectively as "Former Counter-Defendants."

Counter-Defendants have also filed an authorized reply to David Gringas' response.   Doc. No. 150.   Upon consideration, and for the reasons that follow, the motion (Doc. No. 138) will be **DENIED**.[2]

The Former Counter-Defendants seek sanctions under two legal bases: 28 U.S.C. § 1927 and the Court's inherent authority.   Doc. No. 138.[3]

Section 1927 "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).[4]   "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (quoting *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th

---

[2] Because the Former Counter-Defendants seek non-dispositive sanctions, Doc. No. 138, and the undersigned is denying the motion in any event, the undersigned issues this order, rather than a report and recommendation.   *See, e.g.*, *Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 11227736, at *4 (S.D. Fla. Dec. 20, 2018) (magistrate judge has authority to issue order on non-dispositive sanctions).

[3] The motion also includes a request for fees for opposing the dismissed Lanham Act claim.   Doc. No. 138, at 22–23.   However, the Former Counter-Defendants thereafter withdrew this request.   Doc. No. 174.

[4] "Section 1927 only applies to attorneys or persons admitted to conduct cases in a court of law." *Smith v. Grand Bank & Tr. of Fla.*, No. 04-80343, 2005 WL 6106148, at *7 (S.D. Fla. Apr. 28, 2005) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)). Accordingly, as argued in response to the motion, the Former Counter-Defendants' motion under § 1927 is not properly directed against Defense Distributed.   In this regard, the motion will be denied, and this Order shall not be construed as any finding that sanctions under § 1927 against Defense Distributed could be assessed.   Because the Former Counter-Defendants also seek sanctions under the Court's inherent authority, however, the Court addresses Defense Distributed and its counsel collectively throughout this Order.

Cir. 2003)). The movant must demonstrate: (1) that the attorney engaged in unreasonable and vexatious conduct; (2) that the unreasonable and vexatious conduct multiplied the proceedings, and (3) that the dollar amount of the sanction bears a financial nexus to the excess proceedings. *Peterson*, 124 F.3d at 1396. To multiply proceedings "unreasonably and vexatiously" within the meaning of the statute, an attorney's conduct must be "so egregious that it is tantamount to bad faith." *Amlong*, 500 F.3d at 1239 (citations and quotation marks omitted). However, "it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.*

The court's inherent power "is both broader and narrower than other means of imposing sanctions." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). While other sanction mechanisms only reach certain individuals or conduct, "the inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." *Id.* The court must exercise its inherent power with "restraint and discretion." *Id.* at 44. To justify the use of inherent power, "the party moving for sanctions must show *subjective* bad faith." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (emphasis in original) (citations omitted). "This standard can be met either (1) with direct evidence of . . . subjective bad faith or (2) with evidence of conduct so egregious that it could only be committed in bad faith." *Id.* (internal

- 3 -

quotation marks and citation omitted). "Evidence of recklessness alone won't suffice." *Id.* (citation omitted). "When considering sanctions [against an attorney] under the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010). "So sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers." *Amlong*, 500 F.3d at 1252.

The Former Counter-Defendants' motion is premised on the conduct of Defense Distributed, its former counsel David Gringas, and its counsel Federico Reynal and Chad Flores as follows: (1) Defense Distributed filed allegedly "frivolous and baseless shotgun-style" third-party claims/counterclaims, to include false statements by Attorney Gringas; (2) during the pendency of the third-party claims/counterclaims, Defense Distributed and its counsel engaged in "abusive discovery tactics and noticing depositions across the country – none of which they ever intended on conducting", and when faced with a motion to compel, voluntarily dismissed the third-party claims/counterclaims, with discovery revealing that the third-party claims/counterclaims lacked merit; (3) they failed to engage in good faith conferrals in this case; and (4) they filed allegedly unsupported

- 4 -

pleadings/motions alleging spoliation and improperly suggested that appointment of a special master was appropriate.   Doc. No. 138.[5]

Upon consideration, and for several reasons argued in response to the motion, Doc. Nos. 141, 149, the Court finds the Former Counter-Defendants' motion unpersuasive.   First, as to the filing of the third-party claims/counterclaims alone, the Court never ruled on same, and simply filing a pleading—the merits of which were never addressed—cannot alone form the basis for sanctions under § 1927, nor does it warrant sanctions under the Court's inherent authority.[6]   *See Peer*, 606 F.3d at 1314 (focus under § 1927 is on delay or multiplication of proceeds after the filing of the initial pleading); *Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006)

---

[5] The Former Counter-Defendants also make two additional arguments that merit little discussion.   First, they contend that Defense Distributed multiplied proceedings as it relates to default sought against a third-party Defendant Peter Celentano, who never appeared in the case.   Doc. No. 138, at 13–14.   Not only is this argument unsupported by legal authority, but the "notice of issue" about which the Former Counter-Defendants complain reflects the process explicitly contemplated by the Court's Local Rules.   Doc. No. 117; Local Rule 1.10(c).

