UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et al.,

*Plaintiffs*,

v.

JOHN ELIK, et al.,

*Defendants*.

_____/

## PREVAILING DEFENDANTS' MEMORANDUM IN SUPPORT OF BILL OF COSTS

Prevailing Defendants Alexander Holladay, Chad Flores, John Elik, John Lettman, Josh Kiel Stroke, Matthew Larosiere, and Zackary Clark submit this memorandum in support of their Bill of Costs. Defendants seek $15,382.30 in costs: $13,462.30 for transcripts, deposition reporting, and recording services necessarily obtained for use in this case, and $1,920 for the expert-deposition fee that the Court required Defendants to pay Plaintiffs' expert witness, Jason M. Tyra.

## BACKGROUND

On July 1, 2026, the Court granted Defendants' Motion for Summary Judgment. Doc. 179. The Court entered final judgment that same day in favor of Defendants and against Plaintiffs Defense Distributed, DEFCAD, Inc., and DD Foundation, LLC. Doc. 180. Defendants are therefore prevailing parties under Rule 54(d)(1).

1

The claimed costs arose principally from the depositions of Plaintiffs' principal, Cody Wilson; Plaintiffs' damages expert, Jason M. Tyra; and Defendant Peter Celentano. Those witnesses' testimony concerned the central issues in the case, including authorship, publication, causation, and damages. Their testimony was obtained for and used in dispositive and expert motion practice. See, e.g., Doc. 147 and its supporting exhibits.

Defendants also incurred $1,131.25 to have a court reporter attend and transcribe the parties' April 15, 2026 discovery conference. That two-hour conference addressed active discovery disputes, deposition scheduling, document production, and the terms of a proposed protective order. The transcript preserved the parties' positions and agreements while discovery and related motion practice remained ongoing.

## LEGAL STANDARD

Rule 54(d)(1) provides that taxable costs "should be allowed to the prevailing party." This creates a "strong presumption" in favor of awarding the prevailing party its taxable costs. *Chapman v. AI Transport*, 229 F.3d 1012, 1038–39 (11th Cir. 2000) (en banc). Although the Court retains discretion, it must have and state a sound reason to deny recoverable costs. *Id.* at 1039.

Section 1920(2) authorizes taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Whether a transcript was necessarily obtained is evaluated in light of the circumstances existing when the cost was incurred; actual use at trial is not required. *U.S. E.E.O.C. v. W&O, Inc.*, 213

2

F.3d 600, 620–21 (11th Cir. 2000). The challenging party bears the burden of identifying specific deposition costs that were unrelated to an issue in the case when incurred. *Id*. at 621.

Section 1920(2) also encompasses reasonable court-reporter attendance charges and the costs of properly noticed video depositions. *Id*.; *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464–65 (11th Cir. 1996). When a deposition is noticed for stenographic and video recording and no timely objection is made to the method of recording, the reasonable costs of conducting it in the noticed manner may be taxed. *Morrison*, 97 F.3d at 464–65.

<b><u>ARGUMENT</u></b>

### I.   THE DEPOSITION AND TRANSCRIPT COSTS ARE TAXABLE.

Defendants seek $12,331.05 in costs associated with the depositions of Tyra, Wilson, and Celentano.

Tyra was Plaintiffs' designated damages expert. His opinions concerning causation and damages were central to Plaintiffs' claims and were addressed in both expert and summary-judgment briefing. Defendants reasonably obtained both a stenographic transcript and video record so that they could examine the foundation for his opinions, present his testimony accurately in dispositive briefing, and preserve his testimony and demeanor for trial. Steno Invoice Nos. 2738315 and 2738321 document $5,307.85 in reporter, recording, transcript, and video charges. Composite Exhibit at 2–3. These are taxable under § 1920(2) and *Morrison*.

Wilson was Plaintiffs' principal and a central fact witness. His deposition required two days, producing separate Volume I and Volume II transcripts. The deposition addressed matters central to Plaintiffs' claims and defenses, and the transcripts were used in summary-judgment briefing. Filevine's service summaries document $1,900 for Volume I event charges and $1,600 for Volume II event charges. Composite Exhibit at 4–5, 8–9. Those charges represent the services required to conduct and record the depositions and are taxable reporter or recording costs under § 1920(2).

The Filevine invoices also document $867 for a certified Volume I transcript obtained by the Law Office of Matthew Larosiere, $867 for a certified Volume I transcript obtained by the Law Offices of Gary De Pury, and $903 for a certified Volume II transcript obtained by the Law Offices of Gary De Pury. Composite Exhibit at 6–7, 10. The Volume I invoices were issued to separate law offices representing different groups of prevailing Defendants. Each transcript was obtained so that the respective counsel could represent their clients in dispositive briefing and anticipated trial proceedings; they are separate purchases, not duplicate charges for one transcript.

