**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:25-cv-81197-Middlebrooks/Matthewman

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and, DEFCAD, INC., a Texas corporation,

Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, individually; ZACK CLARK, individually

Defendants.

_______________________________________/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' BILL OF COSTS [D.E. 187]**

Defendants' Bill of Costs, Doc. 187, seeks $15,382.00 to be taxed against Plaintiffs. Plaintiffs do not dispute that Defendants are the prevailing parties. However, Plaintiffs dispute several of the costs, as described below.

**I**. **Defendants are only entitled to $40 for deposing Plaintiffs' expert witness**.

Defendants seek $1920 as reimbursement for the fee they were ordered to pay Jason Tyra, Plaintiff's expert witness, for his time spent in deposing him. Memorandum In Support of Bill of Costs, Doc. 187-1 (hereafter "Memo.") at p. 6. The Memo. cites no authority in support of this request. The Eleventh Circuit has held a party cannot be taxed more than the statutory fee of $40 for reimbursement for its costs paid to an depose its opponent's expert witness. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) ("Therefore, we find that the district court erred in taxing as costs any amount for expert witness fees in excess of the $40 per day

allowed under §1821, and, upon remand, the district court should reduce the taxable costs accordingly.") Thirty years later, the statutory amount provided in 28 U.S.C. §1821(b), the witness fee for attendance at a trial or deposition, remains $40. Therefore, the Court cannot reimburse Defendants the full $1920 they seek. They are entitled to only $40.

**II. Defendants are not entitled to reimbursement for the costs of both stenographic and video copies of the Tyra deposition.**

Defendants also seek costs for both the stenographic and video copies of the deposition of Mr. Tyra. Memo. at pp. 3-4; Doc. 187-2. They cannot obtain both unless they establish both were "necessarily obtained for use." 28 U.S.C. §1920(2).[1] Accordingly, courts will not award both types of recordings unless counsel shows they were necessary. *See, e.g., Morrison,* 97 F.3d at 465 ("Reichhold has offered no explanation of why it was necessary to obtain a copy of the video tapes for use in the case."); *600 Cleveland, LLC v. Bank of America, N.A.*, 2026 WL 1243737 at *4 (M.D. Fla. 2026)(denying costs for video recording of the deposition because the party "has not carried its burden of explaining why both formats were crucial…"). Mr. Tyra was prepared to testify at trial, so there was no need to present a video to the Court, which has been held to be a legitimate reason for a video, but only when a witness is unavailable. *See, e.g., Trawick v. Carmike Cinemas, Inc.,* 430 F. Supp. 3d 1354, 1371 (M.D. Ga. 2019). Thus, the $2,173.60 entry for the "Original transcript and video of Tyra's deposition" should not be allowed.

**III. Defendants are not entitled to reimbursement for the unused transcript of the deposition of Peter Celentano.**

Defendants seek reimbursement for $912.98 for the transcript of defendant Peter Celentano[2]. But this deposition was not used in Court. Moreover, the Memo. does not even

[1] The relevant provision of the statute is phrased in the disjunctive, "fees for printed or electronically recorded transcripts necessarily used in the case," implying only one is allowed.
[2] The invoice is Document 187-2, p.11.

address this transcript as required by S.D.L.R. 7.3(a). Yet Defendants include it in their transcript Composite Exhibit. Doc. 187-2, p.1. Because it was not used, the necessity is not supported. It should be denied.

**IV. Defendants are not entitled to costs for a meet and confer call with opposing counsel**.

Defendants seek $375 for a court reporter attendance fee and $756.25 for the resulting transcript of a meet and confer phone call with opposing counsel. Memo. at p.5; Composite Exhibit, Doc. 187-2, p. 1. The transcript was not used in the summary judgment motion. Thus, these charges do not meet the criteria required by 28 U.S.C. §1920 or Eleventh Circuit precedent. Moreover, the transcript was not even used in a discovery motion. The Motion fails to cite any authority awarding transcript costs for a meet and confer call. Pediatric Nephrology Assc. of South Florida v. Variety Children's Hospital, 2018 WL 4778456 at *4 (S.D. Fla. 2018), cited at p. 5 of the Memo., only allowed costs for depositions and an in- court discovery hearing before the judge. It did not concern a meet and confer with counsel. Thus, defendants have failed to meet their burden of showing the necessity of these two costs. They are not entitled to them.

**CONCLUSION**

The Court should only tax Plaintiffs with $40 for reimbursement for the Tyra deposition, a reduction of $1880. The Court should deny any costs for the Tyra deposition transcript in order to avoid taxing plaintiffs for both a transcript and video, a reduction of $2,173.60. The Court should deny the $886.20 for the unused Celentano transcript. Finally, the Court should not tax the costs of the attendance fee and transcript for the meet and confer conference, a reduction of 1,131.25. Thus, the overall request should be reduced by a total of $6,071.05.

Dated: August 14, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3007

By: /s/ *Brendan Everman*
Brendan S. Everman
Florida Bar No. 68702
beverman@pryorcashman.com
ksuarez@pryorcashman.com

-and-

**FOSTER PC**
155 N. Wacker Drive., Suite 4250
Chicago, Illinois 60606
Telephone No. 312-726-1600

By: */s/ Howard Foster*
Howard Foster
(admitted pro hac vice)
hfoster@fosterpc.com

*Attorney for Plaintiffs*