


# Gatalogia

Publication Date
06.17.26

---

On June 5 the San Francisco court overseeing the *California v. Gatalog* case ordered a special round of jurisdictional discovery. The court said that while it agreed with The People of California that The Gatalog *should* be sent to the shadow realm, it didn't want to do so without a "complete record." So, from now until August the California Attorney General will send subpoenas to every Gatalog service provider, including Odysee and Digital Ocean, to complete the team's grave encounter.

make the code available." (*Id.* ¶¶ 5, 53-77, 84-92.) Among the designs distributed through the Gatalog's Printable Frames and [illegible] "The CAG19," described as a "California Compliant Glock [illegible] based Carbine kit." (*Id.* ¶ 69.) The instructions state the design is legal in California and that "[t]his project is aimed to provide Californians with the entire legal process to print and assemble a California compliant Glock 19 carbine." (*Id.*) However, 3D printing such a firearm without a manufacturer's license is illegal under California law. (*Id.*)

"To subsidize their operations, Defendants also sell merchandise related to 3D printed firearms

[1] See *Bondi v. VanderStok* (2025) 604 U.S. 458, 464 ["police departments around the Nation have confronted an explosion of crimes involving these 'ghost guns'" (cleaned up)] [upholding application of federal Gun Control Act to manufacturers and sellers of "weapon parts kits"].)

[2] Civil Code section 3273.61(a)(1) provides that a civil action may be brought against a person who "knowingly . . . [d]istributes, by any means including the internet, any digital firearm manufacturing code to any other person in this state . . . ." Section 3273.625(a) provides that "[i]t is unlawful to knowingly, willfully, or recklessly cause another person to engage in the unlawful manufacture of firearms, or to knowingly, willfully, or recklessly aid, abet, promote, or facilitate the unlawful manufacture of firearms."



and solicit donations." (*Id.* ¶¶ 5, 90.) Thus, Defendants Larosiere and Holladay operate another company, MAF Corp., that sells "parts kits specifically designed to complete the firearms printed using the Gatalog's digital firearms code." (*Id.* ¶ 90.) The CTRLPew website directs users to MAF Corp., which is also featured as a preferred part vendor. (*Id.*)

"Through the C [illegible] icit donations for gun

Page 2 / 18

CA_Gatalog_Discovery_Order Download

The responses to these subpoenas will reveal, for what must now be the fourth or *fifth time*, the naked truth of The Gatalog's administration and operation: that the team 1) hosted their Rocket.Chat *in San Francisco* for at least five years, and 2) allowed each administrator to observe and record every public and private message with every 3D2A developer on the server. These facts have been public knowledge since 2021. But The Gatalog insists upon a policy of *sad clown omertà*. They triple down on silence every time their people and organization are exposed, subpoenaed, made, arrested — or *die*.

When California unalives The Gatalog later this year, it will be time for us all, including me, to support them. These new 3D file sharing laws are brazenly oppressive and unconstitutional. Even *our dead* will not be safe from California if they are permitted to win. But as the organization's founder and final spokesman, I insist we take this moment to remember that from 2021 to 2026 The Gatalog attempted to institute a genre of such conformist stupidity that it nearly overcame a generation of 3D2A development and tradition. In the words of Adolph Reed Jr., the Gatalog métier was secrecy and "bearing witness" to suffering. A practice of pure gesture, and of solidarity with popular progressivism. When *The New York Times* emailed John Elik about his Odysee publication of the

FGC-9, all he could say was the reporters had unfairly focused on the gun's use by right wingers in Europe; that they had failed to consider its use as a left-wing tool of "liberation." *What?*

The Gatalog *Way of Dying* means one-way secrets in the face of constant internet and state censorship. It's almost entirely why 3D2A operates with no learning curve. "Don't talk to journalists," unless Rolling Stone offers you a feature. Don't talk about what happened to JStark, or Freeman, or Ze Carioca. Moral hazard and buddy fucking is how The Gatalog recruited its "beta managers" and developers– always from an ignorant and disposable outer rank. It's how The Gatalog hoped to skirt the law and *survive itself*. Until California.

We read the hollow core of this strategy in the words of Freeman1337, given earlier this year from a men's prison in Youngstown, Ohio:

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
~~~~~~~~~~~~~~~~~~~~

DEFENSE DISTRIBUTED,
a Texas corporation:
DD FOUNDATION, LLC, a
Texas limited liability
company; and DEFCAD,
INC., a Texas corporation,
Plaintiffs,
vs. Case No. 9:25-cv-81197-DMM
JOHN ELIK, individually;
MATTHEW LAROSIERE,
individually; ALEXANDER
HOLLADAY, individually;
PETER
indivi

Page 1 / 11

Celentano Blue Falcon Download

If this is what the Gatalog's longest-serving beta manger would tell *me*, what would he tell Courtney Nilan?

*Best not to talk about it.*
~~~~~~~~~~~~~~~~~~~~

To support our legal actions, please join LEGIO.

