UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-81197

DEFENSE DISTRIBUTED, et al.,
Plaintiffs,

JOHN ELIK, et al.,
Defendants. ________________________________/

DECLARATION OF JOHN ELIK

I, John Elik, declare as follows:

1. I am over eighteen years of age and have personal knowledge of the matters stated in this declaration.

2. I submit this declaration in support of Defendants' motion for an award of attorneys' fees under 15 U.S.C. § 1117(a).

3. I reside in Illinois and have resided there throughout this litigation. I am employed as a design engineer. I am not a large business, institutional defendant, or person with a litigation budget.

4. My approximate annual household income is $95,000. I pay a mortgage and am saving to start a family. I do not have insurance that pays the attorneys' fees incurred in this case.

5. I have never been employed by Defense Distributed, DEFCAD, DD Foundation, MAF Corporation, or any other corporate party to this action.

6. I have never been an employee, owner, officer, or agent of MAF Corporation. I have no employees, conduct no business in Florida, and own no property in Florida.

7. I do not sell digital firearm files, subscriptions to a digital-file repository, or access to a website competing with DEFCAD. I did not stand to make money if anyone stopped using DEFCAD, and Plaintiffs never identified any transaction from which I profited because of anything said about them.

8. I did not create or post the image referred to in this litigation as the "FEDCAD meme." Some of the text associated with that image appears to combine or paraphrase statements I made at different times. Those statements were personal commentary based on my own experiences and information available to me. They were not advertisements and were not made on behalf of MAF Corporation or any other commercial enterprise.

9. I did not coordinate my comments with the other Defendants as part of any plan to obtain Plaintiffs' customers. I did not know the identities of DEFCAD's subscribers and had no relationship with any person whom Plaintiffs claimed had canceled a subscription.

10. Before this lawsuit, no Plaintiff contacted me to identify a particular customer whom I had supposedly induced to leave DEFCAD, to demand that I cease a commercial advertisement, or to ask whether I was selling a competing product.

11. Nevertheless, Plaintiffs accused me of participating in a racketeering enterprise and of violating the Lanham Act. They pursued claims exposing me to substantial damages even though I was an individual commenting online and not a commercial competitor advertising a product.

12. I was required to retain counsel, respond to written discovery, collect and produce information, preserve online material, prepare for two depositions, and remain available for court proceedings. I spent approximately 85 hours personally responding to the litigation, apart from counsel's time.

13. I was required to use paid time off from my employment for a deposition that Plaintiffs' counsel failed to attend. The Court later awarded me $365.38 for the lost paid time. That amount did not compensate me for the preparation, disruption, uncertainty, or other effects of the failed deposition.

14. September 29, 2025, I saw Cody Wilson publicly threaten to kill me while linking or referring to this lawsuit. I understood that statement as directed at me. Being sued for substantial damages and then seeing Plaintiffs' principal make that threat caused me significant fear and concern for myself and my family. (https://ddlegio.com/what-happened-to-fosscad/)

15. This litigation affected my work and personal life. I was forced to divert my attention to dealing with this lawsuit. I had trouble relaxing due to the stress of this lawsuit. Mister Wilson's targeted death threats caused me to take extra precautions for my security, and the anxiety resulting from his threats hurt relationships with my friends. I had to miss multiple days of work and had to work late hours to ensure availability during the day. The possibility that a judgment could be entered against me for an amount I could never realistically pay remained a serious concern until judgment was entered in favor of Defendants.

16. I authorized Mr. Larosiere to defend me at the rates of $450 per hour. Under my fee agreement with the Law Offices of Matthew Larosiere, I am responsible for fees billed at $450 per hour. As of July 31, 2026, I owe my counsel over $75,000 for the fees attributable to my defense of the Lanham Act action.

17. An obligation of that magnitude is substantial in relation to my income and assets. Paying it personally will severely impact my life, preventing me from affording to have children and starting a family and leave me facing bankruptcy. A fee award would compensate for expenses that were imposed upon me by litigation I could not simply ignore.

18. I respectfully request that the Court award Defendants their reasonable attorneys' fees. Without such an award, the financial consequences of defeating these claims will remain with the individuals who were required to defend themselves.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2026, in Kaanapali, Hawaii.

John Elik

JOHN ELIK