UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-81197

DEFENSE DISTRIBUTED, et al.,
Plaintiffs,

JOHN ELIK, et al.,
Defendants. ___________________________________/

**DECLARATION OF DEFENDANT MATTHEW LAROSIERE**

I, Matthew Larosiere, declare as follows:

1. I am over eighteen years of age and have personal knowledge of the matters stated in this declaration.

2. I submit this declaration in my capacity as a Defendant in support of Defendants' motion for an award of attorneys' fees under 15 U.S.C. § 1117(a).

3. I reside in Florida. I am an attorney and operate a small law practice. I do not have an institutional litigation budget or insurance covering the fees I incurred in my defense in this action.

4. My annual household income varies substantially, from $50,000 to $250,000 per year. I am the sole provider for my household and have substantial financial obligations. My law practice depends materially on my ability to devote time to paying client work.

5. I am a cofounder and the president of MAF Corporation. MAF Corporation is a small business that sells firearm parts and accessories. It does not sell subscriptions to digital files or paid access to a file repository competing with DEFCAD.

6. Plaintiffs repeatedly alleged that MAF Corporation was the enterprise at the center of the purported racketeering scheme but did not sue MAF Corporation. MAF Corporation did not create or post the FEDCAD meme and did not make the statements Plaintiffs attributed to the individual Defendants.

7. I did not ever create, post, or republish the FEDCAD meme. I did not authorize another person to publish it on my behalf or on behalf of MAF Corporation.

8. The meme did not mention MAF Corporation or advertise any MAF product. It contained no link to MAF Corporation, no price, no purchasing information, and no request that a viewer buy anything.

9. I did not sell access to or otherwise do anything with regard to any DEFCAD substitute, did not receive a commission when a person stopped using DEFCAD, and did not obtain any customer or other benefit because of the challenged statements.

10. I did not possess a list of DEFCAD subscribers and did not know the identities of the customer relationships Plaintiffs claimed I had interfered with. Plaintiffs never identified to me a customer whom I supposedly contacted or induced to cancel.

11. Before this action was filed, I had brought a separate copyright action involving Defense Distributed and Cody Wilson in the Middle District of Florida. Plaintiffs later named me personally in this action and accused me of participating in a racketeering enterprise and violating the Lanham Act.

12. Those accusations placed my professional reputation, law license, livelihood, personal assets, and ability to represent clients at risk. Allegations that an attorney participated in racketeering carry consequences apart from the potential monetary judgment.

13. I retained Zachary Zermay to represent me because I could not responsibly act as my own lawyer while simultaneously serving as a witness, Defendant, and counsel for other Defendants. I agreed to pay him $590 per hour.

14. I was also required to devote substantial personal time to my own defense, separate from the compensable legal work I performed for my clients. It included gathering personal and business records, preparing for testimony, meeting with my counsel, addressing allegations concerning my own conduct, and evaluating risks to my practice and assets.

15. I estimate that I lost approximately 1,000 billable hours or $450,000 in potential income because of the personal demands of this litigation. I am not seeking that lost income as part of the fee award, but it demonstrates the burden the case imposed.

16. The litigation also interfered with the administration of my law practice and my representation of other clients. I had to decline multiple contracts with prospective clients because of the overwhelming burden this case placed upon me. I was forced to postpone my honeymoon and any attempts to start a family due to the immense personal and financial stress this action has put upon me.

17. Plaintiffs pursued a Lanham Act claim against me without identifying an advertisement I made, a competing paid service I sold, a DEFCAD customer I knew, or a transaction from which I profited. Their tortious-interference claim similarly proceeded without identification of a specific customer relationship known to me.

18. The fees charged by Mr. Zermay are significant for me personally, especially given the crushing impact this litigation has had on my business. I remain responsible for the obligations imposed by my fee agreement. At present I owe Mr. Zermay in excess of $40,000 for his fees in this action.

19. I respectfully request that the Court award Defendants their reasonable attorneys' fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2026, in Orlando, FL.

MATTHEW LAROSIERE