UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-81197

DEFENSE DISTRIBUTED, et al.,
Plaintiffs,

JOHN ELIK, et al.,
Defendants. ___________________________________/

DECLARATION OF JOSH KIEL STROKE

I, Josh Kiel Stroke, declare as follows:

1. I am over eighteen years of age and have personal knowledge of the matters stated in this declaration.

2. I submit this declaration in support of Defendants' motion for an award of attorneys' fees under 15 U.S.C. § 1117(a).

3. I reside in Arizona and have resided there throughout this litigation. I am not currently employed. I have not conducted business in Florida, owned property in Florida, or been employed in Florida.

4. I am an individual of limited means. My approximate annual household income for this year is under $15,000. I support one dependent and have the following substantial financial obligations: rent, utilities, fuel, and groceries. I do not have insurance paying the attorneys' fees incurred in this case.

5. I have never been an employee of any party to this action. I have never been employed by or paid by MAF Corporation. I have no employees.

6. I do not sell subscriptions to digital firearm files, operate a paid digital-file repository, or sell access to a service competing with DEFCAD.

7. Plaintiffs attributed numerous online accounts and posts to me. To the extent I made online statements concerning Plaintiffs or DEFCAD, those statements were personal commentary. I did not publish them for or on behalf of MAF Corporation or as advertisements for a product or service.

8. I assembled the FEDCAD meme directly from statements I had seen on Twitter, I disapproved of the business practices and ethical shortcomings described in it.

9. I did not receive money, commissions, customers, discounts, or any other commercial benefit from the challenged statements. I did not expect those statements to generate income for me or for another Defendant.

10. I did not agree with the other Defendants to divert customers from DEFCAD. I did not have access to a list of DEFCAD subscribers, did not know the identities of the customers Plaintiffs claimed to have lost, and did not contact an identified customer to persuade that person to cancel.

11. Plaintiffs nevertheless accused me of participating in a racketeering enterprise and violating the Lanham Act. Those allegations exposed me to potentially devastating liability based principally on online speech that did not advertise or sell anything.

12. Defending the case required me to retain counsel, preserve and search online accounts, review large amounts of material, answer written discovery, prepare for and attend a deposition, and assist with motions addressing the claims.

13. I spent approximately 100 hours personally dealing with the litigation. I lost approximately 3 days from work.

14. The accusations affected me personally and professionally. I was put under a great deal of stress related to financial burden, future employment concerns, fear of reputational consequences, resurfaced emotional trauma, and grief from online harassment at behest of the Plaintiffs.

15. The conduct of of Plaintiff's counsel at deposition gave me an anxiety attack, causing me to re-live grief, when repeatedly and unnecessarily badgered over the death of my late partner. I reduced participation in public discussion for fear of retaliation by Plaintiffs, and suffered stress-induced exhaustion from litigation.

16. Because of my financial circumstances, I could not treat this case as an ordinary expense. The possibility of an adverse judgment threatened my ability to keep a roof over my head and simply pay the bills.

17. I retained the Law Offices of Matthew Larosiere to defend me at an hourly rate of $450. I authorized counsel to perform the work reasonably necessary to respond to the claims and remain responsible for my obligations under the fee agreement. As of the time of this writing, I owe my counsel over $75,000 in unpaid legal fees.

18. The amount required to defend this action is substantial in relation to my income and assets. Paying it without a fee award would not be possible for me to currently afford.

19. I had no DEFCAD customer list, did not sell a competing subscription, did not receive money because of the challenged statements, and was never shown a customer whose decision was caused by something I said.

20. I respectfully request that the Court award Defendants their reasonable attorneys' fees. Such an award would materially reduce the financial harm caused by having to defend these claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2026, in Phoenix, Arizona.

JOSH KIEL STROKE