**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-81197-MIDDLEBROOKS

DEFENSE DISTRIBUTED,
et al.,

Plaintiffs,

v.

JOHN ELIK, et al.,

Defendants.
_______________________________________/

**ORDER ON DEFENDANTS' BILL OF COSTS**

THIS CAUSE is before the Court upon Defendants' Bill of Costs (DE 187), filed July 31, 2026. Plaintiffs filed a response (DE 191). For the following reasons, the motion is granted in part.

I. Background

On July 1, 2026, I granted Defendants' motion for summary judgment (DE 179) and entered judgment in their favor (DE 180). Defendants now seek $13,462.00 in transcript fees — for the depositions of Plaintiffs' expert witness Jason M. Tyra, Plaintiffs' principal Cody Wilson, and Defendant Peter Celentano — plus $1,920.00 in witness fees.

Plaintiffs object on four grounds: (1) the witness fee exceeds the $40 statutory cap; (2) Defendants may not recover for both a stenographic and a video copy of the Tyra deposition absent a showing that both were necessary, particularly since Tyra was available to testify at trial; (3) Defendants are not entitled to reimbursement for the Celentano transcript, which went unused; and (4) Defendants are not entitled to costs associated with a meet-and-confer call with opposing counsel.

II. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." A "prevailing party" for purposes of Rule 54(d)(1) is the party in whose favor judgment is rendered. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Defendants are the prevailing party here, as reflected in the Final Judgment entered in their favor (DE 180).

Section 1920 enumerates the categories of expenses a court may tax as costs under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Those categories include, as relevant here, fees for transcripts "necessarily obtained for use in the case" and fees for witnesses. 28 U.S.C. § 1920(2), (3).

III. Discussion

A. Witness Fee

Under 28 U.S.C. § 1821(b), a witness is entitled to an attendance fee of $40 per day, plus actual travel expenses reasonably incurred. 28 U.S.C. § 1821(c). Defendants have not shown entitlement to the full $1,920.00 requested; the statutory cap governs. Defendants are awarded **$40.00** for the witness fee, a reduction of $1,880.00.

B. Tyra Deposition – Stenographic and Video Copies

Deposition transcript costs are taxable where the deposition was "necessarily obtained for use in the case," judged by whether it reasonably appeared necessary at the time it was taken. *EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). Where a party seeks costs for both a stenographic and a video deposition, it must justify the necessity of obtaining both. Here, Tyra was available to testify live at trial, undercutting any need for a video copy, and Defendants have

not separately itemized or justified the cost of the video copy apart from the stenographic transcript. Because Defendants have not met their burden to show that both formats — or, at minimum, the video copy — were necessary, I deny the full $2,173.60 claimed for the Tyra transcript and video.

C. Celentano Deposition

Plaintiffs represent, and Defendants do not dispute, that the Celentano transcript was not used in connection with the summary judgment proceedings or otherwise in the case. Defendants have offered no basis establishing that this transcript was necessarily obtained for use in the case. The $886.20 claimed for the Celentano transcript is denied.

D. Meet and Confer Conference

Defendants also seek $1,131.25 in court reporter and transcript fees associated with a meet-and-confer call with opposing counsel. Section 1920 does not authorize recovery of costs for such conferences, and Defendants have identified no other basis for recovery. This cost is denied in full.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Defendants' Bill of Costs (DE 187) is **GRANTED IN PART**. Costs are taxed against Plaintiffs and in favor of Defendants in the amount of **$9,310.95**.
2) Judgment will be separately entered.

**SIGNED** in Chambers at West Palm Beach, Florida, this 31 day of August, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE