**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE №: 9:25-cv-81197

DEFENSE DISTRIBUTED, et al.,

*Plaintiffs*,

v.

JOHN ELIK, et al.,

*Defendants*.

_________________________________________/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR DETERMINATION OF ENTITLEMENT TO ATTORNEYS' FEES UNDER 15 U.S.C. § 1117(a)**

Plaintiffs, again, substitute misdirection and misleading quotations for answers. They selectively discuss scant few of the Motion's authorities, while leaving the Motion's identifications of similar evidentiary collapses supporting §1117(a) entitlement unanswered. From the beginning, Plaintiffs claimed evidence in their possession confirmed causation. They never supplied it. Faced with this, they now tell this court **that causation needn't be proved**.

Rather than grapple with their own promotion of the very meme they blame for lost millions, they bizarrely assert they were unashamed by the meme's content, while declining to engage with the Motion's identifying their sales decline long-predating the meme while Plaintiffs pursued overlapping losses in other litigation.

*Octane*, as identified in the Motion and ignored by Plaintiffs, forecloses their supposed Rule 11-based bar. Plaintiffs' persistent substantive weakness and unreasonable litigation conduct make this case exceptional.

**I. Plaintiffs' bizarre "mitigation" footnote does nothing to answer their own publication of the allegedly ruinous multimillion dollar meme.**

Plaintiffs answer the republication showing by calling their dissemination "mitigation" and pointing to earlier losses. DE 199 at 5 n.3. None answers the motion's point: Plaintiffs promoted the allegedly ruinous meme to their own customers while pressing a damages calculation that did not distinguish who published it. DE 196 at 6; DE 147-13 ¶¶ 12 18.

The *ipse dixit* "mitigation" label is especially untenable against their expert's recognition that the meme's posting without refutation would cause customers to

view the posting itself as evidence of its truth. When shown the meme as posted on Plaintiffs' website, he could identify no refutation. DE 147-7 at 45–46.

Jousting at windmills, the footnote's other points miss the same objection. The tortious-interference heading does not remove these publications from the record underlying the Lanham demand. DE 179 at 8, 10. Plaintiffs recognize dropping sales before their own publication, but ignore the Motion's point that they **were losing sales long before the meme existed**. DE 196 at 6; DE 147-9 at 1–2.

Plaintiffs invoke *Safari* to justify attributing the entire decline to the meme "where no other factor appears to account for the decline." DE 199 at 5. But Plaintiffs' own account of competing causes of lost business make those factors obvious. DE 166-4 at 19–20. While blaming the ATF for lost sales, and pointing to exit surveys which identified myriad reasons for cancellations completely unrelated to the meme, Plaintiffs here attributed 100% of lost business after the meme's first posting to Defendants. DE 147-7 at 68–69. This is miles from *Safari*.

**II. The production of evidence does not make reliance on it reasonable.**

Plaintiffs call this an "ordinary summary judgment ruling" because they submitted surveys, a declaration, and an expert report. DE 199 at 1, 4. But the mere existence of evidence does not make reliance on it reasonable. In *Tire Kingdom*, the Eleventh Circuit affirmed fees where failures of proof made the case exceptional. 253 F.3d 1332, 1335–36 (11th Cir. 2001). In *Most Worshipful*, the plaintiff submitted affidavits, but their contents—like here—undermined the theory they were offered to support. 813 F. App'x 455, 459–61 (11th Cir. 2020).

*Pro Video* sits opposite Plaintiffs' defense. The plaintiff there produced a survey and an expert, but, like here, the expert's analysis excluded any reasonable causal bridge. 2021 WL 487020, at *3–5 (M.D. Fla. Feb. 10, 2021). *Sazerac*, affirmed by the 9th Circuit, likewise rejected the contention that presenting a survey and witness testimony insulates a case from §1117(a). No. 3:15-cv-04618-WHO, ECF No. 165 at 3 n.1 (N.D. Cal. Dec. 7, 2017). Simply listing materials that could not reasonably supply a causal bridge cannot answer why Plaintiffs kept prosecuting this case after those deficiencies were exposed. DE 196 at 3–6.

**III. Plaintiffs, again, mislead the Court on their cited authorities.**

Plaintiffs invoke *Sandoz* and insist Tyra did "precisely" what the Court allowed there. DE 199 at 5. There, the Defendant's records specifically credited the challenged advertising with 89,000 units sold. The plaintiff's expert then accounted for four competing explanations for Plaintiffs' poor sales before calculating the losses attributable to the Defendants' advertising. *Sandoz Inc. v. Amgen Inc.*, 2023 WL 4681569, at *3–4 (C.D. Cal. June 29, 2023). Here, admitting that his model was completely source-blind, Tyra admitted that he calculated no dollar impact from competing factors. DE 147-7 at 68–69, DE 179 at 8. *Sandoz* thus had evidence supporting the causal inference and an analysis addressing alternative causes. Plaintiffs identify no comparable analysis here.

