**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-81197-MIDDLEBROOKS

DEFENSE DISTRIBUTED,
et al.,

Plaintiffs,

v.

JOHN ELIK, et al.,

Defendants.
_______________________________________/

**ORDER DENYING DEFENDANTS' DETERMINATION OF ENTITLEMENT TO ATTORNEY'S FEES**

THIS CAUSE is before the Court upon Defendants' Motion for a Determination of Entitlement to Attorneys' Fees under 15 U.S.C. § 1117(a). For the following reasons, the motion is denied.

Plaintiffs, who operate a subscription-based website offering downloadable files for 3D-printed firearms, brought this action against Defendants, individuals associated with the 3D-printing firearm community. Plaintiffs alleged that Defendants conspired to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), engaged in false advertising in violation of the Lanham Act, and tortiously interfered with business relationships under Florida law. Specifically, Plaintiffs alleged that Defendants published online statements criticizing Plaintiffs and disseminated a graphic known as the "FEDCAD meme," which purportedly and falsely claimed that Plaintiffs' database had been hacked and that Plaintiffs mishandled user data. Plaintiffs contended that these actions caused harm to their business.

On July 1, 2026, I entered an Order granting Defendants' Motion for Summary Judgment. (DE 179). As to the RICO claim, I concluded that Plaintiffs failed to establish either a qualifying predicate act or proximate causation. Specifically, Plaintiffs failed to present evidence that Defendants sought to obtain money or property through deception, as required to support a predicate act of wire fraud, and failed to demonstrate a direct causal link between Defendants' alleged conduct and any lost sales. With respect to the Lanham Act claim, I found that Plaintiffs did not present specific customer-level evidence showing that allegedly false statements caused identifiable consumers to withhold trade. The customer exit surveys and expert opinions relied upon by Plaintiffs were insufficient to establish proximate causation. Finally, as to the tortious interference claim, I determined that Plaintiffs failed to identify a qualifying business relationship with which Defendants intentionally and unjustifiably interfered. I also noted that Plaintiffs' own republication of the meme significantly complicated the causal chain, making it impossible to determine whether any alleged harm was attributable to Defendants' conduct.

Defendants now seek an award of attorney's fees pursuant to the Lanham Act, arguing that Plaintiffs' claims were substantively weak and contradicted by their own evidence regarding publications and sales. Defendants further contend that Plaintiffs litigated this case unreasonably, pointing to various instances of alleged misconduct, including discovery-related sanctions, the striking of Plaintiffs' summary judgment response for failure to provide pinpoint citations to the record, violations of court orders concerning online publications, witness coaching during a deposition, purported misrepresentations of Eleventh Circuit authority, and the use of this litigation to generate publicity and solicit donations.

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional" case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *see also Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (holding that the *Octane Fitness* standard applies to fee awards under the Lanham Act).

District courts determine whether a case is exceptional by considering the totality of the circumstances. *Octane Fitness*, 572 U.S. at 554. No precise formula governs the analysis. Rather, courts may consider non-exclusive factors such as frivolousness, improper motivation, objective unreasonableness of the factual and legal positions advanced, and the need for compensation and deterrence. *Id.* at 554 n.6. Although sanctionable conduct may support a fee award, it is not required. Likewise, a case need not be both objectively baseless and pursued in bad faith to qualify as exceptional. *Id.* at 555.

After considering the totality of the circumstances, I conclude that this is not an exceptional case within the meaning of § 1117(a).

To be sure, this litigation was contentious and, at times, was not conducted in the most professional manner. However, that observation applies to both sides. Although Defendants characterize Plaintiffs as having been "repeatedly sanctioned," (DE 196 at 7), the record reflects ongoing disputes and conduct issues involving both parties throughout the litigation. Indeed, both the Undersigned and the Magistrate Judge entered numerous orders admonishing counsel and the parties regarding their conduct. *See, e.g.*, DE 91 ("it is quite clear to the Court that the parties and their counsel are not cooperating with one another in this case in general, and specifically during

the discovery process"); *see also* DE 61, 69, 115, 133. Under these circumstances, I cannot conclude that Plaintiffs litigated the case in a manner that meaningfully distinguishes it from other hard-fought and contentious civil actions.

Nor do I find that this case stands out with respect to the substantive weakness of Plaintiffs' Lanham Act claim. Although Plaintiffs ultimately failed to establish causation, claims fail on causation grounds with some regularity, and I do not find Plaintiffs' position to have been so exceptionally meritless as to warrant fee shifting. Significantly, much of Defendants' argument regarding the weakness of Plaintiffs' case focuses on the RICO claim rather than the Lanham Act claim. The fee-shifting provision at issue, however, arises under the Lanham Act, and the exceptional case analysis must therefore focus on the Lanham Act claim itself. The mere fact that other claims in the litigation may have been particularly weak, unsuccessful, or otherwise problematic does not transform the Lanham Act claim into an exceptional case under § 1117(a).

Accordingly, having considered the totality of the circumstances, I conclude that Defendants have not demonstrated that this case is exceptional within the meaning of 15 U.S.C. § 1117(a).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for a Determination of Entitlement to Attorneys' Fees (DE 196) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 17 day of September, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record