Second, the Former Counter-Defendants argue that Defendants "repeatedly filed doomed motions" because they twice filed motions to dismiss in conjunction with answers.   Doc. No. 138, at 14.   Again, however, the motion cites no legal authority to support the argument, nor does it demonstrate how these allegedly procedurally improper motions—only one of which was responded to by Plaintiff alone, *see* Doc. Nos. 28, 38, 48, 60, 89—evidence bad faith or multiplication of the proceedings warranting sanctions in favor of all Former Counter-Defendants.

[6] Although the Former Counter-Defendants point out that the third-party claims and counterclaims were amended, that amendment was necessitated by Plaintiff's amendment to the complaint, by agreement of the parties.   *See* Doc. Nos. 41–43. Accordingly, the Court does not find that distinction material.

- 5 -

("As an initial matter, the language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun. . . .  As a result, we can consider only whether § 1927 sanctions are merited by conduct following the initial filing of this suit."); *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1242 (S.D. Fla. 2008) ("[T]here is nothing more to Defendant's pending argument other than a lack of merit to Plaintiff's case.  Sanctions under § 1927 are not appropriate under those circumstances."); *see also Nesbeth v. MasterCard Worldwide*, No. 09-62042-CIV, , at \*6 (S.D. Fla. Sept. 28, 2010) ("Although a party's filing of a Complaint may form the basis for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, such conduct does not provide this Court with an avenue through which to award sanctions pursuant to 28 U.S.C. § 1927."); *see generally Amlong*, 500 F.3d at 1239 ("[T]he court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than § 1927.").[7]

---

[7] As the non-movants point out, the Former Counter-Defendants do not move for any relief under Rule 11, nor do they allege compliance with the requirements thereof.

To the extent that the Former Counter-Defendants point to the voluntary dismissal to suggest evidence of bad faith, Doc. No. 123, the Court agrees with the non-movants that the motion fails to demonstrate how this constitutes bad faith, even in light of the allegation that the third-party claims/counterclaims have been refiled elsewhere. *See, e.g.*, *Daniels v. Gov't Emps. Ins. Co.*, No. 8:19-cv-2612-KKM-SPF, 2022 WL 504016, at \*2 (M.D. Fla. Feb. 19, 2022) ("Rule 41 gives plaintiffs a right to voluntarily dismiss.  . . . Rule 41 and the caselaw contemplate that a plaintiff may do so without prejudice, with the intent to refile elsewhere, and for a litigation advantage. . . .  Thus, it is not evidence of bad faith that Plaintiffs dismissed with intent to refile elsewhere.").

Further, the Court agrees with the non-movants that the Former Counter-

- 6 -

Second, the Former Counter-Defendants contend that Defendants engaged in bad faith discovery and refused to engage in good faith conferrals regarding same. But the docket reflects no ruling on any discovery matter regarding the third-party claims/counterclaims. *See* Doc. No. 131 (denying as moot only discovery motion directed to third-party claims/counterclaims based on the voluntary dismissal of the counterclaim); *see also* Doc. No. 124 (ordering further briefing on the spoliation issue). Thus, the motion rests on pure conjecture, and simply asks the Court to adopt the motion's view of the discovery. Without more, this too provides no basis for sanctions under § 1927 or the Court's inherent authority. *See, e.g.*, *Daniels v.*

---

Defendants' attempt to incorporate all arguments made by a previous motion to dismiss, *see* Doc. No. 138, at 5, Doc. No. 149, at 17–18; *see also* Doc. No. 71, is improper, and this argument will not be considered. Local Rule 3.01(h). The undersigned also notes that the Court denied the motion to dismiss as moot in light of the voluntary dismissal, and thus never reached the merits of the motion. *See* Doc. No. 129. This distinguishes the situation from *Carlson v. Town of Mountain Vill., Colorado*, No. 17-CV-02887-PAB-STV, 2020 WL 1304490, at *2 (D. Colo. Mar. 19, 2020) on which Former Counter-Defendants rely, where the court issued a substantive ruling on motions to dismiss prior to the voluntary dismissal. Moreover, and notably, "[i]n the Tenth Circuit, sanctions under § 1927 do not require a finding of bad faith." *Carlson*, 2020 WL 1304490, at *3 (citing *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008)).