Celentano was a named Defendant whose knowledge and alleged participation were directly placed at issue by Plaintiffs' claims. The $886.20 sought is the invoice amount for the transcript and related transcript materials, with the subsequently assessed interest excluded. Composite Exhibit at 11. Because the testimony related

4

directly to the claims being litigated, the transcript was necessarily obtained for use in the case. *See W&O*, 213 F.3d at 620–21.

## II. THE APRIL 15 DISCOVERY-CONFERENCE TRANSCRIPT AND REPORTER ATTENDANCE WERE REASONABLY NECESSARY.

Defendants seek $375 for the reporter's attendance and $756.25 for the resulting 125-page transcript of the April 15, 2026 discovery conference. Composite Exhibit at 12–13.

That conference was not an informal conversation unrelated to litigation. It was a formal, two-hour conferral conducted to address active discovery disputes and the terms governing the parties' remaining discovery. It produced agreements concerning deposition scheduling and formed part of the process for negotiating a protective order. Given the ongoing disputes concerning the content and sufficiency of the parties' discovery conferrals, an objective transcript was reasonably obtained to memorialize the parties' positions and agreements and to permit their accurate presentation in any ensuing motion practice.

Section 1920(2) is not limited to trial or deposition transcripts. It permits recovery of printed or electronically recorded transcripts necessarily obtained for use in the case. Courts in this District accordingly tax reporting and transcription costs where a record is reasonably obtained for additional argument or motion practice. *See, e.g., Pediatric Nephrology Associates of South Florida v. Variety Children's Hospital*, No. 16-24138-CIV, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018), report and recommendation adopted, 2018 WL 4777166 (S.D. Fla. July 24, 2018). The same reasoning applies to the formal discovery conference here.

### III. TYRA'S COURT-ORDERED EXPERT-DEPOSITION FEE IS RECOVERABLE AS A WITNESS FEE.

Tyra was Plaintiffs' retained expert witness. Rule 26(b)(4)(E) required Defendants, as the parties seeking expert discovery, to pay him a reasonable fee for time spent responding to that discovery. After contested motion practice, the Court determined the reasonable fee and required Defendants to pay Tyra $1,920. Doc. 164.

The $1,920 was not an optional litigation expense selected by Defendants. It was a court-determined witness fee that Defendants were required to incur to examine the expert whose causation and damages opinions Plaintiffs offered in support of their claims. Section 1920(3) authorizes taxation of fees and disbursements for witnesses, while Rule 54(d)(1) recognizes costs arising under the Federal Rules and court orders. Defendants therefore seek the full $1,920 court-ordered amount as a witness fee.

### IV. CONCLUSION

Defendants respectfully request that the Clerk tax $15,382.30 in costs against Plaintiffs and include those costs in the judgment.

Respectfully submitted,
DATED: July 31, 2026

| | | |
|---|---|---|
| */s/ Gary C. De Pury* | */s/Matthew Larosiere___* | */s/ Zachary Z. Zermay___* |
| Gary C. De Pury | Matthew Larosiere, Esq. | Zachary Z. Zermay, Esq. |
| Florida Bar No: 126588 | Fla. Bar No. 1005581 | Fla. Bar № 1002905 |
| Law Offices of Gary De Pury, P.A. | The Law Offices of Matthew Larosiere | *Zermay Law, P.A.* |
| 21035 Leonard Road | 6964 Houlton Circle | 1200 Fourth Street, #1102 |
| Lutz, Florida 33558 | Lake Worth, FL 33467 | Key West, FL 33040 |
| Tel: (813) 607-6404 | Email: | Email: |
| Email: Gary@DePury.com | Larosieremm@gmail.com | zach@zermaylaw.com |
| | Tel: (561) 452-7575 | |

| *Lead Counsel for Alex Holladay.* | *Lead Counsel for Elik, Stroke, Lettman, and Clark.* | Tel: (305) 767-3529 *Lead Counsel for Matthew Larosiere.* |
|---|---|---|

## <u>LOCAL RULE 7.3(c) CERTIFICATION</u>

Counsel for Defendants certifies that Defendants conferred in writing with Plaintiffs' counsel pursuant to Local Rules 7.3(c) and 7.1(a)(3). Defendants began the conferral on July 24, 2026, by identifying the categories and amounts of costs sought and requesting that Plaintiffs identify any disputed item and the legal basis for their objection. Defendants thereafter provided the supporting invoices and service summaries as they were received, including additional documentation on July 28, July 29, and July 31, 2026. As of the filing of this Bill of Costs, Plaintiffs did not identify any particular item to which they objected or supplied a substantive legal basis for an objection. No claimed item was resolved by agreement.

*/s/ Matthew Larosiere*
Matthew Larosiere

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 31st day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/ Matthew Larosiere*

Matthew Larosiere, Esq.
Fla. Bar № 1005581

8