Since Jan. 1 2021, no warrants have been served to ddlegio.com principals or employees. No searches or seizures have been performed on ddlegio.com assets.



3D2A files are not currently available to persons outside the United States and are not available to residents of, and persons in, the states of New Jersey and California who do not possess a federal firearms license.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

~~~~~~~~~~~~~~~~~~~~

DEFENSE DISTRIBUTED,
a Texas corporation:
DD FOUNDATION, LLC, a
Texas limited liability
company; and DEFCAD,
INC., a Texas corporation,
Plaintiffs,
vs. Case No. 9:25-cv-81197-DMM
JOHN ELIK, individually;
MATTHEW LAROSIERE,
individually; ALEXANDER
HOLLADAY, individually;
PETER CELENTANO,
individually; JOSH KIEL
STROKE, individually;
and JOHN LETTMAN,
individually,
Defendants.

~~~~~~~~~~~~~~~~~~~~

Deposition of
PETER CELENTANO

Thursday, March 19, 2026
12:06 p.m.
Taken at:
Northeastern Ohio Correctional Center
2240 Hubbard Rd
Youngstown, Ohio

REPORTER: Brian Kline

JOB NO: 7962933

APPEARANCES:

Howard Foster, Esq.
Foster PC
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
(312) 726-1600
hfoster@fosterpc.com

On behalf of the Plaintiffs;

ALSO PRESENT:
Cody Wilson

W I T N E S S I N D E X


| EXAMINATION | PAGE |
| --- | --- |
| PETER CELENTANO BY MR. FOSTER | 5 |


E X H I B I T I N D E X


| EXHIBIT | PAGE |
| --- | --- |
| Exhibit 1, Amended Complaint | 6 |
| Exhibit 2, Post | 25 |
| Exhibit 3, Post | 40 |
| Exhibit 4, Post | 48 |
| Exhibit 5, Post | 53 |
| Exhibit 6, Post | 67 |
| Exhibit 7, Post | 92 |
| Exhibit 8, Post | 98 |
| Exhibit 9, Post | 100 |
| Exhibit 10, Post | 102 |
| Exhibit 11, Post | 110 |

PETER CELENTANO, of lawful age, called by the Plaintiffs for the purpose of cross-examination, as provided by the Rules of Civil Procedure, being by me first duly sworn, as hereinafter certified, deposed and said as follows:

EXAMINATION OF PETER CELENTANO

VIDEOGRAPHER: We're now on the record. Today's date is March 19, 2026. The time is approximately 12:05 p.m.

BY MR. FOSTER:

Q. Okay. So this is the case of Defense Distributed, et al., versus John Elik, et al. Peter Celentano is one of the Defendants. We're here deposing Peter Celentano according to the Rules of -- Federal Rules of Civil Procedure.

Mr. Celentano, I'm Howard Foster. I represent the Plaintiffs in this case. I'll be taking your deposition here. You do not have a lawyer present. If you have any questions about my question or questions, ask me. I'll try and rephrase it. I want you to understand the question before you answer it. Everything you say is being taken down.

I'm not going to ask you questions about your criminal matters. That's not why we're here.

A. Uh-huh.
Q. Which meme are we taking about now?
A. The one that's particularly in front of me, because it has my Twitter handle on it. So even if I don't remember it, I must have posted it if you're showing it to me here in this context.
Q. Yeah. You did post it, I think.
A. So that's what I'm saying.
Q. And you don't deny it?
A. I'm not denying it, because like I said previously, there's so many different memes and pieces of content that was basically sent by them that I was told to post if I want clicks or engagements or whatever.
Q. So just to be clear, they sent you this and asked you to post it; is that correct?
A. Yes.
Q. Okay. Who sent it to you? Holladay?
A. I believe -- so it wasn't sent directly by any of them. So we had private channels on Rocket Chat which were -- I know only of the folks that were in there, that Boost Willis that was on there -- for that GitLab screenshot was on there, but also Holladay was on there. There's the Control Pew name. Larosiere was on there. Ivan the troll

was on there. IAmArizona was on there.
Q. Right.
A. But basically we had private chats on Rocket Chat where, you know, just sometimes they would post memes like that, and they would say, you know, what to do. And at that point, I was just so used to copying and pasting and dragging and posting, that half the time I didn't even read them.
Q. Okay. Is it correct to say that you believe that Holladay and/or Larosiere caused this to be sent to you with the instruction to post it?
A. It seems like that was the implication, and I was just so trained and manipulated at that point, that that's what I did. I wouldn't know if I would say it in that direct a language, but given -- telling me to read it -- they're implying for me to read in between the lines in my friendship with them, if I can even call it that at this point. I guess that would be fair to say.
Q. Okay. It says -- let's go through it. Okay. "I am the founder of DEFCAD even though I contribute nothing." Who told you that, that he contributed nothing?