Further, Plaintiffs shockingly contend they "do not have to prove causation." DE 199 at 4. This is obviously contrary to the most basic tenets of civil liability. Their own quotation from *Osmose, Inc. v. Viance, LLC* concerns "consumer deception," a separate element. 612 F.3d 1298, 1318–20 (11th Cir. 2010). Proximate

causation is obviously required. *Lexmark Int'l, Inc. v. Static Control Components, Inc.* 572 U.S. 118, 133–34 (2014). Footnote 2's absence of a truth finding supplies no missing causal proof either. DE 199 at 5 n.2.

Plaintiffs defend their *Hartman* representation by emphasizing that the Court accepted it and "only at summary judgment" corrected its reading. DE 199 at 2, 6. That deflection ignores the fact that Plaintiffs were repeatedly put on notice that they were misleading the Court. DE 24-1 at 3; DE 23 at 8; DE 71 at 9–10. The Court's initial reliance demonstrates the consequence of the mischaracterization.

*Bridge* and *Cross* do not excuse their conduct, nor do those decisions repair the substantive defects in Plaintiffs' legal positions. *Bridge v. Phoenix Bond & Indemnity Co.* rejected a first-party-reliance requirement; but its hypothetical reasonably assumes money lost *because* of the misrepresentations. 553 U.S. 639, 649–50, 654–59 (2008). Plaintiffs' excerpt from *United States v. Cross* similarly stops before its instruction defines the scheme as a plan **to obtain money or property**. 928 F.2d 1030, 1043–44 (11th Cir. 1991). Nothing in their argument can eliminate the property objective obviously missing here. *Kelly v. United States*, 590 U.S. 391, 398 (2020); *Ciminelli v. United States*, 598 U.S. 306, 316 (2023).

Their assertion that Defendants did not explain RICO's relevance likewise ignores the motion and this case's jurisdictional basis. DE 199 at 6; DE 196 at 8-9.

Plaintiffs call the Rule 11 denial "fatal" and urge denial of fees "[f]or the same reasons." DE 199 at 2, 7–8. But, as the Motion identifies, and the Response ignores, the standards are not the same, and the Eleventh Circuit has held independently

sanctionable conduct, including Rule 11 misconduct, is not required. DE 196 at 2. Their assertion that Defendants "cite no authority" ignores the motion's *Pro Video* and *FIU* comparisons. DE 199 at 4; DE 196 at 5–6. Plaintiffs supply no distinction explaining why their persistence after the identified failures escapes that standard.

**IV. Criticism of both sides does not answer the specific misconduct.**

Plaintiffs' "both sides" argument is particularly selective. While both sides of the litigation were admonished, only Plaintiffs had to be sanctioned. Their *NXP* analogy similarly substitutes the number of disputes for what occurred. DE 199 at 7. *NXP B.V. v. BlackBerry, Ltd.* found professional conduct without obstruction or frivolity. 58 F. Supp. 3d 1313, 1323–25 (M.D. Fla. 2014). This Court expressly found both. *NXP's* description of "egregious" conduct adds no prerequisite to *Octane*.

The opposition also leaves unanswered the public posting of deposition material in a hostile narrative soliciting litigation support. DE 196 at 8–9; DE 196-1 at 1–4. Its citation to DE 115 for discovery friction ignores that order's restriction on the "post[ing] or discuss[ion]" of discovery material online. DE 115 ¶ 3. Nor does it address that Plaintiffs' counsel interrupted Mr. Wilson's deposition to audibly instruct him on how to answer deposition questions. DE 196 at 8. The six defense declarations, all unaddressed, document contractual obligations and personal burdens for which compensation remains necessary. DE 196-3 through 196-8.

The response leaves the decisive factual showings unanswered. The Court should grant entitlement under § 1117(a), with amount reserved under DE 195.

Respectfully submitted,

DATED: September 17, 2026

*/s/ Gary C. De Pury*
Gary C. De Pury
Florida Bar No: 126588
Law Offices of Gary De Pury, P.A.
21035 Leonard Road
Lutz, Florida 33558
Tel: (813) 607-6404
Email: Gary@DePury.com
*Lead Counsel for Alex Holladay.*

*/s/Matthew Larosiere*___
Matthew Larosiere, Esq.
Fla. Bar. No. 1005581
The Law Offices of Matthew Larosiere
6964 Houlton Circle
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Tel: (561) 452-7575
*Lead Counsel for Elik, Stroke, Lettman, and Clark.*

*/s/ Zachary Z. Zermay*____
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
*Zermay Law, P.A.*
3000 Coral Way Ste 1115
Coral Gables, FL 33145
Email: zach@zermaylaw.com
Tel: (305) 767-3529
*Lead Counsel for Matthew Larosiere.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of September, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record via Notices of Electronic Filing generated by CM/ECF.

*/s/ Matthew Larosiere*____
Matthew Larosiere, Esq.
Fla. Bar № 1005581