The remaining cases on which the Former Counter-Defendants rely are also distinguishable, as they too concern cases where substantive rulings were made on the merits of the allegedly offending pleading/counterclaim. *See R. Prasad Indus. v. Douglas*, 673 F. App'x 676, 677 (9th Cir. 2016) (claims asserted found to be not authorized by the Federal Rules of Civil Procedure or based on lawful conduct under relevant law); *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 834 (7th Cir. 2005) (motion to dismiss counterclaims granted); *Pelletier v. Zweifel*, 921 F.2d 1465, 1470 (11th Cir. 1991) (some claims dismissed and summary judgment granted on others); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, No. 5:04-cv-12-Oc-10GRJ, 2008 WL 906739, at *1 (M.D. Fla. Apr. 2, 2008) (summary judgment on counterclaims).

- 7 -

*Gov't Emps. Ins. Co.*, No. 8:19-cv-2612-KKM-SPF, 2022 WL 504016, at \*1 (M.D. Fla. Feb. 19, 2022) ("[I]t was not unreasonable or vexatious for Plaintiffs . . . to pursue discovery during their time in federal court.   These are normal litigation behaviors."); *NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, No. 3:13-CV-795-J-39MCR, 2015 WL 5553773, at \*6 (M.D. Fla. Sept. 18, 2015) (rejecting argument that efforts in conducting discovery prior to voluntary dismissal were sanctionable under § 1927); *Yarbrough v. Credit Control Servs., Inc.*, No. 09-61136-CIV, 2011 WL 860435, at \*10 (S.D. Fla. Feb. 12, 2011), *report and recommendation adopted*, 2011 WL 860431 (S.D. Fla. Mar. 9, 2011) ("[W]hile Yarbrough's or his counsel's actions with respect to discovery might be subject to sanctions under Rule 37 of the Federal Rules of Civil Procedure, such rules do not necessarily equate sanctionable conduct with bad faith.   While the existence of Rule 37 does not preclude the Court from taking its own action to sanction a party or its counsel for bad faith, the undersigned does not find that a sufficient basis has been evidenced for such a ruling."); *see also Jackson v. Cooper Lighting, LLC*, No. 1:11-CV-067 WLS, 2013 WL 1501611, at \*4, 5 (M.D. Ga. Apr. 10, 2013) (refusing to accept conjecture to support imposition of sanctions under § 1927 and likewise finding no reason to use inherent powers to impose sanctions).

Third, to the extent that the Former Counter-Defendants rely on Defense Distributed's allegations of spoliation and the request for sanctions/appointment

- 8 -

of a special master related thereto, the spoliation allegations were either voluntarily dismissed with the third-party claims/counterclaims, or submitted against the Former Counter-Defendants in a previously denied motion. *See* Doc. Nos. 52, 122–24. And the spoliation motion against Plaintiff remains pending, *see* Doc. No. 136; thus, the motion in this regard is premature, as what Plaintiff in essence seeks is a substantive ruling on the spoliation issue by way of the motion for sanctions. *See generally Restless Media GmbH v. Johnson*, No. 22-CV-80120-RAR, 2023 WL 2424948, at *1 (S.D. Fla. Mar. 9, 2023) ("[A] motion for sanctions is not the appropriate vehicle for challenging the merits of a claim.").

For all of these reasons, the motion (Doc. No. 138) will be **DENIED**. To the extent that there is an appropriate basis for any renewed motion for sanctions by the Former Counter-Defendants, any such motion may be filed within **thirty (30) days** of entry of final judgment in this case, if appropriate. *See, e.g.*, *Mohamad v. Lawgical Insight LLC*, No. 6:24-cv-2354-JSS-LHP, 2025 WL 3158903, at *2 (M.D. Fla. Nov. 12, 2025) (collecting cases) (ordering that any renewed motion for sanctions under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority could be filed only at the conclusion of the litigation).

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record