A. Honestly, you know, if we're going line by line in this, no one told me all of these specific details, you know, in the context of anything. I just remembered seeing the meme, and I posted the meme.

Q. Okay. Did you ever have a conversation with Holladay and/or Larosiere in which they told you that he contributed nothing to DEFCAD?

A. No, I never had a conversation with them that talked about that.

Q. Could it have been through the chat room?

A. No. Like I said, we didn't talk specifically about Mr. Wilson in terms of his, you know, personal life, where he lived, about anything related to what DEFCAD made.

So, you know, honestly, the only little bits and pieces that I had known at different points were things that had specifically been made aware to me, and none of these specific details that I have seen in here were specifically made aware to me by any of them, you know, via Rocket Chat or any other platform that I can remember.

Q. Okay. But you posted it at their behest or indirectly at their behest?

A. Yeah. A fair way to say it was I was manipulated

\- - - -

(Thereupon, Exhibit 11, Post, was marked for purposes of identification.)

\- - - -

BY MR. FOSTER:

Q. Take a look at that. Okay. Just let me know when you're ready to talk about this.

A. Sure. Honestly -- have I seen this? I don't know.

Q. "Is FEDCAD running out of money?"

A. No. I know. I'm just reading it.

Q. "Stealing people's work and selling it without consent," tell me about that. Did somebody tell you they were doing that?

A. I do remember talking to both Larosiere and Holladay about -- what's the best way to put that? I'd have to say, eight months before I had -- before I ceased communication with them, Holladay and Larosiere, I asked why are we so upset with DEFCAD? Like, what's even going on here? I do remember asking them -- like, you may have something going on with Cody. I don't want to get in the middle. I don't know what's going on. I don't really want to know, but with DEFCAD what's going on?

And they had told me over Rocket Chat that there was -- basically they were upset that they weren't getting money from catalog files that were being posted on DEFCAD, and that's what they told me. I thought, at that time, that that makes a little more sense, and from retrospect, from what I remember, I think I recall that was the basis of the lawsuit that Matthew Larosiere filed against Mr. Wilson in Florida.

Q. Right.

A. Because I do remember that Mr. Larosiere had posted that. I remember he posted that he was filing that lawsuit, and then the litigation hold came, and my life exploded. But, you know, that was what they had told me, you know, about seven, eight months before everything started happening involving my criminal cases.

Q. All right. So that's another motive for ill will toward DEFCAD and Cody Wilson, right?

A. And they did -- sorry. I'm circling back, just because there's a lot of stuff in here that I haven't thought about for a long time. So they did cast aspersions that DEFCAD was running out of money and wouldn't be able to defend themselves much longer, and essentially that they

were very upset that, you know, the catalog files and the files of all other developers were being sold without any sort of a cut being given to them.

And at that point, it was just posting stuff blindly on social media, like I was. I mean, I was a little upset at what they were telling me, although now that I look back on this, I don't know why I just didn't think to ask them how can you prove that.

Q. But they didn't give you any proof, did they?

A. No. Honestly, they didn't, and I didn't ask them.

Q. Okay. And when was this? When did they tell you this, to put it in perspective?

A. I'm trying to think about the date. I know it was roughly eight months before September of 2024. So it must have been, like, back in January of 2024.

Q. Okay. All right. Let's just go through these other names here. John Elik. Who's John Elik?

A. I don't know.

Q. You never met him?

A. I never met him a day in my life.

Q. Never talked to him?

Gmail Matthew Larosiere <larosieremm@gmail.com>

# URGENT: Meet and confer Re: Motion for sanctions and to compel enforcement of the Court's confidentiality order

6 messages

**Matthew Larosiere** <larosieremm@gmail.com> Thu, Jun 18, 2026 at 4:46 PM
To: "Everman, Brendan" <beverman@pryorcashman.com>, Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>

Hello counsel,

Your client publicly posted Celentano's deposition transcript on his blog, titled "Celentano-Buddy-Fucking.pdf"

https://ddlegio.com/gatalogia/

That squarely collides with Judge Matthewman's April 20 order. The order does not merely govern documents marked confidential. It says: "All discovery documents produced in this case shall be subject to this confidentiality order and cannot be posted or discussed online, or publicly disseminated, and can only be used for the purposes of this case." A deposition transcript is a discovery document. Embedding it in a public LEGIO blog post is posting it online and publicly disseminating it. The page also discusses the deposition in derogatory terms and uses it rhetorically to advance Wilson's public narrative, while simultaneously asking the public to fund his litigation efforts.

What is your position on our motion for sanctions for violating the April 20 order? Please let me know immediately.

Thanks.

---

**Gary De Pury** <Gary@depury.com> Thu, Jun 18, 2026 at 4:49 PM
To: Matthew Larosiere <larosieremm@gmail.com>, "Everman, Brendan" <beverman@pryorcashman.com>, Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

I am available for an M/C on this. This is outrageous, especially given the circumstances where Mr. Foster blatantly ignored a court directive with regards to that deposition!

Sincerely,

*Gary C. De Pury*, Esq.
**Law Offices of Gary De Pury, P.A.**
**Attorney at Law**

**Lic. Real Estate Broker**
**US Army Counterintelligence (Ret.)**

Personal Injury – Real Estate – Family Law

21035 Leonard Road, Lutz, Florida 33558

P: 813-607-6404

F: 813-949-3406

Gary@DePury.com

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at Gary@DePury.com

***FDCPA NOTICE:***

*THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692-1692p ("FDCPA"). ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.*

[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com> Thu, Jun 18, 2026 at 9:52 PM
To: Matthew Larosiere <larosieremm@gmail.com>, Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>

Defense Counsel:

We oppose the described motion for sanctions. Nobody "produced" Celentano's deposition transcript, so the referenced discovery order does not apply to that transcript. In any event, the posted excerpts of Celentano's deposition transcript had already been publicly filed.

Please let us know Defendants' position on plaintiffs' forthcoming motion for sanctions based on defendants' violations the Court's discovery order. Specifically, defendants publicly filed plaintiffs' confidential documents without advance conferral. Matt said that defendants would strike those documents, but defendants still have not done so.

Brendan

**Brendan Everman**

**PRYOR CASHMAN LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

---

**From:** Matthew Larosiere <larosieremm@gmail.com>
**Sent:** Thursday, June 18, 2026 4:47 PM
**To:** Everman, Brendan <BEverman@pryorcashman.com>; Howard Foster <hfoster@fosterpc.com>; Zachary Z. Zermay (Zach@ZermayLaw.com) <zach@zermaylaw.com>; Gary De Pury <gary@depury.com>
**Subject:** URGENT: Meet and confer Re: Motion for sanctions and to compel enforcement of the Court's confidentiality order

Hello counsel,

[Quoted text hidden]

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

---

**Matthew Larosiere** <larosieremm@gmail.com> Thu, Jun 18, 2026 at 11:55 PM
To: "Everman, Brendan" <BEverman@pryorcashman.com>
Cc: Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>, Gary De Pury <gary@depury.com>

Brendan, we discussed filing a joint motion to strike after you refused to identify how that material was eligible for protection in any way. I offered the joint motion to strike because it really didn't matter. You then seem to have lost interest and have not spoken about it since.

I see you have now regained interest for some reason. Would you like to file a joint motion to strike, wherein I insist we detail that you refused to identify how the material was eligible for protection, and your abandonment of what I thought was our agreement, or would you like to confer regarding your desire to file a time barred discovery sanctions motion?
[Quoted text hidden]

---

**Gary De Pury** <Gary@depury.com> Fri, Jun 19, 2026 at 7:48 AM
To: "Everman, Brendan" <BEverman@pryorcashman.com>, Matthew Larosiere <larosieremm@gmail.com>, Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Attorney Everman,

The question was not answered. Will you confer as to our coming motion. You must respond definitively as you did with regard to the other motion wherein you made a claim that it is barred because it is a discovery motion, which this would also be.

If your position is that you refuse to confer, then we can go ahead with both and we will confer on your motion as we have always agreed to confer for your issues.

Sincerely,
*Gary C. De Pury*, Esq.
**Law Offices of Gary De Pury, P.A.**
**Attorney at Law**

**Lic. Real Estate Broker**
**US Army Counterintelligence (Ret.)**

Personal Injury – Real Estate – Family Law

21035 Leonard Road, Lutz, Florida 33558

P: 813-607-6404

F: 813-949-3406

Gary@DePury.com

Confidentiality Notice:
This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at Gary@DePury.com

***FDCPA NOTICE:***

*THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692-1692p ("FDCPA"). ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.*

[Quoted text hidden]

---

**Everman, Brendan** <BEverman@pryorcashman.com> Fri, Jun 19, 2026 at 2:04 PM
To: Gary De Pury <Gary@depury.com>, Matthew Larosiere <larosieremm@gmail.com>, Howard Foster <hfoster@fosterpc.com>, "Zachary Z. Zermay (Zach@ZermayLaw.com)" <zach@zermaylaw.com>

Gary:

We oppose the motion for sanctions. If you want to confer on the phone, I'm available on Tuesday after 3pm.

Brendan

**Brendan Everman**

**Pryor Cashman LLP**

255 Alhambra Cir., Suite 800 | Miami, FL 33134

Direct: 786-582-3007 | Cell: 305-851-1472

beverman@pryorcashman.com

[Quoted text hidden]
[Quoted text hidden]